UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOOG INC.,

Plaintiff,

v.

SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,

Defendants.

Case No. ________________

**[PROPOSED] ORDER RE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This matter comes before the Court on the motion of Plaintiff Moog Inc. ("Plaintiff" or "Moog"), pursuant to Rule 65 of the Federal Rules of Civil Procedure and Rule 65 of the Western District of New York Local Civil Rules, for a Preliminary Injunction restraining Defendants Skyryse, Inc. ("Skyryse"), Robert Alin Pilkington ("Pilkington"), Misook Kim ("Kim") (collectively, "Defendants," and each individually, a "Defendant") from engaging in certain activities through the pendency of this litigation and until a trial on the merits.

Pursuant to Plaintiff's Complaint, and the Motions and Briefs and Declarations in support thereof, the Court finds, as to certain claims against Defendants and as to certain requested relief that: (a) Plaintiff has met its burden at this stage of these proceedings demonstrating its right to the preliminary injunctive requested; (b) Plaintiff is likely to prevail on the merits of its claims against Defendants; (c) Plaintiff will suffer immediate and irreparable injury if the relief requested is not granted; (d) Plaintiff does not have an adequate remedy at law; (e) any hardship to the Defendants is outweighed by the hardship to Plaintiff if the requested temporary relief is not granted; and (f) the public interest would be appropriately served by this Court's grant of the preliminary injunctive requested.

**THEREFORE, it is hereby ORDERED that:**

1. That portion of Plaintiff's Motion seeking a Preliminary Injunction is GRANTED.

2. Defendants, as well as all persons acting in concert with them, who receive notice of this Order, are enjoined and ordered as follows throughout the pendency of this litigation and until there is a trial on the merits:

a. As of the date of this Order, Defendants (individually and collectively) shall refrain from directly or indirectly using, accessing, disclosing, copying, or transmitting, for any purpose, any non-public information, documents, records, files, or data in any Defendant's possession, custody, or control (i) of, from, or belonging to Plaintiff, (ii) provided, offered, transmitted, or conveyed to any Defendant by any current or former Moog employee, and/or (iii) copied or taken from Plaintiff's computers, servers, databases, networks, or systems, including without limitation any and all information, documents, files, or data copied or downloaded by Kim and/or Pilkington from Plaintiff's computers, servers, databases, or systems, regardless of the medium on which such materials were copied, transferred, or stored.

b. Within seven days of this Order, each Defendant shall deliver to Plaintiff any and all originals and copies of all non-public information, documents, records, files, or data in any Defendant's possession, custody, or control (i) of, from, or belonging to Plaintiff, (ii) provided, offered, transmitted, or conveyed to any Defendant by any current or former Moog employee, and/or (iii) copied or taken from Plaintiff's computers, servers, databases, networks, or systems, including without limitation any and all information, documents, files, or data copied or downloaded by Kim and/or Pilkington

from Plaintiff's computers, servers, databases, or systems, regardless of the medium on which such materials were copied, transferred, or stored. For lack of confusion, this includes any such non-public information, documents, records, files or data that has been integrated, combined, inserted, modified, updated, upgraded or otherwise used by any Defendant in such a manner that such delivery necessarily includes property of any Defendant.

c. Within seven days of this Order, Defendants return to Plaintiff any and all originals and copies of all non-public information, documents, records, files, or data in any Defendant's possession, custody, or control (i) of, from, or belonging to Plaintiff, (ii) provided, offered, transmitted, or conveyed to any Defendant by any current or former Moog employee, and/or (iii) copied or taken from Plaintiff's computers, servers, databases, networks, or systems, including without limitation any and all information, documents, files, or data copied or downloaded by Kim and/or Pilkington from Plaintiff's computers, servers, databases, or systems, regardless of the medium on which such materials were copied, transferred, or stored. For lack of confusion, this includes any such non-public information, documents, records, files or data that has been integrated, combined, inserted, modified, updated, upgraded or otherwise used by any Defendant in such a manner that such delivery necessarily includes property of any Defendant.

d. Defendant Kim and Defendant Pilkington shall each preserve and not otherwise tamper with or modify in any way the hard drives of her and his personal computers, laptops, phones, USB devices, external data storage devices, or other electronic devices used in the last twelve months, including but not limited any device which received, copied, or was transferred any information from the following devices: 1)

SAMSUNG PSSD T7 SCSI Disk Device; Model MU-PC1T0H; PSID: S9D10DUTM3SS76AGF4193P37BD4NA660; SN: S5SXNS0R702326Z; Capacity: 1 TB; 2) Western Digital My Passport; Model WDBYFT0030BBL-WESN; Serial Number: WX310DB63ED85; Capacity: 3 TB; 3) Dell Latitude 7480 laptop computer (Service Tag FGPYGH2); and 4) Dell Precision 7540 laptop computer (Service Tag 9S4Z433). Defendant Kim and Defendant Pilkington must produce all such devices to Plaintiff's third-party forensics vendor Setec Investigation, care of Todd Stefan, for forensic imaging and remediation. All of Plaintiff's non-public information, documents, records, files, or data in any Defendant's possession, custody, or control shall not be used or reviewed.

e. Defendant Skyryse shall preserve and not otherwise tamper with or modify in any way its computers, servers, databases, networks, or systems, and/or the hard drives of any computers, laptops, phones, USB devices, external data storage devices, or other electronic devices, issued by Skyryse for use by any employee and which was used in the last year, and produce any of its devices which received, copied, or was transferred any information or data from the four devices mentioned in Section 2(d) above to Plaintiff's third-party forensics vendor Setec Investigation, care of Todd Stefan, for forensic imaging and remediation. All of Plaintiff's non-public information, documents, records, files, or data in any Defendant's possession, custody, or control shall not be used or reviewed.

f. Each Defendant shall preserve, and shall not tamper with or modify in any way, its, his, or her personal and business email accounts (and emails contained therein) that any Defendant has used in the last year. All of Plaintiff's non-public information, documents, records, files, or data in any Defendant's possession, custody, or control shall not be used or reviewed.

g. Defendants shall not (either individually or collectively) act in concert with anyone or any entity to directly or indirectly violate the terms of this Order.

3. All evidence relevant to the facts and circumstances alleged in Plaintiff's Complaint, including electronically stored information, shall be preserved by the parties.

4. All parties and anyone acting on their behalf who receive notice of this Order are hereby ordered to preserve any and all documents, data, information, or other evidence that relate in any way to Plaintiff's Complaint or this action, including any data on any computers, servers, databases, networks, systems, personal devices, tablets, laptops, and/or phones owned, used by, or under the control of any of Defendants.

**IT IS SO ORDERED.**

DATED: ______________________, 2022

__________________________________