UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,<br><br>        Defendants. | Case No. 1:22-cv-187<br><br>**STIPULATION AND PROPOSED ORDER RE EXPEDITED DISCOVERY PROCEDURES AND BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION MOTION** |

   Plaintiff Moog Inc. ("Plaintiff" or "Moog") and Defendants Skyryse, Inc. ("Skyryse"), Robert Alin Pilkington ("Pilkington"), Misook Kim ("Kim") (collectively, "Defendants," and each individually, a "Defendant") (Plaintiff and Defendants shall collectively be referred to as the "Parties") hereby stipulate and agree to the following procedures regarding expedited discovery, and briefing and hearing schedule on Moog's Motion for Preliminary Injunction, pursuant to the Parties' Stipulation and Court's Order dated March 11, 2022 (ECF Nos. 25, 28).

   1.  The Parties shall comply with all of the obligations and requirements set forth in the Parties' Stipulation and Court's Order dated March 11, 2022 (ECF Nos. 25, 28), including but not limited to the 21-day deadline to return certain of Moog's information (if any) as further set forth in the March 11, 2022 Stipulation and Order.

   2.  Moog shall be permitted to propound no more than 15 requests for production of documents, 10 interrogatories, and 5 requests for admission on Defendants. Skyryse, Kim, and Pilkington shall collectively be permitted to propound no more than 15 requests for production and 10 interrogatories. Skyryse shall be permitted to propound 5

requests for admission. Kim and Pilkington shall collectively be permitted to propound no more than 5 requests for admission.

3. Moog may take a total of 5 depositions, including a Fed. R. Civ. P 30(b)(6) deposition of Skyryse. Defendants in aggregate may take a total of 5 depositions, including a Fed. R. Civ. P. 30(b)(6) deposition of Moog. In the event that any witness knows prior to their noticed deposition that the witness will invoke the Fifth Amendment with respect to any subject matter, counsel for the witness will inform the noticing party of that intention and the noticing party may opt to withdraw the notice. In that event, the deposition that was noticed but does not proceed will not count towards the 5 deposition total.

4. In addition to their 5 allotted depositions, Defendants may depose any of the witnesses who submitted declarations in support of Moog's Motion for Preliminary Injunction, with the understanding that for each additional deposition Defendants take over their 5 allotted depositions, Moog will be permitted to notice an additional deposition, but the total number of depositions Moog is permitted to take shall not exceed the total number of depositions taken by Defendants in the aggregate.

5. In addition to its 5 allotted depositions, Moog may depose any witness who provides a declaration or expert report in connection with Defendants' Oppositions to Moog's Motion for Preliminary Injunction, if that witness had not already been deposed by Moog as part of the original 5 allotted depositions. Similarly, Defendants may additionally depose any new witness (i.e., any witness who did not already provide a declaration in support of Moog's Motion for Preliminary Injunction) who provides a declaration or expert report in connection with Moog's Reply in Support of its Motion for Preliminary

Injunction, if that declaration or expert report is allowed by the Court and if that witness had not already been deposed by Defendants.[1]

6. The schedule for expedited discovery, and for briefing and hearing in connection with Moog's Motion for Preliminary Injunction, is as follows:

- The Parties' deadline to serve written discovery requests is March 23, 2022;

- The Parties' deadline to serve responses and/or objections to written discovery requests is April 13, 2022;

- The Parties' deadline to produce documents responsive to written discovery requests is April 27, 2022;

- Defendants' deadline to file their Oppositions to Moog's Motion for Preliminary Injunction is May 27, 2022, or 14 days after the final deposition concludes, whichever is later;

- Moog's deadline to file its Reply in Support of its Motion for Preliminary Injunction is June 17, 2022, or 21 days after Defendants' Oppositions are filed, whichever is later;

- The hearing on Moog's Motion for Preliminary Injunction shall be scheduled for July 6, 2022, or 14 days after Moog's Reply in Support of its Motion for Preliminary Injunction is filed, whichever is later, subject to the Court's availability.

