**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

MOOG INC.,

               Plaintiff,

      v.

SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,

               Defendants.

Case No. 1:22-cv-00187-LVJ-JJM

**<u>DEFENDANT SKYRYSE'S MEMORANDUM OF LAW IN SUPPORT OF ITS
CONTINGENT MOTION TO DISMISS COUNTS I, II, V, VI, IX, AND X OF PLAINTIFF'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   FACTUAL BACKGROUND ......................................................................................... 3

III.  LEGAL STANDARD ..................................................................................................... 5

IV.   ARGUMENT .................................................................................................................. 6

    A.  Moog Does Not Plausibly Allege Trade Secret Misappropriation by Skyryse (Counts I and II) .................................................................................................... 6

        1.  Moog's Conclusory Allegations Against Skyryse Fail To State a Claim for Relief .................................................................................................... 7

        2.  Moog Impermissibly Relies on Group Pleading ................................... 11

        3.  The Concrete Factual Allegations Moog Pleads About *Skyryse*, as Opposed to the Individual Defendants, Do Not Come Anywhere Near Stating a Claim for Trade Secret Misappropriation ................................ 12

    B.  Moog's Remaining Claims Against Skyryse That Are Parasitic of its Misappropriation Claims Fail for the Same Reasons ....................................... 14

        1.  Moog Fails to State a Claim of Unfair Competition Against Skyryse (Count V) .............................................................................................. 14

        2.  Moog Fails to State a Claim of Conspiracy Against Skyryse (Count VI) ............ 16

        3.  Moog Fails to State a Claim of Tortious Interference with Prospective Economic Advantage Claim Against Skyryse (Count IX) .................................... 18

        4.  Moog Fails to State a Claim of Unjust Enrichment Against Skyryse (Count X) ............................................................................................... 19

V.    CONCLUSION ............................................................................................................. 20

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Achtman v. Kirby, McInerney & Squire, LLP,*
    464 F.3d 328 (2d Cir. 2006) ....................................................................5

*Ad Lightning Inc. v. Clean.io, Inc.,*
    2020 WL 4570047 (S.D.N.Y. Aug. 7, 2020) ............................................10

*Alexander Interactive, Inc., v. Leisure Pro Ltd.,*
    2014 WL 4651942 (S.D.N.Y. Sept. 16, 2014) .......................................5, 8

*Alta Devices, Inc. v. LG Elecs., Inc.,*
    343 F. Supp. 3d 868 (N.D. Cal. 2018) ....................................................15

*Apace Commc'ns, Ltd. v. Burke,*
    17 F. Supp. 3d 238 (W.D.N.Y. 2014) ....................................................16

*Appalachian Enter., Inc. v. ePayment Sols., Ltd.,*
    2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) ...........................................11

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...........................................................5, 7, 8, 9, 11

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,*
    493 F.3d 87 (2d Cir. 2007) .....................................................................5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ......................................................5, 7, 8, 13, 17

*Bytemark, Inc. v. Xerox Corp.,*
    342 F. Supp. 3d 496 (S.D.N.Y. 2018) ....................................................11

*Campeggi v. Arche Inc.,*
    2016 WL 4939539 (S.D.N.Y. 2016) .......................................................18

*Chrysler Capital Corp. v. Century Power Corp.,*
    778 F. Supp. 1260 (S.D.N.Y. 1991) .......................................................16

*CleanFish, LLC v. Sims,*
    2020 WL 4732192 (N.D. Cal. Aug. 14, 2020) .......................................6, 8

*Corsello v. Verizon N.Y., Inc.,*
    18 N.Y.3d 777 (2012) ..........................................................................19

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Data Device Corp. v. W.G. Holt, Inc.*,
    2020 WL 7024312 (E.D.N.Y. Nov. 30, 2020) .......................................................................... 16

*Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*,
    2021 WL 3042616 (N.D. Cal. July 19, 2021) .......................................................................... 19

*Exceed Holdings LLC v. Chicago Bd. Options Exch. Inc.*,
    2018 WL 4757961 (S.D.N.Y. Sept. 30, 2018) ................................................................... 10, 13

*Ferring B.V. v. Allergan, Inc.*,
    4 F. Supp. 3d 612 (S.D.N.Y. 2014) ........................................................................................ 15

*Free Country Ltd, v. Drennen*,
    235 F. Supp. 3d 559 (S.D.N.Y. 2016) ...................................................................................... 5

*Frydman v. Verschleiser*,
    172 F. Supp. 3d 653 (S.D.N.Y. 2016) ...................................................................................... 9

*Grove Press, Inc. v. Angleton*,
    649 F.2d 121 (2d Cir. 1981) .................................................................................................... 16

*Headquarters Buick–Nissan, Inc. v. Michael Oldsmobile*,
    539 N.Y.S.2d 355 (1989) .................................................................................................. 15, 18

*Hooked Media Grp., Inc. v. Apple Inc.*,
    55 Cal. App. 5th 323 (2020) .................................................................................................... 12

*Hughes v. Ester C Co.*,
    330 F. Supp. 3d 862 (E.D.N.Y. 2018) ............................................................................... 19, 20

*Mastercraft Decorators, Inc. v. Orlando*,
    356 F. Supp. 3d 259 (W.D.N.Y. 2018) .................................................................................... 10

*McCracken v. Verisma Sys., Inc.*,
    131 F. Supp. 3d 38 (W.D.N.Y. 2015) ...................................................................................... 19

*Medtech Prod. Inc. v. Ranir, LLC*,
    596 F. Supp. 2d 778 (S.D.N.Y. 2008) ............................................................................... 17, 18

*Neitzke v. Williams*,
    490 U.S. 319 (1989) ................................................................................................................. 5

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
    2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 F. App'x 19 (2d Cir. 2013) ................. 11

