```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------x          22-CV-187(LJV-JJM)
MOOG INC.,
                    Plaintiff,
vs.
                                     Buffalo, New York
SKYRYSE, INC., et al.,               April 8, 2022

                    Defendants.
--------------------------x
```

**TELEPHONIC CONFERENCE**


                    TRANSCRIPT OF PROCEEDINGS
           BEFORE MAGISTRATE JUDGE JEREMIAH J. MCCARTHY
                  UNITED STATES MAGISTRATE JUDGE

```
FOR PLAINTIFF:       SHEPPARD MULLIN RICHTER & HAMPTON LLP
(Via telephone)        BY:  RENA ANDOH, ESQ.
                       BY:  TRAVIS J. ANDERSON, ESQ.
                       BY:  LAI YIP, ESQ.
                       BY:  KAZIM A. NAQVI,ESQ.
                            -and-
FOR PLAINTIFF:       HODGSON RUSS LLP
(Via telephone)        BY:  ROBERT J. FLUSKEY, JR.,ESQ.
                       BY:  PAULINE THECIA MUTO, ESQ.


FOR DEFENDANT:       GIBSON DUNN & CRUTCHER LLP
(Skyryse)              BY:  JOSH KREVITT, ESQ.
(Via telephone)        BY:  KATHERINE DOMINGUEZ, ESQ.
                       BY:  ILISSA SAMPLIN, ESQ.
                       BY:  JUSTINE M. GOEKE, ESQ.
                            -and-
FOR DEFENDANT:       HARRIS BEACH LLP
(Skyryse)              BY:  TERRANCE P. FLYNN, ESQ.
(Via Telephone)
FOR DEFENDANT:       LOCKE LORD LLP
(Pilkington/Kim)       BY:  RORY S. MILLER, ESQ.
(Via telephone)        BY:  WILLIAM C. MULLEN, ESQ.


TRANSCRIBER:         Diane S. Martens
                     dimartens55@gmail.com
```

Moog vs. Skyryse, et al. - 22-CV-187

1                    **P R O C E E D I N G S**

2                    *          *          *

3

4      **THE CLERK:**  Judge, we're on the record in civil

5   proceeding 22-CV-187, Moog, Inc. vs. Skyryse Inc., et al. for

6   a discovery conference.

7      Appearances by telephone.  If the parties would please

8   state their appearances.

9      **MAGISTRATE JUDGE MCCARTHY:**  Okay.  Go ahead first for

10  Moog.

11     **MS. ANDOH:**  Thank you, your Honor, for Moog from the

12  Sheppard Mullin Law Firm you have Rena Andoh who is speaking

13  right now.  As well as my colleagues Travis Anderson, Lai Yip

14  and Kazim Naqvi.

15     **MR. FLUSKEY:**  Good afternoon, your Honor.  You also have

16  Rob Fluskey and Pauline Muto of Hodgson Russ for Moog.

17     **MAGISTRATE JUDGE MCCARTHY:**  Who do we have for Skyryse?

18     **MR. KREVITT:**  Good afternoon, your Honor.  This is Josh

19  Krevitt Gibson Dunn on behalf of Skyryse.  And with me,

20  first, Terry Flynn from Harris Beach is with us.  And my

21  colleagues Kate Dominguez, Ilissa Samplin and Justine Goeke.

22     **MAGISTRATE JUDGE MCCARTHY:**  Good afternoon.

23     Do we have anybody else?

24     **MR. MILLER:**  Yes, your Honor, there is Rory Miller from

25  the law firm Locke Lord on behalf of the individual

Moog vs. Skyryse, et al. - 22-CV-187

1    defendants Robert Alin Pilkington and Misook Kim.

2         **MAGISTRATE JUDGE MCCARTHY:**  All right.  Thank you.

3         **MR. MULLEN:**  And good afternoon, your Honor, this is

4    William Mullen also from Lock Lord on behalf of defendants

5    Mr. Kim and Mr. Pilkington.

6         **MAGISTRATE JUDGE MCCARTHY:**  Okay, good afternoon.

7         I think I heard -- did somebody else just come on the

8    line?

9         (No response.)

10        **MAGISTRATE JUDGE MCCARTHY:**  All right, thank you all.

