# EXHIBIT 4

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Ilissa Samplin
Direct: +1 213.229.7354
Fax: +1 213.229.6354
ISamplin@gibsondunn.com

April 18, 2022

VIA E-MAIL

Lai L. Yip
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111

Re:   *Moog, Inc. v. Skyryse, Inc. et al*., No. 22-cv-187 (W.D.N.Y.)

Counsel,

We write in response to your April 13, 2022 letter and April 18, 2022 email regarding the parties' dispute as to the forensic protocol, and to memorialize the parties' April 15 meet and confer regarding the two outstanding disputed issues on which the parties owe an update to the Court by tomorrow, April 19:  (1) the forensics protocol, and (2) the Attorneys' Eyes Only provisions of the draft protective order.

***Moog's Proposed Forensic Protocol.***  As explained during the meet and confer, we disagree with Moog's proposed forensic protocol and the assertions in your April 14 letter about that protocol in their entirety (though we appreciate that you have since realized why a standard privilege review period is necessary and appropriate, as documented in your April 18 email).  We address the key points of disagreement below.

With its proposed forensic protocol, Moog seeks to authorize its expert and outside counsel to conduct an unprecedented fishing expedition through Skyryse-issued devices and the individual defendants' personal devices without limitation.  Moog's protocol contemplates that the devices will simply be turned over to Moog's expert and outside counsel in their entirety, which is problematic for a number of reasons.  As an example, Moog's proposed forensic protocol would allow its expert and outside counsel to access *any* files on these Skyryse-issued devices without any regard for the claims and defenses at issue in this case, including *Skyryse*'s highly confidential and trade secret information to which Moog's expert and outside counsel have no right of access.  Moog's April 13 letter cited no authority for its position that its expert and outside counsel must have *direct* access to the entirety of Skyryse's and the individual defendants' imaged devices.  Nor did Moog provide any authority during the parties' meet and confer or after the meet and confer, despite our repeated asks.  Skyryse, by contrast, cited three exemplar authorities during the meet and confer that support its proposed protocol (there are many more).

**GIBSON DUNN**

Lai L. Yip
April 18, 2022
Page 2

Moog says its expert and outside counsel need to search for source code, "process assets," and standard forensic data. Without conceding Moog is entitled to any of this discovery (it is not—and all arguments on that front are expressly reserved), we offered appropriate compromise proposals. Moog rejected each of them out-of-hand:

- **Source Code Computer.** We proposed that if Skyryse source code is to be produced, we would make it available on a source code computer, pursuant to a source code protocol, as is standard practice in technical trade secrets and patent cases.

- **Search Terms for "Process Assets".** We proposed to have Moog suggest search terms intended to capture responsive information for iDS to run on the forensic images. In other words, in addition to our original proposal concerning the file and hash value lists, we agreed to entertain and negotiate search terms. Again, this is standard practice in trade secrets cases.

- **Standard Forensics Data.** We proposed that iDS conduct searches related to evidence of deletion and other forensics red flags. Again, standard practice for any forensic neutral.

In short, Moog has failed to provide any cognizable basis or authority for its overly broad proposed forensic protocol, rejected Skyryse's proposed forensic protocol, and rebuked Skyryse's reasonable compromise efforts made during the meet and confer. In response to your request in your April 18 email that we let you know if any agreements can be reached—I confirm that we are amenable to adding mutually agreed search terms to our forensic protocol (i.e., for iDS to use in its search, in addition to any non-public information on Moog's File Name and Hash Value Lists).

*AEO Provision.* As we indicated during the April 15 meet and confer, Skyryse must be able to defend itself against Moog's serious allegations in this case, including by disclosing AEO materials to former Moog employees with prior knowledge of these documents as Skyryse deems necessary. Skyryse and Moog have agreed to seek the Court's intervention on this issue, and Skyryse will present its position in its letter to the Court on April 19, 2022.

During the April 15 meet and confer, Moog indicated that it would be amenable to allowing disclosure of AEO materials under the observation of attorneys present via Zoom. As Moog requested, we proposed language to that effect in a redline of the proposed protective order, which we sent to your team on April 16, 2022. The edits we received from Rena Andoh by email on April 18, 2022 are acceptable. This specific issue is resolved.

**GIBSON DUNN**

Lai L. Yip
April 18, 2022
Page 3

*   *   *

      Skyryse has negotiated with Moog in good faith on these two outstanding issues in dispute. Based on the discussions during the April 15 meet-and-confer, we expect the parties are at an impasse on aspects of both issues. But to the extent Moog is amenable to compromise, we remain available for further discussions.

Sincerely,

*[signature]*

Ilissa Samplin