# EXHIBIT 9

**DRAFT**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOOG INC.,

                                        Plaintiff,

                    v.                                     Civil Action No. 1:22-cv-00187

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and
DOES NOS. 1–50.

                                        Defendants.

## <u>PROTECTIVE ORDER</u>

Disclosure and discovery activity in the above-captioned action may call for the production

or disclosure of trade secret or other proprietary or confidential research, development, or

commercial information within the meaning of Fed. R. Civ. P. 26(c), other private or competitively

sensitive information, Federal Contract Information, Controlled Unclassified Information,

Covered Defense Information and/or personally identifiable information for which protection from

public disclosure and from use for any purpose other than prosecuting and defending the above-

captioned action is warranted. Accordingly, for the foregoing purposes and in the interests of

national security, the Parties hereby stipulate to and ask the Court to enter this Stipulated Protective

Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

## I.      DEFINITIONS

1.1      <u>Challenging Party</u> means a Party or Non-Party that challenges the designation of information or items under this Order.

1.2      <u>"CONFIDENTIAL" Material</u> means any Discovery Material a Producing Party has, subject to the provisions of this Order, designated as "CONFIDENTIAL," based on the Producing Party's reasonable and good faith belief that the Discovery Material constitutes or reveals:

(a)      Confidential trade secrets or proprietary business information;

(b)      Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(c)      Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing party;

(d)      Sensitive, non-public personal, client, or customer information concerning individuals or other entities, including but not limited to information that would be considered personally identifiable information under any applicable law.

(e)      Confidential Material includes information as to which applicable law – foreign or domestic, including but not limited to the EU General Data Protection Regulation – requires the equivalent of "Confidential" treatment or other protection from unauthorized disclosure as set forth in this Order, including information generated or received under United States government contracts.

1.3      <u>Counsel (without qualifier)</u> means Outside Counsel and In-House Counsel.

1.4     <u>Designating Party</u> means any Party or Non-Party that designates Discovery Material produced by itself or any other Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.5     <u>Designated In-House Counsel</u> means In-House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this action.  Unless otherwise agreed to by the Parties, Designated In-House Counsel means Jeffrey T. Williams, counsel for Moog Inc. and Jeri Rouse Looney, counsel for Skyryse, Inc.

1.6     <u>Disclosure or Discovery Material</u> means all items or information, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, tangible things, and discovery responses), that are produced in this action.

1.7     <u>Expert and/or Consultant</u> means a person with specialized knowledge or experience in a matter pertinent to this action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or a consultant in this action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

1.8     <u>"HIGHLY CONFIDENTIAL" Material</u> means any Discovery Material  designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.9     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material</u> means any Discovery Material a Producing Party has, subject to the provisions of this Order, designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" based on the Producing Party's reasonable and good faith belief that the Discovery Material constitutes or reveals:

(a)      Current trade secrets or other information, the disclosure of which the party reasonably believes would result in imminent competitive, commercial, or financial harm to the Producing Party or its personnel, clients, or customers; or

(b)      Material that a Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for CONFIDENTIAL Material.

1.10   "HIGHLY  CONFIDENTIAL – SOURCE CODE" Material means extremely sensitive "CONFIDENTIAL" Material representing computer code and associated comments and revision histories, formulas, engineering specifications, schematics, or other Material that defines or otherwise describes in detail the algorithms, content, or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

1.11   In-House Counsel means attorneys and other personnel employed by a Party to perform or support legal functions, to whom disclosure of Discovery Material is reasonably necessary in connection with this action.

1.12   Non-Party means any natural person or entity that is not a named Party to this action.

1.13   Outside Counsel means attorneys, along with their paralegals and other support personnel assisting them with this action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this action.

1.14   Party means any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support personnel).

1.15   <u>Privileged Material</u> means Discovery Material protected from disclosure under the attorney-client privilege, attorney work product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

1.16   <u>Producing Party</u> means any Party or Non-Party that produces Discovery Material in this action.

