UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG, INC., <br><br> Plaintiff, <br><br> v. <br><br> SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, <br><br> Defendants. | Case No. 1:22-cv-00187-LVJ-JJM |

**REPLY IN SUPPORT OF DEFENDANT SKYRYSE'S MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE**

**TABLE OF CONTENTS**

<u>**Page**</u>

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. Moog's Complaint Should Be Dismissed for Lack of Personal Jurisdiction.............1

    B. Moog's Complaint Should Be Dismissed for Improper Venue. ...............................3

    C. Skyryse Did Not Forfeit Its Jurisdictional and Venue Objections. ..........................4

    D. The Court Should Deny Moog's Request for Jurisdictional Discovery....................6

    E. Alternatively, This Case Should Be Transferred to California. ................................7

III. CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Altman v. Liberty Equities Corp.*,
   322 F. Supp. 377 (S.D.N.Y. 1971) .................................................................................. 6

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007) ............................................................................................ 6

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ........................................................................................................ 3

*Burndy Corp. v. Huskie Tools, Inc.*,
   1992 WL 77554 (S.D.N.Y. Mar. 24, 1992) ..................................................................... 2

*China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*,
   882 F. Supp. 2d 579 (S.D.N.Y. 2012) ............................................................................. 5

*Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V v.
   Pemex-Exploración Y Producción*,
   832 F.3d 92 (2d Cir. 2016) .............................................................................................. 5

*Crayola, LLC v. Buckley*,
   179 F. Supp. 3d 473 (E.D. Pa. Apr. 14, 2016) ................................................................ 3

*Daniel v. American Bd. of Emergency Medicine*,
   428 F.3d 408 (2d Cir. 2005) ............................................................................................ 3

*Fteja v. Facebook, Inc.*,
   841 F. Supp. 2d 829 ......................................................................................................... 7

*Greatship (India) Ltd. v. Marine Logistics Solutions (Marsol) LLC*,
   2012 WL 204102 (S.D.N.Y. Jan. 24, 2012) .................................................................... 6

*Hamilton v. Atlas Turner, Inc.*,
   197 F.3d 58 (2d Cir. 1999) .............................................................................................. 5

*Hood v. Ascent Med. Corp.*,
   2016 WL 3453656 (S.D.N.Y. June 20, 2016) ................................................................ 2

*Hypower, Inc. v. Atlantic Elec., LLC*,
   2013 WL 12086268 (S.D. Fla. Feb. 13, 2013) ............................................................... 3

*Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*,
   2013 WL 4805801 (N.D.N.Y. Sept. 9, 2013) ................................................................. 8

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*J. McIntyre Machinery, Ltd. v. Nicastro*,
   564 U.S. 873 (2011) ...................................................................................................................3

*Krape v. PDK Labs Inc.*,
   194 F.R.D. 82 (S.D.N.Y. 1999) ..................................................................................................6

*Laydon v. Mizuho Bank, Ltd.*,
   2015 WL 1499185 (S.D.N.Y. Mar. 31, 2015) ............................................................................5

*Lear v. Royal Caribbean Cruises Ltd.*,
   2021 WL 1299489 (S.D.N.Y. Apr. 7, 2021) ..............................................................................6

*Meetings & Expositions, Inc. v. Tandy Corp.*,
   490 F.2d 714 (2d Cir. 1974) .......................................................................................................6

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*,
   623 F.3d 440 (7th Cir. 2010) ......................................................................................................5

*Moog, Inc. v. Newport Aeronautical*,
   2016 WL 3444238 (W.D.N.Y. June 23, 2016) ..........................................................................9

*N.Y. Packaging II LLC v. Mustang Mktg. Grp. LLC*,
   2022 WL 604136 (E.D.N.Y. Mar. 1, 2022) ...............................................................................4

*Nat'l Fish & Seafood, Inc. v. Scanlon*,
   2018 WL 11239439 (D. Mass. Nov. 16, 2018) .........................................................................4

