# EXHIBIT J



300 S. Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: 213-485-1500
Fax: 213-485-1200
www.lockelord.com

Rory S. Miller
Direct Telephone: 213-687-6753
Direct Fax: 213-341-6753
rory.miller@lockelord.com

May 4, 2022

By E-Mail

Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:   *Moog, Inc. v. Skyryse, Inc. et al.,* W.D.N.Y. Case No. 22-cv-187

Dear Judge McCarthy:

Pursuant to Your Honor's order of April 27, 2022 (dkt. no. 83) and comments on the record at the April 26, 2022 hearing, the individual defendants write to report on the current status of the issues raised in their April 19, 2022 letter (dkt. no. 73) as well as the status regarding Skyryse's disclosures regarding the spoliation of evidence discussed in their letters and at the last status conference. Although it appears that progress has been made on some issues, vast differences of opinion still remain and, unfortunately, appear to require the Court's attention.

Update Re: Protective Order Issues

As noted in the individual defendants' April 19, 2022 letter, the draft protective orders currently exchanged by Moog and Skyryse disadvantage the individual defendants, who are unable to have any form of client-side review of AEO designated materials, and would be forced to defend the case in some or all of a vacuum.

Despite productive discussions with Moog's counsel, there remains a disagreement as to whether the individual defendants could, under highly restricted conditions, review AEO materials that do not disclose on their face that the defendant was an author or recipient. The individual defendants continue to need the ability to review, under appropriate safeguards and conditions, **all** the materials and evidence in the case, and once again urge the Court to adopt the solution they proposed in their April 19 letter—striking section 6.5(j)(i) from the draft protective order.

Since their last letter, circumstances have only made it more clear that this is both appropriate and necessary. First, as the Court knows, Skyryse has terminated both Mr. Pilkington and Ms. Kim, so that any information they would become privy to will not, in any event, flow back to Skyryse as a competitor to Moog. Second, and more urgent, Skyryse has now made very serious admissions to spoliation of evidence and, while admitting that the spoliation occurred **after** both

Atlanta | Austin | Boston | Brussels | Chicago | Cincinnati | Dallas | Hartford | Houston | London | Los Angeles
Miami | New Orleans | New York | Newark | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

126003499v.1

Hon. Jeremiah J. McCarthy
May 4, 2022
Page 2

of the individual defendants were on leave and was not undertaken by either of them, continues to suggest that Skyryse's evidentiary misconduct somehow falls at the individual defendants' feet. Unfortunately, because Skyryse wants to keep its admissions of wrongdoing out of the public eye, it continues to designate those admissions—as paltry and self-excusing as they are—as AEO, meaning that neither of the individual defendants may see Skyryse's claims, provide advice as to what they could mean, or advise their counsel as to how to defend against Skyryse's efforts to scapegoat them for the company's wrongdoing.

Given the expedited nature of these proceedings, as well as the fact the individual defendants are two currently unemployed individuals, it is both unreasonable and unfair for them to suffer the delays and expenses associated with being forced to move this Court for de-designation of the various Skyryse materials that have been wrongfully designated AEO. The efficient, fair, and just solution is to allow the individual defendants to review AEO materials in the presence of their counsel, without keeping any copies or notes, and for the purposes of this dispute only.

Update Re: The Forensics Protocol

In their April 19, 2022 letter, the individual defendants raised the extreme privacy burdens and concerns that the then-current version of the forensics protocol proposed by Moog posed to their private, irrelevant personal information.

Since that time, counsel for Moog and the individual defendants have met and conferred, and the individual defendants understand that Moog has now amended its proposed forensics protocol to include not only a privilege review prior to disclosure of information, but also a personal privacy review on personal devices such as those the individual defendants have collected.

That solution is sufficient to address the individual defendants' privacy concerns, and they are now neutral as to the competing forensics protocols from Moog and Skyryse.

Report Re: Skyryse's Inadequate Disclosures Regarding Spoliation

As the Court will recall from the April 26 hearing, counsel for the individual defendants forcefully made the point that Skyryse's counsel had, essentially, kept them entirely in the dark about these purported disclosures, and that the lengthy on qualifications but light on details disclosures on the record, was the first time that they were learning any details regarding Skyryse's disclosures.

At that hearing, Skyryse's counsel repeatedly emphasized a commitment to transparency and disclosure, and argued that Skyryse's voluntary disclosures obviated the need for the individual defendants to be able to seek discovery from Skyryse regarding its claimed disclosures—despite the fact that Skyryse was attempting to blame the individual defendants for the misconduct it claims to have uncovered.

Those assurances to the Court and the parties have proven to be, at best, hollow. Skyryse, despite having another full week to investigate and to prepare its narrative and explanations, continues to offer only the vaguest hints of details—and then only at the last minute before the parties are required to report on progress to the Court.

Hon. Jeremiah J. McCarthy
May 4, 2022
Page 3

Skyryse should not be permitted to decide when, how, and if it discloses any of the details regarding these serious issues—particularly as they are vital to the individual defendants' own efforts to respond to the preliminary injunction motion as well as to respond to Skyryse's efforts to shift blame from its executives and employees onto the pair of individual defendants. Our system is adversarial for a reason: the parties' self-interest in achieving their litigation goals ensures that the necessary facts are uncovered and that truth comes out.

The individual defendants therefore renew their request to the Court from the April 26 hearing that they be permitted to propound expedited discovery on Skyryse to ensure that they are armed with the information necessary to appropriately respond to and rebut the preliminary injunction motion. Skyryse's foot-dragging and deflections regarding its conduct will only be brought to an end when the company is procedurally forced, through the discovery process, to respond in full, without further evasion, and in a satisfactory and complete manner.

Conclusion

Thank you again for your attention to these issues, many of which arise from the fact that Mr. Pilkington and Ms. Kim, as individuals rather than corporate entities like Moog and Skyryse, have different needs and concerns regarding the conduct of litigation, particularly with regards to decision-making and their personal privacy. We look forward to discussing these matters further with the Court.

Very respectfully,

Rory S. Miller

cc: All counsel record (via e-mail)

126003499v.1