**Gabriel S. Gross**
Direct Dial: +1.650.463.2628
gabe.gross@lw.com

140 Scott Drive
Menlo Park, California  94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

File No. 072290-0003

May 23, 2022

Hon. Jeremiah J. McCarthy
United States District Court
Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:    *Moog Inc. v. Skyryse, Inc. et al.* (No. 1:22-cv-00187-LJV-JJM)

Dear Judge McCarthy:

We write on behalf of Defendant Skyryse pursuant to the Court's instruction to address the parties' disagreement over upcoming deadlines in expedited discovery. (Dkt. No. 115.) Skyryse's counsel has met and conferred with Moog's counsel in an effort to narrow or eliminate the dispute and to maintain an ongoing dialogue about discovery. The parties were unable to reach agreement, and Moog declined Skyryse's proposal to exchange written positions in advance so the parties could submit a single, joint letter to the Court. We see three related issues:

*First*, expedited discovery and the parties' ongoing investigations necessarily involve a significant amount of electronically stored information (ESI) and a large number of computers and other digital media: literally millions of files, many if not most of which are irrelevant. Skyryse is committed to providing Moog with the ESI it needs in discovery. But Skyryse also believes that the sheer volume of data requires the parties to work together to create an appropriate, reasonably tailored set of search terms so that they can efficiently locate documents that are actually relevant to the parties' claims and defenses and proportional to the case. This should enable the parties to reduce the universe of ESI to something more manageable and more likely to contain relevant information, which in turn will allow the parties to better manage the discovery schedule, including the deadlines now at issue.

Only Moog knows with any sort of specificity what its alleged trade secrets are, meaning Moog is uniquely positioned to propose to the defendants a suitable set of search terms designed to focus on any trade secret-related topics.[1] The parties have made little progress on this issue to date. For example, Moog has provided many thousands of file names and hash values that can be used as search terms (rather than providing only keywords directed to the *contents* of files), but

---

[1] Skyryse has requested that Moog identify and describe its alleged trade secrets through interrogatories, which Moog thus far has failed to do.

LATHAM&WATKINS LLP

Moog's lists indisputably contain commonly used and publicly known terms and the names of third-party source code files that do not originate from Moog.

Skyryse has raised this problem with Moog several times. Skyryse has asked that Moog propose a narrower list of more reasonable, targeted search terms and identify its trade secrets with particularity to facilitate more effective and efficient discovery. Moog declined; it provided Skyryse with some additional search terms, but claimed even those search terms are "not limiting" and not adequate to "capture" all the evidence it says it wants to discover. Used as search terms, the items on Moog's lists result in an inordinate number of "hits" that will take many thousands of person-hours to review. Skyryse respectfully submits that for discovery to proceed in an orderly and efficient way, Moog will need to engage with the defendants about a more reasonable and focused set of search terms and identify its specific trade secrets with specificity (or be ordered to do so). Skyryse reserves all rights in that regard.

**Second**, this brings us to the dispute over the discovery schedule. The parties do not agree on (1) whether the production of documents in response to expedited discovery requests should be ordered to be entirely complete by June 2; and (2) whether all expedited discovery, including "all depositions," should be ordered to be entirely complete by August 25. Even as it declines to cooperate in focusing the scope of discovery, Moog has insisted that these deadlines be rigid and final, foreshadowing that it will treat any discovery provided after those deadlines to be a violation of a Court order.

Skyryse has explained to Moog that (especially given the problems with the scope of discovery discussed above), Skyryse will work diligently to provide discovery that is *substantially* complete by these dates, but it is foreseeable in a case of this nature that additional discovery and document productions will continue after the deadlines. Skyryse also has explained that all parties have an ongoing duty to supplement their discovery as their investigations continue, even after such deadlines. Moog's response was problematic. Rather than recognizing the ongoing duty to supplement, and the reality that some discovery in this case will continue beyond June 2, Moog proposed to add a provision to the scheduling order reiterating that any party can seek leave for good cause to *modify* the scheduling order. According to Moog, a party would be required to seek leave of Court merely to comply with its duty to supplement discovery under Rule 26(e), for example, after the June 2 deadline to complete document production. Moog's proposal seems to affirm its intent to treat any good-faith supplementation of discovery after June 2 as a "violation" of a Court order.

Respectfully, Skyryse requests that the Court: (1) set the June 2 and August 25 deadlines for purposes of limited, expedited discovery to inform the preliminary injunction proceedings; (2) expressly recognize that the parties' investigation and discovery will be continuing throughout this action and they are under an ongoing duty to supplement their discovery; and (3) note that the scheduling order is without prejudice to either side's right to seek relief in the event disputes arise over timeliness or substantial compliance with the order. Pursuant to the Court's guidance, Skyryse attaches as **Exhibit A** to this letter a redlined version of a proposed order showing the changes it believes are necessary to Moog's proposal.

LATHAM&WATKINS LLP

    ***Third***, when the parties met and conferred, Moog stated it intended to raise with the Court today another issue that Skyryse did not understand was ripe for the Court's intervention. Specifically, Moog has demanded that by May 26, Skyryse complete its review of the information on five devices for privileged and private content, including Defendant Pilkington's and Kim's Skyryse-issued laptops[2] that Skyryse turned over to the independent neutral forensics firm, and that Skyryse produce any redacted versions of privileged documents and a privilege log by the same date. Skyryse has diligently been investigating this issue, and advised Moog this morning why Moog's proposed date is not workable. This is because the devices at issue contain *over half a million files*, many thousands of which still require review for potential privilege issues. That review, and associated redactions and preparations of a privilege log, will take hundreds of person-hours to complete (we estimate about 750 hours). Skyryse believes it may be able to complete this review, or at least a substantial portion of it, by June 24 but this is aspirational.

    The excessive scope of this discovery task is another example of the problem created by Moog's insistence on obtaining disproportionate discovery—in this case, into *all* the contents of these devices, rather than a subset that may actually relate to the claims and defenses in the case. As described above, if Moog were to propose a reasonable set of search terms that are suitably tailored to the issues in the case, and were to identify its trade secrets with sufficient particularity, this would help the parties focus their efforts and greatly reduce the scope of and time required for such discovery. Again, Skyryse reserve all rights, and remains willing to work with Moog to resolve this issue between themselves.

                       Very truly yours,

                       Gabriel S. Gross
                       of Latham & Watkins LLP

US-DOCS\132170116.1

---

[2] These devices also include native files belonging to Defendant Pilkington and source code repositories.