# EXHIBIT B

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Kate Dominguez
Direct: +1 212.351.2338
Fax: +1 212.716.0839
KDominguez@gibsondunn.com

April 1, 2022

VIA E-MAIL

Rena Andoh, Partner
Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112

Re: *Moog, Inc. v. Skyryse, Inc. et al.*, No. 22-cv-187 (W.D.N.Y.)

Counsel:

We write regarding Skyryse's compliance with its obligations under the March 11, 2022 Stipulation and Order (ECF Nos. 25, 36) (the "March 11 Order") and Moog's failure to sufficiently identify the purported non-public, trade secret information at issue in this action.

## Skyryse's Compliance with the March 11 Order

***Production of Devices which Received Data from Enumerated Devices.*** Pursuant to Section 5 of the March 11 Order, Skyryse was obligated to produce to the neutral forensics firm, iDiscovery Solutions ("iDS"), for forensic imaging any of its devices which received, copied, or was transferred any information or data from the four devices mentioned in Section 4 of the March 11 Order (the "Enumerated Devices"). In compliance with Section 5, Skyryse delivered a Skyryse-issued laptop used by Ms. Kim (the "Kim Laptop") to iDS today. A diligent search of Skyryse-issued devices did not uncover other devices which received, copied, or was transferred any information or data from the Enumerated Devices.

***Delivery of Records Plaintiff Identified as Belonging to Plaintiff.*** Pursuant to Sections 2 and 3 of the March 11 Order, Skyryse was obligated within 21 days of the Order to deliver to Moog any and all originals and copies of all non-public information, documents, records, files, or data in Skyryse's possession, custody, or control belonging to Moog, and to deliver to iDS any such files that have been integrated, combined, inserted, modified, updated, upgraded, or otherwise used by any defendant in such a manner that delivery necessarily includes property of any defendant.

To enable Skyryse to locate such non-public information, documents, records, files, or data belonging to Moog, Moog produced to Skyryse an Excel spreadsheet entitled mkim3.xls, listing 136,994 records allegedly downloaded by Ms. Kim (the "Moog Filename List"). Moog represented to Skyryse that the Moog Filename List was "sufficient for Defendants to

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

April 1, 2022
Page 2

comply with the March 11 stipulated order"—*i.e.*, for Skyryse to use to identify non-public information belonging to Moog. Moog also produced an Excel spreadsheet entitled Log with MD5_encrypted.xlsx, purporting to list 62,408 MD5 hash values associated with a subset of the Moog Filename List (the "Moog Hash Value List").

Upon review, Skyryse discovered the Moog Filename List contains many thousands of files with generic filenames readily found in non-Moog file systems, either because they are used or produced by common applications or because they are commercially available. For example, the Moog Filename List contains 97 instances of files named main.c, which is a filename common to every program written in that language. Files matching MD5 hash values supplied in the Moog Hash Value List also have been revealed as public information, rather than information belonging to Moog. For example, the Moog Hash Value List contains a file named pre-rebase.sample associated with a hash value of 56e45f2bcbc8226d2b4200f7c46371bf. A basic Internet search (*see* tinyurl.com/3brps9tj) reveals this file is not a Moog file, but rather is a file copyrighted by Junio C. Hamano, a well-known open-source software developer employed by Google. Thus, it clearly is not the case that every—or even most—of the files identified by Moog in its Moog Filename and Hash Value Lists constitute information belonging to or originating with Moog.

