# EXHIBIT H

SheppardMullin

Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 100
San Diego, CA 92130-4092
858.720.8900 main
www.sheppardmullin.com

858.720.8940 direct
tanderson@sheppardmullin.com
File Number: 02HL-350124

May 10, 2022

**VIA E-MAIL ONLY**

Douglas E. Lumish — Doug.lumish@lw.com
Gabriel S. Gross — Gabe.gross@lw.com
Joseph H. Lee — Joseph.Lee@lw.com
Cassandra Baloga — Cassandra.Baloga@lw.com
Kelley Storey — Kelley.Storey@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, California 94025

Re: *Moog Inc. v. Skyryse, Inc., et al.*
U.S. District Court, Western District of NY – Case No. 1:22-cv-00187
Violations of the March 11, 2022 Stipulated Order (ECF 25)

Dear Counsel:

During today's conference with Judge Vilardo, Mr. Lumish claimed Moog has not identified to Skyryse the various violations of the March 11, 2022 Stipulated Order (ECF 25, 28) (the "March 11 Order"). While this is factually incorrect (see, among other things, pages 2-3 of Moog's May 4 Letter to Judge McCarthy), we are again placing you on notice of each of Skyryse's violations that Moog is aware of as of today.

**Required Turnover of Devices and Information Containing Moog Non-Public Information By April 1**

Section 2 of the March 11 Order states: "Within 21 days of this Order, each Defendant shall deliver to Plaintiff any and all originals and copies of all non-public information, documents, records, files, or data in that Defendant's possession, custody, or control (i) of, from, or belonging to Plaintiff, and (ii)(a) provided, offered, transmitted, or conveyed to any Defendant by any current or former Moog employee, and/or (ii)(b) copied or taken from Plaintiff's email, shared network drives, desktop computers, laptops, USB drives, databases, work-issued phones, and work issued tablets . . ." Section 2 further states: "Notwithstanding the foregoing, if any such non-public information, documents, records, files or data of Plaintiff has been integrated, combined, inserted, modified, updated, upgraded or otherwise used by any Defendant in such a manner that such delivery necessarily includes property of any Defendant (if any exists), then such information shall be given to a third-party forensics firm mutually agreed-upon by the parties, for forensic imaging in lieu of providing such information directly to Plaintiff." In summary, ***on or before April 1, 2022***, Skyryse was required to turn over to either Moog or iDS all devices or files containing Moog non-public information (in full or in part).

Skyryse has indisputably not complied with this order. For example, on April 29, 2022, Skyryse produced to iDS:

- Pilkington's Skyryse-issued Dell Latitude Laptop, Model 9520 (Host Serial CXQV5J3);
- Pilkington's Skyryse-issued Apple MacBook Pro (Host Serial J09VPJ6WDF);
- A Seagate Ultra touch USB hard drive (Host Serial NAB25NZH) containing 568 non-human-readable files

And, on April 29, 2022, Skyryse produced directly to Moog 150 files, 10 of which comprise Moog source code files. This is all confirmed in Skyryse's April 29 letter, which admits that certain of these files "ostensibly" contain Moog non-public information.

Then, on May 5, 2022, Skyryse produced to iDS two files that identically hit on the targeted search terms provided by Moog's counsel to Skyryse on April 12. This is confirmed in Skyryse's May 5 letter.

All of these devices and files were required to be turned over to Moog or iDS by April 1 under the March 11 Order.

Moreover, Skyryse has confirmed that it imaged 37 additional computing/storage devices that were issued to Skyryse employees that either had search term hits for Moog information or potential spoliation issues (or both). Not one of those images has been turned over to Moog or iDS to date.

**Transmission of Data to iDS Instead of Directly to Moog**

Our May 2 letter, which you have already responded to, addresses this issue in full. Under Section 2 of the March 11 Order, Skyryse was only authorized to turn over devices or data to iDS if they contain "any such non-public information, documents, records, files or data of [Moog that have] been integrated, combined, inserted, modified, updated, upgraded or otherwise used by any Defendant in such a manner that such delivery necessarily includes property of any Defendant." Thus, only materials that "***necessarily includ[e] property of Skyryse***" can be provided to iDS instead of directly to Moog.

Not only is it evident that Skyryse has not yet produced to Moog and iDS all of the data and devices required under the March 11 Order, but there are also two groups of segregated files that Skyryse has produced directly to iDS that were required to be sent directly to Moog.

First, on April 1, 2022, Skyryse sent to iDS a thumb drive containing 11,093 files from defendant Robert Alin Pilkington's Skyryse-issued laptop. Skyryse's April 1 cover letter makes clear that these files were located by searching Pilkington's Skyryse-issued laptop using the 136,994 file names and 62,408 hash values provided by Moog to Skyryse regarding the 136,994 Moog files copied by defendant Misook Kim. While meritless, the concern raised by Skyryse in its April 1

letter was that the "the Moog Filename List contains many thousands of files with generic filenames readily found in non-Moog file systems, either because they are used or produced by common applications or because they are commercially available." Skyryse provided an example of a file that is allegedly publicly available. Skyryse further complained that the 11,093 files from Pilkington's Skyryse issued laptop allegedly "contai[n] thousands of entries of information that is not proprietary to Moog." In the April 1 letter, Skyryse claimed it has "not ascertained whether any of the 11,093 files from the Pilkington Laptop actually include Plaintiff's non-public information."

