# EXHIBIT  I

**Kelley M. Storey**
Direct Dial: +1 (202) 637-2317
kelley.storey@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: +1.650.328.4600 Fax: +1.650.463.2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

June 1, 2022

VIA E-MAIL

Kazim Naqvi
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
knaqvi@sheppardmullin.com

Re:    *Moog Inc. v. Skyryse, Inc., et al.*, No. 1:22-cv-00187 (W.D.N.Y.)

Dear Kazim:

We write in response to your May 23 letter. We generally agree that with respect to each document request addressed in your letter, the parties have not reached an impasse or dispute necessitating motion practice. On a number of occasions, you have characterized Skyryse's positions, and to the extent your descriptions attempt to broaden the scope of any discovery requests or impose additional obligations on Skyryse, we disagree. But we confirm that Skyryse is collecting and intends to produce documents responsive to Moog's request nos. 1-11, subject to Skyryse's objections.

We are compelled to reiterate, however, Skyryse's objection to Moog's repeated refusal to identify its trade secrets with any particularity, as required for example, by Skyryse's Interrogatory No. 1. This would greatly enhance the efficiency of discovery by all of the parties to this action, by making clear what Moog believes are the trade secrets that are actually at issue in this case. As we have discussed, Moog knows what its alleged trade secrets are, and Moog is uniquely situated to provide information that would help all parties focus their efforts on finding information that is relevant to the actual trade secrets at issue. Each day Moog refuses to provide this basic information impedes the parties' discover efforts further.

We address each request in turn below.

**RFP No. 1: All Documents and Communications related to Skyryse's access, use, or disclosure of any Moog Confidential Information, including but not limited to any Moog Confidential Information that was copied by Kim or Pilkington prior to becoming employed by Skyryse.**

Subject to its objections, Skyryse is searching for and intends to produce non-privileged, responsive documents in its possession, custody, or control that can be reasonably located and made available upon a diligent search. We agree the parties are not at an impasse.

LATHAM&WATKINSLLP

**RFP No. 2: A complete forensic image of all electronic devices Kim and Pilkington have used in the course of working at Skyryse, including but not limited to desktop computers, laptop computers, cell phones, mobile devices, tablet devices, USB devices, or external hard drives.**

Subject to its objections, Skyryse has searched for and produced non-privileged, responsive documents in its possession, custody, or control that can be reasonably located and made available upon a diligent search. Skyryse does not have possession, custody, or control over employees' personal devices that Skyryse did not issue. We agree the parties are not at an impasse at this point, and to the extent you intend to "seek intervention [that] will not be specific to this RFP" at some later date, we expect Moog first to meet and confer with us about any specific disputes so we can attempt in good faith to resolve them.

**RFP No. 3: All Documents and Communications showing the tasks performed and job responsibilities of Kim and Pilkington while working at Skyryse.**

Subject to Skyryse's objections, and as we discussed in our call, Skyryse is searching for and intends to produce non-privileged, responsive documents in its possession, custody, or control that can be reasonably located and made available upon a diligent search sufficient to summarize or reflect defendants Kim and Pilkington's responsibilities at Skyryse, to the extent they exist. We agree the parties are not at an impasse.

**RFP No. 4: All Documents and Communications between Skyryse and any Former Moog Employee, before such employee began employment at Skyryse, or any current Moog employee.**

These requests relate to communications between Skyryse and former and current Moog employees, many of which are in Moog's possession. As originally drafted, the request is limitless in time frame and virtually limitless in topic and scope. To minimize disputes we are willing to try working with and also applying your proposed time frame starting August 1, 2018. The reference to "any current Moog employee" (which by Moog's own admission could be any of its "workforce of over 13,000" employees) is unreasonable and too broad. Nonetheless, subject to its objections and as we have discussed, Skyryse is searching for and intends to produce non-privileged, responsive documents in its possession, custody, or control that can be reasonably located and made available upon a diligent search. We do not believe the parties are at an impasse at this point.

**RFP No. 5: All Documents and Communications Concerning Moog, including but not limited to: 1) all Documents and Communications between Skyryse, on the one hand, and Kim or Pilkington, on the other hand, Concerning Moog; 2) all Documents and Communications Concerning Moog Confidential Information; or 3) all Documents and Communications Concerning the actual or potential hiring of Moog employees.**

Moog's demand for "all documents" "concerning Moog" with virtually no limitation is objectionable and unreasonable for reasons we have discussed. We appreciate your narrowing of the time frame for at least some aspects of RFP No. 5 to begin January 1, 2020 to present, and we are willing to try working with and also applying that time frame. Subject to its objections, Skyryse is willing to search for and produce documents pertaining to three of the broad topics you raised,

June 1, 2022
Page 3

LATHAM&WATKINSᴸᴸᴾ

i.e., (1) communications "between Skyryse, on the one hand, and Kim or Pilkington, on the other hand, Concerning Moog"; (2) documents "concerning [alleged] Moog Confidential Information"; and (3) documents relating to the hiring of Moog employees in its possession, custody, or control that can be reasonably located and made available upon a diligent search. We do not believe the parties are at an impasse at this point.

