# Exhibit C

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
310.228.3700 main
www.sheppardmullin.com

424.288.3700 direct
knaqvi@sheppardmullin.com
File Number:  02HL-350124

May 27, 2022

**VIA E-MAIL ONLY**

Douglas E. Lumish                    Doug.lumish@lw.com
Gabriel S. Gross                     Gabe.gross@lw.com
Joseph H. Lee                        Joseph.Lee@lw.com
Cassandra Baloga                     Cassandra.Baloga@lw.com
Kelley Storey                        Kelley.Storey@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, California 94025

    Re:   *Moog Inc. v. Skyryse, Inc., et al.*
        U.S. District Court, Western District of New York – Case No. 1:22-cv-00187
        <u>May 20, 2022 Meet and Confer Re: Moog's Requests for Production</u>

Dear Counsel:

This letter responds to Skyryse's May 26, 2022 letter (the "Letter") regarding purported issues with Moog's written discovery responses served on April 13. At your request, we have offered times to meet and confer next week, but this letter provides our positions to each of the issues addressed in the Letter so that we can have a more productive conversation next week.

**<u>Moog's Document Production</u>**

The Letter claims that Moog's document production is "deficient" because it has not yet produced documents in response to Skyryse's RFPs. There is no deficiency. The Court has not yet set a deadline for the Parties to complete the production of documents in response to expedited written discovery requests. Moog will produce non-privileged documents in accordance with its compliance statements in response to Skyryse's RFPs within the schedule and deadlines to be set by the Court.

**<u>Moog's Identification of Trade Secrets</u>**

The Letter devotes three single-spaced pages to arguing that Moog has not identified its trade secrets with sufficient particularity. We have addressed this issue with you and the Court several times, including in our April 7 letter to the Court and our April 19 meet and confer letter. We stand by our positions set forth therein. Indeed, Judge McCarthy's May 25 e-mail to the Parties poignantly noted: "how can [Moog] be expected to [identify its trade secrets] now, when it does not yet know the full extent of what was taken?" No further identification or supplementation beyond the substantial amount of information provided by Moog to Skyryse is required now.

**Sheppard**Mullin

Douglas E. Lumish
Gabriel S. Gross
May 27, 2022
Page 2

## Moog's Use of Rule 33(d)

The Letter claims that Moog's reliance on Rule 33(d) in its interrogatory responses is improper because it has "failed to identify any documents as required by the Rule." While we disagree with this argument, when Moog makes its document production in advance of the deadline to be set by the Court, it is prepared to identify by bates label the documents that are responsive to each particular interrogatory where Rule 33(d) has been invoked.  We understand this will moot any issue Skyryse has with respect to this issue.

Very truly yours,

Kazim Naqvi
for SHEPPARD MULLIN RICHTER & HAMPTON LLP


SMRH:4879-3771-4978.1

cc:     Anthony D. Green, Esq.
        Alexander Truitt, Esq.
        Rena Andoh, Esq.
        Travis Anderson, Esq.
        Lai L. Yip, Esq.
        Robert J. Fluskey, Jr., Esq.
        Melissa N. Subjeck, Esq.