# Exhibit 1

# Exhibit 1

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Kate Dominguez
Direct: +1 212.351.2338
Fax: +1 212.716.0839
KDominguez@gibsondunn.com

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

May 4, 2022

VIA E-MAIL

Rena Andoh
Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112

Re:  *Moog, Inc. v. Skyryse, Inc. et al.*, No. 22-cv-187 (W.D.N.Y.)

Counsel:

We write in response to your April 27, 2022 letter regarding Skyryse's ongoing investigation and disclosures and your April 29, 2022 letter regarding a former Moog employee's purported retention of a Moog-issued thumb drive following his departure from Moog.  As we indicated to you in our conversations and to the court at the April 26 conference, we are continuing to investigate the issues we have identified and will continue to provide you with information as the investigation develops.  Because our investigation is ongoing, we do not have answers to each of the questions posed in your April 27 letter, and the answers provided at this stage may be subject to change.  We nonetheless endeavor to respond below to your inquiries without waiver to any arguments or defenses we may make in the course of the litigation.  We take these issues extremely seriously.

**Moog's Understanding of Skyryse's Disclosures to Date**

We correct below certain inaccuracies in your articulated understanding of our communications to date.

*Location of Moog Data.*  Moog says its understanding is that Moog data has been located in part on "Skyryse's networks," which it understands to consist of "computers and other devices issued to employees (such as smartphones and external hard drives), as well as Skyryse servers that contain documents and data."  To clarify, Skyryse does not issue smartphones to its employees.  And based on Skyryse's investigation to date, Skyryse has not found Moog data across each of the purported components of its "networks" identified by Moog.  Skyryse found information that is ostensibly or potentially non-public Moog information in its Google Drive document repository and in the email accounts of certain

**GIBSON DUNN**

May 4, 2022
Page 2

employees.[1] The ostensibly non-public Moog documents uncovered as of April 29, 2022 were produced, either to Moog or to iDS. See 4/29/2022 Ltr. from K. Dominguez to R. Andoh. As stated in the letter accompanying that production, this material includes documents that appear to contain information Moog voluntarily provided pursuant to the parties' 2018 and 2019 Proprietary Information and Nondisclosure Agreements (the "NDAs") and which has been lawfully maintained. To the extent Skyryse uncovers additional ostensibly or potentially non-public Moog information in Skyryse's possession, Skyryse will produce it to Moog or to iDS.

*Search Terms.* Moog evidently has the misimpression Skyryse ran the search term "Moog" with no wildcard. That is not correct. Skyryse ran its searches for "Moog" with a wildcard.

*Nature of Moog Information Discovered.* Moog states that it understands the "discovered Moog data 'primarily relates' to Pilkington and Kim and the projects they worked on." To clarify, Skyryse does not include, for purposes of this statement, any information provided by Moog pursuant to the parties' NDAs and lawfully maintained by Skyryse in accordance with the terms of those NDAs. As to other potential Moog non-public information uncovered by our investigation to date, so far it appears Moog information may have been accessed on Skyryse-issued laptops primarily via: (1) personal USB devices held by Alin Pilkington or Misook Kim that we believe contained Moog information and which were inserted into the Skyryse-issued laptops of certain other Skyryse employees, (2) network resources to which Mr. Pilkington evidently uploaded certain files, which Moog may claim as its own, or which may reflect information Moog claims as its own, and (3) Mr. Pilkington's and Ms. Kim's accessing of what may be Moog files stored on their personal USB devices.[2]

Based on our investigation to date, there appear to be some other instances of other employees storing in their Skyryse-issued laptops or email accounts Moog information that is unconnected to Mr. Pilkington or Ms. Kim, but we understand these instances to be the minority of Moog-related activity. ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████ (produced at SKY_00000887; SKY_00000888).

---

[1] Skyryse also found potentially non-public Moog information on laptops issued by Skyryse to certain former Moog employees, the files of which were produced to iDiscovery Solutions ("iDS"). See 4/29/2022 Ltr. from K. Dominguez to R. Andoh.

[2] In its investigation to date, Skyryse has not found the USB devices used by Mr. Pilkington and Ms. Kim. Based on the index of devices circulated by iDS after delivery of Mr. Pilkington and Ms. Kim's devices, Skyryse believes that the USB devices referenced in this paragraph may be in the possession of iDS.

