# EXHIBIT A

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
www.sheppardmullin.com

212.634.3092 direct
randoh@sheppardmullin.com
File Number: 02HL-350124

June 16, 2022

**SUBMITTED VIA E-MAIL**

Hon. Jeremiah J. McCarthy         mccarthy@nywd.uscourts.gov
Deputy Clerk: Eric Glynn
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

Re:   *Moog Inc. v. Skyryse, Inc., et al.*
      U.S. District Court, Western District of New York – Case No. 1:22-cv-00187

Dear Honorable Judge McCarthy:

We have reviewed Skyryse's Opposition to Moog's Motion to Compel filed on Tuesday night (ECF 156). While Skyryse's Opposition addresses certain of the issues and requested relief set forth in Moog's Motion to Compel filed on June 8 (ECF 142), there are several issues that remain outstanding and unresolved. In preparation for today's conference with Your Honor, below is a list of issues that remain unresolved and for which Moog requests immediate relief.

1. Skyryse's supplemental interrogatory responses served on Tuesday night did not include a verification as required under Rule 33(b)(3). Moog respectfully requests that the Court order Skyryse to provide a verification on or before Monday, June 20. In connection with this, Moog notes its understanding that the verifier of Skyryse's original interrogatory responses, Gonzalo Rey, had previously been placed on administrative leave by Skyryse. Skyryse has not disclosed Mr. Rey's current employment status.

2. In a May 4 Letter (ECF 142-5 at p. 9) and in other e-mail and oral correspondence with the Court and Moog, Skyryse's prior counsel committed to supplementing its responses to Moog's Interrogatories Nos. 2-10 and RFAs Nos. 1-3. However, in its supplemental responses served Tuesday night, Skyryse's new counsel did not supplement whatsoever its responses to Moog's Interrogatories Nos. 6, 7, and 10, or its responses to Moog's RFAs Nos. 2 and 3. Skyryse also copied and pasted the same prior substantive response to Moog's Interrogatory No. 8. Moog respectfully requests that the Court order that Skyryse provide verified supplemental responses to Moog's Interrogatories Nos. 6-8, 10, and RFAs Nos. 2-3, as promised by Skyryse in writing, on or before Monday, June 20.

3. While Skyryse claims in its Opposition that it has "substantially complied" with the March 11 Order, it has not certified that it has completed its turnover obligations under the March 11 Order (i.e., that all Moog non-public information in Skyryse's possession, custody or control has been produced to Moog or iDS). In order for

> the case schedule to stay on track, Moog requires a date certain by which Skyryse will complete its turnover obligations. Moog respectfully requests that the Court order that Skyryse, on or before June 20, turn over to Moog, or iDS (only if the information necessarily contains Skyryse information), all non-public Moog information in its possession, custody or control, and that Skyryse concurrently provide a verification under oath certifying the same.

4. While Moog appreciates that Skyryse has provided information and produced devices and data involved in the deletion of relevant data, Skyryse still has not certified that it has completed its turnover of all devices and data involved in the deletion of potentially relevant data. Moog respectfully requests that the Court order that Skyryse, on or before June 20, produce all devices and data involved in the deletion of potentially relevant information, and that Skyryse concurrently provide a verification under oath that it has turned over all such information.

5. Skyryse claims it is in "substantial compliance with the Stipulated Order's preservation obligations." (ECF 156 at p. 19). Even though its Opposition admits that Skyryse has collected, searched, and examined the contents on multiple employees' personal devices, Skyryse claims it "does not have possession, custody or control of personal devices or repositories owned by its employees." (*Id*. at p. 18). Moreover, Skyryse argues in its opposition that it has no obligation to turn over even the materials it has collected from its employees' personal devices. This is improper. Moog respectfully requests that the Court order Skyryse to turn over all responsive materials from its employees' personal devices used for work purposes on or before June 20, and to the extent that any responsive materials on personal devices used for work purposes cannot be retrieved, identify the employees' whose devices were not properly preserved, collected, and/or searched.

6. Skyryse's Opposition makes evident that it still cannot state that the 11,093 Pilkington files sent to iDS on April 1 and the 568 additional files sent to iDS on April 29 "necessarily contain" Skyryse information, as required under the March 11 Order for such data to be produced to iDS instead of Moog. Moog respectfully requests that, on or before June 20, these two groups of documents be produced by Skyryse directly to Moog.

7. Moog's Motion requested that Skyryse provide verified answers to Moog's unanswered questions in its April 27 letter regarding Skyryse's admitted possession of Moog data and deletion of data. Skyryse's Opposition answered some of those questions. However, the following questions (for which Skyryse indisputably has the answers to) remain unanswered:

    - While Skyryse has identified four employees placed on administrative leave, it has not identified all fifteen such employees, the reason why each employee was placed on administrative leave, or the current status of most

**SheppardMullin**

Honorable Judge McCarthy
June 16, 2022
Page 3

those employees.[1] The current status of each of these employees is critical as Moog may be required to commence third party discovery on such individuals.

- Which of the employees involved in the possession of Moog data or deletion of data worked on defendants' Pilkington and Kim's team.

- A list of the search terms that Skyryse ran in its search for Moog data/non-public information that hit on each Skyryse electronic device (or Skyryse employee personal device), and the number of hits for each term on each device.

- Identification of any Moog non-public information located on Skyryse's systems that does not relate to Pilkington and Kim.

Moog respectfully requests that the Court order Skyryse to answer the foregoing questions in writing and under oath, on or before June 20, 2022.

Further, as stated in Moog's letter to Your Honor on June 13, Moog remains available to discuss its May 24, 2022 letter identifying which filings and transcripts should remain sealed or be unsealed (ECF 126), as well as the Parties' current June 16 deadline to submit written discovery disputes for resolution.

Thank you for your continued time and attention to this matter.


Respectfully Submitted,

Rena Andoh
for SHEPPARD MULLIN RICHTER & HAMPTON LLP


SMRH:4856-6556-4965.2

Cc:     All counsel of record

---

[1] The Opposition identifies the status of four of the fifteen employees – one of whom was fired on June 14, two of whom remain on investigative leave, and one of whom was reinstated on June 14. In prior correspondence, Skyryse had indicated that one other employee had been reinstated. This leaves the status of ten employees unaccounted for, including Mr. Rey, the verifier of Skyryse's initial interrogatory responses.