# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| |
|---|
| MOOG INC., |
|                Plaintiff, |
|    v. |
| SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, |
|                Defendants. |

Case No. 1:22-cv-00187-LVJ-JJM

**SKYRYSE INC.'S RESPONSES AND OBJECTIONS TO MOOG INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Federal Rule of Civil Procedure 34, and the March 17, 2022 Stipulation and

Proposed Order re Expedited Discovery Procedures and Briefing Schedule for Preliminary Injunction

Motion ("Expedited Discovery Order"), Dkt. 33, Defendant Skyryse Inc. ("Skyryse"), by and through

its attorneys, responds and objects to the First Set of Requests for Production of Documents and

Things propounded by Plaintiff Moog Inc. ("Moog" or "Plaintiff"), dated March 21, 2022 (together,

the "Requests," and each a "Request") as follows:

**PRELIMINARY STATEMENT**

1.      Skyryse's investigation and discovery of facts is continuing.  Accordingly, the

following responses are given without prejudice to Skyryse's right to produce evidence of any

subsequently discovered facts.  Skyryse expressly reserves the right to change, modify, amend, or

supplement these responses as additional facts are discovered.  Skyryse reserves the right to introduce

at trial or deposition, or in opposition to any motion or proceeding, any and all facts heretofore or

hereafter produced by the parties in this action or by third parties.  Skyryse's responses are without

prejudice to its right to establish at a later date any additional or contrary facts that may be contained

-1-

within or discovered as a result of any subsequent review of discovery.  Skyryse also reserves the

right to use or rely on, at any time, subsequently discovered information or information omitted from

these Responses and Objections as a result of mistake, error, oversight, or inadvertence.

2.       Skyryse will produce responsive non-privileged documents in accordance with the

Federal Rules of Civil Procedure, the local rules of the Western District of New York, and applicable

law, and subject to in and in accordance with the terms of the Stipulation and Order Re Production of

Information, Data Preservation and Forensic Searches (ECF Nos. 25, 28) ("March 11 Order"); and

any other order entered in or applicable to this action, including but not limited to any protective order

that may be entered into to protect confidential information (including information that is confidential,

proprietary, commercially sensitive, that constitutes a trade secret, or that contains non-public

personal information of any individual.  Consistent with Federal Rule of Civil Procedure 34(b)(2)(B),

Skyryse may produce copies of documents or of electronically stored information ("ESI") instead of

permitting inspection; where no form of production is specified by Skyryse, Skyryse will produce

ESI.

3.       By agreeing to disclose information, Skyryse does not concede the relevance,

proportionality, or materiality of any Request or of the subject to which it refers.  Moreover, nothing

herein shall be construed as an admission by Skyryse regarding the competence, relevance,

materiality, or admissibility of any fact or, except where expressly stated, as an admission of the truth

or relevancy of any characterization or any information sought by the Requests.  Rather, Skyryse

expressly reserves all further objections as to the relevance and admissibility of the information

provided, as well as the right to object to further discovery relating to the subject matter of any

information provided.

4.       By agreeing to disclose information, Skyryse does not concede that jurisdiction and

venue in the Western District of New York are proper, and Skyryse's disclosure of information is not

evidence in any manner as to the appropriateness of the Western District of New York as a forum for this action.  Skyryse expressly preserves any and all challenges to jurisdiction and venue in the Western District of New York.

5.      Skyryse reserves the right to challenge the competency, relevance, materiality, and admissibility of any information produced in response to the Requests at trial in this or any other action, or at any subsequent proceeding in this or any other action.

6.      Skyryse is willing to meet and confer with Moog regarding these responses.

**GENERAL OBJECTIONS APPLICABLE TO EACH REQUEST**

1.      Skyryse objects to the Requests to the extent that they purport to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.  Skyryse will construe and answer the Requests in accordance with the requirements of the Federal Rules of Civil Procedure, the local rules of the Western District of New York, any order entered in or applicable to this action, and any other applicable rule or law.

2.      Skyryse further objects to the Requests to the extent that they: (a) seek documents or information that are not relevant to any party's claims and defenses in the action; (b) impose a burden disproportionate to the needs of the case; (c) seek documents or information beyond the scope of permissible discovery; (d) are unreasonably cumulative or duplicative; or (e) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

3.      Skyryse further objects to the Requests to the extent that they are vague, ambiguous, overbroad, and/or fail to state with reasonable particularity the type of information sought therein.

