# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MOOG INC.,

                       Plaintiff,

      v.                                         Case No.: 1:22-cv-00187

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES NOS.
1-50,

                       Defendants.

---

## MOOG INC.'S RESPONSES TO DEFENDANT SKYRYSE, INC.'S FIRST SET OF (EXPEDITED) REQUESTS FOR PRODUCTION

      Pursuant to Federal Rule of Civil Procedure 34, and the March 17, 2022 Stipulation and Order Re: Expedited Discovery (ECF 33, 36), plaintiff Moog Inc. ("Moog") hereby responds and objects to Defendant Skyryse, Inc.'s ("Defendant") Requests for Production ("Requests"). Moog reserves the right to supplement or amend its objections and responses should additional information come to its attention through discovery or otherwise.

### PRELIMINARY STATEMENT

      These responses are made solely for the purposes of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements contained in these responses if such a request were asked of, or statements contained in the response were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

-1-

Discovery is ongoing and expert reports have not yet been prepared. Accordingly, Moog reserves the right to change, amend or supplement any or all of the matters contained in these responses as additional facts are ascertained, analyses are made, research is completed and contentions are made.

Objections to Defendant's First Set of Requests for Production are made on an individual basis below. Moog's response to each Request for Production is submitted without prejudice to, and without in any way waiving, the General Objections listed below, but not expressly set forth in that response. The assertion of any objection to a Request for Production in any response below is neither intended as, nor shall in any way be deemed, a waiver of Moog's right to assert that or any other objection at a later date.

## **GENERAL OBJECTIONS**

1.     Moog objects that Defendant's First Set of Requests for Production are not consistent with the Federal Rules of Civil Procedure, not warranted by existing law or a good faith argument, interposed for an improper purpose such as to harass Moog and/or cause unnecessary delay and/or needlessly increase the cost of litigation, and is unreasonable, unduly burdensome and expensive.

2.     Moog objects to Defendant's First Set of Requests for Production and to each Request on the ground that it is premature and Moog is still in the process of formulating its contentions. Accordingly, Moog reserves the right to amend, supplement or modify its responses to these Requests as further information becomes available and is analyzed by Moog.

3.     Moog conducted a diligent search and a reasonable inquiry in a good faith effort to be responsive to Defendant's Requests. As discovery is ongoing, however, Moog reserves the right to make use of, or to introduce at trial, any documents responsive to the Requests, but

discovered subsequent to the date of production, including, but not limited to, any documents obtained in discovery or through further investigation.

4.     Moog objects to the Requests to the extent they seek information not reasonably calculated to lead to the discovery of admissible evidence, outside the scope of the Stipulation and Order Re: Expedited Discovery (ECF 33, 36), not relevant to the issues to be decided in Moog's Motion for Preliminary Injunction, or they impose any duty or obligation greater than that provided for in the Federal Rules of Civil Procedure, including Rules 26 and 34, or the Local Rules of the Western District of New York.  Moog shall not comply with any purported obligation not imposed by law.

5.     Moog objects to the Requests to the extent they seek, or may be interpreted to seek, information or documents protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or restriction on discovery.  To the extent that any such information or documents are inadvertently produced, such production shall not waive nor signify intent to waive these respective privileges.

6.     Moog objects to the Requests to the extent they seek information or documents already within Defendant's possession, already known or disclosed to Defendant, or which is equally available to Defendant.

7.     Moog objects to the Requests to the extent they are vague and ambiguous or so unintelligible that Moog cannot respond.

8.     Moog objects to the Requests to the extent they are overbroad.  An objection that the Request is "overbroad" means that the Request seeks, in substantial part, information or

documents that are not relevant to the claim or defense of any party of the pending action or do not appear reasonably calculated to lead to the discovery of admissible evidence.

9.      Moog objects to the Requests to the extent they are unduly burdensome.  An objection that the Request is "unduly burdensome" means that the Request is unreasonably cumulative or duplicative, seeks information or documents that are publicly available or are available from some other source that is more convenient, less burdensome or less expensive, or the burden or expense of the discovery outweighs its benefits.

