# Exhibit C

| | |
|---|---|
| **From:** | Osborne, Juli (Bay Area) |
| **Sent:** | Thursday, June 9, 2022 10:18 PM |
| **To:** | Kazim Naqvi; Gross, Gabriel (Bay Area); Rena Andoh |
| **Cc:** | #C-M SKYRYSE - MOOG - LW TEAM; green.a@wssllp.com; Lai Yip; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com; RFluskey@hodgsonruss.com; Travis Anderson; Tyler Baker; tflynn@harrisbeach.com; truitt.a@wssllp.com |
| **Subject:** | RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.) |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel,

Thank you for the productive meet-and-confer this afternoon. We write to confirm the proposals we discussed on our call, which we made in an effort to eliminate disputes and move expedited discovery forward. Where we have offered to narrow these requests, we have done so only for the sake of compromise and efficiency and only during this expedited discovery period. Our proposed revisions should not in any way be construed as a concession that any of Skyryse's requests were improper as served, and we reserve all rights to seek additional and broader discovery.

- **RFP No. 5** – In an effort to compromise with Moog and address its concern that this request is overbroad – which we maintain is a problem of Moog's own making given its refusal to assist in narrowing the scope of discovery by defining its trade secrets – we agreed to limit this request to All Documents and Communications relating to any confidentiality obligations *related to the Trade Secrets at issue in this case* owed to You by the employees and third parties referenced in the request.

- **RFP No. 6** – Although we maintain that efforts Moog takes to protect all of its source code are relevant, based on our discussion today regarding the scope of this request, for purposes of expedited discovery, we agreed to narrow this request to All Documents and Communications relating to Moog's provision of source code *related to its "flight control software"* (as that term is used in Moog's Responses and Objections to RFP No. 6) *and the Trade Secrets at issue in this case* to any third party.

- **RFP No. 10** – In response to Moog's refusal to produce any documents other than those "relat[ing] to the departures of Moog employees who are now employed or work for Defendant," based on its professed concern that the request could be construed to apply to any type of Moog employee, even "janitorial staff," we clarified that we are interested in All Documents and Communications relating to attrition among Moog employees *in its "aircraft controls" business segment* (as that term is used in the complaint) *in the last 5 years, whose work involves Moog's flight control software.* As stated in the request, this includes but is not limited to documents identifying all such Moog employees who have left Moog's employment in the last five years and the dates on which they left Moog's employment.

- **RFP No. 11** – We strongly disagree that this request is overbroad, but in the spirit of compromise, we agreed to narrow the scope of this request for now to: Documents sufficient to show the nature, scope, purpose, content, and duration of Moog's internal research, programs, and projects related to automated helicopter flight, including but not limited to, the cessation of any research, programs, and projects.

- **RFP No. 12** – For the purpose of advancing expedited discovery, and after discussing Moog's objection that this request could call for a large number of emails from employees after they gave notice but before they left the company, we are willing to focus the request on All Communications with or regarding each Former Moog

1

> Employee starting one week before each employee's last date of employment with Moog and reflecting any ongoing interaction the employee had with Moog or its personnel during and after that last week of employment.

Please confirm that you will produce all non-privileged documents responsive to the requests as revised.  Additionally, we also understand from the call that:

- You are working on supplemental interrogatory responses that include proper Rule 33(d) cites to documents and expect to serve those today or tomorrow.

- **RFP No. 1** – You agreed to follow up in writing confirming that, despite its contrary objection and response, Moog has produced all non-privileged documents that not only support but also refute your allegations. When we asked you did not commit to a date by which you would do so.

- **RFP No. 13** – You stated that you have produced all communications with actual or prospective customers responsive to the request, and not merely communications regarding "the security breaches alleged in Moog's Complaint" as stated in your Responses and Objections.  You agreed to follow up with written confirmation to that effect.

Unless indicated above, you did not provide or commit to dates certain by which you would respond to the issues enumerated here.

Best regards,
Juli

**Julianne Osborne**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8160

---

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Tuesday, June 7, 2022 7:25 AM
**To:** Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>; Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; green.a@wssllp.com; Lai Yip <LYip@sheppardmullin.com>; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com; RFluskey@hodgsonruss.com; Travis Anderson <TAnderson@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; tflynn@harrisbeach.com; truitt.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Gabe:

Please send an invite for Thursday at 2 PM.

