# Exhibit C

**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
www.sheppardmullin.com

212.634.3092 direct
randoh@sheppardmullin.com
File Number: 02HL-350124

April 4, 2022

**VIA E-MAIL ONLY**

| | |
|---|---|
| Rory S. Miller, Esq. | rory.miller@lockelord.com |
| Mitchell J. Popham, Esq. | mpopham@lockelord.com |
| William Mullen, Esq. | william.mullen@lockelord.com |
| Joseph N. Froelich, Esq. | jfroehlich@lockelord.com |

LOCKE LORD LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, California 90071

| | |
|---|---|
| Josh Krevitt, Esq. | jkrevitt@gibsondunn.com |
| Kate Dominguez, Esq. | kdominguez@gibsondunn.com |
| Angelique Kaounis, Esq. | akaounis@gibsondunn.com |
| Michael M. Polka, Esq. | mpolka@gibsondunn.com |
| Justine Goeke, Esq. | jgoeke@gibsondunn.com |

GIBSON, DUNN, & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193

Re:   *Moog Inc. v. Skyryse, Inc., et al.*
U.S. District Court, Western District of New York – Case No. 1:22-cv-00187
<u>Failure to Comply With the March 11, 2022 Stipulation and Order (ECF Nos. 25, 28)</u>

Dear Counsel:

We write in response to defendant Skyryse, Inc.'s April 1, 2022 letter (the "Letter") regarding its purported compliance with the March 11, 2022 Stipulation and Order (ECF Nos. 25, 28) (hereafter, the "Order"). Upon review of the Letter, it is evident that Skyryse has not conducted the good-faith effort and search required to comply with the Order. Further, we have received no information from individual defendants Misook Kim and Alin Pilkington (the "Individual Defendants") regarding compliance with the Order.

As set forth below, Skyryse's attempt to point the finger at Moog is improper and belied by the record and filings in this case. If these issues are not rectified immediately, we will be forced to seek judicial intervention.

A.   **Information Provided to Defendants on March 8, 2022**

Moog's Complaint, Motion for Temporary Restraining Order/Preliminary Injunction, Motion for Expedited Discovery, and all supporting declarations and papers were filed on March 7, 2022. (ECF Nos. 1-7). All of these materials were served on each of the defendants on March 8, 2022. (ECF Nos. 13-15). These filings include the following information regarding Moog's non-public information copied and/or misappropriated by Defendants:

SMRH:4853-3514-5498

**SheppardMullin**

Rory S. Miller, Esq.
Mitchell J. Popham, Esq.
Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 4, 2022
Page 2

- Specification of the two Moog-issued laptop and two external hard drive devices used by Kim to copy Moog's data (that Moog is aware of and has possession of). (Bagnald Dec., ¶ 11) (*See generally* Pixley Dec.);

- The dates, time, and manner in which Moog's data was copied by Ms. Kim on November 19, 2021 and December 15, 2021. (Bagnald Dec., ¶ 10) (Pixley Dec., ¶¶ 22-27);

- A detailed breakdown by category of the 136,994 Moog files copied by Ms. Kim, including that 43,960 files constitute Moog source code. (Complaint, ¶ 115) (Bagnald Dec., ¶ 13) (Hunter Dec., ¶ 43) (Schmidt Dec., ¶ 19);

- A detailed list of the commercial and military program classifications amongst the 136,994 files copied by Ms. Kim on November 19, 2021. (Complaint, ¶ 117) (Hunter Dec., ¶ 44) (Schmidt Dec., ¶ 20);

- A file log containing the file name, file path, external hard drive involved, encryption status, folder/hard drive name and location, file size, date and time of copying, and other unique identifiers ***for each of the 136,994 files copied by Ms. Kim on November 19, 2021***. (the "File Log") (Bagnald Dec., Ex. A);

- A detailed explanation regarding how the data copied by Ms. Kim on November 19, 2021 was intentionally altered, manipulated, and or deleted from Ms. Kim's Moog-issued laptop devices and/or the external hard drives used in the copying. (Complaint, ¶¶ 133-140) (*See generally* Pixley Dec.);

- Specification that the Moog trade secrets at issue in this case are its flight control source code and Software Engineering Process Group ("SEPG") documents (as opposed to all data copied by Defendants). (Complaint, ¶¶ 39) (Hunter Dec., ¶¶ 28, 46).

