Exhibit D

**From:** Lai Yip <LYip@sheppardmullin.com>
**Sent:** Tuesday, April 12, 2022 1:16 PM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Kate Dominguez <KDominguez@gibsondunn.com>;
Justine Goeke <JGoeke@gibsondunn.com>; Michael M. Polka <MPolka@gibsondunn.com>; Josh Krevitt
<jkrevitt@gibsondunn.com>; Angelique Kaounis <AKaounis@gibsondunn.com>;
tflynn@harrisbeach.com; Samplin, Ilissa <ISamplin@gibsondunn.com>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>;
Robert J. Fluskey <RFluskey@hodgsonruss.com>; Melissa N. Subjeck <MSubjeck@hodgsonruss.com>;
Pauline T. Muto <pmuto@hodgsonruss.com>
**Subject:** RE: Moog vs. Skyryse, et al

Counsel,

This email follows on Rena's email below and addresses search terms:

## Search for "Moog"

With respect to your search for "Moog," we want to emphasize Rena's comments that the term
should be searched across all of Skyryse's systems, including the devices of your employees.  On
our call on Thursday, you indicated you searched for "Moog" only across the 11,000 or so
documents that matched file names or hash values on Mr. Pilkington's Skyryse-issued
laptop.  This is inadequate.

As we have discussed, limiting your prior search to file names and hash values was inadequate to
begin with because, among other things, they do *not* capture: (1) files that were copied over
where the file names were subsequently changed to obfuscate the theft; (2) files that were
modified even by a single character after the copying, whether the modification occurred on the
source device (thereby changing the hash value we generated) or on the destination device
(thereby changing the hash value you generated); (3) the copying of just snippets of a file; and
(4) the misappropriating use of a Moog file that does not involve verbatim word-for-word
copying, but instead the referencing of Moog files in order to adapt processes and checklists
(e.g., for requirements, testing, verification), artifacts, design, etc.  Your search for file names
and hash values misses all of the foregoing, rendering the 11,000 hits totally insufficient.  You
also limited this search to Mr. Pilkington's Skyryse-issued laptop, which is also insufficient.

Thus, while we are interested in knowing which of these 11,000 files contain the term "Moog," it
would be completely inappropriate for defendants to take the position that *only* such files are
relevant to this case.  The search for "Moog" must be run across all of Skyryse's systems,
including the devices of your employees.  As Rena mentioned below, please use wildcards on the
beginnings and ends of search terms; also, "Moog" should not be case-sensitive when run.

Note that we checked with the client and while many of Moog's source code files have the word
"Moog" in the headers, many source code files may not (such as many written in Python).

## Other Search Terms

Per our discussions last week, the below are additional terms to search across all of Skyryse's systems, including the devices of your employees.  These terms are not limiting.  In particular, we note that searching for these terms (or any set of search terms) would not adequately capture what we believe is perhaps the likeliest misappropriating use of the material—referencing Moog files in order to adapt processes and checklists (e.g., for requirements, testing, verification), artifacts, design, etc., without necessarily verbatim word-for-word copying.  Likewise, searching for terms would not capture a situation where a portion of a file was copied and then distinctive terms (e.g., names of projects, variables, and functions) are changed to obfuscate the theft or adapt the copied portion to Skyryse's systems.  We provide these search terms solely because Kate asked on Thursday's meet and confer for ways that Skyryse and its counsel can search for potentially relevant files on Skyryse's system and devices.  But Skyryse has its own obligation to consult with its current employees, e.g., Pilkington and Kim, to identify search parameters; they are the ones who stole Moog's files, and they worked at Moog for many years and have relevant technical background to provide you with search parameters.  Also, as we will further explain in our upcoming correspondence about the inspection protocol, effectively identifying misappropriated material must involve human review and judgment of documents based on relevant technical experience (not merely the mechanical search for terms).

Subject to the above caveats, here are search terms, which we reserve the right to supplement or revise at any time.  These terms should be treated as confidential, and the search should be run with wildcards at the beginning and end of each term.  Terms highlighted <mark>yellow</mark> can be run as case-sensitive.

<mark>#include "AIO.h"</mark>
<mark>#include "DIO.h"</mark>
<mark>#include "eRTOS.h"</mark>
<mark>AIN</mark>
<mark>Ain</mark>
<mark>AMP</mark>
<mark>APPL_SCHD</mark>
<mark>BSP_AIO</mark>
<mark>BSP_DIO</mark>
Bullseye Coverage
<mark>CCDL</mark>
<mark>CCM</mark>
Dakota
<mark>Din</mark>
eRTOS
<mark>FRM</mark>
MDTE
<mark>MITC</mark>
MRE
NEO
PeekPoke
<mark>Platform</mark>
Raven
<mark>SCHD</mark>

TBool
TBSP
TFloat32
Tint32
TUInt16
TUInt32
TUInt64
V280

Please provide us with the hit counts and file names for the above searches, and the parameters under which they were run, no later than COB Thursday.

Regards,

Lai  L. Yip
+1 415-774-3147 | direct
LYip@sheppardmullin.com | Bio

SheppardMullin
Four Embarcadero Center, 17th Floor
San Francisco,  CA 94111-4109
+1 415-434-9100 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Rena Andoh <RAndoh@sheppardmullin.com>
**Sent:** Monday, April 11, 2022 1:30 PM
**To:** Kate Dominguez <KDominguez@gibsondunn.com>; Justine Goeke <JGoeke@gibsondunn.com>; Michael M. Polka <MPolka@gibsondunn.com>; Josh Krevitt <jkrevitt@gibsondunn.com>; Angelique Kaounis <AKaounis@gibsondunn.com>; tflynn@harrisbeach.com
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Robert J. Fluskey <RFluskey@hodgsonruss.com>; Melissa N. Subjeck <MSubjeck@hodgsonruss.com>; Pauline T. Muto <pmuto@hodgsonruss.com>
**Subject:** Moog vs. Skyryse, et al

Kate,

I'm following up from the conference on Friday on several matters.

First, Josh told Judge McCarthy that you were going to provide us with full and transparent information regarding all of our bullet points under the third enumerated request for relief contained on page 7 of our April 7 letter to the Court.  We ask that you provide all of this information no later than close of business Wednesday so that we have sufficient time to meet and confer prior to our April 19 joint submission deadline.

Further to Josh's point on transparency, as a follow up to our meet and confer on Friday at noon, and as part of your additional information regarding your compliance with the Stipulated Order, we would like to know how you ran the search term "Moog" across Skyryse's systems.  For example, did you run the

term with a wildcard, or as a full word search only?  We would also like the file names of the 100 or so hits that you referenced as soon as possible so that we can review them.

Next, with respect to the AEO provision, my understanding is that you rejected our proposal, by which any identified deponent would have access to view and review AEO materials that they were an author, sender or recipient of at their counsels' offices for a period of 72 hours prior to deposition.  We believe that addresses your only stated concern with respect to viewing AEO materials, namely that you wanted to be able to prepare witnesses for deposition.  Assuming that I am correct that you rejected our proposal, please provide a counterproposal as quickly as possible so that we don't lose more time prior to the April 19 deadline.

Finally, we will respond to you under separate cover in more detail regarding the forensic protocol.  As you know, both from our meet and confer and Lai's email to iDiscovery, your proposal has no relationship to what we agreed to in the Stipulated Order and is a total nonstarter.

We are available to meet and confer on all of these issues.


Regards,
Rena


**Rena Andoh**
+1 212-634-3092 | direct
RAndoh@sheppardmullin.com | Bio

**SheppardMullin**
30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter