# Exhibit B

**From:** Kazim Naqvi
**Sent:** Tuesday, June 28, 2022 9:34 PM
**To:** 'julianne.osborne@lw.com' <julianne.osborne@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; green.a@wssllp.com; Lai Yip <LYip@sheppardmullin.com>; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com; RFluskey@hodgsonruss.com; Travis Anderson <TAnderson@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; tflynn@harrisbeach.com; truitt.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Juli:

- RFP 10 – confirmed that Moog will produce any non-privileged documents regarding attrition among the group of employees at issue within the past five years generally speaking, to the extent any such documents exist.

- RFP 11 – We disagree with your assertion that Moog sat "on this proposal for over two weeks." As we mentioned to you, we investigated the issues and available documents. We have agreed to produce responsive documents. We again note that Skyryse has taken over 6 weeks to serve supplemental responses which added just a few sentences.

  The documents we have agreed to produce naturally include information about the purpose, content, duration, and cessation of any such projects (if any). However, we cannot agree to produce documents sufficient to show the purpose or content of all of Moog's projects related to automated helicopter flight. This would require, for example, the production of every single R&D, technical document, etc. involved in such projects. This is overbroad, not relevant to the claims and defenses in the case, and not proportional to the needs of the case.

- RFP 5 – we have explained our position many times. We have already clarified that we are at an impasse.

Thank you,
Kazim



**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Monday, June 27, 2022 5:22 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; green.a@wssllp.com; Lai Yip <LYip@sheppardmullin.com>; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com; RFluskey@hodgsonruss.com; Travis Anderson <TAnderson@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; tflynn@harrisbeach.com; truitt.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Kazim,

We respond to your email below regarding Moog's responses to Skyryse's RFPs.

- **RFP No. 10** – The limitation to employees *who worked on Moog's flight control software* was inadvertently omitted and we had no intention of modifying what we proposed on June 9th. That aside, your email does not respond to the key point in our Friday email following our meet-and-confer call. As we stated in that email and on our call, Moog's production responsive to RFP No. 10 must include documents regarding attrition among this group of employees ***generally-speaking*** (i.e., not related to any single employee) – for example, presentations to the board regarding general patterns of attrition among this group of employees, or communications regarding causes of or solutions for this attrition. Please confirm that it will, otherwise we intend to move on this.

- **RFP No. 11** – In the spirit of compromise and to advance expedited discovery, we have already significantly narrowed the scope of RFP No. 11 to permit documents "sufficient to show the nature, scope, purpose, content, and duration of Moog's internal research, programs, and projects related to automated helicopter flight, including but not limited to, the cessation of any research, programs, and projects." After sitting on this proposal for over two weeks, Moog finally responded on Friday that it will only produce "documents sufficient to show the ***nature*** and ***scope*** of Moog's programs and projects related to automated helicopter flight," but not the ***purpose***, ***content, duration***, and ***cessation*** of any such projects. Moog's agreement to produce only a small subset of what is called for by this RFP, even after it was significantly narrowed, is unacceptable. Please explain your basis for withholding the documents regarding the purpose, content, duration, and cessation of any such projects. If Moog refuses to produce these documents after Skyryse's reasonable proposal to narrow the request, we will move to compel.

- **Alin Pilkington Exit Documents** – Given Moog's refusal to answer whether it has *already* produced Mr. Pilkington's exit checklist and related departure documents, or *cannot locate* these documents, we can only conclude that it is the latter. Should Moog later produce any such documents or attempt to rely on them at trial, we will move for the evidence to be excluded pursuant to FRCP 37(c)(1).

Additionally, and related to our discussions regarding Skyryse's RFP No. 5, we understand from the parties' correspondence and meet-and-confers that Moog's position on RFP No. 15 is similar to its position on RFP No. 5 – that Moog cannot be expected to produce all responsive documents because its trade secrets "go back 15 years" and involve "millions of files." Instead, you have only agreed that Moog will produce documents "sufficient to show Moog's efforts to protect the secrecy of its trade secrets at issue." Given the positions you have articulated in our meet-and-confers, however, including, for example, your unwillingness to produce, at a minimum, all confidentiality policies and NDAs applicable to the trade secrets at issue, which would be responsive to both RFP Nos. 5 and 15, we fail to see how the documents Moog has agreed to produce would actually be "sufficient to show" its efforts to protect the alleged trade secrets. Please confirm that we understand your position correctly.

Thanks,
Juli

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, June 24, 2022 7:10 PM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; green.a@wssllp.com; Lai Yip <LYip@sheppardmullin.com>; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com; RFluskey@hodgsonruss.com; Travis Anderson <TAnderson@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; tflynn@harrisbeach.com; truitt.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Juli:

This responds to your e-mail below.

- RFP No. 1 – I do not agree with the entirety of your summary. Regardless, Moog has produced any documents that it has come across in the course of its investigation that refute its allegations, whether or not those documents are responsive to other RFPs, and will continue to do so.

- RFP No. 5 – I strongly disagree with your characterization of our call. But, I agree we are at an impasse.

- RFP No. 10 – Your summary is not accurate and omits a key point. Moog agrees to produce non-privileged documents that could be located in its possession, custody or control sufficient to show the attrition of employees from its aircraft controls business segment in the last 5 years **who worked on Moog's flight control software**, including documents showing the identities and dates of such departed employees, and the reasons why they left, to the extent they exist. The bolded part above was part of Skyryse's prior proposal, and so it must be included.

- RFP No. 11 – Moog will agree to produce documents sufficient to show the nature and scope of Moog's programs and projects related to automated helicopter flight.

- Alin Pilkington Agreements/Exit Documents – it is unclear what you are moving to compel. We have advised that we have not withheld any documents and have produced all non-privileged documents in Moog's possession, custody or control that could be located after a reasonable and diligent search. That is Moog's discovery obligation and it has complied with it.

Thank you,
Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336