# Exhibit A

```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------x          22-CV-187(LJV-JJM)
MOOG INC.,
                    Plaintiff,
vs.
                                        Buffalo, New York
SKYRYSE, INC., et al.,                  June 16, 2022

                    Defendants.
-----------------------------x
```
**TELEPHONIC CONFERENCE**

```
                   TRANSCRIPT OF PROCEEDINGS
           BEFORE MAGISTRATE JUDGE JEREMIAH J. MCCARTHY
                  UNITED STATES MAGISTRATE JUDGE

FOR PLAINTIFF:       SHEPPARD MULLIN RICHTER & HAMPTON LLP
(Via Zoom.gov)       BY:  RENA ANDOH, ESQ.
                     BY:  LAI LAM YIP, ESQ.
                     BY:  KAZIM A. NAQVI,ESQ.
                           -and-
FOR PLAINTIFF:       HODGSON RUSS LLP
(Via Zoom.gov)       BY:  ROBERT J. FLUSKEY, JR.,ESQ.


FOR DEFENDANT:       LATHAM & WATKINS LLP
(Skyryse)            BY:  GABRIEL S. GROSS, ESQ.
(Via Zoom.gov)       BY:  DOUGLAS E. LUMISH, ESQ.
                           -and-
FOR DEFENDANT:       HARRIS BEACH LLP
(Skyryse)            BY:  TERRANCE P. FLYNN, ESQ.
(Via Zoom.gov)

FOR DEFENDANT:       WINGET, SPADAFORA & SCHWARTZBERG LLP
(Pilkington/Kim)     BY:  ANTHONY D. GREEN, ESQ.
(Via Zoom.gov)       BY:  ALEXANDER ASHER TRUITT, ESQ.

ALSO PRESENT:        JERI LOONEY, GENERAL COUNSEL - SKYRYSE

TRANSCRIBER:         Diane S. Martens
                     dimartens55@gmail.com
```

Case 1:22-cv-00187-LJV-JJM   Document 190-2   Filed 07/11/22   Page 3 of 8

15

Moog vs. Skyryse, et al. - 22-CV-187

1     **MR. NAQVI:**  No, your Honor, I think we've addressed it.
2  Thank you.
3     **MAGISTRATE JUDGE MCCARTHY:**  Okay.  Well, you've done
4  very well so far.  All right.
5         Then Paragraph two regarding the supplementation to
6  interrogatories two through ten and that's request for
7  admissions one through three, Moog's position is they haven't
8  been supplemented.
9         Mr. Gross, you wish to speak to that?
10    **MR. GROSS:**  Sure.  I think that Moog just misreads the
11  statement by Skyryse's prior counsel.  At the time the
12  statement was made, there were ten interrogatories
13  outstanding, numbers one through ten; there were three
14  requests for admission outstanding, one through three.  I
15  think interrogatory number one had already been supplemented
16  at that point.
17         So counsel committed to supplementing what was left,
18  which was as, you know, as needed, which was interrogatories
19  two through ten and requests for admissions one through
20  three.
21         We've worked on those with our client.  We supplemented
22  the responses within there that were appropriate to
23  supplement.  They all didn't require supplementation at this
24  point.  So we have supplemented what needed to be
25  supplemented.  And if over the course of discovery we find

Case 1:22-cv-00187-LJV-JJM   Document 190-2   Filed 07/11/22   Page 4 of 8

18

Moog vs. Skyryse, et al. - 22-CV-187

1  supplementation.  And so if that's the case, you know, we
2  will evaluate and, if necessary, we'll have to file a motion
3  to the Court.
4      **MAGISTRATE JUDGE MCCARTHY:**  Okay.  Well, yeah, and you
5  reserve your rights.  And obviously I'm not drilling down to
6  the extent of deciding whether a particular discovery
7  response needed supplementation or did not need
8  supplementation but Mr. Gross has clarified at this point
9  that they've supplemented what they believe needs
10 supplementation and if you feel that there is something else
11 that should have been supplemented, you, as you just
12 indicated, bring a motion to compel.
13     But I suggest that the parties before doing so, again,
14 meet and confer.  Believe me, I'm cognizant of the fact that
15 there's a lot to be done between now and October when the
16 preliminary injunction hearing is scheduled to take place.
17 And I want to move this along as quickly as reasonably
18 possible.  But I think we're just going to have to leave that
19 issue on the table for now.
20     By the way, one of the other issues I wanted to raise
21 with the parties is I think you should -- or maybe you
22 already have, but I think you should check with Judge
23 Vilardo's chambers to get a firm date in October.  I think
24 mentioned -- or somebody's mentioned October 17th to commence
25 but whether that date is locked in stone as far as he's

