# Matthew Yusick

| | |
|---|---|
| **From:** | Rena Andoh <RAndoh@sheppardmullin.com> |
| **Sent:** | Monday, August 1, 2022 10:33 AM |
| **To:** | NYWDml_McCarthy PpO |
| **Cc:** | Travis Anderson; Lai Yip; RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; msubjeck@hodgsonruss.com; Tyler Baker; Doug.Lumish@lw.com; Gabe.Gross@lw.com; Joseph.Lee@lw.com; green.a@wssllp.com; truitt.a@wssllp.com; tflynn@harrisbeach.com; rdutta_hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; Kazim Naqvi; Eric Glynn |
| **Subject:** | Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.) |
| **Attachments:** | RE: Moog v. Skyryse |

**CAUTION - EXTERNAL:**

Dear Your Honor:

We write regarding a recent time sensitive issue that Moog believes requires the Court's input.

On Friday, July 29 at 4:16 p.m., counsel for the Individual Defendants (Mr. Green) instructed iDS to immediately suspend the parties' access to all of the Individual Defendants' devices, which the Individual Defendants' had previously produced, and which Moog had been in the process of inspecting pursuant to the Court-Ordered Inspection Protocol (ECF 96-02, 109). The justification provided for this new directive in contravention of the Inspection Protocol was that: "Fifth Amendment privilege issues have arisen that will require additional review of all of the Individual Defendants' devices in order to determine whether Fifth Amendment privilege needs to be asserted over any or all of the information within them."

As a result of Mr. Green's instruction, iDS cut off the parties' access to all iDS devices, and advised that it would begin the process on Monday to restore access to Skyryse devices only.

Moog vigorously opposes this act of self-help. As the Court likely recalls from the July 27 hearing, Moog did not have access to several of the Individual Defendants' devices because their attorneys were analyzing potential Fifth Amendment issues. With its instruction to IDS on Friday, the Individual Defendants' counsel severed Moog's access to ***all*** of the Individual Defendants' devices, even those devices that Moog was already in the process of reviewing. In so doing, the Individual Defendants unilaterally changed the status quo. Moog appreciates that the Court has set a briefing schedule on issues related to the Fifth Amendment or a potential stay. But the hearing on that motion is set for September, and no interim order has been requested, let alone entered. Moog's position is that the status quo regarding access to the Individual Defendants' devices should remain in place until the Court rules otherwise.

The Individual Defendants have no authority under the Inspection Protocol to remove access to devices that they have already made available by vaguely referencing potential "5th Amendment Issues." Federal courts hold that "[t]he Fifth Amendment privilege (like non-constitutional privileges and other non-privilege objections) may not be relied upon unless invoked in a timely fashion." *United Auto. Ins. Co. v. Veluchamy*, 747 F. Supp. 2d 1021, 1026 (N.D. Ill. 2010) (holding defendant's "failure to have timely raised a Fifth Amendment objection to discovery resulted in a Fifth Amendment waiver to the interrogatories that were posed"). The Individual Defendants did not assert any Fifth Amendment objection in their discovery responses or prior to turning over electronic devices to iDS. They cannot assert the objection after the fact and seek to claw back such materials that were voluntarily produced. *See United States v. Doe*, 104 S. Ct. 1237, 1242, n.10 (1984) ("If the party asserting the Fifth Amendment privilege has voluntarily compiled the document, no compulsion is present and the contents of the document are not privileged.").

Further, the Inspection Protocol only contemplates review or excision for attorney-client privilege and privacy, not review for issues related to any purported Fifth Amendment privilege. The Individual Defendants have not even asserted the Fifth Amendment privilege. They instead seek to review certain information "to determine whether Fifth Amendment privilege needs to be asserted." The evidence at issue is electronic devices and documents, not potentially incriminating testimony in response to questions, which the Fifth Amendment (if actually asserted) is designed to protect. *See SEC v. Doody*, 186 F.Supp.2d 379 (S.D.N.Y. 2012) (allowing document discovery to proceed but staying depositions); *see also SEC v. Schiff et al.*, No. 05 Civ. 4132 (FSH), 2006 WL 2690266 (D.N.J. Sept. 19, 2006) (affirming decision of magistrate judge to permit document discovery but to stay all depositions, over indicted defendants' objections, in order to prevent defendants from "circumvent[ing] the more restrictive rules that apply to discovery in criminal cases while asserting their Fifth Amendment privilege to avoid testifying or producing documents").

When Moog asked Mr. Green for legal authority supporting his actions, he cited only FRCP 26(b)(5). However, FRCP 26(b)(5) generally applies to attorney-client and work-product privileges, not "determine[ing] whether Fifth Amendment privilege needs to be asserted." Further, even if FRCP 26(b)(5) did apply here, FRCP 26(b)(5)(A)(ii) requires that the party invoking privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." The Individual Defendants have not provided any required information supporting their blanket assertion of privilege. *See United Auto. Ins. Co.*, 747 F. Supp. 2d at 1028 (holding defendant who invoked Fifth Amendment must comply with the privilege log requirement of Rule 26(b)(5)(A)(ii) within 30 days of receiving the discovery request).

The Individual Defendants' actions in violation of the Inspection Protocol, without any Court order or other legal authority, and based on a potential (but not actual) assertion of the Fifth Amendment, have blocked Moog's access to a large amount of evidence that has already been turned over in this case. This substantially prejudices Moog's ability to prosecute its claims and to further identify its trade secrets. The relevant email chain between counsel for all parties and iDS is attached to this email.

Moog respectfully requests that a hearing be scheduled this week at the Court's earliest convenience to discuss this issue.

Thank you for your consideration of this matter.

Respectfully submitted,

Rena Andoh

**Rena Andoh**
+1 212-634-3092 | direct
RAndoh@sheppardmullin.com | Bio

**SheppardMullin**
30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.