# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMH ENTERPRISES, L.L.C., dba SPECTRUM INTERACTIVE<br><br>Plaintiff,<br><br>vs.<br><br>KRISPY KRUNCHY FOODS, L.L.C., PARTHENON SOFTWARE GROUP, INC., and ANDREW SCHMITT<br><br>Defendants. | CIVIL ACTION NO. 20-2970<br><br>SECTION: "R" (2)<br><br>DISTRICT JUDGE: VANCE<br><br>MAGISTRATE JUDGE: CURRAULT |

**PROTECTIVE ORDER**

Upon joint application of all parties to this proceeding for a stipulated protective order concerning the discovery of confidential information and documents in this matter, and upon due consideration of the parties' joint stipulation and having found good cause therefore in accordance with Rule 26 of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the following Protective Order be and the same hereby is entered in the captioned matter:

Scope of Order. This Order governs all information and documents produced in this litigation, including initial disclosures, responses to discovery requests, deposition testimony, and exhibits, and information derived directly therefrom designated by the producing party (the **"Designating Party"**) as "confidential" (**"Confidential Information"**). A non-party Producing Party producing documents in this litigation may designate the information as CONFIDENTIAL INFORMATION and avail themselves of the terms of this agreement by signing the Promise of Confidentiality, attached. In the case of any source code belonging to and produced by a party or non-party the designation "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be used. In the context of this Order "source code" means extremely sensitive "Confidential Information" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure

4

PD.30420419.1

of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. [1]

1. By designating information or documents as "CONFIDENTIAL INFORMATION," the Designating Party certifies that he, she, or it believes in good faith, in accordance with existing law, and after reasonable inquiry, that such deposition testimony, information, document, discovery response or thing (i) constitutes or reveals proprietary or commercially sensitive information protected by law, trade secrets, information subject to a legally protected right of privacy, personal financial information, or other information subject to protection under the law, and (ii) contains or comprises information of a type that the Designating Party would generally treat as confidential and would make a reasonable effort to protect from disclosure to the public or to third parties. Applying the marking "CONFIDENTIAL INFORMATION" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

2. Deposition testimony, information, documents, discovery responses and things designated as CONFIDENTIAL INFORMATION shall encompass any and all copies, extracts and complete or partial summaries prepared from such deposition testimony, information, documents, discovery responses or things designated as CONFIDENTIAL INFORMATION. When used in this Order, the term "document" shall encompass documents and electronically stored information as contemplated by Rule 26, *et seq.*, of the Federal Rules of Civil Procedure, including, but not limited to, writings, drawings, graphs, charts, photographs, phono-records, sound recordings, images, and other data and data compilations in any medium from which information can be obtained.

3. <u>Verification by the Designating Party</u>. The designation of any materials as CONFIDENTIAL INFORMATION pursuant to the terms of this Order shall constitute verification that the designation has been made in good faith and consistent with the terms of this Order. By

---

[1] For the avoidance of doubt, nothing in this Order constitutes a concession by any party as to the confidentiality (or trade secret) status of any given information (whether source code or other information designated as confidential pursuant to this order) for purposes of the underlying claims at issue (including, without limitation, for purposes of showing trade secret misappropriation or breach of contract).

designating documents as confidential pursuant to this Order, counsel submits to the jurisdiction and authority of this Court concerning such designations and the enforcement of this Order.

4. <u>Qualifications Applicable to Order</u>. The parties have stipulated to and jointly moved for this Order to facilitate and expedite discovery and to minimize the need to involve the Court in the resolution of any disputes over whether particular information designated as CONFIDENTIAL INFORMATION actually constitutes information warranting specific protection by the Court. The Court recognizes that the Parties have not conceded that any information or materials designated as CONFIDENTIAL INFORMATION by any other party hereunder would be protected as such if the Designating Party were to move for a protective order to have it classified and protected as confidential (whether or not any party challenges such designation). This Order neither restricts nor authorizes any party to use or disclose to others information that they have separately obtained or hereafter independently obtain *(e.g.*, without using or relying on information already received) from sources other than a Designating Party during discovery in this case. This Order also does not preclude any of the Parties from (i) opposing discovery for reasons other than that the information constitutes CONFIDENTIAL INFORMATION, and/or (ii) objecting to the admission of any evidence at trial or in any hearing.

