# Exhibit 5

1   FABIO MARINO (STATE BAR NO. 183825)
    fmarino@orrick.com
2   MATTHEW H. POPPE (STATE BAR NO. 177854)
    mpoppe@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
4   Menlo Park, California  94025
    Telephone:     +1-650-614-7400
5   Facsimile:     +1-650-614-7401

6   Attorneys for Plaintiffs
    BROCADE COMMUNICATIONS SYSTEMS, INC. AND
7   FOUNDRY NETWORKS, LLC

8                        UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

12  BROCADE COMMUNICATIONS              Case No.  C 10-03428 LHK (PSG)
    SYSTEMS, INC., a Delaware corporation,
13  and FOUNDRY NETWORKS, LLC, a        **[PROPOSED] STIPULATED
    Delaware limited liability company,  PROTECTIVE ORDER RE
14                                       CONFIDENTIAL INFORMATION,
                Plaintiffs,              AS MODIFIED**
15
         v.
16
    A10 NETWORKS, INC., a California
17  corporation; LEE CHEN, an individual;
    RAJKUMAR JALAN, an individual; RON
18  SZETO, an individual; DAVID CHEUNG, an
    individual; LIANG HAN, an individual; and
19  STEVEN HWANG, an individual,

20              Defendants.

21

22

23

24

25

26

27

28

OHS WEST:261121228.2

**1.** **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.** **DEFINITIONS**

2.1    Party:  any party to this action, including all of its officers, directors, and employees.

2.2    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.3    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material (*see* Section 2.7, *infra*) in this action.

2.4    Receiving Party:  a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

2.5    Designating Party:  a Party or Non-Party that designates, in good faith, the particular level of Confidentiality (*see* Sections 2.8 – 2.10, *infra*) for any Disclosure or Discovery Material that it will be producing.

2.6    Challenging Party:  a Party or Non-Party that disputes a particular level of Confidentiality on Disclosure or Discovery Material.

[PROPOSED] STIPULATED PROTECTIVE ORDER

2.7     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner created, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery.

2.8     <u>"CONFIDENTIAL" Information or Items</u>:  material or information (regardless of how it is generated, stored, or maintained) including tangible things that qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.9     <u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"</u> <u>Information or Items</u>:  extremely sensitive Confidential Information or Items the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    <u>"HIGHLY CONFIDENTIAL – SOURCE CODE"</u>:  extremely sensitive Confidential Information or Items in the form of software source code, firmware, HDL (hardware descriptive language) code, or other computer programs or related material that (i) is written in any language at any level of abstraction, *e.g.,* a high-level or assembly-type language that is generally readable by humans but that is not directly executable by a computer when used for a normal intended purpose and (ii) the Designating Party believes in good faith constitutes extremely sensitive "Highly Confidential" material and for which disclosure to another Party or Non-Party would create a substantial risk that could not be avoided by a less restrictive means.

2.11    <u>Protected Material</u>:  any Disclosure or Discovery Material that has been designated as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.12    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who have been retained to represent a Party and who have appeared in this action on behalf of that Party. "Outside counsel" includes attorneys who are affiliated with a law firm that has appeared on behalf of that Party, as well as the law firm's support staff.

OHS WEST:261121228.2

2.13   <u>In-House Counsel</u>:  attorneys who are employees of a Party to this action, as well as support staff.

2.14   <u>Counsel</u> (without qualifier):  Outside Counsel and In-House Counsel.

2.15   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to this action who (i) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant, (ii) is not a past or current employee of a Party or of a Party's competitor, and (iii) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.  To the extent an Expert receives Protected Material in the course of his or her assignment, the Expert may only use or rely on this Protected Material as it concerns this case, and for no other purpose.

2.16   <u>Professional Vendors</u>:  persons or entities retained by a Party or its Counsel to provide litigation support services in this action (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

## 3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (*see* 2.11, *supra*), but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by any Party or its Counsel that might reveal Protected Material, whether in deposition, in this Court, or in any other setting related to this action that might involve the disclosure of any Protected Matter.

