EXHIBIT F

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG INC., <br><br> Plaintiff, <br><br> v. <br><br> SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50, <br><br> Defendants. | Case No. 1:22-cv-00187-LVJ-JJM |

**DEFENDANTS' FIRST (EXPEDITED) REQUESTS FOR PRODUCTION**

Skyryse, Inc. ("Skyryse"), Robert Alin Pilkington ("Pilkington), and Misook Kim ("Kim) (collectively, "Defendants"), by and through undersigned counsel and pursuant to the Stipulation And Order Re Expedited Discovery Procedure And Briefing Schedule For Preliminary Injunction Motion [Dkts. 33, 36], Federal Rules of Civil Procedure 26 and 34, and the Local Civil Rules of the Western District of New York, hereby request production by Plaintiff Moog Inc. ("Moog") of the following documents and things, to be delivered to Defendants' counsel at the addresses of the undersigned by April 27, 2022.

1

## DEFINITIONS

1. The terms "You," "Your," "Plaintiff," or "Moog" refers to Moog Inc. and each and every one of its agents, employees, partners, affiliates, principals, and/or representatives, individually or collectively, and any other legal entities owned or controlled, directly or indirectly, by any of the foregoing, including attorneys and all persons acting on its behalf or under its control.

2. The term "Action" refers to *Moog Inc. v. Skyryse, Inc., et al.*, Civil Action No. 1:22-cv-00187, in the United States District Court for the Western District of New York.

3. The term "Defendants" refers to Skyryse, Inc., Robert Alin Pilkington, and Misook Kim.

4. The term "Skyryse" refers to defendant Skyryse, Inc.

5. The term "Pilkington" refers to defendant Robert Alin Pilkington.

6. The term "Kim" refers to defendant Misook Kim.

7. The term "Complaint" refers to the operative complaint in the Action.

8. "All" includes "each" or "any" and vice versa.

9. "Communication" or "Communications" is synonymous with the definition in Local Civil Rule 26(c)(3)(a), and means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), which we understand to include writings, correspondence, meetings, conferences, conversations, dialogues, discussions, interviews, consultations, agreements, inquiries, electronic mail messages, SMS messages, online platforms, or mobile apps, messages sent via WhatsApp, Skype, or any other real-time electronic means, and any other expressions or understandings, whether made face-to-face, by telephone, mail, facsimile, computer, electronic transmission, or otherwise.

10. "Document" is synonymous in meaning to the definition of that term in Local Civil Rule 26(c)(3)(b) and the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A), which includes writings, e-mails, reports, papers, notes, accounts, memoranda, correspondence, communications, worksheets, workpapers, analyses, contracts, charts, spreadsheets, agreements, working papers, corporate records, minutes of meetings, books of account, ledger books, notebooks, calendars, diaries, blogs, e-mails, texts, tweets, tiktoks, drawings, graphs, charts, photographs, snapchats, images, films, slides, audiotape, videotape, appointment books, drafts, memoranda of meetings or conversations, telephone records, computer tapes, computer discs, optical discs, laser discs, computer cards and computer printouts and other data or data compilations from which information can be obtained or translated, all electronic, mechanical, magnetic, optical or electric data, records or representations of any kind (including computer data, computer files, computer programs, hard drives, floppy disks, compact disks, tapes and cards existing on desktop computers, laptop computers, notebook computers, personal digital assistant computers, mobile devices, servers, backup tapes or any other medium), and all other electronically stored information. A draft Document or a copy of a Document that is in any way different from the original (including as to any handwritten notes, notations, stamps, highlights, underlines, interlineations, or any other markings) is a separate Document within the meaning of this term.

11. The terms "Thing" or "Things" are used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and include, but are not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

12. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the discovery request more inclusive so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

13. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. Words in the masculine, feminine, or neutral form shall include all of the other genders.

14. The use of the term "the" shall not be construed as limiting the scope of any request.

15. "Including" means including, but not limited to.

