# EXHIBIT G

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,<br><br>                Defendants. | Case No. 1:22-cv-00187-LVJ-JJM |

**DEFENDANTS' FIRST (EXPEDITED) SET OF INTERROGATORIES**

Skyryse, Inc. ("Skyryse"), Robert Alin Pilkington ("Pilkington), and Misook Kim ("Kim) (collectively, "Defendants"), by and through undersigned counsel and pursuant to the Stipulation And Order Re Expedited Discovery Procedure And Briefing Schedule For Preliminary Injunction Motion [Dkts. 33, 36], Federal Rules of Civil Procedure 26 and 33, and the Local Civil Rules of the Western District of New York, hereby requests that Plaintiff Moog Inc. ("Moog") answer the following interrogatories separately, fully, in writing, and under oath by April 13, 2022, in the manner required by the Federal Rules of Civil Procedure and in accordance with the definitions and instructions below.

1

## DEFINITIONS

The definitions and rules of construction set forth in Rule 33 of the Federal Rules of Civil Procedure and Rule 26(c)(3) of the Local Civil Rules ("Uniform Definitions for all Discovery Requests") are hereby incorporated and apply to these interrogatories.

1. The terms "You," "Your," "Plaintiff," or "Moog" refers to Moog Inc. and each and every one of its agents, employees, partners, affiliates, principals, and/or representatives, individually or collectively, and any other legal entities owned or controlled, directly or indirectly, by any of the foregoing, including attorneys and all persons acting on its behalf or under its control.

2. The term "Action" refers to *Moog Inc. v. Skyryse, Inc., et al.*, Civil Action No. 1:22-cv-00187, in the United States District Court for the Western District of New York.

3. The term "Defendants" refers to Skyryse, Inc., Robert Alin Pilkington, and Misook Kim.

4. The term "Skyryse" refers to defendant Skyryse, Inc.

5. The term "Pilkington" refers to defendant Robert Alin Pilkington.

6. The term "Kim" refers to defendant Misook Kim.

7. The term "Complaint" refers to the current operative complaint in the Action.

8. "All" includes "each" or "any" and vice versa.

9. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the discovery request more inclusive so as to bring within the scope of the request all information that might otherwise be construed to be outside its scope.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. Words in the masculine, feminine, or neutral form shall include all of the other genders.

11. The use of the term "the" shall not be construed as limiting the scope of any interrogatory.

12. "Including" means including, but not limited to.

13. The term "Trade Secret" or "Trade Secrets" means the information identified in paragraph 39 of the Complaint as the alleged trade secrets and any other trade secret Plaintiff contends Defendants misappropriated. In referring to any information identified in paragraph 39 of the Complaint, Skyryse in no way communicates its agreement that the information constitutes a trade secret, or that the allegations in paragraph 39 of the Complaint concerning the purported "Trade Secrets" satisfy Plaintiff's obligations under the Defend Trade Secrets Act, 18 U.S.C. § 1836 to describe their alleged trade secrets with reasonable particularity.

14. The term "Former Moog Employees" refers to any former employee, consultant, or contractor of Moog, who Moog knows, believes, or suspects have become or will become an employee, consultant, or contractor of Skyryse, including, but not limited to, the employees identified in paragraph 91 of the Complaint.

15. The term "Person" refers to any natural person, or any business, legal or governmental entity or association, including without limitation, the owners, officers, directors, agents, trustees, parents, or subsidiaries, affiliates, assignees, predecessors, and successors of such entities or associations and/or natural persons.

16. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

17. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

18. If referring to an entity, "identify" or "describe" means to give, to the extent known, (a) the entity's full name, including (when not apparent from the name) the nature of the entity, e.g. corporation, limited liability corporation, partnership, or professional corporation; (b) present or last known address of its headquarters or principal place of business; and (c) the state in which the entity is incorporated or otherwise created. Once an entity has been identified in accordance with this subparagraph, only the name of that entity need be listed in response to subsequent discovery requesting the identification of that entity.

