# Exhibit 3

| | |
|---|---|
| **From:** | Kazim Naqvi <KNaqvi@sheppardmullin.com> |
| **Sent:** | Friday, August 5, 2022 7:26 PM |
| **To:** | Zahoory, Arman (Bay Area) |
| **Cc:** | Storey, Kelley (DC); Rena Andoh; Travis Anderson; Lai Yip; Tyler Baker; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com; #C-M SKYRYSE - MOOG - LW TEAM; truitt.a@wssllp.com; green.a@wssllp.com; tflynn@harrisbeach.com |
| **Subject:** | Re: Moog v. Skyryse |

Counsel:

The e-mail below completely skews the record, requests unduly burdensome and irrelevant "discovery about discovery" (which Skyryse has complained about throughout this case), and is simply designed to vex and harass Moog.

Skyryse is twisting the discussions during the July 15 hearing. Ms. Andoh's statements regarding "living documents" was simply meant to convey that documents change over time as they are worked on and updated. The confusion over this simple concept is baffling given that Skyryse's counsel purports to deal with theft of code and documents all the time and this is a fundamental aspect of electronic documents. Moog cannot go back in time to November and December 2021 to preserve the precise snapshot of the over 1.4 million files that were taken from Moog by Skyryse's former employees, given that Moog did not discover the theft until a few months later. Again, Skyryse's former employees deleted large volumes of evidence, not Moog.

Regardless, Moog has preserved to the best of its ability and knowledge the files that were taken (given the repeated acts of deletion and obfuscation by Defendants). These files are located on the devices that Moog produced to iDS on June 1.

Thank you,

Kazim

> On Aug 3, 2022, at 5:34 PM, arman.zahoory@lw.com wrote:
>
> Kazim,

Your email below fails to respond to the questions contained in Skyryse's July 18 letter, or to otherwise alleviate the concerns created by Ms. Andoh's statements at the July 15 hearing.

As we stated in our letter, it is important for Skyryse to understand the nature and scope of Ms. Andoh's assertion that Moog is no longer in possession of certain files it alleges were taken by one or both of the Individual Defendants because those files are "living documents" that Moog continued to modify after they were purportedly taken.  Your response below ignores the concerns raised in our letter and sidesteps what Ms. Andoh actually said at the hearing regarding those files, specifically that "A lot of these documents are living documents ***and they continue to be updated and they continue to be modified as time goes on***."  July 15 Tr. At 39:19-23.  If Moog did not preserve the documents that it alleges were taken, and the only copies of those documents have been "updated" and "modified," we need to know.

The fact that Mr. Pilkington or Ms. Kim may have modified some of the files before or after they were taken does not explain Ms. Andoh's statement that these are "living documents" that "continue to be updated" and "continue to be modified as time goes on" at Moog.  Skyryse must be permitted to investigate the scope and nature of any such updates or modifications, when those updates or modifications occurred, and whether Moog complied with its obligations to preserve relevant information. To that end, we ask once again that Moog provide the information below to permit Skyryse to investigate this issue:

1. An identification of each file Moog has modified or updated since it was allegedly taken by any Defendant, including any files you claim were modified or updated by the Individual Defendants after they were taken.

2. An identification of any such modified or updated files that were not preserved in the form in which they existed when they were allegedly copied or taken by any Defendant.

3. An explanation of the steps, if any, taken by Moog to recover the original versions of those files in the forms in which they existed when they were allegedly taken.

4. A description of (a) when Moog first became aware that Defendant Pilkington or Kim may have copied or taken Moog's allegedly proprietary information, (b) when Moog began preserving evidence related to the alleged copying, and (c) when and how Moog learned that any files allegedly copied by Defendant Pilkington or Kim had been subsequently modified or updated before they were preserved.

5. If Moog has, in fact, preserved all of the "living documents" Ms. Andoh referred to that Moog alleges were taken, and preserved them in the form in which they allegedly were taken, then they should have been produced long ago so we ask that you point them out to us by Bates range.

Unsurprisingly, Ms. Andoh's statements at the hearing make it impossible for Skyryse to simply accept Moog's assertion that "there are no spoliation issues from Moog."  To the extent Moog is not willing to provide this basic information, please let us know your availability to meet and confer this week regarding this issue, as Skyryse will be left with no choice but to raise it with the Court.

Best,
Arman

**Arman Zahoory**

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025

D: +1.650.470.4985

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Monday, July 25, 2022 9:15 PM
**To:** Storey, Kelley (DC) <Kelley.Storey@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; PMuto@hodgsonruss.com; rdutta@hodgsonruss.com
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; truitt.a@wssllp.com; green.a@wssllp.com; tflynn@harrisbeach.com
**Subject:** RE: Moog v. Skyryse

Counsel:

We write in response to your July 18 letter.  Rest assured that Moog has preserved all relevant evidence, including its copies of the files that it is currently aware of were taken by Defendants.  Moreover, to the extent there is any variation between Moog's copies of the 136,994 files copied by Misook Kim, this would be because, as alleged in detail in the Complaint, she deleted and formatted the hard drive that was used to copy the files to.  Ms. Kim, or any of the other Defendants, could have made edits to any of these files before or after they were copied which would alter their contents. We explained this exact issue to you when we provided you with the over 62,000 hash values in March 2022, and why such hash values have limited probative value.  To be clear, Moog has always preserved and continues to preserve all of the relevant data involved in this case, including the documents underlying the ~20 flight control programs at issue in this case. Moog has produced to iDS the devices containing information available to Moog regarding the over 1.4 million files copied by Kim and Pilkington. Thus, to the extent any evidence or files have been lost or deleted, that is solely attributable to the conduct of Kim, Pilkington, or Skyryse.

We trust this resolves your letter.  As Moog unambiguously stated during the July 15 hearing, there are no spoliation issues from Moog regarding the matters set forth in the July 18 letter. The only spoliation issues that have occurred in this case are from Skyryse (as it has admitted in multiple filings) and the Individual Defendants.

Thank you,
Kazim


**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Kelley.Storey@lw.com <Kelley.Storey@lw.com>
**Sent:** Monday, July 18, 2022 10:34 AM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; PMuto@hodgsonruss.com; rdutta@hodgsonruss.com
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; truitt.a@wssllp.com; green.a@wssllp.com; tflynn@harrisbeach.com
**Subject:** Moog v. Skyryrse

Counsel:

Please see the attached correspondence.

Best,

**Kelley Storey**
Pronouns: she/her/hers

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2317

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.
Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.