# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| VIRGILANT TECHNOLOGIES LIMITED, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. 21-0181-MN |
| ABC ASSETS, INC.; and, APTARGROUP, INC., | ) ) ) ) | |
| Defendants | ) ) | |

## [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER FOR AN ULTRASENSITIVE INFORMATION PROTOCOL

Based on the proposal of the parties, the Court hereby ORDERS as follows:

At the time the Protective Order was entered in this case, "the parties [did] not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information, such as computer source code." ECF No. 38. As such, no provisions were included in the Protective Order to address production of source code. The Protective Order recognized that if the need for producing source code or other ultrasensitive documents or information arose in the case, "the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information." *Id.* The parties now anticipate the need for such a protocol, which is detailed below.

The provisions in this Ultrasensitive Information Protocol shall replace the provisions of the District of Delaware's Default Standard for Access to Source Code ("Default Standard"), which shall not otherwise apply to this case.

1.      The definitions from the Protective Order (ECF No. 38) are incorporated by reference.

2.      "Source Code" means any confidential human-readable computer source code, including, but not limited to, text files written in high-level programming languages such as C, C++, and Java, as well as accompanying project files used for creation of binary files.  "Source Code" includes computer source code for firmware, as well as applications for mobile devices and stand-alone computers.  "Source Code" also includes files used for creating hardware, including, but not limited to circuit layout files.  A producing party is not obligated to produce Source Code under this Ultrasensitive Information Protocol, and may choose to produce Source Code under any designation described in the Protective Order (ECF No. 38).

3.      An electronic copy of the Source Code shall be made available for inspection on at least one stand-alone computer (i.e., a computer not linked to or accessible from any network).

4.      The stand-alone computer shall be password protected and supplied by the producing party.

5.      The stand-alone computer shall be located at the offices of the producing party's Delaware outside counsel of record in this action, or at a location mutually agreed upon by the receiving and producing Parties.

6.      Access at any given time to the stand-alone computer shall be permitted to two (2) outside counsel representing the requesting party and two (2) experts retained by the requesting party, who satisfy the requirements of being "Qualified Persons" approved to see information designated as "Highly Confidential - Attorneys' Eyes Only," ("Reviewer"), after notice to the producing party and its opportunity to object as provided in the Protective Order.

7.     Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, including but not limited to cell phones / smart phones, CDs, floppy disk, portable hard drive, laptop, etc.) is prohibited while accessing the stand-alone computer containing the Source Code.  A Reviewer may use laptop or notebook computers in the source code review room for the sole purpose of taking and/or reviewing notes.  Such computers shall not be connected to the Internet or any other network while in the source code review room, and any camera or recording capability and all input/output connections shall disabled when in use in the source code review room.

8.     A receiving party wishing to inspect Source Code shall provide notice to the producing party at least two (2) business days in advance of the proposed inspection.  The notice shall include proposed date(s) and time(s) for inspection and the name(s) of the individual(s) conducting the inspection. Any inspection requested should generally be for normal business hours.

9.     The receiving party may request printed copies of portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request copies for the purposes of reviewing the Source Code.  In no event may the receiving party print more than an aggregate total of more than 100 pages of Source Code during the duration of the case without the consent of the producing party, which consent shall not be unreasonably withheld, or, if not agreed to by the producing party, the Court's approval.  The producing party shall provide copies of the selected Source Code portions with Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."  The producing party may challenge the amount of Source Code requested to be printed pursuant to the dispute resolution procedure and timeframes set forth in

Section 11.a of the Protective Order (ECF No. 38), whereby the producing party is the "challenging party" and the receiving party is the "designating party" for purposes of dispute resolution.

10.    The receiving party's outside counsel and any person qualified to receive the Source Code under this Ultrasensitive Information Protocol shall maintain and store any printed copies of the Source Code in a secure locked area or in a manner that prevents unauthorized access to the Source Code.  Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as HIGHLY CONFIDENTIAL – SOURCE CODE – ATTORNEY'S EYES ONLY may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings.  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.

11.    The producing party may maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The producing party may visually monitor the activities of the receiving party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.  Further, any such monitoring shall not include the use of any optical, audio or key stroke devices that receive, transmit, and/or store information.

12.    The producing party shall provide and include on the stand-alone computer software utilities which allow counsel and experts to view, search, and analyze the Source Code. At a minimum, these utilities should provide the ability to (a) view, search, and view line-numbers of any Source Code file and (b) search for a given pattern of text through a number of Source Code files.  Alternatively, the receiving party's outside counsel and/or experts may request that commercially available licensed software tools for view and searching source code be installed on

4

the stand-alone computer, and must provide the producing party with the such software tool(s) at least five business days in advance of the inspection. The receiving party shall bear the cost of licenses for any software tool(s) requested by the receiving party for installation on the stand-alone computer.

13.     To the extent that the provisions of this Ultrasensitive Information Protocol and the Protective Order (ECF No. 38) conflict, this Ultrasensitive Information Protocol shall control on the matter of Source Code.

Dated: June 23, 2022

 */s/ Francis G.X. Pileggi*        
Francis G.X. Pileggi (#2624)
Ciro C. Poppiti, III (#4905)
LEWIS BRISBOIS BISGAARD
& SMITH, LLP
500 Delaware Avenue, Suite 700
Wilmington, DE 19801
Phone: (302) 985-6002
Francis.Pileggi@LewisBrisbois.com
Ciro.Poppiti@LewisBrisbois.com

*Attorneys for Plaintiff*
*Virgilant Technologies Limited*

 */s/ Cortlan S. Hitch*        
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendant*
*AptarGroup, Inc.*

SO ORDERED, this _____ day of June, 2022.

_____
The Honorable Maryellen Noreika
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HULLINGER, an individual; BENJAMIN DE BONT, an individual; and AGORA SYSTEMS, LLC, a California limited liability company, | Case No. 2:15-cv-07185-SJO-FFM |
| | [~~PROPOSED~~] ORDER FOR PROTOCOL FOR CONFIDENTIAL SOURCE CODE |
| Plaintiffs, | Courtroom: 580 |
| v. | Magistrate Judge: Hon. Frederick F. Mumm |
| KUNAL ANAND, an individual; JULIEN BELLANGER, an individual; and PREVOTY, INC., a Delaware corporation; JAMIE MCNIEL, an individual; MICHAEL STERN, an individual; Adam Lilling, an individual; PLUS CAPTAL, L.P., a Delaware limited partnership; PLUS VENTURES TMG I, LLC, a California limited liability company; PLUS VENTURES GEE, GP, a California general partnership; DAN KAMINSKY, an individual; U.S. VENTURE PARTNERS, a California partnership; U.S. VENTURE PARTNERS, XI, L.P., a Delaware limited partnership; KARLIN VENTURES, LLC, a Delaware limited liability company; LAUNCHPAD LA, LLC, a Delaware limited liability company; LAUNCHPAD LA FUND II, L.P., a Delaware limited partnership; and SAM TELLER, an individual, | Initial Scheduling Conf: Dec. 21, 2015 Discovery Cutoff: Sept. 6, 2016 Pretrial Conference: Nov. 28, 2016 Trial Date: Dec. 6, 2016 |
| Defendants. | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

[~~PROPOSED~~] ORDER FOR PROTOCOL FOR CONFIDENTIAL SOURCE CODE

# [~~PROPOSED~~] ORDER

This Protocol governs the protocol for production, review, and use of all Source Code (as defined below) produced by Defendants Prevoty, Inc., Kunal Anand and Julien Bellanger (collectively, the "Prevoty Defendants") in response to Request for Production No. 69 to Anand, Request for Production No. 68 to Bellanger and Request for Production No. 68 to Prevoty to Plaintiffs Agora Systems LLC, Jason Hullinger and Benjamin de Bont (collectively, "Plaintiffs").

A.    <u>Source Code Subject to Protective Order.</u>

1.  This Protocol incorporates by this reference all provisions of the Protective Order entered on February 9, 2016 in the above-captioned litigation ("Protective Order").

2.  "CONFIDENTIAL SOURCE CODE":  Computer code and, object code, data files produced by the Prevoty Defendants in response to Request No. 69 to Anand, Request No. 68 to Bellanger and Request No. 68, may be designated as "CONFIDENTIAL SOURCE CODE" (hereinafter, "Source Code").

3.  Source Code shall be subject to, and treated as if designated as "CONFIDENTIAL" under, the Protective Order, except as set forth in this Protocol.

B.    <u>Production of Source Code.</u>

1.  The Prevoty Defendants and/or their Outside Counsel of Record shall produce to Plaintiffs a single electronic copy of Source Code for review on a secure computer without Internet access or network access to other computers (the "Source Code Computer").  Except for the printer and power ports, all other ports on the Source Code Computer shall be disabled, and audio and video recording on the Source Code Computer will be disabled.

2. The Source Code Computer shall be provided by the Producing Party and shall be password protected.  The password shall be known only to Outside Counsel of Record for the Prevoty Defendants and Outside Counsel of Record for Plaintiffs.  The Source Code Computer shall be further protected by using SHA encryption applied by the Prevoty Defendants or their Outside Counsel of Record.

3. The Producing Party shall also provide a printer without network access to other computers (the "Printer").  The Printer may be connected to the Source Code Computer and may be used only for the purpose described in Section C.5.a of this Protocol.

4. The Source Code Computer and Printer shall be located in a secure location at the offices of Outside Counsel of Record for Plaintiffs, and shall not have Internet access or network access.  The Source Code Computer shall be maintained in a locked location at the offices of Outside Counsel of Record for Plaintiffs when not in use.  The Source Code Computer and Printer shall not be removed from the offices of Outside Counsel of Record for Plaintiffs unless otherwise ordered by the Court or permitted in writing by the Producing Party.

5. The Prevoty Defendants will produce Source Code for each version of any application security monitoring technology software tested, created, used, demonstrated, or offered at or by Prevoty, to the extent that such Source Code exists.  Each version of Source Code will be grouped in separate folders and identified by the date of the version.

6. Source Code shall be produced in native format that can be viewed in Notepad++, which will be loaded on the Source Code Computer.  Any information related to password or authentication keys used by Prevoty employees shall be removed from the Source Code for security purposes.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

2:15-CV-07185-SJO-FFM

- 3 -

[PROPOSED] ORDER FOR PROTOCOL FOR
CONFIDENTIAL SOURCE CODE

C.    Review, Disclosure, and Use of Source Code.

    1.  Source Code shall be made available for review on the Source Code Computer at the offices of Outside Counsel of Record for Plaintiffs.

    2.  Access to Source Code shall be afforded as set forth in this Protocol and shall be limited to review by Plaintiff Jason Hullinger, Receiving Party's Outside Counsel of Record and all Experts subject to Section C.3.c of this Protocol.

    3.  Disclosure of "CONFIDENTIAL SOURCE CODE."  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and subject to Section C.2 of this Protocol, a Receiving Party may disclose CONFIDENTIAL SOURCE CODE only to:

        a.  the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

        b.  Plaintiff Jason Hullinger;

        c.  Experts (as defined in the Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to the Protective Order, and (3) as to whom the procedures set forth in paragraph 7.3(a) in the Protective Order have been followed;

        d.  the Court and its personnel;

        e.  court reporters and their staff;

        f.  professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to the Protective Order;

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

h. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

4. Except as set forth in Section C.5 herein, and subject to C.2 of this Protocol, the Receiving Party

a. shall be entitled to take notes relating to the Source Code, but may not copy any portion of the Source Code into the notes;

b. shall not remove any portion of the Source Code from the offices of Plaintiffs' Outside Counsel of Record;

c. shall not copy, remove, or otherwise transfer onto any recordable media or recordable device, or photograph or otherwise image, any portion of the Source Code; and

d. shall not create any electronic or paper copies of any portion of the Source Code.

5. Permitted Exceptions:

a. The Receiving Party is permitted to print limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial (the "Printed Portions"), but shall not print any portion of Source Code for the purpose of reviewing other than electronically as set forth in Sections C.1 and C.2 of this Protocol in the first instance.

b. The Receiving Party shall label as "CONFIDENTIAL SOURCE CODE," shall Bates number, and shall maintain in a secured, locked

1  area in the offices of Plaintiffs' Outside Counsel of Record, all of
2  the Printed Portions ("Processed Printed Portions").

3  c.  The Receiving Party shall make a single paper copy of the Processed
4  Printed Portions, and shall provide it, via regular U.S. Mail, or at the
5  sole option and expense of the Prevoty Defendants, via overnight
6  delivery, to Outside Counsel of Record for the Prevoty Defendants
7  within one week from the date that each Printed Portion is printed.

8  d.  The Receiving Party may make additional paper copies of the
9  Processed Printed Portions only if such additional copies are (1)
10  necessary to prepare court filings, pleadings, or other papers
11  (including a testifying expert's expert report), (2) necessary for
12  deposition, or (3) otherwise necessary for the preparation of its case.
13  All such paper copies shall be maintained in a secured, locked area
14  in the offices of Plaintiffs' Outside Counsel of Record.

15  e.  Plaintiffs and the Prevoty Defendants dispute the extent to which
16  limitations should be placed on electronic copying of Processed
17  Printed Portions or reasonable excerpts of the Source Code.
18  Plaintiffs and the Prevoty Defendants intend to submit competing
19  provisions, with short arguments in support of their proposal.

20  f.  Any paper copies of the Processed Printed Portions used during a
21  deposition shall be retrieved by the Producing Party at the end of
22  each day and must not be given to or left with a court reporter or any
23  other unauthorized individual.

24

25  **IT IS SO ORDERED.**

26

27  Dated:  June 29, 2016                           /S/ Frederick F. Mumm
                                                Honorable Frederick F. Mumm
28                                              United States Magistrate Judge

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

2:15-CV-07185-SJO-FFM                 - 6 -        [PROPOSED] ORDER FOR PROTOCOL FOR
                                                  CONFIDENTIAL SOURCE CODE
AFDOCS/13520790.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LITHERO, LLC, )
)
      Plaintiff, )
) Case No. 19-2320-RGA
      v. )
)
ASTRAZENECA )
PHARMACEUTICALS LP )
)
      Defendant. )

### STIPULATED PROTECTIVE ORDER
### GOVERNING CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED, pursuant to Fed. R. Civ. P. 26(c), by Plaintiff, LITHERO,

LLC, and Defendant, ASTRAZENECA PHARMACEUTICALS LP, that upon approval of the

Court this Stipulated Protective Order (the "Protective Order") shall govern the handling of

discovery material, which shall consist of documents, text, images, information including

electronically stored information ("ESI"), data, deposition testimony, deposition exhibits,

interrogatory responses, admissions, and any other papers or information ("Material") produced,

given, or exchanged by and among the parties and any non-parties in the above-captioned action

(the "Litigation"). This Protective Order is binding on the parties and their agents.

1.     **Confidential and Highly Confidential Material**.

    **A.**     Material may be designated as "Confidential Material," "Highly Confidential

Material - Counsel of Record Only," or "Highly Confidential Material – Source Code" by any

party (the "Designating Party"). "Confidential Material," "Highly Confidential Material -

Counsel of Record Only," and "Highly Confidential Material – Source Code" are referred to

herein collectively as "Protected Litigation Material."

**B.**      The Designating Party may designate Material as Confidential Material if the Designating Party believes in good faith that the Material contains confidential, proprietary, or commercially sensitive information which is unavailable to the general public.

**C.**      The Designating Party may designate Material as Highly Confidential Material - Counsel of Record Only if the Designating Party believes in good faith that (i) the conditions set forth in Paragraph 1.B are satisfied and (ii) disclosure of such Material would result in competitive or other business injury to the Designating Party.

**D.**      A Designating Party that produces confidential, proprietary and/or trade secret source code (as opposed to merely making it available for inspection), including human-readable programming language text that defines software, firmware, or electronic hardware descriptions ("Source Code") pursuant to Paragraph 6 hereto may designate such Material as Highly Confidential Material – Source Code. Source Code also includes source code files, which are text files containing source code. These include, by way of example only, files containing source code written in "Java," "C," "C++," as well as other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or digital signal processor. Nothing in this Protective Order shall obligate the parties to produce any Source Code or act as any admission that any particular Source Code is relevant or discoverable in this Litigation.

**E.**      This Protective Order shall apply to information derived or copied from Material that is expressly designated as Protected Litigation Material, including all copies, excerpts, and summaries.

