# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC<br><br>**FINAL VERDICT FORM** |

In answering the following questions, you are to follow the Court's Final Instructions to the Jury and any instructions provided in this form. Your answers to the following questions must be unanimous.

**TRADE SECRET CLAIMS**

**Question No. 1:**

Have Plaintiffs proven by a preponderance of the evidence that any of the following items qualifies as a protectable trade secret?

|  | **YES** | **NO** |
|---|---|---|
| **Asserted Trade Secret No. 1:** Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Trident source code and/or documents: the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions. | ☑ | ☐ |
| **Asserted Trade Secret No. 2:** Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Trident source code and/or documents: the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional step of checking for self-impersonation. | ☑ | ☐ |

|  | **<u>YES</u>** | **<u>NO</u>** |
|---|---|---|
| **Asserted Trade Secret No. 3:** Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Trident source code and/or documents: the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional step of parsing and extracting features. | ☑ | ☐ |
| **Asserted Trade Secret No. 4:** Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Trident source code and/or documents: the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional steps of checking for self-impersonation and parsing and extracting features. | ☑ | ☐ |
| **Asserted Trade Secret No. 5:** Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Trident source code and/or documents: the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional step of checking for confusables. | ☑ | ☐ |

|  | YES | NO |
|---|---|---|
| **Asserted Trade Secret No. 6:** Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Trident source code and/or documents: the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional steps of checking for self-impersonation, and checking for confusables. | ✓ | ☐ |
| **Asserted Trade Secret No. 7:** Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Trident source code and/or documents: the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional steps of checking for self-impersonation, using internal emails to learn display name formats, parsing and extracting features, and checking for confusables. | ✓ | ☐ |

|  | YES | NO |
|---|---|---|
| **Asserted Trade Secret No. 8:** Plaintiffs' implementation and proposed improvements of the following feature, as reflected in the Trident source code and/or documents: Office 365 integration using journal extraction. | ☐ | ✓ |

|  | YES | NO |
|---|---|---|
| **Asserted Trade Secret No. 9:** Plaintiffs' implementation and proposed improvements of the following combination of unified architecture features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: Plaintiffs' implementation of behavioral analysis, heuristic rules, and statistical models/quantitative scoring for spear phishing in the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions; and Plaintiffs' implementation of Office 365 integration using journal extraction. | ✓ | ☐ |
| **Asserted Trade Secret No. 10:** Plaintiffs' implementation and proposed improvements of the following combination of unified architecture features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: Plaintiffs' implementation of behavioral analysis, heuristic rules, and statistical models/quantitative scoring for spear phishing in the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional step of checking for self-impersonation; and Plaintiffs' implementation of Office 365 integration using journal extraction. | ✓ | ☐ |

|  | YES | NO |
|---|---|---|
| **Asserted Trade Secret No. 11**: Plaintiffs' implementation and proposed improvements of the following combination of unified architecture features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: Plaintiffs' implementation of behavioral analysis, heuristic rules, and statistical models/quantitative scoring for spear phishing in the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional step of parsing and extracting features; and Plaintiffs' implementation of Office 365 integration using journal extraction. | ☑ | ☐ |
| **Asserted Trade Secret No. 12**: Plaintiffs' implementation and proposed improvements of the following combination of unified architecture features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: Plaintiffs' implementation of behavioral analysis, heuristic rules, and statistical models/quantitative scoring for spear phishing in the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional steps of checking for self-impersonation, and parsing and extracting features; and Plaintiffs' implementation of Office 365 integration using journal extraction. | ☑ | ☐ |

|  | **YES** | **NO** |
|---|---|---|
| **Asserted Trade Secret No. 13**: Plaintiffs' implementation and proposed improvements of the following combination of unified architecture features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: Plaintiffs' implementation of behavioral analysis, heuristic rules, and statistical models/quantitative scoring for spear phishing in the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional steps of checking for confusables; and Plaintiffs' implementation of Office 365 integration using journal extraction. | ☑ | ☐ |
| **Asserted Trade Secret No. 14**: Plaintiffs' implementation and proposed improvements of the following combination of unified architecture features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: Plaintiffs' implementation of behavioral analysis, heuristic rules, and statistical models/quantitative scoring for spear phishing in the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional steps of checking for self-impersonation, and checking for confusables; and Plaintiffs' implementation of Office 365 integration using journal extraction. | ☑ | ☐ |

