# Exhibit C

**Exhibit C**

**From:** Kazim Naqvi
**Sent:** Tuesday, August 9, 2022 9:33 PM
**To:** 'Arman.Zahoory@lw.com' <Arman.Zahoory@lw.com>; julianne.osborne@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; truitt.a@wssllp.com; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; PMuto@hodgsonruss.com; rdutta@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Arman:

Your e-mail merely provides Skyryse's self-serving interpretation of the scope of the Court's discovery stay. It is evident that we will need the Court to clarify this issue.

Skyryse's position appears to be that Moog is only permitted to access and describe documents stored on iDS devices in connection with its further trade secret identification, but cannot attach those documents for the benefit of the Court (which has no access to the iDS devices). This makes no sense. As Moog discussed with the Court, given the volume of trade secrets that were misappropriated by Defendants, Moog will need to tailor its trade secret identification to emphasize the trade secrets that have been directly used by Skyryse. For example, the 24 Skyryse SDTE documents which are identical or near identical copies to Moog's MDTE documents are evidence of direct use (described in the August 3 declaration of Kevin Crozier), and Moog must be able to show them to the Court as opposed to having an attorney or expert describe such documents.

The argument about Rule 33(d) also does not apply. Judge McCarthy's ruling was merely that Moog cannot solely rely on Rule 33(d) to further identify its trade secrets. Moog will provide a narrative response as ordered by the Court. But, it is permitted to attach documents supporting its narrative explanations. Judge McCarthy did not order that no documents can be used in connection with Moog's trade secret identification.

To the extent written discovery requests are implicated, the documents Moog seeks production of are certainly responsive to RFPs No. 1 ("All Documents and Communications related to Skyryse's access, use, or disclosure of any Moog Confidential Information"). However, as stated in my earlier e-mail, Moog is merely requesting the production of documents that Skyryse has already turned over to iDS pursuant to the terms of the Inspection Protocol.

We are prepared to further meet and confer on these issues tomorrow afternoon. However, unless Skyryse complies in full by producing the requested documents within the deadlines imposed by Section IV.1 of the Inspection Protocol, we reserve all rights to address this with the Court.

Thank you,
Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Arman.Zahoory@lw.com <Arman.Zahoory@lw.com>
**Sent:** Tuesday, August 9, 2022 4:27 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; julianne.osborne@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; truitt.a@wssllp.com; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; PMuto@hodgsonruss.com; rdutta@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Kazim,

Your email below misstates the record. Ms. Andoh and Judge McCarthy both confirmed at the last hearing, in response to a request for clarification from Mr. Gross, that the Court's stay constitutes "a vacatur of ***all pending discovery deadlines***." Aug. 4, 2022 Tr. 36:18-37:3 (emphasis added). This was consistent with Ms. Andoh own request at the July 27 hearing that the Court stay motions related to materials produced to iDS and not just written discovery. July 27, 2022 Tr. 17-58:2. It goes without saying that the stay also applies to Skyryse's deadline to object to the production of documents under the iDS protocol, which would be rendered meaningless if Skyryse was required to produce the documents during the stay. Separately, Moog has still not identified any relevant document requests, and in fact has admitted that its request for these documents "are outside the confines of written discovery."

Beyond that, your email fails to explain why "Moog requires the production of documents stored on Skyryse's iDS devices to attach to and describe within Moog's forthcoming further trade secret identification." Moog's access to those devices remains unaffected, and it is not clear why Moog needs Skyryse to produce documents from Skyryse devices that Moog already has access to through the iDS Protocol to allow Moog identify its own trade secrets, which should be in Moog's own possession. ECF 205 at 3 ("Plaintiff is the only one who can know what it believes its trade secrets are."). In any event, Judge McCarthy was clear at the last hearing that Moog would "be given the opportunity ***to have access*** to Defendants information ***solely to the extent*** that they needed to enable themselves to make that global identification" of Moog's purported trade secrets. Aug. 7, 2022 Tr. 16:23-17:5 (emphasis added). Moog continues "to have access" to the Skyryse devices produced to iDS, and the claim that Moog needs to attach documents to its trade secret identification is inconsistent with Judge McCarthy's ruling that Moog cannot identify its trade secrets by pointing to documents under Rule 33(d). ECF 205 at 4.

We expect that the above resolves any confusion about the scope of the Court's discovery stay. That said, we are available to meet and confer with Moog regarding these issues, and are happy to do so on tomorrow's call.

