UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MOOG INC.,

                       Plaintiff,

    v.                                            Case No. 1:22-cv-00187

SKYRYSE, INC., ROBERT ALIN PILKINGTON,
MISOOK KIM, and DOES NOS. 1-50,

                       Defendants.

---

## DECLARATION OF ROBERT FLUSKEY
## IN SUPPORT OF THE MOTION FOR RESTORED ACCESS
## TO THE INDIVIDUAL DEFENDANTS' DEVICES

Robert Fluskey, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney with Hodgson Russ LLP, counsel to Plaintiff Moog Inc. ("Moog"). I provide this declaration in support of Moog's Motion for Restored Access to the Individual Defendants' Devices.

2. On March 7, 2022, Moog filed its Complaint against Defendants. ECF 1.

3. On March 11, 2022, Robert Alin Pilkington and Misook Kim (the "Individual Defendants") signed a stipulated Temporary Restraining Order ("TRO") requiring turnover of certain personal devices. ECF 25.

4. On April 1, 2022, the Individual Defendants produced twenty-three devices to iDS, a non-party neutral, pursuant to the March 11 TRO. At no time did the Individual Defendants seek the return of those devices from iDS, or assert any Fifth Amendment objections.

5. On April 13, 2022, the Individual Defendants responded to Moog's First Set of Requests for Admission and First Set of Requests for Production. They asserted no Fifth Amendment objections, and they never amended or supplemented any of these responses. Attached as **Exhibit A** are copies of the Individual Defendants' discovery responses.

6. On May 13, 2022, the Court entered an inspection protocol governing review of these devices. ECF 109.

7. On June 10, 2022, I emailed a letter to the Court, advising the Court of the FBI's request for two unredacted conference transcripts from this action. I asked the Court to unseal these transcripts for the limited purpose of providing the FBI with copies. Counsel for all parties was included on this email. Attached as **Exhibit B** is a copy of my June 10 email and letter.

8. On June 13, 2022, counsel for the Individual Defendants consented to the unsealing of transcripts for FBI purposes. Attached as **Exhibit C** is a copy of counsel's email to the Court.

9. On the same date, this Court granted Moog's unopposed Motion to Unseal the Transcripts for the limited purpose of providing the same to the FBI. ECF 152.

10. On June 20, 2022, Skyryse served a meet and confer letter on Moog, requesting production of all communications between Moog and the FBI. Attached as **Exhibit D** is a copy of the letter.

11. On June 23, 2022, Moog agreed to produce "all communications between Moog and the FBI/USAO that relate to Skyryse or any of the allegations in the Complaint." Attached as **Exhibit E** is a copy of an email chain memorializing Moog's agreement.

12. On June 24, 2022, Moog received a subpoena from the Government.

13. On June 29, 2022, Moog was granted access to iDS devices. All counsel were copied on this email, and counsel for the Individual Defendants did not object. Attached as **Exhibit F** is a copy of the email correspondence granting access to Moog.

14. On July 1, 2022, Moog produced the FBI communications to Skyryse. The Individual Defendants were inadvertently not copied on the production, but the same production was made to the Individual Defendants on July 29, 2022.

15. On July 8, 2022, Moog emailed all parties indicating its understanding that all parties had been served with grand jury subpoenas. Moog proposed a mutual exchange of document productions made to the FBI. Attached as **Exhibit G** is a copy of the email chain containing Moog's proposal.

16. On July 25, 2022, counsel for Skyryse and the Individual Defendants responded to Moog's mutual production proposal. Neither agreed to the proposal. *See id.*

- 4 -

17. On July 27, 2022, the Individual Defendants raised with the Court, for the first time, their intention to seek a stay of this action. The Court set a briefing schedule for the stay motion during the conference. ECF 206.

18. At no point during the July 27 conference did the Individual Defendants seek any relief with respect to the devices that Moog was already in the process of reviewing.

19. Two days after the conference, on July 29, 2022, the Individual Defendants e-mailed iDS and unilaterally demanded revocation of access to all of the Individual Defendants' devices. iDS complied with this request. Attached as **Exhibit H** is a copy of the email chain where Moog's access to the Individual Defendants' devices was revoked. The revocation demand can be found on page 9.

20. On August 1, 2022, Moog emailed the Court and requested a hearing on the Individual Defendants' unilateral revocation of access to devices. *See* **Exhibit I**.

21. On August 3, 2022, the Individual Defendants' responded to Moog's August 1, 2022 email. Attached as **Exhibit J** is a copy of the Individual Defendants' response.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States of America.

Dated: August 11, 2022

s/ Robert Fluskey<br>
Robert Fluskey