# Exhibit D

**Julianne C. Osborne**
Direct Dial: +1.415.395.8160
Julianne.osborne@lw.com

140 Scott Drive
Menlo Park, California  94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

File No. 072290-0003

June 20, 2022

VIA EMAIL

Rena Andoh
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
*randoh@sheppardmullin.com*

Re:   *Moog Inc. v. Skyryse, Inc. et al.*, No. 22-cv-187 (W.D.N.Y.)

Dear Ms. Andoh:

I write regarding multiple outstanding deficiencies in Moog's discovery responses, including but not limited to Moog's insufficient interrogatory responses, incomplete production of documents, and failure to respond to Skyryse's correspondence regarding the scope of certain of Skyryse's RFPs. I address each issue in turn below. Please provide your availability to meet and confer on these issues on Wednesday, June 22, 2022.

## I.   Moog's Failure to Formally Supplement its Interrogatory Responses

Over three weeks ago, on May 26, 2022, Skyryse raised concerns with Moog regarding its deficient interrogatory responses, including that Moog had invoked Rule 33(d) in response to Interrogatory Nos. 1-8 and 10, yet failed to identify any documents as required by that rule. *See* Fed. R. Civ. P. 33(d)(1). Moog responded on May 27 with an assurance that "when Moog makes its document production in advance of the deadline to be set by the Court, it is prepared to identify by bates label the documents that are responsive to each particular interrogatory where Rule 33(d) has been invoked." Moog made its document production over two weeks ago on June 2nd, but has still not formally supplemented its interrogatory responses with proper Rule 33(d) cites as promised. As we communicated to Moog on June 11, an email is not an adequate substitute for a formal, sworn response, and we expect Moog to serve formal supplemental responses immediately.

## II.   Moog's Deficient Document Production

Having now reviewed Moog's production served on June 2, 2022, we have several concerns that Moog has impermissibly excluded documents it agreed to produce. These include, but may not be limited to, the following categories of documents. We reserve all rights to raise additional issues with you down the line.

**LATHAM&WATKINS**LLP

### A. Documents and Communications Regarding the Investigation of Bruce Pixley

First, it is evident that Moog's production excludes many documents and communications responsive to RFP No. 9, which calls for "All Communications and Documents relating to any investigation undertaken into any allegedly misappropriated Trade Secrets," including "any Communications with Bruce W. Pixley, Pixley Forensics Group LLC, or any other Person or entity contacted to assist in such investigation, and any related initial and final reports generated by or delivered to Moog." Although Moog responded that it would "produce non-privileged documents responsive to this request," Moog's production does not contain a single communication with Bruce Pixley, any of the evidence he considered, or his analysis and conclusions from his investigation. Please produce all such documents no later than June 22, 2022.

### B. Communications to the Government

Nor does Moog's production contain all communications with "any other Person or entity contacted to assist in such investigation," as called for by RFP No. 9. Aside from a handful of generic correspondence to government customers informing them that there had been an alleged data breach involving confidential information, Moog's production does not contain a single communication with the government, despite the fact it has now come to light that Moog involved the FBI and United States Attorney's Office in this investigation. For example, on June 10, Moog submitted a letter to the Court purporting to request the Court's permission to unseal two transcripts from Court conferences per a request from the FBI. Moog has not produced this request from the FBI or any related correspondence, including any information it has provided the FBI or the United States Attorney's Office regarding the underlying facts of the case or Moog's theories of the case.

Such communications and related documents would be responsive not only to RFP No. 9, but also at least to RFP No. 1, which calls for any documents or communications that support, refute, and/or relate to the contentions in Moog's March 7, 2022 court filings. Moog alleged in its Complaint that "Moog is now required to notify its customers of the data theft at issue, including the US government" and that this "will require Moog to expend resources responding to government inquiries." Compl. ¶¶ 158, 248. Accordingly, as requested by Skyryse's RFPs, any documents or communications related to such "government inquiries" must be produced. We expect that Moog will supplement its June 2nd production to produce any communications with the FBI, United States Attorney's Office, or any other government entity by no later than June 22, 2022.

### C. Moog's Trade Secret Training and Alin Pilkington's Exit Interview Form and Checklist

It appears that Moog has failed to produce documents concerning the "trade secret trainings" that Moog claims it conducted (Compl. ¶ 257) – including relevant calendar invitations, training protocols, or other documentation provided in connection with such trainings – and Defendant Alin Pilkington's exit interview form or any related documents from his departure, as called for at least by Skyryse's RFP Nos. 1, 7, and 15. Moog alleged in its complaint that "Moog requires its departing employees to sign an exit form" and that Pilkington's and Kim's fiduciary

duties "were further confirmed in Moog's trade secret trainings, the Exit Form, Moog's designations on its source code documents, and elsewhere." Compl. ¶¶ 42, 257. Accordingly, Moog was obligated to produce these documents in response to RFP No. 1, which required Moog to produce all documents "that are identified in, support, refute, or relate to Moog's March 7, 2022 court filings and the contentions therein," and also in response to other RFPs, including RFP Nos. 7 and 15, that requested evidence of the efforts Moog claims it took to protect its alleged trade secrets. To the extent Moog contends that it has produced these documents, please provide the Bates numbers. Otherwise, please produce all responsive non-privileged documents related to these topics by June 22, 2022.

### III. Moog's Dilatory Tactics in Responding to Concerns Regarding its Responses to Skyryse's Requests For Production

Two weeks ago, on June 4, 2022, Skyryse raised multiple serious concerns regarding many of Moog's responses to Skyryse's Requests for Production and requested that the parties discuss these issues at the already-scheduled meet-and-confer on June 6, 2022. Moog insisted on more time, and at its request, a meet-and-confer call was scheduled for the end of the week, on June 9. During that call, the parties reached agreement on several proposals regarding the scope of certain of Skyryse's RFPs. Promptly following that call, Skyryse sent an email to Moog confirming these proposals in writing and asking for Moog's written confirmation that it would produce non-privileged documents responsive to the requests as revised. Now over one week later, Skyryse still has not received any substantive response to its email or even concrete dates by which Skyryse can expect confirmation regarding its proposals—which were already discussed in detail on our call—or a supplemental production.

As requested in Skyryse's email dated June 9, 2022, please provide the written confirmation which Moog agreed to provide during the parties' meet-and-confer regarding RFP Nos. 1 and 13, and confirm that Moog will supplement its production with any documents responsive to the requests as revised by no later than June 22, 2022. Given that the current deadline to submit discovery motions is in less than two weeks, we need written confirmation by Moog on these issues by Tuesday, June 21, 2022, otherwise we will assume we are at an impasse.

*   *   *

Please confirm by Tuesday, June 21 that Moog will remedy the deficiencies described above, including by immediately serving supplemental responses to Skyryse's interrogatories, supplementing its June 2nd document production, and responding to Skyryse's June 9 email regarding the proposals we discussed at our June 9 meet-and-confer call. We reserve all rights to seek appropriate relief from the Court with respect to the above issues, including by moving to compel.

**LATHAM&WATKINS**LLP

Very truly yours,

Julianne C. Osborne
of Latham & Watkins LLP

cc:   Counsel of record

US-DOCS\132868187.1