Exhibit H

| | |
|---|---|
| **From:** | Anthony Green <green.a@wssllp.com> |
| **Sent:** | Friday, July 29, 2022 6:03 PM |
| **To:** | Kazim Naqvi; Rena Andoh; Jim Vaughn; Cassandra.Baloga@lw.com |
| **Cc:** | Daniel Watson; Lai Yip; Nitin Khanna; Kelley.Storey@lw.com; Travis Anderson; Subjeck, Melissa N.; Fluskey Jr., Robert J.; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt; Waqas Anis; Annabel Mireles; James Salem; Jonathan Karchmer |
| **Subject:** | RE: Moog v. Skyryse |

Fed. R. Civ. P. 26(b)(5) does apply, so I do not accept that premise. The issue remains your client's refusal to specifically identify what our clients are accused of unlawfully taking or possessing. The breadth of our objection and claim of privilege can only reflect the overbreadth, vagueness and lack of particularity of your client's allegations.

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** **|** M (917) 837-1781

**Connect with us**



**WSSLLP.com** | **Mailing List**



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, July 29, 2022 5:34 PM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Anthony Green <green.a@wssllp.com>; Jim Vaughn <JVaughn@idsinc.com>; Cassandra.Baloga@lw.com
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Anthony:

Following up on Rena's e-mail, even if FRCP 26(b)(5) did apply here (which it does not), FRCP 26(b)(5)(A)(ii) requires that the party invoking privilege must: "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

You have not provided any of this information to any extent, so the assertion of FRCP 26(b)(5) is improper for this additional reason.

Thank you,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Rena Andoh <RAndoh@sheppardmullin.com>
**Sent:** Friday, July 29, 2022 2:29 PM
**To:** Anthony Green <green.a@wssllp.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Jim Vaughn <JVaughn@idsinc.com>; Cassandra.Baloga@lw.com
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Anthony,

FRCP 26(b)(5) applies to attorney-client and work product privilege, not "determine[ing] whether Fifth Amendment privilege needs to be asserted."  Unless you have caselaw applying this rule to the present fact pattern, you have provided no authority at all.  We again demand that you immediately provide relevant authority for your actions.

Regards,
Rena

**Rena Andoh**
+1 212-634-3092 | direct
RAndoh@sheppardmullin.com | Bio

**Sheppard**Mullin
30 Rockefeller Plaza
New York,  NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Anthony Green <green.a@wssllp.com>
**Sent:** Friday, July 29, 2022 5:25 PM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Jim Vaughn
<JVaughn@idsinc.com>; Cassandra.Baloga@lw.com
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>;
Kelley.Storey@lw.com; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com;
rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt
<truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem
<JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

I cited it in the email you are responding to.

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com |** M (917) 837-1781

### Connect with us



WSSLLP.com | Mailing List



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY
CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER
APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR,

PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Rena Andoh <RAndoh@sheppardmullin.com>
**Sent:** Friday, July 29, 2022 5:24 PM
**To:** Anthony Green <green.a@wssllp.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Jim Vaughn <JVaughn@idsinc.com>; Cassandra.Baloga@lw.com
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Anthony,

If you have any legal authority for your actions,  you certainly haven't shown it to us or to iDS.  Please provide it to all of us immediately.

Regards,
Rena

**Rena Andoh**
+1 212-634-3092 | direct
RAndoh@sheppardmullin.com | Bio

**Sheppard**Mullin
30 Rockefeller Plaza
New York,  NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

**From:** Anthony Green <green.a@wssllp.com>
**Sent:** Friday, July 29, 2022 5:21 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Jim Vaughn <JVaughn@idsinc.com>; Cassandra.Baloga@lw.com
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>;

Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Jim,

I apologize that this is being continued after you've been clear to Mr. Naqvi on the issue, but we've made our instruction, we do have authority for it, and this issue is already going to be before the Court.

Kazim,

We expect Moog's full compliance with Fed. R. Civ. P. 26(b)(5), and the Protective Order, *inter alia*, Sections XI and XVI.

Regards,

Anthony

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** **|** M (917) 837-1781

**Connect with us**



**WSSLLP.com** **|** **Mailing List**



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, July 29, 2022 5:11 PM
**To:** Jim Vaughn <JVaughn@idsinc.com>; Anthony Green <green.a@wssllp.com>; Cassandra.Baloga@lw.com
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Jim—

The Court order granting Moog access to the Individual Devices (the Inspection Protocol) has not been modified in any way. We appreciate that you are not a lawyer and cannot make decisions on assertions of purported privileges. However, Mr. Green has not actually invoked any privilege – there is no claim of attorney client privilege.  Mr. Green stated he wants access turned off "in order to determine whether Fifth Amendment privilege needs to be asserted".  Again, he has NOT INVOKED ANY APPLICABLE PRIVILEGE UNDER THE INSPECTION PROTOCOL.

