Exhibit J

| | |
|---|---|
| **From:** | Alexander Truitt <truitt.a@wssllp.com> |
| **Sent:** | Wednesday, August 3, 2022 6:16 PM |
| **To:** | Rena Andoh; mccarthy@nywd.uscourts.gov |
| **Cc:** | Travis Anderson; Lai Yip; Fluskey Jr., Robert J.; Muto, Pauline T.; Subjeck, Melissa N.; Tyler Baker; Doug.Lumish@lw.com; Gabe.Gross@lw.com; Joseph.Lee@lw.com; Anthony Green; tflynn@harrisbeach.com; Dutta, Reetuparna; SKYRYSEMOOG.LWTEAM@lw.com; Kazim Naqvi; Eric Glynn |
| **Subject:** | RE: Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.) |

**External Email - Use Caution**

Good Afternoon Judge McCarthy,

Winget, Spadafora & Schwartzberg are counsel to defendants Alin Pilkington and Misook Kim (the "Individual Defendants") in this action. This email responds to Plaintiff's email of August 1, 2022 ("August 1 Email"), below, and in compliance with this Court's text order dated August 1, 2022 (Dkt. No. 208).

Plaintiff's August 1 Email improperly seeks absolution for its complete lack of candor before this Court—all to permit Plaintiff's continuing bad faith efforts to induce an unknowing and involuntary waiver of the Individual Defendants' Fifth Amendment rights. Indeed, Plaintiff's August 1 Email does not even deny that Plaintiff deceived the Court and the parties by omitting material information during the discussion, negotiations, and motion practice concerning the discovery protocol in this action. Instead, the argument in Plaintiff's August 1 Email may be summarized as a brazen declaration that Plaintiff's deception worked and now that the parties have uncovered Plaintiff's deception, this Court must protect any improper advantage obtained through such bad faith.

As set forth herein, there is no basis to grant Plaintiff the relief it seeks. Every action the Individual Defendants have taken is proper under the discovery protocol established by the Court. Nonetheless, the Individual Defendants respectfully state that this issue is interrelated with their pending Motion to Stay and should be decided with that motion and not before.

**Relevant Background**

The Individual Defendants' July 20, 2022 email to this Court stated that "[t]here is no denying the administration of this lawsuit will be substantially affected by the fact that there is now a parallel USAO investigation." Originally, the Individual Defendants faced a civil claim primarily seeking injunctive relief and the return of certain computer files with immensely speculative independent economic value as Plaintiff readily admits "[t]here is no established market" for the alleged trade secrets that Plaintiff refuses to even identify. *See* Dkt. 1, ¶ 143. Now, the Individual Defendants are subject to a parallel USAO investigation that could result in a felony indictment for criminal charges including, but not limited to violations of 18 U.S. Code § 1832 (theft of trade secrets).

Last week, the Individual Defendants learned that not only had Plaintiff initiated the grand jury investigation, but Plaintiff also regularly consulted with law enforcement prior to commencing this action. Plaintiff has shared unredacted materials with law enforcement that it claimed must be filed under seal. Indeed, Plaintiff appears to have a regularly scheduled bi-weekly meetings with law enforcement and the USAO to discuss this very action. Based on the foregoing, the Individual Defendants cannot rule out the possibility that such discussions encroached on information and Court conferences that were under seal, or documents and information that Plaintiff has an obligation to keep confidential.

1

Critically, Plaintiff did not disclose this fact during the discussions, negotiations, and motion practice concerning the discovery protocol in this action. Had Plaintiff disclosed that it initiated a criminal investigation, was sharing information with law enforcement, and otherwise acting as an un-deputized agent for law enforcement, the Individual Defendants would not have agreed to any aspect the deeply invasive discovery protocol in this action. At the very least, the material facts that Plaintiff omitted would have been a relevant point for the Court to consider prior to adopting Plaintiff's proposed inspection protocol.

