# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOOG INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON,<br>MISOOK KIM, and DOES NOS. 1-50,<br><br>    Defendants. | Case No. 1:22-cv-00187 |

**DEFENDANT ROBERT ALIN PILKINGTON'S**
**RESPONSES TO PLAINTIFF MOOG INC.'S FIRST SET OF**
**REQUESTS FOR PRODUCTION**

LOCKE LORD LLP
Joseph N. Froehlich
Brookfield Place,
200 Vesey Street, 20th Floor
New York, NY 10281-2101
212-415-8600

Mitchell J. Popham (admitted *pro hac vice*)
Rory S. Miller (admitted *pro hac vice*)
William C. Mullen (admitted *pro hac vice*)
300 S. Grand Ave., Suite 2600
Los Angeles, CA 90071
213-485-1500

*Attorneys for Defendants*
*Robert Alin Pilkington and Misook Kim*

Defendant Robert Alin Pilkington ("Mr. Pilkington") hereby provides the following responses to the Requests for Production, Set One, propounded by plaintiff Moog Inc. ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT

These responses and any documents provided are made solely for the purpose of this action.  In responding to the document requests, Mr. Pilkington will endeavor to produce those responsive documents presently known by or available to Mr. Pilkington which are not privileged or otherwise protected from disclosure.  However, the discovery, investigation and preparation for trial of Mr. Pilkington with respect to this action has not been completed as of the date of these responses.  Mr. Pilkington anticipates that ongoing discovery and investigation may uncover documents not presently known, but upon which Mr. Pilkington necessarily will rely in this action.  Consequently, the responses contained herein are not intended to and shall not preclude Mr. Pilkington from relying upon documents uncovered during ongoing discovery and investigation related to this action, whether or not identified or produced herein.

The responses set forth by Mr. Pilkington are subject to corrections for inadvertent errors, mistakes, or omissions.  Mr. Pilkington reserves the right to assert additional objections as appropriate and to further supplement these objections and responses if Mr. Pilkington deems necessary.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications between Kim and Pilkington, from January 1, 2021 until present, Concerning Moog, including but not limited to any Moog Confidential Information.

1

**RESPONSE TO REQUEST NO. 1:**

Mr. Pilkington objects to the Request on the following grounds:  (a) the Request is vague and ambiguous as to the term "Moog Confidential Information"; (b) the Request is overbroad as to time and scope as a result of the phrases "[a]ll Documents and Communications" and "from January 1, 2021 until present," and, therefore, is oppressive and burdensome; (c) the Request seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (d) the Request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privilege or protection; (e) the Request seeks information protected from disclosure to the extent that it seeks documents that contain information of a confidential and/or proprietary nature; and, (f) Mr. Pilkington further objects to producing documents to the extent they are equally available to Plaintiff.

Without waiving and subject to the previously mentioned objections, Mr. Pilkington will produce all non-privileged, responsive documents in his possession, custody and control, if any, besides the information that Mr. Pilkington sent to Plaintiff on April 1, 2022 pursuant to paragraph 2 of the Stipulation and Court's Order Re. Production of Information, Data Preservation and Forensic Searches. (Dkt. #25 and 28).  Any such responsive documents not previously delivered to Plaintiff that contain confidential information will only be produced once the parties execute a protective order and are designated thereunder as "Confidential" or "Highly Confidential."

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications between Kim and Pilkington, through the date Kim started employment at Skyryse, Concerning Skyryse.

**RESPONSE TO REQUEST NO. 2:**

Mr. Pilkington objects to the Request on the following grounds:  (a) the Request is overbroad as to time and scope as a result of the phrases "[a]ll Documents and Communications" and "through the date Kim started employment at Skyryse," and, therefore, is oppressive and burdensome; (b) the Request seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (c) the Request seeks information protected from disclosure to the extent that it seeks documents that contain information of a confidential and/or proprietary nature. and, (d) Mr. Pilkington further objects to producing documents to the extent they are equally available to Plaintiff.

