# Exhibit C

**Exhibit C**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IMAGEKEEPER, LLC, a Nevada limited liability Company, | Case No. 2:20-cv-01470-GMN-VCF |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| WRIGHT NATIONAL FLOOD INSURANCE SERVICES, LLC, a Delaware limited liability Company, and EVOKE TECHNOLOGIES PRIVATE LIMITED, an Ohio foreign corporation, | |
| Defendants. | |

Plaintiffs, ImageKeeper LLC, by their attorneys, and Defendants, Wright National Flood Insurance Services, LLC, and Evoke Technologies Private Limited, by their attorneys, hereby stipulate and request that the following Protective Order be entered by the Court in the above-entitled action.

WHEREAS, it is anticipated that the parties will be producing documents during the discovery phase of this litigation;

WHEREAS, the discovery procedures in this case may require disclosure of information, either documentary or testimonial or both, that contain confidential, sensitive or proprietary information, including but not limited to, information relating to the parties' trade secrets, processes, operations, research, know-how or apparatus, identification of customers, amount or source of income, profits, losses, or expenditures, technical or developmental information, or information concerning the parties' services, marketing, sales, shipments, purchases, pricing, or transfers;

WHEREAS, the parties have agreed that documents that contain sensitive information are likely to be so numerous that determining protected status on a document by document basis would unduly interfere with the prompt and efficient disposition of this lawsuit;

WHEREAS, in the ordinary course of their respective businesses the parties contend that they make significant efforts to keep their information confidential from competitors, customers, and the public at large, as the parties contend that disclosure of their information would impair its value or place a Party at a competitive disadvantage;

WHEREAS, the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order might cause unnecessary damage and injury to the parties and to others;

WHEREAS, the parties have agreed upon the terms of this Order; and

WHEREAS, the Court finds that the terms of this Order are fair and just, and that good cause has been shown for entry of this Order;

1    It is therefore ORDERED as follows:

2    **NATURE OF INFORMATION AND MATERIALS PROTECTED**

3    **1.     Applicability**

4    The confidentiality provisions of this Order shall apply to all depositions, productions of

5    documents, answers to interrogatories, responses to requests for admissions, and all other discovery

6    taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at motion

7    practice or trial, matters in evidence, and any other information that a producing party may designate

8    as confidential in connection with this action.

9    **2.     Scope**

10   Any document, portion of document, or other form of evidence or discovery that contains

11   trade secret or other confidential research, development, or commercial information, including

12   sensitive financial information and proprietary technical and business information, maintained as

13   confidential may be designated by the Designating Party as "Confidential Information,"

14   "Confidential Source Code – Attorneys' Eyes Only,"  "Confidential Information – Attorneys' Eyes

15   Only," or "Confidential Financial Information – Attorneys' Eyes Only" and shall be subject to the

16   terms and restrictions of this Protective Order.

17   **3.     Use Generally**

18   Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential

19   Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only

20   disclosed pursuant to this Order shall be held in confidence by each person to whom it is

21   disclosed. Confidential Information, Confidential Source Code – Attorneys' Eyes Only,

22   Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys'

23   Eyes Only shall be used only for purposes of this action; it shall not be used for any

24   competitive commercial business, research, development and/or patent prosecution purpose.

25   **4.     Use in this Action**

26   a.     Confidential Information, Confidential Source Code – Attorneys' Eyes Only,

27   Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys'

28   Eyes Only may be used by the attorneys of record in good faith in conducting discovery, provided

2

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    that the Confidential Information, Confidential-Attorneys' Eyes Only – Source Code, Confidential-

2    Attorneys' Eyes Only Information, or Confidential Financial Information – Attorneys' Eyes Only is

3    protected pursuant to the terms and conditions of this Protective Order.

4         b.      Confidential Information, Confidential Source Code – Attorneys' Eyes Only,

5    Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys'

6    Eyes Only may be disclosed to a witness not already allowed access to such information under this

7    Protective Order only if:

8            (i)    the Confidential Information, Confidential Source Code – Attorneys' Eyes Only

9               , Confidential Information – Attorneys' Eyes Only, or Confidential Financial

10              Information – Attorneys' Eyes Only was previously received or authored by the

11              witness or was authored or received by a director, officer, employee or agent of

12              the entity for which the witness is testifying as a Rule 30(b)(6) designee;

13            (ii)    the Confidential Information, Confidential Source Code – Attorneys' Eyes

14              Only, Confidential Information – Attorneys' Eyes Only, or Confidential

15              Financial Information – Attorneys' Eyes Only was produced by or obtained from

16              the witness or from an entity for whom the witness is or was a director, officer,

17              employee, consultant or agent;

18           (iii)    counsel for the party designating the material as Confidential Information,

19              Confidential Source Code – Attorneys' Eyes Only, Confidential Information –

20              Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes

21              Only agrees that the material may be disclosed to the witness; or

22           (iv)    upon order of the Court for good cause shown.

23        Notwithstanding the above, the Confidential Information, Confidential Source Code –

24    Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial

25    Information – Attorneys' Eyes Only will retain its designation for all purposes.

26         c.      If the Confidential Information, Confidential Source Code – Attorneys' Eyes Only,

27    Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys'

28    Eyes Only is used in any deposition, then, at the option of the Designating Party, that portion of the

[PROPOSED] STIPULATED PROTECTIVE ORDER

proceeding shall be conducted outside the presence of all unqualified persons and any testimony or transcript relating thereto shall be designated as Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only. In the event of disclosure under this paragraph, only the court reporter, videographer, deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by the this Order, may be present during the disclosure or discussion of Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only. Disclosure of Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

## **DEFINITIONS**

**5.**    **Definitions.**  The following definitions shall apply to this Order:

a.    The term "Designating Party" shall mean any party to this action, as well as any third party to the litigation (including counsel for such third party) who requests the protections provided by this Protective Order, who produces information pursuant to any discovery request.

b.    The term "Receiving Party" shall mean the party hereto who is the recipient of information supplied by a Designating Party.

