UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOOG, INC.,

                    Plaintiff,

          v.

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES
NOS. 1-50.

                    Defendants.

Civil Action No. 1:22-cv-00187-LJV-JJM

**SKYRYSE'S SUPPLEMENTAL BRIEF
IN SUPPORT OF INDIVIDUAL
DEFENDANTS' MOTION TO STAY
THE ACTION PENDING RESOLUTION
OF THE PARALLEL CRIMINAL
INVESTIGATION**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ...................................................................................................1

II.    THE COURT SHOULD STAY THE ENTIRE ACTION PENDING
RESOLUTION OF THE CRIMINAL INVESTIGATION, WITH THE
EXCEPTION OF RESOLVING THE PENDING JURISDICTION AND VENUE
MOTIONS. ............................................................................................................2

       A.     Skyryse cannot fairly defend itself if the case is not stayed and Pilkington
and Kim invoke the Fifth Amendment. ..................................................2

       B.     Granting a stay would promote judicial efficiency...................................5

       C.     Any possible prejudice to Plaintiffs is outweighed by the fundamental
rights of Defendants...............................................................................6

       D.     The Court should not stay the discrete proceedings needed to resolve the
defendants' pending jurisdiction and venue motions................................8

III.    ANY STAY THE COURT IMPOSES SHOULD APPLY TO ALL PARTIES. ...............9

IV.    CONCLUSION.......................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*,
No. CIV.A. 11-00785(CCC), 2011 WL 5416058 (D.N.J. Nov. 4, 2011)................................7

*Corcoran L. Grp., L.L.C. v. Posner*,
No. 09 CIV. 1861 (WHP), 2009 WL 1739702 (S.D.N.Y. June 10, 2009) ........................6, 10

*Gustave v. City of NY*,
No. 10-cv-3314(KAM), 2010 WL 3943428 (E.D.N.Y. Oct. 6, 2010) ....................................7

*Javier H. v. Garcia-Botello*,
218 F.R.D. 72 (W.D.N.Y. 2003)............................................................................................6

*Kelley v. Domingue*,
No. CV 20-1496, 2021 WL 878510 (E.D. La. Mar. 9, 2021)..................................................4

*Parker v. Dawson*,
No. 06-CV-6191(JFB)(WDW), 2007 WL 2462677 (E.D.N.Y. Aug. 27, 2007) ......................4

*Scottsdale Ins. Co. v. Above Call Sec. & Investigations, Inc.*,
No. 21CV1418(NGG)(PK), 2022 WL 125801 (E.D.N.Y. Jan. 13, 2022)................................6

*SEC v. Abraaj Inv. Mgmt. Ltd.*,
No. 19-CV-3244 (AJN), 2019 WL 6498282 (S.D.N.Y. Dec. 3, 2019) ....................................5

*SEC v. Alexander*,
No. 10-cv-04535-LHK, 2010 WL 5388000 (N.D. Cal. Dec. 22, 2010) ..............................5, 7

*SEC v. Downe*,
1993 WL 22126 (S.D.N.Y. Jan. 26, 1993) ..........................................................................10

*SEC v. LaGuardia*,
435 F. Supp. 3d 616 (S.D.N.Y. 2020)................................................................................3, 5

*SEC v. Platinum Mgmt. (NY) LLC*,
No. 16CV6848(DLI)(VMS), 2017 WL 2915365 (E.D.N.Y. July 7, 2017)............................10

*Stamile v. County of Nassau*,
No. CV 10-2632(SJF)(AKT), 2011 WL 1754125 (E.D.N.Y. Jan. 31, 2011)...............3, 4, 5, 6

*Volmar Distributors, Inc. v. New York Post Co.*,
152 F.R.D. 36 (S.D.N.Y. 1993) .............................................................................................9

# STATUTES

28 U.S.C.

    § 1391(b)..................................................................................................................8
    § 1404........................................................................................................................8

## I.  INTRODUCTION

Defendant Skyryse submits this brief in support of individual defendants Robert Alin Pilkington and Misook Kim's Motion to Stay the Action Pending Resolution of the United States Attorney's Office's Parallel Criminal Investigation. (ECF 214.) Whether the Court stays this case in whole or in part will directly implicate Skyryse's interests and due process rights. If the individual defendants' Motion is denied, and the case continues in parallel with the government's investigation, Pilkington and Kim are likely to assert the Fifth Amendment and decline to provide testimony and evidence, which they recognize would "risk harming their defense in this Action." (*Id*. at 11.) This would materially impact and unfairly prejudice Skyryse's right to defend itself as well, for Moog's accusations against Skyryse are predicated on accusations of misconduct by the individual defendants. As a result, any assertion of the Fifth Amendment by Pilkington and Kim will deprive Skyryse of its right and ability to collect and present evidence necessary to defend itself from Moog's accusations. The Court can avoid such manifest unfairness by granting the stay the individual defendants have requested.

