# Annabel Mireles

| | |
|---|---|
| **From:** | Anthony Green |
| **Sent:** | Wednesday, July 13, 2022 5:30 PM |
| **To:** | Kazim Naqvi |
| **Cc:** | Daniel Watson; Lai Yip; Nitin Khanna; Jim Vaughn; Kelley.Storey@lw.com; Rena Andoh; Travis Anderson; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt; Waqas Anis; Annabel Mireles; James Salem; Jonathan Karchmer |
| **Subject:** | RE: Moog v. Skyryse |

Kazim,

We do not agree with Moog's attempts to apply asymmetrical time frames to the scope of discovery. Nor do we agree with Moog's argument for distinguishing the matters.  Please remember that we participated in the meet and confer you are referencing.

To repeat a common refrain throughout this dispute: this is an issue of Moog's own creation due to its refusal to identify the trade secrets at issue with any degree of practical specificity.  From Moog's last email, we interpret Moog's position as, "the trade secrets at issue have existed since, at least, 2013.  As a result, the period of 2013 to the date the individual defendants left Moog is relevant."  If this is incorrect, Moog needs to explain why such an expansive period prior to the creation of the alleged trade secrets at issue is relevant.

Regardless, we do not believe that Moog has consistently advocated for this position.  During the meet and confer referenced, had Moog stated the trade secrets Defendants are accused of misappropriating existed in 2013, then the entire period would plainly be relevant to Defendants' joint discovery requests.  Moog's lack of candor to lessen its burden of production and withhold potentially relevant materials is deeply concerning.   Be advised that pending Moog's identification of the trade secrets at issue, the Individual Defendants reserve the right to seek supplementation of Moog's document production to correspond with the actual period relevant to this dispute.  Likewise, if Moog does not supplement its production accordingly, the Individual Defendants reserve the right to seek appropriate sanctions including that Moog be precluded from offering evidence or testimony concerning such improperly truncated period.

Subject to Moog's confirmation concerning the relevant period, there are still several practical issues to work through.  Moog has not responded to our request that it provide "phone numbers and personal email addresses for any current/former Moog employee during whatever period Moog proposes." This is important because some of the communications at issue are stored without any named contact aside from the phone number or email address at issue. Likewise, for some of the messages the content does not provide any identifiable information of the sender/recipient. Moog's cooperation in identifying individuals, phone numbers, or email address that could potentially form responsive communications (of very questionable relevance) is paramount to completing this task in any reasonable time frame.   As it stands, given the voluminous breakdown we previously provided as to the communications on the devices, we estimate that it will take approximately three weeks to sift through the hundreds of thousands of irrelevant personal communications to determine what must be produced pursuant to the order.

Best,

Anthony

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP

45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** **|** M (917) 837-1781

**Connect with us**



**WSSLLP.com | Mailing List**



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Wednesday, July 13, 2022 12:22 AM
**To:** Anthony Green <green.a@wssllp.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Anthony,

Your statement that "[t]here is nothing that implicates this period in Moog's complaint" is just not true. The Complaint alleges that Mr. Pilkington was employed by Moog from July 2012 through November 2021. (Comp., ¶¶ 12, 48). It also alleges that Ms. Kim was employed by Moog from January 2013 through December 2021. (Comp., ¶¶ 13, 48). It alleges in several places that Moog has developed certain of the flight control programs at issue (and that were misappropriated by your clients) over the past 15 years. (Comp., ¶¶ 27, 35, 37, 51, 52, 148). So, the time period of 2013 to present is certainly discussed and implicated in the Complaint.

The example you provided regarding Moog's production of project-related documents for automated helicopter flight going back five years makes no sense. This was in response to a Skyryse discovery request, **which was limited in time to the past five years by Skyryse pursuant to meet and confer**. The Parties agreed on the appropriate time frame. The request at issue also relates to Moog's projects in automated helicopter flight, not its development of flight control software which, as described above, is expressly alleged to go back at least 15 years. Moog's flight control software and programs are what have been misappropriated by your clients. The example you provide has no bearing on this current dispute.

Further, in response to your question, Ms. Kim and Mr. Pilkington began working on certain of the flight control programs at issue (and that were misappropriated by your clients) beginning in 2013. Indeed, the Complaint expressly alleges that "Pilkington and his team built eRTOS beginning in 2013." (Comp., ¶ 53). eRTOS is one of the programs from which large volumes of files were copied and misappropriated. (Comp., ¶ 117).

