# Exhibit C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG INC.,<br><br>                  Plaintiff,<br><br>   v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,<br><br>                  Defendants. | Civil Action No. 1:22-cv-00187-LJV-JJM<br><br>**DECLARATION OF JERI ROUSE LOONEY IN SUPPORT OF SKYRYSE'S REPLY IN SUPPORT OF MOTION TO DISMISS, OR ALTERNATIVELY, TO TRANSFER VENUE** |

1

I, Jeri Rouse Looney, declare as follows:

1. I am over the age of eighteen and competent to make this Declaration. The facts stated in this Declaration are within my personal knowledge, and they are true and correct. If called to testify as a witness, I could testify to these facts truthfully.

2. I am the General Counsel of Skyryse, Inc. and work in El Segundo, California. I have been employed with Skyryse since July 28, 2021.

3. I was actively involved with Skyryse's outside counsel in the process of negotiating, reviewing, and revising the stipulations that were the subject of negotiations between counsel for Moog, counsel for Skyryse, and the individual defendants regarding evidence preservation, expedited discovery, and scheduling. (ECF 25, 33.)

4. From the outset of this case, Skyryse has believed that Moog filed its complaint in the wrong court. As Skyryse has explained in separate briefing at my instruction and with my approval, Skyryse believes this Court lacks personal jurisdiction, is an improper venue for this particular matter, and that if the Court does not dismiss Moog's complaint for these reasons, it should transfer it to the Central District of California, and the merits of this case should be resolved there. Nonetheless, given the seriousness of Moog's accusations and the urgency with which it claimed to need relief, Skyryse worked in good faith with Moog and stipulated to certain procedures to begin discovery and the early stages of this case quickly, even before the Court had resolved Skyryse's jurisdictional and venue challenges.

5. With my review and approval, Skyryse stipulated to such things as preserving relevant documents, delivering certain information to Moog, commencing discovery, and setting a schedule for briefing and a hearing on Moog's request for a preliminary injunction. (ECF 25, 33.)

6.      While Skyryse was willing to enter into these procedural stipulations, Skyryse also expressly reserved and did not waive its right to challenge jurisdiction or venue. At my instruction and repeated insistence, Skyryse made explicit its reservation of rights so those threshold issues could be resolved without delay.

7.      To this end, at my instruction, Skyryse's counsel ensured that the procedural stipulations contained language expressly preserving Skyryse's jurisdiction and venue challenges. For example, the parties stipulated that "[b]y agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of the Court for purposes of this stipulated Order only *and for no other purpose*." (ECF 33, ¶ 14; ECF 25, ¶ 11 (emphasis added).) As I believe is clear on its face, this language conveys that Skyryse limited its consent to jurisdiction and venue only for the purposes of these procedural stipulations, and for no other purpose such as resolving any claims or motions on their merits. The parties also stipulated that "[a]ny and all other *challenges to jurisdiction and venue* in the Western District of New York are *explicitly preserved*." (ECF 33, ¶ 14 (emphasis added).) I cannot think of a clearer way for Skyryse to preserve and not waive its challenges to jurisdiction and venue than by saying they are "explicitly preserved."

8.      Skyryse consented to jurisdiction and venue only for purposes of administering these procedural stipulations. Skyryse never intended to, and did not in my view, waive its right to have its jurisdictional and venue challenges resolved promptly, so that if this Court grants Skyryse's motion to dismiss or transfer, any further proceedings—including on Moog's preliminary injunction motion—can be heard by another court.

9.      In fact, this exact question came up during the negotiations of the March 11 stipulation. In a draft of the stipulation Moog's counsel sent to Skyryse's counsel on March 10, Moog proposed the following addition:

3

> "The parties stipulate that any objections or arguments regarding the jurisdiction of this Court are preserved until after the hearing on Plaintiff's Motion for Preliminary Injunction takes place and after a final ruling is issued by the Court. The issuance of this stipulated Order, as well as any subsequent Preliminary Injunction, shall not be impacted by any objections or arguments regarding the jurisdiction of this Court."

(March 10, 2022 Draft of the March 11 Stipulation (ECF 25) circulated by counsel for Moog, at ¶ 11.)

10. A true and correct copy of Moog's March 10, 2022 draft is attached hereto as Exhibit 2.

11. At my instruction, counsel for Skyryse rejected this language in ¶ 11. A true and correct copy of Skyryse's March 10, 2022 draft is attached hereto as Exhibit 3. Skyryse explained when it rejected Moog's proposed language that it would not agree to waive its personal jurisdiction and venue challenge through the preliminary injunction hearing.

12. On or around May 4, Skyryse's counsel reminded Moog's counsel that Skyryse had not waived any of its rights as to its jurisdictional and venue challenges and had stipulated only to move this case along until those challenges were resolved. In a letter dated May 4 which I personally reviewed and approved, Skyryse's prior counsel of record reminded Moog that "Skyryse's ongoing investigation has no bearing on its requested relief in its Motion to Dismiss for Lack of Jurisdiction and/or Improper Venue—the Western District of New York lacks personal jurisdiction over Skyryse, is an improper venue, and this case should be transferred to California." (ECF 142-5 at 10.) To my knowledge, until very recently Moog and its counsel never disagreed or disputed that Skyryse had reserved its jurisdictional and venue challenges, or suggested that Moog had any different view of the situation.

13. I understand that recently, in email exchanges among counsel and the Court and in its recent filings, Moog has taken the position that Skyryse knowingly waived its right to challenge jurisdiction and venue for purposes of Moog's motion for a preliminary injunction. This is not

4

true.  First, the stipulations contain no such waiver, as I discuss above, and in negotiating and drafting them, Skyryse specifically rejected Moog's attempts to include such a waiver.  Second, Moog falsely attributes a state of mind to Skyryse that it never had.  (*See* Supplemental Opp., ECF 239, at 5 ("Skyryse was well aware of what it was waiving when it entered into the Stipulations.").)  To the contrary, under my counsel and guidance, Skyryse never intended to, and did not, waive any such rights and was not "well aware" of any such waiver because it did not occur.  Skyryse had consented to jurisdiction and venue only for the limited purposes of the procedural stipulations, and not for any other purpose regarding the merits of this action.

14.     I understand that Moog has suggested that Skyryse's former outside counsel from Gibson Dunn knowingly waived Skyryse's rights on this issue, and that Skyryse's counsel of record from Latham & Watkins should know and be bound by this.  (*See* Ex. 1, a true and correct copy of email correspondence between counsel for Moog, counsel for Skyryse, and the Court on August 11-12, 2022.)  This is also untrue.  I was involved with the negotiation and drafting of the stipulations at issue and worked closely with both outside law firms before and after those stipulations signed.  Skyryse and its outside counsel, from both firms, have uniformly understood that Skyryse never waived its right to challenge jurisdiction and venue for any purpose other than administering the procedural stipulations, and they have acted accordingly.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Dated: August 23, 2022

*[signature]*

**JERI ROUSE LOONEY**