# Exhibit 1

| | |
|---|---|
| **From:** | Jeremiah McCarthy <Jeremiah_McCarthy@nywd.uscourts.gov> |
| **Sent:** | Friday, August 12, 2022 9:28 AM |
| **To:** | Rena Andoh; Gross, Gabriel (Bay Area); NYWDml_McCarthy PpO |
| **Cc:** | Travis Anderson; Lai Yip; Tyler Baker; Kazim Naqvi; MSubjeck@hodgsonruss.com; rdutta_hodgsonruss.com; RFluskey@hodgsonruss.com; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; Storey, Kelley (DC); Zahoory, Arman (Bay Area); 'truitt.a@wssllp.com'; 'green.a@wssllp.com'; William Hayes |
| **Subject:** | RE: Moog/Skyryse - 22-cv-187 |

Folks - All of you need to ease up on the e-mails, because there's a limit to what I (or my law clerks) can process at one time. Plus, anything that could underlie any decisions which I make should be part of the formal record. On August 25, we will argue motions [47, 48, 226, 228 and 229].

With regard to the dismissal/venue motions, while I will keep an open mind, as I sit here today I am having difficulty in seeing how the Stipulations [25, 33] could *reasonably* be interpreted to contemplate the preliminary injunction hearing taking place in a court other than the WDNY – irrespective of where the remainder of the case will proceed. Therefore, any filings which I have already directed to be made will not be deferred. A Text Order will follow.

By the way, it is my understanding that if the preliminary injunction hearing is held in this court, it will be held before Judge Vilardo, notwithstanding his dispositive referral to me.



Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202
TEL: (716) 551-1880
FAX: (716) 551-1885

---

**From:** Rena Andoh <RAndoh@sheppardmullin.com>
**Sent:** Friday, August 12, 2022 8:50 AM
**To:** Gabe.Gross@lw.com; NYWDml_McCarthy PpO <mccarthy@nywd.uscourts.gov>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; MSubjeck@hodgsonruss.com; rdutta_hodgsonruss.com <rdutta@hodgsonruss.com>; RFluskey@hodgsonruss.com; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; Kelley.Storey@lw.com; Arman.Zahoory@lw.com; 'truitt.a@wssllp.com'; 'green.a@wssllp.com'
**Subject:** RE: Moog/Skyryse - 22-cv-187

**CAUTION - EXTERNAL:**

Dear Magistrate Judge McCarthy,

There is no dispute that the Defendants agreed to the Court's jurisdiction for purposes of enforcing everything contained in the March 11 Order. (*See* Paragraph 11 of the March 11 Order, attached here for ease of reference). Those contents include a complete briefing schedule and hearing date for Moog's preliminary injunction

1

motion.  (*See* Paragraph 10.)  The parties also agreed that the March 11 Order would remain in place until a final hearing on the merits is issued following a full hearing on Moog's preliminary injunction motion.  (*See* Paragraph 12.)  The letter and intent of the March 11 Order is clear.

While Latham was not counsel of record at the time that the March 11 Order was negotiated, they are equally as bound by it as their predecessor counsel Gibson Dunn.

To expand slightly on the above, the March 11 Order expressly states that:

1. "By agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of this Court for purposes of this stipulated Order only and for no other purpose"; (Paragraph 11) and
2. "[R]emain in effect until a hearing on Plaintiff's Motion for Preliminary Injunction takes place and a final ruling on the merits is issued."  (Paragraph 12)

I note that Mr. Gross did not quote paragraph 12 of the March 11 Order in his email, but in fact, paragraph 12 was put in place after extensive negotiation between the parties specifically to make clear that any challenge to jurisdiction or venue would not impact the validity and enforceability of everything contained in the March 11 Order.

Moreover, Mr. Gross also ignores Paragraph 10 of the March 11 Order, which contains the original briefing and hearing schedule for the Preliminary Injunction.  It could not be more plain that that parties were agreeing that the briefing and hearing would occur within the Western District of New York.  By agreeing to the Court's jurisdiction in the March 11 Order, they were agreeing that the events dictated by Paragraph 10 were necessarily subject to this Court's jurisdiction.

While Skyryse reserves the right to challenge jurisdiction and venue – and they did, when they filed their jurisdiction and venue motion to dismiss on March 29 – it has been uncontested from the start of this case that this Court retains jurisdiction over:

1. Expedited discovery prior to the preliminary injunction hearing; and
2. The hearing on the motion for preliminary injunction and a final ruling on the merits.

