UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MOOG INC.,

               Plaintiff,

      v.

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES NOS.
1-50,

               Defendants.

Case No. _____

**STIPULATION AND PROPOSED
ORDER RE ~~RETURN~~PRODUCTION OF
~~PLAINTIFF'S~~ INFORMATION, DATA
PRESERVATION AND FORENSIC
SEARCHES**

Plaintiff Moog Inc. ("Plaintiff" or "Moog") and Defendants Skyryse, Inc.
("Skyryse"), Robert Alin Pilkington ("Pilkington"), Misook Kim ("Kim") (collectively,
"Defendants," and each individually, a "Defendant") hereby stipulate and agree to the
following:

1.      As of the date of this Order, each Defendant shall refrain from using,
accessing, disclosing, copying, or transmitting, for any purpose, any non-public
information, documents, records, files, or data in that Defendant's possession, custody, or
control (i) of, from, or belonging to Plaintiff, and (ii)(a) provided, offered, transmitted, or
conveyed to any Defendant by any current or former Moog employee, and/or (ii)(b) copied
or taken from Plaintiff's email, shared network drives, desktop computers, laptops, USB
drives, databases, work-issued phones, and work issued tablets (if any), including without
limitation any and all information, documents, files, or data copied or downloaded by Kim
and/or Pilkington from Plaintiff's email, shared network drives, desktop computers,
laptops, USB drives, databases, work-issued phones, and work issued tablets (if any),

-1-

regardless of the medium on which such materials were copied, transferred, or stored (if any exists).

2.      Within ~~14~~21 days of this Order, each Defendant shall deliver to Plaintiff any and all originals and copies of all non-public information, documents, records, files, or data in that Defendant's possession, custody, or control (i) of, from, or belonging to Plaintiff, and (ii)(a) provided, offered, transmitted, or conveyed to any Defendant by any current or former Moog employee, and/or (ii)(b) copied or taken from Plaintiff's email, shared network drives, desktop computers, laptops, USB drives, databases, work-issued phones, and work issued tablets, including without limitation any and all information, documents, files, or data copied or downloaded by Kim and/or Pilkington from Plaintiff's email, shared network drives, desktop computers, laptops, USB drives, databases, work-issued phones, and work issued tablets (if any), regardless of the medium on which such materials were copied, transferred, or stored.  Notwithstanding the foregoing, if any such non-public information, documents, records, files or data of Plaintiff has been integrated, combined, inserted, modified, updated, upgraded or otherwise used by any Defendant in such a manner that such delivery necessarily includes property of any Defendant (if any exists), then such information shall be given to a third-party forensics firm mutually agreed-upon by the parties, for forensic imaging in lieu of providing such information directly to Plaintiff.  Within 7 days of this Order, the Parties shall agree to a mutually agreed-upon third-party forensics firm (the "Forensics Firm").  The Forensics Firm must be qualified and credentialed to store, transmit, and process sensitive or controlled unclassified information involving the United States government or military. Within 7 days upon delivery of the information and data set forth under this Section 2, the parties shall

thereafter agree on a protocol for searching all such information delivered to the Forensics Firm for use in discovery in the above-titled matter. If the parties are not able to reach an agreement on a Forensics Firm within 7 days of this Order or searching protocol within 7 days of delivery of information or data under Section 2 to the Forensics Firm, any party may submit a status report to the Court seeking a modification to the proposed briefing and hearing schedule on Plaintiff's Motion for Preliminary Injunction upon good cause.

