**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------X
MOOG INC.,

                        Plaintiff,                        Case No.: 22-cv-187-LJV-JJM

          vs.

SKYRYSE, INC. ROBERT ALIN PILKINGTON, MISOOK
KIM, and DOES NOS. 1-50

                        Defendants.
-----------------------------------------------------------------------------X

## ROBERT ALIN PILKINGTON AND MISOOK KIM'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STAY THE ACTION PENDING RESOLUTION OF <u>THE USAO'S PARALLEL CRIMINAL INVESTIGATION</u>

 

**WINGET, SPADAFORA &**
  **SCHWARTZBERG, LLP**
45 Broadway, 32nd Floor
New York, NY 10006
(p): (212) 221-6900
(f): (212) 221-6989

*Attorneys for Robert Alin Pilkington and Misook Kim*

Of Counsel:   Anthony D. Green, Esq.
                   Alexander A. Truitt, Esq.
                   M. Annabel Mireles, Esq.

Dated:        August 24, 2022
                New York, New York

# **TABLE OF CONTENTS**

**Page No.**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................1

    POINT I – The Action Should be Stayed Pending Resolution of the USAO's
              Criminal Investigation ...................................................................................................1

        A.  Plaintiff's Claim that Sufficient Overlap Cannot be Established
            Defies all Credulity ......................................................................................................2

        B.  The Status of the USAO's Parallel Criminal Investigation Supports
            A Stay, since Individual Defendants are Subjects Thereof, a Grand
            Jury Has Been Convened, and Plaintiff is an Agent of the Government...........3

        C.  The Individual Defendants Face Unusual Dangers if this Action
            Is Not Stayed................................................................................................................4

        D.  Plaintiff's Interests Do Not Begin to Outweigh Those of the
            Individual Defendants .................................................................................................5

        E.  The Court's and the Public's Interests Would be Best Served by a
            Stay of Proceedings Until the Criminal Investigation is Resolved...................7

    POINT II – Plaintiff Provides No Reason to Reject the Alternative Proposal
               Of a Stay Pending Plaintiff's Identification of "Trade Secrets"
               And "Classified Information"...................................................................................8

CONCLUSION...............................................................................................................................10

# **TABLE OF AUTHORITIES**

## **CASES**

*Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985) .................................................................. 7-8

*Chalfant v. San Bernardino County*, 2016 WL 11746411 (C.D. Cal. May 11, 2016) ............3, 6, 7

*E.I. du Pont de Nemours and Co. v. Hou,*  CV 17-224-RGA, 2017 WL 2531940
       (D. Del. June 9, 2017) ..................................................................................3, 6, 7, 8

*Fisher v. United States*, 425 U.S. 391 ...................................................................................... 4

*FLIR Sys., Inc. v. Parrish*, 174 Cal. App. 4th 1270, 95 Cal. Rptr. 3d 307
       (Cal. Ct. App. 2009) ........................................................................................... 6-7

*In re Grand Jury Subpoena Dated February 2, 2012*, 741 F.3d 339 (2d Cir. 2013) ..................... 4

*Javier H. v. Garcia-Botello*, 218 F.R.D. 72 (W.D.N.Y. 2003) ........................................................ 8

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012) ..................................... 1

*Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201 (S.D.N.Y.1989) ..............................2, 3

*Sea Salt, LLC v. Bellerose*, 2:18-CV-00413-JAW, 2020 WL 2475874
       (D. Me. May 13, 2020) .......................................................................................2, 6, 7

*SEC v. Alexander*, 2010 WL 5388000 (N.D. Cal. Dec. 22, 2010) ................................................. 7

*SEC v. Dresser Indus.*, 628 F.2d 1368 (D.C. Cir. 1980) ............................................................... 8

*SEC v. Nicholas*, 569 F. Supp. 2d 1065 (C.D. Cal. 2008) ........................................................... 7

*United States v. Doe*, 465 U.S. 605 (1984) .................................................................................. 4

*Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993) ................ 5

*Walsh Sec., Inc. v. Cristo Prop. Mgt., Ltd.*, 7 F. Supp. 2d 523 (D. N.J. 1998) ..........................3, 6

## **STATUTES AND RULES**

18 U.S.C. § 1836(b) ...................................................................................................................6

Federal Rule of Criminal Procedure 16(b) .................................................................................7

## **SECONDARY AUTHORITY**

Charles A. Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and
    Procedure § 2018, at 273 (2d ed. 1994) ..............................................................................4

**PRELIMINARY STATEMENT**

Defendants Robert Alin Pilkington and Misook Kim (collectively, the "Individual Defendants") respectfully submit this reply memorandum of law in further support of their motion to stay the action pending resolution of the USAO's parallel criminal investigation ("Motion"). *See* Dkt. No. 214.  As set forth herein, the Individual Defendants respectfully request this Court grant the Motion, with such other relief as the Court deems equitable, just and proper.

**ARGUMENT**

**I.   The Action Should be Stayed Pending Resolution of the USAO's Criminal Investigation**

As argued through the Individual Defendants' Opening Brief, the six factors considered in determining a motion to stay counsel granting the Individual Defendants' Motion.  Indeed, the Court has broad discretion to determine the best, most reasonable solution to the parties' competing interests in any given case.  *See Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012).  Plaintiff Moog Inc.'s ("Plaintiff") opposition ("Opposition") ignores this guidance.  Instead, Plaintiff relies upon inflammatory accusations that there is an "admitted theft of 1.4 million files," to distract from the lack of legal support for its Opposition.  *See* Dkt. No. 240, pp. 2, 4, 8, 17, 23.

The Individual Defendants respectfully request this Court reject Plaintiff's Opposition as it lacks factual basis and demands an inequitable outcome without sufficient legal support.  At this early stage, all that exists are Plaintiff's unestablished allegations. There is no admission of any theft of trade secrets.  Indeed, the fact that Plaintiff refuses to specifically identify its trade secrets is one of the catalysts to this Motion.  The Individual Defendants could not very well admit to "stealing" something that has never been identified.

1

A.     Plaintiff's Claim that Sufficient Overlap Cannot be Established Defies all Credulity

"The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *See* Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y.1989). The Individual Defendants' Opening Brief argued that near complete overlap exists. Plaintiff's Opposition seeks to overcome this factor by arguing the legal theory prosecuted through the USAO's parallel criminal investigation ("USAO Investigation") cannot be known as there is no indictment. *See* Dkt. 240, pp. 13, 14. This argument defies all credulity and must be rejected by the Court.

To start, Plaintiff instigated the USAO Investigation through pre-Complaint discussions with the FBI. *See* Green Decl., Ex. E. Indeed, the record before this Court establishes that Claimant has bi-weekly meetings where it shares information with the Government to further the USAO Investigation. *See id*. Furthermore, the Grand Jury Subpoenas served on the Individual Defendants direct compliance to Special Agent Robert Shaw of the FBI–the same agent Plaintiff meets with. *See id*. Put simply, Plaintiff knows that the USAO's parallel criminal investigation concerns issues that completely overlap with this Action. Plaintiff's feigned ignorance eviscerates any notion of credibility in the Opposition.

In *Sea Salt, LLC v. Bellerose*, the Court found that merely forwarding pleadings to law enforcement, exactly as Plaintiff did on March 8, 2022, was sufficient to show commonality of issues. *See Sea Salt, LLC v. Bellerose*, 2:18-CV-00413-JAW, 2020 WL 2475874, at *2 (D. Me. May 13, 2020); *see also* Green Decl, Ex. E.

As such, the Individual Defendants respectfully submit the issues in this Action completely overlap with the issues in the USAO's parallel criminal investigation. Consequently, the Individual Defendants have satisfied the most important factor in deciding whether to stay a civil action.

