UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50.<br><br>      Defendants. | Civil Action No. 1:22-cv-00187-LJV-JJM |

**REPLY IN SUPPORT OF SKYRYSE'S MOTION TO STAY**

## **TABLE OF CONTENTS**

                                                                                                                                   **Page**

I.     INTRODUCTION ................................................................................................................1

II.    THE COURT SHOULD GRANT SKYRYSE'S REQUEST FOR A STAY
       PENDING THE CRIMINAL PROCEEDINGS. ...................................................................1

       A.      Skyryse will suffer significant and unfair prejudice without a stay.........................1

       B.      Moog will suffer little prejudice if a stay is granted. ...............................................6

       C.      There is significant overlap between the criminal and civil proceedings. ...............7

       D.      The current status of this action supports granting a stay. ......................................8

       E.      The interest of the public and the Court favor granting a stay...............................10

III.   CONCLUSION..................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abraham v. Aquilone*,
   No. 11 CIV. 5947 KBF, 2012 WL 1820869 (S.D.N.Y. May 15, 2012) ..................................5

*Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist.* #2,
   No. CV06-124-BLG-RFC-CSO, 2007 WL 1227592 (D. Mont. Apr. 24, 2007) ....................8

*Bernard v. Lombardo*,
   2017 WL 2984022 (S.D.N.Y. June 9, 2017) ........................................................................8

*Bristol v. Nassau Cnty.*,
   No. CV08-3480JFBWDW, 2010 WL 1660238 (E.D.N.Y. Apr. 22, 2010) .......................2, 8

*Brock v. Tolkow*,
   109 F.R.D. 116 (E.D.N.Y. 1985) ....................................................................................4, 10

*Citibank, N.A. v. Hakim*,
   No. 92 CIV. 6233 (MBM), 1993 WL 481335 (S.D.N.Y. Nov. 18, 1993) .........................9, 10

*Citibank, N.A. v. Super Sayin' Publ'g, LLC*,
   86 F. Supp. 3d 244 (S.D.N.Y. 2015) ....................................................................................7

*Corcoran L. Grp., L.L.C. v. Posner*,
   No. 09 CIV. 1861 (WHP), 2009 WL 1739702 (S.D.N.Y. June 10, 2009) ...........................2

*Delphi Connection Sys., LLC v. Koehlke Components, Inc.*,
   No. SACV1201356CJCMLGX, 2012 WL 12895670 (C.D. Cal. Oct. 17, 2012) .................8

*E.I. du Pont de Nemours and Co. v. Hou*,
   CV 17-224-RGA, 2017 WL 2531940 (D. Del. June 9, 2017) .............................................10

*Gellis v. Casey*,
   338 F. Supp. 651 (S.D.N.Y. 1972) .......................................................................................3

*Gen. Elec. Co. v. Liang*,
   No. CV 13-08670 DDP VBKx, 2014 WL 1089264 (C.D. Cal. Mar. 19, 2014) ...................6

*Genentech Inc. v. JHL Biotech Inc.*,
   No. C 18-06582 WHA, 2019 WL 1045911 (N.D. Cal. March 5, 2019) ..............................3

*Gran Sabana Corp. N.V. v. Kossoff*,
   No. 21-CV-3154 (RA), 2021 WL 3666116 (S.D.N.Y. Aug. 17, 2021) ............................8, 10

*Hix Corp. v. Nat'l Screen Printing Equip., Inc.*,
 No. 00-2111-KHV, 2000 WL 1026351 (D. Kan. July 6, 2000) .................................................6

*Ironbridge Corporation v. Commissioner*,
 528 F. App'x 43 (2d Cir. 2013) ................................................................................................3

*JHW Greentree Capital, L.P. v. Whittier Trust.*
 No. 05 CIV. 2985, 2005 WL 1705244 (S.D.N.Y. July 22, 2005) ............................................7

*Kashi v. Gratsos*,
 790 F.2d 1050 (2d Cir. 1986)....................................................................................................8

*Keating v. Office of Thrift Supervision*,
 45 F.3d 322 (9th Cir. 1995) ......................................................................................................3

*LM Ins. Corp. v. FAV Transp.*, L.L.C.,
 No. CIV.A. 14-5424 MAS, 2015 WL 4915677 (D.N.J. Aug. 18, 2015)...................................8

