UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
MOOG INC.,

                                               Plaintiff,                        Case No.: 22-cv-187-LJV-JJM

                 vs.

SKYRYSE, INC. ROBERT ALIN PILKINGTON, MISOOK
KIM, and DOES NOS. 1-50

                                        Defendants.
---------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR AN INTERIM STAY OF MAGISTRATE JUDGE MCCARTHY'S AUGUST 29, 2022 REPORT, RECOMMENDATION AND ORDER PENDING <u>OBJECTIONS TO SAID ORDER</u>

Defendants Robert Alin Pilkington and Misook Kim (collectively, "Individual Defendants"), by and through their counsel, Winget Spadafora & Schwartzberg, LLP, respectfully submits this memorandum of law in support of their Motion for an interim stay of Magistrate Judge Jeremiah J. McCarthy's August 29, 2022 Report, Recommendation and Order (the "August 29th Order"), pending this Court's decision on the Individual Defendants' objections to said Order.

The August 29th Order decided multiple motions including motions to dismiss [ECF Dkt. Nos. 47, 48] and discovery-related motions as to access of the Individual Defendants' electronic devices [ECF Dkt. Nos 228, 229]. Pursuant to the August 29th Order, the "decision regarding motions [228] and [229] will take effect on September 9, 2022 at 5:00 pm EST, unless further stayed by District Judge Vilardo." [ECF Dkt. No. 253, p. 11]. Thus, the portions of the August 29th Order set to go into effect on Friday, September 9, 2022 at 5:00 pm EST pertain to the Individual Defendants' motion to claw back materials that are protected from disclosure by the Fifth Amendment (the "Motion to Claw Back Access") [ECF Dkt. No. 229] and Plaintiff's

concurrently filed motion to restore access to the Individual Defendants' electronic devices ("Motion to Compel Access") [ECF Dkt. No. 228]. Consequently, the present request for a stay relates to ECF Dkt. Nos. 228 and 227, only.

The Individual Defendants respectfully submit that an interim stay of the August 29th Order should be entered until their objections to the Order are determined by this Court. Without such a stay, as set forth more fully below, Plaintiff would be permitted access to the contents of the Individual Defendants' devices, thereby visiting irreparable harm upon the Individual Defendants through violation of their constitutional protections under the Fifth Amendment.

I.     **Procedural Background**

By way of brief procedural background, the parties entered into a stipulated Order for the Production of Information, Data Preservation and Forensic Searches on March 11, 2022 and a stipulated Order for Expedited Discovery on March 17, 2022. [ECF Dkt. Nos. 25, 33]. The Individual Defendants provided twenty-three of their personal electronic devices to a third-party neutral, iDiscovery Solutions ("iDS"), pursuant to the stipulated Order.

On June 8, 2022, Plaintiff was provided with access to eight (8) of the Individual Defendants' electronic devices after attorney-client privileged and personal information was excised from these devices. On June 24, 2022, Plaintiff was provided access to three (3) more of the Individual Defendants' electronic devices after attorney-client privileged and personal information was excised from these devices. On June 29, 2022, Plaintiff was provided with access to an additional seven (7) of the Individual Defendants' electronic devices after attorney-client privileged and personal information was excised from these devices. [ECF Dkt. No. 229-5].

On July 29, 2022, counsel for the Individual Defendants instructed iDS to suspend all access to the Individual Defendants' devices for the purpose of conducting further review of the

devices for potential Fifth Amendment privileged information. [ECF Dkt. No. 229-13, p. 12]. On August 3, 2022, the Individual Defendants filed a motion to stay the action pending resolution of the USAO parallel criminal investigation. [ECF Dkt. No. 214]. On August 4, 2022, the Court set a briefing schedule for the Individual Defendants and Plaintiff to file submissions regarding access to the Individual Defendants' electronic devices in possession of iDS. [ECF Dkt. No. 216]. On August 11, 2022, the Individual Defendants filed their Motion to Claw Back Access and Plaintiff filed their concurrent Motion to Compel Access. [ECF Dkt. Nos. 229, 228].

