# EXHIBIT 2

13:29:38

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

MOOG INC., ) 22-CV-187

Plaintiff )

vs.

Buffalo, New York

SKYRYSE, INC., et al ) August 25, 2022

Defendant.

- - - - - - - - - - - - - - - - - - X

**DISCOVERY HEARING**

**Proceeding held via Zoom for Government Platform**

**All parties appeared remotely.**

**Transcribed from audio of Zoom for Government Platform**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE

FOR PLAINTIFF: SHEPPHARD MULLIN RICHETER & HAMPTON, LLP
BY: RENA ANDOH, ESQ.
LAI YIP, ESQ.
KAZIM A. NAQVI, ESQ.
TRAVIS ANDERSON, ESQ.
TYLER BAKER, ESQ.
-and-
HODGSON RUSS, LLP
BY: ROBERT J. FLUSKEY, JR, ESQ.
PAULINE THECLA MUTO, ESQ.
REETUPARNA DUTTA, ESQ.
MELISSA SUBJECK, ESQ.

FOR DEFENDANT: LATHAM & WATKINS, LLP
BY: DOUGLAS E. LUMISH, ESQ.
GABRIEL S. GROSS, ESQ.
KELLEY STOREY, ESQ.
CASSANDRA M. BALOGA, ESQ.
JULIANNE CATHERINE OSBORNE, ESQ.
RYAN T. BANKS, ESQ.
JOSEPH LEE, ESQ.
ARMAN ZAHOORY, ESQ.

**COURT REPORTER: Karen J. Clark, Official Court Reporter**
**Karenclark1013@AOL.com**

**FOR DEFENDANT PILKINGTON/KIM: WINGET, SPADAFORA & SCHWARTZBERG, LLP**
**BY: ALEXANDER ASHER TRUITT, ESQ.**
**ANTHONY D. GREEN, ESQ.**
**ANNABEL MIRALES, ESQ.**

**P R O C E E D I N G**

* * *

12:32:19

12:32:19

12:33:14 MAGISTRATE JUDGE MCCARTHY: Good afternoon, everyone, or good morning and good afternoon, I should say.

MR. GROSS: Good morning.

MS. ANDOH: Good afternoon, your Honor.

MR. TRUITT: Good afternoon.

MAGISTRATE JUDGE MCCARTHY: Okay. Eric, have we noted the appearances or go ahead and call the case.

THE CLERK: I will, Judge. We're on the record in civil proceeding 22-CV-187, Moog Inc v Skyryse Inc., et al for oral argument. Present by video are Rena Andoh, Kazim Naqvi, Lai Yip, Travis Anderson, Pauline Muto, Tyler Baker, Robert Fluskey, Melissa Subjeck and Reena Dutta, are for Plaintiff Moog.

For Defendant Skyryse are Douglas Lumish,

Gabriel Gross, Ryan Banks, Arman Zahoory, Julianne Osborne, Jerri Looney, Terrance Flynn, Cassandra Baloga and Kelly Storey.

And for the individual Defendants are Alexander Truitt, Anthony Green and Annabel Mirales.

The Honorable Jeremiah J. McCarthy presiding.

MAGISTRATE JUDGE MCCARTHY: Okay. Welcome again. And, as you know, we're going to discuss several motions today, not all of the motions that are pending, but the ones that I had indicated. And what I want to do is segment the discussion. I want to begin with the discussion of jurisdiction and venue, but solely for purposes of the preliminary injunction motion, not for purposes of the remainder of the case, because that issue does not need to be decided right now. Next, after that, I want to discuss the motions relative to Pilkington and Kim's effort to claw back their devices and Moog's motion for access to the devices. Following that, we will discuss Moog's motion for clarification. So, I assure you, I don't have total recall of everything. But, I have spent a good deal of time trying to get ready for today's argument. I have reviewed the relevant papers in considerable detail and

13:27:54 documents 33 and 25 both say for the purpose of the stipulation and no other purpose. So, I respectfully submit that Skyryse -- I'm sorry -- that Moog is arguing that a stipulation to adjourn now suddenly puts the entire proceeding within the Court's jurisdiction. I would submit that is another purpose.

