UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,<br><br>　　　　　　　Defendants. | Civil Action No. 1:22-cv-00187-LJV-JJM |

## CERTIFICATION PURSUANT TO LOCAL RULE 72(c)

1.　"Any party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." L.R. Civ. P. 72(c).

2.　Skyryse's Objections to Magistrate Judge McCarthy's Report and Recommendation ("R&R") (ECF 253) do not raise new legal or factual arguments with two exceptions: Skyryse responds to two issues Magistrate Judge McCarthy raised in the R&R for the first time, which Skyryse has not had an opportunity to brief previously.

3.　First, rather than fully resolving Skyryse's motion to dismiss or transfer (ECF 48), which was filed nearly six months ago, the R&R defers ruling on Skyryse's motion until after resolution of Moog's preliminary injunction motion, for which no hearing date has been set. (R&R at 4.) Skyryse could not have reasonably predicted that the R&R would further delay ruling on its motion rather than resolving it. When a hearing was first set on Skyryse's motion by text order (ECF 223) on August 10 (with no qualification that oral argument on Skyryse's motion would only

be heard in part), Skyryse anticipated that its motion would be resolved in full shortly thereafter. This expectation was in line with Magistrate Judge McCarthy's email to counsel on August 10, 2022 that he "intend[ed] to give *top priority* to deciding defendants' pending motions for dismissal or transfer of venue [47, 48] – for regardless of the outcome of those motions, all parties deserve to know sooner rather than later which court will preside over this litigation." (Ex. 1 to the Declaration of Julianne Osborne) (emphasis added). In its Objections, Skyryse provides case law and argument establishing why its threshold challenges to the Court's jurisdiction and the propriety of venue should be resolved early in the case, prior to any other decisions on the merits, and why further delaying resolution of Skyryse's motion unfairly prejudices Skyryse.

4. Second, the R&R denies Skyryse's motion for leave to file a supplemental reply brief, to respond to an argument which Moog made months after the parties had briefed Skyryse's motion. (R&R at 2-4.) Moog argued for the first time in an email to the Court (ECF 247-4) on August 12, 2022 and in its opposition to Skyryse's supplemental brief (ECF 239 at 3-5) on August 17, 2022 (to which Skyryse had no right of reply) that Skyryse had "agreed" in two stipulations that personal jurisdiction and venue were proper in this Court for purposes of resolving Moog's motion for a preliminary injunction. Skyryse sought leave to file a supplemental reply brief in order to respond to this new argument (ECF 247), which Magistrate Judge McCarthy denied in the R&R, while noting it would "obviously be part of the record" for purposes of any objections to the R&R. (Ex. 2, Aug. 25 Tr. 26:11-19.) Magistrate Judge McCarthy declined to consider the evidence and arguments Skyryse presented in its supplemental reply brief, so Skyryse in its Objections addresses his reasoning and the authority on which he relied in denying Skyryse leave to present them.

- 3 -

5. I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 12, 2022

_____
Julianne C. Osborne