# Exhibit A

**From:** Anthony Green <green.a@wssllp.com>
**Sent:** Wednesday, August 24, 2022 11:13 AM
**To:** Fluskey Jr., Robert J. <RFluskey@hodgsonruss.com>; Jeremiah McCarthy <Jeremiah_McCarthy@nywd.uscourts.gov>; NYWDml_McCarthy PpO <mccarthy@nywd.uscourts.gov>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Subjeck, Melissa N. <MSubjeck@hodgsonruss.com>; Dutta, Reetuparna <RDutta@hodgsonruss.com>; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; Kelley.Storey@lw.com; Arman.Zahoory@lw.com; 'truitt.a@wssllp.com'; 'green.a@wssllp.com'; William Hayes <William_Hayes@nywd.uscourts.gov>; Dutta, Reetuparna <RDutta@hodgsonruss.com>; Muto, Pauline T. <pmuto@hodgsonruss.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Gabe.Gross@lw.com
**Subject:** RE: Moog/Skyryse - 22-cv-187

Dear Judge McCarthy:

In response to your three questions, the Individual Defendants can answer questions 2 and 3.

**Question 2:**   On what dates did Pilkington and Kim receive subpoenas from the USAO? On what dates did they retain criminal defense counsel?

**Answer:** They were served with subpoenas on June 15, 2022, and retained criminal defense counsel on June 16 and 17, 2022. Following retention, it took time for criminal defense counsel to get up to speed with everything that had transpired pursuant to the expedited discovery, conduct preliminary discussions with the USAO, and to familiarize themselves with the facts and allegations, which was hindered, as all defense counsel in this action have experienced first-hand, by Plaintiff's continuing failure to identify its trade secrets, even among the files it has specifically alleged were downloaded by Ms. Kim, or to explain its then-operative but now-seemingly withdrawn allegations that the Individual Defendants improperly accessed or used classified information.

**Question 3:**   On June 29 Pilkington and Kim consented to Moog receiving access to 17 of the 23 devices which they had turned over to iDS. Why not the other 6? I believe the reason was that privilege review had not been completed. Please confirm.

**Answer:** Privilege review had not been completed with respect to four of the devices and we do not have the password information iDS claims is needed in order to access two of the devices.

Although we were initially going to provide Skyryse access to review for its own information on four of the devices, following further conversations with criminal defense counsel and once we learned that our clients were targets of the investigation, it was determined that we would not provide access to Skyryse or any other party on the basis of the Fifth Amendment-related concerns pending before the Court. Mr. Fluskey is incorrect in his claim that Plaintiff "first learned" of this fact during the July 27 hearing. In fact, we had had a prior meet and confer with his co-counsel Mr. Anderson and Mr. Naqvi, along with counsel for Skyryse, at which time we informed Plaintiff that we would be seeking a stay, we would not be providing access to those remaining devices, and we were considering a clawback of the information released by iDS. Additionally, while iDS might now be able to access one of the devices that it previously claimed could not be opened, we are not making it available at this time, because of the Individual Defendants' aforementioned Fifth Amendment concerns.

Respectfully,

Anthony Green

**Anthony D. Green, Esq.**
*Partner*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006
P (212) 221-6900 **|** F (212) 221-6989
E [Green.A@wssllp.com](mailto:Green.A@wssllp.com) **|** M (917) 837-1781

**Connect with us**



[WSSLLP.com](http://WSSLLP.com) **|** Mailing List



PLEASE NOTE THIS MESSAGE IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT OR OTHERWISE HAVE RECEIVED THIS EMAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY RETURN EMAIL, AND DELETE THIS MESSAGE AND ALL ATTACHMENTS FROM YOUR COMPUTER SYSTEM.

IRS CIRCULAR 230 DISCLOSURE: TO ENSURE COMPLIANCE WITH U.S. TREASURY REGULATIONS GOVERNING TAX PRACTICE, WE INFORM YOU THAT: ANY U.S. TAX ADVICE CONTAINED IN THIS COMMUNICATION (INCLUDING ATTACHMENTS) WAS NOT WRITTEN TO BE USED FOR AND CANNOT BE USED FOR (I) PURPOSES OF AVOIDING ANY TAX RELATED PENALTIES THAT MAY BE IMPOSED UNDER FEDERAL TAX LAWS, OR (II) THE PROMOTION, MARKETING OR RECOMMENDING TO ANOTHER PARTY OF ANY TRANSACTION OR MATTER ADDRESSED HEREIN.

THE INFORMATION IN THIS E-MAIL AND IN ANY ATTACHMENTS IS CONFIDENTIAL AND MAY BE PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE DESTROY THIS COMMUNICATION AND NOTIFY THE SENDER IMMEDIATELY. YOU SHOULD NOT RETAIN, COPY OR USE THIS E-MAIL FOR ANY PURPOSE, NOR DISCLOSE ALL OR ANY PART OF ITS CONTENTS TO ANY OTHER PERSON OR PERSONS.

