UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MOOG INC.,

    Plaintiff,

v.

SKYRYSE, INC., *et al.*,

    Defendants.

22-CV-187-LJV-JJM
DECISION & ORDER

---

Before this Court is an appeal by defendants Robert Alin Pilkington and Misook Kim from the order of United States Magistrate Judge Jeremiah J. McCarthy rejecting their claim of Fifth Amendment privilege.  On July 29, 2022, Pilkington and Kim suspended plaintiff Moog Inc.'s access to certain electronic devices that Pilkington and Kim had previously produced pursuant to a stipulated order.  Docket Item 228-2 at ¶ 19.  About two weeks later, Pilkington and Kim moved to claw back those devices, arguing that the production of those devices was protected by their Fifth Amendment privilege against self-incrimination.  Docket Item 229.  That same day, Moog moved to restore its access to Pilkington's and Kim's devices.  Docket Item 228.

On August 25, 2022, Judge McCarthy, to whom this case was referred under 28 U.S.C. § 636(b)(1)(A) and (B), denied Pilkington's and Kim's motion and granted Moog's motion.[1]  Docket Items 251, 253.  In his Report, Recommendation and Order ("RR&O"), Judge McCarthy determined that Pilkington and Kim could not assert a Fifth

---

[1] Judge McCarthy also denied in part the defendants' motions to transfer venue and recommended denying in part the defendants' motions to dismiss.  *See* Docket Item 253 at 1-4.  Those decisions and recommendations are not at issue on this appeal.

Amendment privilege over the production of their electronic devices.  Docket Item 253.  And Judge McCarthy concluded that even if Pilkington and Kim could assert a Fifth Amendment privilege, any such privilege had been waived.  *Id.*

On September 9, 2022, Pilkington and Kim moved for an interim stay of Judge McCarthy's decision.  Docket Item 260.  That afternoon, this Court entered a temporary stay of the decision and set a briefing schedule on Pilkington's and Kim's forthcoming objections to the RR&O.  Docket Item 261.  Pilkington and Kim subsequently filed their objections on September 12, 2022, Docket Item 264; Moog responded on September 19, 2022, Docket Item 266; and Pilkington and Kim replied on September 23, 2022, Docket Item 268.  This Court heard oral argument on Pilkington's and Kim's objections on September 27, 2022.  Docket Item 269.

This Court has carefully and thoroughly reviewed the record in this case; the RR&O; the objections, response, and replies; and the materials submitted to Judge McCarthy.  Based on that review, this Court affirms Judge McCarthy's decision.  The temporary stay of that order, Docket Item 261, is vacated, and Pilkington's and Kim's motion to stay Judge McCarthy's order, Docket Item 260, is denied as moot.

## **FACTUAL BACKGROUND**[2]

On March 7, 2022, Moog commenced this action against Skyryse and two of Skyryse's then-employees, Pilkington and Kim, alleging that the defendants "misappropriate[d] valuable confidential, proprietary, and trade secret information" from

---

[2] The Court assumes familiarity with the facts alleged in the complaint, Docket Item 1, the procedural history of the case, and the analysis in Judge McCarthy's RR&O, Docket Item 253.

Moog "by way of stealing it."  Docket Item 1 at ¶ 4.  In its complaint, Moog alleged that Pilkington and Kim, two former Moog employees who left to go to Skyryse, worked together "to copy and misappropriate" more than 136,000 files from Moog for use at Skyryse.  *Id.* at ¶¶ 5-6.  Moog later revised that number to north of 1.3 million files.  Docket Item 63-3 at 2.  Moog brings various claims against Skyryse, Pilkington, and Kim related to that alleged misappropriation, including claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, as well as common law misappropriation of trade secrets claims.  Docket Item 1 at ¶¶ 160-92.

The same day that Moog filed its complaint, it also moved for a temporary restraining order and a preliminary injunction.  Docket Item 4.  Four days later, the parties signed a stipulated order resolving Moog's motion for a temporary restraining order.  Docket Item 25.  That March 11 stipulated order, in relevant part, required Pilkington and Kim to produce "hard drives of [their] personal computers, laptops, phones, USB devices, external data storage devices, or other electronic devices [they] had] used in the last twelve months" to a third-party forensics firm for review.  *Id.* at ¶ 4.  Pilkington and Kim were not represented by counsel when they executed the March 11 stipulated order; a short time later, however, they retained counsel and executed a second stipulated order reaffirming their obligations under the March 11 stipulated order.  *See* Docket Item 33.  Pilkington and Kim subsequently produced their electronic devices to iDS, the third-party forensics firm.  *See* Docket Item 228-2 at ¶ 4.

