**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------X
MOOG INC.,

                              Plaintiff,                    Case No.: 22-cv-187-LJV-JJM

           vs.

SKYRYSE, INC. ROBERT ALIN PILKINGTON, MISOOK
KIM, and DOES NOS. 1-50

                            Defendants.
-----------------------------------------------------------------------------X

**ROBERT ALIN PILKINGTON AND MISOOK KIM'S REPLY MEMORANDUM**
**IN FURTHER SUPPORT OF THEIR OBJECTIONS TO THE**
**AUGUST 29, 2022, REPORT, RECOMMENDATION AND ORDER**

                                                           **WINGET, SPADAFORA &**
                                                              **SCHWARTZBERG, LLP**
                                                           45 Broadway, 32nd Floor
                                                           New York, NY 10006
                                                           (p): (212) 221-6900
                                                           (f): (212) 221-6989

                                                           *Attorneys for Robert Alin Pilkington*
                                                           *and Misook Kim*

Of Counsel:    Anthony D. Green, Esq.
                      Alexander A. Truitt, Esq.
                      M. Annabel Mireles, Esq.

Dated:         October 4, 2022
                   New York, New York

# TABLE OF CONTENTS

**Page No.**

**ARGUMENT**..................................................................................................................................1

    **I.**    **The Court Should Apply A *De Novo* Standard To Portions Of The RRO Concerning The Individual Defendants' Motion To Dismiss** ..................................1

    **II.**   **The RRO Erroneously Reconstructed The Motion To Dismiss Upon Improper Arguments That Were Not Presented Through Plaintiff's Opposition Brief** ........4

    **III.**  **The RRO Committed Error By Ignoring The Express Reservation Of Defendants' Right To Challenge Jurisdiction And Venue** ...........................................................7

**CONCLUSION** ............................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Anscombe Broad. Grp., Ltd. v. RJM Commc'ns, Inc.*,
   No. 03-CV-0306A(F), 2004 WL 2491641 (W.D.N.Y. Nov. 3, 2004) ................................3

*Bagley v. Yale University*,
   No. 3:13-CV-1890 CSH, 2014 WL 7370021 (D. Conn. Dec. 29, 2014) ............................4

*Brown Publ'g Co. v. Brown.*
   No. 15-MC-0531(JS), 2017 WL 455418 (E.D.N.Y. Feb. 1, 2017) .....................................7

*Buffalo Tungsten, Inc. v. CMW Int'l, Inc.*,
   No. 11-CV-00875(M), 2013 WL 5472665 (W.D.N.Y. Sept. 30, 2013) .............................5

*Chen-Oster v. Goldman, Sachs & Co.*,
   No. 10CIV6950ATJCF, 2016 WL 11645644 (S.D.N.Y. June 6, 2016) .............................3

*CleanSpark, Inc. v. Discover Growth Fund, LLC*,
   485 F. Supp. 3d 494, 500 (S.D.N.Y. 2020) .........................................................................4

*Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*,
   341 F. App'x 722 (2d Cir. 2009) ........................................................................................7

*Delfasco, LLC v. Powell*,
   30 N.Y.S.3d 513, 516 (N.Y. 2016) .....................................................................................2

*Fuld v. Palestine Liberation Org.*,
   578 F. Supp. 3d 577 (S.D.N.Y. 2022) ........................................................................... 9-10

*Gelfman v. Capitol Indem. Corp.*, 39 F Supp 3d 255 (E.D.N.Y. 2014) ..................................... 9-10

*Hashmi v. Etihad Airways P.J.S.C.*,
   16-CV-04566 (PKC), 2016 WL 6916942 (E.D.N.Y. Nov. 21, 2016) ................................1

*Jones v. Invasix Inc.*,
   No. 3:19-CV- 0860, 2020 WL 2542603 (M.D. Tenn. May 19, 2020) .............................10