7. Depositions may be noticed and scheduled at any time, upon reasonable notice and mutual availability of counsel and the witnesses. The Parties shall make best

---

[1] In so stipulating, Defendants do not concede that new declarations or expert reports served in connection with Moog's Reply in Support of its Motion for Preliminary Injunction are necessarily permissible, and may object to the introduction of any additional declarations or expert reports.

reasonable efforts to complete depositions promptly following document productions on April 27, 2022.

8. Any party may submit a status report to the Court seeking a modification to the proposed schedule for expedited discovery, or the briefing and hearing schedule on Plaintiff's Motion for Preliminary Injunction, upon good cause.

9. If a discovery dispute arises between the Parties, the party seeking discovery shall provide written notice to the opposing party that the party seeking discovery wishes to raise the discovery issue with Magistrate Judge McCarthy. In conformity with Magistrate Judge McCarthy's standing order, the Parties shall then submit a joint letter summarizing the discovery dispute within 3 business days of the notice provided by the party seeking discovery. Each party's portion of the joint letter shall not exceed 5 pages, double spaced. Upon submission of the joint letter to Magistrate Judge McCarthy, the Parties shall request an informal discovery conference as soon as possible, and no later than one week after submission of the joint letter (subject to the Court's availability).

10. To the extent practicable, all depositions will be completed in-person in conformity with the standard procedures under Fed. R. Civ. P. 30, subject to the further requirements set forth in Paragraph 11 below. At the election of any party, individuals other than the deponent otherwise permitted to attend the deposition who do not elect to attend in person may attend the deposition remotely.

11. In order to accommodate the health and safety of all participants involved, all participants in a deposition other than the witness (including counsel, videographer, and court reporter) must be fully vaccinated (i.e., at least two doses of a COVID-19 vaccine); no participant may have experienced COVID-19 like symptoms within 14 days of the

scheduled deposition; and all participants must maintain 6 feet of distance at all times during the deposition. All witnesses must take a rapid test on the morning of their scheduled deposition in the presence of their counsel prior to entering the building in which the deposition will occur. In the event that the test is positive, counsel will immediately notify all other attendees of this fact and the deposition will not proceed in person. The parties will use their best efforts to reschedule the deposition to occur remotely within one week of the original deposition date, and in all events, shall schedule the deposition to occur as soon as practicable. The Plaintiff and Defendants agree to each take responsibility for half of any cancellation costs charged by vendors associated with postponement of the deposition. All parties agree that they will bear their own travel costs and attorneys' fees in the event of a cancelled deposition due to a positive rapid test.

12. A party's agreement to enter into this Stipulation and the proposed schedules herein, and the schedules set forth in the March 11, 2022 Stipulated Order (ECF Nos. 25, 28), may not be used in any manner as a basis to oppose or support Moog's pending Motion for Preliminary Injunction.

13. The procedures and agreements set forth herein are solely for the purposes of expedited discovery, and do not apply to discovery conducted following the hearing on Moog's Motion for Preliminary Injunction. The Parties shall meet and confer following the hearing and final ruling on the merits on Moog's Motion for Preliminary Injunction regarding the scope and procedure for discovery in the case, pursuant to Fed. R. Civ. P. 26.

14. By agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of the Court for purposes of this stipulated Order only and for no other purpose.

Any and all other challenges to jurisdiction and venue in the Western District of New York are explicitly preserved.

**IT IS SO STIPULATED.**

DATED: March 16, 2022

| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br><br>HODGSON RUSS LLP<br><br>By: *Pauline Muto*<br>Counsel for Plaintiff Moog Inc. | GIBSON, DUNN & CRUTCHER, LLP<br><br>HARRIS BEACH PLLC<br><br>By: _____<br>Counsel for Defendant Skyryse, Inc. |
|---|---|
| LOCKE LORD LLP<br><br>By: _____<br>Counsel for Defendant Robert Alin Pilkington | LOCKE LORD LLP<br><br>By: _____<br>Counsel for Defendant Misook Kim |

**IT IS SO ORDERED.**

| DATED: _____, 2022 | |
|---|---|
| | _____<br>The Honorable Jeremiah J. McCarthy |