*R.R. Donnelley & Sons Co. v. Marino*,
    505 F. Supp. 3d 194 (W.D.N.Y. 2020) .................................................... 9, 10, 12, 15, 16, 19, 20

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Samanich v. Facebook,*
2021 WL 2856634 (E.D.N.Y. July 8, 2021) .............................................................15

*Sarkissian Mason, Inc. v. Enter. Holdings, Inc.,*
955 F. Supp. 2d 247 (S.D.N.Y. 2013) .......................................................................7

*Sci. Components Corp. v. Sirenza Microdevices, Inc.,*
2006 WL 2524187 (E.D.N.Y. Aug. 30, 2006) ..........................................................15

*Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.,*
118 F.3d 955 (2d Cir. 1997) .......................................................................................7

*Spice Jazz LLC v. Youngevity Int'l, Inc.,*
2020 WL 6484640 (S.D. Cal. Nov. 4, 2020) ...........................................................10

*Strategic Partners, Inc. v. Vestagen Protective Techs., Inc.,*
777 F. App'x 224 (9th Cir. 2019).............................................................................20

*Teradata Corp. v. SAP SE,*
2018 WL 6528009 (N.D. Cal. Dec. 12, 2018) .......................................................5, 8

*Underground Elephant, Inc. v. Ins. Zebra, Inc.,*
2016 WL 6962869 (S.D. Cal. Nov. 29, 2016) ..........................................................10

*Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.,*
350 F. Supp. 3d 143 (E.D.N.Y. 2018).......................................................................15

**STATUTES**

18 U.S.C. § 1836(b)(1)..................................................................................................5

18 U.S.C. § 1839(3) ......................................................................................................5

18 U.S.C. § 1839(5) ......................................................................................................5

Cal. Civ. Code § 3426.1(b) ...........................................................................................5

Cal. Civ. Code § 3426.3 ................................................................................................5

# I.    INTRODUCTION

Skyryse has moved to dismiss for lack of personal jurisdiction and improper venue, or alternatively to transfer.  Because that motion should be granted, there is no need for this Court to reach the merits of Moog's claims.  If this case nonetheless proceeds in this Court, Moog's trade secret misappropriation and related claims against Skyryse should be dismissed under Rule 12(b)(6) for failure to state a claim.[1]

Moog fails to plead any *facts* to support the serious (and meritless) claim that *Skyryse* (as opposed to one of the individual defendants) misappropriated any Moog trade secret.  Moog does not make a single factual allegation showing *Skyryse* ever acquired, used, or disclosed any alleged Moog trade secret—as required to state a claim for trade secret misappropriation.

Instead, Moog's Complaint alleges only that two former Moog employees—*i.e.*, the individual defendants in this action—worked in concert to download Moog's source code and other alleged trade secrets shortly after one left Moog and while the other was still employed there.  Based on the results of a forensic investigation Moog says it conducted, Moog alleges these employees downloaded over 136,000 files to multiple hard drives, retained the information past the point either individual was employed at Moog, and then wiped the hard drives to cover up their alleged theft.  These allegations and the forensic investigation on which they are allegedly based—even if true—relate solely to the conduct of the two individual employees.  Moog's allegations are devoid of any *facts* about *Skyryse's* conduct—Moog pleads no facts linking Skyryse to the individuals' alleged trade secret misappropriation, or otherwise showing Skyryse misappropriated any Moog trade secret.

---

[1]  Moog's claims for breach of contract (Count VII) and imposition of a constructive trust (Count XI) are also without merit, but Skyryse focuses this Motion on the counts that most clearly fail even to state a claim for relief.

Moog does not make a single factual allegation showing Skyryse ever acquired, used, or disclosed any of the files the individual defendants are alleged to have stolen.  Nor does Moog plead a single fact showing Skyryse had any knowledge of, or involvement in, the alleged acts of the individual employees.  Instead, relying only on "information and belief," Moog makes naked assertions that Skyryse directed the theft and that the stolen files were delivered to Skyryse—recklessly attempting to implicate Skyryse in the alleged acts of the individual defendants, without any factual basis.  The go-to phrase "information and belief" appears dozens of times in Moog's Complaint as a cover for what are purely conclusory allegations.  But Moog pleads no facts to support these bare and unfounded conclusions.  Moog also piles on claims of unfair competition, conspiracy, tortious interference, and unjust enrichment that rely on its trade secret claims and are just as groundless.

Whether or not Moog has a claim against the individual defendants (its former employees), it has not adequately stated a claim against *Skyryse*.  Although the Complaint fails to allege any facts sufficient to establish *Skyryse* ever acquired, used, or disclosed any Moog trade secrets—as required to state a claim against Skyryse for misappropriation—the purpose of Moog's baseless allegations is clear:  with its press-ready, inflammatory Complaint, Moog seeks to disrupt Skyryse's business at a critical point in its growth and achieve through litigation what Moog is unable to accomplish through fair market competition.  The timing is no coincidence:  Moog lodged these meritless allegations against Skyryse shortly after Skyryse announced its Series B funding and received positive press for its FlightOS—groundbreaking technology that will empower anyone, anywhere, to fly an aircraft as safely as a highly experienced pilot would.

Moog's attempt to suffocate an emerging company without any plausible allegation of wrongdoing does not comport with the law.  Moog's claims that Skyryse misappropriated Moog's

trade secrets and its corresponding claims of unfair competition, conspiracy, tortious interference, and unjust enrichment, are unsupported by any plausible factual allegation, and should be dismissed.

## II.    FACTUAL BACKGROUND

Defendant Skyryse is a small company founded in 2016 and based in El Segundo, California. Compl. ¶ 11.  Founded in 1951, Plaintiff Moog is a massive corporation operating in dozens of countries that employs thousands of people and earns billions in revenue each year.  *Id.* ¶ 10.