11        Now I received -- obviously I thank you all for

12   participating on such short notice.  I scheduled this

13   teleconference once I received the letter yesterday from

14   counsel for Moog, Ms. Andoh, and I have received that.  So

15   that's the April 7th letter with, I believe, attachments 1

16   through 9.

17        I also received an email, well a series of emails, an

18   email from Kate Dominguez at Gibson Dunn at 12:08 p.m.

19   yesterday.

20        And then an email from Rena Andoh yesterday at

21   12:19 p.m.

22        And an email from Rory Miller yesterday at 2 p.m.

23        And, Counsel, I will tell you in advance that I have

24   devoted what time I can to familiarizing myself with these

25   issues but, not surprisingly, just as you do, I have a number

Moog vs. Skyryse, et al. - 22-CV-187

1    of other things that I had needed to devote my attention to.

2    So I don't profess to be totally up to speed on any aspect of

3    this.

4         But I will say this:  I know that the letter was filed

5    because of time sensitivity but seeing the responding emails,

6    I also understand that there have been some offers for

7    further meet and confer.  I'm going to hear from you all to

8    the extent you want.

9         But I just want to remind you that these informal

10   conferences are not something as to which I can issue any

11   binding decisions.

12        I know that counsel for Moog offered to file a motion,

13   if necessary, in lieu of the letters but I thought, under the

14   circumstances, it makes sense to just get with you as soon as

15   possible, see what's in play.  If motions are needed, we can

16   talk about that down the road.

17        And I will say, you know, I understand this being a

18   motion for preliminary injunction that time is of the essence

19   but if some deadlines need to be adjusted to get things

20   right, then I think -- I know I would be open, and I'm more

21   than very confident that Judge Vilardo would also be open to

22   a reasonably short extension of whatever deadlines are

23   necessary.  So, if that puts anybody's minds at ease, I hope

24   so.

25        But having said that, let me -- let me ask first:  Have

Moog vs. Skyryse, et al. - 22-CV-187

1  there been any further discussions between the parties or
2  among the parties since the exchange of letters and emails
3  yesterday?

4       **MS. ANDOH:**  There has, your Honor.

5       After we submitted the letter to your Honor yesterday
6  morning, Gibson Dunn offered us a meet and confer yesterday
7  at 3 p.m. that counsel for the individual defendants also
8  participated in.  We then met again today at noon as a follow
9  up to try to see if we could reach resolution on some of
10  these issues and I think several of these issues we have been
11  able to reach resolution on.

12      And, you know, will thank your Honor very much for even
13  scheduling the conference.  I think that that was the trigger
14  that we probably needed in order to maybe find some middle
15  ground on some of these issues.

16      So I'm happy to report on the things that are off the
17  table for today's conference.  There are a couple things
18  where there's still some outstanding questions.  There's one
19  issue where we were waiting to hear back from Skyryse.

20      So, if I may, there were three issues that we raised
21  before your Honor.

22      The first issue that we raised was the AEO provision
23  issue with respect to the protective order that we were
24  negotiating.

25      **MAGISTRATE JUDGE MCCARTHY:**  Right.

Moog vs. Skyryse, et al. - 22-CV-187

1    **MS. ANDOH:**  The second issue was the question of whether
2    identification of trade secrets was a threshold issue in
3    order for us to enter into a forensic protocol.
4        **MAGISTRATE JUDGE MCCARTHY:**  Right.
5    **MS. ANDOH:**  And then the third question was a question
6    of defendant's compliance with the TRO requirement to turn
7    over information.
8        **MAGISTRATE JUDGE MCCARTHY:**  Mm-mm.
9    **MS. ANDOH:**  If I can take them slightly out of order.
10       With respect to the forensic firm protocol issue, we
11   finally received a -- well, we sent, we sent Gibson Dunn on
12   Wednesday a proposed forensic review protocol.  We received a
13   Redline of that protocol this morning after we spoke to them
14   about our concern on the meet and confer yesterday.
15       And what has become clear as a result of the meet and
16   confer and the Redline that they provided us with this
17   morning, is that the divide between the parties is
18   substantially deeper than just the issue that we flagged for
19   your Honor in our letter.
20       The question of whether we need to provide them with
21   additional information, it actually ties to a provision that,
22   that Skyryse wants to impose that is a really, candidly, an
23   absolute nonstarter for us.
24       But instead of raising that with your Honor now, I think
25   that, you know, we need to address the provision wholesale

Moog vs. Skyryse, et al. - 22-CV-187

1    and not just this trade secrets issue.  And, so, I think what

2    is most efficient for everybody is for Moog to withdraw that

3    point for today.  And, you know, taking your Honor's comments

4    about reasonable extensions of time, obviously Moog is very

5    eager to move things forward as quickly as possible but I

6    think we probably do need to spend some time next week

7    meeting and conferring with Gibson Dunn over the forensic

8    protocol as a whole.