1.17   <u>Professional Vendors</u> means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

1.18   <u>Protected Material</u> means any Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.19   <u>Receiving Party</u> means any Party or Non-Party that receives Discovery Material from a Producing Party.

1.20   <u>Source Code or source code</u> means computer code, scripts, assembly, binaries, object code, firmware files, software design and requirements files, build/link files, configuration control files, quality assurance (QA) and test documentation, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.  For the avoidance of doubt, "Source Code" or "source code" also encompasses all other material within a source code file, such as comments embedded within the file.

## II.   SCOPE

2.1   The protections conferred by this Order cover not only Protected Material, but also:

(a)     Any information copied or extracted from Protected Material;

(b)     All copies, excerpts, summaries, or compilations of Protected Material; and

(c)     Any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

2.2     The protections conferred by this Order do not cover the following information:

(a)     Any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and

(b)     Any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

(c)     Any use of Protected Material at trial shall be governed by a separate agreement or order.  Each Party expressly reserves its right to seek confidential treatment or sealing of any exhibits or testimony introduced at trial.

## III.    DURATION

3.1     The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing, this Court orders otherwise, or the information is made public during trial.

## IV.    DESIGNATING PROTECTED MATERIAL

4.1     Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must

be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     <u>For information in non-native documentary form</u>, that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b)     <u>For deposition testimony and/or transcripts and/or testimony in pretrial or trial proceedings</u>, that the Designating Party or Non-Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  Alternatively, within 30 days of receipt of a final transcript or recording of a deposition or other pretrial proceeding, the designating Party or Non-Party may designate the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated

for protection within the 30 days, subject to any other time periods agreed upon by the Parties and Non-Parties, shall be covered by the provisions of this Protective Order.  Alternatively, a Designating Party or Non-Party may specify, at the deposition or other pretrial proceeding, or up to 30 days after receipt of the final transcript or recording if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Before the expiration of the 30-day period for designation, all testimony and transcripts thereof shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, and any extensions agreed upon by the Parties (and Non-Parties where applicable), the transcript shall be treated only as actually designated.

(c)     For information produced in electronic, audio, or video format, and for any other tangible items, that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" in a prominent place on the item itself or exterior of the container or containers in which

the information or item is stored, and/or in the electronic file name, in any suitable and readily viewable manner.  Whenever a Receiving Party to whom electronically stored discovery material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation to each page of such document.

(d) For reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" on the report.

4.2 Inadvertent Failures to Designate:  If corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make best efforts to promptly assure the material is treated in accordance with the provisions of this Order.  A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.

4.3 Upward Designation of Information or Items Produced by Other Parties or Non-Parties:  A Party may upward designate (i.e., change any Discovery Material produced without a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to one of those three designations, or change any Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward designating Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Material, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic, such that the upward designation is appropriate under the terms of this Order.  Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated.  Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section V regarding challenging designations.

4.4    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

## V.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    <u>Timing of Challenges</u>:  Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    <u>Meet and Confer</u>:  If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the

Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and by providing a basis for the challenge.  The objecting Party and the Designating Party shall, within 7 days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed.  The Parties shall meet and confer regarding any challenge to confidentiality designations before raising those disputes with the Court.

  5.3 <u>Judicial Intervention</u>:  If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 5.2, above, the Party challenging the designation may seek relief promptly from the Court in accordance with its rules and procedures.  The Designating Party shall bear the burden of proving the propriety of the challenged designation.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event the Court rules that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling.

## VI. ACCESS TO AND USE OF DISCOVERY MATERIAL

  6.1 <u>Basic Principles</u>.  Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this action or any related appellate proceeding.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, or any purpose related to any other investigation or

proceeding.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Following the termination of this action, each Receiving Party must comply with the provisions of Section 12.1, below.

6.2     This Order does not preclude any Party or Non-Party from using Protected Material with the consent of the Producing Party or by order of the Court.