*Pecorino v. Vutec Corp.*,
   934 F. Supp. 2d 422 (E.D.N.Y. 2012) .......................................................................................9

*Peroutka v. Yeti Coolers, LLC*,
   2020 WL 1283148 (Mar. 17, 2020) ...........................................................................................8

*Peterson v. Tiffin Motor Homes, Inc.*,
   2020 WL 10223304 (W.D.N.Y. Mar. 5, 2020) ..........................................................................7

*Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*,
   953 F.2d 21 (1st Cir. 1992) ........................................................................................................5

*Premier Grp., Inc. v. Bolingbroke*,
   2015 WL 4512313 (D. Colo. July 27, 2015) .............................................................................4

*Race Safe Sys., Inc. v. Indy Racing League*,
   251 F. Supp. 2d 1106 (N.D.N.Y. 2003) ....................................................................................9

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*In re Radioshack Corp.*,
   2016 WL 6405576 (W.D.N.Y. Oct. 31, 2016) ................................................................... 7

*Shanghai Zhenglang Tech. Co. v. Mengku Tech. Co.*,
   2020 WL 7481297 (E.D.N.Y. Dec. 18, 2020) .................................................................... 5

*Steinberg v. Bombardier Trust*,
   2008 WL 2787720 (S.D.N.Y July 9, 2008) ....................................................................... 6

*Steuben Foods, Inc. v. Morris*,
   2002 WL 1628061 (W.D.N.Y. Mar. 29, 2002) .................................................................. 2

*Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*,
   324 F. Supp. 3d 366 (W.D.N.Y. 2018) ............................................................................... 7

*Triangle Film Corp. v. Artcraft Pictures Corp.*,
   250 F. 981 (2d Cir. 1918) ..................................................................................................... 2

*United States. v. Ferguson*,
   432 F. Supp. 2d 559 (E.D. Va. 2006) ................................................................................. 3

*VFS Financing, Inc. v. Elias-Savion-Fox LLC*,
   73 F. Supp. 3d 329 (S.D.N.Y. 2014) .................................................................................. 2

*Walden v. Fiore*,
   571 U.S. 277 (2014) .................................................................................................. 1, 2, 3

*Waldman v. Palestine Liberation Org.*,
   835 F.3d 317 (2d Cir. 2016) ................................................................................................ 3

*Zaltz v. JDATE*,
   952 F. Supp. 2d 439 (E.D.N.Y. 2013) ................................................................................ 7

**STATUTES**

28 U.S.C. § 1391(b) .................................................................................................................... 3

Cal. Bus. & Prof. Code § 16600 ............................................................................................... 10

**RULES**

Fed. R. Civ. P. 45(c) .................................................................................................................... 9

## I. INTRODUCTION

This case should be dismissed for lack of personal jurisdiction and improper venue. In its complaint, Moog alleges Skyryse—a California company—hired California employees to gain access to trade secrets for use in California. Those allegations do not give rise to personal jurisdiction in New York. In its opposition, Moog emphasizes that Moog itself has extensive connections to New York, but specific jurisdiction can be created only by the *wrongful* conduct of the *defendant* in the forum state. Moog alleges scarcely any facts connecting *Skyryse* to New York, and the few activities Moog alleges Skyryse undertook in New York are not alleged to be wrongful. Skyryse is not subject to personal jurisdiction here.

Because Moog's claims do not arise from substantial activities in New York, this Court is also an improper venue. At the very least, the Court should transfer the case to California, where it could be resolved faster and more conveniently for everyone, witnesses and parties alike.

## II. ARGUMENT

### A. Moog's Complaint Should Be Dismissed for Lack of Personal Jurisdiction.

There is no dispute that this Court lacks general jurisdiction over Skyryse. The question is whether Skyryse's contacts with New York are sufficient to create specific jurisdiction. They are not.