Despite the demonstrated unreliability of the Moog Filename and Hash Value Lists provided by Moog for purposes of identifying Moog non-public information, Skyryse conducted a diligent search of Skyryse's files for Moog's purportedly non-public information. Among other things, Skyryse used the lists Moog provided to search the Skyryse-issued laptop used by R. Alin Pilkington (the "Pilkington Laptop"). A search of the Pilkington Laptop using the lists turned up 11,093 files. Because both lists Moog supplied are wildly overbroad—containing thousands of entries of information that is not proprietary to Moog—we suspect the vast majority (if not all) of the 11,093 files are not subject to production under the March 11 Order, which requires only "*non-public* information . . . of Plaintiff" to be returned to Moog or delivered to iDS. March 11 Order ¶¶ 2, 3 (emphasis added). But because it is not feasible for Skyryse to evaluate conclusively all 11,093 files from the Pilkington Laptop by today's April 1, 2022 delivery deadline, in an abundance of caution Skyryse delivered all 11,093 files to iDS.

Skyryse has not ascertained whether any of the 11,093 files from the Pilkington Laptop actually include Plaintiff's non-public information. Under the circumstances, Skyryse is not *required* under the March 11 Order to deliver either the Pilkington Laptop or any of its contents. This is because Skyryse did not determine any files on the Pilkington Laptop contained non-public information belonging to Moog, and because the device does not fall within Section 5 of the Order. However, given Moog's failure to sufficiently identify its purported non-public information, out of an abundance of caution Skyryse delivered to iDS

# GIBSON DUNN

April 1, 2022
Page 3

the 11,093 files found on the Pilkington Laptop that contained attributes matching the overbroad list of names and hash values provided by Moog.

To be clear, Skyryse has *not* determined these files or any other files in Skyryse's possession contain *any* non-public information belonging to Moog.

### Moog's Failure to Identify Its Purported Trade Secrets

This failure by Moog to provide even a credible list of its purported non-public information underscores that Moog has not complied with its basic obligation to identify with reasonable particularity the alleged trade secrets it contends are at issue in this case. Moog's failure to do so has created undue burden for Skyryse in complying with the March 11 Order, is hindering Skyryse's ability to respond to Moog's discovery requests, and prejudices Skyryse's ability to defend against Moog's groundless claims. Moog must cure this deficiency—and identify with particularity the purported secrets it contends were taken from Moog by Kim and Pilkington on or about November 19, 2021—for discovery to proceed.

Before commencing discovery, a plaintiff asserting a trade secret claim is required to identify its trade secrets "with sufficient specificity to inform the defendant of what they are alleged to have misappropriated." *Pauwels v. Deloitte LLP*, 2020 WL 818742, at *4 (S.D.N.Y. Feb. 19, 2020). Where, as here, source code is at issue, a trade secret plaintiff must "identify, with reasonable particularity, which of the component parts or sequencing of their source code are not (1) publicly available information, (2) commonly-used algorithms, or (3) third-party licensing." *MSCI Inc. v. Jacob*, 945 N.Y.S.2d 863, 866 (N.Y. Sup. Ct. 2012) (barring plaintiffs from seeking further discovery until the required identification was made); *see also, e.g.*, *Powerweb Energy, Inc. v. Hubbell Lighting, Inc.*, 2012 WL 3113162, at *2 (D. Conn. July 31, 2012) (granting protective order and ordering plaintiff to "provide defendants with a description that defines with reasonable specificity the alleged trade secrets which form the basis of its misappropriation claim" before further discovery could proceed); *cf.* Cal. Code. Civ. P. § 2019.210 ("[B]efore commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity.").

Moog not only has failed to satisfy this obligation, but also affirmatively provided Skyryse with *misinformation*—incorrectly categorizing seemingly *public* information as Moog's own non-public information. Moog is required to identify its purported trade secrets with reasonable particularity. A list of generic files Moog stored in its archives does not satisfy this requirement and prejudices Skyryse's ability to search for the Moog information Moog claims was misappropriated, and to defend this case. Expedited discovery cannot proceed if

# GIBSON DUNN

April 1, 2022
Page 4

Moog does not identify its alleged trade secrets with reasonable particularity. Please confirm Moog will promptly rectify this deficiency. Otherwise, Skyryse may seek court intervention.

Sincerely,

Kate Dominguez