All of these 11,093 files are presumptively Moog data that must be provided to Moog immediately. Notably, at no point has Skyryse taken the position that any of the 11,093 Pilkington files ***necessarily include Skyryse property***, which could be the only basis to turn over such files to iDS. Instead, Skyryse complains that certain of these files contain public information, which is not a basis to turn them over to iDS. While Moog appreciates that Skyryse-issued laptops must be turned over to iDS as containing Skyryse property, this does not apply to separately segregated files that were located using file names and hash values of Moog data that former Skyryse employee Misook Kim misappropriated from Moog.

Next, on April 29, 2022, Skyryse produced to iDS a hard drive containing "568 non-human-readable files." The apparent justification for turning these separately segregated files to iDS instead of Moog is that the "may also contain or reflect Skyryse information." This is inappropriate. Not only were these files required under Court order to be turned over by April 1, 2022, but Skyryse cannot use the ambiguous statement that the files "may" contain Skyryse information to shield Moog's access. The March 11 Order is clear that devices or files turned over to iDS must ***"necessarily"*** include Skyryse property.

Indeed, Skyryse's May 10, 2022 letter claims it is reviewing these groups of files to determine which of them contain only Moog non-public information. The fact that this review is taking place shows on its face that not all of them necessarily include Skyryse property and should not have been presumptively turned over to iDS in the first place.

**<u>Failure to Preserve Data</u>**

Section 5 of the March 11 Order states: "Skyryse shall preserve and not otherwise tamper with or modify in any way its email, shared network drives, desktop computers, and to the extent reasonably necessary to preserve potentially relevant evidence, laptops, USB drives, databases, work-issued phones, and work issued tablets, and/or the hard drives of any desktop computers, laptops, phones, USB devices, external data storage devices, or other electronic devices issued by Skyryse for use by any employee and which was used in the last year. . . ."

Section 9 of the March 11 Order states: "Each party shall preserve all evidence in that party's possession, custody, or control relevant to any party's claim or defense in this action, including electronically stored information."

Skyryse has admittedly violated these provisions. On April 25 and 26, Skyryse's counsel told Moog's counsel and the Court in unambiguous language that certain of its employees deleted data after this lawsuit was filed. Specifically, on April 26, Skyryse's counsel advised the Court:

- "we have discovered forensically that since the complaint was filed certain information has been deleted." (4/26/22 Transcript at 18:17-18);
- "What we have seen is – to us, is an alarming series of deletions" (*Id.* at 19:4-5);
- "it also is the case that some of the information deleted may not be recoverable" (*Id.* at 19:5-6).
- "that is a fact on the ground as we sit here today, unfortunately, that the information was deleted after the complaint was filed." (*Id.* at 19:8-10);
- "we do not have certainty it will be recoverable." (*Id.* at 19:11).

And, Moog's May 4 letter states "some employees appear to have deleted information from local computer drives after the litigation commenced."

Moog does not and cannot understand the nature, scope, and extent of this deletion of data, because Skyryse has not answered Moog's questions and refuses to provide any details. This information will come to light through judicial intervention as needed. Regardless, the mere fact that an "alarming series of deletions" occurred after the Complaint's filing violates the above-referenced sections of the March 11 Order.

Further, it is evident that Skyryse has not taken any steps to preserve its employees' personal devices with potentially relevant information, in violation of Section 9 of the March 11 Order. In its May 4 letter, Skyryse admits it "does not issue smartphones to its employees." Thus, Skyryse employees necessarily use their personal phones for some work purposes (such as sending or receiving Skyryse e-mails). Yet, in its May 4 letter Skyryse indicates it has only collected and imaged "Skyryse-issued devices" and that "[t]o the extent employees used personal external storage devices, personal laptops, or personal tablets in the course of their work for Skyryse, those devices are not in the possession, custody, or control of Skyryse." Skyryse's position is legally incorrect, especially given that employee cell phones, for example, are evidently used by Skyryse employees for work purposes.

All the above violations of the March 11 Order also constitute violations of Section 1 of the March 17 Stipulated Order Re: Expedited Discovery (ECF 33), which provides "The Parties shall comply with all of the obligations and requirements set forth in the Parties' Stipulation and Court's Order dated March 11, 2022 (ECF Nos. 25, 28), including but not limited to the 21-day deadline to return certain of Moog's information (if any) as further set forth in the March 11, 2022 Stipulation and Order."

SheppardMullin



**Other Potential Violations**

The foregoing merely provides Moog's understanding of Skyryse's violations of the March 11 Order to date. Moog expects discovery will reveal additional violations of the March 11 Order, including but not limited to Skyryse's use of Moog's non-public information after March 11. As we have already advised Judge McCarthy, Moog intends to raise these violations with the Court immediately, and reserves the right to seek all available relief (including but not limited to monetary sanctions) at the appropriate time.

Very truly yours,

Travis Anderson
for SHEPPARD MULLIN RICHTER & HAMPTON LLP

cc: Rory S. Miller, Esq.
Anthony D. Green, Esq.
Alexander Truitt, Esq.
Rena Andoh, Esq.
Lai L. Yip, Esq.
Kazim A. Naqvi, Esq.
Robert J. Fluskey, Jr., Esq.
Melissa N. Subjeck, Esq.