**RFP No. 6: All Documents and Communications Concerning the Western Digital Hard Drive, the Samsung Hard Drive, the Buffalo Hard Drive, the Samsung Thumb Drive, Kim's Moog-issued work laptops, or Pilkington's Moog-issued work laptops.**

We appreciate that you agree we are not required to create documents to specifically respond to this request. You stated during our call that this request is seeking overt communications about these devices. Based on this representation, Skyryse is searching for and intends to produce non-privileged, responsive documents maintained in the ordinary course of business in its possession, custody, or control that can be reasonably located and made available upon a diligent search that overtly refer to the Western Digital Hard Drive, the Samsung Hard Drive, the Buffalo Hard Drive, the Samsung Thumb Drive, Kim's Moog-issued work laptops, or Pilkington's Moog-issued work laptops. We do not believe the parties are at an impasse at this point.

**RFP No. 7: All Documents and Communications Concerning the hiring of Pilkington, Kim, or any other Former Moog Employee, including but not limited to all HR files, personnel files, and contracts signed.**

Moog's demand for "all documents and communications concerning the hiring of Pilkington, Kim, or any other Former Moog Employee" is objectionable and unreasonable for reasons we have discussed and would include plainly irrelevant subject matter like benefits elections. Moog represented that it is seeking documents that relate to Kim and Pilkington's and the Former Moog Employees' compensation, incentives, conditions of employment, job requirements, and contracts. Skyryse believes that the documents it has already agreed to produce: offer letters and PIAA agreements, and an employment review for Misook Kim prepared by Alin Pilkington, are responsive to this request. We do not believe we are at an impasse, as we believe the documents we have already agreed to produce contain the information Moog is seeking.

**RFP No. 8: Documents sufficient to show the structure of Skyryse's shared networks, software databases, internal data servers, and the access of Former Moog Employees thereto.**

We appreciate your narrowing of this topic as to "Skyryse's flight control software" only. However, this request is still overly broad, vague, and ambiguous, as "flight control software" is undefined. Skyryse maintains its objections and requests that Moog further narrow this request so that it is focused on documents relevant to the parties' claims and defenses in this action and proportional to the needs of this case. We need to better understand what documents and information Moog seeks with this request, and we request a meet and confer on this topic. We do not believe we are at an impasse.

LATHAM&WATKINS LLP

**RFP No. 9: All Documents and Communications, from January 1, 2021 to present, Concerning the development, testing, or certification of Skyryse's flight control software including, but not limited to, Source Code, software planning Documents, software testing or certification Documents, test equipment and simulations, and software quality control Documents.**

We appreciate your narrowing of this topic to the named examples only, however, this request is still overly broad, vague, and ambiguous, as "flight control software" is undefined. Subject to its objections, Skyryse is willing to produce documents and communications sufficient to show Source Code and software planning Documents, to the extent we understand those requests. We need to better understand what documents and information Moog seeks with its request for "software testing or certification Documents, test equipment and simulations, and software quality control Documents," and we request a meet and confer on this topic. We do not believe we are at an impasse.

**RFP No. 10: All deletion logs and versioning logs from Skyryse's software versioning and revision control systems, test tools, and software function names used in connection with its flight control software.**

We appreciate your narrowing of this topic as to "Skyryse's flight control software" only. However, this request is still overly broad, vague, and ambiguous, as "flight control software" is undefined. Skyryse maintains its objections and requests that Moog further narrow this request so that it is focused on documents relevant to the parties' claims and defenses in this action and proportional to the needs of this case. We need to better understand what documents and information Moog seeks with this request, specifically whether Moog is requesting "deletion logs and versioning logs" for each of the "software versioning and revision control systems, test tools, and software function names," or if Moog is requesting "deletion logs and versioning logs from Skyryse's software versioning and revision control systems" and *separately* "test tools" and "software function names." We request a meet and confer on this topic. We do not believe we are at an impasse.

**RFP No. 11: All Documents and Communications between Skyryse and any third party, including actual or prospective investors, Concerning Moog.**

We appreciate your narrowing of this request to the time frame beginning January 1, 2018. Subject to its objections, Skyryse is searching for and intends to produce non-privileged, responsive documents in its possession, custody, or control that can be reasonably located and made available upon a diligent search. We do not believe we are at an impasse.

We are available to meet and confer June 2nd before 12pm PST or June 3rd before 2pm PST. Please confirm your availability.

**June 1, 2022**
**Page 5**

LATHAM&WATKINS LLP

Very truly yours,

Kelley M. Storey

cc:     All counsel of record