May 4, 2022
Page 3

Our investigation is continuing and if the facts develop such that this understanding changes, we will update our disclosures.

***Pilkington's Skyryse-Issued Laptops.***  Moog says Alin Pilkington's Skyryse-issued laptop that had multiple hits against the Moog File Name and Hash Value Lists was not produced to iDS.  As we previously explained, Moog's File Name and Hash Value Lists are substantially overbroad, and include public and/or third-party data, including common system and known computer file profiles (including as identified by the National Institute of Standards and Technology).  Regardless, the laptop Moog references has now been produced to iDS.  *See* 4/29/2022 Ltr. from K. Dominguez to R. Andoh.  Skyryse also delivered to iDS a second laptop used by Mr. Pilkington while at Skyryse.  *Id.*

## Moog's Additional Questions Regarding Skyryse's Investigations, Disclosures, and Remediation Efforts

Moog's letter asks questions about three topics concerning Skyryse's investigation and disclosures:  (1) potential Moog data in Skyryse's possession; (2) potential deletion of evidence;[3] and (3) termination and administrative leave of Skyryse employees.  As you know, we are working diligently to complete our investigation.  That investigation is ongoing, and therefore we have endeavored to answer below the questions we are currently in a position to answer based on the progress of the investigation to date. We will continue to provide information to Moog as our investigation unfolds.  The information provided below is without waiver of any applicable privilege, including attorney-client and work product privileges.

### 1.     Ostensibly or Potentially Non-Public Moog Data in Skyryse's Possession

Moog asks several questions about the devices Skyryse searched, how Skyryse searched those devices, the results of Skyryse's searches, and the nature of any non-public Moog information Skyryse uncovered.  Skyryse's review of the results of its searches remains ongoing, and therefore Skyryse has provided answers to Moog's questions based on the progress of its investigation to date.

***Imaged Device Information.***  Moog requested details for each of the Skyryse-issued devices Skyryse imaged, including serial number, the employee to whom the device belonged, and the date on which the device was imaged.  This information is provided in Exhibit 2. Skyryse imaged 37 Skyryse-issued laptops, including the laptops Skyryse issued to each

---

[3] Moog characterizes Skyryse's disclosures as "spoliation," but much of what Skyryse has uncovered to date implicates locally saved files of which copies remain preserved.

**GIBSON DUNN**

May 4, 2022
Page 4

employee who formerly worked at Moog, each of the employees who reported directly to Alin Pilkington before he was terminated, and Skyryse executives. Skyryse also imaged a desktop hard drive (identified in Exhibit 2 as "Lab" and referred to herein as "Lab Desktop"), which was used primarily by certification, testing, and software teams. The Lab Desktop hard drive was previously located at Skyryse's El Segundo office and is now at a separate Skyryse testing facility.

*Searches.* Skyryse ran numerous searches of the Moog Filename and Hash Value Lists, the term "moog" (with wildcard added) and the 32 search terms provided by Moog's counsel (the "Moog Search Terms") across devices.[4] Specifically, as of the date of this letter, Skyryse has run searches of:

- The Moog Filename and Hash Value Lists against Skyryse's Google Drive document repository;

- The Moog Filename and Hash Value Lists against Skyryse-issued laptops of 20 employees (Skyryse is presently running the same search against the Skyryse-issued laptops of 13 additional Skyryse employees);

- The Moog Filename and Hash Value Lists against a Skyryse desktop hard-drive;

- The Moog Filename and Hash Value Lists against the Skyryse email accounts of 9 Skyryse employees;

- The term "Moog" (with wildcard) against the Skyryse email accounts of 9 Skyryse employees (Skyryse is presently running the same search against the Skyryse email accounts of 24 additional employees);

- The term "Moog" (with wildcard) against the Skyryse-issued laptops of 33 Skyryse employees;

- The term "Moog" (with wildcard) against Skyryse's Gitlab code repository;

- The term "Moog" (with wildcard) against the 11,093 files from the Pilkington Skyryse-issued laptop that Skyryse previously produced to iDS;

---

[4] Although Skyryse ran searches of the 32 Moog Search Terms, as set forth above, Skyryse's reviews of those searches have excluded hits for the term "Platform," given the term's overbreadth and mishits.