4.      Skyryse further objects to the Requests to the extent that they are misleading, unduly prejudicial, mischaracterize the evidence, and/or misstate the evidence and/or facts.  By answering

and objecting to the Requests, Skyryse does not accept or admit any such assertions or mischaracterizations set forth in or assumed by the Requests.

5.     Skyryse further objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  By answering and objecting to the Requests, Skyryse does not admit the correctness of any such allegations or assertions.

6.     Skyryse further objects to the Requests to the extent that they seek disclosure of information that is publicly available, already in Moog's possession, custody, or control, or otherwise available from sources to which Moog has access.

7.     Skyryse further objects to the Requests to the extent that they purport to impose on Skyryse a duty to disclose information that it does not actually have in its possession, custody, or control.  Subject to the objections herein, in responding to the Requests, Skyryse will search only for information in its possession, custody, or control as of the date of this response.  Skyryse's Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in its possession, custody, or control.

8.     Skyryse further objects to the Requests to the extent that they contain discrete subparts that should be construed as independent requests, and that, in total, would cause Moog to exceed the maximum number of permissible Requests as set forth in the Expedited Discovery Order, Dkt. 33.

9.     Skyryse further objects to the Requests to the extent that they purport to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law.  The absence of a specific objection on the grounds

of privilege should not be interpreted as evidence that Skyryse does not object to a Request on the basis of an applicable privilege.

10.     Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Skyryse's right to object to the use of any information inadvertently disclosed.  Skyryse reserves the right to demand that the parties in this action return or destroy any inadvertently disclosed information.  Skyryse has not previously waived any applicable privilege and specifically states that it does not intend to do so through the disclosure of any information in response to the Requests.  In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information to Skyryse and will be precluded from disclosing or relying upon such information or documents in any way.

11.     Skyryse further objects to the Requests as premature to the extent that they seek information relating to expert discovery, opinions, and/or testimony.

12.     Skyryse's General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below, including Skyryse's Objections to Definitions and Instructions, and Specific Objections and Responses.  The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically therein.

13.     The reference in any of the Responses to another Response is intended to include and to fully incorporate all of the qualifications, explanations, and objections stated in the referenced Response.  The inadvertent absence of an objection to a Request on any particular ground does not constitute a waiver of Skyryse's right to object on that ground or any additional ground at any time.

14.     Skyryse's amendment of its Responses shall not be construed as a waiver of any Objections asserted by Skyryse.  Nor does Skyryse's amendments of its Responses constitute a concession that its initial Responses were deficient under the applicable rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Skyryse objects to the Definitions and Instructions in the Requests to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.     Skyryse objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, because it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level."  Skyryse further objects to the definition of "Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

3.     Skyryse objects to the definition of "Parties" on the grounds that it is vague, ambiguous, and overbroad, to the extent that it incorporates Moog's vague, ambiguous, and overbroad definition of defendant "Skyryse."  Skyryse's response to any Request should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.  Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

4.     Skyryse objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates."  Skyryse further objects to the

-6-

definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Skyryse's response to any Request should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.  Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

5.      Skyryse objects to the definition of "Moog Confidential Information" on the grounds that it is vague, ambiguous, and overbroad, including because Moog has not identified its alleged trade secrets with "sufficient particularity to inform the defendant of what they are alleged to have misappropriated."  *Pauwels v. Deloitte LLP*, 2020 WL 818742, at *4 (S.D.N.Y. Feb. 19, 2020).  Skyryse further objects to the definition of "Moog Confidential Information" on the ground that it calls for a legal conclusion, including to the extent the definition refers to "trade secret information."  Skyryse further objects to the definition of "Moog Confidential Information" on the ground that it incorporates assumptions that are disputed or erroneous, including to the extent it assumes that Moog possesses any "trade secret information."   Skyryse further objects to the definition of "Moog Confidential Information" as vague, ambiguous, overbroad and unduly burdensome, because Skyryse lacks sufficient information to identify "Moog Confidential Information."  Identifying "Moog Confidential Information" requires Skyryse to ascertain Moog's "non-public" information, which Moog has obfuscated by inaccurately identifying public and third-party information as Moog's "non-public" information.  Skyryse further objects to the definition of "Moog Confidential Information" on the ground that it incorporates a vague, ambiguous, and overbroad definition of "Source Code."