10.     Moog objects to the Requests to the extent they seek confidential, proprietary, or sensitive business information, or information otherwise protected by law.  Such information, to the extent it is not privileged or otherwise objectionable, will be provided only in accordance with the a Stipulated Protective Order entered by the Court and, to the extent necessary, a source code protocol agreed upon between the parties.

11.     Moog objects to the definition of "You," "Your," "Plaintiff" or "Moog" contained in Definition No. 1 on the ground that it is broader than permitted by Local Rule 26(c)(3) because it includes "agents . . . affiliates, principals, and/or representatives, individually or collectively, and any other legal entities owned or controlled, directly or indirectly, by any of the foregoing, including attorneys and all persons acting on its behalf or under its control." Moog will use the definition contained in Local Rule 26(c)(3)(E).

12.     Moog objects to the definition of "Communication" or "Communications" on the grounds that it is broader than permitted by Local Rule 26(c)(3) and includes Defendant's interpretation of the definition provided by the Court. Moog will use the definition contained in Local Rule 26(c)(3)(A).

13.     Moog objects to the definition of "Document" on the grounds that it is broader than permitted by Local Rule 26(c)(3) and includes Defendant's interpretation and expansion of Federal Rule of Civil Procedure 34(a)(1)(A). Moog will use the definition contained in Local Rule 26(c)(3)(B).

14.     Moog objects to the definition of "Former Moog Employee" on the grounds that it is vague, ambiguous, and calls for information outside of Moog's possession, custody or control. Moog will construe "Former Moog Employee" to mean any former employee, consultant, or contractor of Moog that Moog knows has become or will become an employee, consultant, or contractor of Skyryse, including the employees identified in paragraph 91 of the Complaint.

15.     Moog objects to the definition of "Person" on the grounds that it is broader than permitted by Local Rule 26(c)(3)(F). Moog will use the definition contained in Local Rule 26(c)(3)(F).

16.     Moog objects to Definition No. 19 on the grounds that it is broader than permitted by Local Rule 26(c)(3)(F). Moog will use the definition contained in Local Rule 26(c)(3)(F).

17.     Moog objects to Definition No. 20 on the grounds that it is broader than permitted by Local Rule 26(c)(3)(E). Moog will use the definition contained in Local Rule 26(c)(3)(E).

18.     Moog objects to the "Definitions" and "Instructions" sections of the Requests to the extent they purport to impose discovery burdens on Moog greater than the obligations imposed by the Federal Rules of Civil Procedure and the local rules of the United States District Court for the Western District of New York.  Moog will respond and object to the Requests in

accordance with the Federal Rules of Civil Procedure and the local rules of the United States

District Court for the Western District of New York.

19.     Moog objects to Instruction No. 22 on the grounds that the time period of January

1, 2007 to present is overbroad and well beyond the scope of the claims and defenses in the

Complaint. Indeed, Defendant was not formed until 2016.

20.     Each of the foregoing General Objections is incorporated fully into each

individual response that follows.  The stating of a specific objection or response shall not be

construed as a waiver of Moog's General Objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All Documents, Communications, and Things that are identified in, support, refute, or

relate to Moog's March 7, 2022 court filings and the contentions therein, including but not

limited to all evidence that supports, refutes, or relates to Moog's allegations of likelihood of

success on the merits and irreparable harm.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Moog incorporates by reference the Preliminary Statement and General Objections as

though fully set forth herein.

Moog objects to this request on the grounds that it is overbroad, compound, vague and

ambiguous. Specifically, and without limitation, all documents that relate to any of Moog's

allegations or claims render this request overbroad and unduly burdensome. The allegations in

Moog's Complaint and March 7, 2022 court filings span several decades, across numerous

personnel and subject matters.  Moog further objects to this request on the grounds that it calls for attorney-client privileged communications and attorney work product.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents that support the allegations in Moog's Complaint in its possession, custody or control that could be located following a reasonable and diligent search.