Thanks,
Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Gabe.Gross@lw.com <Gabe.Gross@lw.com>
**Sent:** Tuesday, June 7, 2022 6:36 AM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; julianne.osborne@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; green.a@wssllp.com; Lai Yip <LYip@sheppardmullin.com>; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com; RFluskey@hodgsonruss.com; Travis Anderson <TAnderson@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; tflynn@harrisbeach.com; truitt.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Dear Kazim:

We disagree with everything in your email, in particular your statement that Skyryse is attempting "to blow through Judge McCarthy's directives," and any suggestion that by raising questions (to which Skyryse has responded) Judge McCarthy relieved Moog of its discovery obligations. An identification of Moog's alleged trade secrets was "appropriate" at the outset of discovery, and certainly by the time Moog's responses to Skyryse's interrogatories were due. We categorically disagree that Moog has any right to wait until it is "ordered by the Court" to fulfill this basic discovery obligation.

With respect to Moog's other interrogatory responses, Moog represented in its May 27th letter that "when Moog makes its document production in advance of the deadline to be set by the Court, it is prepared to identify by bates label the documents responsive to each particular interrogatory where Rule 33(d) has been invoked." Based on that representation, we expected your supplemental interrogatory responses to accompany your document production last Thursday, June 2nd. Any further delay until June 17th is unacceptable.

We are available to discuss these and the other issues we identified with Moog's RFP responses on Thursday at 2 pm.

Yours,

Gabe

**Gabriel S. Gross**
Pronouns: he/him/his

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.463.2628 | M: +1.650.868.4223


**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Monday, June 6, 2022 8:56 AM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; green.a@wssllp.com; Lai Yip <LYip@sheppardmullin.com>; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com; RFluskey@hodgsonruss.com; Travis Anderson <TAnderson@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; tflynn@harrisbeach.com; truitt.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Counsel:

We have received your two meet and confer letters sent on Saturday at 2:07 PM PST.

3

The first letter purports to provide a summary of the Parties' May 31 meet and confer call. Suffice it to say, we strongly disagree with the majority of the self-serving and misleading summary in the letter. The letter requests that Moog supplement its response to Interrogatory No. 1 on or before June 17, 2022. We will not agree to that demand. As Judge McCarthy noted in his May 25 e-mail, "how can [Moog] be expected to [identify its trade secrets] now, when it does not yet know the full extent of what was taken?" Skyryse's continued attempts to blow through Judge McCarthy's directives are improper. Moog will not be able to understand the full extent of what was taken until it has, at minimum, reviewed all of the electronic devices in iDS's possession, taken depositions, and expedited discovery is completed. The mere fact that Skyryse has produced certain documents does not trigger any further disclosure obligations by Moog. Moog will provide further specificity regarding the trade secrets it understands Defendants have misappropriated when appropriate and/or ordered by the Court, not on Skyryse's self-imposed deadline.

The letter also asks Moog to supplement its interrogatory responses in accordance with Rule 33(d) by June 8. That request, upon 4 days' notice, is inappropriate and unreasonable. Moog will provide supplementation as indicated and will aim to complete such supplementation by June 17.

The second letter purports to identify certain deficiencies in Moog's written discovery responses served on April 13. Skyryse raising these issues now, immediately after Moog made its large document production, speaks for itself. Regardless, we disagree with the positions in the second letter. The letter also demands that Moog be prepared to discuss each of the RFPs at issue during the Parties' June 6 meet and confer, which was coordinated at Skyryse's request to discuss its responses to Moog's RFPs. We are prepared to meet and confer with you regarding the RFPs at issue in the letter, but not during today's meet and confer that is reserved for other matters. Demanding a meet and confer on several discovery issues on zero business days' notice is improper. We will make ourselves available to meet and confer on Thursday or Friday afternoon regarding Skyryse's RFPs. Please provide your availability.

Thank you,
Kazim


**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

---

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Saturday, June 4, 2022 2:07 PM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; green.a@wssllp.com; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com; RFluskey@hodgsonruss.com; Travis Anderson <TAnderson@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; tflynn@harrisbeach.com; truitt.a@wssllp.com
**Subject:** Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Dear counsel:

Please see the attached correspondence.

Best,
Juli

**Julianne Osborne**

**LATHAM & WATKINS LLP**
505 Montgomery Street

4

Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8160
Email: julianne.osborne@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.
Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.