**B.    The March 11, 2022 Order**

Having previously been served with all of the above information, Defendants thereafter stipulated to the March 11 Order, and the requirements and timelines therein. Specifically, in relevant part, the Order provides as follows:

- "Within 21 days of this Order, each Defendant shall deliver to Plaintiff ***any and all originals and copies of all non-public information, documents, records, files, or data in that Defendant's possession, custody, or control*** (i) of, from, or belonging to Plaintiff, and (ii)(a) provided, offered, transmitted, or conveyed to any Defendant by any current or former Moog employee, and/or (ii)(b) copied or taken from Plaintiff's email, shared network drives, desktop computers, laptops, USB drives, databases, work-issued phones, and work issued tablets . . ." (Order, § 2, emphasis added);

- ***"if any such non-public information, documents, records, files or data of Plaintiff has been integrated, combined, inserted, modified, updated, upgraded or otherwise***

**SheppardMullin**

Rory S. Miller, Esq.
Mitchell J. Popham, Esq.
Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 4, 2022
Page 3

> *used by any Defendant in such a manner that such delivery necessarily includes property of any Defendant* (if any exists), then such information shall be given to a third-party forensics firm mutually agreed-upon by the parties . . ." (Order, § 2);

- "Defendant Kim and Defendant Pilkington shall each preserve and not otherwise tamper with or modify in any way the hard drives of her and his personal computers, laptops, phones, USB devices, external data storage devices, or other electronic devices used in the last twelve months, including but not limited any device which received, copied, or was transferred any information from the following devices: 1) SAMSUNG PSSD T7 SCSI Disk Device; Model MU-PC1T0H; PSID: S9D10DUTM3SS76AGF4193P37BD4NA660; SN: S5SXNS0R702326Z; Capacity: 1 TB; 2) Western Digital My Passport; Model WDBYFT0030BBL-WESN; Serial Number: WX310DB63ED85; Capacity: 3 TB; 3) Dell Latitude 7480 laptop computer (Service Tag FGPYGH2); and 4) Dell Precision 7540 laptop computer (Service Tag 9S4Z433)." (Order, § 4);

- "Skyryse shall preserve and not otherwise tamper with or modify in any way its email, shared network drives, desktop computers, and to the extent reasonably necessary to preserve potentially relevant evidence, laptops, USB drives, databases, work-issued phones, and work issued tablets, and/or the hard drives of any desktop computers, laptops, phones, USB devices, external data storage devices, or other electronic devices issued by Skyryse for use by any employee and which was used in the last year, and *produce any of its devices which received, copied, or was transferred any information or data from the four devices mentioned in Section 4 above to the Forensics Firm*, for forensic imaging." (Order, § 5, emphasis added).

Notably, the March 11 Order requires Defendants to preserve and turn over Moog's "non-public information," not just its trade secrets or source code. The Order also does not require Moog to identify its trade secrets (even though it already has, as described above in Section A) or provide a specific list to Defendants including specifying information for just Moog's trade secrets.

Therefore, Skyryse's argument in the Letter that Moog has not identified its trade secrets with sufficient particularity is not only baseless, but also irrelevant to issues regarding compliance with the Order.

Further, the March 11 Order required Skyryse to turn over not just identical copies of Moog's non-public information, but also any of Moog's data that has been "integrated, combined, inserted, modified, updated, upgraded or otherwise used by any Defendant."

**C.     On March 17, 2022, Skyryse Requests Information It Already Had for 9 Days**

On March 17, 2022, Skyryse's counsel sent an e-mail to Moog's counsel requesting: "To facilitate the procedures contemplated by the March 11, 2022 stipulation, we ask that Plaintiff promptly provide us with hash values, all file names, and any unique identifiers for each file Plaintiff alleges Defendants wrongfully acquired." (*See* Exhibit A). Skyryse made this request

**SheppardMullin**

Rory S. Miller, Esq.
Mitchell J. Popham, Esq.
Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 4, 2022
Page 4

notwithstanding the fact that it had, as of March 8, 2022, the file names and several other categories of unique identifiers for each of the 136,994 files copied by Ms. Kim on November 19, 2021.

Later that same day, Moog's counsel advised Skyryse's counsel of the information contained in the File Log served to Skyryse on March 8, 2022, and further stated: "As a courtesy, we will also work to get you the hash values for the files." (*Id.*).

**D.    On March 21, 2022, Moog Identifies an Additional Approximately 1.2 Million Moog Files Copied by Mr. Pilkington**

On March 21, 2022, Moog sent a letter to counsel for all Defendants advising that it had recently discovered that: 1) on October 27, 2021 (the date Mr. Pilkington provided notice of his resignation from Moog), Mr. Pilkington copied approximately 1.1 million files of Moog proprietary and confidential data from his Moog-issued laptop onto an external hard drive; 2) on November 12, 2021 (Mr. Pilkington's last day at Moog), he copied approximately 130,000 additional files of Moog proprietary and confidential data from his Moog-issued laptop onto an external hard drive; and 3) the external hard drives involved in these acts are a Buffalo 1 TB Hard Drive, USB Serial Number AFDD0200107304; and a Samsung T7 Thumb Drive, Serial Number S5SCNS0R700159M. (*See* Exhibit B).