Case 1:22-cv-00187-LJV-JJM Document 190-2 Filed 07/11/22 Page 5 of 8

36

Moog vs. Skyryse, et al. - 22-CV-187

1  can't do that.  It can take the investigation it wants.
2      To reiterate:  We preserved all the evidence that's
3  potentially relevant in the company's possession, custody and
4  control and issued instructions to do the same to all the
5  relevant employees.
6      **MAGISTRATE JUDGE MCCARTHY:**  All right.  I think I'm
7  going to leave it at that for present time.
8      To repeat, I guess, for the third time, my view is
9  Skyryse does have control over employees' individual devices,
10 to the extent of directing them to preserve all information
11 relevant to this case.  It cannot say it -- and it has not,
12 is not currently saying -- that it doesn't have that control.
13     In terms of how a search would be made for information,
14 I just, I got to suggest that the parties continue to meet
15 and confer on that and bring it back to me if it can't be
16 finalized.
17     But I will say I do see some proportionality issues here
18 that might be involved as well as the need to protect
19 privacy.  You know, it's come up in an unrelated situation.
20 I'm sure you all read the Supreme Court apparently is asking
21 its clerks to turn over their, or allow searches of their
22 cell phones and that implicates some serious privacy
23 concerns.  I don't know how that's all going to shake out.
24     But, obviously, private information unrelated to this
25 lawsuit cannot be compelled but information that is related

Case 1:22-cv-00187-LJV-JJM  Document 190-2  Filed 07/11/22  Page 6 of 8

38

Moog vs. Skyryse, et al. - 22-CV-187

1    **MR. NAQVI:**  Your Honor, if I may.

2    **MAGISTRATE JUDGE MCCARTHY:**  Yeah, go ahead.

3    **MR. NAQVI:**  Yes, I think, you know, Moog appreciates
4  that a sample was run but over 11,500 files have been sent to
5  IDS.  The March 11th order is very clear:  Moog non-public
6  information is to be presumptively turned over to Moog.  It's
7  only supposed to go to IDS if, quote, "delivery necessarily
8  includes property of any defendants."

9    And to date, you know, all we've heard from Skyryse is
10  that the information sent to I -- segregated files; I'm not
11  talking about the laptops and other devices -- that these
12  segregated files may contain Skyryse information, it can
13  possibly contain Skyryse information, they were pulled from
14  Skyryse devices.  That's not what the order requires.

15    And it's Moog's expectation that anything that does not
16  necessarily contain Skyryse information be sent directly to
17  Moog and we have not had that representation at all until
18  this point.  And a sample is fine.  We don't know if that
19  sample is five documents or ten documents but it's our
20  position that any document that does not necessarily include
21  Skyryse information should have been turned over to us months
22  ago.  And we think it should be turned over now.

23    **MR. GROSS:**  Your Honor, I don't know what documents
24  Mr. Naqvi is talking about.  We -- every, everything we
25  turned over hit on one of their search terms and to the best

Case 1:22-cv-00187-LJV-JJM Document 190-2 Filed 07/11/22 Page 7 of 8

43

Moog vs. Skyryse, et al. - 22-CV-187

1 and you'll be advised of that.
2     **MR. GREEN:** Absolutely. Thank you, your Honor.
3     **MAGISTRATE JUDGE MCCARTHY:** Rena, are you able to find
4 your wayward associate?
5     **MS. ANDOH:** I don't know if he's having computer issues
6 or not, your Honor. In the interest of not wasting
7 everybody's time, I can step in for now and hopefully he can
8 come right back on.
9     **MAGISTRATE JUDGE MCCARTHY:** All right. But let him know
10 that he did a fine job.
11     **MS. ANDOH:** I certainly will and, hopefully, he'll
12 finish the job.
13     **MAGISTRATE JUDGE MCCARTHY:** All right. There are limits
14 on my time, as well, and I appreciate all these issues are
15 important to everybody, as they are to me. But I just want
16 to maybe quickly move through the balance of the June 16th
17 letter with paragraph seven and the following issues.
18     I do tend to agree with Skyryse that the questions in
19 the April 27th letter were not in the form of interrogatories
20 and I think there should be some limits on what needs to be
21 formally responded to.
22     But notwithstanding that, Mr. Gross, I think you could
23 assume that, if need be, interrogatories will be served. So,
24 to the extent you can respond to this information without a
25 formal request, I encourage you to do so.

Case 1:22-cv-00187-LJV-JJM   Document 190-2   Filed 07/11/22   Page 8 of 8

Moog vs. Skyryse, et al. - 22-CV-187

45

1 to urge the Court to really consider the proportionality
2 issue.
3     **MAGISTRATE JUDGE MCCARTHY:**  Well, I --
4     **MS. ANDOH:**  Your Honor --
5     **MAGISTRATE JUDGE MCCARTHY:**  I --
6     **MS. ANDOH:**  Your Honor --
7     **MAGISTRATE JUDGE MCCARTHY:**  Wait.  Wait, wait, wait,
8 both of you.
9     I am not going to order that they -- that the responses
10 be verified but I am going to direct you to confer in good
11 faith and it may be down the road that there will be an
12 interrogatory notwithstanding limitations on it.  They can
13 always be exceeded.
14     So I would ask you, to the extent possible, Mr. Gross,
15 to treat them as formal requests and respond in an
16 appropriate manner but I'm not going to direct today that you
17 have to verify those answers.  That may be -- hopefully the
18 parties can work through that.  If not, it's an issue we can
19 take up when we reconvene again, okay.
20     **MR. GROSS:**  I understand, your Honor, thank you.
21     **MAGISTRATE JUDGE MCCARTHY:**  So let's -- today is
22 June 16th.  So I'm back the week of July 9th -- or, excuse
23 me, July 11th so I could do something the latter part of that
24 week, the 15th for example, or I could do something the
25 following week, whatever works for folks.