5. <u>CONFIDENTIAL INFORMATION in the Possession of a Non-Party or Opposing Party</u>. Any party to this litigation may designate as CONFIDENTIAL INFORMATION documents or other information obtained from a non-party or opposing party where the designating party determines that the non-party or opposing party production is or represents CONFIDENTIAL INFORMATION of the designating party. In designating information as protected, a producing party will make such designation only as to information that it in good faith reasonably believes is, contains, or consists of CONFIDENTIAL INFORMATION. Non-parties from whom discovery is sought by the parties to this Stipulation and Order may designate documents or other information as described herein and as otherwise consistent with the terms of this Stipulation and Order, provided that such non-parties agree in writing to be bound by the Stipulation and Order. Under such circumstances, all duties applicable to a producing party shall apply to such non-parties. All obligations applicable to parties

6

receiving such information shall apply to any party receiving information from such non-parties.

6. Procedure for IDENTIFYING CONFIDENTIAL INFORMATION. Any information that qualifies to be treated as CONFIDENTIAL INFORMATION and that the producing party wants to be treated as such shall be designated by the Designating Party as such in the context of producing that information. For example, those words may be recited on the record during deposition testimony to identify the portion of any deposition transcript that is designated as CONFIDENTIAL INFORMATION; shall be supplied in a cover letter or e-mail forwarding particular responses or records; and shall be written, stamped or printed on any documents designated as containing CONFIDENTIAL INFORMATION. Where appropriate, equivalent means may be used to identify portions of confidential documents to be designated as containing CONFIDENTIAL INFORMATION, so long as it is reasonably calculated to apprise all receiving parties that the specific information, documents, testimony, data, or other material in question is being designated as confidential. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are exchanged or produced. CONFIDENTIAL INFORMATION contained in responses to interrogatories, requests for admission, or other written disclosures shall be designated by marking the relevant pages or portions of such responses or disclosures with the legend described above.

7. Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

7

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

8. <u>Material Excluded from Protection</u>. CONFIDENTIAL INFORMATION shall not include any information or material (i) which was lawfully in a receiving party's possession, with no obligation of confidentiality, prior to the inspection of the information or material produced in this action; (ii) which is already in the public domain at the time of disclosure; (iii) which becomes a part of the public domain thereafter through no fault of the party receiving the information under this Order and not as a result of conduct that constitutes a breach of an obligation of confidentiality by a third party; or (iv) which was or is hereafter lawfully obtained from a source or sources not under an obligation of confidentiality to the other party.

9. <u>Designation of Materials or Information Disclosed at or During a Deposition</u>. Counsel of record for any party, the Designating Party, or any of the parties may designate information disclosed during a deposition of a party or non-party as CONFIDENTIAL INFORMATION by identifying on the record at the deposition the material that is to be treated as CONFIDENTIAL INFORMATION, or by marking within twenty-one (21) days after the receipt of a certified copy of the transcript of such deposition the portions of the transcript to be designated as CONFIDENTIAL INFORMATION. Prior to the expiration of such twenty-one (21) day period, all information disclosed during a deposition shall be treated as CONFIDENTIAL INFORMATION, unless agreed by the parties and the witness, or ordered by the Court. Unless otherwise designated as specified in this Order, the transcript shall not be treated as CONFIDENTIAL INFORMATION after the stated twenty-one-day period.

If any testimony in a deposition or any document or information used during the course of a deposition is designated as CONFIDENTIAL INFORMATION, the portion of the deposition

            record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order.