The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

- 3 -

obtained the information lawfully and under no obligation of confidentiality to the Designating

Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**    **DURATION**

Even after final disposition of this action (*see* Section 15, *infra*), the confidentiality

obligations imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or this Court otherwise directs.  Final disposition shall be deemed to be the

later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2)

entry of final judgment after the completion and exhaustion of all appeals, rehearings, remands,

trials, or reviews of this action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

**5.**    **DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party

or Non-Party that designates information or items for protection under this Order must take care

to limit the scope of its confidentiality designations (*see* Sections 2.8 – 2.10, *supra*).  To the

extent it is practical to do so, the Designating Party must designate for protection only those parts

of any Disclosure or Discovery Material that qualify for protection, so that the remaining portions

for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown

to be clearly unjustified, including those that have been made for an improper purpose (*e.g.*, to

unnecessarily encumber or retard the case development process or to impose unnecessary

expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated

for protection do not qualify for protection at all (or do not qualify for the level of protection

initially asserted), that Designating Party must promptly notify all other parties that it is

withdrawing the mistaken designation.

1

2      5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

3 (*see, e.g.*, second paragraph of Section 5.2(a), *infra*), or as otherwise stipulated or ordered,

4 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

5 designated before the material is disclosed or produced.

6      Designation in conformity with this Order requires:

7      (a)     for information in documentary form (*e.g.*, including paper or electronic

8 documents, apart from transcripts of depositions or other pretrial or trial proceedings), the

9 Designating Party shall affix the appropriate confidentiality legend (*see* Sections 2.8 – 2.10,

10 *supra*) to each page that contains protected material.  If only a portion of the material on a page

11 qualifies for protection, the Designating Party shall clearly identify the protected portion(s) (*e.g.*,

12 by making appropriate markings in the margins) and must specify, for each portion, the level of

13 protection being asserted.

14      A Party or Nonparty that makes original documents or materials available for inspection

15 need not designate them for protection until after the inspecting Party has indicated which

16 material it would like copied and produced.  For purposes of the inspection and before the

17 designation, all of the material shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE

18 COUNSEL'S EYES ONLY" (or, for Source Code, "HIGHLY CONFIDENTIAL – SOURCE

19 CODE").  After the inspecting Party has identified the documents it wants copied and produced,

20 the Producing Party shall make the appropriate designation to the identified material and

21 thereafter produce it.

22      (b)     for live testimony, whether given in a deposition, hearing, or other pretrial

23 or trial proceedings, the Designating Party shall identify, on the record and before the close of the

24 deposition, hearing, or other proceeding, all protected testimony and specify the level of

25 protection being asserted.  When it is impractical to identify separately each portion of live

26 testimony that is entitled to protection and it appears that substantial portions of the testimony

27 may qualify for protection, the Designating Party may invoke, on the record and before the

28 deposition, hearing, or other proceeding is concluded, a right to have up to twenty-one (21) days

- 5 -

to identify the specific portions of the live testimony as to which protection is sought and to specify the level of protection being asserted.  Only the protectable portions of any live testimony shall be covered by the provisions of this Order.  In appropriate situations (*see* Section 5.1, *supra*), a Designating Party may ultimately specify that the entire transcript shall be treated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

(c)      for information produced in some form other than documentary and for any other tangible items, the Designating Party shall affix the appropriate confidentiality legend in a prominent place, when practical (*e.g.*, on the exterior of the container or containers in which the information or item is stored).  If only a portion or portions of the nondocumentary information or item warrant protection, the Designating Party shall, to the extent practicable, identify the protected portion(s) and specify the level of protection being asserted.

5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

- 6 -

notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication alone are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if lead trial counsel have met and conferred in person.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Motions brought under this subsection shall be limited to three pages in length.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

- 7 -

file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

Oppositions to motions under this subsection shall be filed 7 days after the initial motion is filed, and shall be limited to three pages in length.