16. The term "Trade Secret" or "Trade Secrets" means the information identified in paragraph 39 of the Complaint as the alleged trade secrets and any other trade secret Plaintiff contends Defendants misappropriated. In referring to any information identified in paragraph 39 of the Complaint, Skyryse in no way communicates its agreement that the information constitutes a trade secret, or that the allegations in paragraph 39 of the Complaint concerning the purported "Trade Secrets" satisfy Plaintiff's obligations under the Defend Trade Secrets Act, 18 U.S.C. § 1836 to describe their alleged trade secrets with reasonable particularity.

17. The term "Former Moog Employees" refers to any former employee, consultant, or contractor of Moog, who Moog knows, believes, or suspects has become or will become an employee, consultant, or contractor of Skyryse, including, but not limited to, the employees identified in paragraph 91 of the Complaint.

18. The term "Person" refers to any natural person, or any business, legal or governmental entity or association, including without limitation, the owners, officers, directors,

agents, trustees, parents, or subsidiaries, affiliates, assignees, predecessors, and successors of such entities or associations and/or natural persons.

19. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

20. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

## INSTRUCTIONS

1. These requests are to be construed according to their broadest possible meaning consistent with Local Rule 26(c)(3). Defined terms are to be given their defined meaning even if not capitalized.

2. Each request for documents seeks production of the document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or other matters affixed thereto. Documents attached to each other, including by staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information concerning the source and/or location of the documents.

3. Draft or non-identical copies are to be considered separate documents for purposes of these requests. All drafts and copies of each document that are responsive to any document request shall be produced, as shall all copies of such documents that are not identical in any respect, including copies containing any handwritten notes, notations, stamps, highlights, underlines, interlineations, or any other markings. The author(s) of all handwritten notes should be identified.

4. Versions of documents created in different languages shall be considered separate documents for purposes of these requests.

5. Physical documents shall be scanned, processed with optical character recognition (OCR), and produced in the same manner. Documents from any single file shall be produced in the same order as they were found in such file. All tabs, labels, folders, envelopes, jackets, or any identification of the source of the documents shall also be scanned and produced as part of the documents.

6. You shall provide color copies of all documents.

7. If any responsive document is no longer in existence, cannot be located, or is not in Your possession, custody, or control, identify it, describe its subject matter, and describe its disposition, including identifying the person or persons: (a) having knowledge of the contents of the document and/or its destruction, deletion, or disposition; and (b) responsible for its destruction, deletion, or other disposition.

8. If You cannot fully respond to a document request, after a diligent attempt to obtain the requested information, You must answer the document request to the extent possible, specify the portion of the document request You are unable to answer, and provide whatever information You have concerning the unanswered portion.

9. You are to produce all requested Documents, Communications, and Things that are in Your custody, control, or possession, or within the custody, control or possession of Your attorneys, accountants, agents, consultants, investigators, other representatives, affiliates, employees, and/or any other entities or individuals acting on Your behalf or on whose behalf You are acting. A Document, Communication, or Thing not in Your physical custody is nonetheless deemed to be in Your possession, custody, or control if You (i) own such Document,

Communication, or Thing in whole or in part, (ii) have a right by contract, statute or otherwise, to use, examine, or copy such Document, Communication, or Thing on any terms, (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document, Communication, or Thing on any terms, (iv) have, as a practical matter, been able to use, inspect, examine, or copy such Document, Communication, or Thing when You have sought to do so, or (v) have, as a practical matter, permitted employees to utilize personal devices to create, receive, send, or view such Document, Communication or Thing.  In the event You cannot produce any of the Documents, Communications, or Things designated in a particular request, You shall produce those Documents, Communications, or Things which You can produce, and shall describe in detail each reason for Your failure or inability to produce each of the remaining Documents, Communications, or Things.

10. If Your response to a Request is that Documents, Communications, and Things are not in Your possession, custody, or control, describe in detail the efforts You have made to locate the Documents, Communications, and Things, and identify who has possession, custody, or control of them.