19. If referring to a person, "identify" means "identify" as defined in Local Rule 26(c)(3)(C).

20. If referring to a document or communication as defined in Local Rule 26(c)(3)(A)-(B), "identify" means to give, to the extent known, the type of document or communication, the general subject matter, the date, and, as applicable, the author(s), addressee(s), and recipient(s). If any such document is no longer in Your possession or subject to Your control, state what disposition was made of it, the date of such disposition, and the person having knowledge of its content.

**INSTRUCTIONS**

1. Each interrogatory is to be answered fully based on information in Your possession, custody, or control, or in the possession, custody, or control of Your representatives, agents, or attorneys. If any of these interrogatories cannot be answered in full, or if You object to some part of an interrogatory, You must answer the interrogatory to the fullest extent possible,

specifying the reason(s) for Your objection to answer the remainder and inserting whatever information You now have concerning the unanswered portion(s).

2. If You object to any interrogatory or any portion of an interrogatory on the ground that the answer would reveal the substance of any privileged information, You must set forth the information necessary to ascertain whether the privilege properly applies and all information otherwise required by Federal Rule of Civil Procedure 26(b)(5) and the local rules of this Court.

3. If You respond to any interrogatory by reference to any document or communication, You are requested to produce that document or communication, and specify which documents and/or communications are produced in response to each interrogatory by bates number.

4. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained, and shall include bates numbers.

5. If, in responding to these interrogatories, You encounter any ambiguities when construing an interrogatory, instruction, or definition, in Your response, set forth the matter deemed to be ambiguous and the construction used in answering.

6. These interrogatories should be construed as broadly as possible with all doubts resolved in favor of providing full and complete responses to the interrogatories.  Except as specifically provided, words imparting the singular shall include the plural and vice versa, and words imparting the present tense shall also include the past and future tense and vice versa as necessary to make the interrogatories inclusive rather than exclusive.  The words "all," "any,"

"each," "and," and "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatories inclusive rather than exclusive.

7. The fact that Your investigation is continuing or that discovery is not complete does not excuse You from answering each interrogatory based on the knowledge You currently have. However, if Your investigation is continuing or discovery is not complete with respect to the matter inquired into, please state as much in Your answer.

8. These interrogatories are to be regarded as continuing, pursuant to Federal Rule of Civil Procedure 26(e), and any document or information obtained or located subsequent to Your answers that would have been included in those answers had it been available or its existence known at the time should be provided to the undersigned accordingly.

9. Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates. In each instance that an estimate is given, it should be identified as such together with the source of information underlying the estimate.

10. Unless otherwise stated, the relevant time period for these interrogatories shall begin at January 1, 2007, and continue through the present. If any relevant events occurred outside of this time period, but their reference is necessary for a complete understanding of Your response, such events shall be considered and included.

11. Each of the foregoing Definitions and Instructions is hereby incorporated by reference into, and shall be deemed a part of, each interrogatory.

## INTERROGATORIES

1. Identify, for each Defendant, each alleged Trade Secret that You contend that Defendant misappropriated.

2. For each alleged Trade Secret identified in response to Interrogatory No. 1, describe in detail how Plaintiff learned of the alleged misappropriation, including, without limitation, the circumstances under which the alleged misappropriation was detected, the identities of the individuals involved in the investigation, the conclusions of any investigation, and the bases for those conclusions.

3. For each alleged Trade Secret identified in response to Interrogatory No. 1, describe in detail how You allegedly developed such Trade Secret, including, without limitation, the circumstances under which You conceived of such Trade Secret, the identity of each Person involved in the conception, design, development, and/or use of such Trade Secret, and the nature and level of involvement of each such Person.

4. For each alleged Trade Secret identified in response to Interrogatory No. 1, identify all locations, both physical and electronic, at which any copy of the alleged Trade Secret was stored, and the dates during which they were stored at the identified locations.