**F.**      A party receiving Material designated as Protected Litigation Material (a "Receiving Party") may challenge a Designating Party's designation of Protected Litigation

ME1 35652354v.1

Material (a "Designation") at any time. Any Receiving Party disagreeing with a Designation may request in writing that the Designating Party change the Designation (a "Challenge"). The Designating Party will have seven (7) days after receipt of a Challenge to advise the Receiving Party whether or not it will change the Designation. If, after conferring in good faith, there is still disagreement as to whether the Designation is appropriate, the Receiving Party or the Designating Party may initiate the discovery dispute procedures in Paragraph 3(i) of the Scheduling Order (D.I. 69) with regard to any Designation in dispute. It shall be the burden of the Designating Party to establish that a Designation is appropriate. Unless and until a Court ruling is obtained changing a Designation, or the parties agree otherwise, Material shall be treated according to its Designation.

2.     **Designating Protected Litigation Material**.

      **A.**     Designation of Material as Protected Litigation Material shall be made by marking the face of such Material as either "CONFIDENTIAL MATERIAL," "HIGHLY CONFIDENTIAL MATERIAL - COUNSEL OF RECORD ONLY," or "HIGHLY CONFIDENTIAL MATERIAL – SOURCE CODE." If such marking is not reasonably possible, the Designating Party may mark the Material as Protected Litigation Material in some other way, such as by marking the exterior of the container(s) in which the Material is produced, including a Designation within the file name, or in some other way that reasonably indicates the intent to designate the Material as Protected Litigation Material.

      **B.**     Permitting inspection of Material before it is designated as Confidential Material, Highly Confidential Material - Counsel of Record Only, or Highly Confidential Material – Source Code does not waive the right to designate such Material as Protected Litigation Material.

      **C.**     If a party wishes to designate as Confidential Material, Highly Confidential

3

Material - Counsel of Record Only, or Highly Confidential Material – Source Code any Material produced by another party, such Designation shall be made by notifying the other party in writing within sixty (60) days from the date that the party receives the Material; provided, however, that any Designation made by a Receiving Party pursuant to this paragraph shall not have any effect on how the party producing Material in this Litigation (a "Producing Party") may use non-production copies of Material designated as Protected Litigation Material by a Receiving Party that the Producing Party has in its possession, custody, or control and has obtained lawfully and independently of the discovery proceedings in this Litigation. Any disagreements about designations made pursuant to this paragraph shall be resolved by using the procedure set forth in Paragraph 1.F.

3.     **Deposition Testimony**.

A.     Deposition transcripts or portions thereof may be designated as Protected Litigation Material, or as containing Source Code from a Stand-Alone Computer (as that term is defined below), by making a Designation (i) on the record during the deposition or (ii) in writing within thirty (30) days following the deposition. In the event neither party designates the testimony on the record during the deposition pursuant to (i) above, the deposition testimony shall be presumed to be Highly Confidential Material – Counsel of Record Only until the expiration of the 30-day period under (ii) above, unless the parties otherwise agree. Notwithstanding anything to the contrary in this Protective Order, any portion of a deposition transcript reflecting Source Code from a Stand-Alone Computer (as defined below) or Source Code Printouts (as defined below) shall be treated in accordance with Paragraph 6 of this Protective Order. As appropriate, deposition testimony shall be bound in a separate volume and marked Confidential Material, Highly Confidential Material - Counsel of Record Only, Highly Confidential Material – Source

4

Code, and/or Printed from Stand-Alone Computer (as set forth below in Paragraph 6).

      **B.**    Upon the Designation of Material or testimony as Protected Litigation Material during a deposition, or if Source Code from a Stand-Alone Computer (as defined below) or Source Code Printouts (as defined below) is discussed during a deposition, all persons other than those to whom the Protected Litigation Material or Source Code may be disclosed under this Protective Order shall be excluded from the deposition, or the relevant part of the deposition.

**4.**    **Permitted Use.**  Protected Litigation Material may be used only for purposes of this Litigation, including alternative dispute resolution and appeals, if appropriate.

**5.**    **Disclosure.**  Unless otherwise permitted by this Protective Order, further order of the Court, or agreement between the parties, Protected Litigation Material may be disclosed only permitted by this paragraph 5, with any additional restrictions found in paragraph 6 for Materials considered "Source Code Printouts" as defined in that paragraph.

      **A.**    **Third Parties.**  Unless permitted by this Protective Order, Protected Litigation Material shall not be disclosed to any third party.

      **B.**    **The Court**.  Protected Litigation Material may be disclosed to the Court and Court staff (e.g., clerks, assistants, court reporters, etc.).

      **C.**    **Outside Counsel**.  Protected Litigation Material may be disclosed to counsel of record who represent the parties in this Litigation.  Protected Litigation Material may be disclosed to attorneys, paralegals, secretaries, clerical, and regular and temporary employees who are assisting with the Litigation for use in accordance with this Protective Order, provided that any person to whom a disclosure of Protected Litigation Material is made pursuant to this paragraph is made aware of this Protective Order and that it restricts them from disclosing or using any Protected Litigation Materials for purposes other than the Litigation.  Protected Litigation

Material may also be disclosed to: 1) litigation support vendors of counsel that are required to maintain the confidentiality of materials under their contracts with counsel; 2) Federal Express and other delivery services that obtain Protected Litigation Material from counsel in sealed envelopes for delivery; and 3) regular and customary litigation support vendors of counsel located in Delaware who are instructed that the materials are subject to a litigation protective order and must be treated accordingly. Protected Litigation Material may also be disclosed to litigation support vendors who execute the Acknowledgement and Agreement attached hereto as Exhibit A.

 

**D.** **Parties**. Confidential Material may be disclosed to the parties and their employees, officers, and directors who have a need to know the Confidential Material for purposes of this Litigation; provided, however, that any person to whom a disclosure of Confidential Material is made pursuant to this paragraph is made aware of this Protective Order prior to the disclosure and that it restricts them from disclosing or using any Protected Litigation Materials for any purposes other than the Litigation. Material Designated as Highly Confidential Material – Counsel of Record Only and Highly Confidential Material – Source Code by a party shall not be disclosed to the adverse party (as opposed to the adverse party's counsel); provided, however, that (i) Highly Confidential Material – Counsel of Record Only and Highly Confidential Material – Source Code designated by Defendant may be disclosed to    Nyron Burke,

ME1 35652354v.1

provided s/he executes the Agreement and Acknowledgement attached as Exhibit A hereto and it is provided to AstraZeneca; and (ii) Highly Confidential Material – Counsel of Record and Highly Confidential Material – Source Code designated by Plaintiff may be disclosed to one in-house attorney for Defendant who has been assigned responsibility for this matter, provided he or she executes the Acknowledgement and Agreement attached hereto as Exhibit A and it is provided to Lithero. Notwithstanding anything to the contrary in this Protective Order, Plaintiff acknowledges that the in-house attorney for Defendant assigned responsibility for this matter may change, and Plaintiff agrees that Highly Confidential Material – Counsel of Record and Highly Confidential Material – Source Code designated by Plaintiff may be disclosed to the in-house attorney for Defendant with responsibility for this matter at the time the disclosure occurs under the same conditions set forth above. In the event that the in-house attorney for Defendant assigned responsibility for this matter changes, Defendant shall promptly inform Plaintiff of the change.

**E. Court Reporters and Videographers.** Protected Litigation Material may be disclosed to court reporters, videographers, and other individuals engaged for the purpose of transcribing or recording depositions, provided that any person to whom a disclosure of Protected Litigation Material is made pursuant to this paragraph is made aware of this Protective Order prior to the disclosure and that it restricts them from disclosing or using any Protected Litigation Materials for any purposes other than the Litigation.

**F. Consultants or Experts**.

(a) Protected Litigation Material may be disclosed to experts or consultants assisting a party and/or their counsel in connection with this Litigation (an "Expert").

ME1 35652354v.1

Notwithstanding anything to the contrary in this Protective Order, before Protected Litigation Material may be disclosed to an Expert: (i) the Expert must sign an Agreement and Acknowledgement in the form attached hereto as Exhibit A; (ii) the Agreement and Acknowledgement signed by the Expert must be provided to counsel for the Designating Party, along with a written statement setting forth the Expert's past or present association with any party to this Litigation and a curriculum vitae setting forth the Expert's publications, clients in any ongoing consultations, and clients in any consultations within the last five years; (iii) the seven (7) day period beginning with the date upon which the signed Agreement and Acknowledgement required by this paragraph is provided to counsel for the Designating Party must have expired; and (iv) the Designating Party has consented to or not objected to the Expert's receipt of Protected Litigation Material. Once an Expert is entitled to access Protected Litigation Materials, that access shall extend to the partners, associates, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting the Expert with the Litigation, provided, however, that any person to whom Protected Litigation Material is disclosed pursuant to this paragraph executes the Agreement and Acknowledgement attached as Exhibit A hereto prior to the disclosure.

**(b)** Any objection by a Designating Party to an Expert's receipt of Protected Litigation Material shall be in writing. During the seven (7) days after an objection asserted in accordance with this paragraph is made, the parties shall meet and confer in good faith in an attempt to resolve the objection. If an agreement cannot be reached within that seven (7) day period, the objecting party shall initiate the discovery dispute procedures in Paragraph 3(i) of the Scheduling Order (D.I. 69). The burden shall be on the objecting party to establish good cause

why disclosure should not be made to the Expert. If a Designating Party objects in accordance with this Protective Order to an Expert's receipt of Protected Litigation Material, no disclosure of Protected Litigation Material shall be made to the Expert without prior approval of the Court or prior agreement of the Designating Party. If a Designating Party does not object in accordance with this Protective Order to an Expert's receipt of Protected Litigation Material, Protected Litigation Material may be disclosed to the Expert in accordance with this Protective Order.

G. **Disclosure by the Designating Party**. This Protective Order has no effect upon, and shall not apply to, a Designating Party's use or disclosure of Materials it has produced that have not been designated by another party as Protected Litigation Material, subject to Paragraph 2(c) of this Protective Order and the resolution of any dispute between Designations.

H. **Author or recipient.** Protected Litigation Material may be disclosed to any person shown on the face of the document as being its author. It may also be disclosed to any person who is shown on the face of the document as having previously been a recipient of the document, provided such receipt did not violate this Protective Order or Local Rule 26.2.

I. **Witnesses at depositions.** Protected Litigation Material may be disclosed to individuals deposed, or whose depositions have been requested or noticed, in connection with this Litigation during and in preparation for their depositions who are not authorized to view Protected Litigation Material under another provision of this Protective Order if: (i) disclosure of the Protected Litigation Material to the individual is reasonably necessary; (ii) a factual basis for believing that the individual has previously viewed or had access to the Protected Litigation Material exists and has been established by initially inquiring with the individual whether they have previously viewed or had access to the Protected Litigation Material before allowing such individual to review the Protected Litigation Material in detail or examining the individual on

Protected Litigation Material; and (iii) the individual signs an Agreement and Acknowledgment in the form attached hereto as Exhibit A prior to disclosure. Individuals to whom disclosures are made pursuant to this paragraph shall not retain a copy of documents containing Protected Litigation Materials. Prior to a deposition, the party seeking to disclose Protected Litigation Material to a witness at a deposition may, but is not required to, confer with the Producing Party to reach agreement on documents that can be disclosed to the witness and may seek relief from the Court to allow disclosure of the documents in question in the event agreement cannot be reached.

**J.** **Other Persons Authorized by the Court**. Protected Litigation Material may be disclosed to any person as permitted by further order of the Court.

**K.** **Agreement of the Parties**. Protected Litigation Material may be disclosed to any person pursuant to written agreement of the parties.

**6.** **Access to Highly Confidential Material – Source Code.**

**A.** Unless a party elects to produce Source Code, it shall be made available for inspection on a computer that is not connected the Internet or any other network (including an intranet or a local area network) (a "Stand-Alone Computer").

**B.** The Stand-Alone Computer shall be password protected, supplied by the party providing the Source Code for inspection (the "Source Code Producing Party"), and made available at the office of the Source Code Producing Party's counsel of record in Delaware, or another location mutually agreed upon by the parties, subject to reasonable security measures as agreed upon by the parties. Notwithstanding anything to the contrary in this Protective Order, after notice to the Source Code Producing Party and an opportunity to object, outside counsel representing the Receiving Party and no more than two Experts retained by the Receiving Party, who are authorized under this Protective Order to view the Source Code Producing Party's

ME1 35652354v.1

Protected Litigation Material (the "Receiving Party Agents"), may access the Stand-Alone Computer. Unless otherwise agreed upon in writing by the Source Code Producing Party, neither the Receiving Party nor any agent of the Receiving Party other than as set forth in the preceding sentence shall access the Stand-Alone Computer.

C.    The Source Code Producing Party shall provide a manifest of the contents of the Stand-Alone Computer. This manifest, which will be supplied in both printed and electronic form, will list the name and location of every source and executable file on the Stand-Alone Computer.

D.    The Receiving Party Agents may analyze the code on the Stand-Alone Computer using software utilities that allow them to view, search, and analyze the Source Code, including (i) view, search, and line-number any source file, (ii) search for a given pattern of text through a number of files, (iii) compare two files and display their differences, and (iv) compute the MD5 checksum of a file. Software utilities allowed by this paragraph shall be identified and provided by the Receiving Party and installed by the Source Code Producing Party, absent a reasonable objection from the Source Code Producing Party. If any such objection cannot be resolved by the parties after a meet and confer, it may be submitted to the Court for resolution pursuant to the procedure set forth in Paragraph 3(i) of the Scheduling Order. The Source Code Producing Party shall have the burden of establishing the merit of any objection asserted in accordance with this paragraph. To the extent necessary, the parties shall meet and confer in good faith regarding the allocation of the costs of utilities required by this paragraph, and disputes relating to such costs that cannot be resolved by the parties shall be resolved by the Court.

E.    Except as otherwise provided in this Protective Order, the Receiving Party and its agents shall not copy, reproduce, remove, or otherwise transfer any portion of the Source Code

11

Producing Party's Source Code. The Receiving Party Agents are prohibited from bringing outside electronic devices, including but limited to laptops, thumb drives, hard drives, modems, modem cards, cellular telephones, cameras, and any other hardware device inside the room containing the Stand-Alone Computer.

    **F.**    Notwithstanding anything to the contrary in this Protective Order, the Receiving Party may request printed copies of portions of the Source Code Producing Party's Source Code from the Stand-Alone Computer ("Source Code Printouts") but only if and to the extent necessary to facilitate the Receiving Party's preparation of court filings, expert reports, and trial exhibits, and shall request only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. A text editor will be provided on the Stand-Alone Computer so that the list of files to be printed may be saved directly to the Stand-Alone Computer. If the Source Code Producing Party objects to a request for Source Code Printouts, the Source Code Producing Party shall make such objection known to the Receiving Party within seven days of the Receiving Party's request. If, after meeting and conferring, the parties cannot resolve the objection, the parties may initiate the dispute resolution procedure set forth in Paragraph 3(i) of the Scheduling Order. The Source Code Producing Party shall have the burden of establishing the merit of any objection asserted in accordance with this paragraph, provided that the request for Source Code Printouts is limited to 235 total pages and not more than 20 consecutive pages. If the request exceeds that amount, the Receiving party shall have the burden of establishing good cause. Absent an objection by the Source Code Producing Party to a request made by a Receiving Party in accordance with this paragraph, the Source Code Producing Party shall provide the Source Code Printouts to the Receiving Party within seven days of the Receiving Party's request. Source Code Printouts shall be of minimum 10-point, fixed-width font, and shall

not exceed sixty-five lines of text per page. The Source Code Producing Party shall print and label such files with the file's complete path name and append the production numbers and the designations "Highly Confidential Material – Source Code" and "Printed from Stand-Alone Computer." Except as otherwise allowed by this Paragraph 6, agreement of the parties, or further order of this Court, Material designated by an opposing party as "Printed from Stand-Alone Computer" may only be disclosed to or accessed by counsel of record, experts who are entitled to view Protected Litigation Material pursuant to Paragraph 5.F above, partners or employees of those two groups, and those set forth in Paragraph 5.B of this Protective Order ("Authorized Source Code Printout Reviewers"). Source Code Printouts shall not be reproduced, copied, imaged, quoted, or duplicated except as provided in Paragraph 6.H below.

     **G.**     Unless otherwise agreed by the parties or ordered by the Court, the Authorized Source Code Printout Reviewers shall keep documents containing the Source Code Printouts in a secured locked area in the offices of the Authorized Source Code Printout Reviewers. The Authorized Source Code Printout Reviewers may also temporarily keep the Source Code Printouts at: (i) the Court, if necessary for any proceeding(s), but only on the dates associated with such proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Printouts in question are taken, but only on the dates associated with such deposition(s); and (iii) any intermediate location reasonably necessary to transport the documents (e.g., a hotel prior to a Court proceeding or deposition).