|  | **YES** | **NO** |
|---|---|---|
| **Asserted Trade Secret No. 15**: Plaintiffs' implementation and proposed improvements of the following combination of unified architecture features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: Plaintiffs' implementation of behavioral analysis, heuristic rules, and statistical models/quantitative scoring for spear phishing in the steps of running classifiers, checking for calls to actions, checking for exceptions, and generating a verdict based on the results of the classifiers, calls to action, and exceptions, with the additional steps of checking for self-impersonation, using internal emails to learn display name formats, parsing and extracting features, and checking for confusables; and Plaintiffs' implementation of Office 365 integration using journal extraction. | ☑ | ☐ |

|  | **YES** | **NO** |
|---|---|---|
| **Asserted Trade Secret No. 16**: Plaintiffs' Gateway Daily Licensing Reports. | ☑ | ☐ |

|  | **YES** | **NO** |
|---|---|---|
| **Asserted Trade Secret No. 17**: Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: a go language architecture; programmable policies using a simplified workflow language; REST API interfaces between modular components in a microservices architecture; and a cloud-deployed architecture. | ☑ | ☐ |

|  | <u>YES</u> | <u>NO</u> |
|---|---|---|
| **Asserted Trade Secret No. 18**: Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: a go language architecture; programmable policies using a simplified workflow language; REST API interfaces between modular components in a microservices architecture; and a cloud-deployed architecture; and with the addition of a clustering protocol. | ☑ | ☐ |
| **Asserted Trade Secret No. 19**: Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: a go language architecture; programmable policies using a simplified workflow language; REST API interfaces between modular components in a microservices architecture; and a cloud-deployed architecture; and with the additions of a clustering protocol, and distributed reputation (using clustering). | ☑ | ☐ |
| **Asserted Trade Secret No. 20**: Plaintiffs' implementation and proposed improvements of the following combination of features, as reflected in the Cloudmark MTA/CSP and Trident source code and/or documents: a go language architecture; programmable policies using a simplified workflow language; REST API interfaces between modular components in a microservices architecture; and a cloud-deployed architecture; and with the additions of a clustering protocol, and distributed message stores and/or message queues (using clustering). | ☑ | ☐ |

*If you answered "YES" to one or more of the above asserted trade secrets, please proceed to Question No. 2.*

*If you answered "NO" to all of the above asserted trade secrets, please proceed to Question No. 4 (Copyright Claims).*

**Question No. 2:**

*For each asserted trade secret in Question No. 1 for which you answered "YES," please answer the following question:*

Have Plaintiffs proven by a preponderance of the evidence that any of the following items was unlawfully misappropriated by Vade Secure and/or Mr. Lemarié?

|  | Vade Secure | | Mr. Lemarié | |
|---|---|---|---|---|
|  | <u>YES</u> | <u>NO</u> | <u>YES</u> | <u>NO</u> |
| **Asserted Trade Secret No. 1** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 2** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 3** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 4** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 5** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 6** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 7** | ☑ | ☐ | ☑ | ☐ |

|  | Vade Secure | | Mr. Lemarié | |
|---|---|---|---|---|
|  | <u>YES</u> | <u>NO</u> | <u>YES</u> | <u>NO</u> |
| **Asserted Trade Secret No. 8** | ☐ | ☐ | ☐ | ☐ |

|  | Vade Secure | | Mr. Lemarié | |
|---|---|---|---|---|
|  | <u>YES</u> | <u>NO</u> | <u>YES</u> | <u>NO</u> |
| **Asserted Trade Secret No. 9** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 10** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 11** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 12** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 13** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 14** | ☑ | ☐ | ☑ | ☐ |
| **Asserted Trade Secret No. 15** | ☑ | ☐ | ☑ | ☐ |

|  | Vade Secure | | Mr. Lemarié | |
|---|---|---|---|---|
|  | <u>YES</u> | <u>NO</u> | <u>YES</u> | <u>NO</u> |
| **Asserted Trade Secret No. 16** | ☑ | ☐ | ☐ | ☑ |

|  | Vade Secure | | Mr. Lemarié | |
|---|---|---|---|---|
|  | <u>YES</u> | <u>NO</u> | <u>YES</u> | <u>NO</u> |
| **Asserted Trade Secret No. 17** | ☐ | ☑ | ☐ | ☑ |
| **Asserted Trade Secret No. 18** | ☐ | ☑ | ☐ | ☑ |
| **Asserted Trade Secret No. 19** | ☐ | ☑ | ☐ | ☑ |
| **Asserted Trade Secret No. 20** | ☐ | ☑ | ☐ | ☑ |

*If you answered "YES" to one or more of the above asserted trade secrets, please proceed to Question No. 3.*