Best,
Arman


**Arman Zahoory**

**LATHAM & WATKINS LLP**

140 Scott Drive | Menlo Park, CA 94025
D: +1.650.470.4985

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Tuesday, August 9, 2022 8:18 AM
**To:** Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; truitt.a@wssllp.com; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; PMuto@hodgsonruss.com; rdutta@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Arman:

Judge McCarthy's order does not "plainly appl[y] to any deadlines to produce documents" as misrepresented in your e-mail. As you note, it only applies to "discovery deadlines." The Parties' obligations to produce documents from devices they have turned over to iDS upon request pursuant to Inspection Protocol Section IV.1 are outside the confines of written discovery. It is just a procedure under the Inspection Protocol for a party to request the production of documents it already has access to via iDS.

Moog requires the production of documents stored on Skyryse's iDS devices to attach to and describe within Moog's forthcoming further trade secret identification. Judge McCarthy did not order that all obligations under the Inspection Protocol are stayed, and that order remains in full force and effect. It is intrinsic to Judge McCarthy's trade secret identification orders that Moog be permitted to produce and introduce as evidence materials out of iDS.

Moog has made a number of requests for production of certain files from Skyryse's iDS devices over the past few weeks under Section IV.1 of the Inspection Protocol. It expects Skyryse to comply with its Court-ordered obligations and deadlines. If Skyryse does not timely produce the requested materials, we will promptly raise this to the Court's attention.

Thank you,
Kazim


**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336


**From:** Arman.Zahoory@lw.com <Arman.Zahoory@lw.com>
**Sent:** Monday, August 8, 2022 6:15 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; julianne.osborne@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Rena Andoh

<RAndoh@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; truitt.a@wssllp.com; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; PMuto@hodgsonruss.com; rdutta@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Kazim,

We disagree with your email below; the court's order is clear that "pending discovery deadlines are held in abeyance until the individual defendants' motion to stay [214] is resolved." ECF No. 216. Judge McCarthy did not carve out the iDS deadlines, and his order plainly applies to any deadlines to produce documents, including from devices held by iDS. Beyond that, Moog has not identified any requests for production it has served in expedited discovery that would cover these materials. Skyryse will consider Moog's requests for documents if and when the discovery deadlines are re-established and after Moog has identified any relevant document requests.

Best,
Arman

**Arman Zahoory**

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.470.4985

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Thursday, August 4, 2022 8:33 PM
**To:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Rena Andoh <RAndoh@sheppardmullin.com>
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; truitt.a@wssllp.com; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; PMuto@hodgsonruss.com; rdutta@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com
**Subject:** RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Counsel:

We agree that all future discovery deadlines are vacated pending resolution of the Motion to Stay.

To be clear, all prior elapsed deadlines are not reopened as a result of the Court's orders. For example, the Parties' June 30 deadline to move to compel documents produced on June 2 is not reopened. Similarly, the Parties' deadlines to move to compel 7 days after previous supplemental productions were made is also not reopened.

Finally, to clarify, the vacatur does not impact the Parties' obligations to produce documents stored with iDS pursuant to the Inspection Protocol, Section IV.1.

Thank you,

Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Thursday, August 4, 2022 4:54 PM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; truitt.a@wssllp.com; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; PMuto@hodgsonruss.com; rdutta@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com
**Subject:** Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Counsel:

Per the Court's Order (ECF No. 216) and the discussion during today's conference, we understand that all discovery deadlines have been vacated pending resolution of the individual defendants' motion to stay. This includes, for example:

- Today's deadline for any party to move to compel regarding any issues related to iDS discovery;

- Any deadlines for Moog to compel the production of documents from Skyryse or third parties;

- The 7-day deadline to move to compel relating to any supplemental productions (ECF No. 199);

- Any deadlines for Skyryse or third parties to respond or object to, or move to quash, pending document requests or subpoenas;

- The August 25th deadline to substantially complete expedited discovery, including all depositions (ECF No. 137);

- All briefing deadlines related to Moog's Motion for Preliminary Injunction (set at ECF No. 137); and

- Any and all other similar deadlines.

Please let us know immediately if you have a different understanding. We are happy to discuss.

Thanks,
Juli


**Julianne Osborne**

**LATHAM & WATKINS** LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8160

Email: julianne.osborne@lw.com
https://www.lw.com