Nothing in the Inspection Protocol permits the procedure that Mr. Green is requesting here, and iDS lacks the authority to unilaterally cut access to these devices to Moog. The status quo of access, consistent with the Court's orders to date, is to be maintained until the Court rules otherwise. Please immediately restore access to these devices.  If Mr. Green wants them taken down, he can and must obtain relief from the Court – this is extrajudicial and entirely improper.

Thank you,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Jim Vaughn <JVaughn@idsinc.com>
**Sent:** Friday, July 29, 2022 2:05 PM
**To:** Anthony Green <green.a@wssllp.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Cassandra.Baloga@lw.com
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** Re: Moog v. Skyryse

This notice has been received.  We will work to remove ID devices while leaving Skyryse devices online as quickly as possible beginning Monday.

----
Jim Vaughn, GCFE, EnCE
Managing Director
535 Anton Blvd., Suite 860 | Costa Mesa, CA. 92626
Direct: 714.261.0348 | jvaughn@idsinc.com
iDSinc.com

---

**From:** Anthony Green <green.a@wssllp.com>
**Sent:** Friday, July 29, 2022 2:03 PM
**To:** Jim Vaughn <JVaughn@idsinc.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Cassandra.Baloga@lw.com <Cassandra.Baloga@lw.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com <Kelley.Storey@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com <msubjeck@hodgsonruss.com>; rfluskey@hodgsonruss.com <rfluskey@hodgsonruss.com>; SKYRYSEMOOG.LWTEAM@lw.com <SKYRYSEMOOG.LWTEAM@lw.com>; tflynn@harrisbeach.com <tflynn@harrisbeach.com>; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

**[EXTERNAL SENDER]**

Yes, Jim. At this time, we are making a blanket privilege assertion over all devices until we have had time to perform further review, in light of this new basis for assertion of privilege that has arisen recently and must be properly and fully considered by the Individual Defendants.

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** | M (917) 837-1781

**Connect with us**



WSSLLP.com | Mailing List



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR,

PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

---

**From:** Jim Vaughn <JVaughn@idsinc.com>
**Sent:** Friday, July 29, 2022 4:59 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Anthony Green <green.a@wssllp.com>; Cassandra.Baloga@lw.com
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** Re: Moog v. Skyryse

You guys need to figure it out and let me know.  I am not an attorney, nor should I be expected to make decisions on assertions of privilege.  I see an assertion of complete privilege made by Anthony Green on behalf of his clients.  If you believe this is improper I assume you will address this with the court, but I do not believe I am in a position to ignore any claim of privilege.  Anthony Green, please reply to this email to confirm that you are making a blanket privilege assertion on all devices for all of the individual defendants.  If you do not confirm that is exactly what you are doing, then I will resume the review as Kazim states, in a status quo beginning Monday morning.


----
Jim Vaughn, GCFE, EnCE
Managing Director
535 Anton Blvd., Suite 860 | Costa Mesa, CA. 92626
Direct: 714.261.0348 | jvaughn@idsinc.com
iDSinc.com

---

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, July 29, 2022 1:47 PM
**To:** Anthony Green <green.a@wssllp.com>; Jim Vaughn <JVaughn@idsinc.com>; Cassandra.Baloga@lw.com <Cassandra.Baloga@lw.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com <Kelley.Storey@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com <msubjeck@hodgsonruss.com>; rfluskey@hodgsonruss.com <rfluskey@hodgsonruss.com>; SKYRYSEMOOG.LWTEAM@lw.com <SKYRYSEMOOG.LWTEAM@lw.com>; tflynn@harrisbeach.com <tflynn@harrisbeach.com>; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem

<JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

**[EXTERNAL SENDER]**

Jim:

Mr. Green has absolutely no authority under the Inspection Protocol or otherwise to unilaterally remove access to devices that have already been made available for the Parties' review. Further, the Inspection Protocol only contemplates review and/or excision for attorney/client privilege and privacy, and does not contemplate any unilateral review for issues related to any purported "Fifth Amendment privilege."

As Mr. Green has advised, there is a briefing schedule in place for these issues and the Court has set a hearing in September. The status quo regarding access to the Individual Defendants' devices must remain in place until the Court rules otherwise.

Thank you,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Anthony Green <green.a@wssllp.com>
**Sent:** Friday, July 29, 2022 1:16 PM
**To:** Jim Vaughn <JVaughn@idsinc.com>; Cassandra.Baloga@lw.com; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Hi Jim,

At this time, Fifth Amendment privilege issues have arisen that will require additional review of all of the Individual Defendants' devices in order to determine whether Fifth Amendment privilege needs to be asserted over any or all of the information within them. This issue will also be the subject of motion practice that the Court is aware of and the Court has set a briefing schedule.

Accordingly, access to all of the Individual Defendants' devices through the inspection laptops must be immediately suspended until further notice, while these issues are resolved.