**The Individual Defendants' Actions Were Proper Under the Protective Order**

Even if the Individual Defendants were not improperly induced to agree to the Protective Order, every action that Plaintiff complains of is proper under the Protective Order. The relevant sections of the Protective Order are parsed below:

I.        DEFINITIONS

\*\*\*

1.15 Privileged Material means Discovery Material protected from disclosure under the attorney-client privilege, attorney work product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

\*\*\*

XI.       INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL
11.1 When a Producing Party gives notice to Receiving Parties that inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rules of Evidence 502(d) and (e), the Parties agree the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection shall not waive the privilege or protection.

\*\*\*

XVI.      CLAW BACK OF PRIVILEGED MATERIAL
16.1 To claw back Privileged Material produced inadvertently, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back.

16.2 Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material produced inadvertently, the Receiving Party shall promptly undertake commercially reasonable efforts to return the Discovery Material to the Producing Party and destroy all summaries or copies of the Discovery material, shall provide to the Producing Party's Counsel a signed verification certifying in writing that all such information and copies of information have been returned or destroyed, and shall not use such items for any purpose until further order of the Court.

16.3 In all events, such return, destruction, and certification must occur within 10 days of receipt of the request, unless the Receiving Party provides notice of its intent to challenge the assertion of a claim of protection under Federal Rule of Civil Procedure 26(b)(5) (the "Challenge Notice"), in which event the Receiving Party may retain no more copies (the "Retained Copies") of the disclosed material than are sufficient to prosecute its challenge to the assertion of protection. Having provided a Challenge Notice, the Receiving Party must raise a challenge with the Court within 30 days of that Challenge Notice, or otherwise return or destroy the Retained Copies within that period. Moreover, in the event a Challenge Notice is provided, the Receiving Party shall make no use of the Discovery Material subject to the request for return other than in connection with the Receiving Party's prosecution of its challenge to the assertion of privilege, until

the challenge is resolved. However, for good cause shown the Receiving Party may request a reasonable extension of the deadline for the return or destruction of Retained Copies, and a request for such an extension shall not be unreasonably denied.

16.4 For the avoidance of doubt, nothing in this Section shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws after return or destruction of the Retained Copies.

16.5 Pursuant to Federal Rule of Evidence 502(d), if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information, and/or things that are protected as Privileged Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure alone, pursuant to Rule 502(d), shall not be deemed a waiver—in the action or in any other proceeding, including in federal or state proceedings—of any applicable privilege or protection.

*See* Dkt. No. 89.

As such, and as set forth in greater detail through the Individual Defendants' pending Motion to Stay, the Individual Defendants' Fifth Amendment rights are implicated by the parallel USAO investigation. The Individual Defendants cannot begin to assess whether they must assert this privilege as Plaintiff refuses to identify the specific trade secrets or classified information at issue, even though it is able to do so right now. Given Plaintiff's refusal to provide such information, despite it being duly demanded, necessary to Plaintiff's claim, required under the state law governing Plaintiff's claims, and now ordered by this Court, the Individual Defendants are justified in making a broad assertion of privilege. Such privilege assertion is plainly covered under Section 1.15 of the Protective Order. *See* Dkt. 89, § 1.15. As such, the Individual Defendants' notice to the parties and subsequent claw back on the basis of such objection is proper pursuant to Sections XI and XVI of the Protective Order. *See id,* §§ XI, XVI.

**Plaintiff's Arguments Lack Merit**

Plaintiff's August 1 Email argues that: (1) the Individual Defendants' devices are not appropriate for a Fifth Amendment privilege claim; and (2) the Individual Defendants have waived any right to assert such claim. Each of these arguments fail.

As an initial matter, Plaintiff's assertion is simply wrong. The Individual Defendants properly asserted their Fifth Amendment privilege in response to the USAO Grand Jury subpoena, there is no basis to conclude such objection is improper in this action. *See United States v. Doe*, 465 U.S. 605, 612, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984) (the act of producing documents may be subject to Fifth Amendment privilege).

Moreover, Plaintiff's argument only emphasizes the "chicken and egg" issue identified by this Court while underscoring the necessity of granting the Individual Defendants the relief sought through their pending Motion to Stay. At this time, The Individual Defendants' broad privilege assertion is appropriate because Plaintiff refuses to disclose the information necessary to make such determination with any greater specificity. Contrary to Plaintiff's assertion, it is impossible to determine whether any Fifth Amendment privilege may apply because Plaintiff refuses to disclose the alleged trade secrets and confidential information at issue in this action.