Without waiving and subject to the previously mentioned objections, Mr. Pilkington will produce all non-privileged, responsive documents in his possession, custody and control, if any, besides the information that Mr. Pilkington sent to Plaintiff on April 1, 2022 pursuant to paragraph 2 of the Stipulation and Court's Order Re. Production of Information, Data Preservation and Forensic Searches. (Dkt. #25 and 28).  Any such responsive documents not previously delivered to Plaintiff that contain confidential information will only be produced once the parties execute a protective order and are designated thereunder as "Confidential" or "Highly Confidential."

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications to or from Kim or Pilkington, from September 1, 2021 to present, Concerning any electronic device that was connected to a Moog system, network, or computer, including but not limited to any desktop computer, laptop computer, external hard drive, USB drive, or thumb drive.

**RESPONSE TO REQUEST NO. 3:**

Mr. Pilkington objects to the Request on the following grounds:  (a) the Request is overbroad as to scope as a result of the phrase "[a]ll Documents and Communications," and, therefore, is oppressive and burdensome; (b) the Request seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (c) the Request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privilege or protection; and, (d) the Request seeks information protected from disclosure to the extent that it seeks documents that contain information of a confidential and/or proprietary nature.

Without waiving and subject to the previously mentioned objections, Mr. Pilkington will produce all non-privileged, responsive documents in his possession, custody and control, if any, besides the information that Mr. Pilkington sent to Plaintiff on April 1, 2022 pursuant to paragraph 2 of the Stipulation and Court's Order Re. Production of Information, Data Preservation and Forensic Searches. (Dkt. #25 and 28).  Any such responsive documents not previously delivered to Plaintiff that contain confidential information will only be produced once the parties execute a protective order and are designated thereunder as "Confidential" or "Highly Confidential."

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show the timing and duration of all phone calls between Kim and Pilkington from January 1, 2021 until present, including but not limited to phone logs and phone bills.

**RESPONSE TO REQUEST NO. 4:**

Mr. Pilkington objects to the Request on the following grounds:  (a) the Request is

overbroad as to time and scope as a result of the phrases "all phone calls between Kim and Pilkington from January 1, 2021 until present," and, therefore, is oppressive and burdensome; (b) the Request seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; and, (c) the Request seeks information protected from disclosure to the extent that it seeks documents that contain information of a confidential and/or proprietary nature.

Without waiving and subject to the previously mentioned objections, Mr. Pilkington will produce phone logs and phone bills from September 1, 2021 through the present that are sufficient to show the timing and duration of all phone calls between Misook Kim and Mr. Pilkington during that time period.

Dated:   New York, New York
         April 13, 2022

_/s/ Joseph N. Froehlich_

Joseph N. Froehlich
LOCKE LORD LLP
*Attorneys for Defendants Robert Alin Pilkington and Misook Kim*
Brookfield Place, 200 Vesey Street
20th Floor
New York, NY  10281-2101
212-415-8600

Mitchell J. Popham (admitted *pro hac vice*)
Rory S. Miller (admitted *pro hac vice*)
William C. Mullen (admitted *pro hac vice*)
LOCKE LORD LLP
Attorneys for Defendants
300 S. Grand Ave., Suite 2600
Los Angeles, CA 90071
213-485-1500

<u>VERIFICATION</u>

U.S. DISTRICT COURT, WESTERN DISTRICT OF NEW YORK.

I have read the foregoing

**(1) DEFENDANT ROBERT ALIN PILKINGTON'S RESPONSES TO PLAINTIFF MOOG INC.'S FIRST SET OF REQUESTS FOR ADMISSION; AND**

**(2) DEFENDANT ROBERT ALIN PILKINGTON'S RESPONSES TO PLAINTIFF MOOG INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

and know their contents.

<u>X</u>  CHECK APPLICABLE PARAGRAPH

☒  I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

☐  I am ☐ an officer ☐ a partner ☐ _____, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐  I am informed and believe and on that ground allege that the matters stated in the foregoing documents are true.  ☐  The matters stated in the foregoing documents are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐  I am one of the attorneys for _____, a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2022, at Torrance, California.

_____
Robert Alin Pilkington

**Locke Lord LLP**
300 S. Grand Avenue, Suite 2600
Los Angeles, CA  90071

VERIFICATION FOR ROBERT ALIN PILKINGTON'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS
124636710

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**U.S. District Court – Western District - Case No.: 1:22-cv-00187-LJV-JJM**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand Avenue, Suite 2600, Los Angeles, CA 90071.