c.    The term "Confidential Information" means any sensitive information or tangible things (regardless of how they are generated, stored or maintained) that qualify for protection under Federal Rule of Civil Procedure 26(c). Technical documentation and embodiments of the parties' products, methods, and systems and email correspondence of a technical nature shall presumptively fall, at least, within this category of protection. Financial information, marketing information, sales data, licensing and other agreements, and email correspondence of a non-technical nature shall presumptively fall, at least, within this category of protection.

d.    The term "Confidential Information – Attorneys' Eyes Only" means only information or items that if disclosed to another party or non-party would create a substantial risk of serious harm

4

1    that could not be avoided by less restrictive means other than by being designated Attorneys' Eyes

2    Only. For example, this designation may be applied to information that the Designating Party

3    contends constitutes trade secrets; information relating to research, development, testing of, and plans

4    for, a Party's existing and proposed future products; information relating to the processes, apparatus,

5    or analytical techniques used by a party; engineering specifications, schematics, drawings, and

6    documents that describe in the detail the design and structure of software and hardware, software

7    code and related files; specifications of unreleased or unannounced products; information relating to

8    patent applications which have not been made available to the public; and other information that a

9    party contends would create a substantial risk of serious harm to such party if such information were

10   improperly disclosed.parties

11          e.      The term "Confidential Financial Information – Attorneys' Eyes Only" means only

12   financial information or items that if disclosed to another party or non-party would create a

13   substantial risk of serious harm that could not be avoided by less restrictive means other than by

14   being designated Attorneys' Eyes Only. For example, this designation may be applied to information

15   constituting business plans, marketing strategies, or other sensitive financial or commercial

16   information of a party that such party contends would create a substantial risk of serious harm to such

17   party if such information were improperly disclosed.

18          f.      The term "Confidential Source Code – Attorneys' Eyes Only" means human-

19   readable programming language text that defines software, firmware, or electronic hardware

20   descriptions and/or instructions.  Confidential Source Code – Attorneys' Eyes Only includes,

21   without limitation, computer code, scripts, assembly, object code, source code listings and

22   descriptions of source code, object code listings and descriptions of object code, formulas,

23   engineering specifications, or schematics that define or otherwise describe in detail the

24   algorithms or structure of software. Confidential Source Code – Attorneys' Eyes Only further

25   includes, but is not limited to:  (1) printed documents that contain or refer to selected Source

26   Code components; (2) electronic communications and descriptive documents, such as emails,

27   design documents and programming examples, which contain or refer to selected Confidential

28   Source Code – Attorneys' Eyes Only components, the disclosure of which would create a

5

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    substantial risk of serious harm that could not be avoided by less restrictive means; (3) electronic

2    Confidential Source Code – Attorneys' Eyes Only documents that reside in a Confidential Source

3    Code – Attorneys' Eyes Only repository from which software and related data files may be

4    compiled, assembled, linked, executed, debugged and/or tested; and (4) transcripts, reports,

5    video, audio, or other media that include, quote, cite, describe, or otherwise refer to Confidential

6    Source Code – Attorneys' Eyes Only, Confidential Source Code – Attorneys' Eyes Only files,

7    and/or the development thereof.  Confidential Source Code – Attorneys' Eyes Only may further

8    include, but are not limited to, documents containing Confidential Source Code – Attorneys' Eyes

9    Only in "C", "C++", Java, Java scripting languages, assembler languages, command languages

10    and shell languages.  Confidential Source Code – Attorneys' Eyes Only may further include

11    "header files," "make" files, project files, link files, and other human-readable text files used in

12    the generation, compilation, translation, and/or building of executable software, including

13    software intended for execution by an interpreter.

14           g.      Information shall be excepted from this Order if: (1) the information was already

15    known to the Receiving Party by lawful means (and was not acquired from someone who unlawfully

16    had or lacked authority to provide the confidential information) prior to acquiring it from, or it being

17    disclosed by, another party in this litigation; (2) the information is or becomes publicly known

18    through no act, omission, or fault of the Receiving Party and the material is not able to be recalled or

19    removed from the public domain (such as by removal of a document from an electronic filing system

20    for re-filing under seal); or (3) the information is rightfully obtained by the Receiving Party from a

21    third-party that has authority to provide such information to the Receiving Party.

22           h.      The terms and restrictions of this Protective Order apply not only to those items or

23    things which are expressly designated as Confidential Information, Confidential Source Code –

24    Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial

25    Information – Attorneys' Eyes Only, but also to all copies, abstracts, excerpts, descriptions, analyses

26    and summaries thereof, as well as to testimony and oral conversations that contain or disclose

27    Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential

28    Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only

1   derived therefrom or related thereto.

2       i.      The designation of Confidential Information, Confidential Source Code – Attorneys'

3   Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information

4   – Attorneys' Eyes Only shall be made at the following times:

5           (i)   for documents, at the time of the production of the documents;

6           (ii)  for written responses to interrogatories or requests for admissions, at the time of

7                 the written response;

8           (iii) for declarations and pleadings, at the time they are filed;

9           (iv)  for inspection of things or entry upon land or other property, prior to the

10                inspection or entry; and

11          (v)   for deposition testimony, on record during the deposition or by written notice to

12                all counsel of record within thirty (30) calendar days after receipt by the

13                Designating Party of the deposition transcript. If no such designation has been

14                made, pending the expiration of said thirty (30) days after receipt by the

15                Designating Party of the deposition transcript, all parties shall presumptively

16                treat the deposition transcript as Confidential Source Code – Attorneys' Eyes

17                Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial

18                Information – Attorneys' Eyes Only. If no portions of the transcript are

19                designated as Confidential Information, Confidential Source Code – Attorneys'

20                Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential

21                Financial Information – Attorneys' Eyes Only by any party on record during the

22                deposition or by written notice to all counsel of record within said thirty (30)

23                days, the transcript shall be considered to not be designated as Confidential

24                Information, Confidential Source Code – Attorneys' Eyes Only, Confidential

25                Information – Attorneys' Eyes Only, or Confidential Financial Information –

26                Attorneys' Eyes Only. Counsel for each party to this action shall be responsible

27                for marking the designated portions of copies of the transcript in their