That the individual defendants are being forced to potentially compromise their defense in this action (and Skyryse's as well) by invoking their Fifth Amendment privilege at this stage, five months into the case and in the middle of expedited discovery, is a result of Moog's maneuvering. Moog commenced this action on March 7, 2022 with no notice to Defendants, demanding emergency relief and expedited discovery in advance of a hearing on its motion for a preliminary injunction. In a good faith effort to move the case forward, Defendants stipulated to an order granting Moog the immediate relief it requested (ECF 25, 28), and at Moog's insistence, also stipulated to an order requiring them to engage in expedited discovery relevant to Moog's motion for a preliminary injunction, and agreed to a schedule for briefing and hearing that motion, while reserving other rights such as to challenge venue and jurisdiction. (ECF 33.) Unbeknownst to

Defendants at the outset of the action or when they agreed to these stipulations, the United States Attorney's Office for the Central District of California had opened an investigation into the facts at the center of this case. All the while, Moog had been secretly sharing information and its own partisan theories of the case with the FBI in support of that investigation.

It was not until June, months after stipulating to an order requiring them to turn over scores of devices to Moog and engage in other expedited discovery, that Defendants received subpoenas from the United States Attorney's Office in connection with its investigation. And it was not until July that Moog's involvement in the investigation came to light, after Defendants demanded that Moog provide discovery about its communications with third parties, including the Government, related to the facts underlying this action. Had Moog disclosed at the outset of this litigation in March that it had referred the case and was providing the Government with information in the hopes of seeding criminal proceedings, Pilkington and Kim would have known from the start that their Fifth Amendment Rights could be implicated by any discovery they produced to Moog. Moog's lack of transparency is the only reason this issue is before the Court now, rather than before extensive discovery was underway. To prevent any resulting prejudice to Skyryse's ability to defend itself in this action and to the individual defendants' Fifth Amendment rights, the Motion to Stay should be granted.

II.     **THE COURT SHOULD STAY THE ENTIRE ACTION PENDING RESOLUTION OF THE CRIMINAL INVESTIGATION, WITH THE EXCEPTION OF RESOLVING THE PENDING JURISDICTION AND VENUE MOTIONS.**

A.     **Skyryse cannot fairly defend itself if the case is not stayed and Pilkington and Kim invoke the Fifth Amendment.**

A complete stay of this action pending the resolution of the criminal investigation not only serves Pilkington's and Kim's interest in safeguarding their Fifth Amendment rights, but also is needed to protect Skyryse's fundamental due process interest in ensuring that it has a full and fair

opportunity to defend itself against Moog's claims.[1] The individual defendants have stated that if the civil action is allowed to proceed against them, they may invoke "a very broad Fifth Amendment privilege against providing responses to any discovery requests." (Motion at 9.)

Without full and complete discovery from the individual defendants, Skyryse will be unable to fully defend itself in this action. This lawsuit is centered on allegations of misconduct of individual defendants Alin Pilkington and Misook Kim. (*See, e.g.*, Compl. ¶ 172 ("Kim copied and delivered to Pilkington and Skyryse the data files that she copied from Moog containing Moog's trade secrets and confidential and proprietary information.").) As Skyryse has communicated to Moog since the beginning of this action, Skyryse never wanted, needed, or tried to obtain any of Moog's alleged trade secret information from Pilkington, Kim, or any other source. Consequently, Skyryse's defense in this case will necessarily rely on discovery from the individual defendants, including their testimony in deposition, a forensic analysis of their devices, and documents they produce in discovery, all or some of which will not be accessible to Skyryse if they invoke their Fifth Amendment rights.