Unless you immediately advise otherwise based on this additional information, we understand we are at an impasse and will raise this issue with Judge McCarthy.

Thank you,
Kazim


**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Anthony Green <green.a@wssllp.com>
**Sent:** Tuesday, July 12, 2022 11:13 AM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Kazim,

2013 is still a lengthy expansion of the relevant period**.** There is nothing that implicates this period in Moog's complaint. Indeed, we have proposed the entire year of 2021 when only the Winter of 2021 has any relevance to the allegations in the Complaint. In our view, we have already covered an expansive period beyond what is implicated in the complaint.

By contrast, we note that Moog's production as to project-related documents has not extended beyond five (5) years prior to the complaint's filing. This five-year period is based on Moog's allegations concerning Skyryse's purported unfair competition and raid on Moog employees, but not the allegations concerning any supposed misappropriation by the Individual Defendants. If Moog sincerely believes the relevant period vis-à-vis the Individual Defendants begins in

3

2013, it must supplement its production and responses. Would you tell us the date when each of Alin Pilkington and Misook Kim began working on the specific project from which purported trade secrets were allegedly misappropriated? That information might facilitate these discussions.

At this time, Moog's request for a certification is not practical because Moog has not identified the non-public information for which we are supposed to be searching.  We have no basis to believe the balance of the Moog's proposed period contains "Moog non-public information" relevant to this dispute; but also, no way to certify as such because Moog has not defined such term with any practical degree of specificity.  To even begin what Moog has requested, we would need to know phone numbers and personal email addresses for any current/former Moog employee during whatever period Moog proposes.

As is, Moog's demand is merely creating a heavy burden without any apparent purpose. We maintain that any pre-2021 communications would necessarily be private based upon the allegations in the complaint. Again, this is the complaint Moog drafted following, we would sincerely hope, a good faith investigation into the matter. To that end, the Individual Defendants have satisfied their obligations by turning over the devices.  If relevant Moog information exists from the excised period, there is no risk of spoliation.  If a need to search such excised period ever arises, we can always revisit this discussion.  We believe this is the best way to reduce the cost and burden to all our clients.

Best,

Anthony


**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** | M (917) 837-1781

**Connect with us**



**WSSLLP.com | Mailing List**



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Monday, July 11, 2022 2:45 PM
**To:** Anthony Green <green.a@wssllp.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Counsel:

It has been 10 days since our July 1 e-mail on this issue, and we have not heard a response. We need to understand if we are at an impasse or not, and the Individual Defendants have an obligation to meet and confer if our proposal below is not agreeable. Please advise.

Thank you,
Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Kazim Naqvi
**Sent:** Thursday, July 7, 2022 11:49 AM
**To:** 'Anthony Green' <green.a@wssllp.com>
**Cc:** 'Daniel Watson' <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; 'Nitin Khanna' <nkhanna@idsinc.com>; 'Jim Vaughn' <JVaughn@idsinc.com>; 'Kelley.Storey@lw.com' <Kelley.Storey@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; 'msubjeck@hodgsonruss.com' <msubjeck@hodgsonruss.com>; 'rfluskey@hodgsonruss.com' <rfluskey@hodgsonruss.com>; 'SKYRYSEMOOG.LWTEAM@lw.com' <SKYRYSEMOOG.LWTEAM@lw.com>; 'tflynn@harrisbeach.com' <tflynn@harrisbeach.com>; 'Alexander Truitt' <truitt.a@wssllp.com>; 'Waqas Anis' <wanis@idsinc.com>; 'Annabel Mireles' <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; 'Jonathan Karchmer' <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Counsel:

I am following up on my e-mail and proposal below. Please advise.

Thank you,
Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

---

**From:** Kazim Naqvi
**Sent:** Friday, July 1, 2022 4:34 PM
**To:** 'Anthony Green' <green.a@wssllp.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Anthony:

We are not taking a "highly expansive interpretation" of the March 11 Stipulation and Order. We are simply relying on the language of the March 11 Order which the Individual Defendants stipulated to. The Individual Defendants agreed to turn over all electronic devices they used in the past year as part of that stipulation and order. The Individual Defendants agreed to a process to complete privilege and privacy review by June 24. You have not and cannot point to any Court order, e-mail, or anything else that allows a party to wholesale excise materials from devices turned over to iDS for any reason other than for privilege and privacy. Indeed, both Moog and Skyryse have turned over devices with large volumes of files and have not excised materials based on relevance or time period. Any objections you are now raising are due to the very process that the Individual Defendants consented to.