Skyryse is seeking to create chaos with respect to the TRO and expedited discovery where none should exist.  Whatever the outcome of their motion to transfer venue, all of the contents of the March 11 Order remain in full force and effect under the auspices of the Western District of New York – which for lack of confusion, includes the requirement that a neutral forensic vendor (iDS) be retained and a protocol for searching the devices and data turned over to iDS be entered into.  That protocol, which is instructed by the March 11 Order, includes the production requirement that Skyryse is refusing to comply with.  Skyryse agreed to be bound by this Court for these purposes, and Moog requires access to the produced iDS materials in compliance with the Court's order regarding trade secret identification.

We thank the Court for its consideration.

Respectfully submitted,
Rena Andoh

**Rena Andoh**
+1 212-634-3092 | direct
RAndoh@sheppardmullin.com | Bio

**Sheppard**Mullin
30 Rockefeller Plaza
New York,  NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

2

**From:** Gabe.Gross@lw.com <Gabe.Gross@lw.com>
**Sent:** Friday, August 12, 2022 12:07 AM
**To:** mccarthy@nywd.uscourts.gov
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; MSubjeck@hodgsonruss.com; rdutta@hodgsonruss.com; RFluskey@hodgsonruss.com; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; Kelley.Storey@lw.com; Arman.Zahoory@lw.com; 'truitt.a@wssllp.com'; 'green.a@wssllp.com'
**Subject:** RE: Moog/Skyryse - 22-cv-187

Dear Magistrate Judge McCarthy:

We are reticent to burden the Court further, but it is important that we correct the record in response to Moog's inaccurate description of the March 11 Stipulated Order in Mr. Fluskey's email. Skyryse never consented to jurisdiction and venue for the preliminary injunction motion, as Moog's incomplete quotations imply. The complete quote, including the language in red that was omitted below, shows that the opposite is true, and that the purpose of the relevant language was to preserve Defendants' right to <u>contest</u> jurisdiction and venue notwithstanding Skyryse's good-faith attempt to work cooperatively with Moog to push this case forward until the jurisdiction and venue challenges have been resolved. Neither stipulation contemplates, or even references, the Court "maintaining" jurisdiction if the case is dismissed or transferred.

> *Compare* Moog's email of today (". . . the Stipulated Orders on March 11 and March 17 provide that this Court is to maintain jurisdiction and venue for purposes of the March 11 Stipulated Order <u>and Moog's Motion for Preliminary Injunction</u>") (emphasis added) *with* ECF 25, § 11 ("By agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of this Court for purposes of this stipulated Order **only and for no other purpose**") and ECF 33, § 14 ("By agreeing to this Stipulated Order, Defendants consent to the jurisdiction and venue for purposes of this Stipulated Order **only and for no other purpose. Any and all other challenges to jurisdiction and venue in the Western District of New York are explicitly preserved.**") (emphasis added).

In addition, Moog has not identified an actual emergency that requires immediate attention, another round of briefing, or expedited briefing yet again, especially in light of your Honor's comments that the Court intends "to give top priority to deciding defendants' pending motions for dismissal or transfer of venue." Aug. 10, 2022 email. The status quo has not changed: Moog maintains access to all Skyryse devices held by iDS, Moog's review remains ongoing, and the remainder of the issues raised in Moog's "emergency motion" can be addressed after the Court decides whether jurisdiction and venue are proper in this District.

In the same vein, and further to your comments about prioritizing the jurisdiction and venue motion, would the Court prefer that the parties hold off on submitting the following until jurisdiction and venue are determined?:

- Responses to Moog's Motion to Compel Discovery Necessary for Further Trade Secret Identification (Due Wednesday, August 17, 2022);
- Responses to the Individual Defendants' Motion to Stay (Due Wednesday, August 17, 2022); and;
- Skyryse's response to Moog's submission filed today to in violation of the stay to compel the production of documents.