3.    Within ~~14~~21 days of this Order, each Defendant shall return to Plaintiff any and all originals and copies of all non-public information, documents, records, files, or data in that Defendant's possession, custody, or control (i) of, from, or belonging to Plaintiff, and (ii)(a) provided, offered, transmitted, or conveyed to any Defendant by any current or former Moog employee, and/or (ii)(b) copied or taken from Plaintiff's email, shared network drives, desktop computers, laptops, USB drives, databases, work-issued phones, and work issued tablets, including without limitation any and all information, documents, files, or data copied or downloaded by Kim and/or Pilkington from Plaintiff's email, shared network drives, desktop computers, laptops, USB drives, databases, work-issued phones, and work-issued tablets  (if any), regardless of the medium on which such materials were copied, transferred, or stored.  Notwithstanding the foregoing, if any such non-public information, documents, records, files or data of Plaintiff has been integrated, combined, inserted, modified, updated, upgraded or otherwise used by any Defendant in such a manner that such delivery necessarily includes property of any Defendant (if any exists), then such information shall be given to the Forensics Firm, for forensic imaging in lieu of providing such information directly to Plaintiff.  Within 7 days upon delivery of the information and data set forth under this Section 3, the parties shall thereafter agree on a

**Commented [1]:** Note to SM: This is duplicative of #2 and can be deleted  if you agree.

protocol for searching all such information delivered to the Forensics Firm for use in discovery in the above-titled matter. If the parties are not able to reach an agreement on a searching protocol within 7 days of delivery of information or data under Section 3 to the Forensics Firm, any party may submit a status report to the Court seeking a modification to the proposed briefing and hearing schedule on Plaintiff's Motion for Preliminary Injunction upon good cause.

4.     Defendant Kim and Defendant Pilkington shall each preserve and not otherwise tamper with or modify in any way the hard drives of her and his personal computers, laptops, phones, USB devices, external data storage devices, or other electronic devices used in the last twelve months, including but not limited any device which received, copied, or was transferred any information from the following devices: 1) SAMSUNG PSSD T7 SCSI Disk Device; Model MU-PC1T0H; PSID: S9D10DUTM3SS76AGF4193P37BD4NA660; SN: S5SXNS0R702326Z; Capacity: 1 TB; 2) Western Digital My Passport; Model WDBYFT0030BBL-WESN; Serial Number: WX310DB63ED85; Capacity: 3 TB; 3) Dell Latitude 7480 laptop computer (Service Tag FGPYGH2); and 4) Dell Precision 7540 laptop computer (Service Tag 9S4Z433). Defendant Kim and Defendant Pilkington must produce all such devices to the Forensics Firm, for forensic imaging.  Within 7 days upon delivery of the information and data set forth under this Section 4, the parties shall thereafter agree on a protocol for searching all such information delivered to the Forensics Firm for use in discovery in the above-titled matter. If the parties are not able to reach an agreement on a searching protocol within 7 days of delivery of information or data under Section 4 to the Forensics Firm, any party

may submit a status report to the Court seeking a modification to the proposed briefing and hearing schedule on Plaintiff's Motion for Preliminary Injunction upon good cause.

5.      Defendant Skyryse shall preserve and not otherwise tamper with or modify in any way its email, shared network drives, desktop computers, and to the extent reasonably necessary, laptops, USB drives, databases, work-issued phones, and work issued tablets, and/or the hard drives of any desktop computers, laptops, phones, USB devices, external data storage devices, or other electronic devices issued by Skyryse for use by any employee and which was used in the last year, and produce any of its devices which received, copied, or was transferred any information or data from the four devices mentioned in Section 4 above to the Forensics Firm, for forensic imaging.  Within 7 days upon delivery of the information and data set forth under this Section 5, the parties shall thereafter agree on a protocol for searching all such information delivered to the Forensics Firm for use in discovery in the above-titled matter. If the parties are not able to reach an agreement on a searching protocol within 7 days of delivery of information or data under Section 5 to the Forensics Firm, any party may submit a status report to the Court seeking a modification to the proposed briefing and hearing schedule on Plaintiff's Motion for Preliminary Injunction upon good cause.

6.      Defendant Kim and Defendant Pilkington shall preserve, and shall not tamper with or modify in any way, his or her personal and business email accounts (and emails contained therein) that he or she has used in the last year.  Defendant Skyryse shall preserve, and shall not tamper with or modify in any way, any of its email accounts (and emails contained therein) associated with Defendant Kim or Defendant Pilkington used in the last year.

SMRH:4894-7360-8724.1                                    -5-

7.     Any of Plaintiff's non-public information, documents, records, files, or data in any Defendant's possession, custody, or control (if any) shall not be used or reviewed by Defendants.