> B. <u>The Status of the USAO's Parallel Criminal Investigation Supports a Stay, Since Individual Defendants are Subjects Thereof, a Grand Jury Has Been Convened, and Plaintiff is an Agent of the Government</u>

There is no legal support for Plaintiff's claim that a stay cannot be issued pre-indictment, or where the government is not also the plaintiff. *See* Dkt. No. 240, pp. 10-11. It is well established that a stay is proper "if the government is conducting an active parallel criminal ***investigation*** in which an indictment or information has not yet been filed." *Parallel Proceedings*, 129 F.R.D. 201, 203 (emphasis added).

Here, the USAO Investigation is a very "active parallel criminal investigation." There is a Federal Grand Jury convened and the Individual Defendants were directly informed they are the subjects of the USAO's parallel criminal investigation. Contrary to Plaintiff's argument, the Fifth Amendment concerns raised by the Individual Defendants are not mere theoretical exercises as to what governmental authorities might do if they opened an investigation at some point in the future.

Like the defendants in *Walsh Sec., Inc. v. Cristo Prop. Mgt., Ltd.*, a stay is warranted because the Individual Defendants were "informed that they are targets of the criminal investigation" and the government has "issued subpoenas" to the Individual Defendants. *Walsh Sec., Inc. v. Cristo Prop. Mgt., Ltd.*, 7 F Supp 2d 523, 527 (D. N.J. 1998). Similarly, in *E.I. du Pont de Nemours and Co. v. Hou*, the Court stayed a civil action because "an active criminal investigation," posed a significant risk of self-incrimination through discovery, which would force the defendant to invoke his Fifth Amendment rights—even though there was no indictment. *See E.I. du Pont de Nemours and Co. v. Hou*, CV 17-224-RGA, 2017 WL 2531940, at *1 (D. Del. June 9, 2017); *see also Chalfant v. San Bernardino County*, 2016 WL 11746411, at *1 (C.D. Cal. May 11, 2016) (same). These cases establish that Plaintiff's argument has no support under the law.

3

Nevertheless, the extraordinary level of collusion between Plaintiff and the Government cannot be ignored. Plaintiff's ongoing meetings with the Government to report on information learned in this Action are for the very purpose of aiding and abetting the USAO Investigation. In this Action, Plaintiff acts in an agency capacity for the Government to obtain information that would otherwise be protected under the Individual Defendants' Fifth Amendment rights. Plaintiff's involvement in this Action is akin to the Government's involvement due to the collusion between the two. There is no question that this is the precise scenario where a stay is warranted because the Individual Defendants' constitutional rights are jeopardized through discovery.

C. The Individual Defendants Face Unusual Dangers if this Action is Not Stayed

Contrary to Plaintiff's contention, the Individual Defendants face a significant risk of harm if a stay is not granted. *See* Dkt. 240, pp. 14, 15. The Individual Defendants do not know what specific protectible property interests (*i.e.*, the alleged trade secrets) they are accused of stealing. As set forth in several pending motions before this Court, Plaintiff knows its trade secrets, but improperly refuses to disclose this information. Without this information, the Individual Defendants cannot ascertain whether they must invoke their Fifth Amendment rights against self-incrimination.[1] Likewise, the Individual Defendants cannot evaluate how such assertion could

---

[1] Although this Motion does not concern whether the Individual Defendants may assert Fifth Amendment privilege over their devices within iDS's custody, Plaintiff seeks to inject that inquiry into this Motion without filing a cross-motion. Nevertheless, as the Individual Defendants discussed in detail in their papers concerning the clawed-back devices there has been no waiver (especially as to devices that have never been accessed) and it is well-established that the production of documents and materials, including data on the Individual Defendants' devices, may be subject to a Fifth Amendment claim, since "[t]he act of production may implicitly communicate 'statements of facts' by compelling the person 'to admit that the papers existed, were in his possession or control, and were authentic.'" *United States v. Doe*, 465 U.S. 605, 613 n. 11 (1984); *see also* Charles A. Wright, Arthur R. Miller and Richard L. Marcus, Federal Practice and Procedure § 2018, at 273 (2d ed. 1994). Plaintiff seeks access to the devices to confirm whether (and what types of) its information exists within the Individual Defendants' possession, custody or control. Where, as here, the incriminating aspect of the production is its existence, the privilege