*In re Par Pharmaceutical, Inc.*,
 133 F.R.D. 12 (S.D.N.Y. 1990) ........................................................................................9, 10

*Parker v. Dawson*,
 No. 06-CV-6191 (JFB)(WDW), 2007 WL 2462677 (E.D.N.Y. Aug. 27, 2007) ......................2

*Pearson Educ., Inc. v. Kumar*,
 No. 1:07-CV-9399 (CSH), 2010 WL 2230574 (S.D.N.Y. May 27, 2010)...............................6

*Rex & Roberta Ling Living Trust v. B. Communications Limited*,
 346 F. Supp. 3d 389 (S.D.N.Y. 2018).......................................................................................3

*Roche Diagnostics Corp. v. Priority Healthcare Corp.*,
 No. 2:18-cv-01479KOBHNJ, 2019 WL 8014315 (N.D. Ala. Oct. 30, 2019) ...................5, 7, 8

*S.E.C. v. Downe*,
 No. 92 CIV. 4092 (PKL), 1993 WL 22126 (S.D.N.Y. Jan. 26, 1993) .....................................9

*S.E.C. v. Musella*,
 No. 83 Civ. 342, 1983 WL 1297 (S.D.N.Y. Apr. 4, 1983).......................................................10

*S.E.C. v. Wheeler*,
 No. 11-CV-6169-CJS, 2011 WL 4745048 (W.D.N.Y. Oct. 7, 2011).......................................9

*Salt, LLC v. Bellerose*,
 2:18-CV-00413-JAW, 2020 WL 2475874 (D. Me. May 13, 2020) .........................................7

*Sec. & Exch. Comm'n v. McGinnis*,
 161 F. Supp. 3d 318 (D. Vt. 2016)............................................................................................8

*Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC*,
  No. 16CV6848DLIVMS, 2017 WL 2915365 (E.D.N.Y. July 7, 2017) ....................8

*SEC v. Plus Money, Inc.*,
  2008 WL 11338383 (S.D. Cal. Dec. 1, 2008)......................................................4, 5

*Stamile v. Cnty. of Nassau*,
  No. CV 10-2632 SJF AKT, 2011 WL 1754125 (E.D.N.Y. Jan. 31, 2011) ...........2, 5

*State Farm Mutual Auto. Insurance Co. v. Mittal*,
  No. 16-CV-4948(FB)(SMG), 2018 WL 3127155 (E.D.N.Y. June 25, 2018) ..........9

*U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp.*,
  297 F. Supp. 2d 531 (E.D.N.Y. 2003) ..................................................................10

*U.S. S.E.C. v. First Jersey Sec., Inc.*,
  No. 85 CIV. 8585 (RO), 1987 WL 8655 (S.D.N.Y. Mar. 26, 1987) .........................5

*United States v. Fridman*,
  337 F. Supp. 3d 259 (S.D.N.Y. 2018), *aff'd*, 974 F.3d 163 (2d Cir. 2020) ..............4

*United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk*,
  811 F. Supp. 802 (E.D.N.Y. 1992) .......................................................................10

*Volmar Distribs., Inc. v. New York Post Co.*,
  152 F.R.D. 36 (S.D.N.Y. 1993) ..........................................................................3, 8

*Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*,
  7 F. Supp. 2d 523 (D.N.J. 1998) ............................................................................8

*Williams v. Swack*,
  No. 13-CV-00974 (S)(M), 2015 WL 2237216 (W.D.N.Y. May 12, 2015) ...............9

**STATUTES**

18 U.S.C. 1839(5)(A)-(B) ................................................................................................3

**RULES**

Rule 65 ........................................................................................................................3, 4

I.  **INTRODUCTION**

Defendant Skyryse will face grave undue prejudice if this civil action is not stayed pending the outcome of parallel criminal proceedings that plaintiff Moog helped the Government initiate. Absent a stay, co-defendants Alin Pilkington and Misook Kim surely will invoke their Fifth Amendment rights and refuse to testify, since their testimony can be used against them. This is not mere speculation as Moog contends. Pilkington and Kim already have invoked that right in the criminal investigation and told this Court, "it looks like a criminal indictment is coming down." Allowing this action to proceed without testimony from these central witnesses would deprive Skyryse of the evidence it needs to present a full and fair defense against Moog's claim that Skyryse orchestrated their alleged trade secret misappropriation. Staying this action until the criminal proceedings are resolved is the only way to prevent this manifest injustice and will not unduly prejudice Moog, which already has received by stipulation all the preliminary relief it claimed to need and the preservation of all potentially relevant evidence.