On August 25, 2022, the Court heard oral arguments on the above motions, along with partial argument concerning the motions to dismiss for lack of personal jurisdiction filed by both the Individual Defendants and Skyryse, Inc. [ECF Dkt. Nos. 47, 48]. Magistrate Judge McCarthy issued his August 29th Order, granting Plaintiff's Motion to Compel Access [ECF Dkt. No. 227] and denying the Individual Defendants' Motion to Claw Back Access [ECF Dkt. No. 228].

In granting Plaintiff's motion to compel, Magistrate Judge McCarthy found in his August 29th Order that: 1) the Individual Defendants were not compelled to turn over their devices to the third party neutral, iDS and thus, no Fifth Amendment privilege applies to their electronic devices (*see* ECF Dkt. No. 253 at p. 7); 2) the act of production doctrine does not apply to the Individual Defendants' electronic devices because it is a foregone conclusion that the Individual Defendants' devices are in fact their devices (*see Id.* at p. 7-8); and 3) if the Individual Defendants did have a Fifth Amendment privilege "it has been waived by their voluntary production of their devices" because the provisions of the Protective Order protecting Privileged Material do not apply to the Fifth Amendment Privilege (*see Id.* at p 9).

Magistrate Judge McCarthy further ordered that "[a]ny objections to this Report, Recommendation and Order must be filed with the clerk of this court by September 12, 2022."

[ECF Dkt. No. 253, p. 11]. In accordance with the so-Ordered schedule, the Individual Defendants will file their objections to the August 29th Order on **Monday, September 12, 2022**. However, in the interim, the portions of the Order that relate to the Individual Defendants' electronic devices are set to go into effect on Friday, September 9, 2022 at 5:00 pm EST, "unless and until a stay is obtained or the order is otherwise reversed or vacated by the District Judge." [*Id*.].

**II.      Applicable Standard on a Motion to Stay Enforcement of a Magistrate Judge's Order**

"The decision whether to issue a stay is firmly within a district court's discretion, and in balancing the relevant factors the basic goal is to avoid prejudice." *In re Kidd*, No. 3:20-MC-00016 (KAD), 2020 WL 3035960, at *3 (D. Conn. June 5, 2020) (quotation marks and citation omitted).

In determining whether to issue a stay related to discovery, the Court should assess: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a 'substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *First City, Texas-Houston, N.A. v. Rafidain Vank*, 131 F. Supp.2d 540, 543 (S.D.N.Y. 2001) (holding that a stay of discovery sought in subpoenas was appropriate since "Rafidain will suffer irreparable harm unless a stay of the discovery sought by the 1998 Subpoenas is granted, since it will then be obligated, in order to purge its contempt, to provide the very discovery it argues it has no obligation to produce."); *In Re: Ex parte Application of Iraq Telecom Limited for an Expedited Order to Take Discovery Pursuant to 28 U.S.C. § 1782,* 2020 WL 1047036, *1 (S.D.N.Y. 2020) (noting that "motion to stay was granted pending a ruling on the Objections."); *Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd.*, 2016 WL 3042733, *2 (S.D.N.Y. 2016) (noting that Magistrate Judge stayed an Order directing Mr. Tokayer to appear for a deposition pending submission of objections to, and a determination by, the District Judge).

The degree to which each factor must be present varies with the strength of the other factors, "meaning that 'more of one excuses less of the other.'" *In Re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

**III.   The Individual Defendants would be Substantially and Irreparably Harmed if the August 29th Order is not Stayed; there would be No Harm to Plaintiff; and Robust Protection of Civil Liberties best serves the Public Interest**

The Individual Defendants respectfully request that the Court grant a temporary stay of Magistrate Judge McCarthy's August 29th Order, so that Your Honor can render a decision on their objections before any of the privileged materials at issue are produced. As demonstrated herein and as will be further demonstrated in the Individual Defendants' soon-to-be-filed objections, there is, at the very least, a "substantial possibility" that the Individual Defendants will succeed on their objections.