13:28:19 Second, document 33 says any and all challenges to jurisdiction or venue in the Western District of New York are expressly preserved. That is what is happening with these Rule 12 motions. There are challenges to the jurisdiction and venue of the Western District of New York. Thank you.

13:28:35 MAGISTRATE JUDGE MCCARTHY: All right. Thank you, counsel.

13:28:39 I've given a lot of thought to this and I suppose, in one sense, which forum will hear the preliminary injunction motion is not something that needs to be decided now, because however you slice it, it's probably a ways down the road. Nonetheless, to avoid any confusion and to give the parties an opportunity to seek review by Judge Vilardo, if they wish, I'm going to tell you my thoughts and what I am going to do on this issue and on the other issues we're going to be discussing today, is, I will tell you what

There would be no point to talking about scheduling a preliminary injunction hearing. In fact, they did schedule the preliminary injunction hearing subject to the Court's availability. But, there would be no point in talking about that if this were not the Court that was going to conduct the hearing. That, in a nutshell, is my reasoning. I think it's the only fair reading that can be given to the two stipulations and orders, and, therefore, I think that, irrespective of where the rest of the case will be conducted, the preliminary injunction hearing should take place in the Western District of New York. I will elaborate on that in more detail in my written decision. Having said that, though, I want to offer a few other observations. First, with respect to the remainder of the case, and that is not something that I'm going to be deciding today, but if and when that issue has to be decided, even if there is personal jurisdiction over the remainder of the case, and I don't say whether there is or not, based on what I've seen, I think there is a compelling case or argument to be made that the remainder of the case should be transferred to the Central District of California based on convenience of the parties, convenience of witnesses, coupled with the

13:33:06 fact that there is now an ongoing criminal investigation 13:33:11 in the Central District of California. Again, to be 13:33:14 clear, I'm not deciding that issue right now. That 13:33:17 might be affected by, you know, what occurs between now 13:33:20 and the time of the preliminary injunction hearing and 13:33:23 how familiar this Court has become with the issues; 13:33:26 vis-à-vis, court in the Central District of California. 13:33:31 I will just say that the parties should keep in mind the 13:33:35 possibility, at least, which I consider to be more than 13:33:38 a minimal possibility, that irrespective of where the 13:33:42 preliminary injunction is heard, the remainder of the 13:33:49 case may well be transferred to the Central District of 13:33:52 California. I also want to point out for Moog's 13:33:55 benefit, and I think, Mr. Gross, you alluded to this, 13:33:58 but we did a little checking on our own, and I don't say 13:34:02 this to shirk any responsibility, because I will not be 13:34:06 the one conducting the preliminary injunction hearing, 13:34:10 in any event, but in this district, in Buffalo, we have 13:34:15 two active district judges, Judge Vilardo and Judge 13:34:20 Sinatra. In the Central District of California -- we 13:34:22 also have, in fairness, we have two senior status 13:34:26 district judges, God bless them, Judge Arcara and Judge 13:34:31 Skretny, who are basically working full time. But by 13:34:35 contrast, the Central District of California has, I

believe, 34 district judges. So, in terms of how quickly a preliminary injunction hearing could be scheduled, I think there is a good argument that you might get to a hearing more quickly in the Central District of California than you would here. Nonetheless, I think there is a contractual basis for holding the hearing here, and so that will be my ruling. If Judge Vilardo wants to take a different view of it, well, that certainly is his prerogative.

Let's move on now to the companion motions of -- and just to be clear, for that reason, I am also denying Skyryse's motion to submit a supplemental reply brief, which is docket No. 247, I believe. That will obviously be part of the record if somebody wants to make further argument to Judge Vilardo and if he wants to consider it, I presume he would give, at that point, would give Moog an opportunity to reply to that. But that would be his call.

Let's turn then to the -- the motions -- the claw back motions and Moog's motion for access to the individual Defendant's devices. And I'll hear from whoever wants to be heard in that regard.

MR. FLUSKEY: Your Honor, I can begin on the restoration, if that is acceptable to the Court.

MOOG, INC. VS. SKYRYSE, INC. ET AL.

S/ Karen J. Clark, RPR

Official Court Reporter