**From:** Fluskey Jr., Robert J. <RFluskey@hodgsonruss.com>
**Sent:** Wednesday, August 24, 2022 10:41 AM
**To:** Jeremiah McCarthy <Jeremiah_McCarthy@nywd.uscourts.gov>; NYWDml_McCarthy PpO <mccarthy@nywd.uscourts.gov>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Subjeck, Melissa N. <MSubjeck@hodgsonruss.com>; Dutta, Reetuparna <RDutta@hodgsonruss.com>; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; Kelley.Storey@lw.com; Arman.Zahoory@lw.com; 'truitt.a@wssllp.com'; 'green.a@wssllp.com'; William Hayes <William_Hayes@nywd.uscourts.gov>; Dutta, Reetuparna <RDutta@hodgsonruss.com>; Muto, Pauline T. <pmuto@hodgsonruss.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Gabe.Gross@lw.com
**Subject:** RE: Moog/Skyryse - 22-cv-187

Dear Judge McCarthy:

In your August 17 email (below), you posed three questions to the parties:

1. Did Moog first contact the USAO regarding the alleged theft, or did the USAO first contact Moog?

2. On what dates did Pilkington and Kim receive subpoenas from the USAO? On what dates did they retain criminal defense counsel?

3. On June 29 Pilkington and Kim consented to Moog receiving access to 17 of the 23 devices which they had turned over to iDS. Why not the other 6? I believe the reason was that privilege review had not been completed. Please confirm.

Moog provides the following responses to questions 1 and 3:

## Question 1

The short answer to this question is no, Moog did not first contact the USAO. The USAO initiated outreach to Moog on April 27, 2022. Moog did, however, contact certain other government agencies prior to the USAO getting involved. Specifically, Moog first reached out informally to a local FBI contact by phone on February 10, 2022, once Moog became aware that at least some Moog data had been stolen (including data related to sensitive government programs). The FBI then followed up with Moog, as demonstrated in the communications with the FBI produced to the defendants in this case. Further, and as required by certain of its contracts related to government programs, Moog provided notification to the Department of Defense on February 18, 2022 regarding theft of Moog's data. Similarly, Moog was required to notify the Defense Counterintelligence Security Agency of the breach and theft of Moog's data because certain of the individuals involved in the theft of Moog's data held security clearances, and so Moog provided that notice on February 18, 2022. The Individual Defendants would have been aware of Moog's contractual reporting obligations to the Department of Defense at an absolute minimum, having worked on several of those programs for many years.

**Question 3**

Regarding four of the six devices referenced in Your Honor's email (E0005, E0018, E0019, E0023), on June 24, 2022, the Individual Defendants sent correspondence to the parties stating they were withholding access to the devices from Moog on the grounds that they potentially contained Skyryse privileged information. Skyryse's counsel subsequently confirmed that they wished to review those devices for privileged materials. However, as Moog learned for the first time during the July 27, 2022 hearing with the Court, the Individual Defendants have refused to provide access to those four devices to Skyryse for any privilege review.

The fifth device (E0025) originally could not be opened by iDS due to a device "reading" error, which iDS eventually resolved on or about July 21, 2022. iDS then asked the defendants "whether or not [this device] has any privilege documents to remove," and the defendants have not responded.

The sixth device (E0010) is Misook Kim's device. It cannot be accessed because the password is unavailable. The Individual Defendants have represented that they do not have the password.

Respectfully,

Rob Fluskey


**Robert J. Fluskey**
Partner
Hodgson Russ LLP

Tel:     716.848.1688
Mobile:  914.523.9966
Fax:     716.819.4718

The Guaranty Building | 140 Pearl Street, Suite 100 | Buffalo, NY 14202
Tel: 716.856.4000 | map

website | vCard | bio | email


**From:** Jeremiah McCarthy <Jeremiah_McCarthy@nywd.uscourts.gov>
**Sent:** Wednesday, August 17, 2022 10:14 AM
**To:** Rena Andoh <RAndoh@sheppardmullin.com>; Gabe.Gross@lw.com; NYWDml_McCarthy PpO <mccarthy@nywd.uscourts.gov>
**Cc:** Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Subjeck, Melissa N. <MSubjeck@hodgsonruss.com>; Dutta, Reetuparna <RDutta@hodgsonruss.com>; Fluskey Jr., Robert J. <RFluskey@hodgsonruss.com>; 'tflynn@harrisbeach.com'; 'doug.lumish@lw.com'; 'gabe.gross@lw.com'; 'joseph.lee@lw.com'; Kelley.Storey@lw.com; Arman.Zahoory@lw.com; 'truitt.a@wssllp.com'; 'green.a@wssllp.com'; William Hayes <William_Hayes@nywd.uscourts.gov>
**Subject:** RE: Moog/Skyryse - 22-cv-187

**External Email - Use Caution**

Good morning Counselors: At or prior to next Thursday's oral argument, please answer the following questions (I may have more later, and do not read anything in to these questions as suggesting which way I am leaning):

1 - Did Moog first contact the USAO regarding the alleged theft, or did the USAO first contact Moog?

2 – On what dates did Pilkington and Kim receive subpoenas from the USAO? On what dates did they retain criminal defense counsel?

3 – On June 29 Pilkington and Kim consented to Moog receiving access to 17 of the 23 devices which they had turned over to iDS. Why not the other 6? I believe the reason was   that privilege review had not been completed. Please confirm.



Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202
TEL: (716) 551-1880
FAX: (716) 551-1885