About two months later, Pilkington and Kim were served with grand jury subpoenas in a parallel criminal investigation, and they retained separate criminal counsel.  Docket Item 266-2.  On July 27, 2022, Pilkington and Kim informed Judge

McCarthy of their intent to assert a Fifth Amendment privilege over the electronic devices they had previously produced pursuant to the March 11 stipulated order. Docket Item 206.  Two days later, Pilkington and Kim suspended Moog's access to the electronic devices produced to the third-party forensics firm.  Docket Item 228-2 at ¶ 19.

On August 11, 2022, Pilkington and Kim moved to claw back their devices, arguing that the production of those devices implicated Pilkington's and Kim's Fifth Amendment privilege against self-incrimination, Docket Item 229, and Moog moved to restore access to Pilkington's and Kim's devices, Docket Item 228.  Judge McCarthy heard oral argument on those motions on August 25, 2022.  Docket Item 251.  During that argument, Judge McCarthy denied Pilkington's and Kim's motion and granted Moog's motion; he issued the RR&O memorializing that decision a few days later. Docket Items 251, 253.

Because Judge McCarthy "[r]ecogniz[ed] the importance of the privilege issues" addressed in his RR&O, he stayed the effective date of his decision until 5:00 p.m. on September 9, 2022, so that Pilkington and Kim could seek further relief from this Court. Docket Item 253 at 11.  Pilkington and Kim moved for a stay of Judge McCarthy's decision on the morning of September 9, 2022, and this Court entered a temporary stay of the decision that afternoon.  Docket Items 260, 261.  After full briefing on the objections, see Docket Items 264, 266, 268, this Court heard oral argument on September 27, 2022, Docket Item 269.

## **LEGAL PRINCIPLES**

Under Rule 72(a) of the Federal Rules of Civil Procedure, when a party timely objects to a magistrate judge's decision on a non-dispositive matter, the district judge

4

must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a), *see also* 28 U.S.C. § 636(b)(1)(A). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A decision is contrary to law "when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Ent. Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002). Unlike *de novo* review for dispositive matters, which is without deference, *see Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001), the standard of review for non-dispositive decisions is "highly deferential": a district court "may not reject a magistrate judge's non-dispositive order merely because the district court would have decided the matter differently." *Davis v. 2191 Niagara St., LLC*, 351 F. Supp. 3d 394, 410 (W.D.N.Y. 2019) (alterations, citation, and internal quotation marks omitted).

## DISCUSSION

Judge McCarthy concluded that no Fifth Amendment privilege applied here because Pilkington and Kim "voluntarily produced their devices for inspection" and the production of those devices was not testimonial. Docket Item 253. Pilkington and Kim maintain that they have not voluntarily waived any Fifth Amendment privilege because they promptly reclaimed their devices after they were "advised that they were the subject of a criminal investigation." Docket Item 264 at 30. And Pilkington and Kim argue that the production of their devices is protected by the Fifth Amendment because

"the incriminating aspect of the production [of those devices] is [their] existence." *Id.* at 26.

Regardless of whether Pilkington and Kim voluntarily produced the devices pursuant to the March 11 stipulated order, this Court agrees with Judge McCarthy that the production of those devices does not implicate the Fifth Amendment. As Judge McCarthy noted, "[t]he Fifth Amendment 'protects a person only against being incriminated by his [or her] own compelled testimonial communications,'" and the "production of documents" often "does not compel [] testimony." Docket Item 253 at 7 (quoting *United States v. Doe*, 465 U.S. 605, 610-11 (1984)). That rule applies regardless of whether the documents are on paper or stored electronically on a computer. *See generally United States v. Apple MacPro Comput.*, 851 F.3d 238, 247-49 (3d Cir. 2017).

But that rule is not absolute: In certain circumstances, "the act of production" itself can "communicate incriminatory statements" because "producing documents 'tacitly concedes the existence of the [documents] demanded and their possession or control by the [individual,] as well as the [individual's] belief that the [documents] are those described in the subpoena." *United States v. Fridman*, 974 F.3d 163, 174 (2d Cir. 2020) (alterations omitted) (quoting *Fisher v. United States*, 425 U.S. 391, 410-11 (1976)). "Similarly, when [an individual] must 'make extensive use of the contents of his [or her] own mind in identifying the hundreds of documents responsive to the requests in the subpoena,' he or she contributes to a 'link in the chain' of their prosecution in violation of the Fifth Amendment privilege." *Id.* (quoting *United States v. Hubbell*, 530 U.S. 27, 42-43 (2000)).