*Knipe v. Skinner*,
   999 F.2d 708, 711 (2d Cir. 1993) ........................................................................................4

*Krause v. Kelahan*,
   575 F. Supp. 3d 302, 307 (N.D.N.Y. 2021) ........................................................................4

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,*
    599 F.3d 102, 114 (2d Cir. 2010); ...................................................................................5

*Pegaso Dev. v. Moriah Educ. Mgmt*,
    19 Civ. 7787 (AT), 2022 WL 1306571 (S.D.N.Y. May 2, 2022).......................................3

*Roberts v. Consol. Rail Corp.*,
    893 F.2d 21, 24 (2d Cir. 1989)..........................................................................................5

*Rudersdal, EEOD v. Harris*,
    1:18-CV-11072-GHW, 2020 WL 5836517 (S.D.N.Y. Sept. 30, 2020) ............................2

*Salgado v. NYS Dep't of Corr.*,
    13-CV-01108-RJAMJR, 2018 WL 1663255 (W.D.N.Y. April 6, 2018) ...........................3

*Smart Study Co. v. TC Toy City Store*,
    No. 1:21-CV-9602-MKV, 2021 WL 5987737 (S.D.N.Y. Dec. 17, 2021) .........................4

*Thurmond v. Bowman*,
    199 F. Supp. 3d 686 (W.D.N.Y. 2016) ..............................................................................5

*Ubakanma v. Midwood Chayin Aruchim*,
    No. 09-CV-2647(DLI) (RLM), 2010 WL 1206500 (E.D.N.Y. Mar. 29, 2010) .................9

*United States v. Debeers Indus. Diamond Div. (Ireland) Ltd.*,
    No. 74 CIV. 5389 LPG, 1976 WL 1399 (S.D.N.Y. Dec. 8, 1976)...................................10

*Williams v. Beemiller, Inc.*,
    527 F.3d 259 (2d Cir. 2008) ..............................................................................................2

*Zervos v. Verizon New York, Inc.*,
    252 F.3d 163, 168 (2d Cir. 2001).................................................................................1, 6

**RULES AND STATUTES**

Fed. R. Civ. P. Rule 12 ................................................................................................. *passim*

28 U.S.C. § 636(b)(1)(A) .......................................................................................................2

Defendants Robert Alin Pilkington and Misook Kim (collectively, the "Individual Defendants") respectfully submit this memorandum of law in further support of their objections to the August 29, 2022 Report, Recommendation and Order ("RRO") of Magistrate Judge Jeremiah J. McCarthy. *See* Dkt. No. 253. This memorandum addresses the argument in Plaintiff Moog, Inc.'s ("Plaintiff") memorandum of law in opposition to the Individual Defendants' objections to the RRO concerning jurisdiction and venue ("Opposition"). *See* Dkt. No. 270.

## ARGUMENT

### I.  The Court Should Apply A *De Novo* Standard To Portions Of The RRO Concerning The Individual Defendants' Motion To Dismiss

Plaintiff's Opposition asks this Court to deny the record before it and incorrectly find the RRO is a non-dispositive ruling. *See* Opposition, pp. 10-14. Consequently, Plaintiff argues the RRO is entitled to a more deferential, clearly erroneous and contrary to law standard of review, rather than *de novo* review.[1] As set forth herein, this argument fails because it is founded on misrepresenting the relief sought through the Individual Defendants' March 29, 2022 motion to dismiss for lack of personal jurisdiction or improper venue, or, in the alternative, change of venue to the Central District of California (the "Motion to Dismiss"). *See* Dkt. Nos. 47-1, 77.