On March 7, 2022, Moog filed this lawsuit without warning, and sought a temporary restraining order based on the conduct of the individual defendants.  ECFs 1, 4, 6.  Moog alleges that following the departure of several employees to Skyryse, Moog's Security Operations team investigated whether any individuals who left Moog took or copied Moog data before their departure. Compl. ¶ 108.  This analysis allegedly revealed former Moog employee Misook Kim copied 136,000 files onto an external hard drive a few weeks prior to her departure from Moog.  *Id.* ¶ 112.  Moog further alleges Alin Pilkington, another former Moog employee, directed Kim to download the files; Moog's allegation against Pilkington is based on data allegedly showing Kim accessed the data through Pilkington's file path.  *Id.* ¶ 124.  Upon being contacted by Moog, Kim allegedly explained she downloaded the files in question to "help other Moog employees after her departure, and that she had erased all the files from the drive."  *Id.* ¶ 131.  Soon thereafter, Kim returned the hard drive in question that had been wiped clean.  *Id.* ¶ 132.

Moving into the world of conjecture, Moog alleges "upon information and belief" Kim acted "in concert with Defendants" to steal "large volumes of Moog's confidential and proprietary data on multiple occasions."  Compl. ¶ 141.  Moog pleads no facts specific to Skyryse in connection with this allegation.  *Id.*  Moog similarly alleges on "information and belief"—with no factual allegations in support—Skyryse "coordinated with Pilkington and Kim in efforts to misappropriate such material of and from Moog" and Kim "delivered to . . . Skyryse the data files that she copied from Moog

containing Moog's trade secrets and confidential and proprietary information for Skyryse's use in, in connection with, and for the advancement of Skyryse's business." *Id.* ¶¶ 169, 172.

Although Moog pleads no facts indicating Skyryse had any involvement with Kim's alleged downloading, Moog claims Skyryse engaged in a conspiracy with Kim and Pilkington "to use Moog's trade secret, confidential and proprietary information in and for Skyryse's business." Compl. ¶ 220. Moog alleges Gonzalo Rey, Skyryse's chief technology officer, is "a key orchestrator" of this alleged "conspiracy." *Id.* But the Complaint contains no factual allegations showing Rey or anyone else at Skyryse was aware of or directed Kim to download any Moog material—all of Moog's allegations to that end rest on "information and belief" alone. *See, e.g.*, *id.* ¶¶ 6, 169, 172, 187, 189, 208, 211, 219, 220.[2] As for concrete factual allegations regarding actions *Skyryse* has taken, Moog's allegations are chiefly that, following business dealings between the parties under NDAs, Skyryse issued press releases describing its autonomous flight system, its FlightOS software, and successful fundraising; that Skyryse issued a request for quote to Moog, Moog submitted a bid in response, and Skyryse rejected Moog's bid; and that Skyryse has "poached" a number of former Moog employees. *See, e.g.*, Compl. ¶¶ 77–85, 87, 90–91.

Moog's unsupported allegations about trade secret theft also form the basis of Moog's claims for unfair competition, conspiracy, tortious interference, and unjust enrichment. Compl. ¶¶ 208, 211–213, 218, 219, 244, 246, 253. As part of its unfair competition claim, Moog alleges "Skyryse misappropriated Moog's trade secrets and confidential and proprietary information *on its own*." *Id.* ¶ 212 (emphasis added). The Complaint is silent as to when or how Skyryse allegedly engaged in misappropriation "on its own," what trade secrets allegedly were misappropriated, or any alleged acquisition, use, or disclosure by Skyryse.

---

[2] The phrase "information and belief" appears 31 times in Moog's Complaint.

## III.     LEGAL STANDARD

The purpose of Rule 12(b)(6) is to eliminate baseless claims.  *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The factual allegations of the complaint must be enough "to raise a right to relief above the speculative level."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss."  *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (internal citations omitted).

Both the federal Defend Trade Secrets Act ("DTSA") and New York common law require substantially the same showing to state a claim for trade secret misappropriation.  *See Free Country Ltd, v. Drennen*, 235 F. Supp. 3d 559, 567 (S.D.N.Y. 2016).  To plead trade secret misappropriation, Moog must establish (1) that it possesses a "trade secret," specific information that "derives independent economic value" from being kept secret and that is subject to "reasonable measures to keep such information secret," and (2) that the defendant "misappropriated" the secret, *i.e.*, acquired, disclosed, or used the secret through improper means.  18 U.S.C. §§ 1836(b)(1), 1839(3), (5); *Alexander Interactive, Inc., v. Leisure Pro Ltd.*, 2014 WL 4651942, at *4 (S.D.N.Y. Sept. 16, 2014) (elements of New York common law claim for misappropriation).  California law similarly requires plausible allegations of (1) the existence of a trade secret, (2) knowing "misappropriation" of that trade secret, and (3) damages.  Cal. Civ. Code §§ 3426.1(b), 3426.3; *Teradata Corp. v. SAP SE*, 2018 WL 6528009, at *3 (N.D. Cal. Dec. 12, 2018).  Misappropriation is "improper acquisition . . .

disclosure . . . or use of a trade secret." *CleanFish, LLC v. Sims*, 2020 WL 4732192, at *6 (N.D. Cal. Aug. 14, 2020) (quotation marks omitted).

## IV.    ARGUMENT

Moog's Complaint contains no plausible factual allegations to support Moog's trade secrets or related common law claims against Skyryse.  Moog alleges a forensic investigation demonstrates extensive downloading of its allegedly trade secret source code by Kim and Pilkington—but Moog pleads no facts whatsoever showing Skyryse knew of, or in any way participated in, that copying; that Skyryse acquired the copied data; or that Skyryse used or disclosed the copied data.  And although the Complaint includes a throwaway sentence that Skyryse also misappropriated trade secrets "on its own," Moog does not plead a single fact to support that conclusory (and false) allegation.  Moog's claims that Skyryse committed a serious, intentional tort—conclusory claims that have no factual allegations to support them—should be dismissed.