9         And if we're unable to reach agreement, we'll likely be

10   reaching out to your Honor again.  But I think that's more

11   efficient than spending time on this issue here today.

12        **MAGISTRATE JUDGE MCCARTHY:**  Okay, thank you for that.

13        **MS. ANDOH:**  So then with respect to the AEO issue, so we

14   have absolutely reached an agreement in principle with the

15   individual defendants.  The agreement in principle, your

16   Honor, is that we would permit the two individual defendants

17   to view AEO materials in the presence of their counsel as

18   long as they don't copy or, you know, keep, keep copies,

19   remove things, et cetera and so forth, that they can be shown

20   those documents that they were authors or recipients or --

21   authors or recipients of, that's sort of the synopsis.

22        The proposal that we made to Gibson Dunn that we had not

23   heard back from them on yet was that the same procedure apply

24   to any one of their folks who is being prepared for

25   deposition, either as an individual deponent or as a

Moog vs. Skyryse, et al. - 22-CV-187

1  30(b)(6), but that the ability to access those AEO documents

2  be limited to 72 hours prior to the deposition.  And that's

3  in response to their stated concern that they wanted to be

4  able to prepare their witnesses adequately to be able to

5  answer questions on documents that they formally had access

6  to, and also addresses our concern which is that a lot of the

7  documents they used to have access to are documents that Moog

8  decidedly does not want their former employees who are now

9  working for a direct competitor to have access to.

10      So, this is an attempt on our part to manage the

11 distinction between making sure that they are not being

12 surprised by something like that at deposition but at the

13 same time, keeping Moog's interest in keeping its

14 confidential materials confidential in tact.

15     **MAGISTRATE JUDGE MCCARTHY:**  Okay.  Thank you.  Now so

16 you've spoken to two of the three issues.

17     **MS. ANDOH:**  Yeah.  And so the third issue is TRO

18 compliance.  And that is a more complicated issue and I think

19 that, that through the meet and confer process we've had,

20 we've certain certainly gotten more information from them in

21 the process and we have, we really considered a lot of the

22 information that they've provided us with.

23     So, your Honor, I think, in a nutshell, we still don't

24 think that they've actually done sufficient work to comply

25 with the TRO.

Moog vs. Skyryse, et al. - 22-CV-187

1      It appears that one of the issues that divides the

2  parties are that we seem to have a fundamental difference of

3  opinion regarding what constitutes "use".  For example, we

4  believe that "use" would include just accessing or referring

5  to files; whereas, their methodology for trying to identify

6  materials that were, that were used pretty much only

7  encompasses the transfer of entire files meaning that like a

8  full document or a full, you know, a full Word, you know,

9  Word file or a full text file is copied wholesale as opposed

10  to either, you know, opening and accessing it or integrating

11  a piece of it into an existing Skyryse document like a copy

12  and paste of a line of code, for example.

13      **MAGISTRATE JUDGE MCCARTHY:**  Okay.

14   **MS. ANDOH:**  Now, you know, we understand that this

15  exercise that the TRO was designed to comply with is really

16  about returning Moog information as a threshold issue and so

17  it's not just about -- it's a narrower issue than the overall

18  question of the use of Moog's material.

19      But, you know, we still -- it still highlights, you

20  know, Moog's concerns in seeking the TRO in the first place,

21  which is making sure that our information is being secured

22  and it's not, and it's not being used.  And that concern goes

23  beyond just a copying of a whole file.