6.3     The recipient of any Protected Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material to persons or entities not authorized under this Order.  The storage and transmission of Controlled Unclassified Information must comply with NIST 800-171 requirements.

6.4     <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)     The Receiving Party's Counsel to whom it is reasonably necessary to disclose the information in connection with this action;

(b)     Current officers, directors, or employees of each Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A) where the signed agreement has been provided to the Designating Party;

(c)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A) where the signed agreement has been provided to the

Designating Party, provided that Counsel, in good faith, requires their assistance in connection with this action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this action (including but not limited to other litigations and other work in their respective fields);

(d)     The Court and its personnel;

(e)     Special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A) where the signed agreement has been provided to the Designating Party;

(f)     Court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this action;

(g)     The author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata;

(h)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A) where the signed agreement has been provided to the Designating Party, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition

testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i)     Any other person agreed to by the Designating Party in writing; and

(j)     Any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

6.5     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Material</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed by a Receiving Party only to U.S. citizens who fall within the following categories:

(a)     The Receiving Party's Outside Counsel in this action;

(b)     Designated In-House Counsel of the Receiving Party;

(c)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A) where the signed agreement has been provided to the Designating Party, provided that Counsel, in good faith, requires their assistance in connection with this action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this action (including but not limited to other litigations and other work in their respective fields);

(d)     The Court and its personnel;

(e)     Special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes

and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A) where the signed agreement has been provided to the Designating Party;

(f)     Court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this action;

(g)     Any other person agreed to by the Designating Party in writing;

(h)     In the course of deposition, a deponent who is the author, addressees, or recipients of the document, who is known to have drafted all or part of the document, or who is specifically identified in the document or its accompanying metadata and who has signed the "Agreement to Be Bound By Protective Order" (Exhibit A) where the signed agreement has been provided to the Designating Party, unless otherwise agreed by the Designating Party or ordered by the Court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i)     Any other person to whom the Court compels disclosure of the Highly Confidential Material or to whom disclosure is required by law.

(j)     Any Party to the Action that is a natural person provided that (i) only those materials on which the natural person who is a Party to the action is a sender, recipient or author are disclosed; (ii) any such disclosure be made solely for a purpose related to the litigation; (iii) any such disclosure be made by counsel for the Party, who must remain physically present for the duration of any such disclosure; (iv)under circumstances whereby counsel is able to continuously observe the officer, director, or employee of the Party (e.g., physically or via videoconference with the camera on and facing the individual); (iv) counsel for the Party admonishes the officer, director,

or employee to refrain from taking screenshots or pictures of the materials; (v) the Party shall not be permitted to make or retain printouts, screenshots or copies of any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and (vvi) any and all notes, annotations, or other records created by the Party during the disclosure shall be immediately surrendered to the custody of that Party's counsel, and shall automatically be treated as though any such materials were themselves material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

(k)   An officer, director, or employee of any Party that is not a natural person provided that: (i) the officer, director, or employee of the Party is a sender, recipient or author, or is specifically identified in the document or its accompanying metadata; (ii) (ii) such person has been noticed for deposition or has been identified as a 30(b)(6) deponent to the Parties; (iii) any such disclosure be made solely for a purpose related to the litigation; (iiiiv) any such disclosure be made by counsel for the Party, under circumstances whereby counsel is able to continuously observe the officer, director, or employee of the Party (e.g., physically or by Zoomvia videoconference with the camera on and facing the individual); (ivv) counsel for the Party admonishes the officer, director, or employee to refrain from taking screenshots or pictures of the materialmaterials; (vvi) the Party shall not be permitted to make or retain printouts, screenshots or copies of any material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; and (vivii) any and all notes, annotations, or other records created by the Party during the disclosure shall be immediately surrendered to the custody of that Party's counsel, and shall automatically be treated as though any such materials were themselves material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Protective Order.

6.6    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)    A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

agreement within seven (7) days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Expert.