In its motion, Skyryse showed there is no specific jurisdiction because it can be created only by the defendant's allegedly wrongful conduct in the forum state, *Walden v. Fiore*, 571 U.S. 277, 284 (2014), and here the wrongful conduct Moog alleges could have taken place only in California. Mot. at 7–11. That is where all the defendants live and work, and the only place they could have conspired with one another. In its opposition, Moog ignores the governing law and never addresses *Walden*, the leading case on the issue. Instead, Moog doubles down on the jurisdictional defect of its complaint by focusing on *its own* extensive connections to New York, saying it "performed substantial services" for Skyryse in New York. Opp. at 9. But Moog cannot cite its own conduct to demonstrate that the

1

Court has jurisdiction over *Skyryse*. A plaintiff's own conduct is irrelevant to the jurisdictional analysis. *Walden*, 571 U.S. at 289–90.

The remainder of Moog's arguments fail because the limited New York-connected activity Moog alleges by Skyryse is not alleged to have been wrongful. For example, Moog points to three meetings Skyryse attended in New York over a years-long period, Opp. at 9 (citing Stoelting Decl (Dkt. 62-1) ¶¶ 10–13), as well as videoconferences in which Moog participated from New York. These meetings are irrelevant because Moog does not allege that Skyryse did anything wrong at them. Opp. at 9. If anything, the complaint suggests the opposite—that Skyryse began the relationship innocently enough, and only later supposedly "pivoted" its business and stole trade secrets. Similarly, although Moog says Skyryse "poach[ed]" four New York-based employees, Opp. at 10, Moog has no allegation that the hiring was wrongful, and courts have long held there's nothing unlawful about hiring someone who is "free to leave" whenever he likes. *Triangle Film Corp. v. Artcraft Pictures Corp.*, 250 F. 981, 983 (2d Cir. 1918) (L. Hand, J.). That makes this case very different from the lone case cited by Moog, *Steuben Foods, Inc. v. Morris*, 2002 WL 1628061 (W.D.N.Y. Mar. 29, 2002), where the defendants allegedly solicited employees in knowing violation of a non-solicitation agreement. *Id.* at *2. A letter from the plaintiff advising them of the agreement was literally a "'fair warning'' that [they] could be subject to suit in New York." *Id.* at *4. There is nothing similar here.

Moog also points to a New York choice-of-law clause in the parties' non-disclosure agreements, but a choice-of-law clause "does not constitute a choice of forum" or automatically create personal jurisdiction. *Burndy Corp. v. Huskie Tools, Inc.*, 1992 WL 77554, at *1 (S.D.N.Y. Mar. 24, 1992); *accord, e.g.*, *Hood v. Ascent Med. Corp.*, 2016 WL 3453656, at *2 (S.D.N.Y. June 20, 2016). That makes particular sense in New York, which, in the interest of preserving its "status as a commercial center," authorizes parties to select its law even when they have "*no* relationship" with the state. *VFS Financing, Inc. v. Elias-Savion-Fox LLC*, 73 F. Supp. 3d 329, 337 (S.D.N.Y. 2014).

2

Finally, Moog says that Kim—and, by extension, Skyryse—must have known Moog's trade secrets were stored on servers in New York, and that accessing them would cause harm there. Opp. at 11. But courts have "consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *accord Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 339 (2d Cir. 2016). "[I]t is the defendant's actions, not his expectations," that justify the exercise of jurisdiction. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 884 (2011) (plurality); *accord Walden*, 571 U.S. at 289. Here, the only allegedly wrongful actions by Skyryse are said to have occurred in California.

In short, Moog's brief serves only to underscore what its complaint makes clear: Skyryse never did enough in New York to subject itself to jurisdiction there.

**B.     Moog's Complaint Should Be Dismissed for Improper Venue.**

This Court is the wrong venue unless "a substantial part of the events or omissions giving rise to the claim occurred" in New York. 28 U.S.C. § 1391(b)(2). Here, all the wrongful conduct alleged by Moog happened in California. A California company allegedly poached California employees, who then allegedly transferred trade secrets from a computer in California to a hard drive in California. The connections to New York are so few as to warrant dismissal for improper venue. *See, e.g.*, *Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 434 (2d Cir. 2005).