May 4, 2022
Page 5

- The Moog Search Terms against the Skyryse email accounts of 9 Skyryse employees (and Skyryse is presently running the same search against the Skyryse email accounts of 24 additional Skyryse employees);

- The Moog Search Terms against Skyryse's Google Drive document repository;

- The Moog Search Terms against Skyryse's Gitlab code repository; and

- The Moog Search Terms against the Skyryse-issued laptops of 33 Skyryse employees (totaling 37 laptops).

Skyryse is still in the process of reviewing hits resulting from these searches and will continue to produce any information responsive to the March 11 Order to Moog or iDS.

***Identification of Moog Information.*** The ostensibly or potentially non-public Moog information Skyryse uncovered to date from the above-referenced searches was produced to Moog on April 29. Included in that production was the non-public Moog information that Moog voluntarily provided to Skyryse pursuant to the parties' NDAs. *See* Compl. Exs. C & D (Dkts. 1-3, 1-4). ███████████████████████████████████████ *See id.* Exs. C (10/24/2018 NDA ¶ 5) & D (3/15/2019 NDA ¶ 4). Because the NDAs have not expired and have not been terminated, any possession by Skyryse of non-public Moog information acquired through the NDAs is lawful and in compliance with the plain terms of the NDAs.

***Non-Human-Readable Files.*** Based on its review to date, Skyryse identified non-human-readable files that may (but do not necessarily) include Moog non-public information and may also reflect Skyryse information. Out of an abundance of caution, and because we cannot rule out that the files *may* contain Moog information, Skyryse's April 29 production to iDS included a USB drive containing 568 such files.

The 568 non-human-readable files are a subset of the files resulting from a search of the Moog Filename and Hash Value Lists against the Skyryse Google Drive Repository and the Skyryse-issued laptops of three Skyryse employees. That search generated hundreds of "hits" that definitively do not reflect Moog's non-public information including, for example, third-party system-generated files, Google Drive metadata files, and Time Zone files. These irrelevant files were not delivered to iDS. As Skyryse previously explained, that the Moog Filename and Hash Value Lists include public and third-party application file data continues to exacerbate the duration, difficulty, and expense associated with Skyryse's investigation.

**GIBSON DUNN**

May 4, 2022
Page 6

***Search for "Moog*" on Pilkington Laptop.*** Moog requested information about the results of Skyryse's search of the "Moog" (with wildcard) term against the files from Pilkington's Skyryse-issued laptop that Skyryse previously produced to iDS. The search resulted in 103 hits. The filenames of those 103 hits are provided in Exhibit 1.

### 2. Preservation of Evidence and Analysis of Deletions

***Preservation of Network Resources.*** Based on our investigation to date, Skyryse's email and network-based files (*i.e.*, Skyryse's "Google Drive" files and Gitlab repository) are subject to daily back-ups with no automatic deletion system in place. As such, we are not aware of any email or network-drive files that have been lost.

***Ongoing Analysis of Local Machines***. Skyryse is in the process of analyzing 37 Skyryse-issued laptops (some with Windows and some with Mac operating systems) and the hard drive of the Lab Desktop computer. The images include over 30 million files—representing more than 7.5 terabytes of data—across all devices, making the processing and analysis of information extraordinarily labor-intensive. Skyryse is working with FTI Consulting Inc. ("FTI") to assess the current and historic locations of documents (including in the recycle bin or trash), whether documents have been removed from a device, whether they are restorable, and whether they appear to be relevant to the litigation. Although some employees appear to have deleted information from local computer drives after the litigation commenced, we are still evaluating the extent to which the deleted files relate to this matter and whether relevant files are recoverable or are preserved elsewhere on Skyryse's network and devices. We expect to be able to provide information on a rolling basis.

Skyryse has also undertaken an investigation into the device connection history of the imaged Skyryse-issued devices. As discussed above, based on our investigation to date, it appears that Moog information may have been accessed on Skyryse-issued laptops via personal USB devices held by Alin Pilkington or Misook Kim.