6.      Skyryse objects to Instruction No. 3 insofar as it attempts to impose requirements that are inconsistent with, or beyond those contemplated by, Rule 26(e)(5) of the Local rules of Civil Procedure for the Western District of New York and the parties' March 11, 2022 Stipulation and

Proposed Order re Production of Information, Data Preservation and Forensic Searches (ECF Nos. 25, 28).

7.      Skyryse objects to Instruction No. 8 to the extent that it incorporates Moog's vague, ambiguous, and overbroad definition of defendant "Skyryse."  Skyryse's response to any Request should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.  Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

8.      All Responses and Objections to the Requests provided herein do not constitute Skyryse's agreement with any of the Definitions or Instructions set forth in the Requests.

9.      Skyryse's Objections to the Definitions and Instructions apply to each and every Response and are hereby incorporated by reference into each of the Specific Responses and Objections set forth below.  The reassertion of or reference to a particular Objection to the Definitions and Instructions in a Response shall not be construed as a waiver of any Objection to the Definitions and Instructions not stated specifically therein.

## SPECIFIC RESPONSES AND OBJECTIONS

REQUEST FOR PRODUCTION NO. 1: All Documents and Communications related to Skyryse's access, use, or disclosure of any Moog Confidential Information, including but not limited to any Moog Confidential Information that was copied by Kim or Pilkington prior to becoming employed by Skyryse.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.  Skyryse further objects to this Request

to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or common interest privilege. Skyryse further objects to this Request on the grounds that Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.

Skyryse further objects to this Request because it is vague and ambiguous, including, but not limited to, its use of the undefined terms "access," "use," and "disclosure." Skyryse further objects to this Request because it incorporates assertions regarding the alleged existence of Moog Confidential Information in Skyryse's possession that are misleading, disputed, and/or erroneous. The fact that Skyryse has responded or objected to this Request shall not be deemed an admission that Skyryse accepts or admits to the existence of any facts set forth or assumed by such a request, or that such response or objection constitutes admissible evidence.

Skyryse further objects to this Request to the extent that it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Skyryse objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates." Skyryse further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others. Skyryse further objects to the definition of "Skyryse" to the extent it encompasses individuals acting without the knowledge of and outside the direction of Skyryse, Inc. Skyryse does not agree that any actions by individual employees acting without the knowledge of, and outside the direction of, Skyryse, Inc., are actions of Skyryse. Skyryse's response to any Request should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse. Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington. Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

Skyryse further objects to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent it requests "all documents and communications" related to the subject matter of the Request, and because the subject matter of the Request is not limited to the issues relevant to this action or proportionate to the needs of the case.

Skyryse further objects to this Request to the extent that it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Skyryse objects to the definition of "Moog Confidential Information" on the grounds that it is vague, ambiguous, and overbroad, including because Moog has not identified its alleged trade secrets with "sufficient particularity to inform the defendant of what they are alleged to have misappropriated." *Pauwels v. Deloitte LLP*, 2020 WL 818742, at *4 (S.D.N.Y. Feb. 19, 2020).  Skyryse further objects to the definition of "Moog Confidential Information" on the ground that it calls for a legal conclusion, including to the extent the definition refers to "trade secret information."  Skyryse further objects to the definition of "Moog Confidential Information" on the ground that it incorporates assumptions that are disputed or erroneous, including to the extent it assumes that Moog possesses any "trade secret information."   Skyryse further objects to the definition of "Moog Confidential Information" as vague, ambiguous, overbroad and unduly burdensome, because Skyryse lacks sufficient information to identify "Moog Confidential Information."  Identifying "Moog Confidential Information" requires Skyryse to ascertain Moog's "non-public" information, which Moog has obfuscated by inaccurately identifying public and third-party information as Moog's "non-public" information.  Skyryse further objects to the definition of "Moog Confidential Information" on the ground that it incorporates a vague, ambiguous, and overbroad definition of "Source Code."