## REQUEST FOR PRODUCTION NO. 2:

All Documents, Communications, and Things identified in, relied on, or consulted in connection with Plaintiff's responses to Defendants' Interrogatories, including any and all supplements and amendments thereto.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Defendant objects to this request on the grounds that no supplements or amendments to Moog's responses to Defendants' Interrogatories have been provided. Moog further objects to this request on the grounds that it calls for attorney-client privileged communications and attorney work product.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents responsive to this request in its possession, custody or control that could be located following a reasonable and diligent search.

## REQUEST FOR PRODUCTION NO. 3:

All Moog-owned computers, external storage devices, and mobile electronic devices used by either Pilkington or Kim while at Moog.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request to the extent it seems documents or tangible things outside of Moog's possession, custody or control.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will make the devices responsive to this request in its possession, custody or control available for inspection through the Parties' neutral third party Forensics Firm, iDiscovery, pursuant to an agreed upon forensic firm protocol and protective order.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications sent by, received by, or referencing Pilkington or Kim since November 11, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request on the grounds that it calls for information or documents protected by the attorney-client privilege and attorney work product doctrine.

Moog objects to this request on the grounds that it seeks information or documents not relevant to any party's claim or defense nor proportional to the needs of the case

Moog objects to this request on the grounds that it is overbroad and unduly burdensome, specifically the request for all Documents and Communications "referencing" Pilkington and Kim.

Moog objects to this request on the grounds that it seeks information or documents outside of Moog's possession, custody or control, specifically any personal communications between Pilkington and Kim or referencing them.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents responsive to this request in its possession, custody or control that could be located following a reasonable and diligent search.

## REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications relating to any confidentiality obligations owed to You by Your employees, Your customers, and/or Your suppliers, including, without limitation, Your efforts to investigate compliance with, and enforcement of, those confidentiality obligations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request on the grounds that it seeks information or documents not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, any confidentiality obligations owed by Moog to its customers or suppliers are not at issue in this case.

Moog objects to this request on the grounds that it seeks information or documents outside the scope of Moog's Motion for Preliminary Injunction and/or the Stipulation Re: Expedited Discovery (ECF 33, 36), including but not limited to information or documents regarding any confidentiality obligations owed by Moog to its non-relevant customers or suppliers.

Moog objects to this request on the grounds that it is overbroad and unduly burdensome. Moog is a publicly traded company with tens of thousands of employees, customers, and suppliers. Any confidentiality obligations owed by Moog to its customers or suppliers are not at issue in this case.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents responsive to this request solely related to former Moog employees who now work for Skyryse in its possession, custody or control that could be located following a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to Moog's provision of its source code to any third party, including but not limited to the source code for Platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request on the grounds that it seeks information or documents not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, Moog's source code unrelated to its flight control software is not at issue in this case.

Moog objects to this request on the grounds that it seeks information or documents outside the scope of Moog's Motion for Preliminary Injunction and/or the Stipulation Re: Expedited Discovery (ECF 33, 36), including but not limited to information or documents regarding Moog's source code unrelated to its flight control software.

Moog objects to this request on the grounds that it is overbroad and unduly burdensome. Only Moog's source code related to its flight control software is at issue. Moog has many software programs outside of flight control that are not at issue in this case.

Moog objects to this request on the grounds that the term "third party" is vague, ambiguous, and undefined.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents sufficient to demonstrate the restricted manner and scope in which its trade secrets at issue in this case have been disclosed to third parties in its possession, custody or control that could be located following a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 7:**

All agreements between You and any Former Moog Employee, including but not limited to employment, confidentiality, and intellectual property agreements with Pilkington and/or Kim.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents responsive to this request in its possession, custody or control that could be located following a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to identify all parties and individuals that have or had access to any copy of the alleged Trade Secrets, the scope and conditions of their access, and the dates during which they had such access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request on the grounds that it is overbroad and unduly burdensome. Moog's Trade Secrets include tens of millions of lines of source code developed over fifteen years. Identifying each individual who accessed such information, and the dates of access, is impracticable and not proportional to the needs of the case.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents sufficient to show all parties or individuals with access to the trade secrets at issue in this case in its possession, custody or control that could be located following a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications and Documents relating to any investigation undertaken into any allegedly misappropriated Trade Secrets, including but not limited to the "investigation" referred to in paragraph 110 of the Complaint, any Communications with Bruce W. Pixley, Pixley Forensics Group LLC, or any other Person or entity contacted to assist in such investigation, and any related initial and final reports generated by or delivered to Moog.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request on the grounds that it calls for information or documents protected by the attorney-client privilege and the attorney work product doctrine.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents responsive to this request in its possession, custody or control that could be located following a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications relating to attrition among Moog employees, including but not limited to documents identifying all Moog employees who have left Moog's employment in the last five years and the dates on which they left Moog's employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request on the grounds that it seeks information or documents not relevant to any party's claim or defense nor proportional to the needs of the case.