For obvious reasons, Mr. Pilkington, a current Skyryse employee, and his counsel are the best sources for information regarding the location and unique identifiers of these additional approximately 1.2 million files of Moog data. However, as yet another good faith effort to provide Skyryse with all available information, concurrently with this letter we are providing you with a log showing, among other things, folders copied by Mr. Pilkington on the above dates. As we advised in our March 21 letter, because Mr. Pilkington took efforts to conceal this data transfer, Moog is unable to recover the specific file names and unique identifiers associated therein. Because the hard drives used by Mr. Pilkington in these acts of copying are not available to Moog, it is providing all information it could recover from inspecting Mr. Pilkington's Moog-issued laptop computers.

**E.    On March 23, 2022, Moog Provides Available MD5 Hash Values in Good Faith**

On March 23, 2022, Moog's counsel sent a follow-up e-mail to Skyryse's counsel regarding its request for MD5 hash values. Therein, Moog:

- Advised that because "defendant Misook Kim herself accessed, copied, and stored the data at issue onto at least two external hard drives, of which one has never been provided to Moog and the other has been formatted and therefore wiped," "[t]he party who is most likely to have the information you are seeking is Misook Kim, not Moog." Therefore, Moog's counsel advised that Skyryse should request information regarding the hash values or other unique identifiers from Ms. Kim's counsel.

- Stated that "Ms. Kim manipulated, altered, and/or deleted the Moog data at issue. This conduct included intentionally formatting and wiping at least the Samsung Hard Drive onto

**SheppardMullin**

Rory S. Miller, Esq.
Mitchell J. Popham, Esq.
Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 4, 2022
Page 5

- which she copied 136,994 of Moog's files." Therefore, Moog "does not have these 136,994 files that Ms. Kim copied" and "therefore Moog does not have such files from which to create the hash values you request."

- In a good faith effort to provide Skyryse the information it requested, "searched for the 136,994 files on Ms. Kim's Moog-issued laptop computers using file name and partial file path." It was "able to find what may be corresponding files for approximately 62,000 of the 136,994 files that were not deleted and subsequently overwritten" and "generated hash values for these approximately 62,000 files" which was concurrently provided to counsel for all Defendants in a spreadsheet (the "Hash Log").

- Specifically cautioned Skyryse that "even if the approximately 62,000 files were the same as what Ms. Kim actually took, the attached hash values would still be of limited probative value at this stage" because "[a]fter Ms. Kim improperly copied all the data onto the Samsung Hard Drive, she may have edited any of these approximately 62,000 files on her laptop." Further, "if she edited any of the files on the Samsung Hard Drive after copying, those files would likewise generate a different hash value than the corresponding files she originally took from Moog." (Exhibit A).

In short, Moog has provided to date every piece of information in its possession, custody or control or that it could generate regarding the 136,994 files copied by Ms. Kim on November 19, 2021. While Moog made considerable efforts to generate hash values for the portion of the 136,994 files that were not deleted and subsequently overwritten, it advised Skyryse that the hash values are of limited probative value and cannot be relied in isolation to find such data (either in identical or derivative form) on Skyryse's systems.

**F.    Skyryse Has Not Complied with the March 11 Order**

Skyryse's Letter concludes it has complied with the March 11 Order. However, it is self-evident that Skyryse has not.

As set forth above, the March 11 Order required Skyryse to turn over on or before April 1, 2022: 1) "any and all originals and copies of all non-public information, documents, records, files, or data in that Defendant's possession, custody, or control"; and 2) any Skyryse data that has been "integrated, combined, inserted, modified, updated, upgraded or otherwise used by any Defendant" with Moog non-public information. (Order, § 2).