10.     Objections to Designations. All parties retain the right at any time to challenge the designation of any deposition testimony, information, document, discovery response, or thing by any other party as CONFIDENTIAL INFORMATION. Any Party challenging such a designation shall first confer in good faith with the Designating Party in an attempt to resolve the disputed designation. If the parties are unable, despite good faith conferral and effort, to resolve the disputed designation, any party to such dispute shall have the right to file a motion asking the Court to resolve the dispute. Nothing in this Order or any action or agreement of a party under this Order shall limit the Court's authority to make orders concerning the disclosure of documents produced in discovery or at trial. In addressing that motion, the Designating Party shall bear the burden of proving that the challenged CONFIDENTIAL INFORMATION is in fact entitled to protection under this Order. The disputed document shall retain its designation, with all of the protections afforded by this Order, unless and until the Court determines otherwise.

11.     Access to and Use of CONFIDENTIAL INFORMATION. Only the Court, such non-judicial Court personnel who administer this case, and "Authorized Persons" (as defined below) shall be afforded access to CONFIDENTIAL INFORMATION produced or disclosed to a Party by a Designating Person. With respect to information designated as CONFIDENTIAL INFORMATION, the term **"Authorized Persons"** refers to the following persons:

    (a)     Counsel of record, other attorneys working with counsel of record on this matter, and their respective paralegal, clerical and administrative staffs;

    (b)     The Parties and, in the case of parties that are not natural persons, the parties' officers, directors, partners, managers, members, and employees and/or equivalent persons, as applicable;

    (c)     Outside experts and consultants working under the direct supervision and control of counsel of record in connection with the prosecution or defense of this action that sign a Promise of Confidentiality in the form attached hereto as Exhibit "A";

(d) Persons who created, authored, or received the CONFIDENTIAL INFORMATION or who were otherwise privy to it before its designation as such by the Designating Party pursuant to this Order;

(e) independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; provided, however, that each such contractor first sign a copy of Exhibit "A" hereto;

(f) Court reporters and videographers necessary to record and/or transcribe the testimony of a witness.

(g) Any special master(s) appointed by the Court to evaluate source code or otherwise facilitate any aspect of this litigation.

(h) Any source code produced by a party and designated as "Highly Confidential – Source Code" shall be delivered to a qualified third party ("Escrow Agent") which Escrow Agent shall provide access only to the Parties' attorneys as described above in 10(a), expert witnesses as described above in in 10(c), and Court-appointed special master(s) as described above in 10(i). The Parties shall confer and agree to the choice of Escrow Agent.

12. <u>Remedial Action</u>. In the event that a Designating Party inadvertently produces documents, deposition testimony, discovery responses, or other information containing CONFIDENTIAL INFORMATION without designating them as provided herein, the Designating Party shall not be deemed to have waived any right to designate those documents or that information as CONFIDENTIAL INFORMATION. Rather, the Designating Party shall promptly, but in any event no later than ten (10) days of being notified of the inadvertent production, inform all parties of the inadvertent production, and the parties then shall immediately abide by the designation and cooperate in marking and retrieving, where necessary, those documents or information, and all copies thereof, as containing Confidential Information. No use of such documents or information prior to their designation as CONFIDENTIAL INFORMATION ONLY shall be deemed a breach of this Order.