No reply brief is permitted for motions under this subsection.

**7.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    One In-House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)    the Receiving Party's Outside Counsel in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

- 8 -

1

2

3      (d)      the Court and its personnel;

4      (e)      court reporters and their staff, professional jury or trial consultants, and

Professional Vendors to whom disclosure is reasonably necessary for this litigation;

5      (f)      during their depositions, witnesses in the action to whom disclosure is

6

reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

7

(Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of

8

transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

9

separately bound by the court reporter and may not be disclosed to anyone except as permitted

10

under this Stipulated Protective Order.

11      (g)      the author or recipient of a document containing the information or a

12

custodian or other person who otherwise possessed or knew the information.

13      7.3      Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

14

ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  Unless

15

otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

16

Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE

17

COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

18      (a)      the Receiving Party's Outside Counsel in this action, as well as employees

19

of said Outside Counsel to whom it is reasonably necessary to disclose the information for this

20

litigation;

21      (b)      Experts of the Receiving Party (1) to whom disclosure is reasonably

22

necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

23

Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1), below,

24

have been followed;

25      (c)      the Court and its personnel;

26      (d)      court reporters and their staff, professional jury or trial consultants, and

27

Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

28

- 9 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

    (e)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

    7.4    <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"  or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

    (a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through declaration, report, or testimony at a deposition or trial, during the preceding five years.

    (b)    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the Expert unless, within 7 calendar days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

OHS WEST:261121228.2

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 calendar days of the written objection.  Before bringing any motion under this subsection, lead trial counsel shall meet and confer in person.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion 21 days before the hearing date seeking permission from the Court to do so.  Motions brought under this subsection shall be limited to three pages in length.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

The party opposing disclosure may file an opposition to the motion of no more than three pages 14 days before the hearing date.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

No reply brief is permitted for motions under this subsection.

**8.     SOURCE CODE**

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information including the Prosecution Bar set forth in Paragraph 14, and may be disclosed only to the individuals to whom "HIGHLY

- 11 -

CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)     A10, Brocade and Foundry shall produce source code at a mutually agreeable third party location by May 31, 2011.  The parties will be permitted to perform source code comparisons at this third party location and the results of all source code comparisons will be saved and made available to A10, Brocade and Foundry electronically.  Each party's source code will be kept at the third party facility until the source code comparisons are completed.  Because each party will be permitted to observe source code comparisons performed by the other party, the parties shall confer and agree to a mutually acceptable schedule as to when these comparisons will be run.

(d)     With the exception of the code comparison procedure set forth in subparagraph (c) above, any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched at an office of the Producing Party's counsel or another mutually agreed upon location. Source Code shall be made available for inspection during normal business hours (9:00 a.m. to 5:00 p.m. local time, Monday-Friday, excluding holidays) upon three (3) business days notice, unless otherwise agreed by the Parties.  Each Party may make multiple inspections of the other Party's Source Code and a single inspection session may last multiple days.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(e)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of

- 12 -

reviewing the source code other than electronically as set forth in paragraph (c) & (d) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(f)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any Protected Material bearing any of the recognized confidentiality legends, that Party must:

(a)     notify the Designating Party, in writing, within three (3) court days after receiving the subpoena or order, including providing the Designating Party with a copy of the subpoena or court order;

(b)     at the same time that the Designating Party is notified, promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all

- 13 -

OHS WEST:261121228.2

of the material covered by the subpoena or order is subject to this Order, including providing a copy of this Order; and

(c)       cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any requested Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and no provision of this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)       The terms of this Order are applicable to information produced by a Non-Party in this action that may appropriately be labeled with one of the recognized confidentiality legends.  *See* Sections 2.8 – 2.10, *supra*. Any Protected Material produced by a Non-Party in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)       In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.       promptly notify, in writing, the party making the discovery request (the "Requesting Party") and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

- 14 -

2.      promptly provide the Non-Party with a copy of this Order , the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person(s) or entity(ies) in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person(s) or entity(ies) to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person(s) or entity(ies) to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and (e) request any such person(s) or entity(ies) to destroy copies of any Protected Material that may be in its/their possession.