11. If any Request calls for the production of Documents, Communications, and Things that have been lost, discarded, or destroyed, You shall state the circumstances of the loss or destruction of each such Document, Communication, or Thing, including the identity of Person(s) having knowledge as to the circumstances of its loss or destruction and the date of its loss or destruction.

12. The use of the singular form of any word includes the plural and vice versa.

13. If any request or any portion thereof is objected to, state the grounds for objection with specificity and produce the document to the extent the request is not objected to.

14. If You withhold any document, or any portion of any document, under a claim of attorney-client, work product, or other privilege, You shall produce, in accordance with Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 26(d), a written privilege log that sets forth: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the author of the document; (e) the addressees and any other recipients of the document; and (f) the relationship of the author, addressees, and recipients; and (g) the nature of the privilege asserted.

15. If You claim that a portion of a document is protected from disclosure for any reason, produce such document with redaction of only the portion claimed to be protected. Any Document produced in redacted form should clearly indicate on its face that it has been redacted, and the basis upon which such information is redacted should be fully stated.

16. No specific Request should be construed to limit the scope of any other Request, or of any term defined herein, and no subpart of any Request should be construed to limit the scope of any other subpart of such Request.

17. Documents, Communications, and Things shall be produced in the same order as they are kept in the usual course of business and shall not be shuffled or otherwise rearranged. Documents and Communications that were, in their original condition, stapled, clipped, contained in file folders or binders, or otherwise fastened together shall be produced in such form.

18. All Documents requested herein must be produced in their entirety, with all attachments and enclosures, regardless of whether You consider the attachment and enclosures to be relevant or responsive to the request.

19. Documents in electronic form, including, but not limited to, e-mail shall be produced electronically in a form to be agreed upon by the parties, replete with agreed upon metadata.

20. If there are no Documents, Communications, or Things responsive to a particular Request, You shall so state in writing.

21. If, in responding to these Requests, You encounter any ambiguities when construing a Request, instruction, or definition, in Your response set forth the matter deemed ambiguous and the construction used in answering.

22. Unless otherwise stated, the relevant time period for the document requests shall begin at January 1, 2007, and continue through the present. If any Document or Communication is dated outside of this time period but is necessary for a complete understanding of a Document or Communication covered by the Requests, such Document or Communication shall be produced. If any Document or Communication is undated and the date of its creation or preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to the Requests.

23. These document requests are continuing in nature. If, after producing any documents in response to these document requests, You obtain or become aware of additional responsive information, You are required to provide such information or documents by way of a supplemental production, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1. All Documents, Communications, and Things that are identified in, support, refute, or relate to Moog's March 7, 2022 court filings and the contentions therein, including but not limited to all evidence that supports, refutes, or relates to Moog's allegations of likelihood of success on the merits and irreparable harm.

2. All Documents, Communications, and Things identified in, relied on, or consulted in connection with Plaintiff's responses to Defendants' Interrogatories, including any and all supplements and amendments thereto.

3. All Moog-owned computers, external storage devices, and mobile electronic devices used by either Pilkington or Kim while at Moog.

4. All Documents and Communications sent by, received by, or referencing Pilkington or Kim since November 11, 2021.

5. All Documents and Communications relating to any confidentiality obligations owed to You by Your employees, Your customers, and/or Your suppliers, including, without limitation, Your efforts to investigate compliance with, and enforcement of, those confidentiality obligations.

6. All Documents and Communications relating to Moog's provision of its source code to any third party, including but not limited to the source code for Platform.

7. All agreements between You and any Former Moog Employee, including but not limited to employment, confidentiality, and intellectual property agreements with Pilkington and/or Kim.

8. Documents sufficient to identify all parties and individuals that have or had access to any copy of the alleged Trade Secrets, the scope and conditions of their access, and the dates during which they had such access.

9. All Communications and Documents relating to any investigation undertaken into any allegedly misappropriated Trade Secrets, including but not limited to the "investigation" referred to in paragraph 110 of the Complaint, any Communications with Bruce W. Pixley, Pixley Forensics Group LLC, or any other Person or entity contacted to assist in such investigation, and any related initial and final reports generated by or delivered to Moog.