5. For each alleged Trade Secret identified in response to Interrogatory No. 1, describe all actions You have taken to safeguard the confidentiality or secrecy of each such alleged Trade Secret.

6. For each alleged Trade Secret identified in response to Interrogatory No. 1, identify and describe in detail how You were harmed by the alleged misappropriation, including when.

7. For each alleged Trade Secret identified in response to Interrogatory No. 1, identify the alleged independent economic value each alleged Trade Secret has derived from not being publicly known, and include in the response the factual and legal bases underlying the calculation of this alleged value.

8. For each alleged Trade Secret identified in response to Interrogatory No. 1, identify when (if ever), how, and to whom Moog disclosed, accessed, or otherwise provided to anyone (including each person who has left Moog in the last 5 years) any of the alleged Trade Secrets and describe the extent and circumstances of the disclosure.

9. For each alleged Trade Secret identified in response to Interrogatory No. 1, identify and describe how each Defendant allegedly improperly used or disclosed each alleged Trade Secret.

10. Identify each Former Moog Employee and describe in detail all facts regarding the departure of each Former Moog Employee, including the date on which such Former Moog Employee notified You of their intent to leave, the Former Moog Employee's last date of employment, the time and content of any "exit interview," and whether You requested or required the Former Moog Employee to leave their employment earlier than the Former Moog Employee offered or requested to continue working.

Dated:   New York, New York
        March 23, 2022

      /s/ Katherine Dominguez

**GIBSON, DUNN & CRUTCHER LLP**
Josh Krevitt, Esq. (Admitted Pro Hac Vice)
Katherine Dominguez, Esq. (Admitted Pro Hac Vice)
Angelique Kaounis, Esq. (Admitted Pro Hac Vice)
200 Park Avenue
New York, NY 10166
(212) 351-2338
JKrevitt@gibsondunn.com
KDominguez@gibsondunn.com
AKaounis@gibsondunn.com

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
(716) 200-5050
tflynn@harrisbeach.com

Attorneys for Defendant
SKYRYSE, INC

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in New York County, State of New York. My business address is 200 Park Avenue, New York, New York 10166-0193.

On March 23, 2022, I served true copies of the following document(s) described as **DEFENDANTS' FIRST (EXPEDITED) SET OF INTERROGATORIES**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address KDominguez@gibsondunn.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2022, at New York, New York.

          /s/ Katherine Dominguez
          Katherine Dominguez

# SERVICE LIST

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Kazim Naqvi, Esq.<br>Travis Anderson, Esq.<br>Rena Andoh, Esq.<br>Lai Yip, Esq.<br>Aloma Harris<br>30 Rockefeller Plaza<br>New York, New York 10112<br>(212) 653-8700<br>KNaqvi@sheppardmullin.com<br>TAnderson@sheppardmullin.com<br>RAndoh@sheppardmullin.com<br>LYip@sheppardmullin.com<br>AiHarris@sheppardmullin.com | Attorneys for Plaintiff MOOG, INC. |
| HODGSON RUSS LLP<br>Robert J. Fluskey Jr., Esq.<br>Melissa N. Subjeck, Esq.<br>Pauline T. Muto, Esq.<br>The Guaranty Building<br>140 Pearl Street<br>Buffalo, New York 14202<br>(716) 856-4000<br>RFluskey@hodgsonruss.com<br>MSubjeck@hodgsonruss.com<br>pmuto@hodgsonruss.com | Attorneys for Plaintiff MOOG, INC. |
| LOCKE LORD<br>Rory S. Miller, Esq.<br>Mitchell Popham, Esq.<br>Will Mullen, Esq.<br>Joseph Froehlich, Esq.<br>300. S. Grand Avenue, Suite 2600<br>Los Angeles, CA  90071<br>(213) 485-1500<br>Rory.Miller@lockelord.com<br>MPopham@lockelord.com<br>William.Mullen@lockelord.com<br>JFroehlich@lockelord.com | Attorneys for Defendants<br>ROBERT ALIN PILKINGTON and<br>MISOOK KIM |