     **H.**     The Authorized Source Code Printout Reviewers may reproduce, copy, image, quote, or duplicate portions of Source Code Printouts only as necessary for court filings, a testifying expert's expert report, discovery responses, and may make one additional copy if necessary to share with experts who are entitled to view Protected Litigation Material under

13

Paragraph 5.F in the event that in-person review of the Source Code Printouts is impractical or impossible. Any such reproduction, copying, imaging, quoting, or duplication authorized by this paragraph shall only be performed by Authorized Source Code Printout Reviewers. To the extent not already marked, any pages containing content from Source Code Printouts shall be labelled "Highly Confidential Material – Source Code" and "Printed from Stand-Alone Computer." Reproduction, copying, imaging, quoting, or duplication of Source Code Printouts shall not be included in correspondence between the parties, and references to production numbers shall be used instead.

I. The Authorized Source Code Printout Reviewers and the Receiving Party Agents shall be entitled to take notes relating to Source Code but may not copy any portion of the Source Code into the notes; provided, however, that the Authorized Source Code Printout Reviewers and the Receiving Party Agents may make notations as necessary in their notes to locate the portions of Source Code to which such notes relate. Any notes taken by the Authorized Source Code Reviewers and the Receiving Party Agents pertaining to the Source Code Producing Party's Source Code shall be marked and treated as Highly Confidential Material - Source Code pursuant to this Protective Order.

J. To the extent a party seeks to use an opposing party's Source Code Printouts during a deposition, the parties shall meet and confer in good faith and reach agreement regarding the use of Source Code Printouts during such deposition.

K. If in-person review is impractical or impossible due to restrictions or concerns related to the COVID-19 pandemic, a mutually agreeable alternative protocol is permitted for code review that accommodates remote review of Source Code with sufficient safeguards to prevent unauthorized access and inadvertent copying and distribution of code, which must be

agreed upon in writing by the parties.

      **L.**      Nothing in this Paragraph 6 shall be interpreted as affected a Producing Party's ability to use or disclose its own Source Code.

15

8.     **Limitations.** The following information shall not constitute Protected Litigation Material under this Protective Order: (a) information that the parties agree, or the Court has ordered, is in the public domain, other than as a result of improper disclosure by someone other than the Producing Party; and (b) documents that are or become available to the Receiving Party from a source other than the party asserting confidentiality that is rightfully in possession of such information on a non-confidential basis.

9.     **Filing Protected Litigation Material**. Any Protected Litigation Material that is filed with the Court, including a pretrial filing, or an exhibit thereto, that discloses or relies on Protected Litigation Material, shall be filed under seal pursuant to D. Del. LR 5.1.3. The filing party shall be responsible for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" on the caption or otherwise conspicuously on the document to be filed.  The filing party is responsible for filing with the Court a public redacted version within 7 days of the original sealed filing, consistent with District of Delaware Local Rule 5.1.3, or as otherwise ordered by the Court, and, prior to filing the redacted version, shall inform the opposing party of the proposed redactions and provide the opposing party with an opportunity to add additional redactions.  Any filing containing Source Code Printouts must comply with Paragraph 6.

10.    **Other Proceedings**. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information Protected Litigation Material

16

pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. If any person in possession of Protected Litigation Material receives a subpoena or other compulsory process seeking the production or other disclosure of Protected Litigation Material (a "Demand"), the Receiving Party shall give written notice to the Designating Party (or the Designating Party's counsel) within five (5) days of receipt of the Demand (or if a response to the Demand is due in less than five (5) days, at least 24 hours prior to the deadline for responding to the Demand), identifying the Protected Litigation Material sought and enclosing a copy of the Demand, and must object to the production of the Protected Litigation Material on the grounds of the existence of this Protective Order. The burden of opposing the enforcement of the Demand will fall on the Designating Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Protected Litigation Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiving Party with any order directing production pursuant to a Demand of any Protected Litigation Material will not constitute a violation of this Protective Order.

**11.     No Prejudice.**

A.     Nothing in this Protective Order shall preclude any party from seeking and obtaining additional or different protection with respect to material that it believes is confidential.

B.     An inadvertent failure to designate Material as "Confidential Material," "Highly Confidential Material - Counsel of Record Only," or "Highly Confidential Material – Source Code" does not, standing alone, waive the right to so designate the Material as Protected

17

Litigation Material.  If a party designates Material as Protected Litigation Material after the Material was initially produced, the Receiving Party, on notification of the Designation, must make a reasonable effort to ensure that the Material is treated in accordance with the provisions of this Protective Order.  No party shall be found to have violated this Protective Order for failing to maintain the confidentiality of Material during a time when that Material has not been designated as Protected Litigation Material.

**12.**     **Use of Protected Litigation Material in Court Proceedings**.    A party that intends to present Protected Litigation Material at a hearing or trial shall provide notice to the opposing party.  The parties shall then confer in good faith on such procedures as may be necessary to protect the confidentiality of such Protected Litigation Material, and if an agreement is reached, the party seeking to protect its information shall advise the Court of the terms of the parties' agreement.  If the parties are unable to agree, the party seeking to protect its information may seek guidance from the Court.  The Court may thereafter make such orders as are necessary to govern the use of the Protected Litigation Material in question at the hearing or trial.  The notice described in this paragraph shall be given sufficiently in advance of the hearing or trial to allow time for meeting and conferring and the filing of a motion should the issue not be resolved informally.  The filing of documents containing Protected Litigation Material, or inclusion of documents containing Protected Litigation Material on a trial exhibit list (draft or otherwise) that is shared with the adverse party, shall satisfy the notice requirement imposed by this paragraph.

**13.**     **Clients**. Nothing in this Protective Order shall be construed to prevent counsel from advising their respective clients in any way relating to this Litigation, provided, however, that counsel shall not make any disclosure to their clients of any of the specific substance of any information designated by the other party as Highly Confidential Material-Counsel of Record

18

Only or Highly Confidential Material – Source Code, except as otherwise permitted by this Protective Order.

**14.     Discoverability of Expert Preliminary Materials**. No notes, drafts, draft reports, or other types of preliminary written work by or for Experts concerning the subject matter of this Litigation shall be the subject of discovery or inquiry at trial. No communication, whether written or oral, between or among any Expert or counsel for the party retaining said Expert concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the Expert relied in forming his or her opinion expressed in an affidavit, a report, or testimony in connection with this action. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product.

**15.     Third Parties' Right to Designate Confidential Information.** Third parties who produce Material in this case, pursuant to subpoenas or otherwise, may obtain the benefits of this Protective Order by designating information as Confidential Material, Highly Confidential Material - Counsel of Record Only, or Highly Confidential Material – Source Code, in accordance with Paragraph 2 of this Protective Order.

**16.     Inadvertent Production of Privileged Material**.

     **A.**     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production or disclosure of any document or thing protected by the attorney-client privilege, work-product immunity, or other privilege or immunity ("Inadvertent Production Material") shall not operate as a waiver of the attorney-client privilege, work product immunity, or other privilege or immunity ("Privilege").

     **B.**     If any Receiving Party believes in good faith that the Producing Party may have

produced Inadvertent Production Material, the Receiving Party shall promptly notify the Producing Party of the Inadvertent Production Material ("Inadvertent Production Material Notice"). If a Producing Party believes in good faith that it has produced Inadvertent Production Material (upon receipt of an Inadvertent Production Material Notice or otherwise), the Producing Party may request in writing that the Receiving Party return, or certify in writing that it has destroyed, all copies of the Inadvertent Production Material ("Inadvertent Production Material Request").

    **C.**    The Receiving Party shall not review or otherwise use any Inadvertent Production Material that is the subject of an Inadvertent Production Material Notice during the seven (7) day period beginning on the date that the Inadvertent Production Material Notice is provided to the Producing Party. If the Producing Party does not provide an Inadvertent Production Material Request within the seven (7) day period beginning on the date that the Inadvertent Production Material Notice is provided, the Receiving Party shall thereafter be permitted to review and use the Inadvertent Production Material as if it is not protected by any Privilege.

    **D.**    Upon Receipt of an Inadvertent Production Material Request, the Receiving Party shall (i) not review or otherwise use the Inadvertent Production Material that is the subject of the Inadvertent Production Material Request, unless permitted to do so by order of the Court or agreement of the parties, (ii) promptly provide the Producing Party with confirmation that it has complied with the Inadvertent Production Material Request, and (iii) if applicable, advise the Producing Party of its disagreement with the Inadvertent Production Material Request.

    **E.**    After a Receiving Party notifies the Producing Party that it disagrees with an Inadvertent Production Material Request, the parties shall confer in good faith in an attempt to resolve the dispute. If, after conferring in good faith, there is still disagreement, the parties may

20

initiate the discovery dispute procedures in Paragraph 3(i) of the Scheduling Order. It shall be the burden of the Producing Party to establish that any assertion of privilege is appropriate. A Receiving Party challenging a privilege assertion shall not use the fact that Material has been produced, or the contents of such Material, in support of its challenge.

**17. Miscellaneous Provisions**

    **A.** Unless otherwise indicated, restrictions imposed by this Protective Order may be modified or terminated only by order of the Court.

    **B.** Subject to the requirements of the Federal Rules of Civil Procedure and District of Delaware Local Rules, and any applicable appellate rule, the provisions of this Protective Order shall, absent written permission of the Designating Party or further of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom.

    **C.** Within ninety (90) days of the final conclusion of this Litigation, including the exhaustion of all possible appeals, and upon the written request of the Designating Party, all persons having received Protected Litigation Material shall either: (i) make a good faith and reasonable effort to return such Material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Designating Party; or (ii) make a good faith and reasonable effort to destroy all such Protected Litigation Material, and certify to that fact in writing to counsel for the Designating Party. Notwithstanding the above, outside counsel for the parties shall be entitled to retain copies of all pleadings, discovery request, discovery responses, correspondence, deposition and trial transcripts, deposition exhibits, court exhibits, documents included in submissions to the Court, and files, emails, and other documents that may contain Protected Litigation Material (excluding Material produced by the adverse party during

ME1 35652354v.1

discovery), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such Materials to any person except pursuant to a court order or agreement by the Designating Party or except as otherwise required by law.

    **D.**    No Receiving Party shall reveal any Protected Litigation Material, or the information contained therein, to anyone not entitled to receive such Protected Litigation Material under the terms of this Protective Order. In the event that Protected Litigation is disclosed to any person other than as permitted by this Protective Order, or any information comes to the Receiving Party's attention that may indicate there was or is likely to be a loss of confidentiality of any Protected Litigation Material, the Receiving Party shall: (i) immediately inform the Designating Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made; and (ii) make reasonable efforts to prevent further unauthorized disclosures.

    **E.**    Any documents previously identified as confidential under Local Rule 26.2 prior to the entry of this Order shall be treated as if designated Highly Confidential Material - Counsel of Record Only. Nothing in this agreement shall abrogate or affect any interim agreement made by the parties related to source code produced prior to the entry of this Protective Order.

ME1 35652354v.1

**SO STIPULATED BY:**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@mnat.com

*Attorneys for Plaintiff*

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com
ajoyce@mccarter.com

*Attorneys for Defendant*

SO ORDERED this 19 day of Feb , 2021.

United States District Court Judge

discovery), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such Materials to any person except pursuant to a court order or agreement by the Designating Party or except as otherwise required by law.

      **D.**      No Receiving Party shall reveal any Protected Litigation Material, or the information contained therein, to anyone not entitled to receive such Protected Litigation Material under the terms of this Protective Order. In the event that Protected Litigation is disclosed to any person other than as permitted by this Protective Order, or any information comes to the Receiving Party's attention that may indicate there was or is likely to be a loss of confidentiality of any Protected Litigation Material, the Receiving Party shall: (i) immediately inform the Designating Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made; and (ii) make reasonable efforts to prevent further unauthorized disclosures.

      **E.**      Any documents previously identified as confidential under Local Rule 26.2 prior to the entry of this Order shall be treated as if designated Highly Confidential Material - Counsel of Record Only. Nothing in this agreement shall abrogate or affect any interim agreement made by the parties related to source code produced prior to the entry of this Protective Order.

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LITHERO, LLC,                          )
                                       )
            Plaintiff,                 )
                                       )   Case No. 19-2320-RGA
      v.                               )
                                       )
ASTRAZENECA                            )
PHARMACEUTICALS LP                     )
                                       )
            Defendant.                 )

## AGREEMENT AND ACKNOWLEDGMENT

I,_____, declare that I execute and deliver this Agreement and

Acknowledgement pursuant to that certain Protective Order in the above-captioned litigation (the

"Litigation") as follows:

1.    My address is_____.

2.    My present employer is_____.

3.    My present occupation or job description _____

_____.

4.    I have received a copy of the Protective Order in this Litigation and have read its provisions

carefully. I will comply with all of the provisions of the Protective Order. I will hold in

confidence, will not disclose to anyone other than those persons specifically authorized by the

Protective Order, and will not copy or use, except for purposes of this Litigation, any Material

designated "Confidential Material," "Highly Confidential Material - Counsel of Record Only," or

"Highly Confidential Material – Source Code" that I receive in this Litigation. I agree to return

or destroy all such information in accordance with the Protective Order after the conclusion of

this Litigation.

1

ME1 35652354v.1

5.      I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this Litigation, including consideration of any issues as to whether I might have breached any provision of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____                _____
                                    Signature

                          Print Name: _____

MEI 35652354v.1

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RESMAN, LLC | § | |
| | § | |
| **Plaintiff,** | § | |
| V. | § | |
| | § | |
| KARYA PROPERTY MANAGEMENT, | § | **Civil Action No. 4:19-cv-00402-ALM** |
| LLC AND SCARLETT INFOTECH, | § | |
| INC. D/B/A EXPEDIEN, INC., | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## <u>AGREED PROTECTIVE ORDER</u>

WHEREAS, Plaintiff ResMan, LLC and Defendants Karya Property Management, LLC and Expedien, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL"

shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2.    With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents,

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

4.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 10 herein:

(a)      outside counsel of record in this Action for the Parties;

(b)      employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)      in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

(d)      up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)      outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her

or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with (a) a current curriculum vitae of the consultant or expert; (b) disclosure of the consultant's or expert's employment and/or retentions for at least the past four years; and (c) disclosure of any legal action (by name and number of the case and court) in connection with which the consultant or expert was retained ore testified at trial or by deposition during the past four years, at least ten (7) days before access to the Protected Material is to be given to that consultant or expert and the other Party has seven (7) days to object before the outside consultant or expert is provided access to the DESIGNATED MATERIAL.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

5.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not

---

analysis shall count as a disclosure to a single consultant or expert.

be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

7.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

8.    For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a-b) and (e-g).

9.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 9 (h and k) below. Additionally, except as provided in paragraph 9(k) below, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel;

(b)    The receiving Party shall make reasonable efforts to restrict its requests for such

access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 4(e) above.  A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)     Except as set forth in paragraph 9(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(k)     A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 9(e) above to another person authorized under paragraph 9(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 9(j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(l)     All RESTRICTED CONFIDENTIAL - SOURCE CODE materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day. At no time, will any RESTRICTED CONFIDENTIAL - SOURCE CODE material be given to or left with the Court Reporter.

(m)     Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

10.     Nothing in this Order shall require production of documents, information, source code or other material that a Party contends is not a proper subject of discovery or that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. No use shall be made of such documents or information during depositions, through motion practice, or at trial, except for the sole purpose of a motion to compel the production of said document.  In the case of such returned production, the producing Party shall provide a privilege log identifying such documents or information within three (3) business days of its original notice to the receiving Party.  The receiving Party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure. To the extent the

motion relies on information beyond that provided in the privilege log (e.g., the contents of the privileged document), such motion shall be filed under seal.