*If you answered "NO" to all of the above asserted trade secrets, please proceed to Question No. 4 (Copyright Claims).*

**Question No. 3:**

*For each asserted trade secret in Question No. 2 for which you answered "YES," please answer the following question:*

Have Plaintiffs proven by a preponderance of the evidence that the misappropriation was willful and malicious?

|  | Vade Secure | | Mr. Lemarié | |
|---|---|---|---|---|
|  | <u>YES</u> | <u>NO</u> | <u>YES</u> | <u>NO</u> |
| **Asserted Trade Secret No. 1** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 2** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 3** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 4** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 5** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 6** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 7** | ☑ | ☐ | ☐ | ☑ |

|  | Vade Secure | | Mr. Lemarié | |
|---|---|---|---|---|
|  | <u>YES</u> | <u>NO</u> | <u>YES</u> | <u>NO</u> |
| **Asserted Trade Secret No. 8** | ☐ | ☐ | ☐ | ☐ |

13

CASE NO. 3:19-CV-04238-MMC
FINAL VERDICT FORM

|  | Vade Secure | | Mr. Lemarié | |
|---|---|---|---|---|
|  | YES | NO | YES | NO |
| **Asserted Trade Secret No. 9** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 10** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 11** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 12** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 13** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 14** | ☑ | ☐ | ☐ | ☑ |
| **Asserted Trade Secret No. 15** | ☑ | ☐ | ☐ | ☑ |

|  | Vade Secure | | Mr. Lemarié | |
|---|---|---|---|---|
|  | YES | NO | YES | NO |
| **Asserted Trade Secret No. 16** | ☑ | ☐ | ☐ | ☐ |

|  | Vade Secure | | Mr. Lemarié | |
|---|---|---|---|---|
|  | YES | NO | YES | NO |
| **Asserted Trade Secret No. 17** | ☐ | ☐ | ☐ | ☐ |
| **Asserted Trade Secret No. 18** | ☐ | ☐ | ☐ | ☐ |
| **Asserted Trade Secret No. 19** | ☐ | ☐ | ☐ | ☐ |
| **Asserted Trade Secret No. 20** | ☐ | ☐ | ☐ | ☐ |

*Please proceed to the next question.*

# COPYRIGHT CLAIMS

## Question No. 4:

Have Plaintiffs proven by a preponderance of the evidence that Vade Secure and/or Mr. Lemarié infringed one or more of Plaintiffs' copyrights?

| Vade Secure | | Mr. Lemarié | |
|---|---|---|---|
| <u>YES</u> | <u>NO</u> | <u>YES</u> | <u>NO</u> |
| ☑ | ☐ | ☑ | ☐ |

*Please proceed to the next question.*

# CONTRACT CLAIMS

**Question No. 5:**

Have Plaintiffs proven by a preponderance of the evidence that Mr. Lemarié breached the PIIA?

| YES | NO |
|---|---|
| ☑ | ☐ |

*If you answered "YES" to any portion of Question No. 2 (Trade Secret Claims), Question No. 4 (Copyright Claims), or Question No. 5 (Contract Claims), please proceed to Question No. 6.*

*Otherwise, please sign and return this verdict form.*

**DAMAGES**

**Question No. 6:**

Have Plaintiffs proven by a preponderance of the evidence that they suffered actual loss and/or that Defendants were unjustly enriched as a result of any wrongful act you have found above?

| YES | NO |
|---|---|
| ☑ | ☐ |

*If you answered "YES," please proceed to Question No. 7.*

*Otherwise, please sign and return this verdict form.*

**Question No. 7:**

What is the total dollar amount of compensatory damages to which Plaintiffs are entitled?

$ 13,975,659

Please identify the portion of the total amount above that is attributable to each of the following:

    1. Actual Loss: $ 0

    2. Unjust Enrichment: $ 13,495,659

    3. Breach of Contract: $ 480,000

*Please sign and return this verdict form.*

|   |   |
|---|---|
| 1 | **We, the jury, unanimously agree to the answers to the preceding questions and return** |
| 2 | **them under the instructions of this Court as our verdict in this case.** |

August 20, 2021
DATE

*[signature]*
JURY FOREPERSON

*You are finished. Please ensure the Verdict Form accurately reflects your unanimous decisions. Once signed by the Jury Foreperson, please notify the Court's Clerk that you have reached a verdict. The Jury Foreperson should maintain possession of this Verdict Form and bring it when the jury is brought back into the Courtroom.*

19

CASE NO. 3:19-CV-04238-MMC
FINAL VERDICT FORM