Thank you and have a great weekend,

Anthony

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 | F (212) 221-6989

E **Green.A@wssllp.com** | M (917) 837-1781

**Connect with us**



**WSSLLP.com** | **Mailing List**



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Jim Vaughn <JVaughn@idsinc.com>
**Sent:** Thursday, July 28, 2022 11:50 PM
**To:** Cassandra.Baloga@lw.com; Anthony Green <green.a@wssllp.com>; KNaqvi@sheppardmullin.com
**Cc:** Daniel Watson <dwatson@idsinc.com>; LYip@sheppardmullin.com; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com; RAndoh@sheppardmullin.com; TAnderson@sheppardmullin.com; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; JSalem@sheppardmullin.com; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** Re: Moog v. Skyryse

Also, just checking to make sure this hit your inbox, Cassandra?  Thanks

----
Jim Vaughn, GCFE, EnCE
Managing Director
535 Anton Blvd., Suite 860 | Costa Mesa, CA. 92626

Direct: 714.261.0348 | jvaughn@idsinc.com
iDSinc.com

---

**From:** Jim Vaughn <JVaughn@idsinc.com>
**Sent:** Wednesday, July 27, 2022 1:06 PM
**To:** Cassandra.Baloga@lw.com <Cassandra.Baloga@lw.com>; green.a@wssllp.com <green.a@wssllp.com>; KNaqvi@sheppardmullin.com <KNaqvi@sheppardmullin.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; LYip@sheppardmullin.com <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Kelley.Storey@lw.com <Kelley.Storey@lw.com>; RAndoh@sheppardmullin.com <RAndoh@sheppardmullin.com>; TAnderson@sheppardmullin.com <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com <msubjeck@hodgsonruss.com>; rfluskey@hodgsonruss.com <rfluskey@hodgsonruss.com>; SKYRYSEMOOG.LWTEAM@lw.com <SKYRYSEMOOG.LWTEAM@lw.com>; tflynn@harrisbeach.com <tflynn@harrisbeach.com>; truitt.a@wssllp.com <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; mireles.a@wssllp.com <mireles.a@wssllp.com>; JSalem@sheppardmullin.com <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** Re: Moog v. Skyryse

Hi Cassandra,

You seem to be looking at an old chart, I've re-posted a recent one for your convenience.  The reason the remaining devices below are marked as waiting for feedback is because we have still not gotten Latham's approval to either move forward with no excision, or been provided a list of any privilege items to remove.  As a reminder, On June 24th, Anthony Green identified 4 devices that he said contained Skyryse data, and that Latham should conduct a privilege review.  My recollection is that Plaintiff's counsel had followed-up about the status of this priv review, and someone on your team said it was being worked on.  The 5th device that is also marked for feedback (A00025) was explained in my July 21st email when responding to a specific inquiry that Alexander Truitt had made.

Excerpt from Anthony's identification of Skyryse data from that date is here (highlighted in yellow to distinguish that this is not my communication):

iDS and Counsel:

We hereby provide you with an update as to the Individual Defendants' devices. Attached is an updated list of additional files we have identified that must be excised from the forensic images of the following devices: (1) iPad A1459, SN: DMPJLOTCF18C; (2) MacBook Pro A19990 SN: C02XG6PHJH6; and (3) iPad A1584. In addition, we have attached a log of the documents that we have (thus far) identified to be excised, pursuant to the Court's Order, which specifies the device, file names, date, brief description of the file contents, and file path. Once the identified files have been excised, these devices can be made available for review, pursuant to the Protective Order.

However, the four devices listed below contain some Skyryse data. Other than two personal files on the first device that we have identified as requiring excision, the Individual Defendants have no personal objection to these devices being made available for review, but we still need information from Skyryse as to any potentially confidential data they may request to be excised from these devices. As such, we request that Skyryse please provide us with such information at its earliest convenience.

1. Buffalo External HD SSD, SN: 40608110534064 (2 personally private files to excise)
2. Buffalo External HD SSD, SN: 40608120102352
3. LG Gram Model: 169TOP, SN: 110QCWC563905
4. Samsung Portable SSD, SN:SSSXNSOR700159M

| Evidence ID | Source | Status | From | VM destination |
|---|---|---|---|---|
| MOOOG-04208.A0001 | Dell Latitude 9520 | Uploaded to VM | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0002 | Ext HD | Uploaded to VM | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0003 | iPhone 13 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0004 | MacBook Pro A1502 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0005 | LG Gram 16T90P | Waiting for client feedback | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0006 | Microsoft Surface Model | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0007 | iPad Pro A1584 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0008 | Ext HD | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0009 | Adata usb | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0010 | Verbatim USB | Waiting for decryption password. | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0011 | Memorex USB | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0012 | KIA USB | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0013 | San Disk Cruzer USB | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0014 | MacBook Pro A1990 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0015 | Ext HD. | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0016 | Ext HD. | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0017 | Ext HD. | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0018 | Ext HD | Waiting for client feedback | Individual Defendant | Moog & Skyryse VM |