Here, it is important to note the Individual Defendants are not claiming that disclosure of relevant information contained on their devices should be permanently withheld. Consistent with the relief sought through the Individual Defendants' pending Motion to Stay, and as properly permitted under the Protective Order, the Individual Defendants clawed back such materials for the very purpose of determining where privilege may be asserted. Once the Individual Defendants can knowingly, intelligently, and voluntarily make such objection, they will release all other materials that are not subject to such objection. At that point, there may be further dispute as to whether any claimed privileged materials are of the appropriate type for a Fifth Amendment privilege claim. However, Plaintiff's conclusory assertion that no Fifth Amendment privilege could apply is simply false.

3

The Individual Defendants have not waived any right to claim privilege in this Action.  It is well-established that any waiver of a Fifth Amendment privilege must be made "voluntarily, knowingly and intelligently." *See Colorado v. Spring*, 479 U.S. 564, 573 (1987) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 [1966]).  "[W]aiver of such a fundamental right "is not lightly to be inferred." *Emspak v. United States*, 349 U.S. 190, 196, 75 S.Ct. 687, 99 L.Ed. 997 (1955). Indeed, "courts 'must indulge every reasonable presumption against waiver.'" *United States v. O'Henry's Film Works, Inc.*, 598 F.2d 313, 318–19 (2d Cir.1979) (quoting *Emspak*, 349 U.S. at 198, 75 S.Ct. 687).  Before an individual may be found to have waived the Fifth Amendment privilege, the Second Circuit requires that "the witnesses' prior statements [must] have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth" and "the witness [must have] had reason to know that his prior statements would be interpreted as a waiver." *Cartier, a Div. of Richemont N. Am., Inc. v. Micha, Inc.*, No. 06 Civ. 4699 (D.C.), 2008 WL 2061386, at *2 (S.D.N.Y. May 12, 2008) (quoting *Klein v. Harris*, 667 F.2d 274, 287 (2d. Cir. 1981)).

As set forth above, Plaintiff improperly withheld the facts that it: (1) initiated a criminal complaint; (2) consulted with law enforcement prior to commencing this action; and (3) continues to consult with law enforcement and the USAO about this very action.  Without a full picture of Plaintiff's interactions with law enforcement and the USAO, it is impossible to tell if such communications encroached on matters that were under seal or otherwise protected from disclosure.  As such, at the time the Individual Defendants provided their devices to iDS, they were not aware that in complying with the Protective Order Plaintiff obtained through bad faith could have the same effect as disclosing such information directly to law enforcement.

By arguing that a waiver exists, Plaintiff essentially admits it sought to improperly induce a waiver of the Individual Defendants' Fifth Amendment rights. Plaintiff should not be permitted to profit or gain advantage from such grossly improper conduct.  Nonetheless, revealing Plaintiff's deception conclusively establishes that any prior disclosure was not made knowingly or intelligently and, therefore, no waiver occurred.

Likewise, the Individual Defendants' earlier written discovery responses do not constitute a waiver, or even a basis for Plaintiff to claim it held a reasonable belief that a waiver occurred.  The Individual Defendants' responses to Plaintiff's Requests for Admissions state: "[e]ach answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statement herein if the requests were asked of, or any statements contained herein were made by, a witness present and testifying in Court, all of which objections and grounds are reserved and may be interposed at the time of trial." Similarly, the Individual Defendants' responses to Plaintiff's Request for Production state: "Ms. Kim/Mr. Pilkington reserves the right to assert additional objections as appropriate and to further supplement these objections and responses if Ms. Kim deems necessary."  This type of informal assertion precludes a claim of waiver through inaction.  *In re DG Acquisition Corp.*, 151 F3d 75, 82 (2d Cir. 1998) ("counsel's informal notice that a privilege objection might be made later was not a waiver through non-assertion").