On April 13, 2022, I served true copies of the following document(s) described as:

**DEFENDANT ROBERT ALIN PILKINGTON'S RESPONSES TO PLAINTIFF MOOG INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 13, 2022, at Los Angeles, California.

Kristina M. Koch

124984400v.1

**SERVICE LIST**

| | |
|---|---|
| Kazim A. Naqvi, Esq.<br>**Sheppard, Mullin, Richter & Hampton LLP**<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071<br><br>Tel:    310-228-3700<br>Email: knaqvi@sheppardmullin.com | Counsel for Plaintiff<br>MOOG, INC. |
| Rena Andoh, Esq.<br>**Sheppard Mullin Richter & Hampton LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112<br><br>Tel:    212-653-8712<br>Fax:    212-653-8701<br>Email: randoh@sheppardmullin.com | Counsel for Plaintiff<br>MOOG, INC. |
| Lai Yip, Esq.<br>**Sheppard Mullin Richter & Hampton, LLP**<br>4 Embarcadero Center, 17th Floor<br>San Francisco, CA 94111<br><br>Tel:    415-434-9100<br>Fax:    415-434-3947<br>Email: LYip@sheppardmullin.com | Counsel for Plaintiff<br>MOOG, INC. |
| Travis J. Anderson, Esq.<br>**Sheppard Mullin Richter & Hampton LLP**<br>12275 El Camino Real, Suite 200<br>San Diego, CA 92130<br><br>Tel:    858-720-8900<br>Fax:    858-509-3691<br>Email: tanderson@sheppardmullin.com | Counsel for Plaintiff<br>MOOG, INC. |

| | |
|---|---|
| Robert J. Fluskey, Jr., Esq.<br>Melissa Noel Subjeck, Esq.<br>Pauline Thecla Muto, Esq.<br>**Hodgson Russ, LLP**<br>The Guaranty Building<br>140 Pearl Street, Suite 100<br>Buffalo, NY 14202<br><br>Tel:    716.856.4000<br>Fax:    716-849-0349<br>Email: rfluskey@hodgsonruss.com<br>         msubjeck@hodgsonruss.com<br>         PMuto@hodgsonruss.com | Counsel for Plaintiff<br>MOOG, INC. |
| Angelique Kaounis, Esq.<br>**Gibson Dunn & Crutcher LLP**<br>2029 Century Park East, Suite 4000<br>Los Angeles, CA 90067<br><br>Tel:    310-552-8546<br>Email: akaounis@gibsondunn.com | Attorneys for Defendant<br>SKYRYSE, INC. |
| Ilissa Samplin, Esq.<br>**Gibson Dunn & Crutcher LLP**<br>333 South Grand Avenue, Suite 4600<br>Los Angeles, CA 90071<br><br>Tel:    213-229-7354<br>Email: isamplin@gibsondunn.com | Attorneys for Defendant<br>SKYRYSE, INC. |
| Josh Krevitt, Esq.<br>Katherine Dominguez, Esq.<br>Michael M. Polka, Esq.<br>**Gibson, Dunn & Crutcher, LLP**<br>200 Park Avenue<br>New York, NY 10166-0193<br><br>Tel:    212-351-2490<br>Fax:    212-351-6390<br>Email: jkrevitt@gibsondunn.com<br>         kdominguez@gibsondunn.com<br>         mpolka@gibsondunn.com | Attorneys for Defendant<br>SKYRYSE, INC. |

| | |
|---|---|
| Justine M. Goeke, Esq.<br>**Gibson, Dunn & Crutcher, LLP**<br>Jamboree Center<br>4 Park Plaza<br>Irvine, CA 92614<br><br>Tel:    212-351-5372<br>Email: jgoeke@gibsondunn.com | Attorneys for Defendant<br>SKYRYSE, INC. |
| Terrance P. Flynn, Esq.<br>**Harris Beach LLP**<br>Larkin at Exchange<br>726 Exchange Street, Suite 1000<br>Buffalo, NY 14210<br><br>Tel:    716-200-5050<br>Fax:    716-200-5201<br>Email: tflynn@harrisbeach.com | Attorneys for Defendant<br>SKYRYSE, INC. |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOOG INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON,<br>MISOOK KIM, and DOES NOS. 1-50,<br><br>              Defendants. | Case No. 1:22-cv-00187 |