28                possession with the legend "CONFIDENTIAL INFORMATION,"

7

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY,"

2    "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," or

3    "CONFIDENTIAL FINANCIAL INFORMATION – ATTORNEYS' EYES

4    ONLY" if written notice is provided within said thirty (30) days. With regard to

5    designations of Confidential Information made during the deposition, the

6    Designating Party shall have the right to have all persons, except the deponent

7    and its counsel, counsel for named parties, the court reporter, and such other

8    persons bound by this Protective Order who are permitted access to

9    Confidential Information, excluded from a deposition, or any portion thereof,

10   before the taking of testimony which has been designated as Confidential

11   Information under this Protective Order. With regard to designations of

12   Confidential Source Code – Attorneys' Eyes Only, Confidential Information –

13   Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes

14   Only made during the deposition, the Designating Party shall have the right to

15   have all persons, except the deponent and its counsel, counsel for named parties,

16   the court reporter, and such other persons bound by this Protective Order who

17   are permitted access to Confidential Source Code – Attorneys' Eyes Only,

18   Confidential Information – Attorneys' Eyes Only, or Confidential Financial

19   Information – Attorneys' Eyes Only, excluded from a deposition, or any portion

20   thereof, before the taking of testimony which has been designated as

21   Confidential Source Code – Attorneys' Eyes Only, Confidential Information –

22   Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes

23   Only under this Protective Order.

24        j.    The designation of Confidential Information, Confidential Source Code – Attorneys'

25   Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information

26   – Attorneys' Eyes Only shall be made in the following manner : (i) for documents, by placing the

27   legend "CONFIDENTIAL INFORMATION," "CONFIDENTIAL SOURCE CODE –

28   ATTORNEYS' EYES ONLY," "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES

8

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  ONLY," or "CONFIDENTIAL FINANCIAL INFORMATION – ATTORNEYS' EYES ONLY"

2  on each page of such document; (ii) for tangible objects, by placing the legend "CONFIDENTIAL

3  INFORMATION," "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY,"

4  "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," or CONFIDENTIAL

5  FINANCIAL INFORMATION – ATTORNEYS' EYES ONLY on the object or the container

6  therefor, or if not practicable, as otherwise agreed; (iii) for written responses to written interrogatories

7  or requests for admissions, by placing the legend "CONFIDENTIAL INFORMATION,"

8  "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," "CONFIDENTIAL

9  INFORMATION – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL FINANCIAL

10 INFORMATION – ATTORNEYS' EYES ONLY" in the relevant responses and on the face of any

11 such responses; (iv) for declarations or pleadings, by placing the legend "CONFIDENTIAL

12 INFORMATION," "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY,"

13 "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL

14 FINANCIAL INFORMATION – ATTORNEYS' EYES ONLY" on the face or title page of the

15 document; (v) for inspection of things or entry upon land or other property, by stating in writing that

16 Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential

17 Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only

18 will be disclosed by the inspection or entry and specifying in writing those parts of the things or those

19 areas of the premises in which such information will be revealed, and (vi) for electronic files

20 produced in native format, by placing the legend "CONFIDENTIAL INFORMATION,"

21 "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," "CONFIDENTIAL

22 INFORMATION – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL FINANCIAL

23 INFORMATION – ATTORNEYS' EYES ONLY" on the disk or other storage media containing the

24 electronic files. With respect to electronic files produced in native format, the Confidential

25 Information, Confidential Source Code – Attorneys' Eyes Only,  Confidential Information –

26 Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only designations

27 apply to the files in their entirety, including all content and any metadata. A Designating Party

28 producing information from its own files for inspection and selection for copying by a Receiving

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   Party has the right to require that the Receiving Party, during the course of the inspection and

2   selection process, treat all such documents and materials made available during the inspection as

3   Confidential Information – Attorneys' Eyes Only or Confidential Financial Information – Attorneys'

4   Eyes Only until such time the documents and materials selected for production may be reviewed by

5   the Designating Party and individually designated pursuant to subsection (i) and (ii) of this section.

6           k.      It shall be the duty of the party seeking protection of Confidential Information,

7   Confidential Source Code – Attorneys' Eyes Only,  Confidential Information – Attorneys' Eyes

8   Only, or Confidential Financial Information – Attorneys' Eyes Only to indicate to the other party and

9   its attorney of record which of the materials and testimony are considered Confidential Information,

10  Confidential Source Code – Attorneys' Eyes Only,  Confidential Information – Attorneys' Eyes

11  Only, or Confidential Financial Information – Attorneys' Eyes Only.

12          l.      Each party retains the right to subsequently redesignate documents it has produced

13  and to require such documents to be treated in accord with such designations from that time forward.

14  Upon redesignation of any document to a higher level of confidentiality as Confidential Information,

15  Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only,

16  or Confidential Financial Information – Attorneys' Eyes Only, the Receiving Party shall take

17  reasonable efforts to secure the return of the redesignated document from unqualified persons as

18  described herein, and if data or information has been extracted or copies from a redesignated

19  document by an unqualified person, that information or data shall be expunged and not used by the

20  unqualified person.