Courts have recognized that a complete stay is appropriate where discovery and testimony from a defendant who intends to plead the Fifth Amendment is key to the case overall or to another defendant's ability to present a defense. In *Stamile v. County of Nassau*, for example, defendants moved for a stay of all civil proceedings until the final resolution of a criminal prosecution pending against their co-defendant, arguing that they "would be prejudiced if a stay is not granted because

---

[1] As the individual defendants laid out in their Motion, one of the factors courts consider in determining whether to grant a stay is "the private interests of and burden on the defendants" (*see* Motion at 12 (citing *SEC v. LaGuardia*, 435 F. Supp. 3d 616, 621 (S.D.N.Y. 2020))), which includes not just the moving defendants' interests, but the interests of all defendants, *Stamile v. County of Nassau*, No. CV 10-2632(SJF)(AKT), 2011 WL 1754125, at *6 (E.D.N.Y. Jan. 31, 2011).

they would not have access to all the discovery necessary to defend against the allegations in this action" as a result of their co-defendant's choice to invoke the Fifth Amendment. 2011 WL 1754125, at *6. The court agreed, finding that the defendants' ability to present a defense weighed strongly in favor of a stay. *Id.*

The court reached the same conclusion in *Kelley v. Domingue*, No. CV 20-1496, 2021 WL 878510, at *6 (E.D. La. Mar. 9, 2021). There, too, the court considered whether proceeding with a civil action during the pendency of a criminal proceeding would prejudice defendants other than the individual defendant invoking the Fifth Amendment. The court granted a stay, concluding that the other defendants "may be prejudiced if a stay is not granted" because they "plan to rely on a defense that centers around the alleged fault of [the individual defendant]" and "[t]hese defendants may not be able to receive the full extent of discovery they are entitled to in civil matters if [the individual defendant] invokes his Fifth Amendment rights." *Id.*; *cf. Parker v. Dawson,* No. 06-CV-6191(JFB)(WDW), 2007 WL 2462677, at *7 (E.D.N.Y. Aug. 27, 2007) (finding that corporate defendants "cannot adequately defend themselves without the testimony of Dawson; plaintiffs' allegations against [the corporate defendants] are based entirely on the conduct of Dawson himself.").

As in these cases, Skyryse intends to rely on discovery and testimony from other defendants, Pilkington and Kim, in support of its defense; indeed it must, given that the crux of Moog's case is based on the allegation that Kim and Pilkington stole files from Moog and took those files with them when they left Moog to work at Skyryse. If the Court does not grant a full stay of the civil case pending resolution of the criminal investigation, and the individual defendants invoke the Fifth Amendment, Skyryse will be severely prejudiced and deprived of its right to present a full and complete defense. Equally concerning is the draconian possibility that if a stay

is not granted and Pilkington and Kim plead the Fifth Amendment in this action, an adverse inference could be granted against them and imputed to Skyryse as well, resulting in even more severe prejudice to Skyryse, which would be unable even to investigate in discovery, much less present, the exculpatory evidence. *Stamile*, 2011 WL 1754125, at *6 ("all claims against the [moving defendants] are so intertwined with [the individual co-defendant] that the other [d]efendants would be subject to the same adverse inference if the civil action continued," which would "directly and negatively impact[]" defendants). Granting a stay is the only way to avoid such excessively harsh and unfair outcomes.

### B. Granting a stay would promote judicial efficiency.

A stay of this case would also serve the Court's interest in judicial efficiency. (*See* Motion at 12 (citing *LaGuardia*, 435 F. Supp. 3d at 616).) Where, as here, a pending criminal investigation involves the same underlying issues and facts as a parallel civil case, staying the civil case is the most practical and efficient use of judicial resources regardless of whether a defendant pleads the Fifth. *SEC v. Abraaj Inv. Mgmt. Ltd.,* No. 19-CV-3244 (AJN), 2019 WL 6498282, at *3 (S.D.N.Y. Dec. 3, 2019) (finding "that judicial efficiency would be promoted by a stay, because of the factual overlap" between the two cases). This makes sense: after participating in the Government's investigation into facts that are also at issue at the heart of the civil case, the parties will likely be in a better position to streamline the issues to be decided and scope of discovery to be taken here. *SEC v. Alexander*, No. 10-cv-04535-LHK, 2010 WL 5388000, at *5 (N.D. Cal. Dec. 22, 2010) (finding that staying "a parallel civil proceeding in its early stages may prove more efficient in the long-run" because disposition of the criminal action may "narrow the issues and streamline discovery in the civil proceeding"); *see also Stamile*, 2011 WL 1754125, at *7 ("As a whole, the Court sees a stay in this civil action as beneficial to both parties in that it may well narrow the

issues, potentially ignite settlement discussion and save counsel from having to do additional work that would be duplicative.").

A stay also serves the Court's interest in efficiency because it ensures that when the civil action does resume, "subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003); *see also Scottsdale Ins. Co. v. Above Call Sec. & Investigations, Inc.*, No. 21CV1418(NGG)(PK), 2022 WL 125801, at *5 (E.D.N.Y. Jan. 13, 2022) ("[P]iecemeal discovery would undermine judicial efficiency. Justice is better served by staying this proceeding until discovery can resume, free from the Fifth Amendment concerns attending Chandler's criminal case."). Indeed, justice will be best served by the Court letting the Government's investigation play out so when this civil action resumes, it can proceed without jeopardizing the individual defendants' Constitutional rights and without depriving Skyryse of its ability to fairly defend itself.