We also take issue with the statement that Moog has committed "deviations from the Order." Your e-mail below identifies none.

Regardless, thank you for articulating your volume concerns with concrete information. It is helpful for us to evaluate the issue. Based on the volume articulated, we are prepared to consider the balance of relevance against proportionality and burden in this regard. However, the Individual Defendants' proposal of only keeping communications from 2021 to present is far too narrow and improper. Under the March 11 Order, Defendants are required to turn over all Moog non-public information. The Individual Defendants started working at Moog in 2013. Thus, at minimum, the time period for which there can be no excision is from 2013 to present. It is evident, based on the chat communications already produced by your office, that Kim and Pilkington frequently communicated on a daily basis regarding Moog non-public information and source code. It is highly likely if not certain that there are communications going back to 2013 that Pilkington and/or Kim had access to after commencing employment with Skyryse that contain and discuss Moog non-public information and source code.

We propose that the excision from the below-referenced devices be limited to before January 1, 2013. The proposal of 2021 to present is improper unless you can certify, without equivocation, that there exists no Moog non-public information on any communications prior to 2021. Please confirm your agreement to 2013 to present.

Best,
Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Anthony Green <green.a@wssllp.com>
**Sent:** Thursday, June 30, 2022 8:36 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Kazim,

Moog has offered no reason why we should adopt Moog's highly expansive interpretation of the Stipulation and Order. Interpretation of the Order must involve consideration of its purpose and rationality, as well as the parties' obligations in discovery balancing potential relevance against proportionality and burden. With those guiding principles, the Order must be interpreted as we have.

Would Moog contend that the Order entitles it to discovery of information, regardless of its age or any semblance of relevance? Such position would be blatantly hypocritical, since Moog has sought to impose these limits on the Defendants' joint discovery requests. Moog's deviations from the Order when it suits its purpose, while insisting on strict compliance with its erroneous interpretations of the Order against others establishes that Moog's position is disingenuous and indefensible.

There is nothing in the Complaint the implicates any pre-2021 conduct on the part of the Individual Defendants. Moog has not responded to our salient point that anything prior to the relevant time period would necessarily be personal or private and, therefore, has been properly excised on that basis. As stated in my previous email, if Moog would provide any explanation as to why earlier communications could be relevant, the Individual Defendants would consider it in good faith.

To further illustrate the reason why excising such information is proper, consider that we are referring to the following specific devices and communications:

(1) iPad A1652, SN: DLXR3L7PGMW3: contains **230,213** iMessage/text message dating back to 2012;
(2) iPhone 13 or 12: contains **33,259** iMessage/text message dating back to 2015;
(3) MacBook Pro A1502, SN: C02P702TFVH9: contains **2,466** iMessage/text message dating from 2019, and **10,270** email attachments and **83,392** emails dating back to 1992;
(4) iPad A1459, SN: DMPJLOTCF18C: contains **299,129** iMessage/text message dating back to 2007; and
(5) MacBook Pro A19990 SN: C02XG6PHJH6: contains **12,153** emails dating back to 1994.

Moog cannot seriously argue that information dating back one or two decades is discoverable. Consequently, Moog must acknowledge that there is some date before which communications are clearly not discoverable. If Moog is ready to provide a common-sense explanation as to why that date should not be January 1, 2021 as to the Individual Defendants, , we are ready to hear it. To be clear, we have only excised communications prior to 2021, not any documents or data on the Individual Defendants' devices pre-2021, which have been made available for Moog's review.

We also reject any implication that our clients have done less than the other parties to meet deadlines in this case. This action incurred significant of delays simply because Moog could not get the proper laptops to IDS. Not only have we met deadlines that other parties did not, but the parties have been repeatedly adjusting deadlines after the fact, which we

incidentally agree with, as a matter of professional courtesy and with the understanding that unforeseen circumstances occur. In no way have we unfairly impacted your client's interests, certainly not at any point since my firm first appeared.