Respectfully submitted,

**Gabriel S. Gross**
Pronouns: he/him/his

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.463.2628 | M: +1.650.868.4223

**From:** Jeremiah McCarthy <Jeremiah_McCarthy@nywd.uscourts.gov>
**Sent:** Thursday, August 11, 2022 2:24 PM
**To:** Fluskey Jr., Robert J. <RFluskey@hodgsonruss.com>
**Cc:** 'Rena Andoh' <RAndoh@sheppardmullin.com>; 'Travis Anderson' <TAnderson@sheppardmullin.com>; 'Lai Yip' <LYip@sheppardmullin.com>; 'Tyler Baker' <TBaker@sheppardmullin.com>; 'Kazim Naqvi' <KNaqvi@sheppardmullin.com>; Subjeck, Melissa N. <MSubjeck@hodgsonruss.com>; rdutta_hodgsonruss.com <rdutta@hodgsonruss.com>; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; Storey, Kelley (DC) <Kelley.Storey@lw.com>; Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; 'truitt.a@wssllp.com'; 'green.a@wssllp.com'; NYWDml_McCarthy PpO <mccarthy@nywd.uscourts.gov>
**Subject:** RE: Moog/Skyryse - 22-cv-187

Rob - I will review this. In the future, please address all e-mails to my chambers rather than to me individually, so I can be sure that my staff gets them as well.



Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202
TEL: (716) 551-1880
FAX: (716) 551-1885

---

**From:** Fluskey Jr., Robert J. <RFluskey@hodgsonruss.com>
**Sent:** Thursday, August 11, 2022 4:49 PM
**To:** Jeremiah McCarthy <Jeremiah_McCarthy@nywd.uscourts.gov>
**Cc:** 'Rena Andoh' <RAndoh@sheppardmullin.com>; 'Travis Anderson' <TAnderson@sheppardmullin.com>; 'Lai Yip' <LYip@sheppardmullin.com>; 'Tyler Baker' <TBaker@sheppardmullin.com>; 'Kazim Naqvi' <KNaqvi@sheppardmullin.com>; Subjeck, Melissa N. <MSubjeck@hodgsonruss.com>; rdutta_hodgsonruss.com <rdutta@hodgsonruss.com>; Fluskey Jr., Robert J. <RFluskey@hodgsonruss.com>; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; kelley.storey@lw.com; Arman.Zahoory@lw.com; 'truitt.a@wssllp.com'; 'green.a@wssllp.com'
**Subject:** Moog/Skyryse - 22-cv-187

**CAUTION - EXTERNAL:**

Your Honor:

Moog has filed today a motion seeking clarification of the Court's prior order staying discovery deadlines (ECF 216), as a recent issue has arisen related to Moog's access to iDS devices. A courtesy copy of the Motion is attached.

In short, Moog has requested the production of certain documents from Skyryse's iDS devices pursuant to Section IV of the Inspection Protocol. Skyryse has not agreed produce such documents, and takes the position that the Court's current stay of "pending discovery deadlines" includes production of documents under the Inspection Protocol. Moog requires the production of documents from iDS devices in connection with Moog's forthcoming further trade secret identification to demonstrate direct use and misappropriation of Moog's trade secrets by Skyryse.

Moog respectfully requests that Skyryse be ordered to file an opposition by August 18, and that this matter be heard during the already-scheduled hearing on August 25. Moog is prepared to waive a reply brief. Moog requests that this motion be heard on an expedited basis because even if the Court grants Defendants' motions to dismiss or, alternatively, transfer venue, the Stipulated Orders on March 11 and March 17 provide that this Court is to maintain jurisdiction and venue for purposes of the March 11 Stipulated Order and Moog's Motion for Preliminary Injunction. (*See* ECF 25, § 11 ("By agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of this Court for purposes of this stipulated Order") and § 12 ("This stipulated Order shall remain in effect until a hearing on Plaintiff's Motion for Preliminary Injunction takes place and a final ruling on the merits is issued")); (ECF 33, § 14 ("By agreeing to this Stipulated Order, Defendants consent to the jurisdiction and venue for purposes of this Stipulated Order")).

Thank you for your attention to this matter.

Respectfully,

Rob Fluskey

**Robert J. Fluskey**
Partner
Hodgson Russ LLP

Tel:        716.848.1688
Mobile:  914.523.9966
Fax:       716.819.4718

The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo, NY 14202
Tel: 716.856.4000 | map

website | vCard | bio | email

This message may contain confidential information that is protected by the attorney-client privilege or otherwise. If you are not the intended recipient, you are notified that any disclosure, copying, or use of the contents of this message is strictly prohibited. If this message has been received by you in error, please notify the sender immediately by e-mail and delete the original message. Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.
Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.