8.     No party Defendants shall not (either individually or collectively) act in concert with anyone or any entity to directly or indirectly violate the terms of this Stipulation.

9.     Each party shall preserve all evidence in that party's possession, custody, or control relevant to any party's claim or defense in this action, including electronically stored information.

10.     The March 11, 2022 hearing on Plaintiff's motion for a Temporary Restraining Order is taken off calendar.  The parties agree on the following briefing and hearing schedule for Plaintiff's Motion for Preliminary Injunction: Defendants' Opposition is due April 18, 2022; Plaintiff's Reply is due the later of Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO") is taken off calendar.  Regarding the Plaintiff's Motion for a Preliminary Injunction (ECF 4, and accompanying documents) and Plaintiff's Motion for Expedited Discovery, filed on March 7, 2022 (ECF 6, 6-1, 6-2), the parties will meet and confer no later than March 16, 2022, to negotiate an agreed framework and schedule for reciprocal discovery relating to Plaintiff's Motion for Preliminary Injunction and a briefing schedule for Plaintiff's Motion for Preliminary Injunction.  No later than March 18, 2022, the parties shall file with the Court their agreed stipulation and proposed order concerning discovery and briefing relating to Plaintiff's Motion for Preliminary Injunction ("Stipulation and Proposed Order Regarding Expedited PI Discovery and Briefing").  If the parties cannot agree on a Stipulation and Proposed

Order Regarding Expedited PI Discovery and Briefing by March 18, the parties shall file competing proposals that day.  In any event, the parties agree that the briefing and hearing dates for Plaintiff's Motion for Preliminary Injunction shall be no earlier than the following:

- Defendants' Opposition: April 18, 2022, or 14 days after receipt of all information requested by Defendants and agreed or ordered to be produced during expedited discovery, whichever is later;

- Plaintiff's Reply: May 2, 2022 or 14 days after receipt of all information and data contemplated in Sections 2-5 above, and completion of expedited discovery pursuant to Plaintiff's Notice of Motion and Motion for Expedited Discovery, and accompanying Proposed Order, filed on March 7, 2022 (ECF 6, 6-1, 6-2); and the hearing shall take place;

- Hearing: on or after May 9, 2022 at a date and time of the Court's choosing, or 7 days after Plaintiff's Reply is filed, whichever is later: _____.

10.    Defendants' Opposition and Plaintiff's Reply may incorporate any documents, information, or testimony revealed during expedited discovery pursuant to Plaintiff's Notice of Motion and Motion for Expedited Discovery, and accompanying Proposed Order, filed on March 7, 2022 (ECF 6, 6-1, 6-2).

¶

¶

11.    By agreeing to this stipulated Order, Defendants do not waive any objections or arguments regarding consent to the jurisdiction and venue of this Court for purposes of this stipulation only and for no other purpose.  and expressly reserve all rights to contest jurisdiction of the Court. The parties stipulate that any objections or arguments regarding the jurisdiction of this Court are preserved until after the hearing on Plaintiff's Motion for Preliminary Injunction takes place and after a final ruling is issued by the Court. The

issuance of this stipulated Order, as well as any subsequent Preliminary Injunction, shall

not be impacted by any objections or arguments regarding the jurisdiction of this Court.


**IT IS SO STIPULATED.**[1]

DATED: _____, 2022


| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br><br>HODGSON RUSS LLP<br><br>By: _____<br>Counsel for Plaintiff Moog Inc. | GIBSON, DUNN & CRUTCHER, LLP<br><br>HARRIS BEACH PLLC<br><br>By: _____<br>Counsel for Defendant Skyryse, Inc. |
|---|---|
| By: _____<br>Counsel for Defendant Robert Alin Pilkington | By: _____<br>Counsel for Defendant Misook Kim |

**IT IS SO ORDERED.**

| DATED: _____, 2022 | _____<br><br>The Honorable _____ |
|---|---|

---

[1]     In light of the fact that not all parties have retained counsel as of the time of this filing, the parties agree to be bound by the stipulation, but may seek relief from the Court upon a showing of good cause.