4

prejudice their defense in this Action. Nonetheless, the current posture of the USAO Investigation compels the Individual Defendants to take actions that may prejudice their defense in this Action, without even knowing what they are accused of stealing.

Contrary to Plaintiff's arguments, the Individual Defendants are not required to assert their Fifth Amendment rights to obtain a stay pending the resolution of criminal proceedings. *See* Dkt. No. 240, pp. 14-15. In none of the cases cited by Plaintiff was the Fifth Amendment privilege invoked. *Id.* The purpose of staying a civil action is to allow the defendants to "preserve their Fifth Amendment rights." *Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). However, Plaintiff's Opposition seeks to force the Individual Defendants to make a blanket assertion of their Fifth Amendment privilege, so that Plaintiff may receive the benefit of adverse inferences on matters that they cannot prove.

D. <u>Plaintiff's Interests Do Not Begin to Outweigh Those of the Individual Defendants</u>

Plaintiff's proffered compelling interest that purportedly favors denial of the Individual Defendants' Motion is an alleged inability to obtain an expeditious preliminary injunction hearing. Here, Plaintiff incorrectly claims that its interest in proceeding with expedited discovery takes precedence over the Individual Defendants' constitutional rights. *See* Dkt. No. 214-1, pp. 16-17.

---

applies. *In re Grand Jury Subpoena Dated February 2, 2012*, 741 F.3d 339, 343 (2d Cir. 2013) (citing *Fisher v. United States*, 425 U.S. 391 (1976).

Contrary to Plaintiff's assertion, the information on the Individual Defendants' devices is anything but a "foregone conclusion." Plaintiff has repeatedly refused to identify the trade secrets and controlled unclassified information at issue with any degree of particularity, without first examining the Individual Defendants' devices. Plaintiff cannot simultaneously argue that all the information on the Individual Defendants' devices is already known, thus making the information a "foregone conclusion," while also stating that it cannot identify its own trade secrets because it does not know what is on the devices. Even setting aside Plaintiff's contradictory positions, since Plaintiff has not even accessed at least six of the Individual Defendants' devices and has not completely reviewed the clawed-back devices, Plaintiff cannot claim to know for certain what is on those devices.

5

Plaintiff's concern regarding delay is insufficient to deny a stay, given the status of the USAO's parallel criminal investigation.² *See Sea Salt, LLC*, 2020 WL 2475874, at *2-3 ("[W]hile a stay may cause some inconvenience and delay ... 'protection of defendant's constitutional rights against self-incrimination is the most important consideration.'"); *Walsh Sec., Inc.*, 7 F. Supp. 2d, at 528 ("A stay could push back the resolution of the civil case by several months or even years. Delays in civil cases are fairly common, however. Walsh has asserted no injury that is particularly unique."); *see also Chalfant*, 2016 WL 11746411, at *1-2.

Notably, *E.I. du Pont* also involved claims under 18 U.S.C. § 1836(b), where the Court granted a stay when faced with arguments nearly identical to Plaintiff's. *See E.I. du Pont,* 2017 WL 2531940, at *2. The *E.I. du Pont* Court granted the requested stay despite the plaintiff's arguments that it had a "clear interest in having discovery occur, for it is essential for [Plaintiff] to determine the magnitude and extent of [the] theft, including what [the Individual Defendants] did with'[Plaintiff's] trade secrets." *Id*. Plaintiff's single concern cannot outweigh the fact that every other factor weighs in favor of granting a stay.