II.  **THE COURT SHOULD GRANT SKYRYSE'S REQUEST FOR A STAY PENDING THE CRIMINAL PROCEEDINGS.**

A.  **Skyryse will suffer significant and unfair prejudice without a stay.**

A stay of this action is necessary to protect Skyryse's due process right to have a full and fair opportunity to defend itself. The individual defendants (1) already have "invoked the Fifth Amendment in response to the subpoena that they've received from the Government" (Aug. 25, 2022 Hr. Tr. at 34:5-7), (2) have repeatedly raised their Fifth Amendment concerns in this Court, and (3) stated that a criminal indictment is in the works. (*Id.* at 80:19-21.) They surely will invoke their right against self-incrimination in this action absent a stay, for every *specific* allegation in Moog's complaint describes particular conduct by Mr. Pilkington or Ms. Kim, much of it occurring while they were still Moog employees. (*See, e.g.*, ECF 1 ¶¶ 112, 114-115, 117, 120, 123, 132, 134-135, 137-140; *see also* ECF 180 at 1-2; ECF 210 at 1, 3-5). By contrast, Moog tries to taint Skyryse with conclusory allegations based on "information and belief" that Skyryse "coordinated with Pilkington and Kim in efforts to misappropriate" trade secrets.

1

(ECF 1 ¶ 169.)[1] There is no evidence that Skyryse knew about or directed any alleged misappropriation by Moog's former employees. So if this action is not stayed while the criminal proceedings unfold, Skyryse will be deprived of exculpatory testimony from the individual defendants.

The Court has broad discretion "to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require," *Bristol v. Nassau Cnty.*, No. CV08-3480JFBWDW, 2010 WL 1660238, at *1 (E.D.N.Y. Apr. 22, 2010), "with the basic goal being to avoid prejudice." *Stamile v. Cnty. of Nassau*, No. CV 10-2632 SJF AKT, 2011 WL 1754125, at *2 (E.D.N.Y. Jan. 31, 2011).[2] As is the case here, "[i]n actions involving corporate defendants, who do not enjoy the same Fifth Amendment privilege, courts stay the action against the corporation where the individual defendant is a central figure in the case, and a partial stay would likely lead to duplicative depositions, or otherwise impair the corporation's ability to adequately defend itself." *Corcoran L. Grp., v. Posner*, No. 09 CIV. 1861 (WHP), 2009 WL 1739702, at *2 (S.D.N.Y. June 10, 2009); *see also Stamile*, 2011 WL 1754125, at *3-6 (granting stay where "all claims against the named [d]efendants are so intertwined with [d]efendant Barber that the other [d]efendants would be subject to the same adverse inference"); *id.* at *4 (explaining "it is not necessary for a defendant to actually invoke his Fifth Amendment privilege before the [stay] issue becomes ripe for determination"); *Parker v. Dawson*, No. 06-CV-6191 (JFB)(WDW), 2007 WL 2462677, at *7 (E.D.N.Y. Aug. 27, 2007) (finding corporate defendants "cannot adequately defend themselves without the testimony of Dawson" where "plaintiff's allegations against [them] are based entirely on the conduct of Dawson"). Respectfully, the Court should do so here.

---

[1] *See also id.* ¶ 172 ("On information and belief, under Pilkington's instruction, and in coordination with Skyryse, Kim copied and delivered to Pilkington and Skyryse the data files that she copied from Moog containing Moog's trade secrets."); *id.* ¶ 208 ("Upon information and belief, Skyryse has, in bad faith, employed unfair means, including but not limited to inducing Pilkington and Kim to: … misappropriate Moog's trade secret, confidential, and proprietary information, as part of a deliberate and malicious strategy to harm Moog's business and unfairly trade on Moog's investments of time and money in software and employees."); Opp. at 3 (referring without factual basis to "**Defendants'** undisputed theft of 1.4 million files").