Furthermore, the Individual Defendants have demonstrated substantial and irreparable harm in light of the nature of the privileged materials at issue. Here, the Individual Defendants' objections to the Order concern whether they must produce materials that are protected from disclosure by a core Constitutional right and privilege. If the Individual Defendants were to produce those materials before their objections are ruled upon, the substantial harm they would suffer is self-evident.

Beyond concerns in the present case, the Individual Defendants' compliance with the disputed Order would significantly increase the probability that Plaintiff will provide information gleaned from the privileged materials to the United States government for use in the prosecution

against the Individual Defendants, in the course of Plaintiff's recently-disclosed ongoing strategy meetings with the FBI.[1]

On the other hand, Plaintiff will not sustain any prejudice if a temporary stay is issued, as a stay would simply maintain the status quo until Your Honor renders a ruling on the objections.

**IV.** **The Individual Defendants Have a Substantial Possibility of Success, since the August 29th Order was Clearly Erroneous and Contrary to Law, insofar as It would Compel Production of Information Protected by the Fifth Amendment Privilege**

As will be set forth more fully in the Individual Defendants' objections to the Order, the Individual Defendants respectfully submit that the findings therein are clearly erroneous and contrary to law and, therefore, should be set aside. Specifically, the following issues are presented with respect to the August 29th Order:

**First Issue Presented:** Did the Magistrate Judge err in finding that the Individual Defendants waived their Fifth Amendment privilege by providing their devices to a third-party neutral pursuant to the Protective Order? (*See* ECF Dkt. No. 253, pp. 4-7).

**Answer:** Yes. The Individual Defendants merely complied with the stipulated Order that required they turn over <u>any</u> personal electronic device used within the "past twelve months" to a third-party neutral, regardless of what its contents might be. [ECF Dkt. No. 25 ¶¶ 4, 6]. Furthermore, the Protective Order explicitly protects the parties' privileged material. *See* ECF Dkt. No 96, p. 4 ("before forensic images are made available to Authorized Reviewers…to inspect, the

---

[1] It was only months after agreeing to the Protective Order, weeks after providing access to any materials, and several days after the Individual Defendants clawed back access to their devices that Plaintiff first produced documents to the Individual Defendants that disclosed that: (1) Plaintiff initiated the USAO Investigation prior to commencing this Action; (2) Plaintiff is deeply involved with the USAO Investigation and acts in an agency capacity for the very purpose of circumventing the Individual Defendants' Fifth Amendment rights; and (3) Plaintiff induced the Individual Defendants to enter into the So-Ordered Stipulation while withholding this information and before the Individual Defendants even retained counsel. *See* Dkt. No. 229-15.

Producing Party shall have an opportunity [to] review the forensic images for privileged information and, as to personal devices only, personally private information… and work with iDS to excise such information from the forensic images").

Additionally, the Individual Defendants' inadvertent production of any privileged materials does not constitute a waiver of the Fifth Amendment privilege. *See In re Bank of New York Mellon Corp. Forex Transactions Litig.*, No. 12 MD 2335 LAK, 2014 WL 4827945, at *1 (S.D.N.Y. Sept. 22, 2014).[2] It is well-settled that delay in asserting a privilege alone is insufficient to find that a constitutional right has been waived. *See In re DG Acquisition Corp.*, 151 F.3d 75, 83 (2d Cir. 1998) (finding a six-month delay in asserting Fifth Amendment privilege did not result in a waiver). Indeed, as Courts have repeatedly held, a waiver of Fifth Amendment rights "is not lightly to be inferred." *Emspak v. United States*, 349 U.S. 190, 196 (1955).

Consequently, Magistrate Judge McCarthy's ruling that the Individual Defendants waived their Fifth Amendment privilege merely by providing the electronic devices to the third-party neutral was clearly erroneous.

**Second Issue Presented:** Did the Magistrate Judge err in finding that the "act of production" doctrine does not apply to protect production of the contents of the Individual Defendants' devices because it is a foregone conclusion that the devices belong to the Individual Defendants? (*See* ECF Dkt. No. 253, pp. 7-9).