6

Judge McCarthy concluded that Pilkington's and Kim's production of their devices in this case did not implicate their Fifth Amendment rights because Pilkington and Kim "have repeatedly admitted that th[ose] devices . . . are theirs, and not only agreed to make those devices available for inspection, but did so." Docket Item 253 at 8. That is, Judge McCarthy determined that because the existence, location, and authenticity of Pilkington's and Kim's devices are a "foregone conclusion," the act of producing of those devices did not itself communicate incriminating information—or anything else, for that matter—and therefore was not testimonial. *Id.* at 7 (quoting *Braswell v. United States*, 487 U.S. 99, 129 (1988)).

Pilkington and Kim argue that their act of producing the electronic devices is testimonial because it is not a "foregone conclusion as to whether or not any of [their] devices contain [Moog's] trade secrets." Docket Item 264 at 27. They similarly maintain that "[i]t cannot be a foregone conclusion [that they] possess [Moog's] alleged trade secrets" when Moog "is incapable of even identifying [those] alleged trade secrets." *Id.* at 26. But those arguments "conflate[] the [devices'] *contents* with their *existence*." *Fridman*, 974 F.3d at 177 (emphasis in original). And that "distinction is a consequential one": the contents of the devices "are not covered by the Fifth Amendment privilege." *Id.* (rejecting argument that "the [g]overnment need[ed] [to] prove its knowledge" of the contents of requested documents for "foregone conclusion" doctrine to apply); *see also Burt Hill, Inc. v. Hassan*, 2010 WL 55715, at *2 (W.D. Pa. Jan. 4, 2010) (rejecting claim of Fifth Amendment privilege because "the mere fact that the requested materials contain information that may be incriminating is not a legitimate basis for withholding production").

7

In other words, Pilkington and Kim err by focusing not on whether the *act of producing* the devices themselves was testimonial, but whether the *information contained* in those devices may or may not be incriminating.  In fact, Pilkington and Kim expressly concede that the devices they produced are covered by the March 11 stipulated order and that those devices are theirs.[3]  *See, e.g.*, Docket Item 264 at 26 ("By providing their personal devices to iDS, the only thing [Pilkington and Kim] have admitted is that these devices fall under the provisions of the Expedited Discovery Order.").[4]  And because the act of producing those devices therefore is not testimonial, Pilkington and Kim cannot rely on the contents of those devices to bar their production.

Ultimately, in Pilkington's and Kim's own words, "[t]he issue in this case is not whether [Pilkington and Kim] possess devices, but whether they possess [Moog's] trade secrets."  *Id.*  So by the same token, the act of producing those devices is not testimonial because that act does not itself communicate any incriminating information.  For the reasons stated above and in Judge McCarthy's RR&O, Pilkington and Kim therefore cannot assert a Fifth Amendment privilege over those devices.[5]

---

[3] For that reason, Pilkington's and Kim's argument that production "compels [them] to 'make extensive use of the contents of their own minds in identifying' whether any of their electronic devices might contain incriminating information" misses the mark. Docket Item 268 at 7 (alterations omitted) (quoting *Hubbell*, 530 U.S. at 42-43).  The March 11 stipulated order required that Pilkington and Kim "produce [their] devices to [iDS]."  Docket Item 25 at ¶ 4.  That order did not require Pilkington and Kim to identify electronic devices that contained Moog's trade secrets and then turn those devices over.

[4] At oral argument, when asked by the Court whether producing the devices would identify them as the defendants', Pilkington and Kim again conceded that the produced devices were theirs and that their authenticity was not in doubt.

[5] Because this Court agrees with Judge McCarthy that the Fifth Amendment privilege does not apply here, it does not reach Pilkington's and Kim's arguments that

**CONCLUSION**

For the reasons stated above, Judge McCarthy's decision is AFFIRMED. The temporary stay of Judge McCarthy's order, Docket Item 261, is lifted, and Pilkington's and Kim's motion for a stay of Judge McCarthy's order, Docket Item 260, is denied as moot. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of August 9, 2022, Docket Item 221.

SO ORDERED.

Dated:     October 4, 2022
              Buffalo, New York

                                                */s/ Lawrence J. Vilardo*
                                                LAWRENCE J. VILARDO
                                                UNITED STATES DISTRICT JUDGE

---

the protective order allows them to claw back their devices or that Pilkington and Kim did not knowingly and voluntarily waive their Fifth Amendment privilege.