The Individual Defendants' Motion to Dismiss sought dismissal of the entire Complaint for lack of personal jurisdiction, arguing (among other things) the Individual Defendants did not possess sufficient minimum contacts with New York at the time the Complaint was filed and that

---

[1] *De novo* review is conducted "without deference" and as though the question has come to the Court for the first time. *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 168 (2d Cir. 2001). Conversely, the clearly erroneous/contrary to law standard requires objections that are "clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed to take a second bite at the apple by simply relitigating a prior argument." *Hashmi v. Etihad Airways P.J.S.C.*, 16-CV-04566 (PKC), 2016 WL 6916942, at *3 (E.D.N.Y. Nov. 21, 2016) (internal quotation marks and citation omitted). While the Individual Defendants state that *de novo* review applies to the RRO, they respectfully submit their objections survive either standard of review.

1

Plaintiff's argument in support of such contacts (alleging the Individual Defendants downloaded files from servers located in New York) is expressly rejected as a basis for personal jurisdiction under New York's long-arm statute. *See* Dkt. Nos. 47-1, pp. 2-6; 77, pp.4-9; *see also Delfasco, LLC v. Powell*, 30 N.Y.S.3d 513, 516 (N.Y. 2016). As alternative relief, the Motion to Dismiss argued the proper venue for this action is the Central District of California because, again, every aspect of this action took place in California. *See* Dkt. Nos. 47-1, pp. 6-10; 77, pp. 9-10. Plaintiff's Opposition ignores the primary relief sought by the Individual Defendants and misrepresents the Motion to Dismiss as merely a motion to transfer venue. *See* Opposition, pp. 11-12. The Court should not be swayed by argument that relies on misrepresenting the record.

The portions of the RRO before this Court concern the denial of the Individual Defendants' Motion to Dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)—a dispositive ruling entitled to *de novo* review. To determine whether a motion is dispositive, the Court must weigh "the practical effect of the challenged action on the instant litigation" as well as whether the contested motion falls "within the 'same genre as the enumerated motions' of § 636(b)(1)(A)," motions considered to be dispositive by statute. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008); *see also* 28 U.S.C. § 636(b)(1)(A) (setting forth examples of dispositive motions).

Here, the Motion to Dismiss sought complete dismissal of all claims for lack of personal jurisdiction and, therefore, is the functional equivalent of the motions set forth in 28 U.S.C. § 636(b)(1)(A). *See id.* Magistrate Judge McCarthy recognized this when he issued the RRO, rather than a decision and order typically used for non-dispositive matters. *See* Dkt. No. 253. Indeed, Courts within the Second Circuit will treat jurisdictional motions as dispositive and apply a *de novo* standard. *See Rudersdal, EEOD v. Harris*, 1:18-CV-11072-GHW, 2020 WL 5836517, at *4

(S.D.N.Y. Sept. 30, 2020) (applying *de novo* review even though the objections did not comply with the Federal Rules of Civil Procedure).

This distinction also establishes why Plaintiff's argument is unsupported by the authority cited in the Opposition. To start, *Anscombe Broad. Grp., Ltd. v. RJM Commc'ns, Inc.* does not find denial of a motion to dismiss for lack of personal jurisdiction is a non-dispositive decision, it finds the Magistrate Judge's decision to grant a motion to transfer venue is non-dispositive. *See Anscombe Broad. Grp., Ltd. v. RJM Commc'ns, Inc.*, No. 03-CV-0306A(F), 2004 WL 2491641, at *1 n. 1 (W.D.N.Y. Nov. 3, 2004). The *Anscombe* holding is irrelevant to the questions before this Court as the Individual Defendants' objections concern the RRO's denial of the Individual Defendants' Motion to Dismiss for lack of personal jurisdiction, not merely the alternative relief sought. To that end, each of *Chen-Oster v. Goldman, Sachs & Co., Pegaso Dev. v. Moriah Educ. Mgmt,* and *Salgado v. NYS Dep't of Corr.*, concern plainly non-dispositive motions, not the denial of a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction. *See Chen-Oster v. Goldman, Sachs & Co.*, No. 10CIV6950ATJCF, 2016 WL 11645644 (S.D.N.Y. June 6, 2016); *Pegaso Dev. v. Moriah Educ. Mgmt*, 19 Civ. 7787 (AT), 2022 WL 1306571 (S.D.N.Y. May 2, 2022)*; Salgado v. NYS Dep't of Corr.*, 13-CV-01108-RJAMJR, 2018 WL 1663255 (W.D.N.Y. April 6, 2018). Furthermore, the principal of judicial restraint does not provide a basis for the Court to recast a dispositive motion as a non-dispositive motion.