Moog's claims of unfair competition, conspiracy, tortious interference with economic advantage, and unjust enrichment are duplicative of, or dependent on, Skyryse's groundless misappropriation claims and thus fail for the same reason.

Accordingly, Moog's claims of trade secret misappropriation (Counts I and II), unfair competition (Count V), conspiracy (Count VI), tortious interference with prospective economic advantage (Count IX), and unjust enrichment (Count X) should be dismissed.

### A.    Moog Does Not Plausibly Allege Trade Secret Misappropriation by Skyryse (Counts I and II)

Moog's claims for misappropriation of trade secrets against Skyryse should be dismissed because Moog's Complaint fails to plead the necessary factual allegations to state a claim for trade secret misappropriation under either federal, New York, or California trade secret law—all of which

require the improper acquisition, disclosure, or use of a trade secret. *See supra* Sec. III.[3]  To state a

claim against Skyryse, Moog's Complaint was required to allege *facts* (not unsupported conclusions)

that Skyryse acquired, disclosed, or used something that actually qualifies as a Moog trade secret.

Moog has failed to state a claim because its Complaint does not allege any *facts* showing that Skyryse

acquired, disclosed, or used any Moog trade secret.  Moog's conclusory, unsupported, information-

and-belief claims are insufficient as a matter of law to state a claim.

### 1.   Moog's Conclusory Allegations Against Skyryse Fail To State a Claim for Relief

Moog's claims of trade secret misappropriation against Skyryse fail because Moog fails to

plead a plausible factual basis for its claims against Skyryse and instead relies on allegations about

*other* defendants' conduct, coupled with "naked assertion[s]" and "conclusory statements" about

Skyryse of the sort the Supreme Court has repeatedly held insufficient to withstand a motion to

dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Moog's Complaint focuses on on Moog's alleged discovery of Kim's downloading of over

136,000 Moog files, including allegedly trade secret source code, purportedly under Pilkington's

instruction.  As to Kim, Moog pleads factual allegations relating to forensic evidence and admissions

by Kim herself about the downloading.  Compl. ¶¶ 112–20, 131.  As to Pilkington, Moog alleges

circumstantial evidence, including that the files were downloaded from Pilkington's network

directory, rather than Kim's.  *Id.* ¶¶ 122–23.  When it comes to Skyryse, however, Moog alleges no

---

[3] To the extent there is a conflict between New York and California law, the Court should apply California law.  In trade secret cases, courts in the Second Circuit use the "locus of the misappropriation to determine the locus of the tort and the state with the greatest interest" in choosing which law to apply. *Sarkissian Mason, Inc. v. Enter. Holdings, Inc.*, 955 F. Supp. 2d 247, 254 (S.D.N.Y. 2013); *see also Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 968 (2d Cir. 1997).  As described in Skyryse's concurrently filed motion to dismiss or transfer, the locus of the alleged misappropriation in this case is California, so California law governs.  In any event, the Court need not resolve this issue as Moog fails to state a claim under either New York or California law.

*facts* at all which, if taken as true, would establish that Skyryse acquired, disclosed, or used any of the purported trade secrets Moog alleges Kim and Pilkington stole, or any other purported trade secrets belonging to Moog.

Moog levels the serious charge of intentional theft against Skyryse on "information and belief" only, pleading factual details about *Kim's* alleged actions and then offering bald assertions that Skyryse "coordinated with Pilkington and Kim in efforts to misappropriate" the materials Kim downloaded and that Kim "delivered to . . . Skyryse the data files that she copied . . . for Skyryse's use in, in connection with, and for the advancement of Skyryse's business."  Compl. ¶¶ 169, 172. These allegations are actually about Kim's actions, not Skyryse's.  There is no evidence alleged—forensic or otherwise—showing any of the materials Kim is alleged to have taken ever reached Skyryse.[4]  Moog's allegations *Skyryse* acquired, disclosed, or used Moog's trade secrets are purely conclusory—they are not supported by any plausible factual allegation from which the Court could conclude Skyryse actually committed the alleged acts.

Moog's naked, conclusory assertions of wrongdoing by Skyryse fail to state a claim.  As the Supreme Court has emphasized, "labels and conclusions" about actionable conduct and "'naked assertion[s]' devoid of 'further factual enhancement'" are "not entitled to the assumption of truth" and do not constitute plausible factual allegations.  *Iqbal*, 556 U.S. at 678–79 (quoting *Twombly*, 550 U.S. at 557).  Accordingly, courts routinely grant motions to dismiss where, as here, the allegations "are conclusory and lack 'factual content that allows the Court to draw the reasonable inference that

---

[4]  Notably, even if there were a factual basis to allege Kim "delivered" the files to Skyryse, it would still be insufficient to state a claim against Skyryse.  Mere receipt of files does not show Skyryse knew the information was derived improperly, nor any other intentional misconduct by Skyryse, as required to state a claim of misappropriation.  *See Alexander Interactive*, 2014 WL 4651942, at *4; *Teradata*, 2018 WL 6528009, at *3; *CleanFish, LLC*, 2020 WL 4732192, at *6.

the defendant is liable for the misconduct alleged.'" *Frydman v. Verschleiser*, 172 F. Supp. 3d 653, 674–75 (S.D.N.Y. 2016) (quoting *Iqbal*, 556 U.S. at 678).