24      You know, we -- I think, you know, one of the big issues

25  that we have -- and this, again, is a conceptual one -- but

Moog vs. Skyryse, et al. - 22-CV-187

1    there's some specific issues that kind of arise out of it,

2    are that, you know, they keep asking us to give them

3    information and then the investigation that they conduct is

4    limited only to the information that we give them.  So, for

5    example, you know, they say that they searched for 136,000

6    file names.  Well, those file names are file names that we

7    attached as an exhibit to the complaint.  But, again, you

8    know, those file names are all we've been able to recover

9    from what Misook Kim downloaded because she wiped the drive

10   that she returned to us.  In other words, because of the

11   individual defendants's attempt to cover their tracks, we

12   don't really have complete information to work off of.

13       **MAGISTRATE JUDGE MCCARTHY:**  Well, you're --

14       **MS. ANDOH:**  When --

15       **MAGISTRATE JUDGE MCCARTHY:**  You don't completely know

16   what it is they took, right?

17       **MS. ANDOH:**  That's right.

18       And the thing about that, your Honor, is that, you know,

19   we're all about trying to be cooperative with defense counsel

20   and trying to help provide information where we, where we

21   have it.  But, ultimately, the individual defendants are --

22   and all of the former Moog employees are -- current employees

23   of Skyryse.  So they control those folks, and, presumably,

24   any devices that they're using.  We have no visibility into

25   Skyryse's computer systems so it's very hard for us to advise

Moog vs. Skyryse, et al. - 22-CV-187

1    them on where things could be because we don't know what the

2    architecture is.  We don't know how they use their system.

3    We don't know how they go about doing their jobs day to day,

4    you know, and I think Skyryse would take the position that

5    that's confidential and proprietary.

6         But, you know, in sum, the net effect of the way in

7    which we've been going about this whole compliance process is

8    that, unless we figure out what we -- in other words, we're

9    trying to do a detective job to backward engineer what they

10   did when, when in fact, you know, we don't really have that

11   information and so operationally it's like the better job the

12   two individual defendants did of covering their tracks, the

13   less work that the defendants need to do in order to comply

14   with the TRO because we don't have the evidence to provide

15   them.

16        And, so, you know, there are a few things that we think

17   that they should have done that they haven't, but, again, you

18   know, it's hard for us to challenge them on the specifics in

19   a vacuum.  And, you know, and so I think the requests that we

20   put in our letter may not be the best request based on the

21   additional information we received during the meet and confer

22   process.  But the overall concern remains.

23        And we, you know, I'm happy to speak more to what I

24   think actually will be productive at this point but that's

25   sort of the overview of the issues that we have.

Moog vs. Skyryse, et al. - 22-CV-187

1       **MAGISTRATE JUDGE MCCARTHY:**  Okay.  Okay.  Thank you.

2       Does somebody from Gibson Dunn want to weigh in on

3   behalf of Skyryse?  And by the way I apologize I think I

4   mispronounced Skyryse at the outset of the conference today

5   so I'm up to speed now.

6       **MR. KREVITT:**  Thank you, your Honor.  I actually didn't

7   notice that.

8       Just very briefly, your Honor, just as an initial

9   matter, and I, I know your Honor deals with disputes, you

10  know, by definition that's what you're doing every day.  So

11  we're going to try to be as practical and keep that to a

12  minimum as possible.

13      But the letter that was sent in to your Honor was sent

14  in improperly.  The parties negotiated a specific process by

15  which disputes would be resolved and it would include a joint

16  letter so you wouldn't have just an eight-page letter without

17  any response.  We didn't lob in a response identifying all

18  the parts of the letter that were inaccurate because we, we

19  didn't want to burden the Court with that.  Obviously we'll

20  do that, if appropriate.

21      **MAGISTRATE JUDGE MCCARTHY:**  Let me just interject for a

22  second.

23      You know, I understand your position in that regard and

24  I've read Moog's response that this, in their view, this

25  isn't just a discovery dispute.  It goes to the March 11th

Moog vs. Skyryse, et al. - 22-CV-187

1  order.

2      So, I'm not saying either side is right or wrong but I

3  will say that it would be very helpful to me and/or to Judge

4  Vilardo to, you know, have the process take place, the meet

5  and confer and then narrow the issues to the extent possible,

6  which it sounds like the parties are, are in agreement that

7  that's what they're going to do so that.

8      **MR. KREVITT:**  Yeah.  And I appreciate that, your Honor,

9  and that's why I mentioned it not so much over crimination as

10  much as a going forward.  I think it will be better for the

11  parties and, of course better, I think, for your Honor, or

12  Judge Vilardo, for issues in that court for you to have the

13  parties' positions in one place, both positions.