6.7    <u>Retention of Exhibit A</u>:  Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this action, including any appeals, and shall make them available to other Parties or the Court upon good cause shown.

## VII.   PROSECUTION BAR

Absent written consent from the Producing Party, any individual who receives access to technical information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information received before any foreign or domestic agency, including the United States Patent and Trademark

Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, an *inter partes* review proceeding, and/or any similar administrative proceeding pertaining to an issued patent).  For the avoidance of doubt, "defending" a patent does not include involvement in drafting, preparing, advising, counseling, or providing any input whatsoever on any new claims or claim amendments, which is not permitted under the previous sentence.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end eighteen (18) months after final termination of this action.  For the avoidance of doubt, the prohibitions of this Paragraph are not triggered upon the receipt of non-technical information designated as HIGHLY CONFIDENTIAL MATERIAL.

## VIII.   SOURCE CODE

8.1     The parties are discussing protocols pertaining to Source Code and will address these protocols in an addendum to be submitted to the Court.

## IX.   DISCOVERY MATERIAL MADE AVAILABLE FOR INSPECTION RATHER THAN PRODUCED IN THE FIRST INSTANCE

9.1     The parties are discussing protocols pertaining to Discovery Materials that will be made available for inspection rather than produced in the first instance (including, for example, source code) and will address these protocols in an addendum to be submitted to the Court.

**X.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound By Protective Order" (Exhibit A).

**XI.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1    When a Producing Party gives notice to Receiving Parties that inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rules of Evidence 502(d) and (e), the Parties agree the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection shall not waive the privilege or protection.

**XII.    FILING PROTECTED MATERIAL**

12.1    Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 5.3.  If a Receiving Party's request to file Protected Material under

seal pursuant to Civil Local Rule 5.3 is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 5.3 unless otherwise instructed by the Court.

## XIII.   FINAL DISPOSITION

13.1     Within 90 days after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Parties and their Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, correspondence, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, Expert work product, work product of Professional Vendors, and work product of jury consultants, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

13.2     This Order shall survive the termination of this action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this action.  No part of the restrictions imposed by this Order may be waived or terminated, except by written

stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## XIV.   A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

14.1     Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents that were obtained independently and lawfully, including from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## XV.   PRIVILEGE LOG

15.1     No Party shall be required to list on a privilege log any privileged or work product documents or communications prepared on or after March 7, 2022 specifically for the prosecution or defense of this Action, including any such documents or communications.

## XVI.   CLAW BACK OF PRIVILEGED MATERIAL

16.1     To claw back Privileged Material produced inadvertently, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back.

16.2     Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material produced inadvertently, the Receiving Party shall promptly undertake commercially reasonable efforts to return the Discovery Material to the Producing Party and destroy all summaries or copies of the Discovery material, shall provide to the Producing Party's Counsel a signed verification certifying in writing that all such information and copies of

information have been returned or destroyed, and shall not use such items for any purpose until further order of the Court.

16.3    In all events, such return, destruction, and certification must occur within 10 days of receipt of the request, unless the Receiving Party provides notice of its intent to challenge the assertion of a claim of protection under Federal Rule of Civil Procedure 26(b)(5) (the "Challenge Notice"), in which event the Receiving Party may retain no more copies (the "Retained Copies") of the disclosed material than are sufficient to prosecute its challenge to the assertion of protection. Having provided a Challenge Notice, the Receiving Party must raise a challenge with the Court within 30 days of that Challenge Notice, or otherwise return or destroy the Retained Copies within that period.  Moreover, in the event a Challenge Notice is provided, the Receiving Party shall make no use of the Discovery Material subject to the request for return other than in connection with the Receiving Party's prosecution of its challenge to the assertion of privilege, until the challenge is resolved.  However, for good cause shown the Receiving Party may request a reasonable extension of the deadline for the return or destruction of Retained Copies, and a request for such an extension shall not be unreasonably denied.

16.4    For the avoidance of doubt, nothing in this Section shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws after return or destruction of the Retained Copies.