Moog urges a contrary result by focusing on Skyryse's supposed conspiracy with Kim and Pilkington to take Moog's files, which happened to be stored on a server in New York. Opp. at 14. But courts applying the substantiality test have determined that the location of a server is *not* enough to support venue. *E.g.*, *Hypower, Inc. v. Atlantic Elec., LLC*, 2013 WL 12086268, at *3 (S.D. Fla. Feb. 13, 2013); *United States. v. Ferguson*, 432 F. Supp. 2d 559, 566 (E.D. Va. 2006). "Given cloud storage and the ubiquity of internet use, § 1391(b)(2) would offer little protection for defendants if they could be haled into any district where their data passes through or is remotely stored." *Crayola,*

3

*LLC v. Buckley*, 179 F. Supp. 3d 473, 479 (E.D. Pa. Apr. 14, 2016).  Moog cites one case holding that the allegedly wrongful access of an in-state server can be enough to support venue in a trade secrets case.  Opp. at 15 n.7 (citing *N.Y. Packaging II LLC v. Mustang Mktg. Grp. LLC*, 2022 WL 604136, at *4 (E.D.N.Y. Mar. 1, 2022)).  But that case is unpersuasive because it tapped into a vein of cases decided "[i]n the narrow context" of claims brought under the Computer Fraud and Abuse Act.  *Premier Grp., Inc. v. Bolingbroke*, 2015 WL 4512313, at *5 (D. Colo. July 27, 2015).  Requiring CFAA plaintiffs to "bring suit in the defendant's home forum . . . would hinder enforcement" of that statute.  *Nat'l Fish & Seafood, Inc. v. Scanlon*, 2018 WL 11239439, at *2 (D. Mass. Nov. 16, 2018).[1]  Outside of that narrow context, there is no similar concern that plaintiffs like Moog will be deterred from vindicating whatever rights they may have in a proper forum.

Moog also points again to the three meetings Skyryse had in New York leading up to the parties' two non-disclosure agreements (Opp. at 15), but there is no plausible argument these meetings constitute "a substantial part of the events or omissions giving rise to" Moog's claims.  No wrongdoing is alleged to have occurred at these meetings.  Indeed, Moog concedes that "*all*" its claims are "predicated upon the misappropriation of trade secrets," which is alleged to have occurred entirely in California.  *Id.*  Because no substantial activities giving rise to Moog's claims occurred in New York, this Court is an improper venue.

      **C.**    **Skyryse Did Not Forfeit Its Jurisdictional and Venue Objections.**

Tacitly acknowledging it is wrong on the merits, Moog devotes pages of its brief to arguing Skyryse forfeited the right to bring this motion because, within days of being sued, Skyryse entered into stipulations addressing the temporary restraining order and expedited discovery motions Moog

---

[1] The *Argent Funds* case cited by Moog (Opp. at 15) is a CFAA case and therefore inapt for the same reason.  *Argent Funds Grp. v. Schutt*, 2006 WL 2349464, at *2 (D. Conn. June 27, 2006).

4

filed the same day as the complaint. Opp. at 12–14, 16. Moog's argument is senseless.

Skyryse filed this motion at the earliest opportunity, without requesting any extension to the default 21-day response date. Skyryse did not forfeit its timely raised challenges to jurisdiction and venue simply because it also worked with Moog in good faith to address the relief requested in Moog's emergency motions. A defendant is not expected to either boycott preliminary injunction proceedings or be forced to file a motion to dismiss the day after being sued—that is why "defending [a] motion for a preliminary injunction" does not "waive [a defendant's] rights to object based on personal jurisdiction [or] venue." *Shanghai Zhenglang Tech. Co. v. Mengku Tech. Co.*, 2020 WL 7481297, at *4 (E.D.N.Y. Dec. 18, 2020). Indeed, numerous cases hold that similar litigation activity does not nullify a promptly raised jurisdiction objection. *E.g.*, *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010); *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 25 (1st Cir. 1992); *China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 591 (S.D.N.Y. 2012).