The below table reflects connection to SanDisk Cruzer devices that, based on the index prepared by iDS and shared with the parties, may have been delivered to iDS by individual defendants Misook Kim and Alin Pilkington.

**GIBSON DUNN**

May 4, 2022
Page 7

| Host Serial | Last Disconnected (UTC) | Volume Name | VSN |
|---|---|---|---|
| FM1W5J3 | 2/25/22 12:07 AM | MISOOK | |
| FM1W5J3 | 2/13/22 6:52 PM | D:\ | |
| FM1W5J3 | 2/25/22 11:54 PM | CRUZER | |
| J54MD5K | 2/13/22 7:21 PM | NO NAME | 55D28D65 |
| J54MD5K | 2/18/22 2:32 AM | | 80FC319F |
| J54MD5K | 3/31/22 6:33 PM | D:\; Misook | EC979D10 |
| HSYLDK3 | | D:\ | 55D28D65 |
| C1DD6J3 | 2/14/22 5:49 PM | NO NAME | 55D28D65 |
| C1DD6J3 | 3/24/22 6:30 PM | E:\; Misook | EC979D10 |
| 174LDK3 | 2/20/22 4:27 PM | NO NAME | 55D28D65 |
| JGNV5J3 | 2/13/22 8:04 PM | NO NAME | 55D28D65 |
| 684LDK3 | 3/4/22 4:11 PM | MISOOK | 80FC319F |
| 684LDK3 | 2/13/22 6:32 PM | D:\ | 55D28D65 |
| 684LDK3 | 2/28/22 10:43 PM | D:\; Misook | EC979D10 |
| 4S8LDK3 | 2/14/22 5:39 PM | NO NAME | 55D28D65 |
| CXGD6J3 | | D:\ | 55D28D65 |
| CXQV5J3 | 2/14/22 10:28 PM | D:\ | 55D28D65 |
| CRGD6J3 | | D:\ | 55D28D65 |
| 80RMDK3 | 2/13/22 8:14 PM | NO NAME | 55D28D65 |

The above-listed SanDisk Cruzer devices are not in the possession of Skyryse, based on our investigation to date, and Skyryse does not know the universe of documents or information contained on those devices. Skyryse's investigation into the interactions between Skyryse employees and the SanDisk Cruzer devices is ongoing.

*Litigation Hold.* Skyryse issued a litigation hold notice on March 9, 2022 to the below-listed employees. Skyryse issued another litigation hold notice on April 21, 2022 to all employees.

| | | |
|---|---|---|
| Mark Groden | David Tearse | Chris Smith |
| Deb Morisie | Derek Shiells | Chris Cole |
| Ray Wang | Danny Stillion | Andre Michelin |
| Gonzalo Rey | Liisa Bishop | Deniz Karakas |
| Tim Baptist | Nigel Cranwell | Jeff Becker |

**GIBSON DUNN**

May 4, 2022
Page 8

| | | |
|---|---|---|
| Devon Richardson | Victor Nicholas | Santiago Correa-Mejia |
| Ian Young | Eric Chung | Alex Wang |
| Bill Fischer | Lawrence Chow | John Stafford |
| Alin Pilkington | Reid Raithel | Alan Lee |
| Misook Kim | Mario Brenes | Dan Gunderson |
| Sathya Achar | Cynthia Le | Paul Kapuan |
| | Tri Dao | |

3.   **Termination and Administrative Leave**

*Termination of Employment.* ███

*Administrative Leave.* Skyryse acted in abundance of caution in placing employees on leave while its investigation is ongoing—including employees who appear to have done nothing wrong. In total, fifteen employees had been placed on administrative leave as of the April 26, 2022 court conference. As to each of the employees who were placed on leave, Skyryse is investigating whether documents were not preserved that should have been (including because they were subject to the litigation hold), whether documents are recoverable or otherwise available, and whether the employees had non-public Moog information that they are not otherwise permitted to have in their possession (for example, pursuant to the NDA between Skyryse and Moog). Since beginning this process, ███

While on administrative leave, employees are not permitted access to Skyryse's premises, devices, or networks. Administrative leave does not mean that employees on leave have been terminated or suspended, nor are they prevented from communicating with the company or others. We will continue to keep Moog informed and identify employees as they are brought back to work.