Subject to and without waiving any of the foregoing objections, and subject to the Court's entry of a Protective Order in this case, Skyryse responds as follows:  Skyryse will produce to Moog any and all originals and copies of all non-public information, documents, records, files, or data in

Skyryse's possession, custody, or control of, from, or belonging to Moog, in conformity with Skyryse's obligations under the March 11 Order, to the extent they exist.  Skyryse will produce any responsive, non-privileged communications resulting from a reasonable search for communications related to Skyryse's access, use, or disclosure of any Moog Confidential Information, to the extent they exist.

Skyryse will produce to the agreed-upon third-party forensics firm, iDiscovery Solutions, any non-public information, documents, records, files or data of Moog which has been integrated, combined, inserted, modified, updated, upgraded, or otherwise used by Skyryse in such a manner that such delivery necessarily includes property of Skyryse, in conformity with Skyryse's obligations under the March 11 Order, to the extent they exist.

Skyryse will produce to Moog responsive, non-privileged documents that are identified pursuant to a reasonably diligent search, and not otherwise covered by the March 11 Order, to the extent they exist.

REQUEST FOR PRODUCTION NO. 2: A complete forensic image of all electronic devices Kim and Pilkington have used in the course of working at Skyryse, including but not limited to desktop computers, laptop computers, cell phones, mobile devices, tablet devices, USB devices, or external hard drives.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.  Skyryse further objects to this Request to the extent that it seeks documents neither relevant to the claims and defenses of this action nor proportionate to the needs of the case.  Skyryse further objects to this Request on the grounds that

Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.

Skyryse further objects to this Request to the extent that it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Skyryse objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates." Skyryse further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others. Skyryse further objects to the definition of "Skyryse" to the extent it encompasses individuals acting without the knowledge of and outside the direction of Skyryse, Inc. Skyryse does not agree that any actions by individual employees acting without the knowledge of, and outside the direction of, Skyryse, Inc., are actions of Skyryse. Skyryse's response to any Request should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse. Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington. Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

Skyryse further objects to this Request because it is vague and ambiguous, including, but not limited to, its use of the undefined terms "forensic image" and "used." Skyryse further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or common interest privilege.

Subject to and without waiving any of the foregoing objections, Skyryse responds as follows: Skyryse has delivered Defendant Misook Kim's Skyryse-issued laptop to the third-party forensics firm, iDiscovery Solutions, in conformity with its obligations under the March 11 Order. Skyryse will deliver Defendant Alin Pilkington's Skyryse-issued laptop in use as of the date of the filing of this action to the third-party forensics firm, iDiscovery Solutions.

-12-

<u>REQUEST FOR PRODUCTION NO. 3</u>: All Documents and Communications showing the tasks performed and job responsibilities of Kim and Pilkington while working at Skyryse.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3</u>:

Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.  Skyryse further objects to this Request to the extent that it seeks documents neither relevant to the claims and defenses of this action nor proportionate to the needs of the case.  Skyryse further objects to this Request on the grounds that Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.

Skyryse further objects to this Request to the extent that it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Skyryse objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates." Skyryse further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Skyryse further objects to the definition of "Skyryse" to the extent it encompasses individuals acting without the knowledge of and outside the direction of Skyryse, Inc.  Skyryse does not agree that any actions by individual employees acting without the knowledge of, and outside the direction of, Skyryse, Inc., are actions of Skyryse. Skyryse's response to any Request should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any

individual defendant, including Misook Kim and Robert Alin Pilkington.  Skyryse will interpret

"Skyryse" to mean "Skyryse, Inc."

Skyryse objects to this Request because it is vague and ambiguous, including, but not limited

to, its use of the undefined terms "showing," "tasks performed," and "job responsibilities."  Skyryse

further objects to this Request as overbroad and unduly burdensome including to the extent it requests

"all documents and communications" related to the subject matter of the Request, and because the

subject matter of the Request is not limited to the issues relevant to this action or proportionate to the

needs of the case.  Skyryse further objects to this Request as it is more properly the subject of a

deposition.

Subject to and without waiving any of the foregoing objections, and subject to the Court's

entry of a Protective Order in this case, Skyryse responds as follows:  Skyryse will produce

responsive, non-privileged documents that are sufficient to show the job responsibilities of Kim and

Pilkington while working at Skyryse, to the extent they exist.