Moog objects to this request on the grounds that it seeks information or documents outside the scope of Moog's Motion for Preliminary Injunction and/or the Stipulation Re: Expedited Discovery (ECF 33, 36), including but not limited to information or documents regarding Moog's employees unrelated to flight control or Defendant.

Moog objects to this request on the grounds that it is overbroad and unduly burdensome. Information and documents regarding the departure of any Moog employee is overbroad and unduly burdensome.

Moog objects to this request on the grounds that the term "third party" is vague, ambiguous, and undefined.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents responsive to this request as they relate to

the departures of Moog employees who now are employed or work for Defendant in Moog's possession, custody or control that could be located following a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications regarding Moog's internal research, programs, and projects related to automated helicopter flight, including but not limited to, the cessation of any research, programs, and projects.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request on the grounds that it is overbroad and unduly burdensome. Seeking all Documents and Communications related to any Moog project regarding automated helicopter flight is overbroad and not narrowly tailored to any claim or defense in the case.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents responsive to this request only as they relate to its business relationship with Defendant following a reasonable and diligent search that could be located in Moog's possession, custody or control. Further, Moog will make its trade secrets at issue in this case available for inspection pursuant to an agreed upon source code protocol and signed protective order agreed upon by the parties.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications with or regarding each Former Moog Employee after each gave notice of an intent to cease employment with Moog.

///

///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request on the grounds that it calls for information or documents protected by the attorney-client privilege and the attorney work product doctrine.

Moog objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information or documents not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, for example, routine communications with or regarding a Former Moog Employees after providing notice of intent to leave Moog are not relevant to any party's claim or defense.

Moog objects to this request on the grounds that it is vague and ambiguous.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged communications with or related to the departed Moog employees who left Moog to work for Defendant as they pertain to such individuals' exit from Moog.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications, and all Documents regarding any Communications, with any of Your actual or prospective customers regarding the acts You allege were committed by any Defendant in the Complaint, including but not limited to, regarding the alleged Trade Secrets. This Request includes, but is not limited to, any recordings or transcripts of internal Moog meetings at which the topic of communicating with actual or prospective customers regarding the acts You allege were committed by any Defendant in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request on the grounds that it calls for information or documents protected by the attorney-client privilege, the attorney work product doctrine, third-party privacy rights, as well as confidentiality and proprietary rights.

Moog objects to this request on the grounds that it seeks information or documents outside the scope of Moog's Motion for Preliminary Injunction and/or the Stipulation Re: Expedited Discovery (ECF 33, 36), including but not limited to information or documents regarding Moog's claim for tortious interference with prospective economic advantage.

Moog objects to this request on the grounds that it is vague, ambiguous, and compound.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce any communications with actual or prospective customers regarding the security breaches alleged in Moog's Complaint in its possession, custody or control that could be located following a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications relating to any market analyses regarding any market in which Moog alleges it participates, and Moog's performance in those markets, including but not limited to unmanned aviation and flight control technologies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Moog incorporates by reference the Preliminary Statement and General Objections as though fully set forth herein.

Moog objects to this request on the grounds that it calls for information or documents protected by the attorney-client privilege, the attorney work product doctrine, as well as confidentiality and proprietary rights.

Moog objects to this request on the grounds that it seeks information or documents not relevant to any party's claim or defense nor proportional to the needs of the case. Specifically, Moog markets outside of flight control or automated flight are not at issue in this case.