In purported compliance with these orders, Skyryse claims only: "Skyryse conducted a diligent search of Skyryse's files for Moog's purportedly non-public information. Among other things, Skyryse used the lists Moog provided to search the Skyryse-issued laptop used by R. Alin Pilkington." (Letter, p. 2). Skyryse gives no indication what any of these "other things" are. Skyryse gives no indication that it conducted any of the following measures to comply with the March 11 Order:

**SheppardMullin**

Rory S. Miller, Esq.
Mitchell J. Popham, Esq.
Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 4, 2022
Page 6

- Inquired with Ms. Kim and Mr. Pilkington as to the location, transmission, and use of Moog's non-public information after they copied such data upon departure from Moog and retained such information upon commencing employment with Skyryse;

- Searched Ms. Kim's Skyryse-issued laptop;

- Searched Ms. Kim's and Mr. Pilkington's Skyryse-issued phones or external devices;

- Searched any of Skyryse's internal systems, software database, document management systems;

- Searched any laptop device, phone, or external hard drive or USB device belonging to any individual other than Ms. Kim or Mr. Pilkington, including Gonzalo Rey or any of the other 20+ former Moog employees who now work for Skyryse.

- Undertook a meaningful search for copies of the files and systems described as trade secrets in Skyryse's complaint and moving papers, beyond simply running the hash values against Pilkington's laptop.

The foregoing is not meant to be an exhaustive list of the measures Skyryse must take to comply with the March 11 Order. Rather, these are the basic starting points that any good faith investigation must include. Given that Ms. Kim and Mr. Pilkington are the individuals who copied, manipulated, and deleted Moog data and retained possession of such data upon beginning employment at Skyryse, any investigation should begin by finding out from them or their counsel what they have done with Moog's data.

Instead, the Letter shows that Skyryse's investigation entailed waiting until the last second before searching only Mr. Pilkington's Skyryse-issued laptop for identical file names and hash values from the File Log and Hash Log. Skyryse appears to have primarily, if not solely, relied on the Hash Log to conduct its minimal search even though Moog clearly advised that the Hash Log is of limited probative value and cannot be relied upon in isolation. And, Moog never advised that each and every file listed in the File Log or Hash Log constitutes Moog's trade secrets or non-public information. Skyryse's purported investigation does not constitute the good faith and diligent search contemplated in the stipulated order.

Aside from hash values, Skyryse did not ask for any other information from Moog to assist its investigation. This conduct does not reflect good faith efforts, violates the March 11 Order, and gives Moog no assurance that all of its non-public information (direct or derivative) in Skyryse's possession, custody or control has been identified, preserved, and turned over to iDS. Skyryse's actions and inactions appear to leave Moog no choice but to swiftly raise these issues with the Court.

SMRH:4853-3514-5498

**SheppardMullin**

Rory S. Miller, Esq.
Mitchell J. Popham, Esq.
Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 4, 2022
Page 7

### G.     Skyryse's Admissions That it has Acquired Moog's Non-Public Information

Notwithstanding Skyryse's failure to comply with the March 11 Order in good faith, the Letter conclusively establishes that Skyryse has thousands of Moog files in its possession.

The Letter admits that Ms. Kim transferred Moog non-public data from the devices in Section 4 of the Order to her Skyryse-issued laptop. (Letter, p. 1). The Letter further admits that Skyryse located 11,093 files on Mr. Pilkington's Skyryse's issued laptop that identically matched the hash values in the Hash Log provided by Moog on March 23, 2022. (Letter p. 2). Thus, it is evident that Skyryse has acquired Moog's non-public information and/or trade secret data, and that such data has infiltrated Skyryse's systems. This reality flies in the face of Skyryse's legal filings to date, including its two motions to dismiss filed on March 29, 2022, which repeatedly claim that Skyryse has done nothing wrong, Ms. Kim and Mr. Pilkington acted in isolation, and Skyryse has not acquired, used, or disclosed Moog's non-public information and/or trade secrets.

Skyryse's attempts to downplay and deflect from the significance of its possession of thousands of Moog files is striking. Notably, the Letter is completely silent about the contents of Ms. Kim's Skyryse-issued laptop, and the quantity and nature of Moog non-public information contained therein. Moog looks forward to the imaging and inspection of that device.

Next, Skyryse claims that the Moog File Log "contains many thousands of files with generic filenames readily found in non-Moog file systems." (*Id*.). It also claims that "the vast majority (if not all) of the 11,093 files are not subject to production of the March 11 Order" because they purportedly do not contain "non-public information." (*Id*.). Yet, Skyryse could only conclusively point to one file out of 11,093 that purportedly contains public information. (*Id*.). Skyryse has simply provided no evidence or justification that "many thousands" or the "vast majority" of the 11,093 files turned over by Skyryse contain public or non-Moog information. The fact that Skyryse has turned over 11,093 files in purported compliance with the March 11 Order suggests, on its face, that all or substantially all of such files contain Moog non-public information.