13. No Filing or Disclosure of CONFIDENTIAL INFORMATION. No CONFIDENTIAL INFORMATION shall be filed with the Clerk of the Court except under seal, unless otherwise ordered by the Court or if agreed to in writing by the Designating Party. This Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.6. Admissible CONFIDENTIAL INFORMATION may be introduced into evidence at any trial or hearing in this matter; provided, however, the Parties shall confer and cooperate in good faith in devising appropriate procedures to protect the confidentiality of such materials received into evidence that are agreeable to the Court and all parties. A party who intends to present or who anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the substance of the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. Violations of Order. If CONFIDENTIAL INFORMATION is disclosed to any person other than in the manner authorized by this Order, the person or entity responsible for the disclosure shall, immediately upon learning of such disclosure, inform all other parties as well as the Designating Party of the pertinent facts relating to such disclosure, and shall make every effort to retrieve the CONFIDENTIAL INFORMATION and to prevent the occurrence of any further disclosure unauthorized by this Order. Any knowing violation by any person of any provision of this Order shall be punishable as contempt of court. Likewise, any person aggrieved by a violation of this Order may pursue any and all remedies available for a violation of a discovery order under the Code of Civil Procedure or otherwise.

15. Effect of Compliance. This Order is entered solely for the purpose of facilitating the pre-trial exchange of information without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information under its terms, nor any proceedings undertaken pursuant hereto, shall be deemed to be an admission or waiver by any party or otherwise deemed to alter the confidentiality or non-confidentiality of any

information; nor shall compliance with this Order operate as an admission as to the admissibility, relevance, or competency of any information.

16. <u>Challenging Designations</u>. Any such motion must be served upon any third party who the Designating Party deems to have an interest in maintaining the confidentiality of the documents, in accordance with the contact information for that third party provided by the Designating Party. Until the Court rules on any such motion (and during any appeal of said ruling), the discovery materials shall continue to be deemed CONFIDENTIAL INFORMATION under the terms of this Order. In any court proceeding regarding protected material, the burden shall be on the party asserting the confidentiality of the information to demonstrate that any such information is CONFIDENTIAL INFORMATION.

17. <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18. <u>Continuing Force of Order</u>. Insofar as the provisions of this Protective Order restrict the disclosure and use of information produced, this Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are admitted as exhibits in Court on a non-confidential basis, and (b) a party may seek the written permission of the producing party or further Order of this Court with respect to dissolution or modification of this Protective Order.

19. <u>Return or Destruction of Information</u>. Upon termination of this litigation, as a result of settlement, compromise or by judgment, all materials labeled as CONFIDENTIAL INFORMATION shall be destroyed by the receiving party or returned to the producing party within a reasonable time, not to exceed sixty (60) days. Counsel for each party may, however, retain (subject to the provisions of this Order) one copy of any papers filed with the Court, any deposition and trial transcripts, any deposition and trial exhibits, any written discovery requests or responses, its correspondence file, its consultant and expert witness files, and any attorneys' notes, memoranda or other work product. Filings under seal shall be deleted from the CM/ECF system only upon order of the Court.

20. <u>Jurisdiction</u>. This Court shall retain jurisdiction over all persons subject to this Order for the purpose of enforcing this Order.

21. <u>Modification of Order</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. Nothing in this Order shall preclude any party from applying to the Court for modification of the terms of this Order, or from seeking any additional protective orders, as may be appropriate; provided, however, that prior to any such application, the parties shall confer and make a good faith effort to resolve the matter by agreement.

22. <u>Protective Orders</u>. Nothing in this Order shall preclude any party from applying to the Court for a Protective Order pursuant to applicable local and state rules regarding the production of particular information or documents not otherwise subject to the provisions of the Stipulated Protective Order.

23. <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

New Orleans, Louisiana this 14th day of December, 2020.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**PROMISE OF CONFIDENTIALITY**

I, _____ acknowledge receipt of the PROTECTIVE ORDER entered by the Court on December ____, 2020. I further acknowledge that I have read and understand the PROTECTIVE ORDER. By executing this Promise of Confidentiality, I agree to be bound by the terms and conditions of the PROTECTIVE ORDER. I agree to submit myself to the jurisdiction of the United States District Court for the Eastern District of Louisiana for any action or proceedings arising out of my alleged violation of the terms of the PROTECTIVE ORDER.

Date:_____

Print Name: _____
Address: _____
City/State: _____
Phone: _____

14