**12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that

OHS WEST:261121228.2

received the information of the claim and the basis for it.  After being notified, a party must return or destroy the specified information and any copies it has within ten (10) calendar days, and may not sequester, use, or disclose the information until the claim is resolved.  This includes a restriction against presenting the information to the Court for a determination of the claim. Inadvertent production is itself no waiver of privilege.  This provision is not intended to vary the then-current version of Fed. R. Civ. P. 26(b)(5)(B).

**13.**    **MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>.  Nothing in this Order limits the right of any Party to seek its modification by the Court at any time.

13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party's stipulation to entry of this Order shall waive any right to object, on any ground, to the use in evidence of any of the material covered by this Order.

13.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

The Parties shall not present or quote from any Protected Material in open court, unless the Court orders otherwise.  Except in documents properly filed under seal, the Parties shall not

- 16 -

1

2   present or quote from any Protected Material in any pleading or document.  The Parties agree to

3   undertake their best efforts to ensure that any presentation of, or quotations from, Protected

4   Material being heard by the Court is done under such conditions and safeguards as the Court may

5   impose to prevent improper public disclosure of Protected Material.  Prior to trial the Parties shall

6   meet and confer concerning appropriate methods for dealing with Protected Material at trial.

7   **14.    <u>PROSECUTION BAR</u>**

8           Absent written consent from the Producing Party, any individual who receives access to

9   "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY

10  CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of

11  patents or patent applications relating to Load Balancing, Network Address Translation (NAT),

12  Cookies, and High Availability, including without limitation the patents asserted in this action

13  and any patent or application claiming priority to or otherwise related to the patents asserted in

14  this action, before any foreign or domestic agency, including the United States Patent and

15  Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes

16  directly or indirectly drafting, amending, advising, or otherwise affecting the scope or

17  maintenance of patent claims. "Prosecution" as used in this paragraph also includes representing a

18  party challenging one or more of the patents asserted in this action before a domestic or foreign

19  agency including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes*

20  reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –

21  OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

22  information is first received by the affected individual and shall end two (2) years after final

23  termination of this action.

24  **15.    <u>FINAL DISPOSITION</u>**

25          Within sixty (60) days after the final disposition of this action, as defined above (*see*

26  Section 4), each Receiving Party must return all Protected Material to the Producing Party or,

27  with written permission from the Designating Party, destroy such material.  As used in this

28  Section 15, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

- 17 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, in addition to Protected Material that might be located in working files, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts (whether from a deposition, a hearing, or trial), legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product (including exhibits to the aforementioned categories of materials), even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth above (*see* Section 4 ("DURATION"), *supra*).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

DATED:  May 6, 2011                   By:  /s/ *Fabio Marino* /s/
                                           Fabio Marino
                                           Attorneys for Plaintiffs


DATED:  May 6, 2011                   By:  /s/ *Scott R. Mosko* /s/
                                           Scott R. Mosko
                                           Attorneys for Defendants
                                           A10 Networks, Inc., Lee Chen
                                           Rajkumar Jalan, Ron Szeto
                                           Liang Han, and Steven Hwang


DATED:  May 6, 2011                   By:  /s/ *H. Ann Liroff* /s/
                                           H. Ann Liroff
                                           Attorneys for Defendant David Cheung


**PURSUANT TO STIPULATION, IT IS SO ORDERED**.


DATED:  May 27, 2011                  _____
                                      The Honorable Lucy H. Koh
                                      United States District Court

[PROPOSED] STIPULATED PROTECTIVE ORDER

OHS WEST:261121228.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Northern District of California on _____[date]

in Case No.  C 10-03428 LHK (PSG).  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

**Date:** _____

**City and State where sworn and signed:** _____

**Printed Name:** _____

**Signature:** _____

[PROPOSED] STIPULATED PROTECTIVE ORDER