10. All Documents and Communications relating to attrition among Moog employees, including but not limited to documents identifying all Moog employees who have left Moog's employment in the last five years and the dates on which they left Moog's employment.

11. All Documents and Communications regarding Moog's internal research, programs, and projects related to automated helicopter flight, including but not limited to, the cessation of any research, programs, and projects.

12. All Communications with or regarding each Former Moog Employee after each gave notice of an intent to cease employment with Moog.

13. All Communications, and all Documents regarding any Communications, with any of Your actual or prospective customers regarding the acts You allege were committed by any Defendant in the Complaint, including but not limited to, regarding the alleged Trade Secrets. This Request includes, but is not limited to, any recordings or transcripts of internal Moog meetings at which the topic of communicating with actual or prospective customers regarding the acts You allege were committed by any Defendant in the Complaint.

14. All Documents and Communications relating to any market analyses regarding any market in which Moog alleges it participates, and Moog's performance in those markets, including but not limited to unmanned aviation and flight control technologies.

15. All Documents relating to Your efforts to maintain the secrecy of the alleged Trade Secrets, including without limitation (i) Documents sufficient to identify all Persons who have accessed the alleged Trade Secrets; and (ii) Documents sufficient to show the confidentiality obligations of each such Person to You.

Dated: New York, New York
March 23, 2022

/s/ Katherine Dominguez

**GIBSON, DUNN & CRUTCHER LLP**
Josh Krevitt, Esq. (Admitted Pro Hac Vice)
Katherine Dominguez, Esq. (Admitted Pro Hac Vice)
Angelique Kaounis, Esq. (Admitted Pro Hac Vice)
200 Park Avenue
New York, NY 10166
(212) 351-2338
JKrevitt@gibsondunn.com
KDominguez@gibsondunn.com
AKaounis@gibsondunn.com

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
(716) 200-5050
tflynn@harrisbeach.com

Attorneys for Defendant
SKYRYSE, INC

.

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in New York County, State of New York. My business address is 200 Park Avenue, New York, New York 10166-0193.

On March 23, 2022, I served true copies of the following document(s) described as **DEFENDANTS' FIRST (EXPEDITED) REQUESTS FOR PRODUCTION**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address KDominguez@gibsondunn.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2022, at New York, New York.

        /s/ Katherine Dominguez
        Katherine Dominguez

-14-

# SERVICE LIST

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Kazim Naqvi, Esq.<br>Travis Anderson, Esq.<br>Rena Andoh, Esq.<br>Lai Yip, Esq.<br>Aloma Harris<br>30 Rockefeller Plaza<br>New York, New York 10112<br>(212) 653-8700<br>KNaqvi@sheppardmullin.com<br>TAnderson@sheppardmullin.com<br>RAndoh@sheppardmullin.com<br>LYip@sheppardmullin.com<br>AiHarris@sheppardmullin.com | Attorneys for Plaintiff MOOG, INC. |
| HODGSON RUSS LLP<br>Robert J. Fluskey Jr., Esq.<br>Melissa N. Subjeck, Esq.<br>Pauline T. Muto, Esq.<br>The Guaranty Building<br>140 Pearl Street<br>Buffalo, New York 14202<br>(716) 856-4000<br>RFluskey@hodgsonruss.com<br>MSubjeck@hodgsonruss.com<br>pmuto@hodgsonruss.com | Attorneys for Plaintiff MOOG, INC. |
| LOCKE LORD<br>Rory S. Miller, Esq.<br>Mitchell Popham, Esq.<br>Will Mullen, Esq.<br>Joseph Froehlich, Esq.<br>300. S. Grand Avenue, Suite 2600<br>Los Angeles, CA  90071<br>(213) 485-1500<br>Rory.Miller@lockelord.com<br>MPopham@lockelord.com<br>William.Mullen@lockelord.com<br>JFroehlich@lockelord.com | Attorneys for Defendants<br>ROBERT ALIN PILKINGTON and<br>MISOOK KIM |