11.  There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

12.  Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 8 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

13.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a

deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

14. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

15. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

16. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden

shall be on the designating Party to show why its classification is proper. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

17. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

18. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

19. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

20. Within thirty (30) days of final termination of this Action, including any appeals, all

DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

21. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

22. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

23. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

24. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

25. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SIGNED this 17th day of June, 2019.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **RESMAN, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | |
| **KARYA PROPERTY MANAGEMENT,** | § | **Civil Action No. 4:19-cv-00402-ALM** |
| **LLC AND SCARLETT INFOTECH,** | § | |
| **INC. D/B/A EXPEDIEN, INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.  Promptly upon termination of these actions, I will return all documents and things designated as  "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY,"

or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CAROLINA COUPON CLEARING,          )
INC., d/b/a CAROLINA SERVICES      )
COMPANY, INC.,                     )
                                   )
            Plaintiff,             )
                                   )
     v.                            )         1:16CV412
                                   )
CARDINAL HEALTH MANAGED CARE       )
SERVICES, LLC, LEADER DRUG         )
STORES, INC., MEDICINE SHOPPE      )
INTERNET, INC., and CARDINAL       )
HEALTH, INC.,                      )
                                   )
            Defendants.            )

**STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Carolina Coupon Clearing, Inc., d/b/a Carolina Services Company, Inc. (hereinafter, "Plaintiff" or "Inmar") and Defendants Cardinal Health Managed Care Services, LLC, Leader Drug Stores, Inc., Medicine Shoppe Internet, Inc., and Cardinal Health, Inc. (collectively, "Defendants"), hereafter referred to as "the Parties," anticipate that documents, testimony, and/or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the

court enter this Order setting forth the conditions for treating, obtaining, and using such information;

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the court finds good cause for entry of the following Agreed Protective Order ("Order" or "Protective Order").

1.   **DEFINITIONS**

(a)  "Action" means the above-captioned action and any appellate proceedings based on the above-captioned action.

(b)  "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this Action.

(c)  "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party in this Action and (ii) partners, associates, paralegals, and staff of such counsel to whom it is reasonably necessary to disclose the information for this Action.

(d)  "Outside Consultant" means any person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by Outside Counsel to serve as an expert witness or as a litigation consultant in this Action,

- 2 -

and who is not a current employee of a Party or of a competitor
of a Party and who, at the time of retention, is not anticipated
to become an employee of, or a non-litigation consultant of, a
Party or a competitor of a Party. For the purpose of this Order,
professional jury and trial consultants, and others retained by
such professional jury and trial consultants, are not considered
"Outside Consultants."

      (e)  "Party" means any party to this Action, including
all of its officers, directors, employees, consultants, retained
experts, and outside counsel and their support staffs.

      (f)  "Producing Party" means any Party or non-party
who discloses or produces any Discovery Material in this Action.

      (g)  "Professional Vendor" means any vendor retained
by Outside Counsel to provide litigation support services (e.g.,
translating, photocopying, designing and preparing exhibits,
graphics or demonstratives) including ESI vendors and others
retained by such vendors to assist them in their work, to whom
it is reasonably necessary to disclose the information.

      (h)  "Protected Material" means any Discovery Material
that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL
ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE -
ATTORNEYS' EYES ONLY," as provided for in this Order. Any copy
and any part of an excerpt, summary, or compilation that

- 3 -

includes Protected Material will carry the same designation as the source Discovery Material, and be marked as such.

(i)   "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

## 2.   COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

## 3.   SCOPE

(a)   The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings, that might reveal Protected Material.

(b)   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material or to an individual who previously received the Protected Material without an obligation of confidentiality.

- 4 -

(c)   Subject to Paragraphs 10(c) and 10(d), nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing under seal in accordance with the Local Civil Rules of the Middle District of North Carolina.

(d)   This Order is without prejudice to the right of any Party or non-party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.   **DURATION**

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

5.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)   Basic Principles. Unless otherwise ordered by the court, or agreed to in writing by the Producing Party, all Protected Material shall be used solely for the purpose of this Action, and not for any other purpose whatsoever, including, without limitation, any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Protected Material

- 5 -

shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)   The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c)   <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d)   <u>Limitations</u>. Nothing in this Order shall restrict in anyway a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a Receiving

- 6 -

Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; and/or (v) pursuant to order of the court.

## 6.   **DESIGNATING PROTECTED MATERIAL**

(a)   <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY."

(b)   <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 6(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the

- 7 -

Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

       (c)  <u>Native Files</u>. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Material produced in electronic format (such as through designation in a load file). When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant approved pursuant to paragraph 11, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the

Producing Party and including the production number and designation associated with the native file.

(d)  Depositions and Testimony. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within thirty (30) days of receipt of the transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed. Any Receiving Party may request permission from the Producing Party to disclose the transcript, or information contained therein, prior to the expiration of the thirty-day period described in this paragraph. The Producing Party shall not unreasonably delay in responding to such request and shall not unreasonably withhold such permission. Any Protected Material that is used in the taking or defending of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be

- 9 -

required to operate in a manner consistent with this Protective
Order. In the event the deposition is videotaped, the original
and all copies of the video shall be marked by the video
technician to indicate that the contents of the video are
subject to this Protective Order. Counsel for any Producing
Party shall have the right to exclude from oral depositions —
other than the deponent, deponent's counsel, the reporter and
videographer (if any) — any person who is not authorized by this
Protective Order to receive or access Protected Material based
on the designation of such Protected  Material. Such right of
exclusion shall be applicable only during periods of examination
or testimony regarding such Protected Material.

### 7.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)   A Producing Party may designate Discovery
Material as "CONFIDENTIAL" if it contains or reflects non-public
information that is confidential, proprietary, and/or
commercially sensitive and that the Producing Party would not
ordinarily reveal to other parties except in confidence.

(b)   Unless otherwise ordered by the court, Discovery
Material designated as "CONFIDENTIAL" may be disclosed by a
Receiving Party only to the following:

(i)   Current employees and/or officers or
30(b)(6) designees of the Producing Party, expert witnesses

- 10 -

testifying on behalf of the Producing Party at deposition, and all persons who appear on the face of the Discovery Material as an author, addressee, or recipient thereof;

(ii)  The Receiving Party's Outside Counsel;

(iii)     Professional Vendors, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iv)  Not more than four (4) representatives of the Receiving Party ("Party Representatives") who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals, secretaries, legal assistants, and staff, to whom disclosure is reasonably necessary for this Action, provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below;

(v)  Any Outside Consultant, including his/her immediate staff, provided that disclosure is only to the extent reasonably necessary for such Outside Consultant's use in this Action; and provided that: (a) such Outside Consultant has agreed to be bound by the provisions of the Protective Order by

- 11 -

signing a copy of Exhibit A; (b) such Outside Consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below.

(vi)   Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(vii)  The court, jury, court personnel, and court-appointed experts or advisors;

(viii) Trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(ix)   Mock jurors who have signed an undertaking or agreement not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(x)    Any mediator or arbitrator who is assigned or selected to hear this Action, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(xi)   Any other person with the prior written consent of the Producing Party.

- 12 -

### 8.   DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"

(a)   A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, IP license agreements, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non- public information of similar competitive and business sensitivity.

(b)   Unless otherwise ordered by the court, Discovery Material designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" may be disclosed by a Receiving Party only to:

(i)   Current employees and/or officers or 30(b)(6) designees of the Producing Party, expert witnesses testifying on behalf of the Producing Party at deposition, and

- 13 -

all persons who appear on the face of the Discovery Material as an author, addressee, or recipient thereof;

(ii)   The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party;

(iii)     Professional Vendors, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iv)   Any Outside Consultant, including his/her immediate staff, retained by the Receiving Party to assist in this Action, provided that disclosure is only for such Outside Consultant's use in this Action; and provided that: (a) such Outside Consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such Outside Consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a

- 14 -

Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below;

(v)     Court reporters, stenographers and videographers retained to record testimony taken in this Action;

(vi)     The court, jury, court personnel, and court-appointed experts or advisors;

(vii)     Trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(viii)  Any mediator or arbitrator who is assigned or selected to hear this Action, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)     Any other person with the prior written consent of the Producing Party.

9.   **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY"**

(a)   A Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

- 15 -

(b)   Unless otherwise ordered by the court, Discovery Material designated as "HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" shall be subject to the provisions set forth in Paragraph 10 below.

## 10.   DISCLOSURE AND REVIEW OF SOURCE CODE

(a)   A Producing Party may designate documents, information, or things as "HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," which shall mean litigation material of a Producing Party or of any non-parties that a Producing Party is permitted to produce in this Action that constitutes or contains non-public Source Code.

(b)   "Source Code" shall mean source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

- 16 -

(c)   Materials designated as "HIGHLY CONFIDENTIAL
SOURCE CODE - ATTORNEYS' EYES ONLY" shall only be reviewable by
the following persons (collectively, "Source Code Qualified
Persons"):

(i)   The Receiving Party's Outside Counsel;

(ii)   Court reporters, stenographers and
videographers retained to record testimony taken in this Action;

(iii)   The court, jury, court personnel, and
court-appointed experts or advisors; and

(iv)   Any Outside Consultant, including his/her
immediate staff, retained by the Receiving Party to assist in
this Action, provided that disclosure is only to the extent
necessary to perform such work; and provided that: (a) such
Outside Consultant has agreed to be bound by the provisions of
the Protective Order by signing a copy of Exhibit A; (b) such
Outside Consultant is not a current officer, director, or
employee of a Party or of a competitor of a Party, nor
anticipated at the time of retention to become an officer,
director, or employee of a Party or of a competitor of a Party;
(c) such expert or consultant is not involved in competitive
decision-making, as defined by U.S. Steel Corp. v. United
States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a
Party or a competitor of a Party; and (d) no unresolved

- 17 -

objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 11 below.

(d)   Source Code shall be provided with the following additional protections:

(i)   Access to Source Code will be given only to Source Code Qualified Persons.

(ii)   Access to Source Code shall be provided on two (2) "stand- alone" secure computer(s) (i.e., the computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, may not be connected to any storage device other than the internal hard disk drive of the computer, and except for one printer port, all access ports are to be disabled). The stand-alone computer(s) shall be kept in a secure location at the offices of the Producing Party's Outside Counsel or at such other location as the Producing and Receiving Parties mutually agree. The stand-alone secure computer(s) may be password protected and shall have the Source Code stored on a hard drive contained inside the computer(s). The Producing Party shall produce Source Code on the stand-alone computers as it is maintained in the ordinary course of business (i.e., same source code repository database, in computer searchable format, with changes and authors identified, and with the elements required by Paragraph 10(b)). The stand-alone

- 18 -

computer(s) shall, at the Receiving Party's request, include
reasonable analysis tools appropriate for the type of Source
Code review (e.g., Understand, Visual Slick Edit, Araxis Merge,
Grep, and other tools that allow multi-text file searching and
printing of Source Code with page, line numbers, and file paths
and names). The Receiving Party shall be responsible for
providing the tools or licenses to the tools that it wishes to
use to the Producing Party so that the Producing Party may
install such tools on the stand-alone computer. Permission to
use such tools shall not be unreasonably withheld by the
Producing Party. To the extent that such tools record local
working files or other records reflecting the work performed by
the Receiving Party, such files and records shall not be
reviewed, altered, or deleted by the Producing Party.

(iii)     The Producing Party shall provide a
breakout room for use by Source Code Qualified Persons in
addition to the Source Code review room where the stand-alone
secure computer(s) are located.

(iv)   The Receiving Party shall provide at least
one (1) business days' notice to access the Source Code and make
reasonable efforts to restrict its requests for access to the
stand-alone secure computer to normal business hours, which for
purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m.

- 19 -

local time at the reviewing location. Upon reasonable notice
from the Receiving Party, which shall not be less than two (2)
business days in advance, the Producing Party shall make
reasonable efforts to accommodate the Receiving Party's request
for access to the computer outside of normal business hours.
Such an expanded review period shall not begin earlier than 8:00
a.m. and shall not end later than 8:00 p.m. local time at the
reviewing location. The parties are to cooperate in good faith
such that maintaining the Source Code at the offices of the
Producing Party's Outside Counsel shall not unreasonably hinder
the Receiving Party's ability to efficiently conduct the
prosecution or defense in this Action. It is expected that
access to the Source Code shall be provided at the site of any
hearing or trial. Proper identification of all Source Code
Qualified Persons shall be provided prior to any access to the
stand-alone secure computer.

       (v)   No person other than the Producing Party
may alter, dismantle, disassemble or modify the stand-alone
computer(s) in any way, or attempt to circumvent any security
feature of the computer(s).

       (vi)  Other than as provided, the Receiving Party
will not copy, remove, or otherwise transfer any Source Code
from the Source Code computer(s) including, without limitation,

- 20 -

copying, removing, or transferring the Source Code onto any recordable media or recordable device.

(vii)      The stand-alone computer(s) shall be equipped to allow limited printing of reasonable portions of the Source Code made available for inspection by the Producing Party.

(viii) Within two (2) business days after printing, two (2) copies of hard copy printouts of Source Code shall be provided by the Producing Party on Bates numbered and watermarked or colored paper clearly labeled HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY on each page and shall be maintained by the Receiving Party's Outside Counsel or Source Code Qualified Persons in a secure locked area. Each page of the two copies will be labeled "Copy 1" and "Copy 2," respectively.

(ix)   The Receiving Party is permitted to make up to three (3) additional hard copies for use at a deposition. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Party's Outside Counsel for secure destruction in a timely manner following the deposition.

- 21 -

(x)    The Producing Party shall, on request, make a searchable electronic copy of the Source Code available on a stand-alone computer during depositions of witnesses who would otherwise be permitted access to such Source Code. The Receiving Party shall make such a request at the time of the notice for deposition.

(xi)  Outside Counsel for the Receiving Party with custody of HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY shall maintain a Source Code log containing the following information: (1) the identity of each person granted access to the HIGHLY CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY; and (2) the first date on which such access was granted. Upon request, Outside Counsel for the Receiving Party will provide the Producing Party a copy of each such Source Code log within three (3) business days.

(xii)    The Receiving Party will encrypt all electronic copies of Source Code.

11.  **NOTICE OF DISCLOSURE**

(a)   Prior to disclosing any Protected Material to any person described in Paragraphs 7(b)(iv), 7(b)(v), 8(b)(iv), or 10(c)(iv) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

- 22 -

(i)   the name of the Person;

(ii)  an up-to-date curriculum vitae of the Person;

(iii) the present employer and title of the Person;

(iv)  an identification of the Person's employment and consulting relationships for the past five (5) years (to the  extent such information is not disclosed on the Person's curriculum vitae);

(v)   an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or reasonably expects to have any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims;

(vi)  a list of the cases in which the Person has testified at deposition or trial within the last five (5) years; and

(vii) an executed copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).
Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's

- 23 -

professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person. During the pendency of this Action, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of the subject matters of the Protected Material, or the acquisition of intellectual property assets relating to the subject matters of the Protected Material.

(b)   Within three (3) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing, and for good cause, to the disclosure of Protected Material to the Person. The burden shall be on the objecting party to show good cause. In the absence of an objection at the end of the three (3) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this three (3) day period. If the Producing Party objects to disclosure to the Person within such three (3) day period, the Parties shall meet and confer via telephone or in person within two (2) days following the objection and attempt in good faith to resolve the dispute on an informal

- 24 -

basis. If the dispute is not resolved, the Party objecting to the disclosure will have three (3) days from the date of the meet and confer to seek relief from the court. If relief is not sought from the court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the court resolves the objection.

(c)  For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Material in a way or ways that are inconsistent with the provisions contained in this Order.

(d)  Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(e)  An initial failure to object to disclosure of Protected Material to a Person under this Paragraph shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause.

12.  **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)  A Party shall not be obligated to challenge the propriety of any designation of Protected Material under this

- 25 -

Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)   Any challenge to a designation of Protected Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)   The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)   Failing agreement, the Receiving Party may bring a motion to the court for a ruling that the Protected Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the

- 26 -

burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)      Notwithstanding any challenge to a designation, the Protected Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Protected Material in question withdraws such designation in writing; or (b) the court rules that the Protected Material in question is not entitled to the designation.

## 13.  SUBPOENAS OR COURT ORDERS

(a)  If at any time Protected Material is subpoenaed by any judicial, arbitral, administrative, or legislative body, the Party to whom the subpoena or order is directed shall immediately give prompt written notice thereof to every Party who has produced such Protected Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Material implicated by the subpoena. The Producing Party shall bear the burden and the expenses of seeking protection in the court, arbitral, administrative, or legislative body from which the subpoena or order issued. Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving

- 27 -

Party to disobey a lawful directive from a judicial, arbitral, administrative, or legislative body.

### 14.  **FILING PROTECTED MATERIAL**

(a)  Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not publicly file or disclose in the public record any Protected Material.