| MOOOG-04208.A0019 | Samsung Ext HD | Waiting for client feedback | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0020 | iPhone XS | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0021 | iPad 4 A1459 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0022 | iPad Pro A1652 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0023 | Buffalo Ext HD | Waiting for client feedback | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0024 | San Disk USB | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0025 | Weiao USB | USB not reading | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0026 | Ext HD | Uploaded to VM | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0027 | Dell Latitude 9520 | Uploaded to VM | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0028 | MacBook Pro Model: A2486 | Uploaded to VM | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0029 | Ext HD | Uploaded to VM | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0030 | Dell Lattitude 5591 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0031 | Dell Precision 7540 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0032 | Dell Precision 7540 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0033 | Dell Lattitude 7480 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0034 | Dell Latitude E6430 | Waiting for decryption key. | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0035 | Dell Latitude E6230 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0036 | Dell Latitude 7480 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0037 | Ext HD | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0038 | Samsung Ext HD | Uploaded to VM | Moog | Skyryse, ID & Moog VMVM |

| MOOOG-04208.A0039 | Dell Latitude 9520 | Uploaded to VM | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0040 | Ext HD | Uploaded to VM | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0041 | Source code | Uploaded to VM | Skyryse | Moog & Skyryse VM |

----
**Jim Vaughn, GCFE, EnCE**
*Managing Director*
535 Anton Blvd., Suite 860 | Costa Mesa, CA. 92626
Direct: 714.261.0348 | jvaughn@idsinc.com
iDSinc.com

---

**From:** "Cassandra.Baloga@lw.com" <Cassandra.Baloga@lw.com>
**Date:** Wednesday, July 27, 2022 at 10:24 AM
**To:** Jim Vaughn <JVaughn@idsinc.com>, "green.a@wssllp.com" <green.a@wssllp.com>, "KNaqvi@sheppardmullin.com" <KNaqvi@sheppardmullin.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>, "LYip@sheppardmullin.com" <LYip@sheppardmullin.com>, Nitin Khanna <nkhanna@idsinc.com>, "Kelley.Storey@lw.com" <Kelley.Storey@lw.com>, "RAndoh@sheppardmullin.com" <RAndoh@sheppardmullin.com>, "TAnderson@sheppardmullin.com" <TAnderson@sheppardmullin.com>, "msubjeck@hodgsonruss.com" <msubjeck@hodgsonruss.com>, "rfluskey@hodgsonruss.com" <rfluskey@hodgsonruss.com>, "SKYRYSEMOOG.LWTEAM@lw.com" <SKYRYSEMOOG.LWTEAM@lw.com>, "tflynn@harrisbeach.com" <tflynn@harrisbeach.com>, "truitt.a@wssllp.com" <truitt.a@wssllp.com>, Waqas Anis <wanis@idsinc.com>, "mireles.a@wssllp.com" <mireles.a@wssllp.com>, "JSalem@sheppardmullin.com" <JSalem@sheppardmullin.com>, Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

[EXTERNAL SENDER]

Hi Jim,

We understand from your email below that all "[p]rivilege issues have been resolved with Latham." Can you please update the chart below to reflect the current status of each device?  Can you also add a column to the chart that indicates the date each device was uploaded to the VM?  I also want to confirm that you are not waiting for any client feedback from Skyryse and that all of Skyryse's devices have been uploaded to the VM.

Thank you,
Cassie

**Cassandra Marie Baloga**
*Pronouns: she/her/hers*

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.4592

**From:** Jim Vaughn <JVaughn@idsinc.com>
**Sent:** Tuesday, July 12, 2022 3:02 PM
**To:** Anthony Green <green.a@wssllp.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Storey, Kelley (DC) <Kelley.Storey@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** Re: Moog v. Skyryse

Please see updated chart.  Privilege issues have been resolved with Latham, we will be moving forward with the excise of those documents.

| Evidence ID | Source | Status | From | VM destination |
|---|---|---|---|---|
| MOOOG-04208.A0001 | Dell Latitude 9520 | Waiting for client feedback | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0002 | Ext HD | Waiting for client feedback | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0003 | iPhone 13 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0004 | MacBook Pro A1502 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0005 | LG Gram 16T90P | Waiting for client feedback | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0006 | Microsoft Surface Model | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0007 | iPad Pro A1584 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0008 | Ext HD | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0009 | Adata usb | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0010 | Verbatim USB | Waiting for decryption password. | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0011 | Memorex USB | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0012 | KIA USB | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |

| MOOOG-04208.A0013 | San Disk Cruzer USB | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0014 | MacBook Pro A1990 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0015 | Ext HD. | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0016 | Ext HD. | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0017 | Ext HD. | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0018 | Ext HD | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0019 | Samsung Ext HD | Waiting for client feedback | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0020 | iPhone XS | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0021 | iPad 4 A1459 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0022 | iPad Pro A1652 | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0023 | Buffalo Ext HD | Waiting for client feedback | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0024 | San Disk USB | Uploaded to VM | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0025 | Weiao USB | USB not reading | Individual Defendant | Moog & Skyryse VM |
| MOOOG-04208.A0026 | Ext HD | Waiting for client feedback | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0027 | Dell Latitude 9520 | Waiting for client feedback | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0028 | MacBook Pro Model: A2486 | Waiting for client feedback | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0029 | Ext HD | Uploaded to VM | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0030 | Dell Lattitude 5591 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0031 | Dell Precision 7540 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0032 | Dell Precision 7540 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |

| MOOOG-04208.A0033 | Dell Lattitude 7480 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0034 | Dell Latitude E6430 | Waiting for decryption key. | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0035 | Dell Latitude E6230 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0036 | Dell Latitude 7480 | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0037 | Ext HD | Uploaded to VM | Moog | Skyryse, ID & Moog VM |
| MOOOG-04208.A0038 | Samsung Ext HD | Uploaded to VM | Moog | Skyryse, ID & Moog VMVM |
| MOOOG-04208.A0039 | Dell Latitude 9520 | Waiting for client feedback | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0040 | Ext HD | Waiting for client feedback | Skyryse | Moog & Skyryse VM |
| MOOOG-04208.A0041 | Source code | Uploaded to VM | Skyryse | Moog & Skyryse VM |

----

**Jim Vaughn, GCFE, EnCE**
*Managing Director*
535 Anton Blvd., Suite 860 | Costa Mesa, CA. 92626
Direct: 714.261.0348 | jvaughn@idsinc.com
iDSinc.com

---

**From:** Anthony Green <green.a@wssllp.com>
**Date:** Tuesday, July 12, 2022 at 2:12 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>, Lai Yip <LYip@sheppardmullin.com>, Nitin Khanna <nkhanna@idsinc.com>, Jim Vaughn <JVaughn@idsinc.com>, "Kelley.Storey@lw.com" <Kelley.Storey@lw.com>, Rena Andoh <RAndoh@sheppardmullin.com>, Travis Anderson <TAnderson@sheppardmullin.com>, "msubjeck@hodgsonruss.com" <msubjeck@hodgsonruss.com>, "rfluskey@hodgsonruss.com" <rfluskey@hodgsonruss.com>, "SKYRYSEMOOG.LWTEAM@lw.com" <SKYRYSEMOOG.LWTEAM@lw.com>, "tflynn@harrisbeach.com" <tflynn@harrisbeach.com>, Alexander Truitt <truitt.a@wssllp.com>, Waqas Anis <wanis@idsinc.com>, Annabel Mireles <mireles.a@wssllp.com>, James Salem <JSalem@sheppardmullin.com>, Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

[EXTERNAL SENDER]
Kazim,

2013 is still a lengthy expansion of the relevant period. There is nothing that implicates this period in Moog's complaint. Indeed, we have proposed the entire year of 2021 when only the Winter of 2021 has any relevance to the allegations in the Complaint. In our view, we have already covered an expansive period beyond what is implicated in the complaint.

By contrast, we note that Moog's production as to project-related documents has not extended beyond five (5) years prior to the complaint's filing. This five-year period is based on Moog's allegations concerning Skyryse's purported unfair competition and raid on Moog employees, but <u>not</u> the allegations concerning any supposed misappropriation by the Individual Defendants. If Moog sincerely believes the relevant period vis-à-vis the Individual Defendants begins in 2013, it must supplement its production and responses. Would you tell us the date when each of Alin Pilkington and Misook Kim began working on the specific project from which purported trade secrets were allegedly misappropriated? That information might facilitate these discussions.

At this time, Moog's request for a certification is not practical because Moog has not identified the non-public information for which we are supposed to be searching. We have no basis to believe the balance of the Moog's proposed period contains "Moog non-public information" relevant to this dispute; but also, no way to certify as such because Moog has not defined such term with any practical degree of specificity. To even begin what Moog has requested, we would need to know phone numbers and personal email addresses for any current/former Moog employee during whatever period Moog proposes.

As is, Moog's demand is merely creating a heavy burden without any apparent purpose. We maintain that any pre-2021 communications would necessarily be private based upon the allegations in the complaint. Again, this is the complaint Moog drafted following, we would sincerely hope, a good faith investigation into the matter. To that end, the Individual Defendants have satisfied their obligations by turning over the devices. If relevant Moog information exists from the excised period, there is no risk of spoliation. If a need to search such excised period ever arises, we can always revisit this discussion. We believe this is the best way to reduce the cost and burden to all our clients.

Best,

Anthony


**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** **|** M (917) 837-1781


## Connect with us



**WSSLLP.com** **|** **Mailing List**



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Monday, July 11, 2022 2:45 PM
**To:** Anthony Green <green.a@wssllp.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Counsel:

It has been 10 days since our July 1 e-mail on this issue, and we have not heard a response. We need to understand if we are at an impasse or not, and the Individual Defendants have an obligation to meet and confer if our proposal below is not agreeable. Please advise.