The Individual Defendants further state the legal authority Plaintiff relies upon are plainly distinguishable from the instant dispute.

Unlike in *United Auto. Ins. Co. v. Veluchamy*, where the defendants were aware of an ongoing government investigation at the time they filed their interrogatory responses, here, the Individual Defendants were unaware of any USAO Investigation because Plaintiff affirmatively concealed such information.  *See United Auto. Ins. Co. v. Veluchamy,* 747 F. Supp. 2d 1021, 1026 (N.D. Ill. 2010). As the Court stated in *Veluchamy*, "one either asserts the Fifth Amendment or responds to proper discovery or seeks a stay of the cease so that one is not obligated either to respond to the complaint or to discovery request." *Id.* 747 F. Supp. 2d at 1026.  This is precisely what the Individual Defendants are doing through their pending Motion to Stay. Likewise, the remaining cases cited by Plaintiff each involve government entities, whose participation in the litigation necessarily placed the defendants on notice of, at least, the potential for parallel investigations.

Moreover, the question in *United States v. Doe* was whether documents created by the defendants contained privileged information and whether there was any compulsion in the creation of those documents. *United States v. Doe*, 104 S. Ct. 1237, 1242, n.10 (1984). This simply does not apply here.

Furthermore, both *SEC v. Doody*, 186 F.Supp.2d 379 (S.D.N.Y. 2012) and S*EC v. Schiff et al*., No. 05 Civ. 4132 (FSH), 2006 WL 2690266 (D.N.J. Sept. 19, 2006) are distinguishable from this case in that neither *Doody* nor *Schiff* concerned unfettered access into to the Individual Defendants' personal devices, which include communications. Additionally, *Doody* did not involve a defendant subject to an ongoing criminal investigation.

Based on the foregoing, the Individual Defendants respectfully request this Court deny the relief sought through Plaintiff's August 1 Email.  As this question is deeply related to the issues presented through the Individual Defendants' pending Motion to Stay, the Individual Defendants respectfully request this Court decide both issues at the same time.

Thank you for your attention to this matter. We are available should the Court have any further questions.

Sincerely,

**Alexander A. Truitt, Esq.**
*Associate*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
Tel. (212)221-6900
Fax (212)221-6989

www.WSSLLP.com



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT:  ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

**From:** Rena Andoh <RAndoh@sheppardmullin.com>
**Sent:** Monday, August 1, 2022 10:33 AM
**To:** mccarthy@nywd.uscourts.gov
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; msubjeck@hodgsonruss.com; Tyler Baker <TBaker@sheppardmullin.com>; Doug.Lumish@lw.com; Gabe.Gross@lw.com; Joseph.Lee@lw.com; Anthony Green <green.a@wssllp.com>; Alexander Truitt <truitt.a@wssllp.com>; tflynn@harrisbeach.com; rdutta@hodgsonruss.com;

SKYRYSEMOOG.LWTEAM@lw.com; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Eric Glynn <Eric_Glynn@nywd.uscourts.gov>
**Subject:** Moog v. Skyryse, No. 22-cv-187 (W.D.N.Y.)

Dear Your Honor:

We write regarding a recent time sensitive issue that Moog believes requires the Court's input.

On Friday, July 29 at 4:16 p.m., counsel for the Individual Defendants (Mr. Green) instructed iDS to immediately suspend the parties' access to all of the Individual Defendants' devices, which the Individual Defendants' had previously produced, and which Moog had been in the process of inspecting pursuant to the Court-Ordered Inspection Protocol (ECF 96-02, 109). The justification provided for this new directive in contravention of the Inspection Protocol was that: "Fifth Amendment privilege issues have arisen that will require additional review of all of the Individual Defendants' devices in order to determine whether Fifth Amendment privilege needs to be asserted over any or all of the information within them."

As a result of Mr. Green's instruction, iDS cut off the parties' access to all iDS devices, and advised that it would begin the process on Monday to restore access to Skyryse devices only.