**DEFENDANT MISOOK KIM'S**
**RESPONSES TO PLAINTIFF MOOG INC.'S FIRST SET OF**
**REQUESTS FOR PRODUCTION**

LOCKE LORD LLP
Joseph N. Froehlich
Brookfield Place,
200 Vesey Street, 20th Floor
New York, NY  10281-2101
212-415-8600

Mitchell J. Popham (admitted *pro hac vice*)
Rory S. Miller (admitted *pro hac vice*)
William C. Mullen (admitted *pro hac vice*)
300 S. Grand Ave., Suite 2600
Los Angeles, CA 90071
213-485-1500

*Attorneys for Defendants*
*Robert Alin Pilkington and Misook Kim*

1

Defendant Misook Kim ("Ms. Kim") hereby provides the following responses to the Requests for Production, Set One, propounded by plaintiff Moog Inc. ("Plaintiff"), as follows:

## PRELIMINARY STATEMENT

These responses and any documents provided are made solely for the purpose of this action.  In responding to the document requests, Ms. Kim will endeavor to produce those responsive documents presently known by or available to Ms. Kim which are not privileged or otherwise protected from disclosure.  However, the discovery, investigation and preparation for trial of Ms. Kim with respect to this action has not been completed as of the date of these responses.  Ms. Kim anticipates that ongoing discovery and investigation may uncover documents not presently known, but upon which Ms. Kim necessarily will rely in this action. Consequently, the responses contained herein are not intended to and shall not preclude Ms. Kim from relying upon documents uncovered during ongoing discovery and investigation related to this action, whether or not identified or produced herein.

The responses set forth by Ms. Kim are subject to corrections for inadvertent errors, mistakes, or omissions.  Ms. Kim reserves the right to assert additional objections as appropriate and to further supplement these objections and responses if Ms. Kim deems necessary.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications between Kim and Pilkington, from January 1, 2021 until present, Concerning Moog, including but not limited to any Moog Confidential Information.

### RESPONSE TO REQUEST NO. 1:

Ms. Kim objects to the Request on the following grounds:  (a) the Request is vague and

ambiguous as to the term "Moog Confidential Information"; (b) the Request is overbroad as to time and scope as a result of the phrases "[a]ll Documents and Communications" and "from January 1, 2021 until present," and, therefore, is oppressive and burdensome; (c) the Request seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (d) the Request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privilege or protection; (e) the Request seeks information protected from disclosure to the extent that it seeks documents that contain information of a confidential and/or proprietary nature; and, (f) Ms. Kim further objects to producing documents to the extent they are equally available to Plaintiff.

Without waiving and subject to the previously mentioned objections, Ms. Kim will produce all non-privileged, responsive documents in her possession, custody and control, if any, besides the information that Ms. Kim sent to Plaintiff on April 1, 2022 pursuant to paragraph 2 of the Stipulation and Court's Order Re. Production of Information, Data Preservation and Forensic Searches. (Dkt. #25 and 28). Any such responsive documents not previously delivered to Plaintiff that contain confidential information will only be produced once the parties execute a protective order and are designated thereunder as "Confidential" or "Highly Confidential."

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications between Kim and Pilkington, through the date Kim started employment at Skyryse, Concerning Skyryse.

**RESPONSE TO REQUEST NO. 2:**

Ms. Kim objects to the Request on the following grounds: (a) the Request is overbroad as to time and scope as a result of the phrases "[a]ll Documents and Communications" and

"through the date Kim started employment at Skyryse," and, therefore, is oppressive and burdensome; (b) the Request seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (c) the Request seeks information protected from disclosure to the extent that it seeks documents that contain information of a confidential and/or proprietary nature; and, (d) Ms. Kim further objects to producing documents to the extent they are equally available to Plaintiff.