21                          **ACCESS TO CONFIDENTIAL INFORMATION**

22  **6.      Access to Confidential Information**

23          Unless by further order of this Court or by subsequent written agreement of the

24  Designating Party, access to documents, testimony or other materials designated

25  "CONFIDENTIAL INFORMATION" shall be limited to, and only to, the following

26  "qualified persons":

27          a.      Parties to this action;

28

b.     Counsel of record for any party who is assisting in this action (including other law firm attorneys, and law firm personnel such as necessary secretarial, clerical, and litigation support or copy service personnel assisting such counsel);

c.     A single designated and disclosed In-house counsel for a party to this action;

d.     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed and provided to the Designating Party an executed copy of the affidavit, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order prior to receiving Confidential Information, and as to whom the procedures set forth in the section entitled Experts have been followed.

e.     Designated employees of each party who are required in good faith to assist in the conduct of the litigation, provided that the individuals first execute an affidavit, in substantially the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order, and that those affidavits are served on the Designating Party five (5) business days before any disclosure is made;

f.     During their depositions and/or at trial, witnesses in the action to whom disclosure is reasonably necessary and who are either (1) a present director, officer, and/or employee of the Designating Party (for avoidance of doubt, a party that produces a third party's confidential documents that previously were obtained by the producing party in litigation, via subpoena or other discovery, is not the "Designating Party"); (2) a former director, officer, agent, consultant and/or employee of the Designating Party, and who had access to the information that is disclosed during the course of his or her association with the Designating Party; or (3) a 30(b)(6) witness of the Designating Party;

g.     Court reporters and their staff, videographers, professional vendors, and professional jury or trial consultants to whom disclosure is reasonably necessary for this action;

h.     The Court and its personnel; and

i.     Such other person as hereafter may be designated by written agreement in this action or by Order of the Court.

[PROPOSED] STIPULATED PROTECTIVE ORDER

**7.**     **Access to Confidential Information – Attorneys' Eyes Only**

        Unless by further order of this Court or by subsequent written agreement of the Designating Party, access to information designated "CONFIDENTIAL- ATTORNEYS' EYES ONLY" shall be limited to, and only to, those persons listed in paragraphs  6(b), 6(d), 6(f) through (i).

**8.**     **Access to Confidential Financial Information – Attorneys' Eyes Only**

        Unless by further order of this Court or by subsequent written agreement of the Designating Party, access to information designated "CONFIDENTIAL FINANCIAL INFORMATION – ATTORNEYS'EYES ONLY" shall be limited to, and only to, those persons listed in paragraphs  6(b), 6(d), 6(f) through (i).

<u>ACCESS TO AND USE OF CONFIDENTIAL SOURCE CODE –
ATTORNEYS' EYES ONLY</u>

**9.**     **Production of Confidential Source Code – Attorneys' Eyes Only**

        Confidential Source Code – Attorneys' Eyes Only shall be produced by the Designating Party as set forth below:

        a.     "Remote Reviewing System" – For any source code produced in discovery, the Parties shall use a secure source code review solution, such as that provided by Epiq Systems, Inc, or other third-party equivalent secure source code review solution ("Third-Party Solution"). The Remote Review System shall block screen capture and printing capabilities within the review environment.  The parties shall agree to the review environment (e.g., Microsoft Azure) and a reasonable number of software reviewing tools.  If the parties are unable to agree on the installation of software tools, they may seek an Order from the Court after making a good faith effort to resolve their dispute.  The parties shall share the cost of establishing the Remote Reviewing System equally. Marginal costs related to the review of Confidential Source Code shall be borne by the Receiving Party performing such review.

        b.     The Confidential Source Code – Attorneys' Eyes Only material shall be made available for inspection in a form allowing it to be reasonably reviewed and searched during normal business hours (e.g., 8 am PST to 5 pm PST weekdays), or at other mutually agreeable

1   times. Absent agreement from the parties, Receiving Party may not access Confidential Source

2   Code – Attorneys' Eyes Only materials outside normal business hours.  The Receiving Party

3   shall give the Designating Party two (2) business days' notice for a request to access the Remote

4   Reviewing System so that the Designating Party can make reasonable accommodations for live

5   monitoring of the inspection if it so chooses.  The Receiving Party shall identify in the request

6   the location of the review session and the individual(s) seeking inspection.  Access to the Remote

7   Reviewing System from outside the United States is prohibited without approval of the

8   Designating Party or the Court.  Upon reasonable notice from the Receiving Party, the

9   Designating Party and the Third-Party Solution (as defined in paragraph 9 (a) shall accommodate

10  the Receiving Party's request for inspection.

11          c.      The Designating Party may elect the security protocols it wishes to enforce with

12  respect to inspection of its Confidential Source Code – Attorneys' Eyes Only materials,

13  including: (1) biometric verification; (2) screen watermark; and/or (3) web cam monitoring of

14  the inspection.

15          d.      At Designating Party's election, a single webcam provided by Receiving Party

16  shall be located on or near the Remote Reviewing System and enabled during any inspection to

17  allow such monitoring through a video conferencing session. The webcam may be positioned in

18  a manner that avoids revealing any work product by the Reviewer. The Receiving Party shall not

19  copy, remove, or otherwise transfer any Confidential Source Code – Attorneys' Eyes Only

20  materials from the Remote Reviewing System including, without limitation, copying, removing,

21  or transferring the Confidential Source Code – Attorneys' Eyes Only materials onto any recordable

22  media or recording device. The Receiving Party shall be permitted to take notes relating to the

23  Source Code Material but may not copy any portion of the Confidential Source Code – Attorneys'

24  Eyes Only material greater than 10 lines as necessary to document the work performed relating to

25  such portions of the Confidential Source Code. No recordable devices, including without

26  limitation cellular telephones or cameras of any kind shall be permitted to capture or record

27  Confidential Source Code – Attorneys' Eyes Only materials.  No electronic copies or electronic

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  images (including PDFs or photographs) of source code shall be made without the agreement of

2  the Designating Party or further order of the Court.

3       e.     If Receiving Party is caught capturing, recording, transferring, or otherwise

4  making unauthorized copies of Confidential Source Code – Attorneys' Eyes Only material in

5  violation of this Order, Designating Party may bring a motion for a protective order.  During the

6  pendency of the motion the Designating Party may by notice and a copy of such motion for

7  protective order to the Third-Party Solution revoke access to Remote Reviewing System and

8  require that any continued review take place at the offices of Designating Party outside counsel.