**C.    Any possible prejudice to Plaintiffs is outweighed by the fundamental rights of Defendants.**

A stay of the instant civil matter will not unfairly prejudice Moog. Although Moog may argue that it prefers to have its case move forward now, any interest it has in expeditiously resolving this action is entitled to far less weight than the important due process and Fifth Amendment interests at stake for the Defendants, as many courts have recognized in similar situations. *Corcoran L. Grp., L.L.C. v. Posner*, No. 09 CIV. 1861 (WHP), 2009 WL 1739702, at *2 (S.D.N.Y. June 10, 2009) ("While Plaintiffs have a legitimate interest in the expeditious resolution of their case ... [t]hese interests ... are trumped by defendants' interests in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case.") (internal cites and quotation marks omitted); *Stamile*, 2011 WL 1754125, at *6 ("[T]his Court finds that the private interests of those defendants directly and negatively impacted

6

by another defendant's choice to invoke his Fifth Amendment privilege (resulting in the same adverse inference as to both) also outweigh any delay or inconvenience.").

Moreover, Moog cannot establish that any delay will be unduly prejudicial because Defendants already have stipulated to the entirety of the preliminary relief Moog requested. (ECF 25, 28.) Delay, in and of itself – without further risk that evidence will be lost or compromised – is not prejudicial. *See Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, No. CIV.A. 11-00785(CCC), 2011 WL 5416058, at *4 (D.N.J. Nov. 4, 2011) ("The mere fact that additional time will pass does not establish prejudice to the Plaintiff."); *see also Gustave v. City of NY*, No. 10-cv-3314(KAM), 2010 WL 3943428, at *3 (E.D.N.Y. Oct. 6, 2010) (holding that a stay "will not unfairly prejudice plaintiffs" because it will "merely delay civil discovery, not prevent it entirely"). And there is no significant risk of evidence being lost while the civil case is stayed, given that the parties have stipulated to an agreement requiring the preservation of their electronically stored information, including on dozens of Skyryse devices and on the individual defendants' personal devices. (ECF 25 at ¶¶ 1-9, ECF 28.) Any concern that relevant evidence will be lost or that memories will fade through the passage of time is also mitigated by the fact that "[t]he active criminal case may help keep witnesses' memories fresh, preserve the testimony of witnesses who later become unavailable, and ensure the retention of important evidence and documents." *Alexander*, 2010 WL 5388000 at *4.

Moog's purported interest in resolving the civil case promptly is also entitled to especially little weight here, where the case is still in the early stages and has only proceeded as far as it has because of Moog's own lack of transparency regarding the criminal investigation and Moog's role in precipitating it. Had Moog been forthcoming with the Court and Defendants at the outset regarding its referral of the case to the United States Attorney's Office, Pilkington and Kim surely

would have appreciated earlier the implications that expedited discovery could have on their Fifth Amendment rights, and raised that issue *before* agreeing to turn over any devices and produce any documents in this action, which would have obviated many of the disputes now before the Court. Instead, Moog was in secret contacts wtih the Government for months, all the while obtaining expedited discovery from Defendants, fully aware that the subject of that discovery overlapped entirely with the Government's co-pending investigation. Moog could have been transparent with the parties and the Court earlier, which would have avoided this exigency, and so Moog should not be heard to complain of any inconvenience or disruption to these proceedings.

**D.      The Court should not stay the discrete proceedings needed to resolve the defendants' pending jurisdiction and venue motions.**

If the Court grants the individual defendants' motion, it should stay all aspects of this case except for any remaining proceedings needed to resolve Skyryse's pending Motion to Dismiss or, Alternatively, to Transfer Venue (ECF 48, amended on May 20, 2022 at ECF 117, supplemented on August 10, 2022 at ECF 224). Alternatively, the Court could resolve that motion first. No further discovery that would impact any defendant's Fifth Amendment rights is needed to resolve these jurisdictional and venue challenges under Rule 12, 28 U.S.C. § 1391(b), or 28 U.S.C. § 1404. Respectfully, the Court should proceed to resolve these threshold issues so all involved will know if and where this case will go forward.