Take care,

Anthony

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** **|** M (917) 837-1781

**Connect with us**



**WSSLLP.com | Mailing List**



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Thursday, June 30, 2022 5:47 PM
**To:** Anthony Green <green.a@wssllp.com>

**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Anthony:

You are correct that the March 11 Order requires the Individual Defendants to turn over electronic devices they have used in the past 12 months. That does not mean that information contained on such devices that pre-dates 2021 is not relevant to the case. Nowhere, including the March 11 Order or any other stipulation or Court order, did Moog or any other party acknowledge or concede that pre-2021 communications are not relevant. Nothing permits the Individual Defendants to broadly excise documents based on time periods.  The Individual Defendants are unilaterally deciding what is relevant and what should be excised, in contravention of the orders and procedures in place. The Inspection Protocol and June 2 stipulation and order (ECF 137) are unambiguous that the Individual Defendants' excision of information is limited to privacy and privilege. If the review/production of pre-2021 communications was a legitimate concern to Individual Defendants, this issue should have been raised to the Parties and Court a long time ago, and well before the June 2 stipulation was signed and entered by the Court.

Moreover, the June 2 stipulation and order requires the Individual Defendants' privilege and privacy review to be completed by June 24. That has evidently not occurred, in contravention of the June 2 stipulation and order. While we appreciate that the Individual Defendants may have volume concerns in connection with its privilege/privacy review, these issues also should have been raised a long time ago.

Regardless, given where we are with iDS and the volume of information to review, we are prepared to work with you on a schedule to complete the remaining privacy/privilege review for the below-referenced devices. We are amenable to pre-2021 communications being temporarily excised from the below-referenced devices while the Individual Defendants complete the belated and untimely privilege and privacy review. Please provide a target date when you expect the privilege/privacy review to be completed.

Thank you,
Kazim


**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

---

**From:** Anthony Green <green.a@wssllp.com>
**Sent:** Thursday, June 30, 2022 7:57 AM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

Kazim,

The March 11, 2022 Order states that the devices to be turned over are those that have been used in the past twelve months and/or year. *See* ¶¶ 4, 6 thereof. In doing so, the parties acknowledged that the relevant time period, as it relates to review of information contained within the Individual Defendants' devices, is one year prior to the Order. The Individual Defendants are not proposing excising information **during the relevant time period** on any basis other than for privilege or private information and, indeed, have not excised information on any other basis.

Moreover, there is no allegation in the Complaint that implicates any action or inaction by the Individual Defendants prior to that time period, thereby rendering any pre-2021 communications necessarily private and personal. There is no basis for such a boundless intrusion into the private lives of the Individual Defendants nor justification for the undue burden and delay such intrusion would cause.

If Moog believes there is an alternative date that would serve as a better cut off, please let us know the basis for making that determination. We will consider it in good faith. To reiterate, we are not going to withhold relevant documents or declare otherwise relevant documents undiscoverable. That said, until there is any indication that pre-2021 communications are relevant to this dispute, they should be excised from the laptops.  If a need subsequently appears to exist, we can repeat what we have done with the post 2021 communications and release it to the parties.

Regardless of where we or the Court lands on this issue, however, all pre-2021 communications must be excised from the previously listed devices for the time being, since we will need to review them for privilege or private information, while the remainder of the contents on these devices is made available for Moog's review.

Regards,

Anthony

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** **|** M (917) 837-1781

**Connect with us**



**WSSLLP.com** | **Mailing List**



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR,

PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Thursday, June 30, 2022 12:44 AM
**To:** Anthony Green <green.a@wssllp.com>
**Cc:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kelley.Storey@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; msubjeck@hodgsonruss.com; rfluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** Re: Moog v. Skyryse

Anthony:

Moog objects and does not consent to the Individual Defendants' blanket request to remove all pre-2021 communications from the referenced devices. There is no basis to request the removal of potentially relevant evidence. The Inspection Protocol and the Parties' June 2 Stipulation and ensuing court order (137) only contemplate and permit the excision of privileged and/or private information from the electronic devices of the Individual Defendants. Nowhere are any parties permitted to excise documents for any other basis. Indeed, if the Parties were permitted to excise documents based on potential relevance, then both Moog and Skyryse could have and likely would have done so.

The Individual Defendants, and iDS, are not permitted to excise any information from the Individual Defendants' other than for privilege or privacy. A Court order would be required before any such action takes place.