When coupled with the evidence preservation mechanisms established through the Protective Order, the fact the Individual Defendants are now unemployed because of this Action establishes that Plaintiff will not be prejudiced by a stay. *See* Dkt. No. 89. A preliminary injunction could not issue against the Individual Defendants because Plaintiff cannot establish there is an ongoing "actual use" or "actual threat" of use of its trade secrets by the Individual Defendants. *See FLIR Sys., Inc. v. Parrish*, 174 Cal. App. 4th 1270, 1277, 95 Cal. Rptr. 3d 307, 314-15 (Cal. Ct.

---

² There is no "tip of the iceberg" to the allegations in the USAO's parallel criminal investigation, as Plaintiff suggests. They will undoubtedly be the same as those in this Action and the Individual Defendants should not have to seek relief from the Court just Plaintiff to tell them what they are.

6

App. 2009) (an injunction may not issue upon speculation concerning future use of alleged trade secrets).

Based on the foregoing, the Individual Defendants respectfully submit that Plaintiff's interest in maintaining its discovery schedule does not outweigh the Individual Defendants' Fifth Amendment rights against self-incrimination.

### E. The Court's and the Public's Interests Would be Best Served by a Stay of Proceedings Until the Criminal Investigation is Resolved

Plaintiff's arguments that the Court's and the public's interests are opposed to a stay are misguided. *See* Dkt. No. 240, pp. 17-19.  The concerns of the Court are not limited to blindly pushing forward its civil docket, but in achieving justice and fairness with consideration for the rights of all parties. In *Chalfant*, 2016 WL 11746411, the Court determined that a stay would "prove more efficient in the long run," because "allowing the criminal investigation, and potential criminal action, to proceed first may narrow the issues and streamline discovery in the civil proceeding." *Id.*; *see also SEC v. Alexander*, 2010 WL 5388000, at *4 (N.D. Cal. Dec. 22, 2010); *SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1070 (C.D. Cal. 2008) (collateral estoppel in the criminal case may expedite resolution of the civil case).

In a pre-indictment case, the public still "has an interest not only in the efficiency of the judicial process, but also in the preservation of an individual's ability to defend in a meaningful way against both criminal charges and civil claims… 'while a stay may cause some inconvenience and delay… protection of defendant's constitutional rights against self-incrimination is the most important consideration.'" *Sea Salt, LLC*, 2020 WL 2475874, at *3. Similarly, the *E.I. du Pont*, Court recognized that "[t]he public benefits from the Government conducting a complete and unhindered investigation of criminal activity." *E.I. du Pont*, 2017 WL 2531940, at *2.

7

This Action, "if not deferred, might undermine the [Individual Defendants'] Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of [their] defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *See Brock v. Tolkow*, 109 F.R.D. 116, 121 (E.D.N.Y. 1985) (*quoting SEC v. Dresser Indus.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). Here, Plaintiff is sharing information gleaned in discovery with the FBI through ongoing meetings and collusion. Continuing this Action against the Individual Defendants will prejudice their criminal defense. This is not a theoretical danger; it is happening already. The only reasons why this issue was not brought to the Court earlier is due to Plaintiff's active concealment of their collusion with the Government.

## II.     Plaintiff Provides No Reason to Reject the Alternative Proposal of a Stay Pending Plaintiff's Identification of "Trade Secrets" and "Classified Information"[3]

Contrary to Plaintiff's argument, Courts faced with similar questions will regularly issue partial stays, which are fashioned within the Court's discretion and tailored to the particular demands of a given case. *See*, *e.g.*, *E.I. du Pont*, 2017 WL 2531940, at *1 (granting a partial stay of all discovery as against one defendant); *Tolkow*, 109 F.R.D. 116, 121 (staying discovery pending the outcome of potential criminal actions brought against trustees following an investigation); *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 76 (W.D.N.Y. 2003) ("[T]he Court orders a stay of discovery in this matter until the conclusion of evidence in the related criminal case.").