[2] All internal quotation marks and citations have been omitted, and all emphasis has been added unless otherwise indicated.

2

Moog raises a number of arguments in its opposition, none of which has merit.

***Moog fails to show the individual defendants are not "central witnesses"*** – Moog argues that Skyryse will suffer no prejudice "[e]ven if the Individual Defendants properly invoked the Fifth Amendment" because the individual defendants are not "central figures" in this case. (Opp. at 12-13.) This fails the straight face test. As described above, Pilkington and Kim play central roles in Moog's allegations, and their intent and knowledge goes to the core of Moog's claims. *See* 18 U.S.C. 1839(5)(A)-(B); *see also Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 41 (S.D.N.Y. 1993) (granting stay where individual defendants were "the central figures in this case with the central issue being whether these two men engineered a conspiracy").[3]

***Skyryse's concerns are not speculative*** – Moog cites a handful of cases to argue that Skyryse's concerns are speculative.[4] They are not, and each case is inapplicable. The prejudice concerns in *Rex & Roberta Ling Living Trust v. B. Communications Limited* were truly speculative because the defendant moved for a stay "before discovery ha[d] even begun," unlike here. 346 F. Supp. 3d 389, 412 (S.D.N.Y. 2018). The facts of *Keating v. Office of Thrift Supervision* are distinguishable because the defendant there faced no prejudice because "the OTS successfully moved to sever two administrative counts that overlapped with the federal indictment," which disposed of Keating's prejudice arguments. 45 F.3d 322, 325 (9th Cir. 1995).[5]

---

[3] Moog's reliance on *Ironbridge Corporation v. Commissioner* is misplaced, as the defendant did "not meaningfully contest" that the pertinent issues "could be further shown through expert witness testimony." 528 F. App'x 43, 47 (2d Cir. 2013). Moog's reliance on *Genentech* is also misplaced, as the court denied the corporate defendant's motion to stay primarily because it had already restricted civil discovery, and it was only "in light of these limitations" that the court determined that JHL's "complaint of prejudice is therefore outweighed by Genentech's interest in moving the case forward." *Genentech Inc. v. JHL Biotech Inc.*, No. C 18-06582 WHA, 2019 WL 1045911, at *26 (N.D. Cal. March 5, 2019).

[4] Moog halfheartedly argues that it "would face the same prejudice as Skyryse" if it is "prevented from cross-examining the Individual Defendants." (Opp. at 15.) But Moog conveniently ignores that it would not only benefit from a potential adverse inference if one were issued, but also that Skyryse would be unable to secure exculpatory evidence to rebut Moog's claims.

[5] *Gellis v. Casey* is also of no use to Moog. 338 F. Supp. 651 (S.D.N.Y. 1972). That case involved a request under Rule 65 to enjoin an administrative proceeding before the SEC. *Id.* at 653.

3

Instead, the Eastern District's decision in *Brock v. Tolkow*, where the court granted a pre-indictment stay, is on all fours. 109 F.R.D. 116 (E.D.N.Y. 1985). As in the present case, grand jury subpoenas had been served on people and organizations, which the defendants claimed "reveal[ed] that the government is preparing to prosecute some or all of them." *Id.* at *118. In granting the stay, the court noted "that an indictment has not yet been returned," and concluded that did "not make consideration of the stay motion any less appropriate" because a "stay of civil discovery until after criminal proceedings are complete will enable them to defend the civil case vigorously without fear of subsequent prosecution." *Id.* at *119 n.2, *120. That analysis holds true here.

***The individual defendants maintain broad Fifth Amendment rights*** – Moog argues that the individual defendants waived any Fifth Amendment rights that applied to materials they turned over to iDS. (Opp. at 6.) Leaving the merits of this argument to the individual defendants, Moog misses the point. Pilkington and Kim have broad Fifth Amendment rights over their testimony and in future discovery, and the Court found they have not "waived any future testimonial Fifth Amendment privilege." (Aug. 25, 2022 Tr. at 53:17-20.) Moog cites *United States v. Fridman* for the position that "a 'blanket invocation of the Fifth Amendment'" can be "'insufficient to establish' protection." (Opp. at 11.) But that case involved a narrow ruling that specific documents fell "under the foregone conclusion doctrine and/or collective entity doctrine exceptions to the Fifth Amendment privilege," *Fridman*, 337 F. Supp. 3d. at 274, which did not apply to future testimony.[6] *SEC v. Plus Money, Inc.* is also inapposite. 2008 WL 11338383 (S.D. Cal. Dec. 1, 2008). Moog does not disclose that the court in a parallel action actually stayed proceedings in light of the investigation, *id.* at *2, while the district court refused to stay the SEC's enforcement action