---

[2] In determining whether production subject to a claw back was inadvertent, courts consider: "(1) the reasonableness of the precautions taken to prevent inadvertent disclosure, (2) the time taken to rectify the error, (3) the scope of the discovery and extent of the disclosure, and (4) overarching issues of fairness." *Id*. It is well-established that discovery orders protecting inadvertent disclosure, such as the Protective Order is this Action, form a reasonable precaution. *See id.*; *Commodity Futures Trading Comm'n v. Parnon Energy Inc.*, No. 11 CIV. 3543 WHP, 2014 WL 2116147, at *4 (S.D.N.Y. May 14, 2014).

**Answer:** Yes. Magistrate Judge McCarthy's finding that the "act of production" doctrine does not apply because it is a foregone conclusion that the Individual Defendants' devices are their devices is a tautology that does not touch upon the heart of the issue.³ The real issue is whether the Individual Defendants are in possession of any Moog trade secrets; not whether they owned and used electronic devices during the period of March 2021 through March 2022.

Here, the Individual Defendants have never admitted that any Moog trade secrets exist on any specific device and, indeed, they could not have done so, since Plaintiff has never identified its purported trade secrets. Thus, the "act of producing" the contents of their electronic devices would be testimonial, in that it would permit Plaintiff to determine whether any of its as-of-yet unidentified trade secrets exist within their possession, custody, and control. Compelling the Individual Defendants to provide access to their devices would, accordingly, violate their Fifth Amendment privilege. Thus, Magistrate Judge McCarthy's findings are clearly erroneous and contrary to law.

**Third Issue Presented:** Did the Magistrate Judge err in finding that the Protective Order, which explicitly defines "Privileged Materials" as "Discovery Material protected from disclosure under…any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure" [ECF Dkt. No. 89, p. 4], somehow does not apply to the Individual Defendants' assertion of a Fifth Amendment privilege? (*See* ECF Dkt. No. 253, pp. 9-10).

**Answer:** Yes. Magistrate Judge McCarthy's finding that the Individual Defendants waived their Fifth Amendment privilege by making any of their devices available for review was also

---

³ *See United States v. Hubbell*, 530 U.S. 27 (2000) (*citing United States v. Doe*, 465 U.S. 605, 613 n. 11 (1984))("[T]he act of production may implicitly communicate 'statements of facts' by compelling the person 'to admit that the papers existed, were in his possession or control, and were authentic.'").

clearly erroneous. The Protective Order explicitly states that "if a party *at any time* notifies any other Party that it, *for any reason*, disclosed documents, testimony, information, and/or things that are protected as Privileged Material… the disclosure alone, pursuant to Rule 502(d), shall not be deemed a waiver…of *any applicable privilege or protection*." *See* ECF Dkt. No. 89, § 16.5 § (emphasis added). Second, when the Individual Defendants permitted access to any of their devices, it was an inadvertent production of privileged material, not a waiver. As noted above, it is well-settled that an inadvertent production and mere delay in asserting a Fifth Amendment privilege does not create a waiver thereof.

## CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that this Court issue an Order temporarily staying Magistrate Judge McCarthy's August 29, 2022 Report, Recommendation and Order until a decision is rendered on the Individual Defendants' objections to that aforementioned Report, Recommendation and Order.

Dated: New York, New York
       September 9, 2022

**WINGET, SPADAFORA &**
**SCHWARTZBERG, LLP**

By:   */s/ Anthony D. Green*
      Anthony D. Green, Esq.
      Alexander A. Truitt, Esq.
      M. Annabel Mireles, Esq.
      45 Broadway – 32nd Floor
      New York, NY 10006
      P: (212) 221-6900
      F: (212) 221-6989
      Green.A@wssllp.com
      Truitt.A@wssllp.com
      Mireles.A@wssllp.com

*Attorneys for Defendants Robert Alin Pilkington and Misook Kim*