Based on the foregoing, the Individual Defendants respectfully request this Court apply a *de novo* standard to portions of the RRO concerning the Individual Defendants' Motion to Dismiss.

## II. The RRO Erroneously Reconstructed The Motion To Dismiss Upon Improper Arguments That Were Not Presented Through Plaintiff's Opposition Brief

The RRO erroneously recommended "denial of that portion of defendants' motions suggesting that this court lacks personal jurisdiction and venue for consideration of Moog's

3

preliminary injunction motion, and [of] that portion of the motions seeking transfer of venue to the Central District of California for determination of the preliminary injunction motion." *See* Dkt. No. 253, p. 3.  The Individual Defendants respectfully state this was improper because they did not seek piecemeal determination of the Motion to Dismiss, rather they sought dismissal or transfer of the entire action.  *See* Green Decl., Ex. A, at 3:9-13; 16:24-25; 17:2-3.  Indeed, due process requires the Court establish personal jurisdiction and venue before proceeding with a preliminary injunction hearing.  *See Smart Study Co. v. TC Toy City Store*, No. 1:21-CV-9602-MKV, 2021 WL 5987737, at *1 (S.D.N.Y. Dec. 17, 2021); *CleanSpark, Inc. v. Discover Growth Fund, LLC*, 485 F. Supp. 3d 494, 500 (S.D.N.Y. 2020); *see also Bagley v. Yale University*, No. 3:13-CV-1890 CSH, 2014 WL 7370021, at *3 (D. Conn. Dec. 29, 2014).  The Court should not defer these questions.

Nonetheless, the RRO does not address the arguments set forth in the Motion to Dismiss and, instead, erroneously denied the motion based on faulty arguments that were not properly presented through Plaintiff's papers.  *See* Dkt. No. 253, pp. 2-3.  It is well established that raising arguments for the first time in a reply brief (or in this case, through papers improperly submitted in response to a separate party's motion) is improper.  *See Krause v. Kelahan*, 575 F. Supp. 3d 302, 307 (N.D.N.Y. 2021); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993).  As such, the RRO commits error by considering Plaintiff's improper arguments.

While Plaintiff's Opposition claims these arguments were presented through its April 12, 2022 opposition to the Motion to Dismiss, this claim is refuted by the record before this Court.  Any faithful reading of Plaintiff's papers confirms that Plaintiff previously argued Defendants waived all jurisdictional challenges by entering into the stipulations.  *See* Dkt. No. 63, p. 16-21. Plaintiff did not argue the stipulations contained any express consent to personal jurisdiction

through the preliminary injunction hearing, just the act of entering into the stipulations forfeited the arguments presented through the Motion to Dismiss. *Id.* Indeed, Plaintiff argued against transfer by claiming it would cause delay, at no point claiming the parties expressly consented to jurisdiction for the purpose of the preliminary injunction hearing. *Id.* This Court should find Plaintiff's failure to raise its argument earlier concedes its present lack of merit. *See, e.g., Buffalo Tungsten, Inc. v. CMW Int'l, Inc.*, No. 11-CV-00875(M), 2013 WL 5472665, at *3 (W.D.N.Y. Sept. 30, 2013).