For example, in *Frydman*, the complaint contained specific factual allegations that one of the plaintiffs' former employees, Akerman, stole trade secret information. *Id.* The plaintiffs also accused another defendant, Wright, of the same trade secret theft, but the court found the allegations too conclusory to state a claim. *Id.* The court quoted allegations against Wright that mirror Moog's allegations against Skyryse here, including allegations Wright "conspired to steal the Stolen Trade Secrets" and "effected the scheme through Akerman," the former employee. *Id.* at 674. In granting the motion to dismiss, the court observed that a "pleading must include more than . . . 'naked assertion[s].'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). The court concluded that the allegations mirroring Moog's here "do not meet that standard. They consist of conclusory allegations that are not entitled to credit and are devoid of plausible factual allegations." *Id.* at 675; *see also id.* at 674 ("There are insufficient factual allegations to support the conclusory charges of Wright's culpability, particularly where all of the specific allegations for the alleged thefts are against Akerman."). The same is true of Moog's Complaint, where Moog's specific factual allegations regarding evidence of theft of trade secrets concern the individual defendants alone, and its contentions about Skyryse are merely conclusory assertions insufficient to state a claim.

The court reached the same result in *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194 (W.D.N.Y. 2020). There, the plaintiffs accused two former employees (Marino and Gaborski) and their new employer, Mercury, of trade secret misappropriation. *Id.* at 206. Like Moog, the plaintiffs there alleged the defendant-employees downloaded material from the plaintiffs' servers, and that the new employer, Mercury, "knew about Marino's contractual obligations . . . to maintain the secrecy of his former employer's confidential information," and nevertheless "induced Marino to violate his contract." *Id.* The court observed that "Plaintiffs' complaint contains a variety of

allegations against Marino, and to a lesser extent Gaborski, in connection with their alleged efforts to steal Plaintiffs' alleged confidential and trade secret information . . . . But the complaint is devoid of factual allegations as to Mercury's involvement in these activities." *Id.* The court concluded the allegations against Mercury were, "[a]t bottom . . . nothing more than conclusory allegations" and dismissed the claims. *Id.* at 206–07.

Courts in numerous other cases have likewise dismissed claims for trade secret misappropriation where, as here, they rely on conclusory statements of wrongdoing, insufficiently unsupported by specific factual allegations tied to the defendant. *See, e.g.*, *Spice Jazz LLC v. Youngevity Int'l, Inc.*, 2020 WL 6484640, at *5 (S.D. Cal. Nov. 4, 2020) (dismissing trade secret claims and holding "[c]onclusory allegations raised 'on information and belief,' not accompanied by any specific factual allegations regarding the defendant's involvement in the actions giving rise to the lawsuit, are insufficient to state a claim against the defendant"); *Mastercraft Decorators, Inc. v. Orlando*, 356 F. Supp. 3d 259, 274 (W.D.N.Y. 2018) ("Mastercraft's scant allegations as to the nature and secrecy of its purported trade secrets, coupled with its conclusory allegations as to how the Defendants misused the trade secrets, are insufficient to state a claim . . . ."); *Underground Elephant, Inc. v. Ins. Zebra, Inc.*, 2016 WL 6962869, at *4 (S.D. Cal. Nov. 29, 2016) ("The Complaint alleges the following fact: 'UE is informed and believes that Insurance Zebra has obtained UE's trade secrets by improper means such as through apparent theft and/or in breach of Ms. McDowell's obligations under the confidentiality agreements she entered into with UE.' . . . No facts are alleged to create a plausible inference that Zebra obtained trade secrets and improperly used it. Accordingly, the misappropriation of trade secrets fails to state a claim."); *see also, e.g.*, *Ad Lightning Inc. v. Clean.io, Inc.*, 2020 WL 4570047, at *3 (S.D.N.Y. Aug. 7, 2020) (conclusory misappropriation allegations insufficient); *Exceed Holdings LLC v. Chicago Bd. Options Exch. Inc.*, 2018 WL 4757961, at *6 (S.D.N.Y. Sept. 30, 2018) (same).

Moog's assertions that Skyryse improperly acquired, disclosed, or used any of Moog's alleged trade secrets are nothing more than conclusory assertions courts routinely hold to be insufficient and do not provide a plausible factual basis to state a claim against Skyryse.  Accordingly, the claims should be dismissed.

### 2. Moog Impermissibly Relies on Group Pleading

Moog seeks to elide the fact that it has no specific factual allegations to state a claim of trade secret misappropriation against Skyryse by describing alleged acts of the individual defendants and then baselessly attributing those acts to all "Defendants" collectively.  For example, Moog pleads extensive factual allegations about *Kim's* alleged copying and cover-up, *see* Compl. ¶¶ 112–32 (specifically alleging facts involving defendant Kim), but then broadly asserts that "*Defendants* have already willfully and maliciously acquired, disclosed, and used Moog's trade secrets."  *Id.* ¶¶ 172, 189 (emphasis added).

These allegations fail not only because they present a conclusory, "formulaic recitation of the elements" of trade secret misappropriation, *Iqbal*, 556 U.S. at 678, but also because they rely on improper group pleading.  *Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496, 513 (S.D.N.Y. 2018) (holding plaintiff's efforts to lump all defendants together and impute the misappropriation acts of one group of defendants to others "improper").  Where a complaint names multiple defendants, it must provide a plausible factual basis to distinguish the conduct of each defendant.  A plaintiff cannot merely "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 F. App'x 19 (2d Cir. 2013) (citations omitted).  Because Moog's Complaint lumps all defendants together in improper broad-brush allegations, the allegations fail to satisfy the relevant pleading standards and should be dismissed.  *Appalachian Enter., Inc. v. ePayment Sols., Ltd.*, 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004).

> **3.** **The Concrete Factual Allegations Moog Pleads About *Skyryse*, as Opposed to the Individual Defendants, Do Not Come Anywhere Near Stating a Claim for Trade Secret Misappropriation**

Stripped of conclusory allegations merely reciting the elements of trade secret misappropriation and improper group pleading about activities that have nothing to do with Skyryse, Moog's Complaint contains very few allegations about specific acts *Skyryse* is alleged to have committed.  The few allegations that do concern Skyryse's conduct do not state a claim for trade secret misappropriation because, even taken as true, they do not establish Skyryse acquired, disclosed, or used any Moog trade secret.