14      As to the specific things that were said just now and in

15  the letter, I'm happy, your Honor, to address anything you

16  wish.  But I think I can cut through it.

17      So, first, the issue they have asked for in their letter

18  and the request for relief for three is that within a week we

19  provide information on what we've done with respect to

20  certain things.  We have already given them much of that

21  information.  But I'm -- we will do that.  So -- and let me

22  be, make very clear to your Honor and to Moog what I have

23  said from the very first day we got involved in this case:

24  We don't want any Moog information.  If we have any Moog

25  information that somehow -- we only represent the company,

Moog vs. Skyryse, et al. - 22-CV-187

1   your Honor, as you know, not the individual defendants -- if

2   somehow some Moog confidential information found its way to

3   Skyryse, and that happens, we will return it.  If we can find

4   it, we will return it immediately.  We don't want it.  We'll

5   destroy it.  So I want to be clear on that.

6       And I want to also say we're happy to be transparent

7   about what we're doing because we feel that strongly that we

8   don't want the material and we don't want there to be any

9   suggestion that we are not fully complying not only with the

10  various orders Judge Vilardo has entered, but just generally

11  our commitment to return any Moog confidential information

12  that we have.

13      What you heard, though, from Moog's counsel was just

14  respectfully just not true.

15      So Moog said to us in writing twice that the list of

16  files that they provided us is sufficient for us to comply

17  with our obligations under the March 11th order.  They said

18  that on March 17th.  They said it again on March 23rd, I

19  believe.  And these are in emails that were attached to

20  Moog's letter at Exhibit 2.

21      I only say that, your Honor, because the notion that

22  somehow we have not done exactly what we agreed to do and

23  exactly what Moog asked us to do is simply not true.  They

24  gave us a list of file names and we searched our systems for

25  every one of those file names.  By the way, the file names

Moog vs. Skyryse, et al. - 22-CV-187

1  are inarguably vastly overbroad.  They bring within the scope

2  public information, third-party information but, nonetheless,

3  we used them and we searched, and we'll continue to.

4      What we have said to Moog is -- and this happens in

5  every case -- is if there are specific search terms you want

6  us to run, if you have concerns and you want us to look for

7  other kind of files, we're happy to talk about it and we're

8  happy to do it because it goes back to the first principle

9  from our perspective:  We don't want the information.

10      So as to the specific requested relief in Moog's letter,

11  item three which had those different bullets, we're happy to

12  do what they have asked and to provide that information.

13      The only other issue that was raised is this question of

14  attorney's eyes only information.  And I want to make sure

15  the Court understands it's quite a narrow issue.  We don't

16  want to show Moog confidential information to anybody other

17  than if the person on the face of the document has -- was the

18  author of the document or had already received the document.

19  And we want to do that and need to do that to prepare our

20  defense against these very serious charges made in this case.

21      So we're only talking about the limited number of

22  documents that a particular individual has seen or wrote or

23  received and we want to be able to show those documents to

24  those individuals, obviously only for the purpose of this

25  litigation.  No copies kept.  We're happy with and

Moog vs. Skyryse, et al. - 22-CV-187

1   comfortable with any constraints whatsoever regarding the use

2   of the document.

3       But it is, of course, appropriate and necessary as a

4   defendant for people that have already seen material to be

5   able to see the material in connection with us preparing our

6   defense.  So I think that's the only other issue on the

7   table.

8       If your Honor on that narrow issue wishes us to submit

9   something or we could submit competing proposals on a

10  protective order and I'm sure the parties will proceed

11  however your Honor wishes.

12      But I think with that one remaining issue, as I said,

13  we're, we're fine even though we think it's not an

14  appropriate and we are fine providing the information that

15  Moog has asked for in its letter to your Honor.

16      **MAGISTRATE JUDGE MCCARTHY:**  Thank you.

17      Does Rory Miller or anyone on behalf of the individual

18  defendants want to weigh in right now or?

19      **MR. MILLER:**  Yes, your Honor.  As Ms. Andoh noted

20  earlier, our issues with regard to the protective order have

21  been resolved in principle so we don't have anything further

22  to add on that issue at this time.