16.5    Pursuant to Federal Rule of Evidence 502(d), if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information, and/or things that are protected as Privileged Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure alone,

pursuant to Rule 502(d), shall not be deemed a waiver—in the action or in any other proceeding, including in federal or state proceedings—of any applicable privilege or protection.

## XVII.      LEGAL PROCESS

17.1     If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," the Receiving Party must promptly notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by electronic mail and overnight courier, if possible), and shall provide the Designating Party with an opportunity to object to the production of such materials.

17.2     The notice shall include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable.

17.3     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XVIII. NON-PARTIES

18.1    Any Party, in seeking discovery from Non-Parties in connection with this action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her, or its rights herein.  If a Non-Party provides discovery to any Party in connection with this action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the Non-Party shall have the same rights and obligations under the Order with respect to designating material as Protected Material set forth in this Order for the Parties to this action.  Any Non-Party producing Discovery Material or giving deposition testimony in this action may avail herself, himself, or itself of the provisions of this Protective Order available to "Parties" for her, his, or its testimony and Discovery Material by executing Exhibit A to this Order and informing the Party that served the subpoena of the same.

## XIX.   NOTICES

19.1    All notices required by this Order must be provided by email to Outside Counsel of record for each Party, and all notices subsequent to the termination of this action are to be made by email and U.S. mail to a Party's Outside Counsel and the office of the Party's general counsel. If applicable, notices to a Non-Party shall be in writing.  Any of the notice requirements herein may be waived in whole or in part, but only in writing by an attorney for the Designating Party.

## XX.   AMENDMENT OF ORDER

20.1    This Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Order is believed by any Party to be inadequate, and nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause, in the form of a written Amended Stipulated Protective Order signed by

each Party's Outside Counsel and filed with the Court for approval.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis, including, without limitation, an order that certain information may not be discovered at all.

## XXI.   MISCELLANEOUS

21.1    <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

21.2    <u>No Modification of Privileges</u>:  Except as provided, nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential information to the extent such privilege or protection exists under applicable law.

21.3    <u>Execution</u>: This Order shall become effective as a stipulation as among the executing Parties immediately upon written agreement of the Parties, subject to any subsequent modifications if and when so-ordered by the Court.  Execution of this Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any document, communication, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

21.4    <u>Successors</u>:  This Order shall be binding upon the Parties hereto, their successors, and anyone else who obtains access to Protected Material.

**INSERT SIGNATURE BLOCKS FOR PARTIES AND SO ORDER LINE FOR JUDGE**

**EXHIBIT A**

**Agreement To Be Bound By Protective Order**

I, _____, have been informed that on

_____, the U.S. District Court for the Western District of New York

entered a protective order in the consolidated litigation captioned *Moog, Inc. v. Skyryse, Inc. et al.*,

No. 22-cv-00187 (W.D.N.Y.).  I have read the protective order, I agree to abide by the obligations

of the protective order as they apply to me.   In the event that I am shown HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY"  materials pursuant to the provisions

contained in Section 6 of the protective order, I understand that I must refrain from taking

screenshots or pictures of any such materials I am shown via videoconference, I will not be

permitted to make or retain any printouts, screenshots or copies of the materials, and any and all

notes, annotations, or other records created by me during the disclosure of the materials shall be

immediately surrendered to the custody of my counsel, and shall automatically be treated as though

any such materials were themselves material designated "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" under the terms of the protective order.


Dated: _____   By: _____

                                                              Printed Name:

                                                              _____

| Summary report: Litera® Change-Pro for Word 10.10.0.103 Document comparison done on 4/18/2022 9:13:13 PM | |
|---|---|
| **Style name:** SMRH Standard | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** GDC Edits to April 14 2022 Moog Redline_105369852_4 (003).DOCX | |
| **Modified filename:** Moog Edits to April 16 2022 GDC Redline.docx | |
| **Changes:** | |
| Add | 12 |
| Delete | 9 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 21 |