Moreover, in both stipulations—each of which Moog signed and jointly filed—Skyryse expressly signaled it would challenge the complaint on jurisdictional and venue grounds by stating it "consent[s] to the jurisdiction and venue of this Court for purposes of this stipulated Order only and for no other purpose." Dkt. 25 ¶ 11. In the second stipulation, Skyryse added that "[a]ny and all other challenges to jurisdiction and venue in the Western District of New York are explicitly preserved." Dkt. 33 ¶ 14. Those statements are textbook preservation of objections under Rule 12. *See, e.g.*, *Laydon v. Mizuho Bank, Ltd.*, 2015 WL 1499185, at *1 (S.D.N.Y. Mar. 31, 2015).[2]

---

[2] Moog does not cite a single case where a court deemed anything remotely similar to Skyryse's conduct a forfeiture. In the cases Moog does cite, Opp. at 12–13, the defendants inarguably submitted to the jurisdiction of the court. In *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58 (2d Cir. 1999), for instance, the defendant waited *four years* to move to dismiss for lack of personal jurisdiction. *Id.* at 61–62. In *Corporación Mexicana De Mantenimiento Integral, S. De R.L. De C.V v. Pemex-*
[Footnote continued on next page]

5

In short, the problem with Moog's forfeiture argument is the same as its argument on the substance of the jurisdictional question: It has no factual basis. Almost nothing connects this case to New York, and Skyryse said as much at its first opportunity. Skyryse forfeited nothing.

### D.  The Court Should Deny Moog's Request for Jurisdictional Discovery.

Moog asks in passing for discovery "[i]f the Court is inclined to find that [it] did not sustain its *prima facie* burden on jurisdiction and venue." Opp. at 17. That is the wrong standard. Jurisdictional discovery is generally warranted only if a plaintiff has *already* made out a prima facie case for jurisdiction. *E.g.*, *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007); *Lear v. Royal Caribbean Cruises Ltd.*, 2021 WL 1299489, at *13 (S.D.N.Y. Apr. 7, 2021). "'The mere commencement of a lawsuit, without the support of a threshold showing of jurisdictional prerequisites, should not entitle the party to use the court processes to attempt to find support for having commenced the litigation.'" *Steinberg v. Bombardier Trust*, 2008 WL 2787720, at *2 (S.D.N.Y July 9, 2008). Here, Moog hasn't alleged facts showing that this Court can exercise jurisdiction over Skyryse. Nor, for that matter, has it explained what facts it might uncover through jurisdictional discovery. Under these circumstances—when a plaintiff has, despite ample opportunity, never even *identified*, much less proven, facts that might support jurisdiction—courts routinely deny requests for jurisdictional discovery. *E.g.*, *Lear*, 2021 WL 1299489, at *12; *Greatship (India) Ltd. v. Marine Logistics Solutions (Marsol) LLC*, 2012 WL 204102, at *7 (S.D.N.Y. Jan. 24, 2012). This Court should do the same.

---

*Exploración Y Producción*, 832 F.3d 92 (2d Cir. 2016), the defendant "affirmatively and successfully sought relief" on the merits as its motion to dismiss for lack of jurisdiction and improper venue was pending. *Id.* at 101. And in *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974) (per curiam), the defendant stipulated to a settlement calling for the *entry of judgment*. *Id.* at 716–17; *see also Krape v. PDK Labs Inc.*, 194. F.R.D. 82, 86 (S.D.N.Y. 1999) (venue objection became frivolous after the defendant admitted in another case that New York was the right venue for the dispute); *Altman v. Liberty Equities Corp.*, 322 F. Supp. 377, 379 (S.D.N.Y. 1971) (defendant moved to transfer but did not object on venue grounds).

### E. Alternatively, This Case Should Be Transferred to California.

If the Court declines to dismiss this case for lack of personal jurisdiction or improper venue, it should transfer it to the Central District of California under 28 US.C. § 1404 instead. That statute has two requirements. There is no dispute about the first—that the suit could have been brought in the proposed transferee district. Opp. at 17. That leaves the second—whether transfer would serve "the convenience of parties and witnesses" and be "in the interest of justice." It would, as the factors courts traditionally examine as part of the section 1404 analysis demonstrate.