*Imaging of Devices.* The Skyryse-issued devices of each of the Skyryse employees placed on administrative leave have been collected and imaged. To the extent employees used personal external storage devices, personal laptops, or personal tablets in the course of their work for Skyryse, those devices are not in the possession, custody, or control of Skyryse.

May 4, 2022
Page 9

**Moog's April 29, 2022 Letter Regarding ▇▇▇▇▇▇ Moog-Issued Device**

By letter on April 29, 2022, Moog wrote regarding a device Moog issued to ▇▇ (a former Moog employee and current Skyryse employee) while he was employed by Moog. Moog advised that it did not collect this Moog-issued thumb drive prior to ▇▇▇▇▇ departure. To the extent that Moog permitted employees to retain Moog-issued or personal devices containing Moog information (as Moog alleges is the case with Ms. Kim and Mr. Pilkington) after their departure from Moog, this raises serious questions about whether Moog undertook reasonable efforts to keep its information secret, and whether there have been waivers of confidentiality. We are nonetheless doing everything we can to identify Moog information on Skyryse's network and devices and return it.

As it relates to the device Moog issued to ▇▇▇▇▇▇ and apparently permitted him to retain, the device is not in Skyryse's possession, custody, or control. Skyryse will not demand that a Skyryse employee provide Skyryse with any Moog devices in the individual's private possession. We think it more appropriate for Moog's HR function to reach out to ▇▇ directly about his Moog-issued device. We trust that the outreach will ask for the return of the device and will not inquire about or make reference in any way to this litigation, as litigation-related communications must continue to go through counsel. Upon receipt of the device, if Moog encounters Skyryse information (and we would not anticipate that it will), please notify us, treat the Skyryse information as highly-confidential attorneys' eyes only pursuant to the protective order, and promptly return any Skyryse information.

**Skyryse's Prior Representations**

Skyryse has always believed in the truth of its representations as of the date made. Of course, Skyryse's investigation has been ongoing and, as a result, new information has come to light. As a result, certain statements made in letters to Moog (later attached or referenced in submissions to the court) require clarification and correction.

***Discovery Responses.*** Moog asks for a date certain by which Skyryse will provide supplemental discovery responses and identification of the specific discovery requests Skyryse will supplement. Skyryse is working to supplement its discovery responses as expeditiously possible, as it continues its investigation, and intends to supplement its responses to Interrogatories 2-10 and Requests for Admission 1-3. As Skyryse's responses to many of Moog's Requests for Production made clear, Skyryse is prepared to meet and confer regarding those Requests.

***12(b)(6) Motion to Dismiss.*** Skyryse withdrew its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, in light of additional information Skyryse

**GIBSON DUNN**

May 4, 2022
Page 10

learned during its investigation after the Motion was filed.  ECF No. 79.  Moog maintains that Skyryse must do more because Kim and Pilkington purportedly filed a joinder to that Motion.  We are not, however, aware of any filed joinder to Skyryse's Rule 12(b)(6) Motion.  The Motion has been properly withdrawn and is no longer before the Court.

*Motion to Change Venue.*  Skyryse's ongoing investigation has no bearing on its requested relief in its Motion to Dismiss for Lack of Jurisdiction and/or Improper Venue—the Western District of New York lacks personal jurisdiction over Skyryse, is an improper venue, and this case should be transferred to California.  Nonetheless, in light of the information that has come to light since that motion was filed and certain references it contains to Skyryse's withdrawn 12(b)(6) motion or the arguments therein, out of an abundance of caution, Skyryse will file an amended Motion to Dismiss for Lack of Jurisdiction and/or Improper Venue.

*Skyryse Letters to Counsel.*  The following statements were accurate on the dates they were made, but would require further clarification if they had been made today—given information uncovered during our investigation to date.  We do not believe any corrective action is required given that the statements were accurate when made and in light of our later updates to you and the Court:

- On April 1, 2022, Skyryse said in a letter to counsel that "Skyryse has *not* determined that" the 11,093 filename and hash value hits on the Pilkington Laptop "or any other files in Skyryse's possession contain *any* non-public information belonging to Moog."