REQUEST FOR PRODUCTION NO. 4: All Documents and Communications between Skyryse and
any Former Moog Employee, before such employee began employment at Skyryse, or any current
Moog employee.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Skyryse incorporates by reference its General Objections and Objections to the Definitions

and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements

that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the

local rules of the Western District of New York; the March 11 Order; any other order entered in or

applicable to this action; or any other applicable rule or law.  Skyryse objects to this Request to the

extent that it seeks documents neither relevant to the claims and defenses of this action nor

proportionate to the needs of the case.  Skyryse further objects to this Request to the extent that it

seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or common interest privilege.  Skyryse further objects to this Request on the grounds that Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.  Skyryse further objects to this Request to the extent that it seeks disclosure of information that is less burdensome to obtain from other named defendants, or to the extent that it is already in Moog's possession, custody, or control, or otherwise available from sources to which Moog has access.

Skyryse further objects to this Request to the extent that it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Skyryse objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates." Skyryse further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Skyryse further objects to the definition of "Skyryse" to the extent it encompasses individuals acting without the knowledge of and outside the direction of Skyryse, Inc.  Skyryse does not agree that any actions by individual employees acting without the knowledge of, and outside the direction of, Skyryse, Inc., are actions of Skyryse. Skyryse's response to any Interrogatory should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.  Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

Skyryse further objects to this Request as overbroad and unduly burdensome including because it requests "all documents and communications" without any subject matter limitation whatsoever.

Subject to and without waiving any of the foregoing objections, Skyryse responds as follows: Skyryse is willing to meet and confer with Moog regarding responding to a more reasonably tailored Request.

REQUEST FOR PRODUCTION NO. 5: All Documents and Communications Concerning Moog, including but not limited to: 1) all Documents and Communications between Skyryse, on the one hand, and Kim or Pilkington, on the other hand, Concerning Moog; 2) all Documents and Communications Concerning Moog Confidential Information; or 3) all Documents and Communications Concerning the actual or potential hiring of Moog employees.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.  Skyryse further objects to this Request as compound as it requests at least three discrete categories of documents and communications. Skyryse further objects to this Request to the extent that it is duplicative of Request No. 4.  Skyryse objects to this Request to the extent that it seeks documents neither relevant to the claims and defenses of this action nor proportionate to the needs of the case.  Skyryse further objects to this Skyryse further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or common interest privilege. Skyryse further objects to this Request on the grounds that Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.

Skyryse further objects to this Request to the extent that it incorporates a definition of Skyryse that is vague, ambiguous, and overbroad.  Skyryse objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous,

-16-

and undefined terms, including "partners," "representatives," "agents," and "affiliates." Skyryse further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others. Skyryse further objects to the definition of "Skyryse" to the extent it encompasses individuals acting without the knowledge of and outside the direction of Skyryse, Inc. Skyryse does not agree that any actions by individual employees acting without the knowledge of, and outside the direction of, Skyryse, Inc., are actions of Skyryse. Skyryse's response to any Interrogatory should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse. Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington. Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

Skyryse further objects to this Request to the extent that it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad. Skyryse objects to the definition of "Moog Confidential Information" on the grounds that it is vague, ambiguous, and overbroad, including because Moog has not identified its alleged trade secrets with "sufficient particularity to inform the defendant of what they are alleged to have misappropriated." *Pauwels v. Deloitte LLP*, 2020 WL 818742, at *4 (S.D.N.Y. Feb. 19, 2020). Skyryse further objects to the definition of "Moog Confidential Information" on the ground that it calls for a legal conclusion, including to the extent the definition refers to "trade secret information." Skyryse further objects to the definition of "Moog Confidential Information" on the ground that it incorporates assumptions that are disputed or erroneous, including to the extent it assumes that Moog possesses any "trade secret information." Skyryse further objects to the definition of "Moog Confidential Information" as vague, ambiguous, overbroad and unduly burdensome, because Skyryse lacks sufficient information to identify "Moog Confidential Information." Identifying "Moog Confidential Information" requires Skyryse to ascertain Moog's "non-public" information, which Moog has obfuscated by inaccurately

identifying public and third-party information as Moog's "non-public" information.  Skyryse further objects to the definition of "Moog Confidential Information" on the ground that it incorporates a vague, ambiguous, and overbroad definition of "Source Code."