Moog objects to this request on the grounds that it seeks information or documents outside the scope of Moog's Motion for Preliminary Injunction and/or the Stipulation Re: Expedited Discovery (ECF 33, 36), including but not limited to information or documents regarding any market other than flight control or automated flight.

Moog objects to this request on the grounds that it is overbroad and unduly burdensome. Moog has several major departments and business channels outside of flight control or automated flight.

Moog objects to this request on the grounds that the term "market analyses" is vague, ambiguous, and undefined.

Subject to, and without waiving any of the foregoing objections, Moog responds as follows: Moog will produce non-privileged documents responsive to this request solely as it relates to flight control or automated flight in its possession, custody or control that could be located following a reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents relating to Your efforts to maintain the secrecy of the alleged Trade Secrets, including without limitation (i) Documents sufficient to identify all Persons who have

accessed the alleged Trade Secrets; and (ii) Documents sufficient to show the confidentiality

obligations of each such Person to You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Moog incorporates by reference the Preliminary Statement and General Objections as

though fully set forth herein.

Moog objects to this request on the grounds that it calls for information or documents

protected by the attorney-client privilege, the attorney work product doctrine, as well as

confidentiality and proprietary rights.

Moog objects to this request on the grounds that it is redundant, compound, overbroad

and unduly burdensome. Moog's Trade Secrets include tens of millions of lines of source code

and other documents. Identifying each individual who accessed such information, and the dates

of access, is impracticable and not proportional to the needs of the case.

Subject to, and without waiving any of the foregoing objections, Moog responds as

follows: Moog will produce documents sufficient to show Moog's efforts to protect the secrecy

of its trade secrets at issue in this case, including as they relate to departed Moog employees who

now work for Defendant.

Dated: April 13, 2022

<div style="margin-left:40%">

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
*Attorneys for Plaintiff Moog Inc.*

By   /s/ Rena Andoh
        Rena Andoh
        Travis Anderson (pro hac vice)
        Kazim A. Naqvi  (pro hac vice)
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700

</div>

**HODGSON RUSS LLP**
*Attorneys for Plaintiff Moog Inc.*

By  /s/ Robert J. Fluskey Jr.

        Robert J. Fluskey Jr.
        Melissa N. Subjeck
        Pauline T. Muto
The Guaranty Building
140 Pearl Street
Buffalo, New York  14202
Telephone:  (716) 856-4000

SMRH:4869-1180-9561.2

PROOF OF SERVICE

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On April 13, 2022, I served true copies of the following document(s) described as **MOOG INC.'S RESPONSES TO DEFENDANT SKYRYSE, INC.'S FIRST SET OF (EXPEDITED) REQUESTS FOR PRODUCTION**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address knaqvi@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 13, 2022, at Los Angeles, California.

_____
/s/ Kazim A. Naqvi
Kazim A. Naqvi

## SERVICE LIST

HARRIS BEACH PLLC                                      Attorneys for Defendant SKYRYSE, INC.
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
(716) 200-5050
tflynn@harrisbeach.com


GIBSON, DUNN & CRUTCHER LLP                            Attorneys for Defendant SKYRYSE, INC.
Josh Krevitt, Esq.
Kate Dominguez, Esq.
Ilissa Samplin, Esq.
Angelique Kaounis, Esq.
Justine Goeke, Esq.
Michael Polka, Esq.
200 Park Avenue
New York, NY 10166
(212) 351-2338
JKrevitt@gibsondunn.com
KDominguez@gibsondunn.com
ISamplin@gibsondunn.com
AKaounis@gibsondunn.com
JGoeke@gibsondunn.com
MPolka@gibsondunn.com
Skyryse-TradeSecretsLitigation@gibsondunn.com


LOCKE LORD                                            Attorneys for Defendants
Rory S. Miller, Esq.                                 ROBERT ALIN PILKINGTON and
Mitchell Popham, Esq.                                MISOOK KIM
Will Mullen, Esq.
Joseph Froehlich, Esq.
300. S. Grand Avenue, Suite 2600
Los Angeles, CA  90071
(213) 485-1500
Rory.Miller@lockelord.com
MPopham@lockelord.com
William.Mullen@lockelord.com
JFroehlich@lockelord.com