Skyryse's claim that "it is not feasible" to "evaluate conclusively all 11,093 files" also lacks justification. Skyryse evidently had the capacity to search such files to hand-pick the one example that purportedly is publicly available. Skyryse has had the File Log since March 8, 2021, and knowingly stipulated to the March 11 Order and the 21 day turnaround obligations therein. Skyryse cannot, on the one hand, stipulate to an order with a 21 day deadline but, on the other hand, complain that it could not properly comply with the stipulated order because of the 21 day deadline. It is evident that the two Skyryse-issued laptops and 11,093 files turned over by Skyryse are just the tip of the iceberg of Moog's data in Skyryse's possession.

### H.     The Individual Defendants' Failure to Provide Any Information

Of further concern is that Moog has received no specific information whatsoever from counsel for the Individual Defendants regarding their efforts to comply with the March 11 Order. The only information provided to Moog to date is that certain of the Individual Defendants' personal devices have been turned over to iDS. Counsel for the Individual Defendants has not

SMRH:4853-3514-5498

**SheppardMullin**

Rory S. Miller, Esq.
Mitchell J. Popham, Esq.
Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 4, 2022
Page 8

even provided a list of devices that was turned over. There has been no indication whatsoever that the Individual Defendants have consulted with Skyryse, their employer, to identify the manner and locations in which Moog data has infiltrated Skyryse's systems. There is no justification for a lack of collaboration between Skyryse and the Individual Defendants to comply with the March 11 Order and turn over all Moog non-public information (direct or derivative).

I.  **The March 11 Order Did Not Require the Turn Over of Any Skyryse Data**

On April 4, 2022, Skyryse's counsel sent an e-mail claiming that "before iDS accesses the data and devices delivered to it by defendants, the parties will need to enter into a protective order and protocol that protects the parties' proprietary information." (*See* Exhibit C). Moog does not disagree with this position. However, Skyryse doubles down on the statements in its April 1 Letter claiming it has "not been able to confirm whether the data Skyryse provided to the neutral forensics firm actually includes Moog's non-public information." (Emphasis in original). Skyryse also argues that "defendants have turned over data and devices containing Skyryse's non-public and proprietary information. Skyryse will not permit any form of access, search, or analysis that does not provide the appropriate protections for Skyryse's data." (*Id*.). As we understand this statement, Skyryse is not saying that its information has been integrated with Moog's non-public information, but rather that it merely exists on the same devices on which Moog's information exists – the devices that Skyryse turned over to iDiscovery.

Notably, the March 11 Order does not require or address the turnover of any of Skyryse's non-public or proprietary information. Indeed, the TRO's stated purpose is to return Moog's non-public information, not produce Skyryse's own materials. Skyryse has apparently turned over this information on its own volition, and this uncalled for provision of information cannot be used as a basis to stall the inspection of Moog's non-public information which was turned over by Skyryse and the Individual Defendants.

J.  **Immediate Resolution is Required Before Judicial Intervention**

On or before 5:00 p.m. EST on Wednesday April 6, 2022, Moog demands:

1. Skyryse describe in detail the manner in which it searched Ms. Kim's Skyryse-issued laptop for Moog non-public information and the results of such search;

2. Skyryse identify all electronic devices it searched (including by USB serial number) in purported compliance with the March 11 Order (including but not limited to all desktop computer devices, laptop devices, cell phones, USB drives, and external hard drives), and describe in detail the manner in which such devices were searched (e.g., search terms used, what metadata was searched, etc.);

3. Skyryse identify all systems, networks, software databases, document repositories, and other similar systems it searched in purported compliance with the March 11 stipulated order;

**SheppardMullin**

Rory S. Miller, Esq.
Mitchell J. Popham, Esq.
Josh Krevitt, Esq.
Kate Dominguez, Esq.
April 4, 2022
Page 9

4.  Skyryse provide the names, file paths, and hash values of the 11,093 matched files identified on Pilkington's Skyryse-issued laptop;

5.  Skyryse describe in detail the efforts it has taken to search for the over 1.2 million files of Moog data coped by Mr. Pilkington on October 27, 2021 and November 12, 2021, including an identification of all electronic devices and systems searched (including by USB serial number) and search methodologies used (e.g., search terms used, what metadata was searched, etc.);

6.  The Individual Defendants describe in detail the steps they took to comply with the March 11 Order, including an identification of all electronic devices searched (including by USB serial number) and search methodologies used (e.g., search terms used, what metadata was searched, etc.);

7.  Skyryse and the Individual Defendants turn over to iDS all additional Moog non-public information that was not previously turned over by the April 1, 2022 deadline;

8.  Skyryse and the Individual Defendants identify any and all hard drives, computers, electronic devices, electronic media, documents, and materials that have been preserved in compliance with the March 11 Order.