(b)  Any Party is authorized under Local Rule 5.4 to file under seal with the court any brief, document or materials that are designated as Protected Material under this Order. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

### 15.  **NON-WAIVER AND CLAW-BACK**

(a)  The production or disclosure of documents, information, or other material by any Party or third-party in connection with this proceeding is subject to the provisions of Rule 502(d), which provides that any production or disclosure of any information (whether inadvertent or otherwise) that is subject to any applicable privilege or protection shall not be deemed a waiver of any privilege or protection in connection with the litigation pending before this court, and shall not serve as a waiver in any other federal or state proceeding. The production or disclosure of materials or information in

- 28 -

connection with the proceeding, whether by a Party or third-party, shall not be deemed a publication so as to void or make voidable whatever claim a party may have as to the proprietary and confidential nature of the documents, information or other material or its contents. This provision constitutes an Order under Federal Rules of Evidence 502(d).

(b)   Upon discovery of unintended or inadvertent production of material over which a privilege or protection is claimed, the Producing Party must promptly request the return of such inadvertently produced Discovery Material.

(c)   Upon a request from any Producing Party who produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(d)   Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its

- 29 -

nature to the court in any motion to compel production of the Discovery Material.

### 16.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)   The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)   A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated

- 30 -

with a confidentiality designation under this Order. Once a
Receiving Party has received notification of the correct
confidentiality designation for the Protected Material, the
Receiving Party shall treat such Discovery Material at the
appropriately designated level pursuant to the terms of this
Order.

17.   **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)   In the event of a disclosure of any Protected
Material pursuant to this Order to any person or persons not
authorized to receive such disclosure under this Protective
Order, the Party responsible for having made such disclosure,
and each Party with knowledge thereof, shall immediately notify
counsel for the Producing Party whose Protected Material has
been disclosed and provide to such counsel all known relevant
information concerning the nature and circumstances of the
disclosure. The responsible disclosing Party shall also promptly
take all reasonable measures to retrieve the improperly
disclosed Protected Material and to ensure that no further or
greater unauthorized disclosure and/or use thereof is made.

(b)   Unauthorized or inadvertent disclosure does not
change the status of Protected Material or waive the right to
hold the disclosed document or information as Protected.

18. **FINAL DISPOSITION**

(a)  Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material in accordance with the provisions of Paragraph 18(b). For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned Action with prejudice, including all appeals.

(b)  All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any portion of any pleadings, correspondence, and consultant work product that contain Source Code.

19. **DISCOVERY FROM EXPERTS AND OTHER OUTSIDE CONSULTANTS**

(a)  In addition to the exemptions from discovery provided by Federal Rule of Civil Procedure 26(b)(4) the following provision shall apply: A testifying expert's draft

- 32 -

reports, outlines and notes (including preliminary diagrams, highlighting, and marginalia) which are not relied upon by the expert in forming his or her opinions are not discoverable. The expert must produce his or her final report and all materials on which he or she relied. Nothing in this provision modifies an expert's obligation pursuant to Rule 26(a)(2)(B) to disclose all information considered by the expert in forming his or her opinions.

(b)   Reports and other written materials, including drafts, of Outside Consultants other than testifying experts are not discoverable.

(c)   Nothing in this Protective Order shall alter or change in any way the requirements in Paragraph 10 regarding Source Code, and Paragraph 10 shall control in the event of any conflict.

20.   **MISCELLANEOUS**

(a)   Non-Party Production.   A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner, and will enjoy the same level of protection under this order, as any party to this Action.

(b)   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the

- 33 -

court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(c)   Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter. The court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(d)   Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(e)   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not

- 34 -

constitute a waiver of the right of any Party to claim in this Action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this Action or any other proceeding.

(f) <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(g) <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the court may modify this Order <u>sua sponte</u> in the interests of justice. The United States District Court for the Middle District of North Carolina is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Middle District of North Carolina.

- 35 -

### 21.   <u>HIPAA QUALIFIED PROTECTIVE ORDER</u>

(a)   This Stipulated Protective Order is intended to satisfy the definition of a Qualified Protective Order as set forth in 45 C.F.R. § 164.512(e)(1)(v) of the Health Insurance Portability and Accountability Act ("HIPAA") and is in full compliance therewith in that it: (1) is an order of a court and is stipulated by the parties to the litigation; (2) prohibits the parties and their counsel from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information is requested; and (3) requires the parties and their counsel to return or destroy the protected health information (including copies) at the end of litigation proceedings. <u>See, e.g.</u>, ¶¶ 5(a) and 18(a), <u>supra</u>.

(b)   Any protected health information, as defined under HIPAA, pertaining to an identifiable individual shall be automatically deemed "Protected Material" under the terms of this Order and, to the extent identifiable in advance of production, shall be stamped as "Confidential" or "Highly Confidential."

(c)   Nothing in this order shall prevent a party from objecting that documents do not contain individually

- 36 -

identifiable health information, or are not otherwise subject to the requirements of HIPAA.

(d)  The parties shall ensure that all third parties who are reasonably expected to be exposed to protected health information through participation in this litigation, including but not limited to law firms and electronic discovery vendors, enter into appropriate Business Associate or Subcontractor Business Associate Agreements acknowledging compliance with HIPAA.

**IT IS SO ORDERED.**

This the 16th day of February, 2017.

_____
United States District Judge

- 37 -

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CAROLINA COUPON CLEARING, | ) | |
| INC., d/b/a CAROLINA SERVICES | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV412 |
| | ) | |
| CARDINAL HEALTH MANAGED CARE | ) | |
| SERVICES, LLC, LEADER DRUG | ) | |
| STORES, INC., MEDICINE SHOPPE | ) | |
| INTERNET, INC., and CARDINAL | ) | |
| HEALTH, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge and declare that I received a copy of the Protective Order ("Order") in Carolina Coupon Clearing, Inc. v. Cardinal Health Managed Care Services (1:16CV412). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of this court to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

Name of Company or Firm: _____

Address: _____


Dated _____        _____
                                                [Signature]

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| LEVEL ONE TECHNOLOGIES, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-1305-RWS |
| | ) | |
| v. | ) | |
| | ) | |
| PENSKE TRUCK LEASING CO., L.P., | ) | |
| | ) | |
| And | ) | |
| | ) | |
| PENSKE LOGISTICS LLC | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION AND ORDER GOVERNING THE PROTECTION AND EXCHANGE OF SOURCE CODE

WHEREAS, the parties to the above-entitled case believe that in the course of the above

styled action and any and all appeals therefrom (hereafter collectively referred to as the

"Action") Source Code is likely to be disclosed, produced and utilized that constitutes trade

secrets or other confidential research, development, or commercial information within the

meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, each of the parties believes that entry of a protective order pursuant to Rule

26(c) of the Federal Rules of Civil Procedure would serve its interests; and

WHEREAS, this protective order will govern Protected Material in conjunction with the

Protective Order signed by the Court on October 22, 2015; and

WHEREAS, the Court finds that good cause exists for the entry of this protective order in

this Action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect

trade secrets and other confidential research, development, or commercial information.

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of

Civil Procedure, that this Stipulation and Order shall apply to and govern the handling of any

information produced or disclosed by any party or non-party in this Action, (hereafter referred to

as a "Producing Party") including, without limitation, Rule 26 disclosures, documents,

depositions, deposition exhibits, interrogatory responses, responses to requests for admission,

and testimony (such produced or disclosed information shall hereinafter be referred to as

"Discovery Material.")

### 1.     PURPOSE, SCOPE, AND LIMITATIONS

a)      Protected Material designated under the terms of this Order shall be used

by a Receiving Party solely for this Action, and shall not be used for any other action without

good cause and leave of Court to do so.

b)      All documents, materials, items, testimony, or information, regardless of

whether stored in electronic or paper form, that contain or comprise any portion of the Source

Code produced or filed with the Court or produced or served either by a non-party to or for any

of the Parties shall be governed by this Order.

c)      The protections conferred by this Order cover not only Discovery Material

governed by this Order as addressed herein, but also any information copied or extracted

therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

conversations, or presentations by Parties or their counsel in court in other settings that might

reveal Protected Material.

d)      No production or disclosure of Protected Material under this Order shall

constitute a waiver or otherwise prejudice the right of the Producing Party to maintain the trade

secret or proprietary status of the Protected Material in other contexts.

     e)       This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

     f)       Even after the termination of this case, the confidential obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**2.**    **DEFINITIONS**

Unless already defined herein:

     a)       "Outside counsel" means counsel of record for the parties in this Action, members of their firms, associate attorneys, paralegal, clerical and other regular or temporary employees of such counsel necessary to assist in the conduct of this Action for use in accordance with this Stipulation and Order.

     b)       "In-House Counsel" means an attorney employed by a party.

     c)       "Party" means any party to this Action, including all of its officers, directors, employees, consultants, and their support staff.

     d)       "Discovery Material" means any Document, material, item, information, tangible thing, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

     e)       *Restricted – Highly Confidential Source Code Information*: To the extent any CONFIDENTIAL or HIGHLY CONFIDENTIAL information includes computer source

code ("Source Code Material"), the Producing Party may designate such material as "HIGHLY

CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."

      f)    "Receiving Party" means any Party who receives Discovery Material from

a Producing Party.

      g)    "Producing Party" means shall mean any party to this action or any third

party, including its counsel, retained Experts, directors, officers, employees, or agents, who

produces any Discovery Material.

      h)    "Expert" means an Expert retained for this Action.  No current employee

or officer of either party or subsidiary or affiliate of a party can be an Expert.  Expert includes

any assistants, stenographic, and clerical employees working under the supervision of such

Expert who (i) is expressly retained by outside counsel to assist in the preparation of this Action

for trial, and (ii) is not a current employee of a party or subsidiary or affiliate of a party, provided

however, that such disclosure is only to the extent reasonably necessary to perform such work

and provided that such persons have signed an agreement to maintain the confidentiality of any

received materials in accordance with Exhibit A prior to the receipt of such materials.

      i)    "Source code" means computer instructions, data structures, data schema,

and data definitions expressed in a form suitable for input to an assembler, compiler, translator,

or other data processing module that the Producing Party believes in good faith is not generally

known to others and has significant competitive value such that unrestricted disclosure to others

would harm the Producing Party, and which the Producing Party would not normally reveal to

third parties except in confidence or has undertaken with others to maintain in confidence.  This

term includes source code, object code, base code, and "read-me" files.  Nothing in this

Protective Order shall obligate the Parties to produce any Source Code or constitute an admission that any particular Source Code is discoverable or admissible.

### 3.    DESIGNATING DISCOVERY MATERIAL AS PROTECTED MATERIAL

Marking Designated Material as HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY shall be made by the Producing Party in the following manner:

a)    "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY " Designation.  A Producing Party may specifically designate Source Code or documents containing Source Code (whether in electronic or hardcopy form) as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."

b)    <u>Written Discovery and Documents and Tangible Things.</u>  In the case of Rule 26 disclosures, documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other documentary materials (excluding depositions or other testimony) and tangible things, a Producing Party can designate an item as Source Code by affixing the legend "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" to each page containing Source Code.

c)    When a Producing Party produces Source Code for inspection, no marking need be made by the Producing Party in advance of the inspection.  For purposes of such inspection, all documents and tangible things produced shall be considered marked as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY".  Thereafter, upon selection of specified documents or things for copying by the Receiving Party, the Producing Party shall mark the copies of such documents and things with the appropriate confidentiality marking at the time that the copies are produced to the Receiving Party.

d)    <u>Designating Depositions and Testimony.</u>  In the case of depositions or other testimony, a Party may designate items or testimony as Source Code (i) by a statement on

6

the record, by counsel, during such deposition or other testimony or portion thereof that such

testimony shall be treated as source code, or (ii) by written notice, sent by counsel to all parties

within thirty (30) business days after receiving a copy of the transcript thereof.  An entire

transcript may be marked as Source Code only if the entire transcript so qualifies.  In all other

instances, only those specific portions of the transcript containing testimony that qualifies shall

be so marked.  If a portion of testimony is designated as source code at the time it is being

initially recorded/transcripted,  the court reporter, stenographer, videographer or other persons

recording/transcribing such testimony shall be instructed to  insert a notation in the general

transcript indicating that Outside Attorneys' Eyes Only testimony occurred beginning at the

noted spot, and shall then separately record/transcribe the testimony that is designated HIGHLY

CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY so that the

general transcript may be handled without risk of inadvertent disclosure of source code material.

Each party shall affix to all originals and copies of transcripts in its possession or control the

appropriate confidentiality legends.  The parties shall treat all depositions and other testimony as

Highly Confidential Discovery Material until ten business days after receiving a copy of the

transcript thereof to preclude inadvertent disclosure of material that is thereafter actually

designated as Source Code Material.  After ten business days, only those portions of any

transcript designated as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE

ATTORNEYS' EYES ONLY" shall be deemed designated as Source Code Discovery Material.

      e)     Derivative Material.  The protections conferred by this Protective Order

cover not only Discovery Material governed by this Protective Order, but also any information

copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations

thereof, as well as testimony, conversations, or presentations by parties or their counsel in Court

or in other settings that might reveal Protected Material.

        f)     <u>Inadvertent or Unintentional Disclosures.</u>  The inadvertent or unintentional

disclosure by the Producing Party of "HIGHLY CONFIDENTIAL SOURCE CODE –

OUTSIDE ATTORNEYS' EYES ONLY" information without the same being designated as

such shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to

the information disclosed.  Any such inadvertently or unintentionally disclosed "HIGHLY

CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" information,

not properly designated, may be designated as "HIGHLY CONFIDENTIAL SOURCE CODE –

OUTSIDE ATTORNEYS' EYES ONLY" as soon as reasonably possible after the Producing

Party becomes aware of the inadvertent or unintentional disclosure.  Such correction and notice

thereof shall be made in writing, accompanied by substitute copies of each item, appropriately

designated.  The Party receiving the substitute copies shall take reasonable efforts to return or

destroy the previously unmarked items and all copies thereof promptly and agrees not to object

to the expunging or other protection of Protected Material inadvertently initially produced

without the proper designation and/or copies, derivatives, or extracts therefrom, and compilations

and summaries thereof, from deposition transcripts and exhibits, court filings, and other

documents.

## 4.    <u>ACCESS TO HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY INFORMATION</u>

        a)     Access to material that is designated as "HIGHLY CONFIDENTIAL

SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" shall be limited to Outside

Counsel and up to two (2) Experts retained for the purpose of this Action and approved to access

such Designated Material pursuant to subsection b) below.  Experts shall not be permitted access

to material designated as Source Code unless and until they sign a written acknowledgement that they have read this Protective Order, agreed to be bound by its terms, and consent to jurisdiction in this Court for purposes of enforcement of the terms of this Protective Order. Outside Counsel of record shall retain all executed acknowledgments, and copes of all executed acknowledgements shall be provided to the Producing Party.

   b) Prior to a Receiving Party giving, showing, disclosing, making available or communicating Source Code material to any Expert, the party shall:

    i. Serve a notice on the Producing Party five (5) business days before such Expert is shown the Source Code, identifying the Expert and the Expert's business address, business telephone numbers, and present employer and position;

    ii. Such Experts shall not be subject to deposition or independent contract. No other person may interrogate the Expert about his or her conclusions or his or her action, unless such Expert is designated as a testifying Expert in the case or another Expert testifies that he or she has relied on the efforts or conclusions of such person;

    iii. If the Producing Party objects to disclosing the Source Code material to the identified Expert, the Party objecting to such Expert may apply to the Court for an order that disclosure is improper within the five (5) business day period before disclosure. The burden of establishing the validity of such written objections rests with the objecting party. If the objecting party does not apply to the Court within the prescribed period, the objections shall be deemed withdrawn.

    iv. No disclosure of the Source Code material shall be made to the proposed Expert until the time for serving objections to that Expert has passed, or, in the event

that a written objection is timely served and a motion to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

v.    The filing and pendency of objections shall not limit, delay, or defer any disclosures of Source Code material to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery unless the level of confidence bears directly on the objecting party's ability to conduct such discovery.