Thank you,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Kazim Naqvi
**Sent:** Thursday, July 7, 2022 11:49 AM
**To:** 'Anthony Green' <green.a@wssllp.com>

**Cc:** 'Daniel Watson' <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; 'Nitin Khanna' <nkhanna@idsinc.com>; 'Jim Vaughn' <JVaughn@idsinc.com>; 'Kelley.Storey@lw.com' <Kelley.Storey@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; 'msubjeck@hodgsonruss.com' <msubjeck@hodgsonruss.com>; 'rfluskey@hodgsonruss.com' <rfluskey@hodgsonruss.com>; 'SKYRYSEMOOG.LWTEAM@lw.com' <SKYRYSEMOOG.LWTEAM@lw.com>; 'tflynn@harrisbeach.com' <tflynn@harrisbeach.com>; 'Alexander Truitt' <truitt.a@wssllp.com>; 'Waqas Anis' <wanis@idsinc.com>; 'Annabel Mireles' <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; 'Jonathan Karchmer' <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Counsel:

I am following up on my e-mail and proposal below. Please advise.

Thank you,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Kazim Naqvi
**Sent:** Friday, July 1, 2022 4:34 PM
**To:** 'Anthony Green' <green.a@wssllp.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Anthony:

We are not taking a "highly expansive interpretation" of the March 11 Stipulation and Order. We are simply relying on the language of the March 11 Order which the Individual Defendants stipulated to. The Individual Defendants agreed to turn over all electronic devices they used in the past year as part of that stipulation and order. The Individual Defendants agreed to a process to complete privilege and privacy review by June 24. You have not and cannot point to any Court order, e-mail, or anything else that allows a party to wholesale excise materials from devices turned over to iDS for any reason other than for privilege and privacy. Indeed, both Moog and Skyryse have turned over devices with large volumes of files and have not excised materials based on relevance or time period. Any objections you are now raising are due to the very process that the Individual Defendants consented to.

We also take issue with the statement that Moog has committed "deviations from the Order." Your e-mail below identifies none.

Regardless, thank you for articulating your volume concerns with concrete information. It is helpful for us to evaluate the issue. Based on the volume articulated, we are prepared to consider the balance of relevance against proportionality and burden in this regard. However, the Individual Defendants' proposal of only keeping communications from 2021 to present is far too narrow and improper. Under the March 11 Order, Defendants are required to turn over all Moog non-public information. The Individual Defendants started working at Moog in 2013. Thus, at minimum, the time period for which there can be no excision is from 2013 to present. It is evident, based on the chat communications already produced by your office, that Kim and Pilkington frequently communicated on a daily basis regarding Moog non-public

information and source code. It is highly likely if not certain that there are communications going back to 2013 that Pilkington and/or Kim had access to after commencing employment with Skyryse that contain and discuss Moog non-public information and source code.

We propose that the excision from the below-referenced devices be limited to before January 1, 2013. The proposal of 2021 to present is improper unless you can certify, without equivocation, that there exists no Moog non-public information on any communications prior to 2021. Please confirm your agreement to 2013 to present.

Best,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

---

**From:** Anthony Green <green.a@wssllp.com>
**Sent:** Thursday, June 30, 2022 8:36 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Kazim,

Moog has offered no reason why we should adopt Moog's highly expansive interpretation of the Stipulation and Order. Interpretation of the Order must involve consideration of its purpose and rationality, as well as the parties' obligations in discovery balancing potential relevance against proportionality and burden. With those guiding principles, the Order must be interpreted as we have.

Would Moog contend that the Order entitles it to discovery of information, regardless of its age or any semblance of relevance? Such position would be blatantly hypocritical, since Moog has sought to impose these limits on the Defendants' joint discovery requests.  Moog's deviations from the Order when it suits its purpose, while insisting on strict compliance with its erroneous interpretations of the Order against others establishes that Moog's position is disingenuous and indefensible.
There is nothing in the Complaint the implicates any pre-2021 conduct on the part of the Individual Defendants. Moog has not responded to our salient point that anything prior to the relevant time period would necessarily be personal or private and, therefore, has been properly excised on that basis. As stated in my previous email, if Moog would provide any explanation as to why earlier communications could be relevant, the Individual Defendants would consider it in good faith.
To further illustrate the reason why excising such information is proper, consider that we are referring to the following specific devices and communications:

1. iPad A1652, SN: DLXR3L7PGMW3: contains **230,213** iMessage/text message dating back to 2012;
2. iPhone 13 or 12: contains **33,259** iMessage/text message dating back to 2015;
3. MacBook Pro A1502, SN: C02P702TFVH9: contains **2,466** iMessage/text message dating from 2019, and **10,270** email attachments and **83,392** emails dating back to 1992;
4. iPad A1459, SN: DMPJLOTCF18C: contains **299,129** iMessage/text message dating back to 2007; and
5. MacBook Pro A19990 SN: C02XG6PHJH6: contains **12,153** emails dating back to 1994.