Moog vigorously opposes this act of self-help. As the Court likely recalls from the July 27 hearing, Moog did not have access to several of the Individual Defendants' devices because their attorneys were analyzing potential Fifth Amendment issues. With its instruction to IDS on Friday, the Individual Defendants' counsel severed Moog's access to ***all*** of the Individual Defendants' devices, even those devices that Moog was already in the process of reviewing. In so doing, the Individual Defendants unilaterally changed the status quo. Moog appreciates that the Court has set a briefing schedule on issues related to the Fifth Amendment or a potential stay. But the hearing on that motion is set for September, and no interim order has been requested, let alone entered. Moog's position is that the status quo regarding access to the Individual Defendants' devices should remain in place until the Court rules otherwise.

The Individual Defendants have no authority under the Inspection Protocol to remove access to devices that they have already made available by vaguely referencing potential "5th Amendment Issues." Federal courts hold that "[t]he Fifth Amendment privilege (like non-constitutional privileges and other non-privilege objections) may not be relied upon unless invoked in a timely fashion." *United Auto. Ins. Co. v. Veluchamy*, 747 F. Supp. 2d 1021, 1026 (N.D. Ill. 2010) (holding defendant's "failure to have timely raised a Fifth Amendment objection to discovery resulted in a Fifth Amendment waiver to the interrogatories that were posed"). The Individual Defendants did not assert any Fifth Amendment objection in their discovery responses or prior to turning over electronic devices to iDS. They cannot assert the objection after the fact and seek to claw back such materials that were voluntarily produced. *See United States v. Doe*, 104 S. Ct. 1237, 1242, n.10 (1984) ("If the party asserting the Fifth Amendment privilege has voluntarily compiled the document, no compulsion is present and the contents of the document are not privileged.").

Further, the Inspection Protocol only contemplates review or excision for attorney-client privilege and privacy, not review for issues related to any purported Fifth Amendment privilege. The Individual Defendants have not even asserted the Fifth Amendment privilege. They instead seek to review certain information "to determine whether Fifth Amendment privilege needs to be asserted." The evidence at issue is electronic devices and documents, not potentially incriminating testimony in response to questions, which the Fifth Amendment (if actually asserted) is designed to protect. *See SEC v. Doody*, 186 F.Supp.2d 379 (S.D.N.Y. 2012) (allowing document discovery to proceed but staying depositions); *see also SEC v. Schiff et al.*, No. 05 Civ. 4132 (FSH), 2006 WL 2690266 (D.N.J. Sept. 19, 2006) (affirming decision of magistrate judge to permit document discovery but to stay all depositions, over indicted defendants' objections, in order to prevent defendants from "circumvent[ing] the more restrictive rules that apply to discovery in criminal cases while asserting their Fifth Amendment privilege to avoid testifying or producing documents").

When Moog asked Mr. Green for legal authority supporting his actions, he cited only FRCP 26(b)(5). However, FRCP 26(b)(5) generally applies to attorney-client and work-product privileges, not "determine[ing] whether Fifth Amendment

privilege needs to be asserted." Further, even if FRCP 26(b)(5) did apply here, FRCP 26(b)(5)(A)(ii) requires that the party invoking privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." The Individual Defendants have not provided any required information supporting their blanket assertion of privilege. *See United Auto. Ins. Co.*, 747 F. Supp. 2d at 1028 (holding defendant who invoked Fifth Amendment must comply with the privilege log requirement of Rule 26(b)(5)(A)(ii) within 30 days of receiving the discovery request).

The Individual Defendants' actions in violation of the Inspection Protocol, without any Court order or other legal authority, and based on a potential (but not actual) assertion of the Fifth Amendment, have blocked Moog's access to a large amount of evidence that has already been turned over in this case. This substantially prejudices Moog's ability to prosecute its claims and to further identify its trade secrets. The relevant email chain between counsel for all parties and iDS is attached to this email.

Moog respectfully requests that a hearing be scheduled this week at the Court's earliest convenience to discuss this issue.

Thank you for your consideration of this matter.

Respectfully submitted,

Rena Andoh

**Rena Andoh**
+1 212-634-3092 | direct
RAndoh@sheppardmullin.com | Bio

**Sheppard**Mullin
30 Rockefeller Plaza
New York,  NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.