Without waiving and subject to the previously mentioned objections, Ms. Kim will produce all non-privileged, responsive documents in her possession, custody and control, if any, besides the information that Ms. Kim sent to Plaintiff on April 1, 2022 pursuant to paragraph 2 of the Stipulation and Court's Order Re. Production of Information, Data Preservation and Forensic Searches. (Dkt. #25 and 28). Any such responsive documents not previously delivered to Plaintiff that contain confidential information will only be produced once the parties execute a protective order and are designated thereunder as "Confidential" or "Highly Confidential."

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications to or from Kim or Pilkington, from September 1, 2021 to present, Concerning any electronic device that was connected to a Moog system, network, or computer, including but not limited to any desktop computer, laptop computer, external hard drive, USB drive, or thumb drive.

**RESPONSE TO REQUEST NO. 3:**

Ms. Kim objects to the Request on the following grounds: (a) the Request is overbroad as to scope as a result of the phrase "[a]ll Documents and Communications," and, therefore, is oppressive and burdensome; (b) the Request seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence; (c) the Request seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and any other applicable privilege or protection; and, (d) the Request seeks information protected from disclosure to the extent that it seeks documents that contain information of a confidential and/or proprietary nature.

Without waiving and subject to the previously mentioned objections, Ms. Kim will produce all non-privileged, responsive documents in her possession, custody and control, if any, besides the information that Ms. Kim sent to Plaintiff on April 1, 2022 pursuant to paragraph 2 of the Stipulation and Court's Order Re. Production of Information, Data Preservation and Forensic Searches. (Dkt. #25 and 28). Any such responsive documents not previously delivered to Plaintiff that contain confidential information will only be produced once the parties execute a protective order and are designated thereunder as "Confidential" or "Highly Confidential."

## REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to show the timing and duration of all phone calls between Kim and Pilkington from January 1, 2021 until present, including but not limited to phone logs and phone bills.

## RESPONSE TO REQUEST NO. 4:

Ms. Kim objects to the Request on the following grounds: (a) the Request is overbroad as to time and scope as a result of the phrases "all phone calls between Kim and Pilkington from January 1, 2021 until present," and, therefore, is oppressive and burdensome; (b) the Request seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; and, (c) the Request seeks information protected from disclosure to the extent that it seeks documents that contain information of a confidential and/or proprietary nature.

Without waiving and subject to the previously mentioned objections, Ms. Kim will produce phone logs and phone bills from September 1, 2021 through the present that are sufficient to show the timing and duration of all phone calls between Ms. Kim and Robert Alin Pilkington during that time period.

Dated:   New York, New York
         April 13, 2022

                                       */s/ Joseph N. Froehlich*

                                       Joseph N. Froehlich
                                       LOCKE LORD LLP
                                       *Attorneys for Defendants Robert Alin Pilkington*
                                       *and Misook Kim*
                                       Brookfield Place, 200 Vesey Street
                                       20th Floor
                                       New York, NY  10281-2101
                                       212-415-8600

                                       Mitchell J. Popham (admitted *pro hac vice*)
                                       Rory S. Miller (admitted *pro hac vice*)
                                       William C. Mullen (admitted *pro hac vice*)
                                       LOCKE LORD LLP
                                       Attorneys for Defendants
                                       300 S. Grand Ave., Suite 2600
                                       Los Angeles, CA 90071
                                       213-485-1500

117884988v.1

<u>VERIFICATION</u>

U.S. DISTRICT COURT, WESTERN DISTRICT OF NEW YORK.

I have read the foregoing

**(1) DEFENDANT MISOOK KIM'S RESPONSES TO PLAINTIFF MOOG INC.'S FIRST SET OF REQUESTS FOR ADMISSION; AND**

**(2) DEFENDANT MISOOK KIM'S RESPONSES TO PLAINTIFF MOOG INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

and know their contents.

<u>X</u>   CHECK APPLICABLE PARAGRAPH

☒   I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

☐   I am ☐ an officer ☐ a partner ☐ _____, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing documents are true. ☐ The matters stated in the foregoing documents are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am one of the attorneys for _____, a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 12, 2022, at Torrance, California.

_____
Misook Kim

VERIFICATION FOR MISOOK KIM'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS
124634146

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**U.S. District Court – Western District - Case No.: 1:22-cv-00187-LJV-JJM**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 300 South Grand Avenue, Suite 2600, Los Angeles, CA 90071.