9       f.     A Receiving Party shall be allowed to ask for copies of a reasonable number of

10  pages of hard (non-electronic) copies of those portions of Confidential Source Code – Attorneys'

11  Eyes Only that it, in good faith, considers necessary to the preparation of its case, but shall not

12  request paper copies for the purposes of reviewing the source code other than electronically as

13  set forth in Paragraph 9(a) in the first instance.  Designating Party may elect to print those

14  copies, and copies for itself, and securely ship them to Receiving Party, or have copies printed

15  and securely shipped by Third-Party Solution.  If Designating Party elects to have Third-Party

16  Solution manage printing and shipping of paper copies of requested portions Confidential Source

17  Code – Attorneys' Eyes Only, Third-Party Solution must seek written authorization (email or

18  otherwise) from Designating Party before any paper copies are printed and produced.  In

19  considering what is reasonable, Receiving Party shall not, in general, ask that more than 40

20  consecutive pages of code—with a page being one that has at least 35 lines of code—be printed

21  for each request.  In the event that Designating Party believes that a particular printing request is

22  unreasonable, the Designating Party and Receiving Party shall meet and confer in good faith to

23  attempt to resolve this dispute without the Court's involvement.  If they cannot resolve the issue,

24  any party may seek an order from the Court.

25       g.     The Designating Party or Third Party Solution will facilitate production of copies

26  on paper pre-labeled with the proper Bates labeling and the CONFIDENTIAL SOURCE CODE

27  – ATTORNEYS' EYES ONLY designation.

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

h.      The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form, and maintain a record of the existence of any electronic or paper copies of the code. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured area.  Absent permission by the Designating Party, the Receiving Party shall only make additional paper or electronic (.pdf) copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report) (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Additional paper or electronic copies are prohibited. Any paper copies used during a deposition shall be retrieved by the Designating Party or Receiving Party at the end of each day and must not be given to or left with a court reporter or any other individual.

i.      The Receiving Party may request that the Reviewing System be made available at trial and depositions and the Designating Party shall not unreasonably deny such a request.

**10.   Access to Confidential Source Code – Attorneys' Eyes Only.**

Unless by further order of this Court or by subsequent written agreement of the Designating Party, access to the Reviewing System containing materials marked as "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" shall be restricted to the individuals set forth in paragraphs 6(b), 6(d), 6(f) through (h).

<u>**PROSECUTION BAR**</u>

**11.   Prosecution Bar**

Absent written consent from the Designating Party, any individual, including counsel of record, who receives access to an adverse party's Confidential Source Code – Attorneys' Eyes Only or Confidential Information – Attorneys' Eyes Only information shall not be involved with or provide assistance in the prosecution of patents or patent applications relating to software and software applications to track, prepare, and process certified geospatial and location coded images and data from and through a mobile device for secured delivery to a cloud-based or other server, including without limitation the trade secrets asserted in this action and any patent or application related to the trade secrets asserted in this action, before any foreign or domestic agency, including

15
[PROPOSED] STIPULATED PROTECTIVE ORDER

1  the United States Patent and Trademark Office.  For purposes of this paragraph, "prosecution"

2  includes drafting, amending, or advising regarding the drafting or amending of patent claims. To

3  avoid any doubt, "prosecution" as used in this paragraph does not include representing a party in

4  connection with a challenge to a patent before a domestic or foreign agency (including, but not

5  limited to, a reissue proceeding, *ex parte* reexamination, *inter partes* reexamination, *inter partes*

6  review, or other post-grant review), as long as the individual is not involved in directly or indirectly

7  drafting, amending, or advising regarding the drafting or amending of patent claims. This

8  Prosecution Bar shall begin when access to Confidential Source Code – Attorneys' Eyes Only or

9  Confidential Information – Attorneys' Eyes Only information is first received by the affected

10  individual and shall end two (2) years after final termination of this action.

11  **EXPERTS**

12  **12.**    **Disclosure of Experts**

13         a.       Each independent expert and consultant to whom Confidential Information,

14  Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only,

15  or Confidential Financial Information – Attorneys' Eyes Only is to be given, shown, disclosed, made

16  available or communicated in any way, shall first execute an affidavit, in substantially the form

17  attached hereto as Exhibit A, agreeing to be bound by the terms of this Protective Order.

18         b.       Prior to the Receiving Party giving, showing, disclosing, making available or

19  communicating Confidential Information, Confidential Source Code – Attorneys' Eyes Only,

20  Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys'

21  Eyes Only to any expert or consultant , the Receiving Party shall deliver to the Designating Party a

22  copy of the affidavit signed by the person to whom Confidential Information, Confidential Source

23  Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential

24  Financial Information – Attorneys' Eyes Only is proposed to be disclosed and a description setting

25  forth the person's (i) name, (ii) office address, (iii) present employer, (iv) a brief job history listing all

26  employment and engagements for the past three (3) years, and (v) copy of expert's curriculum vitae.

27         c.       Within five (5) business days, any party that has a good faith objection to the

28  disclosure of Confidential Information, Confidential Source Code – Attorneys' Eyes Only,

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys'

2   Eyes Only to the expert or consultant shall convey its objection in writing specifically stating the

3   bases for the objection. .

4           d.      In the event of such an objection, the parties shall promptly meet and confer in an

5   effort to resolve the objection.  If the parties are unable to resolve their dispute, the objecting party

6   shall file a motion for a protective order within five (5) business days of the parties' meet and confer.

7   No disclosure of Confidential Information, Confidential Source Code – Attorneys' Eyes Only,

8   Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys'

9   Eyes Only shall be made to the expert or consultant until such motion is resolved.  The objecting

10  party shall have the burden of establishing grounds for barring the disclosure.

11          e.      Limitation on Discovery from Experts.  Drafts of expert reports and other expert

12  work product is not discoverable. Additionally, communications between an expert and a party's

13  counsel are not discoverable except as provided in Rule 26(b)(4)(C) of the Federal Rules of Civil

14  Procedure. Reports and materials exempt from discovery under this section shall be treated as

15  attorney work product for the purposes of this action and Order.