Dismissal or transfer, of course, would have a significant impact on how this action will proceed, including on the instant motion. If the Court transfers this case to the Central District of California (where the United States Attorney's Office is conducting its investigation), or if the Court dismisses it for lack of personal jurisdiction or improper venue and Moog files another complaint there, then any decision to stay the civil action could be decided by a federal court in California. Similarly, if the Court finds cause to dismiss or transfer this action, the transferee court

can resolve what (if anything) is left of Moog's motion for a preliminary injunction, in light of the parties having stipulated to the very relief Moog sought. (ECF 25, 28.) There is no reason these issues must be decided before the Court resolves the pending motion on the predicate questions of jurisdiction and venue.

The parties apparently dispute the impact of Skyryse consenting to this Court's jurisdiction and venue for the limited purposes of stipulations regarding evidence preservation, expedited discovery, and scheduling. (*See* ECF 25, ¶ 11; ECF 33 ¶ 14.) But there is no dispute that when all parties agreed to a schedule and process for expedited discovery and preliminary injunction briefing (a schedule that has long since proven unworkable), they expressly stipulated that, "By agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of the Court for purposes of this stipulated Order *and for no other purpose.* Any and all other *challenges to jurisdiction and venue in the Western District of New York are explicitly preserved*." (ECF 33, ¶ 14.) The Court should stay this entire action, except for the proceedings needed to resolve the pending jurisdiction and venue motions that will directly impact the remainder of the case.

## III.   ANY STAY THE COURT IMPOSES SHOULD APPLY TO ALL PARTIES.

The individual defendants request, as an alternative to a complete stay, that only their own discovery obligations be stayed until Moog identifies its alleged trade secrets. (Motion at 17-21.) While Skyryse agrees with the individual defendants that Moog already has all of the information that it needs to identify its trade secrets, any stay the Court imposes should apply to all parties, not the individual defendants alone. A partial stay only as to the individual defendants would cause "duplication of efforts and waste of resources" by forcing the parties to engage in multiple rounds of discovery, including depositions, during the stay and after. *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). Courts contemplating a partial stay as to a

defendant who is a "central figure" in the case have found that common sense and an interest in efficiency dictate that the entire case be stayed. *Id*. at 41 (finding that because the individual defendants were "the central figures in this case," "a partial stay may lead to duplicative depositions" because once such a stay was lifted, plaintiffs "may need to re-depose individuals in light of the critical testimony [the individual defendants] are likely to give in their depositions."); *see also SEC v. Downe*, 1993 WL 22126 at *14, (S.D.N.Y. Jan. 26, 1993) (granting complete rather than partial stay because a partial stay only as to the "central figure" "would likely result in additional expenses for the parties without expediting the discovery process").

Imposing a partial stay only as to the individual defendants would also prejudice Skyryse's ability to defend itself, for the reasons described above. *See supra* Section II.A; *see also Corcoran L. Grp.*, 2009 WL 1739702, at *2 ("In actions involving corporate defendants, who do not enjoy the same Fifth Amendment privilege, courts stay the action against the corporation where the individual defendant is a central figure in the case, and a partial stay would likely lead to duplicative depositions, or otherwise impair the corporation's ability to adequately defend itself.") A partial stay would also breed confusion and force the Court to referee disputes regarding the implications of ongoing discovery on the individual defendants' Fifth Amendment interests. *SEC v. Platinum Mgmt. (NY) LLC*, No. 16CV6848(DLI)(VMS), 2017 WL 2915365, at *6 (E.D.N.Y. July 7, 2017) ("In proposing a partial stay that would bar any 'testimonial-type activities' that broadly might implicate the Government's or defendants' legitimate interests, it is certain that judicial resources would be required to resolve civil discovery disputes in determining what types of discovery would implicate the Government's or defendants' interests.").

The far more practical and efficient solution is for the Court to grant a complete stay of the civil action pending resolution of the United States Attorney's Office's pending criminal investigation.

## IV.     CONCLUSION

For the foregoing reasons, Skyryse respectfully requests that the Court grant the individual defendants' Motion to Stay (ECF 214).

Dated: August 17, 2022                    /s/ Gabriel S. Gross

**LATHAM & WATKINS LLP**

Douglas E. Lumish (Admitted *Pro Hac Vice*)
Gabriel S. Gross
Arman Zahoory (Admitted *Pro Hac Vice*)
Ryan Banks (Admitted *Pro Hac Vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: doug.lumish@lw.com
        gabe.gross@lw.com

Joseph H. Lee (Admitted *Pro Hac Vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: joseph.lee@lw.com

Julianne C. Osborne (Admitted *Pro Hac Vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
Email: julianne.osborne@lw.com

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Defendant Skyryse, Inc.