Thank you,

Kazim

> On Jun 29, 2022, at 12:47 PM, Anthony Green <green.a@wssllp.com> wrote:

Counsel and iDS:

In connection with my previous email below, attached is an updated list of additional files we have identified that must be excised from the forensic images of the following devices: (1) the iPhone XS; (2) iPad A1652, SN: DLXR3L7PGMW3; (3) iPhone 13 or 12; and (4) MacBook Pro A1502, SN: C02P702TFVH9. In addition, we have attached a log of the documents that we have identified to be excised, pursuant to the Court's Order, which specifies the device, file names, date, brief description of the file contents, and file path. Once the identified files have been excised, these devices can be made available for review, pursuant to the Protective Order.

Additionally, all pre-2021 iMessage, text message, and email communications, should be removed from these four devices, in addition to those from the iPad A1459, SN: DMPJLOTCF18C and MacBook Pro A19990, SN: C02XG6PHJH6.

Best,

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** **|** M (917) 837-1781

### Connect with us

**WSSLLP.com | Mailing List**

PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Anthony Green
**Sent:** Friday, June 24, 2022 8:09 PM
**To:** Daniel Watson <dwatson@idsinc.com>; Lai Yip <LYip@sheppardmullin.com>; Nitin Khanna <nkhanna@idsinc.com>; Jim Vaughn <JVaughn@idsinc.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Kelley.Storey@lw.com
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; MSubjeck@hodgsonruss.com; RFluskey@hodgsonruss.com; SKYRYSEMOOG.LWTEAM@lw.com; tflynn@harrisbeach.com; Alexander Truitt <truitt.a@wssllp.com>; Waqas Anis <wanis@idsinc.com>; Annabel Mireles <mireles.a@wssllp.com>; James Salem <JSalem@sheppardmullin.com>; Jonathan Karchmer <JKarchmer@idsinc.com>
**Subject:** RE: Moog v. Skyryse

iDS and Counsel:

We hereby provide you with an update as to the Individual Defendants' devices. Attached is an updated list of additional files we have identified that must be excised from the forensic images of the following devices: (1) iPad A1459, SN: DMPJLOTCF18C; (2) MacBook Pro A19990 SN: C02XG6PHJH6; and (3) iPad A1584. In addition, we have attached a log of the documents that we have (thus far) identified to be excised, pursuant to the Court's Order, which specifies the device, file names, date, brief description of the file contents, and file path. Once the identified files have been excised, these devices can be made available for review, pursuant to the Protective Order.

However, the four devices listed below contain some Skyryse data. Other than two personal files on the first device that we have identified as requiring excision, the Individual Defendants have no personal objection to these devices being made available for review, but we still need information from Skyryse as to any potentially confidential data they may request to be excised from these devices. As such, we request that Skyryse please provide us with such information at its earliest convenience.

1. Buffalo External HD SSD, SN: 40608110534064 (2 personally private files to excise)
2. Buffalo External HD SSD, SN: 40608120102352
3. LG Gram Model: 169TOP, SN: 110QCWC563905
4. Samsung Portable SSD, SN:SSSXNSOR700159M

Next, we are having issues reviewing the following five devices: (1) iPhone XS; (2) iPad A1652, SN: DLXR3L7PGMW3; (3) iPhone 13 or 12; (4) Verbatim USB Flash Drive; and (5) MacBook Pro A1502, SN: C02P702TFVH9. The Verbatim device is the same device (E0010) that iDS has also not been able to access. We have continued to search for and provide possible passwords to the device to no avail. We are continuing to try to gain access to this device, but at this time we cannot say whether it contains any private or privileged data or whether and when we might be able to access it.

As to the remaining four devices (i.e., the iPhone XS; iPad A1652, SN: DLXR3L7PGMW3; iPhone 13 or 12; and MacBook Pro A1502, SN: C02P702TFVH9), we expect to have access for review shortly and we will further supplement our log and instructions as to excising data, by no later than Wednesday, June 29. However, as we have seen on at least one iPad, these devices contain hundreds of thousands of iMessage, text message, and email communications, dating back to at least 2010. Accordingly, in addition to our review from the 2021 period to present, iDS should excise all iMessages, text messages and email communications dating from prior to 2021. Since there are no allegations in the Complaint that the Individual Defendants engaged in any wrongful conduct within any time period prior to January 1, 2021, such communications could not possibly be relevant and a comprehensive review thereof would impose a disproportionate and undue burden in cost and time, as well as unnecessarily delay review of any potentially relevant contents of the devices.

Regards,

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E **Green.A@wssllp.com** **|** M (917) 837-1781

**Connect with us**


**WSSLLP.com | Mailing List**

PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.