---

[3] Plaintiff now claims that there was no classified information taken by the Individual Defendants, contrary to its allegations in the Complaint. *See* Dkt. No. 1, at, e.g., ¶ 244. Nevertheless, Plaintiff does claim that there may be some "controlled unclassified information," which would still require that certain controls be followed under federal regulations. Plaintiff should disclose the same type of information as requested regarding the classified information allegation, to the extent this claim does not turn out to be yet another fabricated, baseless, and inflammatory allegation.

8

While a complete stay (aside from determination of the motions to dismiss or transfer venue) is the proper course here, the proposed alternative relief would be even more reasonable than the relief granted in the above-referenced cases. Instead of an indefinite stay of discovery, the Individual Defendants' alternative relief limits the stay to a time when the Individual Defendants possess the necessary information to determine whether to invoke the Fifth Amendment privilege. At minimum, this would follow Plaintiff's identification its trade secrets with particularity.

Plaintiff's Opposition argues that it is unreasonable for the Court to require Plaintiff identify the trade secrets that are at the center of the Complaint, even as an alternative proposal. The Individual Defendants are not seeking to reargue Skyryse's discovery motion. The Individual Defendants filed this Motion for different reasons and proposed a reasonable alternative to a full stay, which Plaintiff refuses to address. Plaintiff objects that it cannot identify its own trade secrets without access to the Individual Defendants' devices. Yet, Plaintiff admits in its motion to compel that it can identify its trade secrets but needs additional discovery to "understand with certainty which of its trade secrets were misappropriated and used by Defendants" and to "fully understand the extent of use of Moog's Trade secrets by Skyryse." *See* Dkt. No. 210, pp. 12 and 14, respectively.

The Individual Defendants have laid out, in detail, the many reasons why Plaintiff unquestionably knows exactly what alleged trade secrets sit at the center of this litigation. *See, e.g.,* Dkt. No. 214-1, p. 5-8. Plaintiff avoids any rational explanation addressing those points in its Opposition; merely citing to one sentence in the July 22, 2022 Order, which was informed by Plaintiff's misleading statements to the Court that it is unable to currently identify its trade secrets. Indeed, even crediting Plaintiff's false claims that it can only identify the files downloaded by Ms.

9

Kim, but not files downloaded by Mr. Pilkington, Plaintiff offers no legitimate excuse for its refusal to identify a single trade secret among those files.

Plaintiff seeks to disadvantage the Defendants through obfuscation and ever-shifting positions, just as it did when Plaintiff falsely induced the Individual Defendants to enter into discovery orders and stipulations without disclosing that Plaintiff was working hand-in-glove with the Government. The relief sought by this Motion will restore equity to the process and is justified by the circumstances of this Action.[4]

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request this Court grant the instant Motion for a Stay, together with such other and further relief as the Court may deem necessary and proper.

Dated: New York, New York
       August 24, 2022

**WINGET, SPADAFORA &**
**SCHWARTZBERG, LLP**

By:   */s/ Anthony D. Green*
      Anthony D. Green, Esq.
      Alexander A. Truitt, Esq.
      M. Annabel Mireles, Esq.
      45 Broadway – 32nd Floor
      New York, NY 10006
      P: (212) 221-6900
      F: (212) 221-6989
      Green.A@wssllp.com
      Truitt.A@wssllp.com
      Mireles.A@wssllp.com

*Attorneys for Defendants Robert Alin Pilkington and Misook Kim*

---

[4] By refusing to disclose key elements of their claim, Plaintiff prejudices Defendants' ability to identify crucial gaps in its productions or otherwise defend themselves. Now, most troublingly, Plaintiff places the Individual Defendants in a position where they might have to claim Fifth Amendment privilege and suffer a corresponding adverse inference that Plaintiff will surely argue (albeit incorrectly) is so extensive that Plaintiff should not be required to prove that any of the downloaded files are actually trade secrets.