---

Rule 65's irreparable harm standard is not relevant here, and there can be no doubt that Skyryse will suffer prejudice if forced to proceed without testimony from its co-defendants.

[6] Although the court also ordered the defendant to "appear for an interview with the IRS to provide oral testimony identifying and/or authenticating any documents produced by [him] in his capacity as a representative of a collective entity," *id.* at 272, the narrow nature of the authenticating testimony meant that defendant's concerns about future self-incrimination were "premature," *id.*, and the court expressly warned that an individual "cannot lawfully be compelled … to condemn himself by his own <u>oral testimony</u>." *Id.* at 266 (emphasis in original).

because it did not involve "private plaintiffs bringing suit against private defendants," but involved "a public plaintiff representing the public interest," which was important "[i]n light of recent financial market turmoil." *Id.* at *5.

***Skyryse will be significantly prejudiced if the Court draws an adverse inference*** – Moog asserts that Skyryse would not be "unduly prejudiced if an adverse interest [*sic*] is drawn against the individual defendants." (Opp. at 15.) But common sense and the case law shows the opposite. Specifically, the court in *Stamile* granted a stay where "all claims against the named [d]efendants are so intertwined with [the target of the criminal case] that the other [d]efendants would be subject to ***the same adverse inference*** if the civil action continued and [the target of the criminal case] was called upon to testify, but instead invoked his privilege." 2011 WL 1754125, at *6. Since the target's "alleged conduct plays a significant, if not determinative role vis-à-vis the liability of other [d]efendants," the magistrate judge recommended that defendants' motion to stay be granted. *Id.* at *7-8. That reasoning applies in full force here.

Moog's cited authority does not change the calculus. Moog claims the *Roche* court "rejected an argument that the corporate defendants would be harmed by adverse inferences." (Opp. at 4.) But Moog's selective quotation hides that the court actually stated that an adverse inference ***could have prejudiced*** the co-defendants. *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, No. 2:18-cv-01479KOBHNJ, 2019 WL 8014315, at *9 (N.D. Ala. Oct. 30, 2019). The court explained, however, that any such prejudice had "already manifested, as Mr. Minga invoked his privilege during his July 2019 deposition," which meant "a stay as to the Corporate Defendants would offer no protection from adverse inferences," unlike here. *Id.* at *2[7]

---

[7] *U.S. S.E.C. v. First Jersey Sec., Inc.*, No. 85 CIV. 8585 (RO), 1987 WL 8655 (S.D.N.Y. Mar. 26, 1987) is also distinguishable. The corporate defendant's request for a stay was based on the possibility that ***nonparty employees*** would assert the Fifth Amendment. *Id*. at *5. Those facts do not apply here. The individual defendants are ***not employed*** by Skyryse and ***they are parties*** and are central to Moog's allegations. The facts of *Abraham v. Aquilone*, No. 11 CIV. 5947 KBF, 2012 WL 1820869 (S.D.N.Y. May 15, 2012) also have no applicability here. The court there focused on the "substantial differences between the proceedings," and it was undisputed "that after 22 months of criminal investigation, [the defendant had] not yet been indicted." *Id.* at *2

5

### B. Moog will suffer little prejudice if a stay is granted.

Moog will suffer little, if any, prejudice if a stay is granted. Moog first claims it will somehow be "extremely prejudiced" by a stay "because there is a pending motion for preliminary relief." (Opp. at 17-18.) But in truth, there remains no substantive request for relief pending, because Moog already has received by stipulation all the "preliminary relief" it moved. (ECF 25.) Moog tries to sidestep this by pointing to alleged theft by Mr. Pilkington it purportedly discovered since filing suit, and arguing that its earlier motion for preliminary relief "was not tailored to focus on relief from any of this later discovered conduct." (Opp. at 18.) Moog is wrong. The parties' stipulation mooted Moog's purported need for preliminary relief. (ECF 25.) It is not "tailored" to any specific set of files or accusations; at Moog's insistence it broadly requires the defendants to "refrain from using, accessing, disclosing, copying, or transmitting, for any purpose, ***any non-public information***, documents, records, files, or data in that Defendant's possession, custody, or control (i) ***of, from, or belonging to Plaintiff***." (*Id.* at ¶ 1.)[8]