Plaintiff's new argument concerning an express, limited consent to jurisdiction and venue does not appear anywhere in the record prior to Plaintiff's August 11, 2022, email to Magistrate Judge McCarthy—nearly four months after the Individual Defendants' Motion to Dismiss was fully submitted. *See* Green Decl., Ex. B, pp. 5, 6. When Counsel for defendant Skyryse, Inc. ("Skyryse") objected to Plaintiff's brazen misrepresentation of the March 11 and March 17, 2022, stipulations, Plaintiff responded with further improper briefing purporting to represent the parties' intent in reaching the stipulations. *See id.,* pp. 1-3.[2] Later that day, Magistrate Judge McCarthy responded favorably to Plaintiff's new argument, rewarding Plaintiff while also directing the parties to cease the very wrongful acts that Plaintiff first undertook. *See id.,* p. 1 ("Folks - All of you need to ease up on the e-mails, because there's a limit to what I (or my law clerks) can process

---

[2] Plaintiff's Opposition continues to offer unsworn and unsupported testimony purporting to represent the parties' intent in entering the March 11 and March 17, 2022, stipulations. *See* Opposition, pp. 19-20. If, as Plaintiff argues, the parties' intent is relevant to determining the March 11 and March 17, 2022, stipulations, this Court should consider the extrinsic evidence submitted by Skyryse that conclusively establishes the defendants did not agree to hold a preliminary injunction hearing prior to their challenges to jurisdiction and venue. *See, e.g.,* Dkt. Nos. 247-3, 247-5, 247-7, 247-8*; see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 114 (2d Cir. 2010); *Roberts v. Consol. Rail Corp.*, 893 F.2d 21, 24 (2d Cir. 1989).

at one time. Plus, anything that could underlie any decisions which I make should be part of the formal record.").

On August 17, 2022, after receiving a warm reception to its new argument, Plaintiff expanded on its improperly raised argument though its supplemental brief in opposition to Skyryse's motion to dismiss or alternatively, to transfer venue. *See* Dkt. No. 239, pp. 3-6. This argument does not respond to any point raised in Skyryse's supplemental brief and no party was afforded the chance to respond. While Skyryse sought leave to address these new arguments, its request was denied through the RRO—consistent with the Magistrate Judge's earlier email instructing the parties to cease briefing. *See* Dkt. No. 247, 253, p. 3; *see also* Green Decl., Ex. B, p.1. As such, the Individual Defendants were effectively denied the opportunity to address Plaintiff's new arguments, which were not raised in response to the Motion to Dismiss. It was improper for the RRO to consider Plaintiff's new arguments in denying the Motion to Dismiss.

Plaintiff's Opposition does not seek forgiveness for improperly raising new arguments. *See* Dkt. No. 270, p. 22. Instead, Plaintiff claims this Court must defend Plaintiff's prior wrongful conduct as an appropriate exercise of Magistrate Judge McCarthy's discretion. *See* Opposition, pp. 21-22. On this point, Plaintiff's argument does not reflect a *de novo* standard of review; it concedes error, but incorrectly argues this Court may not redress such error. *De novo* review requires this Court to reject Plaintiff's argument and review the Individual Defendants' Motion to Dismiss without deference to the RRO. *See Zervos*, 252 F.3d at 168. Nonetheless, the Individual Defendants respectfully state the RRO's decisions to: (1) consider Plaintiff's improperly raised arguments; (2) offer a preliminary assessment on the merits of such arguments; (3) direct the Defendants to not respond to such arguments; and then, (4) deny the Motion to Dismiss based on the same improperly raised arguments, is clearly erroneous because it establishes "a definite and

6

firm conviction that a mistake has been committed." *Thurmond v. Bowman*, 199 F. Supp. 3d 686, 689 (W.D.N.Y. 2016).