The bulk of Moog's factual allegations about Skyryse relate to Skyryse's hiring of Kim, Pilkington, and other former Moog employees—but those allegations do not make out a claim of trade secret misappropriation against Skyryse.  As an initial matter, even if Kim or Pilkington misappropriated Moog's trade secrets as alleged, that does nothing to establish a claim against *Skyryse* because it does not show that *Skyryse* ever acquired, disclosed, or used any Moog trade secret.  *See, e.g.*, *R.R. Donnelley & Sons Co.*, 505 F. Supp. 3d at 207 ("Here, Plaintiffs have failed to plausibly allege that Mercury used Plaintiffs' trade secrets or other confidential information.  As detailed above, at best, Plaintiffs allege that Marino and Gaborski did so, and that Mercury hired Marino and Gaborski.  But this is not enough to create liability as to Mercury."); *Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal. App. 5th 323, 332–33 (2020) (alleging that former "employees had the [trade secret] information is not sufficient to establish [the new employer] improperly acquired or used it").

Moog's allegations that Skyryse also hired another 18 former Moog employees in addition to Kim and Pilkington are also inadequate to state a claim of trade secret misappropriation.  Moog does not identify any trade secret Skyryse allegedly acquired through these other hires, nor that Skyryse used or disclosed a trade secret obtained from them—as it must to state a claim against Skyryse.  *See, e.g.*, Compl. ¶¶ 88–107.  Moog's strategy is instead to suggest that "raiding . . . Moog's software

engineering force" is fully consistent with Skyryse "having former Moog employees utilize and build on Moog's confidential, proprietary, and trade secret information for Skyryse's benefit." *Id.* ¶ 7. But that is exactly what *Twombly* rejects as insufficient to state a claim. In *Twombly*, the Court rejected the notion that a complaint can survive dismissal by alleging facts merely "consistent" with the misconduct claimed, where those facts are "just as much in line with a wide swath of rational and competitive business strategy" that is not actionable. 550 U.S. at 554; *id.* at 557 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) [wrongdoing] reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'"). Here, the fact that a total of 20 employees departed Moog and joined Skyryse is just as consistent (indeed, more consistent) with Moog being a stagnating incumbent no longer able to attract and retain the best talent—and Skyryse being an exciting new opportunity—as it is with any alleged scheme to misappropriate trade secrets.

Moog's remaining allegations concerning concrete activities by Skyryse likewise do nothing to state a claim for trade secret misappropriation by Skyryse. For example, Moog alleges the parties had business dealings subject to NDAs and subsequently Skyryse "issued a press release proclaiming that it was offering an autonomous flight system as part of a flight control operating system," which Moog asserts means "Skyryse had pivoted into exactly what Moog was doing." Compl. ¶¶ 77, 79; *see also id.* ¶¶ 80–81 (press release concerning FlightOS); *id.* ¶ 87 (press release concerning FlightOS). Even if true, these facts do not support a claim of trade secret misappropriation. *Exceed Holdings*, 2018 WL 4757961, at *6 (dismissing trade secret claims where the plaintiff alleged the defendant had received the plaintiff's proprietary information under NDA and then was involved in launching a competing product similar to the plaintiff's). Although Moog's allegations obviously are intended to create innuendo about a connection between Skyryse's dealings with Moog and Skyryse's product development, these allegations are deafeningly silent as to *any* identification of a trade secret

Skyryse allegedly obtained or any allegation about how Skyryse used or disclosed such unidentified trade secrets.  That is because Moog has zero factual basis to allege trade secret misappropriation by Skyryse.

<div align="center">*     *     *</div>

Because Moog's Complaint contains only conclusory allegations that Skyryse misappropriated trade secrets and fails to allege any specific facts to support the claims, Moog's trade secret misappropriation claims against Skyryse should be dismissed.

**B.**     **Moog's Remaining Claims Against Skyryse That Are Parasitic of its Misappropriation Claims Fail for the Same Reasons**

Moog pleads four additional causes of action against Skyryse that are derivative of, and depend upon, its baseless trade secret misappropriation allegations and should be dismissed for the same reasons:  unfair competition (Count V), conspiracy (Count VI), tortious interference with prospective economic advantage (Count IX), and unjust enrichment (Count X).

**1.**     **Moog Fails to State a Claim of Unfair Competition Against Skyryse (Count V)**

Moog's unfair competition claim should be dismissed for failure to state a claim because it merely duplicates Moog's failed misappropriation claim or relies on conduct that is not actionable under New York law.  The stated bases of Moog's unfair competition claim are that Skyryse has "induc[ed] Pilkington and Kim to: violate their duties of loyalty to Moog; lure away key software development employees from Moog; and, misappropriate Moog's trade secret, confidential, and proprietary information," and that Skyryse has "raided 20 Moog employees."  Compl. ¶¶ 208–09.