23      As to the document custodian and third-party vendor and

24  protocol, again, that's more of a company-versus-company

25  thing that we don't have any independent input on at this

Moog vs. Skyryse, et al. - 22-CV-187

1   time.

2       Thank you for your time, though, your Honor.

3       **MAGISTRATE JUDGE MCCARTHY:**  All right, thank you.

4       I always like it when somebody tells me they got no

5   issues.  That makes my day.

6       But, counsel, let me suggest this.  And I, you know, I,

7   I applaud all of you for, first of all, bringing these things

8   to my attention but also for continuing your discussions in

9   the interim.

10      I think the best way to proceed, recognizing that

11  everybody wants to keep the proceedings on a fast track prior

12  to the preliminary injunction hearing, but that if you could

13  encapsulate your discussions in your areas -- well, I guess

14  I'd be most interested not in your areas of agreement --

15  which is good for you -- but in your areas of disagreement

16  that either Judge Vilardo or I need to weigh in on.

17      As I said at the outset, to the extent that you're

18  facing deadlines right now, speaking for myself, I can give

19  reasonable extensions of the deadlines in the order that I

20  approved.  And speaking for Judge Vilardo, even though he's

21  not here today, I've spoken to him briefly -- I mean he's

22  here but he's not available right now -- I'm confident that

23  those deadlines, to the extent they need to be reasonably

24  quickly extended, that can be done as well.

25      So I'd like to get from you after further discussions

Moog vs. Skyryse, et al. - 22-CV-187

1   among the parties a revised submission just highlighting the

2   areas of disagreement.

3        And I will talk with Judge Vilardo as to, you know, he

4   hasn't given me a dispositive referral, which is quite all

5   right with me, for a, you know, Report and Recommendation.

6   I'm handling the non-dispositive aspects of the disputes,

7   most of which discovery-related disputes will be

8   non-dispositive.

9        But to the extent it overlaps with anything that might

10  be considered dispositive, I'll have to coordinate that with

11  him.

12       And for my -- as far as I'm concerned -- and I'll leave

13  it up to you as to how you wish to proceed -- you know, I

14  have this procedure in my cases in which as to discovery

15  disputes, I prefer to before we get to motion practice, to

16  have informal conferences such as this to see if we can

17  resolve issues.  If we cannot, then, then the parties can

18  file motions.

19       But what I've also done in several cases, with the

20  parties' agreement, is I say, okay, you've given me your

21  letters, do you want to deem these to be your motions so that

22  you don't have to refile everything.  Sometimes they agree.

23  Sometimes they don't.  But I'll just leave that open to you,

24  as well.

25       Just so you know, my schedule I'm, you know, we're

Moog vs. Skyryse, et al. - 22-CV-187

1   coming up on Easter.  I'm in next week until Thursday I'm in

2   half a day, and then the balance of Thursday and Friday and

3   Monday I will be out of the loop.  I'll be in then again on

4   April 19th.

5        So I'd like to suggest that you continue your

6   discussions and make a proposal to me for deciding areas of

7   dispute.  And a suggested timeline on that and I'm not

8   talking about pushing things out excessively.  I recognize

9   that this case, everybody wants to move forward quickly and I

10  understand that.

11       So how does that strike you.

12       **MR. KREVITT:**  Your Honor, for Skyryse, that seems --

13  first of all, thank you for that guidance and suggestion and

14  it makes perfect sense.  We're not -- there is a hurry-up

15  aspect to this but we're not under an immediate gun.

16  Document production happens in I guess a couple weeks.  So I

17  think that timing works perfectly.

18       And what I would suggest is in order to encourage

19  serious, robust efforts to meet and confer is, given your

20  Honor's schedule next week in any event, is for us to take

21  the next week, hopefully work all of this out and to the

22  extent that there are issues remaining the week after, make a

23  joint submission to your Honor that at least identifies I

24  suppose for a conference any issues -- hopefully there won't

25  be any -- but any issues that remain for your Honor to

Moog vs. Skyryse, et al. - 22-CV-187

1    address.

2         **MS. ANDOH:**  Your Honor, if I may.

3         **MAGISTRATE JUDGE MCCARTHY:**  Yes, go ahead.

4         **MS. ANDOH:**  Sorry.