**1. Plaintiff's choice of forum.** This first factor is the only one that favors Moog. It chose to file suit in New York, and that choice deserves some deference. But Moog is wrong to suggest that this factor is by itself practically dispositive. Opp. at 18–19. Notwithstanding plaintiffs' decisions to sue in this District, cases that should have been brought elsewhere are routinely transferred under section 1404. *E.g.*, *Peterson v. Tiffin Motor Homes, Inc.*, 2020 WL 10223304, at *2 (W.D.N.Y. Mar. 5, 2020); *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 385 (W.D.N.Y. 2018); *In re Radioshack Corp.*, 2016 WL 6405576, at *2 (W.D.N.Y. Oct. 31, 2016).

**2. Locus of operative facts.** California is the locus of operative facts here, because that is where "'the events from which the claim[s] arise[]'" took place. *Zaltz v. JDATE*, 952 F. Supp. 2d 439, 460 (E.D.N.Y. 2013). Moog alleges a California company recruited 16 California-based Moog employees to get its hands on Moog's trade secrets, and that it conspired with two of them to transfer data from a Moog computer in California to an individual's hard drive in California. This case has California written all over it.

Even though all of Skyryse's supposedly wrongful conduct occurred in California, Moog points to a handful of New York-centric facts to demonstrate that it suffered harm in New York. Opp. at 21. But what matters is "where the wrongful acts occurred, not where the plaintiff experienced the effects of those acts." *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 842. In any event, California is

7

still the locus of operative facts even if some relevant events happened elsewhere. *See, e.g.*, *Peroutka v. Yeti Coolers, LLC*, 2020 WL 1283148, at *4 (Mar. 17, 2020).

    **3. The convenience of the parties.** Skyryse is a California company. Its only offices are there, and nearly all its employees are there. Mot. at 19. Moog is headquartered in New York, but has a large presence in California, employing some 700 people in the Central District of California. Moog is used to doing business in California; it has been there for decades. Dkt. 48-4. The question, then, is why should these two companies with deep California roots, whose facilities are just eight miles apart, not litigate this dispute in California? Moog offers no good reason why not—only an assertion that it would somehow be just as inconvenient for a massive company to litigate in a place where it has long had extensive operations as for a 71-employee company to litigate across the country in a place where it does no business at all. Opp. at 20. Moog adds that any "inconvenience to Skyryse and its witnesses can be significantly reduced" through "technology, including videoconference technology." *Id.* But Moog has refused to use such technology for any proceedings, including depositions. *See* Dkt. 33 ¶ 10. In any event, it is a two-way street: Moog can use the same technology to limit what little inconvenience it might experience in litigating in a perfectly familiar environment.

    **4. The convenience of the witnesses.** All three defendants are California residents. So are nearly all the former employees Moog claims Skyryse hired in an effort to gain access to its trade secrets. Mot. at 17–18. Moog does not even try to argue that it would be more convenient for all these Southern Californians to litigate in Buffalo. Instead, it argues that their convenience is irrelevant, and cites a few cases for the proposition that courts addressing witness convenience focus exclusively on third-party witnesses. Opp. at 19. That is not what those cases say. It is only when addressing the separate question whether the court has the power to compel witnesses to testify that those decisions say the focus should be on non-parties (because the parties themselves can order their employees to show up in court). *Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*, 2013

8

WL 4805801, at *21 (N.D.N.Y. Sept. 9, 2013); *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 442–43 (E.D.N.Y. 2012); *Race Safe Sys., Inc. v. Indy Racing League*, 251 F. Supp. 2d 1106, 1111 (N.D.N.Y. 2003). When it comes to the convenience of the witnesses, those same cases (and many others just like them) *do* address the convenience of party witnesses. *E.g.*, *Race Safe*, 251 F. Supp. 2d at 1110 ("The convenience of party and non-party witnesses is particularly important.").