- On April 6, 2022, Skyryse said in a letter to counsel that "no non-public information of Moog's was positively identified in Skyryse's possession, custody, or control."

- On April 6, 2022, Skyryse said in a letter to counsel that "Skyryse uncovered no evidence that Moog's non-public information was transmitted from Ms. Kim's or Mr. Pilkington's Skyryse-issued laptop to the Skyryse network, other employees, or other Skyryse-issued devices," and Skyryse found no Moog files on its network drives.

Further, upon learning of this litigation, Skyryse collected the Skyryse-issued laptops Mr. Pilkington and Ms. Kim were using at the time and issued a litigation hold notice.  Skyryse subsequently represented in a letter to counsel on April 6, 2022, that Skyryse, vis-à-vis each of its employees, "preserved and continues to preserve evidence."  We have since learned that despite Skyryse's reasonable steps to preserve evidence, including issuing a document retention notice promptly after learning of the lawsuit, certain Skyryse employees may not have adequately preserved all potentially relevant information on their Skyryse-issued devices.

**GIBSON DUNN**

May 4, 2022
Page 11

Skyryse's investigation into this issue is ongoing, and Skyryse is committed to providing Moog and the Court complete and accurate disclosures about any seemingly relevant evidence that is not recoverable.

**Outstanding Issues Before Judge McCarthy**

Moog's Letter requests an update on Skyryse's positions regarding (i) the AEO provision in Moog's proposed stipulated protective order, and (ii) Moog's proposed forensic inspection protocol, both of which the parties last addressed in April 19 letters to the Court.

***Proposed Protective Order.*** As we noted in our May 3, 2022 email, we reviewed Moog's proposed protective order attached as Exhibit A to your May 2, 2022 letter. Until such time as the Court rules on the parties' disputes over the protective order, Skyryse will agree to treat any information produced as designated pursuant to this version of the protective order and will abide by the restrictions in that version of the protective order, to permit the expeditious exchange of discovery, including related to issues raised with the Court on April 26, 2022.

Skyryse is not abandoning its asserted positions with respect to the pending disputes over the protective order. Skyryse preserves its objections to the protective order—specifically, its position regarding the Attorneys-Eyes-Only provision—and reserves its right to propose further amendments to the protective order to permit authors or recipients of documents designated attorneys' eyes only to view such documents in connection with the litigation.

***Proposed Forensics Protocol.*** Moog stands on its proposed forensic inspection protocol, maintaining it is necessary and appropriate in this case. Skyryse disagrees. For the reasons explained in Skyryse's April 19 letter to the Court, Moog's proposed forensic inspection protocol is overbroad and unprecedented. Moog's concerns about preservation do not justify the type of unfettered access Moog seeks to Skyryse information having nothing to do with this case. Skyryse is nonetheless willing to further meet and confer with Moog about the parties' forensic inspection protocols to see if there is a middle ground to be reached.

\* \* \*

GIBSON DUNN

May 4, 2022
Page 12

      We are continuing our investigation into these matters and will continue to update you as we uncover additional information. We appreciate your continued engagement with us on these issues, and will make ourselves available to discuss further as needed.

Sincerely,

Kate Dominguez

**GIBSON DUNN**

May 4, 2022
Page 13

## Exhibit 1




**GIBSON DUNN**

May 4, 2022
Page 14

| # | File Name |
|---|---|
| ■ | ███████████ |
| ■ | ███████ |
| ■ | █████████ |
| ■ | ███████ |
| ■ | ████████ |
| ■ | █████████ |
| ■ | █████████ |
| ■ | █████████ |
| ■ | █████ |
| ■ | █████ |
| ■ | █████ |
| ■ | █████ |
| ■ | ██████ |
| ■ | █████ |
| ■ | █████ |
| ■ | ██████ |
| ■ | ███████ |
| ■ | ████████ |



| # | File Name |
|---|---|
| ■ | █████████████ |
| ■ | █████████████ |
| ■ | ██████ |
| ■ | ███████ |
| ■ | ████████ |
| ■ | ████████ |
| ■ | ████████ |
| ■ | ███████ |
| ■ | ██████████ |
| ■ | █████████ |
| ■ | ████████ |
| ■ | ████████ |
| ■ | ████████ |
| ■ | █ |
| ■ | █████ |
| ■ | ██████ |
| ■ | ██ |