Skyryse further objects to this Request as overbroad and unduly burdensome including to the extent it requests "all documents and communications" related to the subject matter of the Request, and because the subject matter of the Request is not limited to the issues relevant to this action or proportionate to the needs of the case.

Subject to and without waiving any of the foregoing objections, and subject to the Court's entry of a Protective Order in this case, Skyryse responds as follows:  Skyryse will produce to Moog any and all originals and copies of all non-public information, documents, records, files, or data in that Defendant's possession, custody, or control of, from, or belonging to Moog, in conformity with Skyryse's obligations under the March 11 Order, to the extent they exist.  Skyryse will produce any responsive, non-privileged Communications resulting from a reasonable search for Communications related to Skyryse's access, use, or disclosure of any Moog Confidential Information, to the extent they exist.

Skyryse will produce to the agreed-upon third-party forensics firm, iDiscovery Solutions, any non-public information, documents, records, files or data of Moog which has been integrated, combined, inserted, modified, updated, upgraded, or otherwise used by Skyryse in such a manner that such delivery necessarily includes property of Skyryse, in conformity with Skyryse's obligations under the March 11 Order, to the extent they exist.

REQUEST FOR PRODUCTION NO. 6: All Documents and Communications Concerning the Western Digital Hard Drive, the Samsung Hard Drive, the Buffalo Hard Drive, the Samsung Thumb Drive, Kim's Moog-issued work laptops, or Pilkington's Moog-issued work laptops.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

  Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.  Skyryse objects to this Request as compound as it requests at least six discrete categories of documents and communications.  Skyryse further objects to this Request to the extent that it seeks documents neither relevant to the claims and defenses at issue in this action nor proportionate to the needs of the case.  Skyryse further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or common interest privilege.  Skyryse further objects to this Request on the ground that Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.

  Skyryse further objects to this Request as overbroad and unduly burdensome including to the extent it requests "all documents and communications" related to the subject matter of the Request, and because the subject matter of the Request is not limited to the issues relevant to this action or proportionate to the needs of the case.

  Subject to and without waiving any of the foregoing objections, Skyryse responds as follows: Skyryse is willing to meet and confer with Moog regarding responding to a more reasonably tailored Request.

REQUEST FOR PRODUCTION NO. 7: All Documents and Communications Concerning the hiring of Pilkington, Kim, or any other Former Moog Employee, including but not limited to all HR files, personnel files, and contracts signed.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 7</u>:

Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.  Skyryse objects to this Request to the extent that it is duplicative of Request Nos. 4 and 5.  Skyryse further objects to this Request to the extent that it seeks documents neither relevant to the claims and defenses of this action nor proportionate to the needs of the case.  Skyryse further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or common interest privilege.  Skyryse further objects to this Request on the grounds that Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.

Skyryse further objects to this Request as overbroad and unduly burdensome including to the extent it requests "all documents and communications" regarding the subject matter of the Request, and because the subject matter of the request is not limited to the issues relevant in this action and proportionate to the needs of the case.  Skyryse further objects to this Request as overly broad and unduly burdensome to the extent it requests "all HR files, personnel files, and contracts signed" by all Former Moog Employees.

Skyryse further objects to this Request to the extent that it seeks confidential personal identifying information ("PII") and private personnel information, such as salary information, since "California law recognizes that employees have a privacy interest in their employment records." *Novak v. Boeing Company*, 2011 WL 13131126 (C.D. Cal. Jan. 26, 2011); *see also* Cal. Const. art. 1,

§ 1.  To the extent that Skyryse produces documents responsive to this Request, Skyryse will impose

appropriately-tailored redactions to protect this privacy interest.

Subject to and without waiving any of the foregoing objections, and subject to the Court's

entry of a Protective Order in this case, Skyryse responds as follows:  Skyryse will produce offer

letters and Proprietary Information and Inventions Agreements ("PIAA") for the Former Moog

Employees, to the extent they exist, and an employment review for defendant Misook Kim prepared

by defendant Alin Pilkington.