If Defendants are not willing to provide all requested information within the time stated, then Moog requests that Defendants' counsel provide their availability for a telephonic meet and confer to take place on or before 5:00 p.m. EST on Wednesday, April 6, 2022. If all these issues are not resolved by close of business Wednesday, Moog will be forced to raise these issues with the Court and, among other things, seek a Court order requiring Defendants to provide the requested information and conduct certain, specific steps to comply with the March 11, 2022 Order. Such steps will be necessary to preserve the integrity of the Court's Order. All rights are expressly reserved.

Very truly yours,

Rena Andoh
for SHEPPARD MULLIN RICHTER & HAMPTON LLP


cc:   Travis Anderson, Esq.
      Lai L. Yip, Esq.
      Kazim A. Naqvi, Esq.
      Robert J. Fluskey, Jr., Esq.
      Melissa N. Subjeck, Esq.

SMRH:4853-3514-5498

# EXHIBIT A

**From:** Kazim Naqvi
**Sent:** Wednesday, March 23, 2022 5:02 PM
**To:** 'Goeke, Justine' <JGoeke@gibsondunn.com>; 'Dominguez, Kate' <KDominguez@gibsondunn.com>; 'Miller, Rory' <Rory.Miller@lockelord.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; 'Fluskey Jr., Robert J.' <RFluskey@hodgsonruss.com>; 'Subjeck, Melissa N.' <MSubjeck@hodgsonruss.com>; 'Muto, Pauline T.' <pmuto@hodgsonruss.com>; 'Popham, Mitchell' <MPopham@lockelord.com>; 'Kaounis, Angelique' <AKaounis@gibsondunn.com>; 'tflynn@harrisbeach.com' <tflynn@harrisbeach.com>; 'Krevitt, Josh' <JKrevitt@gibsondunn.com>; Lai Yip <LYip@sheppardmullin.com>
**Subject:** RE: Moog v. Skyryse (22-cv-187) - Forensics Firm

Justine—

I am following up on my e-mail below regarding Skyryse's request that Moog provide hash values for "each file Plaintiff alleges Defendants wrongfully acquired."

As a threshold matter, defendant Misook Kim herself accessed, copied, and stored the data at issue onto at least two external hard drives, of which one has never been provided to Moog and the other has been formatted and therefore wiped. The party who is most likely to have the information you are seeking is Misook Kim, not Moog. Therefore, her counsel would be the best source from which to obtain hash values or other unique identifiers for the Moog data she took upon departure. We suggest you request such information directly from Locke Lord.

Second, as set forth in detail in Moog's Complaint, Motion for Preliminary Injunction, and accompanying papers, Ms. Kim manipulated, altered, and/or deleted the Moog data at issue. This conduct included intentionally formatting and wiping at least the Samsung Hard Drive onto which she copied 136,994 of Moog's files. As a result, Moog does not have these 136,994 files that Ms. Kim copied onto the Samsung Hard Drive (again, because she wiped those files from the drive) and therefore Moog does not have such files from which to create the hash values you request.

In a good faith effort to work with you on providing what you requested, however, we have searched for the 136,994 files on Ms. Kim's Moog-issued laptop computers using file name and partial file path. We were able to find what may be corresponding files for approximately 62,000 of the 136,994 files that were not deleted and subsequently overwritten. (Ms. Kim apparently deleted the remainder of the 136,994 files on her Moog-issued laptop after she copied them and those deleted files were subsequently overwritten and are therefore not recoverable.) We generated hash values for these approximately 62,000 files, which are in the attached Excel spreadsheet. The password will be sent separately. To be clear, we made a good faith effort to find corresponding files that were intact and could be hashed, but cannot guarantee that they are an exact match to what Ms. Kim actually took.

However, we note that even if the approximately 62,000 files were the same as what Ms. Kim actually took, the attached hash values would still be of limited probative value at this stage. After Ms. Kim improperly copied all the data onto the Samsung Hard Drive, she may have edited any of these approximately 62,000 files on her laptop. As you probably know, a difference of even a single character in any file changes the hash value of that file. Therefore, the hash value of a file on her laptop may not match the hash value of the corresponding file she copied onto the Samsung Hard Drive. Moreover, if she edited any of the files on the Samsung Hard Drive after copying, those files would likewise generate a different hash value than the corresponding files she originally took from Moog.

In summary, as set forth below, Moog provided Skyryse on March 8, 2022 with, among other things, file names, file path, and file size of each of the 136,994 Moog files referenced in the Complaint. And, it has now provided hash values for over 62,000 of the corresponding files from Ms. Kim's Moog-issued laptop (subject to the caveats regarding usability or lack thereof identified above).  As noted previously, Skyryse has more than enough information to satisfy its compliance obligations under the March 11, 2022 stipulated order.