## 5.    DISCLOSURE AND REVIEW OF SOURCE CODE

a)    <u>Production of Documents Quoting Source Code.</u>  To the extent portions of the Source Code is quoted in a document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" or (2) those pages containing quoted Source Code will be separately stamped and treated as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY." The security of such material is outlined in subsections 5.i) and j).

b)    <u>Location and Time of Availability for Inspection of Source Code.</u>  Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, a Receiving Party may only review the entire Source Code in electronic form.  The Producing Party will make the electronic form available on "stand-alone" computers (i.e., computers that may be networked together by a private wire network, but that are not connected to any other network, Internet, or peripheral device except that the stand-alone computer may be connected to a printer or printers) that reside at the office of the producing counsel of record as dictated by the Producing Party or at some other mutually agreed location. Access is to be made available during regular business hours (8:30 a.m. to 6:00 p.m. local time) on seven (7) business-days' notice for the initial inspection and five (5) business-days' notice for any subsequent inspection. A Receiving Party may request access to Source Code on weekends or at times during a business

day other than the nine-hour period provided above, and the Producing Party shall not unreasonably withhold permission to do so. Receiving Party shall make its best efforts to restrict its requests for access to normal business hours. The Producing Party shall provide a reasonable, comfortable work environment, including maintaining a proper room temperature and providing power, lighting, a table or desk, and chairs.

c)      No recordable media, recordable devices, input/output devices, or other electronic devices, including without limitation sound recordings, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind shall be permitted in the Source Code reviewing room.

d)      No person shall copy, email, transmit, upload, download, print, photocopy, or otherwise duplicate any portion of the designated Source Code, except as explicitly permitted herein.

e)      View and Searching Tools.  To the extent practicable, the Producing Party shall produce Source Code in computer searchable format.  Receiving Party's Outside Counsel and/or Expert may request that commercially available software tools for viewing and searching the Source code to be installed on the Source Code computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code and are in compliance with all the terms, conditions, and protections herein.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the software tools available for use on the Source Code computer.

f)      Printing Paper Copies of Source Code.  Source Code shall be printed in twelve-point font or larger.  The Receiving Party or the Receiving Party's Expert (hereinafter,

11

collectively referred to as the "Reviewing Party") shall be allowed to request a reasonable number of pages of the Source Code to be printed by the Producing Party at the time of inspection. A request is reasonable if it conforms with the following limitations: (i) print portions are limited to no more than ten (10) consecutive pages of continuous Source Code per Producing Party, (ii) total printed pages are limited to the greater of five (5) percent or two hundred (200) pages of the total Source Code per Producing Party, and (iii) each party may print ten (10) consecutive pages per every two hundred (200) pages of Source Code (i.e. a party could print pages 12-22 of the first 200 pages and 255-265 of the second 200 pages). Anything that exceeds these pages limits shall be rebuttably presumed to be excessive and unreasonable. The Receiving Party shall not request printing of Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing the Source Code electronically on a stand-alone computer. The printouts shall be known as "proof pages." After the Producing Party has provided the proof pages, the proof pages may not leave the inspection room during the inspection session.

     i.  At the conclusion of each day of the inspection session conducted by the Receiving Party, the Producing Party shall collect the "proof pages." Upon conclusion of a reviewing session, the Receiving Party may request a reasonable number of pages of Source Code be printed and produced by the Producing Party, but only if and to the extent necessary, and in no event may the Receiving Party request the Producing Party to print more than 10 consecutive pages for every 200 pages of Source Code and no more than the greater of 5 percent or 200 pages of Source Code in aggregate during the duration of the case without prior written approval by the Producing Party or Court order. A request that exceeds these page limits shall be rebuttably presumed excessive and unreasonable.

ii.     The Producing Party will provided the requested "production copy" material with bates number labels and confidentiality labels stating "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" to the Reviewing Party within five (5) business days of the inspection. The Reviewing Party shall maintain a complete log of bates numbered pages of Source Code that are printed, and upon written request of the Producing Party, shall provide that log to the Producing Party within three (3) business days of such request. The log need not include any information other than a list of bates numbers that have been affixed to printed pages. For security purposes, this log must be produce to the Producing Party regardless of any other stipulation limiting expert discovery.

iii.    At the Receiving Party's request, up to two additional sets (or subsets) of printed "production copy" Source Code may be requested and provided by the Producing Party in a timely fashion.

iv.     If at the time of inspection and requested printing, the Producing Party objects to the printed portions as excessive and/or not done for a permitted purpose, the Receiving Party shall not be provided with the print portions until such objection is resolved. In the event of an objection, the Parties shall meet and confer within seven (7) days of the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are not more than reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.

g)      The Producing Party may visually monitor the activities of the Receiving Party during any Source Code review, but only to ensure that there is no unauthorized copying, recording, or transmission of Source Code.

h)      <u>Notes.</u>  The Receiving Party's Outside Counsel or Expert shall be entitled to take notes related to the Source Code.  The Receiving Party's Outside Counsel and Experts shall maintain any such notes in a locked room or cabinet when an authorized person is not reviewing the Source Code.  Unless otherwise agreed in advance by the parties in writing, following each day on which inspection of Source Code is done under this Protective Order, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privilege information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

i)      <u>Copies of Printed Source Code.</u>  Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" may not be copied, digitally imaged, or otherwise duplicated, except (i) by Outside Counsel for the Receiving Party for the sole purpose of creating hard duplicate copies for retention in Outside Counsel's offices or by the Expert retained for the purpose of this Action, as necessary for the conduct of the case; and (ii) in limited excerpts necessary to attach as exhibits to expert reports or court filings.

j)      <u>Security of Paper Copies of Source Code.</u>  Any paper copies designated "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" shall be stored or viewed only at (i) the offices of Outside Counsel for the Receiving Party; (ii)

the offices of outside Experts who have been approved to access Source Code; (iii) the site where

any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the

information to a hearing, trial, or deposition.  Any such paper copies shall be maintained at all

times in a locked and secure location.

          k)      <u>Technical Issues.</u>  The Producing Party shall cooperate with and assist the

Reviewing Party with any technical issues that may arise in reviewing the Source Code.  The

Producing Party shall attempt, to the extent possible, to remedy any hardware, software, or other

technical problems that are experienced by the Reviewing Party when reviewing the Source

Code within one (1) business day upon receiving notifications of such problems.

          l)      <u>Court Reporter.</u>  The Parties shall not provide the court reporter with

copies of Source Code that are marked as deposition exhibits and such exhibits shall not be

attached to deposition transcripts; rather, the deposition record will identify the exhibit by its

production numbers.

          m)      <u>Correspondence.</u>  Images or copies of Source code shall not be included in

correspondence between the Parties (references to production numbers shall be used instead).

          n)      <u>Court Filings.</u>  A Receiving Party may include excerpts of Source Code in

a pleading, exhibit, expert report, discovery document, deposition transcript, other Court

document, or any drafts of these documents (hereinafter a "Source Code Document").  To the

extent that portions of Source Code are quoted or otherwise disclosed in a Source Code

Document, either (i) the entire document will be stamped "HIGHLY CONFIDENTIAL

SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY" or (ii) those pages containing and

discussing the quoted Source Code will be separately bound, and stamped as "HIGHLY

CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS' EYES ONLY."  All Source

Code Documents shall be filed under seal, according to the provisions of this Protective Order. A Receiving Party shall make a good faith effort to quote the minimum amount of Source Code necessary in any such document.

### 6. __MISCELLANEOUS__

a)      Source Code material shall be introduced into evidence only under an appropriate order excluding all members of the public and parties that are not Outside Counsel or Experts from the courtroom, unless the Parties agree otherwise or the Court orders that such information can be introduced before the excluded members.

b)      Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated to this Order constitute an admission or acknowledgment that the material so designated is in fact Source Code.

c)      Upon termination of any individual Action of a Producing Party, settlement, or final judgment including exhaustion of all appeals, the originals and copies of Protected Material shall be destroyed or turned over to the Party who produced such material, or to their respective counsel, within sixty (60) days. Any pleadings, exhibits, correspondence, or expert work product that contains Source Code must be returned or destroyed. If Protected Material is destroyed pursuant to this paragraph, counsel shall notify opposing counsel in writing.

d)      If any entity subpoenas or orders production of Protected Material that a Receiving Party has received subject to this Protective Order, such party shall promptly notify the Producing Party of the pendency of the subpoena or order and provide a copy of the subpoena or order to the Producing Party and shall not produce the information until the Producing Party has had seven calendar days (unless a shorter time is required by the subpoena

16

order, or other judicial mandate) to object and take other appropriate steps to protect the information.

e)    This Protective Order is being entered without prejudice to the right of any party or other person to move the Court for modification of or relief from any of its items.

f)    Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this Action, and, in the course thereof, relying upon any Protected Material, provided that counsel does not disclose Protected Material in a manner not specifically authorized under this Protective Order.

Dated: February 16, 2016

By: ___/s/ Charles Kramer_____
     Charles S. Kramer, MO 34416
     Joseph D. Schneider, MO 57484
     REIZMAN BERGER P.C.
     7700 Bonhomme Ave., 7th Floor
     St. Louis, Missouri 63105
     ckramer@riezmanberger.com
     schneider@riezmanberger.com
     *Attorneys for Plaintiff*

By: ___/s/ Douglas Christian_____
     Douglas Y. Christian, 41934PA
     Brittany M. Wilson,   313912PA
     BALLARD SPAHR LLP
     1735 Market Street, 51st Floor
     Philadelphia, PA 19103-7559
     christiand@ballardspahr.com
     wilsonbm@ballardspahr.com

     Brian E. Kaveney
     Jonathan R. Shulan
     Armstrong Teasdale, LLP
     7700 Forsyth Blvd. Suite 1800
     St. Louis, Missouri 63105
     bkaveney@armstrongteasdale.com
     jshulan@armstrongteasdale.com
     *Attorneys for Defendants*

SO ORDERED this 3rd day of February 2016:

_____
Rodney W. Sippel, United States District Judge

17

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| LEVEL ONE TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 4:14-cv-1305-RWS |
| | ) | |
| v. | ) | |
| | ) | |
| PENSKE TRUCK LEASING CO., L.P., | ) | |
| And PENSKE LOGISTICS LLC | ) | |
| | ) | |
| Defendants. | ) | |

## __UNDERTAKING__

The undersigned hereby acknowledges that he or she has received and carefully read the Stipulation and Order Governing the Protection and Exchange of Confidential Material ("Order") in the above-captioned action, entered on _____, 2016; that he or she understands the terms thereof; that he or she agrees to be bound by its terms; and that he or she consents to the jurisdiction of the United States District Court for the Eastern District of Missouri in all matters concerning the Stipulation and Order and this Undertaking. The undersigned will assure compliance with this order by staff or assistants that assist in any work involving Material subject to this Stipulation and Order.

_____
Date

_____
Signature

Print Name and Address:

_____
_____
_____

_____
Employer or Business Affiliation

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **T.N. INCORPORATION LTD.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2:18-cv-05552-WB** |
| **FIDELITY INFORMATION SERVICES, LLC; FIDELITY NATIONAL INFORMATION SERVICES (NETHERLANDS) B.V.; FIDELITY INFORMATION SERVICES (THAILAND) LTD.,** | |
| **Defendants.** | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff, T.N. Incorporation Ltd. ("Plaintiff" or "TNI"), and Defendants, Fidelity Information Services, LLC, Fidelity National Information Services (Netherlands) B.V., and Fidelity Information Services (Thailand) Ltd. ("Defendants" or "FIS") (collectively with Plaintiff, "the Parties"), anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for and the entry of the following Stipulated Protective Order ("Order" or "Protective Order").

In this action, given the nature of the business dispute at issue, it is anticipated that the Parties and/or third-parties with which one or more of the Parties has a business relationship may be producing, *inter alia*, confidential and proprietary business information, as well as information that may be of a personal financial nature.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772,

787–91 (3d Cir. 1994) (discussing legal standard for confidentiality of documents).  The Parties respectfully submit that good cause exists for entry of the requested Protective Order because disclosure of the information covered by the Protective Order "will work a clearly defined and serious injury" as it could make publicly available, *inter alia*, sensitive business and financial information that could be used by competitors.  *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 670–71 (3d Cir. 2019).  Accordingly, entry of this Proposed Protective Order is respectfully requested.

1. **PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Order shall be used by a Receiving Party solely for this case and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that a designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2. **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any nonparty, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced, disclosed, or generated in disclosures or in connection with discovery in this case.

(b)      "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)      "Party" means any party to this case, including all of its officers, directors, employees.

(d)      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e)      "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," as provided in this Order.

(f)      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(g)      "Source Code" means human-readable programming language text that defines software, firmware, or electronic hardware descriptions and/or instructions, and any documentation created for use of such human-readable programming language text by the developer thereof.  Source Code includes, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, formulas, engineering specifications, and schematics that define or otherwise describe in detail the algorithms or structure of software.

3.      **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure and any related Local Rules.

4. **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material and Protected Material (as defined above), but also (i) any information copied or extracted therefrom; (ii) all copies, excerpts, summaries, or compilations thereof; and (iii) any deposition testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material.

(b)     The protections conferred by this Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (ii) any information that is lawfully created or acquired by or known to the Receiving Party independent of the Producing Party; and (iii) any information that was previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

(c)     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

(d)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(e)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

**5.      DURATION**

Even after final disposition of this case, the confidentiality obligations imposed by this Order shall remain in effect for any Discovery Material and any Protected Material until a Producing Party agrees otherwise in writing or a court order directs otherwise with regard to such Discovery Material or such Protected Material.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this case, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this case, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.      ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     <u>Basic Principles</u>.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)     <u>Secure Storage</u>.  Protected Material must be stored and maintained by a Receiving Party at a location in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c)     <u>Legal Advice Based on Protected Material</u>.  Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part

upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

7. **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

(b) <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.   In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and be re-designated as appropriate during the copying process.

(c) <u>Native Files</u>.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY – SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 13 below, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the production number and designation associated with the native file.

(d)     Depositions and Testimony.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within forty-five (45) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided herein has passed.  If a Party does not designate within thirty (30) days of receipt of the transcription, it shall be deemed non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases, the court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Order in this matter or

pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

## 8.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)      A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)      Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)      The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)      Up to six (6) corporate representatives designated collectively by the FIS parties, and up to six (6) corporate representatives of TNI, who are officers or employees of a Party or one of its affiliates and are identified by name and title to the Producing Party prior to disclosure, who may be, but need not be, in-house counsel for the Receiving Party or one of its affiliates to whom disclosure is reasonably necessary for this case, provided that such person has agreed to be bound by the provisions of this Order, where the Parties agree to confer and cooperate in good faith to resolve any reasonable request made by a Party to increase the number of designated corporate representatives that can access and view the Discovery Material designated as

"CONFIDENTIAL.[1]   Any in-house counsel designated pursuant to this Paragraph would be inclusive of the six (6) in-house counsel designated pursuant to Paragraph 8(b)(iii) herein;

(iii)     Up to six (6) in-house counsel designated collectively by the FIS parties who are officers or employees of the Party or one of its affiliates and are identified by name and title to the Producing Party prior to disclosure, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, where the Parties agree to confer and cooperate in good faith to resolve any reasonable request made by a Party to increase the number of designated in-house counsel that can access and view the Discovery Material designated as "CONFIDENTIAL";[2]

(iv)     Any outside expert or consultant retained by the Receiving Party to assist in this action, including their employees, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A; (b) such expert or consultant is not an officer, director, employee, contractor, or agent of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 13 below;

(v)     Any witness of the Producing Party during examination in court or deposition;

(vi)     Any potential witness being interviewed by Outside Counsel provided that the potential witness is made aware of this Order and agrees to keep the information disclosed confidential;

---

[1]The designated corporate representatives do not need to sign a copy of Exhibit A.
[2]The designated in-house counsel do not need to sign a copy of Exhibit A.

(vii)    Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(viii)   The Court, jury, and court personnel;

(ix)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of this Order by signing a copy of Exhibit A;

(x)    Mock jurors who have agreed to be bound by the provisions of this Order by signing a copy of Exhibit A;

(xi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(xii)   The author or recipient of a document containing the information or a custodian or other person who otherwise legally possessed, had access to, or knew the information; and

(xiii)  Any other person with the prior written consent of the Producing Party.

## 9.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

(a)    A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, may merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, project management plans, technical specifications, project blueprints, sales or marketing strategy, product development information, engineering

documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)      Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)      The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)      Up to six (6) in-house counsel designated collectively by the FIS parties, who are officers or employees of the Party or one of its affiliates and identified by name and title to the Producing Party prior to disclosure, as well as their immediate paralegals and staff to whom disclosure is reasonably necessary for this case, where the Parties agree to confer and cooperate in good faith to resolve any reasonable request made by a Party to increase the number of designated in-house counsel that can access and view the Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."[3]  Any in-house counsel designated pursuant to this Paragraph would be inclusive of the six (6) in-house counsel designated pursuant to Paragraph 8(b)(iii) herein.