Moog cannot seriously argue that information dating back one or two decades is discoverable. Consequently, Moog must acknowledge that there is some date before which communications are clearly not discoverable. If Moog is ready to provide a common-sense explanation as to why that date should not be January 1, 2021 as to the Individual Defendants, , we are ready to hear it. To be clear, we have only excised communications prior to 2021, not any documents or data on the Individual Defendants' devices pre-2021, which have been made available for Moog's review. We also reject any implication that our clients have done less than the other parties to meet deadlines in this case. This action incurred significant of delays simply because Moog could not get the proper laptops to IDS. Not only have we met deadlines that other parties did not, but the parties have been repeatedly adjusting deadlines after the fact, which we incidentally agree with, as a matter of professional courtesy and with the understanding that unforeseen circumstances occur. In no way have we unfairly impacted your client's interests, certainly not at any point since my firm first appeared.

Take care,

Anthony

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com |** M (917) 837-1781

**Connect with us**



**WSSLLP.com | Mailing List**



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Thursday, June 30, 2022 5:47 PM
**To:** Anthony Green <green.a@wssllp.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com, rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Anthony:

You are correct that the March 11 Order requires the Individual Defendants to turn over electronic devices they have used in the past 12 months. That does not mean that information contained on such devices that pre-dates 2021 is not relevant to the case. Nowhere, including the March 11 Order or any other stipulation or Court order, did Moog or any other party acknowledge or concede that pre-2021 communications are not relevant. Nothing permits the Individual Defendants to broadly excise documents based on time periods. The Individual Defendants are unilaterally deciding what is relevant and what should be excised, in contravention of the orders and procedures in place. The Inspection Protocol and June 2 stipulation and order (ECF 137) are unambiguous that the Individual Defendants' excision of information is limited to privacy and privilege. If the review/production of pre-2021 communications was a legitimate concern to Individual Defendants, this issue should have been raised to the Parties and Court a long time ago, and well before the June 2 stipulation was signed and entered by the Court.

Moreover, the June 2 stipulation and order requires the Individual Defendants' privilege and privacy review to be completed by June 24. That has evidently not occurred, in contravention of the June 2 stipulation and order. While we appreciate that the Individual Defendants may have volume concerns in connection with its privilege/privacy review, these issues also should have been raised a long time ago.

Regardless, given where we are with iDS and the volume of information to review, we are prepared to work with you on a schedule to complete the remaining privacy/privilege review for the below-referenced devices. We are amenable to pre-2021 communications being temporarily excised from the below-referenced devices while the Individual Defendants complete the belated and untimely privilege and privacy review. Please provide a target date when you expect the privilege/privacy review to be completed.

Thank you,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Anthony Green <green.a@wssllp.com>
**Sent:** Thursday, June 30, 2022 7:57 AM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>

**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Kazim,

The March 11, 2022 Order states that the devices to be turned over are those that have been used in the past twelve months and/or year. *See* ¶¶ 4, 6 thereof. In doing so, the parties acknowledged that the relevant time period, as it relates to review of information contained within the Individual Defendants' devices, is one year prior to the Order. The Individual Defendants are not proposing excising information **during the relevant time period** on any basis other than for privilege or private information and, indeed, have not excised information on any other basis.

Moreover, there is no allegation in the Complaint that implicates any action or inaction by the Individual Defendants prior to that time period, thereby rendering any pre-2021 communications necessarily private and personal. There is no basis for such a boundless intrusion into the private lives of the Individual Defendants nor justification for the undue burden and delay such intrusion would cause.

If Moog believes there is an alternative date that would serve as a better cut off, please let us know the basis for making that determination. We will consider it in good faith. To reiterate, we are not going to withhold relevant documents or declare otherwise relevant documents undiscoverable. That said, until there is any indication that pre-2021 communications are relevant to this dispute, they should be excised from the laptops.  If a need subsequently appears to exist, we can repeat what we have done with the post 2021 communications and release it to the parties.

Regardless of where we or the Court lands on this issue, however, all pre-2021 communications must be excised from the previously listed devices for the time being, since we will need to review them for privilege or private information, while the remainder of the contents on these devices is made available for Moog's review.

Regards,

Anthony

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** **|** M (917) 837-1781

## Connect with us



**WSSLLP.com** **|** **Mailing List**



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Thursday, June 30, 2022 12:44 AM
**To:** Anthony Green <green.a@wssllp.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** Re: Moog v. Skyryse

Anthony:

Moog objects and does not consent to the Individual Defendants' blanket request to remove all pre-2021 communications from the referenced devices. There is no basis to request the removal of potentially relevant evidence. The Inspection Protocol and the Parties' June 2 Stipulation and ensuing court order (137) only contemplate and permit the excision of privileged and/or private information from the electronic devices of the Individual Defendants. Nowhere are any parties permitted to excise documents for any other basis. Indeed, if the Parties were permitted to excise documents based on potential relevance, then both Moog and Skyryse could have and likely would have done so.