On April 13, 2022, I served true copies of the following document(s) described as:

**DEFENDANT MISOOK KIM'S RESPONSES TO PLAINTIFF MOOG INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 13, 2022, at Los Angeles, California.

Kristina M. Koch

124984400v.1

**SERVICE LIST**

| | |
|---|---|
| Kazim A. Naqvi, Esq.<br>**Sheppard, Mullin, Richter & Hampton LLP**<br>333 South Hope Street, 43rd Floor<br>Los Angeles, CA 90071<br><br>Tel:    310-228-3700<br>Email: knaqvi@sheppardmullin.com | Counsel for Plaintiff<br>MOOG, INC. |
| Rena Andoh, Esq.<br>**Sheppard Mullin Richter & Hampton LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112<br><br>Tel:    212-653-8712<br>Fax:    212-653-8701<br>Email: randoh@sheppardmullin.com | Counsel for Plaintiff<br>MOOG, INC. |
| Lai Yip, Esq.<br>**Sheppard Mullin Richter & Hampton, LLP**<br>4 Embarcadero Center, 17th Floor<br>San Francisco, CA 94111<br><br>Tel:    415-434-9100<br>Fax:    415-434-3947<br>Email: LYip@sheppardmullin.com | Counsel for Plaintiff<br>MOOG, INC. |
| Travis J. Anderson, Esq.<br>**Sheppard Mullin Richter & Hampton LLP**<br>12275 El Camino Real, Suite 200<br>San Diego, CA 92130<br><br>Tel:    858-720-8900<br>Fax:    858-509-3691<br>Email: tanderson@sheppardmullin.com | Counsel for Plaintiff<br>MOOG, INC. |

| | |
|---|---|
| Robert J. Fluskey, Jr., Esq.<br>Melissa Noel Subjeck, Esq.<br>Pauline Thecla Muto, Esq.<br>**Hodgson Russ, LLP**<br>The Guaranty Building<br>140 Pearl Street, Suite 100<br>Buffalo, NY 14202<br><br>Tel:    716.856.4000<br>Fax:    716-849-0349<br>Email: rfluskey@hodgsonruss.com<br>         msubjeck@hodgsonruss.com<br>         PMuto@hodgsonruss.com | Counsel for Plaintiff<br>MOOG, INC. |
| Angelique Kaounis, Esq.<br>**Gibson Dunn & Crutcher LLP**<br>2029 Century Park East, Suite 4000<br>Los Angeles, CA 90067<br><br>Tel:    310-552-8546<br>Email: akaounis@gibsondunn.com | Attorneys for Defendant<br>SKYRYSE, INC. |
| Ilissa Samplin, Esq.<br>**Gibson Dunn & Crutcher LLP**<br>333 South Grand Avenue, Suite 4600<br>Los Angeles, CA 90071<br><br>Tel:    213-229-7354<br>Email: isamplin@gibsondunn.com | Attorneys for Defendant<br>SKYRYSE, INC. |
| Josh Krevitt, Esq.<br>Katherine Dominguez, Esq.<br>Michael M. Polka, Esq.<br>**Gibson, Dunn & Crutcher, LLP**<br>200 Park Avenue<br>New York, NY 10166-0193<br><br>Tel:    212-351-2490<br>Fax:    212-351-6390<br>Email: jkrevitt@gibsondunn.com<br>         kdominguez@gibsondunn.com<br>         mpolka@gibsondunn.com | Attorneys for Defendant<br>SKYRYSE, INC. |

| | |
|---|---|
| Justine M. Goeke, Esq.<br>**Gibson, Dunn & Crutcher, LLP**<br>Jamboree Center<br>4 Park Plaza<br>Irvine, CA 92614<br><br>Tel:    212-351-5372<br>Email: jgoeke@gibsondunn.com | Attorneys for Defendant<br>SKYRYSE, INC. |
| Terrance P. Flynn, Esq.<br>**Harris Beach LLP**<br>Larkin at Exchange<br>726 Exchange Street, Suite 1000<br>Buffalo, NY 14210<br><br>Tel:    716-200-5050<br>Fax:    716-200-5201<br>Email: tflynn@harrisbeach.com | Attorneys for Defendant<br>SKYRYSE, INC. |