16                    **FILING CONFIDENTIAL INFORMATION WITH THE COURT**

17  **13.**     **Filing Under Seal**

18        Papers filed with the Court containing Confidential Information, Confidential Source Code –

19  Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial

20  Information – Attorneys' Eyes Only shall be filed under seal. The burden of proving that such papers

21  should remain under seal shall fall on the party seeking to keep them confidential. Such filings shall

22  be made in accordance with the Court's electronic filing procedures. If papers are filed under seal

23  pursuant to this Order, the papers shall bear the following notation on the first page, directly under

24  the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." If

25  the Court questions whether to maintain the filing under seal, the burden of proving that such papers

26  should remain under seal shall fall on the Designating Party, i.e., the party who designated the

27  information as Confidential Information, Confidential Source Code – Attorneys' Eyes Only,

28  Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys'

17

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   Eyes Only.

2   **INADVERTENT PRODUCTION, DESIGNATION, OR DISCLOSURE**

3   **14.     Inadvertent Production of Privileged or Otherwise Protected Material**

4          Inadvertent production of privileged or otherwise protected material shall be handled as

5   follows, but this is without prejudice to the right of any party to apply to the Court for further

6   protection or disclosure relating to discovery:

7          a.     Notice By Producing Party.  Pursuant to Federal Rules of Civil Procedure 26(b)(5),

8   immediately upon receiving notice from the producing party that information subject to the attorney-

9   client privilege or work-product immunity has been inadvertently produced, the Receiving Party

10  shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their

11  substance.  The Receiving Party shall return or destroy the documents or materials and all copies

12  within three (3) business days from receiving notice;

13         b.     Discovery By Receiving Party.  If the Receiving Party, without notice from the

14  producing party, determines that information subject to the attorney-client privilege or work-product

15  immunity has been inadvertently produced, the Receiving Party shall immediately contact the

16  producing party and advise them of the inadvertent disclosure.  Pursuant to Federal Rules of Civil

17  Procedure 26(b)(5), the Receiving Party shall not review, copy, or otherwise disseminate the

18  documents or materials, nor shall it disclose their substance.  In addition, the Receiving Party shall

19  return or destroy the documents or materials and all copies within three (3) business days from

20  discovery of the inadvertent disclosure;

21         c.     Challenges.  If the Receiving Party believes that it has a good-faith basis for

22  challenging a claim of privilege concerning inadvertently produced documents or materials, then the

23  Receiving Party shall provide the producing party with a written explanation of the good-faith basis

24  for the belief that the inadvertently produced documents or materials are not privileged within three

25  (3) business days of the producing party's request for return.  The producing party shall respond in

26  writing to the Receiving Party's timely challenge to the privilege or immunity claim within five (5)

27  business days from receipt of the challenge;

28

1        d.      Motion To Compel.  In the event the parties cannot agree as to the privilege or

2 immunity status of the inadvertently produced documents or materials, the Receiving Party shall seek

3 an order compelling production of the inadvertently produced documents or materials within a

4 reasonable period of time from receipt of the producing party's written response to the privilege

5 challenge to file a motion (in accordance with any applicable standing orders or local rules).  The

6 Receiving Party shall not use the substantive content of the inadvertently produced documents or

7 materials to challenge their status as privileged or immune, but may submit the document under

8 confidential seal for the Court's review.  In the event that a motion is made, the producing party shall

9 have the burden of proving that the inadvertently produced documents or materials are privileged or

10 immune from discovery;

11        e.      Fed. R. Evid. 502 No Waiver Order.  Inadvertent disclosure of information subject to

12 the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity

13 shall not constitute a waiver of such privilege(s).  Pursuant to Rule 502(d) of the Federal Rules of

14 Evidence, the Court hereby orders that the attorney-client privilege or work product protection is not

15 waived by disclosure connected with the above-referenced matter and any such disclosure is also not

16 waived in any other Federal or State proceeding.

17 **15.**      **Inadvertent Failure to Designate or Incorrect Designation**

18        Any party or third party who inadvertently fails to designate information as Confidential

19 Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information –

20 Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only, or otherwise

21 wishes to change the designation of confidentiality under this Order, may later do so in writing, and

22 such document or information shall be treated by the Receiving Party as being so designated as if

23 from the time the document or information was originally produced.  The parties agree that the

24 inadvertent disclosure of Confidential Information, Confidential Source Code – Attorneys' Eyes

25 Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information –

26 Attorneys' Eyes Only by the Designating Party in producing discovery to the Receiving Party,

27 regardless of whether the information was designated as Confidential Information, Confidential

28 Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or

[PROPOSED] STIPULATED PROTECTIVE ORDER

Confidential Financial Information – Attorneys' Eyes Only at the time of disclosure, shall not be treated as a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject, and shall not exempt it from the provisions of this Order where notice has otherwise been given that it is Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only.

**16.    Inadvertent Disclosure by the Receiving Party**

In the event of any inadvertent disclosure of Confidential Information, Confidential-Attorneys' Eyes Only- Source Code, Confidential Information-Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only, counsel for the Receiving Party responsible for the inadvertent disclosure shall immediately notify the Designating Party of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure including, retrieving all copies of the Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only in any form. Compliance with the forgoing shall not prevent the Designating Party from seeking further relief from the Court.

**17.    Resolution of Disputes Regarding Designation of Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only**

a.    In the event that any party takes issue with a designation of Confidential Information, Confidential Source Code – Attorneys' Eyes Only,  Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only such party shall so inform the other parties to this action in writing, and all parties shall make good faith efforts to resolve such dispute.

[PROPOSED] STIPULATED PROTECTIVE ORDER

b.      In the event that the parties are unable to resolve the dispute regarding designation of Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only,  or Confidential Financial Information – Attorneys' Eyes Only, the party disputing the designation may, by noticed motion, raise such issue with the Court. The party claiming confidentiality shall bear the burden of establishing that the information is in fact confidential.

c.      A challenge to the propriety of a confidential designation may be made at any time.

## MISCELLANEOUS PROVISIONS

**18.     Right to Assert Other Objections**

By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

**19.     Right to Further Relief**

Nothing in this Order abridges the right of any party to request additional protection under Federal Rule of Civil Procedure 26(c) or to seek the modification of this Order by the Court in the future.