*Liang* and *Hix* are also of no use to Moog. In *Liang*, the Court found that further discovery was necessary because the defendant had "not returned any material" to plaintiff and the parties had not yet determined "whether, and if so to whom, [plaintiff's] trade secrets may have been disclosed." *Gen. Elec. Co. v. Liang*, No. CV 13-08670 DDP VBKx, 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014). In contrast, the defendants here have agreed to and have returned, either to Moog or to iDS, any materials arguably containing Moog's non-public information, and Moog has not alleged that its information has been disclosed to third parties. Similarly, in *Hix*, the Court denied a stay where (1) the parties had "yet to identify the source and extent of the leak of their confidential trade secrets" and (2) no defendant was the subject of a criminal investigation. *Hix*

---

[8] This unique posture also highlights why *Pearson* is distinguishable. (Opp. at 18.) The defendants in *Pearson* made "clear they will continue [infringing copyrights] unless enjoined." *Pearson Educ., Inc. v. Kumar*, No. 1:07-CV-9399 (CSH), 2010 WL 2230574, at *2 (S.D.N.Y. May 27, 2010). Skyryse and the co-defendants have done exactly the opposite, stipulating to broad preliminary relief and ceasing any alleged use of Moog's purported trade secrets. Further, unlike the plaintiff in *Pearson*, who was prejudiced by defendant's ongoing competition, here, Moog admits that "Skyryse does not have any product on the market" that could drive away sales. (Opp. at 18.)

6

*Corp. v. Nat'l Screen Printing Equip., Inc.*, No. 00-2111-KHV, 2000 WL 1026351, at *2-3 (D. Kan. July 6, 2000). Conversely, here, Moog has identified the alleged sources and extent of any "leak" of its confidential information (it claims at every opportunity that Pilkington allegedly "stole" 1.4 million files and Kim copied 136,944 files) (*see, e.g.*, ECF 210 at 6) and the defendants are the subject of a criminal investigation. (Aug. 25, 2022 Tr. at 80:19-21.)

"To establish prejudice, a plaintiff must depict more than simply a delay in adjudication of its claim; rather a plaintiff must portray the risk of evidence loss due to faded memories and lost or destroyed documents." *Roche*, 2019 WL 8014315, at *7. Moog fails to do this. It has already amassed a great deal of evidence, and the parties have stipulated to preserve any other potential evidence, which defeats any claim of prejudice. *Id.*

### C. There is significant overlap between the criminal and civil proceedings.

Moog devotes less than a page to arguing that "there is no **known** overlap of criminal and civil proceedings." (Opp. at 9.) While the government's investigation may not be public, Moog has been telling it about its trade secret misappropriation theories for months. (*See* Aug. 24, 2022 R. Fluskey email to Court); *see also* (ECF 228-4 (R. Fluskey requesting permission from Court to "provide the FBI with unredacted" transcripts, "in connection with an ongoing federal investigation into the files taken from Moog ***that are subject of this lawsuit***."). *See Salt, LLC v. Bellerose*, 2:18-CV-00413-JAW, 2020 WL 2475874, at *2 (D. Me. May 13, 2020) ("The **commonality** [between the two proceedings] is underscored by the fact [p]laintiff's counsel forwarded the amended pleadings in this matter to law enforcement."). Moog fails to identify any other issue the government could be investigating. As this Court noted, the criminal investigation "is in some way related to the issues in this civil litigation. I mean, how can they not be." (Aug. 4, 2022 Hr. Tr. at 31:4-8.)