To that end, none of Plaintiff's purported legal authority excuse its wrongful conduct. *See* Opposition, pp. 21-22. In *Caromin*, the Second Circuit rejected the party's claim that it was denied the opportunity to address new arguments first raised through a reply brief and found the purported argument at issue was long known and the party had months to address the purported newly raised argument but chose not to. *See Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x 722 (2d Cir. 2009). Here, the record establishes Plaintiff first raised its argument that the parties expressly consented to jurisdiction for the limited purpose of a preliminary injunction hearing through the August 11, 2022 emails. *See* Green Decl., Ex. B. The next day, Magistrate Judge McCarthy, instructed the parties to cease briefing. *Id.*

Furthermore, in *Brown Publishing Company,* the Eastern District of New York rejected a party's request to strike declarations submitted through a reply brief because the declarations did not prejudice that party. *Brown Publ'g Co. v. Brown.* No. 15-MC-0531(JS), 2017 WL 455418 (E.D.N.Y. Feb. 1, 2017). Here, there is no question the Individual Defendants were prejudiced as the Motion to Dismiss was denied based on Plaintiff's improperly raised arguments.

Based on the foregoing, the Individual Defendants respectfully state the RRO erroneously reconstructed the Motion to Dismiss upon arguments that were not properly raised and should not have been considered. As such, the Individual Defendants ask this Court to perform *de novo* review of the entire Motion to Dismiss, without considering Plaintiff's improper arguments.

### III. The RRO Committed Error By Ignoring The Express Reservation Of Defendants' Right To Challenge Jurisdiction And Venue

The Individual Defendants respectfully submit the RRO committed error by ignoring their express reservation of rights to find the parties consented to jurisdiction and venue for the purpose

7

of the preliminary injunction hearing. *See* Dkt. 253, pp. 2, 3. As an initial matter, the March 11 and March 17, 2022 stipulations do not contain any express statement conferring jurisdiction and venue to the Court for the purpose of the preliminary injunction hearing. *See* Dkt. Nos 25, 33. Instead, the RRO found what may only be considered an implied consent to jurisdiction and venue for the purpose of a preliminary injunction hearing by virtue of the parties consenting to jurisdiction and venue for the limited purpose of enforcing the stipulations during the pendency of the Individual Defendants' Motion to Dismiss. *See id.,* 253, p. 2.

Here, the RRO and Plaintiff's Opposition erroneously miscast the March 17, 2022, stipulation as the full text provides:

> By agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of the Court for the purposes of this stipulated Order ***only, and for no other purpose. Any and all other challenges to jurisdiction and venue in the Western District of New York are explicitly preserved***.

*See* Dkt. No. 33, ¶ 14 (emphasis on the portion omitted from the RRO); *see also* Dkt. No. 25, ¶ 11 ("[b]y agreeing to this stipulated Order, Defendants consent to the jurisdiction and venue of this Court for purposes of this stipulated Order only and for no other purpose"). This omitted language fundamentally changes the March 11 and March 17, 2022, stipulations.

To erroneously find Defendants consented to jurisdiction and venue, the RRO redrafts the March 11 and March 17, 2022, stipulations to remove the express language limiting Defendants' consent to "this stipulated Order ***only, and for no other purpose***." *See* Dkt. Nos. 25, ¶ 11; 33, ¶ 14 (emphasis added). Indeed, without any express consent to hear the preliminary injunction before the Western District of New York, the RRO necessarily finds the parties consented to jurisdiction for a purpose other than enforcing the stipulations—in direct contravention of the express language of the stipulations. As this Court must interpret the March 11 and March 17, 2022, stipulations "to give effect to the intent of the parties as indicated by the language of the contract," the

Individual Defendants respectfully state the RRO's decision to reform the stipulations and find an implied consent was an error. *See Ubakanma v. Midwood Chayin Aruchim*, No. 09-CV-2647(DLI)(RLM), 2010 WL 1206500, at *2 (E.D.N.Y. Mar. 29, 2010).