To the extent Moog's unfair competition claim against Skyryse is based on alleged trade secret misappropriation, it is entirely speculative and fails for the same reason Moog's trade secret claims fail.  *See, e.g.*, Compl. ¶ 213 ("Upon information and belief, Skyryse has used and continues to use Moog's trade secrets and confidential and proprietary information to gain a competitive advantage

over Moog (and other competitors) in the flight control software market.").  Where, as here, "an unfair competition claim duplicates a claim for misrepresentation of trade secrets, the two claims generally rise or fall together."  *Marino*, 505 F. Supp. 3d at 207-08 (quoting *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, 2006 WL 2524187, at *29 (E.D.N.Y. Aug. 30, 2006)).  "An unfair competition claim can only survive dismissal of a duplicative misappropriation claim if the two rest on different factual predicates."  *Ferring B.V. v. Allergan, Inc.*, 4 F. Supp. 3d 612, 629 (S.D.N.Y. 2014).  Courts in this Circuit therefore analyze "[a] claim for unfair competition based on the same allegations as a claim for misappropriation of trade secrets . . . as a single cause of action."  *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc*., 350 F. Supp. 3d 143, 179 (E.D.N.Y. 2018); *see also Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 888 (N.D. Cal. 2018) (California trade secrets law "supersedes claims—including [unfair competition] claims—based on the same nucleus of facts as trade secret misappropriation").  Thus, for the reasons set forth above concerning Moog's misappropriation of trade secret claims, *see supra* Sec. IV.A., Moog's unfair competition claims also should be dismissed.

To the extent Moog alleges Skyryse's hiring of Moog engineers was unfair standing alone, New York law expressly forecloses such a claim.  Inducement of an at-will employee to join a competitor is not actionable as unfair competition "unless dishonest means are employed, or the solicitation is part of a scheme designed solely to produce damage."  *Headquarters Buick–Nissan, Inc. v. Michael Oldsmobile*, 539 N.Y.S.2d 355, 357 (1989).  Standing alone, the fact Skyryse has hired Moog employees cannot form the basis of an unfair competition claim.  Instead, "[t]he essence of an unfair competition claim is that the defendant has misappropriated the labors . . . of another and has done so in *bad faith*."  *Samanich v. Facebook*, 2021 WL 2856634, at *7 (E.D.N.Y. July 8, 2021) (emphasis added).

The only allegation Moog pleads to suggest "bad faith" is the conclusory allegation that Skyryse's hiring was part of "[Skyrye's] scheme to gain access to confidential, proprietary trade secret

information." Compl. ¶ 211.  But that simply repackages Moog's groundless misappropriation claim. Because Moog's "unfair competition claim duplicates [its] claim for misrepresentation of trade secrets," the two claims fall together.  *Marino*, 505 F. Supp. 3d at 207-08; *see also Data Device Corp. v. W.G. Holt, Inc.*, 2020 WL 7024312, at *6 (E.D.N.Y. Nov. 30, 2020) (dismissing unfair competition claim as duplicative of misappropriation of trade secrets claim where unfair competition was "based on . . . allegation" that defendant "misappropriated . . . valuable, proprietary information").

**2.      Moog Fails to State a Claim of Conspiracy Against Skyryse (Count VI)**

Based on its underlying claims of trade secret misappropriation, Moog asserts a claim of conspiracy against Skyryse and the individual defendants, alleging "collaboration and cooperation to use Moog's trade secret, confidential and proprietary information in and for Skyryse's business." Compl. ¶ 219.  Moog's conspiracy claim fails because it has not plausibly alleged the underlying claim of misappropriation, *supra* Sec. IV.A., and because Moog pleads conclusions, not facts, regarding any alleged agreement between the individual defendants and Skyryse.

***Failure to Plead Underlying Tort***.  Moog's claim for conspiracy cannot stand without plausibly alleging the underlying tort of misappropriation.  "[C]ivil conspiracy is not an independent tort under New York law." *Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260, 1267 n.8 (S.D.N.Y. 1991) (citing *Grove Press, Inc. v. Angleton*, 649 F.2d 121, 123 (2d Cir. 1981)).  Instead, a plaintiff must "allege and prove the *underlying tort*, plus four additional elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Apace Commc'ns, Ltd. v. Burke*, 17 F. Supp. 3d 238, 246 (W.D.N.Y. 2014) (emphasis added). Moog's conspiracy claim fails because it has not plausibly alleged an underlying claim for misappropriation of trade secrets.  *Id.*

***Failure to Plead Existence of a Conspiracy***.   Moog's conspiracy claim also should be dismissed because Moog's allegations of the existence of the conspiracy are conclusory and speculative and rest on "information and belief" alone.  The Complaint pleads no facts to demonstrate an agreement between Skyryse and the individual defendants, and instead merely asserts "[o]n information and belief, each of the Defendants reached an agreement to commit the above alleged tort . . . indicated by their collaboration and cooperation to use Moog's trade secret, confidential and proprietary information in and for Skyryse's business."  Compl. ¶ 219.  Moog similarly alleges solely on information and belief that Gonzalo Rey, Skyryse's chief technology officer, is "a key orchestrator of[] the [misappropriation] conspiracy."  *Id.* ¶ 220.  Moog makes these serious charges against an individual and his employer with *no evidence at all*.  That is impermissible; as the Supreme Court explained in *Twombly*, to state a claim of conspiracy "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made."  *Twombly*, 550 U.S. at 556.  Moog's allegations "merely conclud[ing] that an agreement existed without any factual basis to make the allegation plausible" are insufficient to survive a motion to dismiss.  *Medtech Prod. Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 794–95 (S.D.N.Y. 2008) (dismissing civil conspiracy to misappropriate trade secrets).

Moog's complaint suffers from the same fatal flaw that doomed the plaintiff's conspiracy claim in *Medtech*.  In *Medtech*, the plaintiff alleged two former employees (Kaplan and Duane) hired by a competitor (CDS and DenTek) departed with trade secrets regarding dental protectors, and that they were incorporated into the new employer's business.  *Id.* at 787-88.  In dismissing the plaintiff's civil conspiracy claim, the court noted that although the plaintiff had stated a claim for misappropriation, the "only allegation that can be fairly read to allege an agreement among Defendants to misappropriate Medtech's trade secrets reads as follows: 'Upon information and belief, DenTek, Duane, CDS, and Kaplan conspired, agreed, and planned to use Medtech's confidential and

proprietary information.'"  *Id.* at 795.  Because that conclusory allegation lacked the factual basis to

make it plausible, the court dismissed the conspiracy claim.  The same is true of Moog's Complaint—

it concludes an agreement exists without any specific allegations of an agreement.  The only facts

linking Skyryse to the allegations against the individual defendants is the circumstance of their

employment.  But "[m]erely hiring the employees of a competitor is not indicative of an *agreement*

to misappropriate trade secrets."  *Id.* at 812 (emphasis added).