5         I agree with Mr. Krevitt that we should take a week to

6    try to address these issues and also the overall forensic

7    protocol issue.

8         I would prefer, though, your Honor, if at all possible,

9    that we set a deadline of, you know, a week from today to

10   make whatever submission we're going to make on

11   disagreements.  I, you know, while in a typical litigation, a

12   matter of a week or two is not a big deal, in this instance

13   we have an absolutely jampacked schedule that involves, you

14   know, ten depositions minimum.  It involves, you know, a

15   source code review.  There's so many different things.  And

16   even a week, an additional week of time before we get

17   resolution on our disputes has the ability to upend the

18   schedule by much more than a week.

19        And so I don't know whether your Honor's receptive to

20   that but that would be plaintiff's preference.

21        **MAGISTRATE JUDGE MCCARTHY:**  Okay.

22        **MR. KREVITT:**  Your Honor --

23        **MAGISTRATE JUDGE MCCARTHY:**  Well --

24        **MR. KREVITT:**  I'm sorry, your Honor.  I was simply going

25   to note, and I normally would never quibble about a few days

Moog vs. Skyryse, et al. - 22-CV-187

1   here and there.  As your Honor with Easter, Good Friday,

2   Passover, all, you know, coming at the end of next week and

3   travel, I suggest that it makes more sense to -- I have no

4   problem with the deadline but to set it for the middle of

5   next week or something that allows people to be serious about

6   meeting and conferring, preparing whatever documents but at

7   the same time not working over Easter and Good Friday and

8   otherwise, to get a submission in a few days earlier.

9       **MAGISTRATE JUDGE MCCARTHY:**  Well, we are driving to

10  Chicago to see our one daughter and grandchildren and I would

11  like to stay married myself.  So I, I will, you know, why

12  don't we say you can get your submission, your agreed-upon

13  submission, whatever it is, as to issues in dispute, if you

14  can get those to me by April 19th, okay.

15      I will commit to react to it as quickly as I can.  I

16  can't commit to how quickly that will be because some of the

17  issues seem complex but it will be front and center as far as

18  I'm concerned.

19      **MR. KREVITT:**  Thank you, your Honor.

20      **MS. ANDOH:**  That's great, your Honor.  We appreciate it.

21      **MAGISTRATE JUDGE MCCARTHY:**  Okay.  And, again, to the

22  extent you can agree on things, so much the better.  But

23  we'll leave it at that for now.

24      Oh, and you can also tell me that if you, you know, if

25  you feel this needs to be in the formal motion practice --

Moog vs. Skyryse, et al. - 22-CV-187

1   well you can either, you can either do that right at that

2   time or you can say, oh, we'll try one more conference and

3   then we either convert our letters to a motion or we do

4   formal motion practice.  But, again, I recognize that you all

5   have a lot of things that will depend on the outcome of this.

6   So you want to move it quickly.  So we can leave it at that,

7   okay.

8        **MR. KREVITT:**  Thank you, your Honor.

9        **MS. ANDOH:**  Thank you, your Honor.

10       **MAGISTRATE JUDGE MCCARTHY:**  All right, folks.  And good

11  luck to all of you in your discussions and everybody enjoy

12  the weekend.  And if we -- well, we won't talk before then.

13  So, everybody enjoy your respective holidays, whatever they

14  may be, okay.

15       **MR. KREVITT:**  Thank you, your Honor.  Enjoy your trip.

16       **MS. ANDOH:**  Thank you, your Honor.  Thank you for taking

17  time out of your Friday.

18       **MR. MILLER:**  Thank you, your Honor.

19       **MAGISTRATE JUDGE MCCARTHY:**  Okay.

20       (WHEREUPON, proceedings adjourned.)

21

22

23

24

25

Moog vs. Skyryse, et al. - 22-CV-187

1

2

3                    *            *            *

4                **CERTIFICATE OF TRANSCRIBER**

5

6          In accordance with 28, U.S.C., 753(b), I

7    certify that this is a true and correct record of proceedings

8    from the official Zoom video recording of the

9    proceedings held in the United States District Court

10   for the Western District of New York before the

11   Honorable Jeremiah J. McCarthy on April 8, 2022.

12

13

14   S/ Diane S. Martens

15   Diane S. Martens
     Transcriber
16

17

18

19

20

21

22

23

24

25