**5. Whether all identified witnesses can be compelled to testify in this District.** This Court can compel the attendance only of witnesses who live within 100 miles of the courthouse. Fed. R. Civ. P. 45(c)(1)(A). There is no reason to assume that non-party witnesses, including a California contractor assisting Skyryse with its recruiting efforts, would voluntarily travel to Buffalo. Dkt. 48-5 at 5.

**6. The location of evidence.** Moog accuses Skyryse of luring away California-based Moog employees to extract trade secrets from them and, in one case, conspiring with one such employee to transfer information from a Moog computer in California to a hard drive in California. The allegations are baseless, but whatever information Skyryse and its employees possess is in California, which is home to all of Skyryse's documents, servers, and equipment. Mot. at 20–21. Moog does not deny any of this; instead, it claims the location of evidence is irrelevant because it is easy to transmit information in the modern world. Opp. at 24. That is a curious argument coming from a party whose entire opposition depends on Kim's supposed downloading of information from a New York server. Opp. at 1, 11, 14–15, 21. If the storage location of data is supremely important for purposes of establishing jurisdiction and venue, it cannot be irrelevant to a transfer motion.

**7. The relative means of the parties.** Moog notes that Skyryse has attracted some venture capital, that it employs 71 people, and that courts give the parties' resources less weight when they are both corporations. Opp. at 21–22. Moog made much the same argument in *Moog, Inc. v. Newport Aeronautical*, 2016 WL 3444238 (W.D.N.Y. June 23, 2016), but the court nevertheless concluded

9

that this factor favored transfer. *Id.* at *6. It does here, too. Skyryse may employ more people (71) than the defendant there (3), but both figures are a fraction of 1% of Moog's 13,000-strong workforce. Moog's resources dwarf those of Skyryse.

**8. Trial efficiency and the interests of justice.** Skyryse pointed out in its motion that it takes almost three times as long to bring a case to trial in this District than in the Central District of California. Moog responds that, by comparing 2021 California data against 2019 New York data, the disparity becomes more like 2:1 instead of 3:1. Opp. at 24 n.14. The point stands: This case will move a lot faster elsewhere. Moog otherwise says that the case should remain here because of "how far along [it] has already come in this District." Opp. at 22. But the case was just filed, Skyryse moved as promptly as it could to transfer the case elsewhere, and this Court has invested little time in this case. There is no reason to treat the short time required to brief a transfer motion as an automatic thumb on the scale against transfer. What is more, Moog never addresses California's substantial interest in regulating the conduct of its residents, Mot. at 25—and in safeguarding them against baseless allegations of unreasonable trade restraints. *See* Cal. Bus. & Prof. Code § 16600 (expressing strong policy preference for right to move between employers without interference).

\*   \*   \*

In short, the *only* factor favoring New York is that Moog chose to file here. Everything else weighs in favor of transfer or is at worst neutral.

### III. CONCLUSION

The Court should dismiss the complaint or transfer this case to California.

Dated: April 22, 2022

/s/ Katherine Dominguez

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210

10

(716) 200-5050
tflynn@harrisbeach.com

**GIBSON, DUNN & CRUTCHER LLP**
Josh Krevitt, Esq. (Admitted *Pro Hac Vice*)
Katherine Q. Dominguez, Esq. (Admitted *Pro Hac Vice*)
Ilissa Samplin, Esq. (Admitted *Pro Hac Vice*)
Angelique Kaounis, Esq. (Admitted *Pro Hac Vice*)
Justine M. Goeke, Esq. (Admitted *Pro Hac Vice*)
200 Park Avenue
New York, NY 10166
(212) 351-2338
JKrevitt@gibsondunn.com
KDominguez@gibsondunn.com
ISamplin@gibsondunn.com
AKaounis@gibsondunn.com
JGoeke@gibsondunn.com

Attorneys for Defendant
SKYRYSE, INC.

11