**GIBSON DUNN**

May 4, 2022
Page 15



# GIBSON DUNN

May 4, 2022
Page 16

**Exhibit 2**

| Custodian | Image Date | Host | Host Model | Host Serial |
|---|---|---|---|---|
| ███ | 4/8/2022 | Dell | Latitude 9520 | FM1W5J3 |
| | 4/8/2022 | Apple | MacBook Pro | LN42HQ00L2 |
| | 4/8/2022 | Dell | Latitude 9520 | J54MD5K |
| | 4/22/2022 | Dell | Latitude 9520 | EX: 14062789155 |
| ███ | 4/8/2022 | Apple | MacBook Pro A2485 | N0JY9W690Q |
| ███ | 4/8/2022 | Dell | Dell Latitude 9520 | HSYLDK3 |
| ███ | 4/8/2022 | Dell | Latitude 9520 | C1DD6J3 |
| ███ | 4/8/2022 | Dell | Latitude 9520 | 174LDK3 |
| | 4/8/2022 | Apple | MacBook Pro | C02FC4E3Q05N |
| ███ | 4/8/2022 | Apple | MacBook Pro A2485 | LN42HQ00L2 |
| ███ | 4/8/2022 | Dell | Latitude 9520 | JGNV5J3 |
| ███ | 4/8/2022 | Apple | MacBook Pro A2442 | Y7FW5H2M9Y |
| ███ | 4/8/2022 | Alienware | m15 R4 | 3F1S0J3 |
| ███ | 4/22/2022 | Apple | MacBook Pro A2442 | R3WX7279HL |
| ███ | 4/8/2022 | Dell | Precision 7760 | HG7LFK3 |
| ███ | 4/8/2022 | Dell | Latitude 9520 | 2PCV5J3 |
| ███ | 4/22/2022 | Apple | MacBook Pro A2442 | X67377RDF4 |
| ███ | 4/8/2022 | Apple | MacBook Pro | J5459YRLHF |
| Kim, Misook | 3/18/2022 | Dell | Latitude 9520 | 684LDK3 |
| Lab | 4/8/2022 | Custom Build | Custom Build | Custom Build |
| ███ | 4/8/2022 | Dell | Latitude 9520 | 4S8LDK3 |
| | 4/8/2022 | Dell | Latitude 9520 | CXGD6J3 |

**GIBSON DUNN**

May 4, 2022
Page 17

| Custodian | Image Date | Host | Host Model | Host Serial |
|---|---|---|---|---|
| ███ | 4/22/2022 | Dell | Precision 5560 | 20048698191 |
| ███ | 4/22/2022 | Apple | MacBook Pro | C02W90UGHTD5 |
| ███ | 4/22/2022 | Apple | MacBook Pro A2442 | FH4P4KQ0W7 |
| ███ | 4/8/2022 | Apple | MacBook Pro | KHQJV02D4J |
| Pilkington, Alin | 3/18/2022 | Dell | Latitude 9520 | CXQV5J3 |
| Pilkington, Alin | 4/22/2022 | Apple | MacBook Pro | J09VPJ6WDF |
| ███ | 4/8/2022 | Apple | MacBook Pro | V5Q9VVH0X3 |
| ███ | 4/22/2022 | Apple | MacBook Pro A2485 | JWFX6K99FR |
| ███ | 4/8/2022 | Apple | MacBook Pro | CN7M3W3XDC |
| ███ | 4/23/2022 | Apple | MacBook Pro | DMFL994F25 |
| ███ | 4/8/2022 | Dell | Latitude 9520 | CRGD6J3 |
| ███ | 4/22/2022 | Apple | MacBook Pro | LWM9TC9M2M |
| ███ | 4/22/2022 | Apple | MacBook Pro A2485 | PWM9NT2FF4 |
| ███ | 4/6/2022 | Dell | Latitude 9520 | 80RMDK3 |
| ███ | 4/22/2022 | Dell | Latitude 9520 | EX: 6333605823 |
| ███ | 4/23/2022 | Apple | MacBook Pro | F1Q929M2RF |