REQUEST FOR PRODUCTION NO. 8: Documents sufficient to show the structure of Skyryse's
shared networks, software databases, internal data servers, and the access of Former Moog Employees
thereto.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Skyryse incorporates by reference its General Objections and Objections to the Definitions

and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements

that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the

local rules of the Western District of New York; the March 11 Order; any other order entered in or

applicable to this action; or any other applicable rule or law.  Skyryse objects to this Request because

it is vague and ambiguous, including, but not limited to, its use of the undefined terms "show,"

"structure," and "access."  Skyryse further objects to this Request as compound as it requests at least

four distinct categories of documents.  Skyryse further objects to this Request to the extent that it

seeks documents neither relevant to the claims and defenses of this action nor proportionate to the

needs of the case.   Skyryse further objects to this Request on the grounds that Moog has not

identified its alleged trade secrets with the requisite degree of particularity to commence the discovery

it seeks.

Skyryse further objects to this Request to the extent that it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Skyryse objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates." Skyryse further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Skyryse further objects to the definition of "Skyryse" to the extent it encompasses individuals acting without the knowledge of and outside the direction of Skyryse, Inc.  Skyryse does not agree that any actions by individual employees acting without the knowledge of, and outside the direction of, Skyryse, Inc., are actions of Skyryse. Skyryse's response to any Interrogatory should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.  Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

Subject to and without waiving any of the foregoing objections, Skyryse responds as follows: Skyryse is willing to meet and confer with Moog regarding this Request.

REQUEST FOR PRODUCTION NO. 9: All Documents and Communications, from January 1, 2021 to present, Concerning the development, testing, or certification of Skyryse's flight control software including, but not limited to, Source Code, software planning Documents, software testing or certification Documents, test equipment and simulations, and software quality control Documents.

RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.  Skyryse further objects to this Request

-22-

to the extent that it seeks documents neither relevant to the claims and defenses of this action nor proportionate to the needs of the case.  Skyryse further objects to this Request on the grounds that Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.

Skyryse further objects to this Request to the extent that it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Skyryse objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates." Skyryse further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Skyryse further objects to the definition of "Skyryse" to the extent it encompasses individuals acting without the knowledge of and outside the direction of Skyryse, Inc.  Skyryse does not agree that any actions by individual employees acting without the knowledge of, and outside the direction of, Skyryse, Inc., are actions of Skyryse. Skyryse's response to any Interrogatory should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.  Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

Skyryse further objects to this Request to the extent that it incorporates a definition of "Source Code" that is vague, ambiguous, and overbroad.  Skyryse further objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, including to the extent it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level."  Skyryse further objects to the definition of

-23-

"Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

Skyryse objects to this Request because it is vague and ambiguous, including, but not limited to, its use of the undefined terms "development," "testing," "certification," and "quality control." Skyryse further objects to this Request as overly broad and unduly burdensome to the extent that it seeks "all documents and communications" concerning the subject matter of the Request.

Subject to and without waiving any of the foregoing objections, Skyryse responds as follows: Skyryse is willing to meet and confer with Moog regarding this Request.

REQUEST FOR PRODUCTION NO. 10: All deletion logs and versioning logs from Skyryse's software versioning and revision control systems, test tools, and software function names used in connection with its flight control software.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.  Skyryse objects to this Request to the extent that it seeks documents neither relevant to the claims and defenses of this action nor proportionate to the needs of the case.  Skyryse further objects to this Request on the grounds that Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.

Skyryse objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates."  Skyryse further objects to the definition of

-24-

"Skyryse" because the definition includes "former" owners, officers, directors, employees, and others. Skyryse further objects to the definition of "Skyryse" to the extent it encompasses individuals acting without the knowledge of and outside the direction of Skyryse, Inc.  Skyryse does not agree that any actions by individual employees acting without the knowledge of, and outside the direction of, Skyryse, Inc., are actions of Skyryse.  Skyryse's response to any Interrogatory should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.  Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

Skyryse objects to this Request because it is vague and ambiguous, including, but not limited to, its use of the undefined terms "deletion logs," "versioning logs," "used," "software versioning and revision control systems," "test tools," and "software function names."  Skyryse further objects to this Request as overly broad and unduly burdensome, including to the extent it seeks "all deletion logs and versioning logs," and because it lacks a subject matter limitation that is tailored to the issues relevant in this action and proportionate to the needs of the case.

Subject to and without waiving any of the foregoing objections, Skyryse responds as follows: Skyryse is willing to meet and confer regarding this Request.