Thank you,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Kazim Naqvi
**Sent:** Thursday, March 17, 2022 7:43 PM
**To:** 'Goeke, Justine' <JGoeke@gibsondunn.com>; Dominguez, Kate <KDominguez@gibsondunn.com>; Miller, Rory <Rory.Miller@lockelord.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Fluskey Jr., Robert J. <RFluskey@hodgsonruss.com>; Subjeck, Melissa N. <MSubjeck@hodgsonruss.com>; Muto, Pauline T. <pmuto@hodgsonruss.com>; Popham, Mitchell <MPopham@lockelord.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; tflynn@harrisbeach.com; Krevitt, Josh <JKrevitt@gibsondunn.com>
**Subject:** RE: Moog v. Skyryse (22-cv-187) - Forensics Firm

Hi Justine—

We are not agreeable to using Stroz as the third-party forensics firm.  We are fine with iDiscovery Solutions.  Please confirm your agreement to moving forward with iDiscovery Solutions.

Regarding your second request, Skyryse was served with the information you requested on March 8, 2022 along with the Complaint and other filings. Specifically, Ex. A to the Declaration of Ian Bagnald contains a file log for the data at issue in the Complaint which, among other things, provides the file names (column J), file path (column K), and file size (column L). This log was provided on a thumb drive that was served on all Defendants. This information is sufficient for Defendants to comply with the March 11, 2022 stipulated order. As a courtesy, we will also work to get you the hash values for the files.

Thank you,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Thursday, March 17, 2022 2:04 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Dominguez, Kate <KDominguez@gibsondunn.com>; Miller, Rory <Rory.Miller@lockelord.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Fluskey Jr., Robert J.

<RFluskey@hodgsonruss.com>; Subjeck, Melissa N. <MSubjeck@hodgsonruss.com>; Muto, Pauline T. <pmuto@hodgsonruss.com>; Popham, Mitchell <MPopham@lockelord.com>; Kaounis, Angelique <AKaounis@gibsondunn.com>; tflynn@harrisbeach.com; Krevitt, Josh <JKrevitt@gibsondunn.com>
**Subject:** Moog v. Skyryse (22-cv-187) - Forensics Firm

Kazim, Rena:

In follow-up to our discussion during Tuesday's meet-and-confer, we propose Stroz for the third-party forensics firm described in the March 11, 2022 stipulation.  Of the three forensics firms Plaintiff proposed, we would be willing to consider iDiscovery Solutions, but believe Stroz is best situated.

To facilitate the procedures contemplated by the March 11, 2022 stipulation, we ask that Plaintiff promptly provide us with hash values, all file names, and any unique identifiers for each file Plaintiff alleges Defendants wrongfully acquired.

Please let us know if it would be helpful to discuss.

Regards,

Justine


**Justine Goeke**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.5372 • Fax +1 212.817.9472
JGoeke@gibsondunn.com • www.gibsondunn.com

**EXHIBIT B**

# SheppardMullin

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
www.sheppardmullin.com

212.634.3092 direct
randoh@sheppardmullin.com
File Number: 02HL-350124

March 21, 2022

**VIA E-MAIL ONLY**

Rory S. Miller, Esq.  rmiller@lockelord.com
Mitchell J. Popham, Esq.  mpopham@lockelord.com
LOCKE LORD LLP
300 S. Grand Avenue, Suite 2600
Los Angeles, California 90071

Josh Krevitt, Esq.  jkrevitt@gibsondunn.com
Kate Dominguez, Esq.  kdominguez@gibsondunn.com
Angelique Kaounis, Esq.  akaounis@gibsondunn.com
GIBSON, DUNN, & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193

Re: *Moog Inc. v. Skyryse, Inc., et al.*
U.S. District Court, Western District of New York – Case No. 1:22-cv-00187
<u>Meet and Confer: Plaintiff's Responses to FHC's Interrogatories, Set Two</u>

Dear Counsel:

As you are aware, we are counsel for Moog Inc. ("Moog") with respect to the above-referenced lawsuit. Our ongoing investigation has recently revealed that, in addition to the substantial copying of Moog data performed by defendant Misook Kim as described further in the Complaint and Moog's Motion for Preliminary Injunction (and supporting papers), defendant Robert Alin Pilkington also copied large volumes of Moog proprietary and confidential data just before his departure from Moog and before joining defendant Skyryse, Inc.