(iii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, including their employees, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A; (b) such expert or consultant is not an officer, director, employee, contractor or agent of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a

---

[3] The designated in-house counsel do not need to sign a copy of Exhibit A.

competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 13 below;

       (iv)    Any witness of the Producing Party during examination in court or in deposition;

       (v)    Court reporters, stenographers, and videographers retained to record testimony taken in this action;

       (vi)    The Court, jury, and court personnel;

       (vii)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of this Order by signing a copy of Exhibit A;

       (viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

       (ix)    The author or recipient of a document containing the information or a custodian or other person who otherwise legally possessed, had access to, or knew the information; and

       (x)    Any other person with the prior written consent of the Producing Party.

## 10.   DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

       (a)    A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if it contains or reflects information that qualifies as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the disclosure of which to a Receiving Party's in-house counsel would, in the view of the Producing Party, create a substantial risk of serious injury to the business or competitive interests of the Producing Party that could not be avoided by less restrictive means.   The Parties agree that the following information, if non-public, may merit the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

ONLY" designation:  trade secrets, pricing information, and financial data dated on or after January 1, 2015, that the Producing Party deems too sensitive to make available to in-house counsel of the Receiving Party.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may be disclosed only to:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, including their employees, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A; (b) such expert or consultant is not an officer, director, employee, contractor or agent of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 13 below;

(iii)     Any witness of the Producing Party during examination in court or in deposition;

(iv)     Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of this Order by signing a copy of Exhibit A;

(vii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(viii)   The author or recipient of a document containing the information or a custodian or other person who otherwise legally possessed, had access to, or knew the information; and

(ix)   Any other person with the prior written consent of the Producing Party.

## 11.   DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE"

(a)   To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 12 below, and may be disclosed, subject to Paragraph 12 below, solely to:

(i)   The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of this Order by signing a copy of Exhibit A; (b) such expert or consultant is not an officer, director, employee, contractor or agent of a Party or of a competitor of a Party, nor anticipated at the time of retention

to become an officer, director or employee of a Party; and (c) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 13 below;

(iii)    Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(iv)    The Court, jury, and court personnel;

(v)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of this Order by signing a copy of Exhibit A;

(vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(vii)    The author or recipient of a document containing the information or a custodian or other person who otherwise legally possessed, had access to, or knew the information; and

(viii)    Any other person with the prior written consent of the Producing Party.

## 12.    <u>DISCLOSURE AND REVIEW OF SOURCE CODE</u>

(a)    Any Source Code that is produced by a Party shall be made available for inspection in electronic format at an office of its outside counsel, or any other location mutually agreed by the Parties.  The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code to normal business hours, which for purposes of this Paragraph shall be 8:00 a.m. through 6:00 p.m. Eastern Time.  However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(b)      Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days' notice of the first day on which it wishes to inspect the Source Code. The Receiving Party shall provide seven (7) days' notice prior to the first day of any additional inspection.

(c)      Source Code that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)      All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on secured computers without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  Upon fourteen (14) days' notice, the Producing Party shall make available the Source Code Computer with tools for reading and reviewing the Source Code reasonably requested by the Receiving Party (e.g., automated code review (ACR));

(ii)      The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code material on the Source Code Computer;

(iii)      The Producing Party will produce Source Code material in computer searchable format (or in the format in which the Source Code material is kept in the ordinary course of business) on the Source Code Computer as described above;

(iv)    A Receiving Party may include excerpts of Source Code material in a pleading, exhibit, expert report, discovery document, deposition transcript, and other Court document, provided that the Source Code documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders;

(v)    To the extent portions of Source Code material are quoted in a Source Code document, either (1) the entire Source Code document will be stamped and treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE or (2) those pages containing the quoted Source Code material will be separately stamped and treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY - SOURCE CODE;

(vi)    Except as set forth in Paragraph 12(c)(viii) below, no electronic copies of Source Code material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically;

(vii)    The Receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code material, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are printed or photocopied, including (a) the custodian of each copy of any Source Code material; (b) the name of all persons accessing the Source Code material; and (c) the date any custodian receives or returns the Source Code material, which should be made available to the Producing Party upon request;

(viii)    Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

– SOURCE CODE" and shall continue to be treated as such;

(ix)    If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  The Receiving Party may also temporarily keep the printouts or photocopies at: (a) the Court for any proceedings(s) relating to the Source Code material, for the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the Source Code material are taken, for the dates associated with the deposition(s); and (c) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

(x)    A Producing Party's Source Code material may only be transported by the Receiving Party at the direction of a person authorized under Paragraph 12(c)(iv) above to another person authorized under Paragraph 12(c)(iv) above, on paper or removable electronic media that is encrypted or otherwise password protected (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier.  Source Code material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in Paragraph 12(c)(ix) above and is at all times subject to the transport restrictions set forth herein.  For those purposes only, the Source Code material may be loaded onto a stand-alone computer;

(xi)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized

electronic records of the Source Code and no information concerning the Source Code is being created or transmitted in any way;

(xii)   The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code and with pre-Bates numbered paper that is pre-designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE".  The Receiving Party may print limited portions of the Source Code that the Receiving Party has determined to be directly relevant to its claims or defenses after reviewing such portions of Source Code on-site in the first instance.  Any printed portion that consists of more than thirty (30) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere, and that printing is permitted only when necessary to facilitate the preparation of the Receiving Party's claims or defenses in this matter.  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  Within two (2) business days, the Producing Party shall provide one copy set of such pages to the Receiving Party and inform the Receiving Party whether it objects that the printed portions are excessive and/or not done for a permitted purpose.  If the Producing Party objects to the scope of the printed Source Code, the Parties shall meet and confer within two (2) business days following notification of an objection.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether

the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. Unless otherwise stated above with regard to consecutive pages, the burden shall be on the Producing Party to demonstrate that such printed portions are more than is reasonably necessary for a permitted purpose.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(xiii)   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon one (1) day's advance notice to the Receiving Party;

(xiv)   Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel, consultants, and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the

authorized person's current citizenship.  Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(xv)   Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

## 13.   **NOTICE OF DISCLOSURE**

(a)   At least five (5) days prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(iv), 9(b)(iii), 10(b)(ii), or 11(b)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)   the name of the Person;

(ii)   an up-to-date curriculum vitae of the Person; and

(iii)   the present employer and title of the Person.

(b)   The Producing Party may object in writing within five (5) days of receiving the notice as discussed in Paragraph 13(a) that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.

(c)   Prior to receiving any Protected Material under this Order, the Person must execute a copy of Exhibit A and serve it on all Parties.

(d)   Notwithstanding the foregoing, without express written consent or Court order, in no event shall any disclosure of a Party's Protected Material be made to any known competitor of

that Party or to any person who, upon reasonable and good faith inquiry, could be determined to be a current employee thereof or consultant doing research for a competitor of a designating Party irrespective of whether such consultant or person is retained as an expert in this action.  This provision does not apply to outside counsel of record in this case, or to each Party's in-house counsel only to the extent they are specifically qualified to receive certain information under Paragraphs 8(b) and 9(b) of this Order.

## 14.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)    The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the Receiving Party may bring the issue before the Court in accordance with the Court's policies and procedures; and

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until the Party who designated the Discovery Material in question withdraws such designation in writing.

15.   **SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

16.   **FILING PROTECTED MATERIAL**

(a)   Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material except for its use at trial.

(b)   Any Party is authorized under this Court's Rules to file under seal with the Court any briefs, documents, or materials that are designated as Protected Material under this Order. However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

17.   **UNINTENTIONAL DISCLOSURE OF PRIVILEGED MATERIAL**

(a)   The production (including the production of ESI in a litigation as part of a mass production) by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection if a request for return of such produced Discovery Material is made promptly after the Producing Party's discovery of the same.

(b)   If the Producing Party notifies the Receiving Party that privileged materials have been produced (hereinafter referred to as the "Identified Materials"), each Receiving Party shall immediately return such Identified Materials and all copies to the Producing Party or destroy them, at the request of the Producing Party, except for any pages containing privileged markings by the

Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

(d)     If any Receiving Party is in receipt of a document from a Producing Party which such Receiving Party has reason to believe is privileged, such Receiving Party shall in good faith take reasonable steps to promptly notify such Producing Party of the production of that document so that such Producing Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Order.

## 18.     <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the protected or designated categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such inadvertently undesignated Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving

Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

## 19.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as protected under this Order.

## 20.   FINAL DISPOSITION

(a)     Within ninety (90) days after the final disposition of this case, as defined in Paragraph 5, each Receiving Party must return all Discovery Material and Protected Material to the respective outside counsel of the Producing Party or destroy such material, at the option of the Producing Party.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence, and attorney and consultant work product (but

not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.

21.   **MISCELLANEOUS**

(a)   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   <u>Termination of Matter</u>.  The Parties agree that the terms of this Order shall survive and remain in effect after the Final Determination of the above-captioned matter until the parties agree otherwise in writing or a court issues an order directing otherwise.

(c)   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material or any portion thereof is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)   <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes

regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

(g)     <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Pennsylvania, or the Court's own orders.  Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Pennsylvania, or the Court's own orders.

(h)     <u>Agreements and Rights Between Parties Remain Unchanged</u>.  Nothing herein shall alter, change, or affect in any way the rights, remedies, and obligations of the Parties under or related to any of the agreements between the Parties.  Nothing herein does or shall be deemed to grant or waive any right under or related to any intellectual property of a Party or a third party.


DATED: September 4, 2020.


**/s/Wendy Beetlestone, J.**

_____

Dated: September 1, 2020                    Respectfully submitted,

Volpe & Koenig P.C.

By: _/s/ John J. O'Malley (with permission)_
John J. O'Malley
jomalley@vklaw.com
Jamie Unger
junger@vklaw.com
Michael F. Synder
msnyder@vklaw.com
30 South 17th Street, 18th Floor
Philadelphia, PA 19103
Telephone: +1 610 914 4921

Ryan W. O'Donnell
PA ID No. 89775
Volpe & Koenig P.C.
830 Bear Tavern Road, Suite 303
Ewing, NJ, 08628
(609) 924-7900
rodonnell@vklaw.com

**ATTORNEYS FOR PLAINTIFF**

BAKER & MCKENZIE LLP

By: _/s/ Nicholas O. Kennedy_
John G. Flaim (Texas Bar 00785864)
(admitted *pro hac vice*)
john.flaim@bakermckenzie.com
Nicholas O. Kennedy (Texas Bar 24087841)
(admitted *pro hac vice*)
nicholas.kennedy@bakermckenzie.com
1900 N. Pearl Street, Suite 1500
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

Elisa P. McEnroe
PA ID No. 206143
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5917
elisa.mcenroe@morganlewis.com

ATTORNEYS FOR DEFENDANTS

## <u>CERTIFICATE OF COUNSEL</u>

Pursuant to Local Rule 7.1(b), the undersigned hereby certifies that the foregoing Proposed

Stipulated Protective Order is uncontested.


Dated: September 1, 2020                    Respectfully submitted,

                                            Volpe & Koenig P.C.

                                            By: _*/s/ John J. O'Malley (with permission)*_____
                                            John J. O'Malley
                                            jomalley@vklaw.com
                                            Jamie Unger
                                            junger@vklaw.com
                                            Michael F. Synder
                                            msnyder@vklaw.com
                                            30 South 17th Street, 18th Floor
                                            Philadelphia, PA 19103
                                            Telephone: +1 610 914 4921

                                            Ryan W. O'Donnell
                                            PA ID No. 89775
                                            Volpe & Koenig P.C.
                                            830 Bear Tavern Road, Suite 303
                                            Ewing, NJ, 08628
                                            (609) 924-7900
                                            rodonnell@vklaw.com

                                            **ATTORNEYS FOR PLAINTIFF**

BAKER & MCKENZIE LLP

By: */s/ Nicholas O. Kennedy*
John G. Flaim (Texas Bar 00785864)
(admitted *pro hac vice*)
john.flaim@bakermckenzie.com
Nicholas O. Kennedy (Texas Bar 24087841)
(admitted *pro hac vice*)
nicholas.kennedy@bakermckenzie.com
1900 N. Pearl Street, Suite 1500
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

Elisa P. McEnroe
PA ID No. 206143
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: 215.963.5917
elisa.mcenroe@morganlewis.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September, 2020, I served a true and correct copy of the forgoing Proposed Stipulated Protective Order via email upon the counsel of record.

>   _/s/ Nicholas O. Kennedy_____
>   Nicholas O. Kennedy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **T.N. INCORPORATION LTD.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2:18-cv-05552-WB** |
| **FIDELITY INFORMATION SERVICES, LLC; FIDELITY NATIONAL INFORMATION SERVICES (NETHERLANDS) B.V.; FIDELITY INFORMATION SERVICES (THAILAND) LTD.,** | |
| **Defendants.** | |

**EXHIBIT A**
**UNDERTAKING OF EXPERTS, CONSULTANTS, OR THIRD PARTIES**
**<u>REGARDING PROTECTIVE ORDER</u>**

I, _____, declare that:

1.      My address is _____.

        My current employer is _____.

        My current occupation is _____.

2.      I have received a copy of the Protective Order in this Litigation.  I have carefully read and understand the provisions of the Protective Order.

3.      I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Litigation any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" that is disclosed to me.

4.      Promptly upon termination of this Litigation, I will return all documents and things

designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation.

6.      I declare under penalty of perjury that the foregoing is true and correct.


Signature _____

Date _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CROWDSTRIKE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 17-146-GMS |
| v. | ) | |
| | ) | |
| NSS LABS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AGREED UPON PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff CrowdStrike, Inc. and Defendant NSS Labs, Inc. (collectively, "Parties")

anticipate that documents, testimony, or information containing or reflecting confidential,

proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or

produced during the course of discovery, initial disclosures, and supplemental disclosures in this

case and request that the Court enter this Agreed Upon Protective Order Regarding the

Disclosure and Use of Discovery Materials ("Order" or "Protective Order"), which sets forth the

conditions for treating, obtaining, and using such information.

1.   <u>PURPOSES AND LIMITATIONS</u>

a.     Unless otherwise agreed by the parties, Protected Material designated under the

terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall

not be used directly or indirectly for any other purpose whatsoever.

b.     The Parties acknowledge that this Order does not confer blanket protections on all

disclosures during discovery.  Designations under this Order shall be made with care and shall

not be made absent a good faith belief that the designated material satisfies the criteria set forth

below.  If it comes to a Producing Party's attention that designated material does not qualify for

protection at all, or does not qualify for the level of protection initially asserted, the Producing

Party must promptly notify all other Parties that it is withdrawing or changing the mistaken

designation.

2.      <u>DEFINITIONS</u>

      a.      "Discovery Material" means all items or information, including from any non-

party, regardless of the medium or manner generated, stored, or maintained (including, among

other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated

in connection with discovery or Rule 26(a) disclosures in this case.

      b.      "Counsel" means Outside Counsel of Record and House Counsel (as well as their

support staff).

      c.      "Outside Counsel of Record" means attorneys who are not employees of a party

to this action, have been retained to represent or advise a party to this action, and either have

appeared or are employed with a law firm that has appeared in this action on behalf of that party.

      d.      "House Counsel" means attorneys who are employees of a party to this action and

are not involved in competitive decision making.  House Counsel does not include Outside

Counsel of Record or any other outside counsel.

      e.      "Party" means any party to this case, including all of its officers, directors,

employees, consultants, retained experts, Outside Counsel of Record, any other outside counsel,

and their support staffs.

      f.      "Producing Party" means any Party or non-party entity that discloses or produces

any Discovery Material in this case.

      g.      "Protected Material" means any Discovery Material that is designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.

      h.    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

      i.    "Source Code" means confidential and proprietary computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code.

3.    <u>SCOPE</u>

      a.    The protections conferred by this Protective Order cover not only Discovery Material, but also any information copied or extracted from Discovery Material, any copies, excerpts, summaries, compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

      b.    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

      c.    This Order will not prejudice the right of any Party to seek further or additional protection of any Discovery Material or to seek modification of this Order in any way, including, without limitation, seeking an order that certain matter need not be produced at all.

4.    <u>DURATION</u>

      Even after the termination of this case, the confidentiality obligations imposed by this Order will remain in effect until a Producing Party agrees otherwise in writing or the Court otherwise directs, except as otherwise indicated in this Order.