The Individual Defendants, and iDS, are not permitted to excise any information from the Individual Defendants' other than for privilege or privacy. A Court order would be required before any such action takes place.

Thank you,
Kazim

On Jun 29, 2022, at 12:47 PM, Anthony Green <green.a@wssllp.com> wrote:

Counsel and iDS:

In connection with my previous email below, attached is an updated list of additional files we have identified that must be excised from the forensic images of the following devices: (1) the iPhone XS; (2) iPad A1652, SN: DLXR3L7PGMW3; (3) iPhone 13 or 12; and (4) MacBook Pro A1502, SN: C02P702TFVH9. In addition, we have attached a log of the documents that we have identified to be excised, pursuant to the Court's Order, which specifies the device, file names, date, brief description of the file contents, and file path. Once the identified files have been excised, these devices can be made available for review, pursuant to the Protective Order.

Additionally, all pre-2021 iMessage, text message, and email communications, should be removed from these four devices, in addition to those from the iPad A1459, SN: DMPJLOTCF18C and MacBook Pro A19990, SN: C02XG6PHJH6.

Best,

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** | M (917) 837-1781

## Connect with us

**WSSLLP.com** | **Mailing List**

PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Anthony Green
**Sent:** Friday, June 24, 2022 8:09 PM
**To:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna
<nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kazim Naqvi
<KNaqvi@sheppardmullin.com>; Kelley.Storey@lw.com
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>;
MSubjeck@hodgsonruss.com; RFluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com;
tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>;
Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan
Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

iDS and Counsel:

We hereby provide you with an update as to the Individual Defendants' devices. Attached is an updated
list of additional files we have identified that must be excised from the forensic images of the following
devices: (1) iPad A1459, SN: DMPJLOTCF18C; (2) MacBook Pro A19990 SN: C02XG6PHJH6; and (3) iPad
A1584. In addition, we have attached a log of the documents that we have (thus far) identified to be
excised, pursuant to the Court's Order, which specifies the device, file names, date, brief description of
the file contents, and file path. Once the identified files have been excised, these devices can be made
available for review, pursuant to the Protective Order.

However, the four devices listed below contain some Skyryse data. Other than two personal files on the
first device that we have identified as requiring excision, the Individual Defendants have no personal
objection to these devices being made available for review, but we still need information from Skyryse
as to any potentially confidential data they may request to be excised from these devices. As such, we
request that Skyryse please provide us with such information at its earliest convenience.

1.  Buffalo External HD SSD, SN: 40608110534064 (2 personally private files to excise)
2.  Buffalo External HD SSD, SN: 40608120102352
3.  LG Gram Model: 169TOP, SN: 110QCWC563905
4.  Samsung Portable SSD, SN:SSSXNSOR700159M

Next, we are having issues reviewing the following five devices: (1) iPhone XS; (2) iPad A1652, SN:
DLXR3L7PGMW3; (3) iPhone 13 or 12; (4) Verbatim USB Flash Drive; and (5) MacBook Pro A1502, SN:
C02P702TFVH9. The Verbatim device is the same device (E0010) that iDS has also not been able to
access. We have continued to search for and provide possible passwords to the device to no avail. We
are continuing to try to gain access to this device, but at this time we cannot say whether it contains any
private or privileged data or whether and when we might be able to access it.

As to the remaining four devices (i.e., the iPhone XS; iPad A1652, SN: DLXR3L7PGMW3; iPhone 13 or 12;
and MacBook Pro A1502, SN: C02P702TFVH9), we expect to have access for review shortly and we will
further supplement our log and instructions as to excising data, by no later than Wednesday, June 29.
However, as we have seen on at least one iPad, these devices contain hundreds of thousands of
iMessage, text message, and email communications, dating back to at least 2010. Accordingly, in
addition to our review from the 2021 period to present, iDS should excise all iMessages, text messages
and email communications dating from prior to 2021. Since there are no allegations in the Complaint
that the Individual Defendants engaged in any wrongful conduct within any time period prior to January
1, 2021, such communications could not possibly be relevant and a comprehensive review thereof

would impose a disproportionate and undue burden in cost and time, as well as unnecessarily delay review of any potentially relevant contents of the devices.

Regards,

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** **|** M (917) 837-1781

### Connect with us

**WSSLLP.com** | **Mailing List**

PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.

INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.

INFORMATION CLASSIFICATION NOTICE: This electronic communication (including any attachments) is intended to be viewed only by the individual(s) to whom it is addressed. It may contain information that is privileged, proprietary, confidential and/or protected from disclosure by applicable law. Any disclosure, dissemination, distribution, copying, exporting or other use of this communication or any attached document(s) other than for the purpose intended by the sender is strictly prohibited without prior written permission from the sender. If you have received this communication in error, please notify the sender immediately by reply e-mail and promptly destroy all electronic and printed copies of this communication and any attached documents.