**20.     Future Representation by Counsel**

Except as otherwise provided herein, it is not the intent of the parties, or of the Court, that an attorney or law firm that acquires knowledge of or is given access to Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only pursuant to this Order should thereby be disqualified from other representations adverse to the Designating Party solely because of such knowledge or access.

**21.     No Waiver**

This Protective Order is intended to provide a mechanism for the handling of Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information –

1   Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only in this action.

2   Other than as specified herein, neither the taking of nor the failure to take any action to enforce the

3   provisions of this Order, nor the failure to object to any designation, nor any such action or omission,

4   shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other

5   action including, but not limited to, the right to seek confidentiality protections greater than those

6   provided for in this order, the right to claim that any information is or is not proprietary to any party,

7   is or is not entitled to particular protection or that such information does or does not embody trade

8   secrets of any party.

9   **22.    Subpoena from Third Parties**

10       In the event any party or non-party having possession, custody or control of any Confidential

11   Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information –

12   Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only receives a

13   subpoena or other process or order to produce such information from a third party, such party or

14   nonparty shall notify the attorneys of record of the Designating Party of the Confidential Information,

15   Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only,

16   or Confidential Financial Information – Attorneys' Eyes Only sought by such subpoena or other

17   process or order, shall furnish those attorneys of record with a copy of said subpoena or other process

18   or order, and shall cooperate with respect to any procedure sought to be pursued by the party or

19   nonparty claiming such confidential treatment. The party or nonparty asserting the confidential

20   treatment shall have the burden of defending against such subpoena, process, or order. The party or

21   person receiving the subpoena or other process or order will not produce Confidential Information,

22   Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only,

23   or Confidential Financial Information – Attorneys' Eyes Only so long as any motion or proceeding

24   initiated to bar disclosure is pending.

25   **23.    Third-Party Information Produced in this Action**

26       The terms of this Order are applicable to information produced by a third-party or non-party

27   in this action and designated as Confidential Information, Confidential Source Code – Attorneys'

28   Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  – Attorneys' Eyes Only.  Such information produced by non-parties in connection with this action is

2  protected by the remedies and relief provided by this Order. Nothing in this provisions should be

3  construed as prohibiting a non-party from seeking additional protections.

4  **24.     Termination of Litigation**

5        Within sixty (60) days of receipt of written notice of the final disposition of this action and all

6  related actions, whether by judgment and exhaustion of all appeals, by voluntary dismissal, or by

7  settlement, the attorneys of record:

8        a.       Shall certify to the Designating Party, or its attorney of record, that they have

9  destroyed the Confidential Information, Confidential Source Code – Attorneys' Eyes Only,

10  Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys'

11  Eyes Only subject to this Order in their possession, custody or control, including all copies of such

12  Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential

13  Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only

14  which may have been made, except that counsel for a party may keep a copy of such Confidential

15  Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information –

16  Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only used in

17  pleadings, trial materials, attorney work product or deposition exhibits as part of counsel's records of

18  the action;

19        b.       Shall insure that all the Confidential Information, Confidential Source Code –

20  Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial

21  Information – Attorneys' Eyes Only in the possession, custody or control of their experts and

22  consultants, is certified as destroyed; and

23        c.       Shall deliver to the Designating Party, or its attorneys of record, an affidavit or

24  declaration that there has been compliance with the terms of this paragraph or that there has not been

25  compliance and the reason for such noncompliance, upon receipt of which the Designating Party

26  may make application to the Court for such further order as may be appropriate.

27

28

1   **25.    Modification of This Protective Order**

2          In the event any party hereto seeks a court order that in any way seeks to vary the terms of

3   this Protective Order, said party shall make such request in the form of a written stipulation or

4   noticed motion to all parties that must be served and filed in accordance with local court rules.

5   **26.    Enforcement of This Protective Order**

6          This Order shall remain in force and effect until modified, superseded or terminated on the

7   record by written stipulation of the parties or by order of the Court. This Order shall survive the final

8   conclusion of the action and the Court shall have jurisdiction to enforce this Order beyond the

9   conclusion of this action unless this Order is vacated.

10  **27.    Violation of This Protective Order**

11         In the event any person or party shall violate or threaten to violate the terms of this Order, the

12  aggrieved Designating Party may immediately apply to obtain injunctive relief against any such

13  person or party violating or threatening to violate any of the terms of this Order. The parties and any

14  other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and

15  them for the purpose of enforcing this Order.

16  **28.    Counsel Rendering Advice to Their Clients**

17         Except as otherwise provided herein, nothing in this Order shall prevent or otherwise restrict

18  counsel from rendering advice to their clients and, in the course thereof, relying generally on material

19  designated as Confidential Information, Confidential Source Code – Attorneys' Eyes Only,

20  Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys'

21  Eyes Only, provided however, that in rendering such advice counsel shall not disclose, reveal or

22  describe the content of any material so designated except insofar as allowed under the terms of this

23  Order.

24         STIPULATED AND AGREED to this _____ day of March 2021.

25

26

27

28

1   Dated:  March 25, 2021                    Respectfully Submitted,

2                                             POLSINELLI LLP

3

4                                             _/s/ Barrington E. Dyer_____
                                         By:  Colby B. Springer (*Admitted Pro Hac Vice*)
5                                             Barrington E. Dyer (*Admitted Pro Hac Vice*)
                                              Teri H.P. Nguyen (*Admitted Pro Hac Vice*)
6                                             Miya Yusa (*Admitted Pro Hac Vice*)
                                              POLSINELLI LLP
7                                             Three Embarcadero Center, Suite 2400
                                              San Francisco, CA 94111
8                                             T:  415.248.2100
                                              F:  415.248.2101
9                                             Email:  cspringer@polsinelli.com
                                              Email:  bdyer@polsinelli.com
10                                            Email:  thpnguyen@polsinelli.com
                                              Email:  myusa@polsinelli.com
11
                                              H. Stan Johnson (SBN 0265)
12                                            Steven B. Cohen (SBN 2327)
13                                            COHEN JOHNSON LLC
                                              375 E. Warm Springs Road, Ste. 104
14                                            Las Vegas, NV 89119
                                              T:  702.823.3500
15                                            F:  702.823.3400
                                              Email:  sjohnson@cohenjohnson.com
16                                            Email:  scohen@cohenjohnson.com
17
                                              Attorneys for Plaintiff
18                                            IMAGEKEEPER, LLC
19