The posture of this case makes *Citibank, N.A. v. Super Sayin' Publ'g, LLC* inapposite. 86 F. Supp. 3d 244, 246 (S.D.N.Y. 2015). The parallel criminal proceeding there "involve[d] only three defendants none of whom" were parties in the parallel civil proceedings, unlike here. *Id.* Moog's other cited authorities are distinguishable. For example, neither *JHW Greentree Capital, L.P. v. Whittier Trust*. No. 05 CIV. 2985, 2005 WL 1705244, at *2 (S.D.N.Y. July 22, 2005) nor

*Gran Sabana Corp. N.V. v. Kossoff*, No. 21-CV-3154 (RA), 2021 WL 3666116, at *3 (S.D.N.Y. Aug. 17, 2021) involved close cooperation between plaintiff and the government. *Bernard v. Lombardo* does not apply, because it was "very unlikely that [the defendant would] have any further opportunity to testify in [the civil] action." 2017 WL 2984022, at *4 (S.D.N.Y. June 9, 2017).

### D. The current status of this action supports granting a stay.

Moog argues at length that staying this action before indictments are issued "finds no support in the law." (Opp. at 5.) But Moog ignores the relevant standard, under which "each case must be evaluated individually," *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7. F. Supp. 2d 523, 527 (D.N.J. June 9,1998) (citing *Volmar*, 152 F.R.D. at 38), and stays are granted "when the interests of justice so require," regardless of the status of indictments. *Bristol*, 2010 WL 1660238, at *1. The status of the case is one of six factors to consider in a flexible, case-specific analysis, and the "appropriateness of a stay ultimately rests within the judgment of the district court 'based on the particular facts before it ***and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court***.'" *See Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC*, No. 16CV6848DLIVMS, 2017 WL 2915365, at *4 (E.D.N.Y. July 7, 2017).

This is why courts routinely grant stays in similar circumstances, even before an indictment is issued. *See*, *e.g.*, *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) (holding that "[t]he district court exercised sound discretion in staying the trial until the U.S. Attorney declined to prosecute"); *Delphi Connection Sys., LLC v. Koehlke Components, Inc.*, 2012 WL 12895670, at *2 (C.D. Cal. Oct. 17, 2012) (granting pre-indictment stay where the corporation would "be greatly prejudiced in its ability to meaningfully defend itself in the civil matter"); *LM Ins. Corp. v. FAV Transp.*, L.L.C., No. CIV.A. 14-5424 MAS, 2015 WL 4915677, at *2 (D.N.J. Aug. 18, 2015) (granting stay "although no indictments have issued").[9]

---

[9] *See also Walsh Sec.*, 7 F. Supp. 2d at 527 (granting stay "[a]lthough no indictments have been returned"); *Roche*, 2019 WL 8014315, at *8 (granting pre-indictment stay); *Sec. & Exch. Comm'n v. McGinnis*, 161 F. Supp. 3d 318, 320, 322 (D. Vt. 2016) (granting stay despite plaintiff's claim that "the possibility of an indictment is speculative" and criminal investigation had been ongoing for two years); *Am. Motorists Ins. Co. v. Bridger Pub. Sch. Dist.* #2, No. CV06-124-BLG-RFC-

Moog tries to downplay *S.E.C. v. Downe* because the USAO was the party seeking the stay. (Opp. at 7-8.) But Moog ignores the part that Skyryse actually cited, where the court granted the **co-defendant's request** to expand the stay to all defendants, because deposing "the central figure in this action ... will be critical for the other defendants in this civil action." 1993 WL 22126, at *14. The court explained it "would be unfair and prejudicial to the defendants to require them to continue with discovery without first having an opportunity to depose [him]," and granted a stay to avoid giving the plaintiff "an unfair litigation advantage." *Id*. Those facts are on all fours.

Each case cited by Moog is distinguishable. To begin, many of Moog's cases involved parallel proceedings without significant overlap in subject matter. *See*, *e.g.*, *In re Par Pharm., Inc.*, 133 F.R.D. 12, 14 (S.D.N.Y. 1990); *Super Sayin'*, 86 F. Supp. 3d at 246; *Williams v. Swack*, No. 13-CV-00974 (S)(M), 2015 WL 2237216, at *2 (W.D.N.Y. May 12, 2015). By contrast, the criminal investigation underway here directly involves the defendants and was inspired by Moog sharing its trade secret misappropriation theories with the government.

*Hakim* is inapposite because that decision involved a case that had already been stayed for a significant amount of time. *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233 (MBM), 1993 WL 481335, at *2-3 (S.D.N.Y. Nov. 18, 1993) (denying stay where defendant had already "obtained a stay of almost nine months, far exceeding the six months he originally sought"). *Wheeler* and *State Farm* are also distinguishable, as the criminal investigations had been ongoing for substantial periods without indictments being issued, which made defendants' concerns truly speculative. *See*, *e.g.*, *S.E.C. v. Wheeler*, No. 11-CV-6169-CJS, 2011 WL 4745048, at *4 (W.D.N.Y. Oct. 7, 2011) (denying stay where no indictment had been issued "for almost four years"); *State Farm Mutual Auto. Ins. Co. v. Mittal*, No. 16-CV-4948(FB)(SMG), 2018 WL 3127155, at *2-3 (E.D.N.Y. June 25, 2018) (denying stay where there was "no activity in the criminal investigation for nearly a year," and so there was "no reason to think that a criminal prosecution is inevitable").

Finally, neither *Musella, Templeton, or Private Sanitation Industry Association* are of any

---

CSO, 2007 WL 1227592, at *3 (D. Mont. Apr. 24, 2007) (granting stay where "no indictment(s) have been issued.").

9

use to Moog because they all involved actions brought by public entities pursuing the public interest, which is not the case here. *See*, *e.g.*, *S.E.C. v. Musella*, No. 83 Civ. 342, 1983 WL 1297, at *1-2 (S.D.N.Y. Apr. 4, 1983) (denying stay where SEC was "acting in furtherance of legitimate public purposes"); *U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp.*, 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003) (the "need to proceed with the civil action may be strong, especially where a government agency acts in the role of a civil litigant"); *United States v. Priv. Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 804-807 (E.D.N.Y. 1992) (denying stay requested by "reputed caporegime in the Lucchese crime family" because all "consumers have a substantial economic interest in seeing that the solid waste industry be rid of corruption").

### E. The interest of the public and the Court favor granting a stay.

Moog's arguments focus on the flawed premise that judicial economy can never be served by a pre-indictment stay. (Opp. at 21-22.) But courts look to whether an investigation involves overlapping issues, such that "the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues." *Brock*, 109 F.R.D. at 120. Indeed, Moog's own authority affirms that "[a] pre-indictment stay is particularly appropriate where both the civil and criminal charges arise from the same remedial statute," like the DTSA, "such that the criminal investigation is likely to vindicate the same public interest." *In re Par Pharm.*, 133 F.R.D. at 14.[10]

The public's interest is also aligned with a stay because the "public benefits from the Government conducting a complete and unhindered investigation" vastly outweigh the public's limited interest in Moog's civil claim. *E.I. du Pont de Nemours and Co. v. Hou*, CV 17-224-RGA, 2017 WL 2531940 (D. Del. June 9, 2017).

### III. CONCLUSION

Skyryse respectfully requests the Court stay this action for the reasons described above.

---

[10] Moog cites only to cases involving unknown criminal causes of action wherein the courts were incapable of determining whether there would be any judicial economy benefits to a stay. *See Citibank*, 1993 WL 481335, at *2 (leaving court "to guess what criminal acts [defendant] might be charged with"); *Gran Sabana*, 2021 WL 3666116, at *3 (same). By contrast, where the civil and criminal issues overlap and there is no "evidence that might be lost if civil discovery is stayed," judicial economy favors a stay. *Brock*, 109 F.R.D. at 120.

Dated: September 7, 2022          By: /s/ Gabriel S. Gross

**LATHAM & WATKINS LLP**

Douglas E. Lumish (Admitted *Pro Hac Vice*)
Gabriel S. Gross
Arman Zahoory (Admitted *Pro Hac Vice*)
Ryan Banks (Admitted *Pro Hac Vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: doug.lumish@lw.com
       gabe.gross@lw.com
       arman.zahoory@lw.com
       ryan.banks@lw.com

Joseph H. Lee (Admitted *Pro Hac Vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: joseph.lee@lw.com

Julianne C. Osborne (Admitted *Pro Hac Vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Fax: (415) 395-8095
Email: julianne.osborne@lw.com

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Defendant Skyryse, Inc.