Furthermore, the RRO ignores the portion of the March 17, 2022 stipulation expressly stating that "[a]ny and all other challenges to jurisdiction and venue in the Western District of New York are explicitly preserved." *See* Dkt. No. 33, ¶ 14. This language forms a complete reservation of rights to "***any and all*** other challenges to jurisdiction and venue," removing any doubt that the Individual Defendants preserved the arguments presented through the Motion to Dismiss. *Id.*; *see also In re Bernard L. Madoff Inv. Sec. LLC*, 525 BR 871, 888 (Bankr. S.D.N.Y. 2015) (stipulations that reserved rights to later challenge jurisdiction could not sustain the argument that movant consented to jurisdiction). On this issue of contract interpretation, it is well established that a reservation of rights precludes the very arguments Plaintiff asserts. *See, e.g., Globecon Group, LLC v Hartford Fire Ins. Co.*, 434 F3d 165, 176 (2d Cir 2006) (in the context of an insurance dispute, stating that a reservation of rights "preclude[s] arguments both as to waiver and as to equitable estoppel"). As such, the RRO erred by inferring consent where such consent was negated by the Individual Defendants' express reservation of rights.

Indeed, the only basis to find any waiver or consent under the Federal Rules of Civil Procedure expressly directs this Court to find that no such act occurred because the Individual Defendants timely raised their jurisdiction and venue defenses through the Motion to Dismiss. *See* Fed. R. Civ. P. 12(h)(1). For the Individual Defendant's conduct to imply consent, it "must be 'of such a nature as to justify the fiction' that the party actually consented to submit itself to the jurisdiction of the court," which is impossible due to the Individual Defendants' express reservation of rights. *See Fuld v. Palestine Liberation Org.*, 578 F. Supp. 3d 577, 586 (S.D.N.Y.

2022); *see also In re Madoff*, 525 BR at 888; *Gelfman v. Capitol Indem. Corp.*, 39 F Supp 3d 255, 272 (E.D.N.Y. 2014) (one purpose of a reservation of rights is to prevent detrimental reliance).

While Plaintiff claims the Individual Defendants do not cite to any supporting case law, the simple truth is that Plaintiff's Opposition does not address or otherwise rebut *Fuld* or *In re Madoff*. *See* Opposition, pp. 16-18. This Court should not entertain Plaintiff's attempt to misrepresent the Individual Defendants' opening brief and avoid arguments that Plaintiff has no response to. To further that point, Plaintiff's Opposition does not present any authority holding that a party may be found to consent to jurisdiction and venue, despite an express reservation of rights to the contrary. *See* Opposition, pp. 15-16. Instead, Plaintiff's authority deals with circumstances where the party expressly and unequivocally consented to the Court's jurisdiction for the very purpose of the proceeding at issue. *See Jones v. Invasix Inc.*, No. 3:19-CV- 0860, 2020 WL 2542603 (M.D. Tenn. May 19, 2020); *United States v. Debeers Indus. Diamond Div. (Ireland) Ltd.*, No. 74 CIV. 5389 LPG, 1976 WL 1399 (S.D.N.Y. Dec. 8, 1976).

Based on the foregoing, the RRO committed error by reforming the parties' stipulations to ignore in Individual Defendants' express reservation of rights to challenge jurisdiction and venue.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons contained in the Individual Defendants' Motion to Dismiss, the Individual Defendants respectfully request this Court decline to adopt the RRO and grant the Motion to Dismiss, with such other relief as the Court may deem proper.

*Signature Page to Follow*

10

| | |
|---|---|
| Dated: New York, New York<br>October 4, 2022 | **WINGET, SPADAFORA &<br>   SCHWARTZBERG, LLP** |
| | By:   */s/ Anthony D. Green*<br>         Anthony D. Green, Esq.<br>         Alexander A. Truitt, Esq.<br>         M. Annabel Mireles, Esq.<br>         Green.A@wssllp.com<br>         Truitt.A@wssllp.com<br>         Mireles.A@wssllp.com<br>         *Attorneys for Defendants Robert Alin*<br>         *Pilkington and Misook Kim* |