Moog fails to allege the required underlying tort of misappropriation, and Moog's conclusory

allegations regarding the existence of an agreement among the defendants is inadequate.  Moog's

conspiracy cause of action should be dismissed.

### 3. Moog Fails to State a Claim of Tortious Interference with Prospective Economic Advantage Claim Against Skyryse (Count IX)

Moog's tortious interference with prospective economic advantage claim also should be

dismissed for failure to state a claim.  The claim is based on the allegation that actions by Skyryse

and the individual defendants interfered with Moog's "valid business relationship with the US

Government with regard to development of project-specific software applications for military use."

Compl. ¶ 241.  In sum, Moog alleges (1) Moog has fewer employees with "elevated access

credentials" because Skyryse "hir[ed] away . . . several key employees with the access necessary for

execution of the military projects;" and (2) "Moog is now required to notify customers, including the

US government, of the data theft" allegedly committed by Kim, which has damaged "Moog's

reputation and goodwill with the United States."  *Id.* ¶¶ 242, 246, 248.  These allegations fail to state

a claim against Skyryse.

Moog's claim that Skyryse "hir[ed] away" at will-employees is not actionable, as a claim for

tortious interference with prospective economic advantage or otherwise.  *Headquarters Buick–*

*Nissan*, 539 N.Y.S.2d at 357; *Campeggi v. Arche Inc.*, 2016 WL 4939539, at *9 (S.D.N.Y.

2016) ("mere recruitment of a plaintiff's employee will not support a tortious interference with

business claim").  And Moog's claim that Kim's "data theft" harmed Moog's relationship with the United States has nothing to do with Skyryse.  Compl. ¶ 248 ("Moog's ability to obtain future contracts with the US Government could be impaired or delayed *as a result of Kim's actions* if not promptly addressed and remedied.") (emphasis added).  As discussed above, Moog's allegations that Skyryse coordinated Kim's copying are purely conclusory and fail to state a claim against Skyryse. *See supra*, Sec. IV.A.  Accordingly, Moog's claim for tortious interference falls with its trade secret claims.  *Marino*, 505 F. Supp. 3d 194, 208 (W.D.N.Y. 2020) (dismissing claim for tortious interference with prospective economic relations where alleged "wrongful conducts" was coextensive with dismissed misappropriation claim); *see also Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, 2021 WL 3042616, at *4 (N.D. Cal. July 19, 2021) (dismissing tortious interference claim as superseded by California trade secrets law "because it significantly overlaps with [plaintiff's] misappropriation of trade secrets claims").

### 4.  Moog Fails to State a Claim of Unjust Enrichment Against Skyryse (Count X)

Moog's unjust enrichment claim should be dismissed because the alleged conduct on which Moog bases the claim is the same as that which Moog alleges gives rise to its trade secret and breach of contract claims.  "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort." *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 876 (E.D.N.Y. 2018) (quoting *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)).  Rather, a cause of action for unjust enrichment "is available *only* in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *McCracken v. Verisma Sys., Inc.*, 131 F. Supp. 3d 38, 50 (W.D.N.Y. 2015) (quoting *Corsello*, 18 N.Y.3d at 790) (emphasis added).  That "unusual" situation is not present here, where Moog cites the exact same conduct in support of its trade secret misappropriation and breach of contract claims as it cites in support of its unjust enrichment claim.

Here, Moog alleges "Defendants have unjustly and improperly utilized to their benefit []
Moog's effort and investment in a host of employees raided by Defendants and in confidential and
proprietary information developed by Moog, to the benefit of Skyryse's business and the advantage
of Pilkington and Kim." Compl. ¶ 253. Moog's unjust enrichment claim thus relies on the same facts
as its other causes of action and is entirely duplicative of its other claims, and should be dismissed on
that basis. *Hughes*, 330 F. Supp. 3d at 876 (unjust enrichment claim must be dismissed "where the
violative conduct alleged is conterminous with a conventional tort or contract claim, regardless of
whether the tort or contract claim is dismissed") (quotation marks omitted); *see also Marino*, 505 F.
Supp. 3d at 207 (W.D.N.Y. 2020) (same); *Strategic Partners, Inc. v. Vestagen Protective Techs., Inc.*,
777 F. App'x 224 (9th Cir. 2019) (affirming dismissal of unfair competition claim as superseded by
California trade secrets law).

## V.   CONCLUSION

For the foregoing reasons, Skyryse respectfully requests that the Court dismiss Moog's Counts
I, II, V, VI, IX, and X against Skyryse.


Dated: March 29, 2022

<div style="margin-left:40%">

/s/ Terrance P. Flynn
_____

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
(716) 200-5050
tflynn@harrisbeach.com

**GIBSON, DUNN & CRUTCHER LLP**
Josh Krevitt, Esq. (Admitted *Pro Hac Vice*)
Katherine Dominguez, Esq. (Admitted *Pro Hac
Vice*)
Ilissa Samplin, Esq. (*Pro Hac Vice* forthcoming)
Angelique Kaounis, Esq. (Admitted *Pro Hac Vice*)
Justine M. Goeke, Esq. (Admitted *Pro Hac Vice*)

</div>

200 Park Avenue
New York, NY 10166
(212) 351-2338
JKrevitt@gibsondunn.com
KDominguez@gibsondunn.com
ISamplin@gibsondunn.com
AKaounis@gibsondunn.com
JGoeke@gibsondunn.com

Attorneys for Defendant
SKYRYSE, INC.