REQUEST FOR PRODUCTION NO. 11: All Documents and Communications between Skyryse and any third party, including actual or prospective investors, Concerning Moog.

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Skyryse incorporates by reference its General Objections and Objections to the Definitions and Instructions.  Skyryse objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, the Federal Rules of Civil Procedure; the local rules of the Western District of New York; the March 11 Order; any other order entered in or applicable to this action; or any other applicable rule or law.  Skyryse objects to this Request to the

-25-

extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, and/or common interest privilege. Skyryse further objects to this Request to the extent that it seeks documents neither relevant to the claims and defenses of this action nor proportionate to the needs of the case. Skyryse further objects to this Request on the grounds that Moog has not identified its alleged trade secrets with the requisite degree of particularity to commence the discovery it seeks.

Skyryse further objects to this Request to the extent that it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Skyryse objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates." Skyryse further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others. Skyryse further objects to the definition of "Skyryse" to the extent it encompasses individuals acting without the knowledge of and outside the direction of Skyryse, Inc. Skyryse does not agree that any actions by individual employees acting without the knowledge of, and outside the direction of, Skyryse, Inc., are actions of Skyryse. Skyryse's response to any Interrogatory should not be construed as the response of any non-party to this action, whether or not affiliated with Skyryse. Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington. Skyryse will interpret "Skyryse" to mean "Skyryse, Inc."

Skyryse further objects to this Request as overbroad and unduly burdensome including to the extent it requests "all documents and communications" without a subject matter limitation to the issues relevant in this action and proportionate to the needs of the case.

Subject to and without waiving any of the foregoing objections, Skyryse responds as follows:

Skyryse is willing to meet and confer with Moog regarding responding to a more reasonably tailored

Request.

Dated: New York, New York
April 13, 2022

/s/ *Kate Dominguez*

**GIBSON, DUNN & CRUTCHER LLP**
Josh Krevitt, Esq. (Admitted *Pro Hac Vice*)
Kate Dominguez, Esq. (Admitted *Pro Hac Vice*)
Ilissa Samplin, Esq. (Admitted *Pro Hac Vice*)
Justine M. Goeke, Esq. (Admitted *Pro Hac Vice*)
200 Park Avenue
New York, NY 10166
(212) 351-2338
JKrevitt@gibsondunn.com
KDominguez@gibsondunn.com
ISamplin@gibsondunn.com
JGoeke@gibsondunn.com

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
(716) 200-5050
tflynn@harrisbeach.com

Attorneys for Defendant
SKYRYSE, INC.

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in New York County, State of New York.  My business address is 200 Park Avenue, New York, New York 10166-0193.

On April 13, 2022, I served true copies of the following document(s) described as **SKYRYSE INC.'S RESPONSES AND OBJECTIONS TO MOOG INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address DSatanove@gibsondunn.com to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 13, 2022, at New York, New York.

*/s/ Doran Satanove*
Doran Satanove

-28-

# SERVICE LIST

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP      Attorneys for Plaintiff MOOG, INC.
Kazim Naqvi, Esq.
Travis Anderson, Esq.
Rena Andoh, Esq.
Lai Yip, Esq.
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
KNaqvi@sheppardmullin.com
TAnderson@sheppardmullin.com
RAndoh@sheppardmullin.com
LYip@sheppardmullin.com
AiHarris@sheppardmullin.com

HODGSON RUSS LLP      Attorneys for Plaintiff MOOG, INC.
Robert J. Fluskey Jr., Esq.
Melissa N. Subjeck, Esq.
Pauline T. Muto, Esq.
The Guaranty Building
140 Pearl Street
Buffalo, New York 14202
(716) 856-4000
RFluskey@hodgsonruss.com
MSubjeck@hodgsonruss.com
pmuto@hodgsonruss.com

LOCKE LORD      Attorneys for Defendants
Rory S. Miller, Esq.      ROBERT ALIN PILKINGTON and
Mitchell Popham, Esq.      MISOOK KIM
Will Mullen, Esq.
Joseph Froehlich, Esq.
300. S. Grand Avenue, Suite 2600
Los Angeles, CA  90071
(213) 485-1500
Rory.Miller@lockelord.com
MPopham@lockelord.com
William.Mullen@lockelord.com
JFroehlich@lockelord.com