Specifically, we have discovered that on October 27, 2021 (the date that Mr. Pilkington provided notice of his resignation from Moog), Mr. Pilkington copied ***approximately 1.1 million files*** of Moog proprietary and confidential data from his Moog-issued laptop onto an external hard drive. We have also discovered that on November 12, 2021 (Mr. Pilkington's last day at Moog), he copied ***approximately 130,000 additional files*** of Moog proprietary and confidential data from his Moog-issued laptop onto an external hard drive. The external hard drives involved in these acts are: 1) Buffalo 1 TB Hard Drive, USB Serial Number AFDD0200107304 (the "Buffalo Hard Drive"); and 2) Samsung T7 Thumb Drive, Serial Number S5SCNS0R700159M (the "Samsung Thumb Drive"). It further appears efforts were taken to conceal this data transfer by Mr. Pilkington, which rendered it difficult for Moog not only to discover the theft, but to fully identify the breadth of it. Our investigation remains ongoing.

As you can appreciate, Moog has serious concerns over these acts committed by Mr. Pilkington in conjunction with the previously identified acts of Ms. Kim. Though you should have

# SheppardMullin

Rory S. Miller, Esq.
Mitchell J. Popham, Esq.
March 21, 2022
Page 2

already done so pursuant to the temporary restraining order in this case and your general duties to preserve evidence relating to the pending claims in this case, you are hereby further put on notice of these duties and specifically instructed to preserve and isolate the Buffalo Hard Drive and Samsung Thumb Drive. They are not to be tampered, altered with, or connected to any other devices. No copies of the Buffalo Hard Drive or Samsung Thumb Drive, or any data therein, may be made.  We demand that these devices be turned over to Moog immediately, and no later than the deadlines imposed by the March 11, 2022 Stipulation and Order (ECF Nos. 25 and 28).  Again, the demands herein are already contemplated within and required under the March 11, 2022 Stipulation and Order, but we wanted to specifically advise you of these acts and the devices involved as soon as possible.

Should it be discovered that these devices have been tampered with, altered, connected to other devices, or copied in any manner, Moog reserves all rights including, but not limited to, a motion for sanctions, contempt, or spoliation. All rights are expressly reserved.

Very truly yours,

Rena Andoh
for SHEPPARD MULLIN RICHTER & HAMPTON LLP

SMRH:4874-3061-3526.2
4893-1923-8402.4

cc:   Travis Anderson, Esq.
      Lai L. Yip, Esq.
      Kazim A. Naqvi, Esq.
      Robert J. Fluskey, Jr., Esq.
      Melissa N. Subjeck, Esq., Esq.

**EXHIBIT C**

**From:** Goeke, Justine <JGoeke@gibsondunn.com>
**Sent:** Monday, April 4, 2022 11:10 AM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>
**Cc:** James Fazio <JFazio@sheppardmullin.com>; Popham, Mitchell <MPopham@lockelord.com>; Froehlich, Joseph <JFroehlich@lockelord.com>; Dominguez, Kate <KDominguez@gibsondunn.com>; Polka, Michael M. <MPolka@gibsondunn.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Townsend Bourne <tbourne@sheppardmullin.com>; Samplin, Ilissa <ISamplin@gibsondunn.com>; Miller, Rory <Rory.Miller@lockelord.com>
**Subject:** Moog v. Skyryse

Hi Rena, Travis:

Skyryse and the individual defendants delivered devices and data to the neutral forensics firm, iDS, on April 1, 2022, in conformity with the March 11 Order. ECF No. 25.

The March 11 Order further provides that the parties shall agree on a protocol for searching the information delivered to the forensics firm, or otherwise may submit a status report to the Court. We anticipate that Moog will request that any forensics protocol include a search for Moog's "non-public information." However, in order for the parties to reach agreement on an appropriately-tailored protocol, Moog must correct the misinformation and deficiencies identified in our April 1, 2022 letter—including Moog's incorrect categorization of seemingly public information as Moog's own non-public information.

Additionally, before iDS accesses the data and devices delivered to it by defendants, the parties will need to enter into a protective order and protocol that protects the parties' proprietary information. For the reasons explained in our April 1, 2022 letter, we have not been able to confirm whether the data Skyryse provided to the neutral forensics firm *actually includes Moog's non-public information*. But we do know that the defendants have turned over data and devices containing *Skyryse's* non-public and proprietary information. Skyryse will not permit any form of access, search, or analysis that does not provide the appropriate protections for Skyryse's data.

Please let us know if you would like to have a call to discuss.

Regards,

Justine Goeke


**Justine Goeke**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.5372 • Fax +1 212.817.9472
JGoeke@gibsondunn.com • www.gibsondunn.com