5.     ACCESS TO AND USE OF PROTECTED MATERIAL

a.     Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, administrative proceeding, or any business or competitive purpose or function, except as expressly provided herein.  Protected Material may not voluntarily be distributed, disclosed or made available to anyone except as expressly provided in this Order.

b.     Secure Storage.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

c.     Legal Advice Based on Protected Material.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Materials themselves, the content of those Protected Materials, or, where the very existence of particular Protected Materials is itself confidential, the existence of such material, except as provided in this Order.

d.     Limitations.  This Order does not restrict a Producing Party's use or disclosure of its own Protected Material.  This Order does not restrict a Receiving Party's use or disclosure of Discovery Material (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) that is previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to an Order of the Court.

6.      DESIGNATING PROTECTED MATERIAL

        a.      Available Designations.  Any Producing Party may designate Discovery Material

with any of the following designations, provided that it meets the requirements for such

designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

– SOURCE CODE."

        b.      Written Discovery and Documents and Tangible Things.  Written discovery,

documents (which include "electronically stored information," as that phrase is used in Federal

Rule of Procedure 34), and tangible things that meet the requirements for the available

confidentiality designations may be so designated by placing the appropriate designation on

every page of the written material prior to production.  For digital files being produced, the

Producing Party may mark each viewable page or image with the appropriate designation, and

mark the medium, container, and/or communication in which the digital files were contained.  If

original documents are produced for inspection, such original documents will be presumed

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" during the inspection and re-

designated as appropriate during the copying process.

        c.      Depositions and Testimony.  Parties or testifying persons or entities may

designate deposition testimony with the appropriate designation by indicating on the record at

the time the testimony is given or by sending written notice of how portions of the transcript of

the testimony are designated within thirty (30) days of receipt of the final transcript of the

testimony.  If no indication on the record is made, all information disclosed during a deposition

shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" until the time

within which it may be appropriately designated as provided for herein has passed.  Any

Protected Material that is used in the taking of a deposition shall remain subject to the

appropriate provisions of this Protective Order.  In such cases the court reporter shall be

informed of this Protective Order and shall be required to operate in a manner consistent with

this Protective Order.  In the event the deposition is videotaped, the original and all copies of the

videotape shall be marked by the video technician to indicate that the contents of the videotape

are subject to this Protective Order, substantially along the lines of "This videotape contains

confidential testimony used in this case and is not to be viewed or the contents thereof to be

displayed or revealed except pursuant to the terms of the operative Protective Order in this

matter or pursuant to written stipulation of the parties." Counsel for any Producing Party shall

have the right to exclude from oral depositions any person (other than the deponent, deponent's

counsel, the reporter and videographer (if any)) who is not authorized by this Protective Order to

receive or access certain Protected Material based on its designation.  This right of exclusion

shall be applicable only during periods of examination or testimony regarding Protected

Material.

7.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL."

      a.     A Producing Party may designate as "CONFIDENTIAL" any Discovery Material

that qualifies for protection under Federal Rule of Civil Procedure 26(c).

      b.     Unless otherwise permitted in writing by the Producing Party or ordered by the

Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to:

      i.     Officers, directors, and employees of the Receiving Party to whom

disclosure is reasonably necessary for this litigation, and who have agreed to be bound by the

provisions of the Protective Order by signing a copy of Exhibit A;

ii.   The Receiving Party's Counsel, including House Counsel, their paralegals and staff, and copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

iii.   An expert or consultant who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, provided that disclosure is only to the extent necessary to perform that work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d l465, l468 n.3 (Fed. Cir. l984), on behalf of a Party or a competitor of a Party with respect to the subject matter of the suit; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph l0 below;

iv.   Court reporters, stenographers and videographers retained to record testimony taken in this action;

v.   The Court, jury, and court personnel;

vi.   Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

vii.   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

viii.    Any other person with the prior written consent of the Producing Party or by order of this Court.

8.    <u>DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL –
     ATTORNEYS' EYES ONLY"</u>

a.    A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" if it contains or reflects extremely sensitive confidential information, disclosure of which to another Party or non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  The Parties agree that at least the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, cost information, licensing of the Producing Party's intellectual property, product documentation, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

b.    Unless otherwise permitted in writing by the Producing Party or ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be disclosed only to:

i.    The Receiving Party's Outside Counsel, their paralegals, staff, and copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

ii.    The Receiving Party's House Counsel who agree to be bound by the provisions of the Protective Order by signing a copy of Exhibit A, their paralegals, staff, and

copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

       iii.    An expert or consultant who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, provided that disclosure is only to the extent necessary to perform that work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d l465, l468 n.3 (Fed. Cir. l984), on behalf of a Party or a competitor of a Party with respect to the subject matter of the suit; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

       iv.    Court reporters, stenographers and videographers retained to record testimony taken in this action, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

       v.    The Court, jury, and court personnel;

vi.      Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services,[1] having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

vii.      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

viii.      Any other person with the prior written consent of the Producing Party or by order of this Court.

9.      <u>SOURCE CODE</u>

a.      To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

b.      Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.  Nothing in this Order shall be deemed a waiver of a party's right to object to the production of Source Code.

---

[1] With respect to mock jury exercises, the parties may use excerpts of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material other than Source Code in their audio-visual presentations to the mock jurors, and may generally summarize such material in their oral presentations to the mock jurors, provided, however, that each mock juror has executed a confidentiality agreement with the trial consulting firm affirming their commitment to not discuss or disclose anything about the mock jury exercise and provided that no Protected Materials are given in tangible form to the mock jurors and that the mock jurors are not permitted to keep any notes or written materials from the mock jury exercise.

c.      Source code designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

ONLY – SOURCE CODE" will be subject to all the protections afforded Discovery Material

designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and may be disclosed

to persons allowed to access "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY,"

with the following exceptions:

i.      Source Code is not to be disclosed to House Counsel, their paralegals,

staff, and any copying or clerical litigation support services working at the direction of such

counsel, paralegals, and staff, though these persons may access derivative materials such as

expert reports, depositions, and motions that contain "HIGHLY CONFIDENTIAL-

ATTORNEYS' EYES ONLY-SOURCE CODE" materials, as long as the "HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY-SOURCE CODE" material is redacted;

ii.     Source Code is not to be disclosed to trial consulting services or mock

juries, only summaries of Source Code operation sufficient to explain each side's contentions on

technical issues to the mock jurors.

d.      Unless otherwise agreed in writing by the Producing Party, the following

additional provisions apply when a Producing Party makes Source Code available for inspection

under the designation "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY- SOURCE

CODE":

i.      Any source code produced in discovery shall be made available for

inspection, in a format allowing it to be reasonably reviewed and searched, during normal

business hours or at other mutually agreeable times, at an office of the Producing Party or

another mutually agreed upon location.  The source code shall be made available for inspection

on a secured computer in a secured room without Internet access or network access to other

computers, and the Receiving Party shall not copy, remove, photograph, or transmit any portion of the source code, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

   ii. Prior to the first inspection of any particular piece of the Source Code, the Receiving Party shall provide fourteen (14) business days' notice that it wishes to inspect that piece of Source Code. The Receiving Party shall identify the individuals attending the Source Code inspection at the time of the request, and those individuals should be prepared to identify themselves with state or federally issued identification before being permitted access to the stand-alone computer.

   iii. Access to the stand-alone computer shall be permitted, after notice to the provider and an opportunity to object, to two (2) Outside Counsel representing the Receiving Party and two (2) experts retained by the Receiving Party that have been approved to view "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY under Paragraph 8(b)(iii) above. In order to verify that its Source Code has been altered, the Producing Party may periodically inspect the materials on the stand-alone computer, but shall not install any additional source code onto the stand-alone computer without notice to the Receiving Party, and shall not install any keystroke or other monitoring software onto the stand-alone computer under any circumstances.

   iv. The Receiving Party may request paper copies of limited portions of the Source Code when reasonably necessary to facilitate the Receiving Party's preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. Only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose

should be requested for printing.  The Receiving Party shall not request printing of Source Code

in order to review blocks of Source Code elsewhere in the first instance.  Printed portions which

exceed 10 continuous pages shall be presumed excessive and not done for a permitted purpose.

The Producing Party may object that the portions requested for printing are excessive and/or not

done for a permitted purpose within five (5) business days.  If, after meeting and conferring, the

Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall

be entitled to seek the Court's resolution of whether the printed Source Code request is narrowly

tailored and sought for a permitted purpose.  The burden shall be on the Receiving Party to

demonstrate that such printed portions are no more than is reasonably necessary for a permitted

purpose and not for the purposes of review and analysis elsewhere.

     v.     Any printed Source Code under this section shall be labeled "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY – SOURCE CODE." Outside counsel for the

Producing Party will keep the originals of these printed documents, and copies shall on

watermarked paper shall be provided to outside counsel for the Receiving Party within five (5)

business days.  The Receiving Party's outside counsel may make no more than two (2) additional

paper copies of any portions of the Source Code received from a Producing Party, not including

copies reasonably needed for inclusion or attached to expert reports, pleadings, motions, court

filings or for use at depositions or trial.  A Receiving Party must store the watermarked copies

and any allowed copies of the Source Code securely in a locked location, and restrict access to

them to individuals who are approved to view the Source Code under this order.  No other

electronic copies, scans or images of the Source Code should be made without written

permission from the Producing Party.

10.    NOTICE OF DISCLOSURE

a.    Prior to disclosing any Protected Material to any person described in Paragraphs 7(b)(iii) or 8(b)(iii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Opposing Party with written notice that includes:

i.    the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, within the last five (5) years; (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  The Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's employment or consulting relationships.

b.    Within seven (7) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to disclosure to the Person for good cause.  In the absence of an objection at the end of the seven (7) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this seven (7) day period.  If the Producing Party objects to disclosure to the Person within such seven (7) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure

14

will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If

relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If

relief is sought, designated materials shall not be disclosed to the Person in question until the

Court resolves the objection.

       c.       For purposes of this section, "good cause" shall include an objectively reasonable

concern that the Person has a conflict of interest or will otherwise, advertently or inadvertently,

use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions

contained in this Order.

       d.       Prior to receiving any Protected Material under this Order, the Person must

execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and

serve it on all Parties.

       e.       An initial failure to object to a Person under this section shall not preclude the

non-objecting Party from later objecting to continued access to Protected Material by that Person

based on new facts or circumstances for good cause shown.  In this event, a Party must make a

written objection to the other Party concerning the continued access of Protected Material by that

Person, and the Parties must meet and confer in good faith concerning such objection.  To the

extent that the objection is unable to be resolved, the later-objecting Party must present its

objection to the Court for resolution promptly.  Notwithstanding such objection, the designated

Person may continue to have access to Protected Material until judicial resolution of the

objection.

11.     <u>CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL</u>

       a.       A Party shall not be obligated to challenge the propriety of any designation of

Discovery Material under this Order at the time the designation is made, and a failure to do so

shall not preclude a subsequent challenge thereto.

b.      Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

i.      The Receiving Party with the objection shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

ii.      Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

iii.      Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

12.     <u>SUBPOENAS OR COURT ORDERS</u>

      a.      If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

13.     <u>FILING PROTECTED MATERIAL</u>

      a.      Any filings containing Protected Material shall be filed under seal in accordance with the Court's procedures.

      b.      The parties shall use reasonable efforts to limit the inclusion of Source Code in Court Filings to those specific excerpts strictly necessary for the pleading being filed, and shall use best efforts to ensure under-seal treatment for any Source Code material included in court filings.

14.     <u>INADVERTENT FAILURE TO DESIGNATE PROPERLY</u>

      a.      The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order promptly after learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not designated properly.

b.      A Receiving Party shall not be in breach of this Order for any use of such

Discovery Material before the Receiving Party receives the notice described in the prior

paragraph, unless an objectively reasonable person would have realized that the Discovery

Material should have been appropriately designated with a confidentiality designation under this

Order.  Once a Receiving Party has received the Protected Material with the correct

confidentiality designation, the Receiving Party shall treat such Discovery Material at the

appropriately designated level pursuant to the terms of this Order.

15.      INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Discovery

Material to any person or in any circumstance not authorized under this Order, that Receiving

Party must immediately (a) notify counsel for the Producing Party whose Discovery Material

was disclosed, (b) provide the Producing Party's counsel with written notice of the nature and

circumstances of the disclosure, (c) use its best efforts to retrieve all unauthorized copies of the

Discovery Material, (d) inform the person(s) who caused the unauthorized disclosure and the

person(s) to whom unauthorized disclosures were made of all the terms of this Order, and (e)

request such person(s) to execute the "Acknowledgment and Agreement to Be Bound" that is

attached hereto as Exhibit A.  Unauthorized or inadvertent disclosure does not change the status

of Discovery Material or waive the right to hold the disclosed document or information as

Protected.

16.      FINAL DISPOSITION

a.      Not later than ninety (90) days after the Final Disposition of this case, each Party

shall return or destroy all Discovery Material of a Producing Party, at the option of the Receiving

Party.  Final disposition will be the later of (1) dismissal of all claims and defenses in this action,

with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

b.      All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and expert and consultant work product that contain Source Code, except that the parties need not destroy attorney work product that contains Source Code. Outside Counsel need not destroy emails containing Protected Material or Information (including emails containing Source Code) provided such emails are maintained within the password protected email system of Outside Counsel.

17.  <u>MISCELLANEOUS</u>

a.      <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

b.      <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

    c.      <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

    d.      <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

    e.      <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

    f.      <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Delaware, or the Court's own orders.

g.     Other Proceedings.  By entering this order and limiting the disclosure of

information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case.  Any person or party

subject to this order who becomes subject to a motion to disclose another party's information

designated "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY—SOURCE CODE"

pursuant to this order shall promptly notify that party of the motion so that the party may have an

opportunity to appear and be heard on whether that information should be disclosed.

**STIPULATED AND AGREED:**

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| | |
| Ryan Tyz | By:  */s/ Stephanie E. O'Byrne*_____ |
| Erin Jones | David E. Moore (#3983) |
| Aaron Myers | Bindu A. Palapura (#5370) |
| TYZ LAW GROUP PC | Stephanie E. O'Byrne (#4446) |
| 4 Embarcadero Center, Suite 1400 | Hercules Plaza, 6th Floor |
| San Francisco, CA  94111 | 1313 N. Market Street |
| Tel:  (415) 849-3578 | Wilmington, DE  19801 |
| | Tel:  (302) 984-6000 |
| | dmoore@potteranderson.com |
| | bpalapura@potteranderson.com |
| | sobyrne@potteranderson.com |
| | |
| | *Attorneys for Plaintiff CrowdStrike, Inc.* |
| | |
| OF COUNSEL: | FARNAN LLP |
| | |
| Ian Feinberg | By:  */s/ Brian E. Farnan*_____ |
| Elizabeth Day | Brian E. Farnan (#4089) |
| Marc Belloli | Michael J. Farnan (#5165) |
| FEINBERG DAY ALBERTI & THOMPSON LLP | 919 North Market Street, 12th Floor |
| 1600 El Camino Real, Suite 280 | Wilmington, DE 19801 |
| Menlo Park, CA 94025 | Tel:  (302) 777-0300 |
| Tel:  (650) 618-4360 | bfarnan@farnanlaw.com |
| | mfarnan@farnanlaw.com |
| | |
| Dated:  March 30, 2018 | |
| 5716317 / 44589 | *Attorneys for Defendant NSS Labs, Inc.* |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials.  IT IS SO ORDERED.

_____

UNITED STATES DISTRICT JUDGE

EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the

Protective Order ("Order") in _____, United States District Court, District of

Delaware, Civil Action No. _____.  Having read and understood the terms of the Order, I agree

to be bound by the terms of the Order and consent to the jurisdiction of said Court for the

purpose of any proceeding to enforce the terms of the Order.

ADDITIONAL ACKNOWLEDGMENT FOR THOSE PROVIDED ACCESS TO

HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS ONLY – SOURCE CODE

MATERIALS:

Any consultant or expert retained on behalf of a Receiving Party who is to be given

access to a Producing Party's Source Code - whether in electronic form or otherwise – hereby

agrees not to use the accessed code to write source code directly intended for commercial

purposes relating to the technology at issue in this action for a period of six (6) months after the

issuance of a final, non-appealable decision resolving all issues in the action.  This shall not

preclude such consultants and experts from any academic work or consulting in future litigation,

so long as such consulting does not involve writing source code directly intended for commercial

purposes relating to the technology at issue in this action

Name of individual:

Present occupation/job description:


Name of Company or Firm:

Address:

Dated:

[Signature]