20

21

22

23

24

25

26

27

28
                                          25
                        [PROPOSED] STIPULATED PROTECTIVE ORDER

1   Dated:  March 25, 2021                  Respectfully Submitted,

2                                           GREENBERG TRAURIG, LLP

3
                                            _/s/ Donald L. Prunty_____
4                                      By:  Donald L. Prunty (Nevada Bar No. 008230)
5                                           Bethany L. Rabe (Nevada Bar No. 011691)
                                            GREENBERG TRAURIG, LLP
6                                           10845 Griffith Peak Drive, Ste. 600
                                            Las Vegas, Nevada 89135
7                                           T:  702.792.3773
8                                           F:  702.792.9002
                                            Email:  pruntyd@gtlaw.com
9                                           Email:  rabeb@gtlaw.com

10                                          Attorneys for Defendant
11                                          EVOKE TECHNOLOGIES PRIVATE
                                            LIMITED
12

13   Dated:  March 25, 2021                 Respectfully Submitted,

14                                          DUANE MORRIS LLP

15
                                            _/s/ Terry W. Ahearn_____
16                                     By:  Terry W. Ahearn (admitted _pro hac vice_)
17                                          D. Stuart Bartow (admitted _pro hac vice_)
                                            DUANE MORRIS LLP
18                                          2475 Hanover Street
                                            Palo Alto, CA 94304-1194
19                                          T:  650.847.4150
20                                          Email:  twahearn@duanemorris.com
                                            Email:  dsbartow@duanemorris.com
21
                                            Dominica C. Anderson (SBN 2988)
22                                          Daniel B. Heidtke (SBN 12975)
                                            DUANE MORRIS LLP
23   IT IS SO ORDERED.                      100 N. City Parkway, Ste. 1560
                                            Las Vegas, NV 89106-4617
24                                          T:  702.868.2600
25   _____       F:  702.385.6862
     Cam Ferenbach
26   United States Magistrate Judge         Attorneys for Defendant
                                            WRIGHT NATIONAL FLOOD
27         3-26-2021                         INSURANCE SERVICES, LLC
     Dated:_____
28
                                         26
                       [PROPOSED] STIPULATED PROTECTIVE ORDER

1   IT IS SO ORDERED:

2

3   _____
    UNITED STATES MAGISTRATE JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IMAGEKEEPER, LLC, a Nevada limited liability Company,

       Plaintiff,

   v.

WRIGHT NATIONAL FLOOD INSURANCE SERVICES, LLC, a Delaware limited liability Company, and EVOKE TECHNOLOGIES PRIVATE LIMITED, an Ohio foreign corporation,

       Defendants.

Case No. 2:20-cv-01470-GMN-VCF

**UNDERTAKING PURSUANT TO AGREED UPON PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____.

3. In addition to my other job functions, I am working as a consultant to_____.

4. My relationship to Plaintiff/Defendants is _____.

5. I have received a copy of the Protective Order (the "Protective Order") in this action.

6. I have carefully read and understood the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only received under the protection of the Protective Order except as permitted under the Protective Order.

7.    I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will return or destroy all Confidential Information, Confidential Source Code – Attorneys' Eyes Only, Confidential Information – Attorneys' Eyes Only, or Confidential Financial Information – Attorneys' Eyes Only which comes into my possession or which I have prepared relating thereto, to counsel for the party by whom I am retained. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at _____, on _____, 2021.


_____
[SIGNATURE]

29
[PROPOSED] STIPULATED PROTECTIVE ORDER

1

## CERTIFICATE OF SERVICE

2

I am a citizen of the United States and resident of the State of California.  I am over the

3

age of eighteen years and not a party to the within action.  My business address is Polsinelli LLP,

4

Three Embarcadero Center, Ste. 2400, San Francisco, CA 94111.  I am employed in the office of

5

a member of the bar of this Court, at whose direction the service was made.

6

7

On March 25, 2021, I served the following document (s) in the manner described below:

8

- **[PROPOSED] STIPULATED PROTECTIVE ORDER**

9

☒    BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through

10

Polsinelli LLP's electronic mail system from mortiz@polsinelli.com to the email
addresses set forth below.

11

12

Dominica C. Anderson
dcanderson@duanemorris.com

13

Daniel B. Heidtke
dbheidtke@duanemorris.com

14

DUANE MORRIS LLP
100 N. City Parkway, Ste. 1560

15

Las Vegas, NV 89106-4617
T: 702.868.2600

16

F:  702.385.6862

17

Terry W. Ahearn

18

D. Stuart Bartow
DUANE MORRIS LLP

19

2475 Hanover Street
Palo Alto, CA 94304-1194

20

Email:  twahearn@duanemorris.com

21

Email:  dsbartow@duanemorris.com

22

**ATTORNEYS FOR DEFENDANT
WRIGHT NATIONAL FLOOD**

23

**INSURANCE SERVICES, LLC**

F. Christopher Austin
caustin@weidemiller.com
WEIDE & MILLER, LTD.
10655 Park Run Drive, Ste. 100
Las Vegas, NV 89144
T:  702-382-4804
F:  702-382-4805

Donald L. Prunty (NBN 8230)
Bethany L. Rabe (NBN 11691)
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Tel:  702-792-3773
Fax:  702-792-9002
Email:  pruntyd@gtlaw.com
Email:  rabeb@gtlaw.com

**ATTORNEYS FOR DEFENDANT
EVOKE TECHNOLOGIES PRIVATE
LIMITED**

24

25

26

27

28

1
[PROPOSED] STIPULATED PROTECTIVE ORDER

1       I declare under penalty of perjury under the laws of the State of California that the

2 foregoing is true and correct.  Executed on March 25, 2021, at San Jose, California.

3

4

5                                           By:  */s/ Marilyn Ortiz*

6                                               Marilyn Ortiz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER