UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG, INC.,<br><br>     Plaintiff,<br><br> v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,<br><br>     Defendants. | Civil Action No. 1:22-cv-00187-LJV-JJM<br><br>**Oral Argument Requested** |

# **DEFENDANT SKYRYSE'S REPLY IN SUPPORT OF OBJECTIONS TO REPORT AND RECOMMENDATION**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................1

II.    LEGAL STANDARD..........................................................................................1

III.    THE COURT SHOULD RULE ON SKYRYSE'S MOTION IN FULL NOW. ................2

IV.    SKYRYSE DID NOT CONSENT TO HAVING MOOG'S PRELIMINARY INJUNCTION MOTION RESOLVED IN THIS DISTRICT.............................................4

    A.    The R&R disregards Skyryse's clear and repeated reservation of its threshold challenge to jurisdiction and venue..........................................................4

    B.    Moog's interpretation of the stipulations would lead to untenable results. .............6

    C.    Only Skyryse's interpretation of the stipulations comports with pre- and post-contract evidence of the parties' intent. ............................................7

V.    REGARDLESS OF HOW THE COURT CONSTRUES THE STIPULATIONS, THE CASE CAN, AND SHOULD, BE TRANSFERRED NOW. ....................................9

VI.    CONCLUSION................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Anscombe Broad. Grp., Ltd. v. RJM Commc'ns, Inc.*,
  No. 03-CV-0306A(F), 2004 WL 2491641 (W.D.N.Y. Nov. 3, 2004) ...................................2

*Arrowsmith v. United Press Int'l*,
  320 F.2d 219 (2d Cir. 1963)...............................................................................................3

*Credit All. Corp. v. Crook*,
  567 F. Supp. 1462 (S.D.N.Y. 1983)..................................................................................10

*D'Amato v. ECHL, Inc.*,
  No. 13CV646S, 2015 WL 2151825 (W.D.N.Y. May 7, 2015) ........................................1, 2

*Doe v. State Univ. of N.Y. Purchase Coll.*,
  No. 21-CV-8417 (KMK), 2022 WL 2972200 (S.D.N.Y. July 27, 2022) ...............................5

*Freeman v. HSBC Holdings PLC*,
  413 F. Supp. 3d 67 (E.D.N.Y. 2019) ..................................................................................1

*Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*,
  659 F.3d 221 (2d Cir. 2011)...............................................................................................9

*Hashmi v. Etihad Airways P.J.S.C.*,
  No. 16-CV-04566 (PKC) (RLM), 2016 WL 6916942 (E.D.N.Y. Nov. 21, 2016)...................2

*John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*,
  22 F.3d 51 (2d Cir. 1994)...................................................................................................9

*Khatabi v. Bonura*,
  No. 10 CIV. 1168 (ER), 2017 WL 10621191 (S.D.N.Y. Apr. 21, 2017) ..............................2

*Leasing Serv. Corp. v. Patterson Enter., Ltd.*,
  633 F. Supp. 282 (S.D.N.Y. 1986) .....................................................................................9

*Miller v. Metro. Life Ins. Co.*,
  979 F.3d 118 (2d Cir. 2020)............................................................................................3, 4

*Moog, Inc. v. Newport Aeronautical, Inc.*,
  No. 14-CV-00504A(F), 2016 WL 3444238 (W.D.N.Y. June 23, 2016) ...............................2

*Roy v. Buffalo Philharmonic Orchestra Soc'y, Inc.*,
  161 F. Supp. 3d 187 (W.D.N.Y. 2016) ...............................................................................4

*Rudersdal, EEOD v. Harris*,
   No. 1:18-cv-11072-GHW, 2020 WL 5836517 (S.D.N.Y. Sept. 30, 2020) ...........................1, 2

*Snyman v. W.A. Baum Co., Inc.*,
   360 F. App'x 251 (2d Cir. 2010) .................................................................................................3

*Thurmond v. Bowman*,
   199 F. Supp. 3d 686 (W.D.N.Y. 2016) ......................................................................................2

**RULES**

Fed. R. Civ. P. 72 (a) ......................................................................................................................2

Fed. R. Civ. P. 72 (b) ......................................................................................................................2

## I. INTRODUCTION

Moog's opposition is telling in what it fails to say. Moog does not argue that personal jurisdiction or venue in this Court ever were proper when it filed this suit against three California defendants pertaining to events that occurred exclusively in California. Moog does not deny that when it first briefed the issue three months ago, it never argued, as it does now, that Skyryse expressly consented to this Court's jurisdiction. Moog also does not deny that it made representations to the Court contradicting its new argument. Nor does Moog even attempt to rebut the clear evidence from the parties' well-documented negotiations that Moog tried and failed to get Skyryse to expressly consent to this Court's jurisdiction and venue until after a preliminary injunction hearing. Moog's silence on these points speaks volumes regarding the parties' true intent in entering into two procedural stipulations, and exposes the error in the R&R's finding that Skyryse unambiguously consented to jurisdiction and venue until after this Court rules on Moog's preliminary injunction motion. Skyryse's objections should be sustained.

## II. LEGAL STANDARD

Magistrate Judge McCarthy's recommendation that the Court deny Defendants' motion to dismiss for lack of personal jurisdiction and venue (R&R at 4) is dispositive and subject to *de novo* review. *Rudersdal, EEOD v. Harris*, No. 1:18-cv-11072-GHW, 2020 WL 5836517, at *3-4 (S.D.N.Y. Sept. 30, 2020); *Freeman v. HSBC Holdings PLC*, 413 F. Supp. 3d 67, 78 (E.D.N.Y. 2019). Other portions of the R&R, including the decision denying Defendants' motions to transfer venue, are non-dispositive and subject to a clearly erroneous standard of review. *D'Amato v. ECHL, Inc.*, No. 13CV646S, 2015 WL 2151825, at *3 (W.D.N.Y. May 7, 2015).

Moog argues that "the RRO did not rule on the dispositive nature of the [sic] Skyryse's Motion to Dismiss." (Opp. at 3.) But there can be no dispute, and Moog has admitted, that "the

1

RRO did, in fact, make a determination that there is personal jurisdiction" (Opp. at 12), and such a determination is dispositive and warrants *de novo* review. *Rudersdal*, 2020 WL 5836517, at *3-4. Magistrate Judge McCarthy's framing of the R&R confirms this. *See D'Amato*, 2015 WL 2151825, at *3 (explaining "the standard of review of this Court's decision will differ whether it is an Order or a Report and Recommendation.").[1] A magistrate judge issues an "order" on non-dispositive matters and "findings and recommendations" on dispositive motions. Fed. R. Civ. P. 72 (a) and (b). Magistrate Judge McCarthy explicitly framed his ruling denying in part Defendants' motions to dismiss as a Report and Recommendation. (*See* R&R at 4 ("I *recommend* denial of that portion of defendants' motions ....")),[2] and his decision on Defendants' motions to transfer as an Order (*id.* ("I *deny* that portion of the motions seeking transfer of venue.").) Moog ignores this distinction and erroneously claims the entire RRO is non-dispositive. (Opp. at 9-10.) Regardless of which standard applies, however, Skyryse's objection to the R&R should be sustained.

### III.   THE COURT SHOULD RULE ON SKYRYSE'S MOTION IN FULL NOW.

Magistrate Judge McCarthy's decision to defer ruling on Skyryse's threshold motion to

---

[1] Moog does not cite a single case in which a district court reviewed a recommendation on a motion to dismiss for lack of jurisdiction or improper venue for clear error, rather than *de novo*. Instead, Moog cites cases finding that a motion to *transfer* is non-dispositive, which Skyryse does not dispute, *see, e.g., Anscombe Broad. Grp., Ltd. v. RJM Commc'ns, Inc.*, No. 03-CV-0306A(F), 2004 WL 2491641, at *8 (W.D.N.Y. Nov. 3, 2004) (declining to issue report and recommendation where decision to transfer to alternative venue mooted entirely the dispositive relief sought in the motion to dismiss); *Hashmi v. Etihad Airways P.J.S.C.*, No. 16-CV-04566 (PKC) (RLM), 2016 WL 6916942, at *1 (E.D.N.Y. Nov. 21, 2016) (reviewing motion "to change venue and stay the proceedings"); *Moog, Inc. v. Newport Aeronautical, Inc.*, No. 14-CV-00504A(F), 2016 WL 3444238, at *7 (W.D.N.Y. June 23, 2016) (transferring case to Central District of California and finding 12(b)(6) motion moot in light of transfer), and inapplicable decisions on motions for sanctions, *see, e.g., Khatabi v. Bonura*, No. 10 CIV. 1168 (ER), 2017 WL 10621191, at *2 (S.D.N.Y. Apr. 21, 2017); *Thurmond v. Bowman*, 199 F. Supp. 3d 686, 689 (W.D.N.Y. 2016) (applying clear error review to order on sanctions motion but noting that a recommendation concerning a request for "dispositive relief, such as dismissal of the lawsuit, requires *de novo* review").

[2] All emphasis in quotes has been added unless otherwise indicated.

dismiss for lack of personal jurisdiction or transfer, which has been pending for over six months,[3] is clear legal error. The overwhelming weight of authority requires courts to handle jurisdictional challenges at the outset of the case, prior to making decisions on the merits. (*See* ECF 263 at 6-9 (collecting cases); *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 234 (2d Cir. 1963) (holding personal jurisdiction and venue motions must be resolved "before any further consideration of the merits.").) This is for good reason. Forcing a defendant to engage in protracted litigation in a forum that may lack jurisdiction is unfair and prejudicial. It is also inefficient. To hold a preliminary injunction hearing here, only to later transfer the case, as Magistrate Judge McCarthy has suggested is likely to happen (ECF 263-3, Aug. 25 Tr., 24:21-25:3), would require two different courts to adjudicate overlapping merits-based disputes, wasting resources and risking inconsistent results.

Moog's argument that "Judge McCarthy was not obligated to decide all aspects and all issues presented in Skyryse's Motion to Dismiss when a more limited ruling would suffice for now" (Opp. at 14) ignores this clear authority. And Moog's three cited cases about when "a more limited ruling would suffice" are entirely inapplicable. (*Id.*) None stands for the proposition that a court should defer ruling on threshold jurisdictional issues. Instead, they support the unremarkable principle that courts should exercise judicial restraint. In all three, the courts were able to resolve (not defer) the issues before them on narrow legal grounds that obviated the need to consider other grounds. *See Miller v. Metro. Life Ins. Co.*, 979 F.3d 118, 122–23 (2d Cir. 2020) (declining to resolve complex issues where "claim fails on other more obvious grounds"); *Snyman v. W.A. Baum*

---

[3] Moog now faults Skyryse for not moving to expedite its threshold motion challenging personal jurisdiction and venue. (Opp. at 7.) This is a red herring. Skyryse filed its motion at the earliest opportunity without delay. It reasonably expected this threshold motion would be resolved at the outset of the case, as controlling authority requires. (*See* ECF 263 at 6-9.)

3

*Co., Inc.*, 360 F. App'x 251, 254 (2d Cir. 2010) (declining to rule on *Daubert* motion after affirming dismissal on other grounds); *Roy v. Buffalo Philharmonic Orchestra Soc'y, Inc*., 161 F. Supp. 3d 187, 193 n.3 (W.D.N.Y. 2016) (declining to reach timeliness issue where court could decide merits on other grounds). These cases have no applicability here. In fact, as the concurrence in *Miller* made clear, avoiding key jurisdictional questions to proceed with the merits of a case is the opposite of judicial restraint. *Miller*, 979 F.3d at 124 ("Far from exhibiting 'judicial restraint,' ante at 124, '[f]or a court to pronounce upon the meaning or the constitutionality of a state or federal law *when it has no jurisdiction to do so* is, by very definition, for a court to act ultra vires'").

### IV.  SKYRYSE DID NOT CONSENT TO HAVING MOOG'S PRELIMINARY INJUNCTION MOTION RESOLVED IN THIS DISTRICT.

#### A.  The R&R disregards Skyryse's clear and repeated reservation of its threshold challenge to jurisdiction and venue.

Skyryse conditionally stipulated to certain procedures to move the case forward in this Court only subject to its express reservation of its right to challenge jurisdiction and venue, which it did at the first opportunity. If Skyryse's motion to dismiss or transfer were granted, then no further litigation would take place in this district, the provisional schedule on Moog's preliminary injunction motion would be set aside (which already has happened for other reasons), and a preliminary injunction hearing would not be held in this district. Conversely, if the motion were denied, then subject to any appeal, the stipulation would govern events leading up to the hearing in this Court. Only this common-sense interpretation of the stipulations comports with Skyryse's explicit reservation of its rights. Moog nevertheless argues that Skyryse's interpretation of the stipulation leads to "untenable results." (Opp. at 15.) It does not.

First, Moog asks why the parties "would have agreed to do all the work leading up to a preliminary injunction [motion]" if the motion would not be heard in this Court. (*Id*. at 16.) As an initial matter, Skyryse never agreed "to do all the work leading up" to the hearing; it agreed only

4

that, unless and until the case was dismissed or transferred—which, again, Skyryse hoped would happen expeditiously—Skyryse would agree to proceed under the stipulations. Skyryse was not required to agree to any expedited discovery or other preliminary activity in this district, but did so to move the case forward (as its challenge to jurisdiction and venue was pending) and to cooperate in good faith and address Moog's purported need for urgent relief. This in no way renders the stipulations "illusory" as Moog now argues. (*Id*. at 1.) To the contrary, the steps to which the parties stipulated helped to advance this case, regardless of where it ultimately ends up.

Second, Moog claims that the parties would not have agreed to a briefing schedule in this Court if they had contemplated that the preliminary injunction motion could be heard elsewhere. That is not true. Skyryse agreed to a provisional schedule in a good-faith effort to move the case along, and to have a plan in place if the Court denied its motion to dismiss. In any event, those scheduling provisions (which initially set a hearing for May 9, 2022 (ECF 25 ¶ 10)) have long been set aside and do not govern any future amended motion Moog may bring.[4]

Third, Moog's outlandish argument that Skyryse will be free to violate the TRO and "use and disclose non-public Moog information" if the Court finds it lacks jurisdiction or is an improper venue is plainly wrong. (Opp. at 17.) Skyryse has expressly stipulated it will not do so. Skyryse has never wanted, needed, or asked for any of Moog's confidential information and will abide by the stipulation, which is a binding contract. *Doe v. State Univ. of N.Y. Purchase Coll*., No. 21-CV-8417 (KMK), 2022 WL 2972200, at *7 (S.D.N.Y. July 27, 2022) ("Stipulations and orders are binding agreements, that are enforceable just as contracts are.") (internal citation omitted).

---

[4] Moog makes much of Skyryse's counsel discussing a potential hearing "in front of Judge Vilardo." (Opp. at 9, 14-15.) But these statements were not made in the context of the dispute over personal jurisdiction and venue, and they accurately described the status of the case in this Court at the time, given that Defendants' motions to dismiss or transfer had not yet been decided.

### B.     Moog's interpretation of the stipulations would lead to untenable results.

Moog's interpretation of the stipulations, not Skyryse's, would lead to untenable and absurd results. First, Moog's interpretation reads into the stipulations a non-existent mandate that the Court *must* resolve Moog's preliminary injunction motion on its merits before ruling on potentially dispositive motions challenging jurisdiction and venue. Nothing in the stipulations purports to dictate when the Court should resolve the motions before it, or in what order.

Second, Moog's claim that Skyryse would voluntarily waive its fundamental jurisdiction and venue challenges, through the very documents in which it expressly reserved them, is illogical. It makes sense that a California-based defendant, while reserving its right to challenge jurisdiction and venue in a suit brought in Buffalo, would cooperate and stipulate to certain procedures and schedules to move the case along. But it makes no sense that such a defendant would consent to jurisdiction over it indefinitely, to reach the merits of a preliminary injunction motion, however long those proceedings may take and regardless of how the Court ultimately rules on the contested jurisdictional and venue issues.

Third, Moog's interpretation is at war with the parties' own statements and conduct, including Skyryse's unqualified motion to dismiss or transfer the *entire* action, and the positions Moog took when it initially opposed that motion. When Skyryse challenged the Court's jurisdiction shortly after the stipulations were entered, it did not request dismissal or transfer only *after* a preliminary injunction ruling. Rather, Skyryse argued without qualification that "the claims against Skyryse should be dismissed" and that Moog's case "does not belong in this Court." (ECF 48-1 at 1-2, 11.) And in opposing that motion, Moog itself candidly recognized that the Court may indeed transfer the action to California while the preliminary injunction motion was still pending. Moog represented to this Court that "[t]ransferring to another court will almost certainly delay this hearing"— which, of course, could not be true if the parties had agreed that the injunction hearing

6

would be held *exclusively* in this Court and *before* a ruling on the transfer motion. (*See* ECF 133 at 6.) These contemporaneous expressions of the parties' intent cannot be reconciled with the argument Moog made for the first time months later,[5] and which the R&R adopts: that the parties explicitly consented to hold the preliminary injunction hearing in this district.[6] (Opp. at 2.)

Finally, Moog's interpretation would lead to the inefficient and illogical result that this Court could issue a preliminary injunction opinion and order, and then dismiss the action or transfer it to another jurisdiction, wasting judicial resources and risking inconsistent rulings.

### C. Only Skyryse's interpretation of the stipulations comports with pre- and post-contract evidence of the parties' intent.

The stipulations unambiguously preserve Skyryse's challenges to jurisdiction and venue for all purposes aside from administering those stipulations. But if there is any ambiguity in them,[7]

---

[5] Moog now claims that in its original briefing, it did argue that Skyryse expressly waived its jurisdictional and venue challenges until the preliminary injunction motion was resolved. (Opp. at 22-23.) Not so. Moog never made this express waiver argument when it first opposed Skyryse's motion to dismiss. Moog "expressly referenced" the stipulations in a different context, and it has conceded that it "specifically *did not* reference personal jurisdiction and venue through adjudication of Moog's PI Motion versus the remainder of the case in the initial briefing on the Motions to Dismiss." (Moog's Opposition to the Individual Defendants' Objections to R&R, ECF 270, at 19.)

[6] Moog further argues that Skyryse's current counsel merely "disagrees with the strategic decisions of their predecessors in this action." (Opp. at 2.) To the contrary, Skyryse's current counsel has communicated closely with its predecessor counsel and in-house counsel, and all share the same understanding of the stipulations' intended effect, as reflected in the stipulations themselves and the parties' documented negotiations about them. (*See* ECF 247-5, Declaration of Jeri Rouse Looney ¶ 14.)

[7] Moog argues that "Skyryse does not actually point to a specific ambiguity in the contract language" (Opp. at 21), but if there is an ambiguity, it is self-evident and found in the provisions that Moog erroneously interprets: (1) "Defendants consent to the jurisdiction and venue of the Court *for purposes of this stipulated Order* only and for no other purpose" (ECF 33 ¶ 14; ECF 25 ¶ 11), and (2) "Any and all *other challenges to jurisdiction and venue are explicitly preserved*." (ECF 33 ¶ 14.) Skyryse's consent "for purposes of this stipulated Order" encompasses only the purposes of that order: the preservation of evidence, the commencement of discovery, and the schedule for early-stage proceedings. The "purposes" of the order do not, as Moog seems to think, implicitly extend to the Court making rulings on the merits. Further, Skyryse expressly preserved "[a]ny and all other challenges to jurisdiction and venue," reserving its right to challenge jurisdiction and

7

the extrinsic evidence supports only Skyryse's interpretation and shows that Moog's is wrong.

The record is undisputed that Moog tried and failed to get Skyryse's consent to jurisdiction for purposes of the preliminary injunction motion. Specifically, on March 10, Moog proposed to Skyryse the following stipulation that would delay the resolution of Skyryse's jurisdiction and venue challenges: "The parties stipulate that any objections or arguments regarding the jurisdiction of this Court are preserved *until after the hearing* on Plaintiff's Motion for Preliminary Injunction takes place and *after a final ruling* is issued by the Court." (ECF 247-7 ¶ 11.) Skyryse rejected that proposal outright. (ECF 247-8 ¶ 11.) Skyryse told Moog it would not agree to waive its personal jurisdiction and venue challenges through the preliminary injunction hearing. (*See* ECF 247-5, Declaration of Jeri Rouse Looney ¶¶ 9-11.)[8] Moog has refused to explain or try to rebut this compelling evidence of the parties' intent, instead requesting that "[t]o the extent the Court intends to consider Ms. Looney's declaration or any other parol evidence," "that it be given the opportunity to respond." (Opp. at 22, n.11.) But Moog has had ample opportunity to respond and declined to do so. The record is clear: Skyryse flatly rejected Moog's proposal that Skyryse expressly waive its right to challenge jurisdiction and venue until after the preliminary injunction hearing.

Nor has Moog offered any explanation for its post-contract representations that this case could be transferred to another court prior to a preliminary injunction hearing—the exact opposite of what it tells the Court now. *Supra* Section IV.B. Moog's candid concession that a transferee court could hear the preliminary injunction motion confirms the parties' true intent.

---

venue for all "other" purposes outside those stipulations. This was not, as Moog argues, a reservation of rights to contest jurisdiction and venue only "for the remainder of the case after the preliminary injunction hearing." (Opp. at 7.)

[8] That Ms. Looney, Skyryse's in-house counsel did not directly correspond with Moog's counsel (Opp. at 22) is irrelevant. Outside counsel acted at her direction, and she reviewed all correspondence and drafts exchanged by the parties.

## V. REGARDLESS OF HOW THE COURT CONSTRUES THE STIPULATIONS, THE CASE CAN, AND SHOULD, BE TRANSFERRED NOW.

Even if the Court agrees with the R&R that the parties consented to jurisdiction and venue in this Court for purposes of the preliminary injunction motion, the Court can, and should, transfer the case. Moog argues that Skyryse's request to transfer "should be ignored because it does not point to an actual error by Judge McCarthy." (Opp. at 24). Not so. As Skyryse has explained (ECF 263 at 21-23), Magistrate Judge McCarthy clearly erred in finding that that the parties' stipulations mean that jurisdiction and venue are *exclusively* proper in this district and denying Skyryse's motion to transfer without engaging in any analysis pursuant to 28 U.S.C. § 1404(a)[9] to determine whether justice and convenience would be served by a transfer. (R&R at 4 (denying without explanation Skyryse's motion to transfer.)) This decision was clearly erroneous because, in the Second Circuit, a "forum-selection clause mandates a waiver of § 1404 analysis *only* where the terms of the agreement identify the preselected forum as an *exclusive* forum for hearing disputes arising under the contract" and the stipulations have no such terms. *Leasing Serv. Corp. v. Patterson Enter., Ltd.*, 633 F. Supp. 282, 284 (S.D.N.Y. 1986); *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 53 (2d Cir. 1994) ("an agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion.") (internal citation omitted); *Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) ("[f]orum selection clauses lacking any clear exclusionary or obligatory language" are "permissive and not subject to a presumption of enforceability.")

Moog argues that even if the Court were to "decide that the case generally should be transferred to California," "resolution of the PI Motion would still need to occur in the WDNY based

---

[9] A full analysis of the factors which courts evaluate to determine whether a transfer is appropriate is laid out in Skyryse's earlier briefing. (*See* ECF 48-1 at 13-25; ECF 224 at 6-10.)

9

on the specific and limited consent to jurisdiction and venue in the stipulated orders." (Opp. at 25.) But Moog points to no language in the stipulations that mandates that its preliminary injunction motion *must* be heard in the Western District of New York. The Court is therefore free to transfer the case in the interests of justice and convenience. *Credit All. Corp. v. Crook,* 567 F. Supp. 1462, 1464 (S.D.N.Y. 1983) (granting motion to transfer to California despite contract consenting to the jurisdiction and venue in New York because "the existence of [a forum-selection] clause, if not mandatory, does not prevent the court from ordering a change of venue under § 1404(a).").

Magistrate Judge McCarthy has recognized that "there is a compelling case or argument to be made that the remainder of the case should be transferred to the Central District of California based on convenience of the parties, convenience of the witnesses, coupled with the fact that there is now an ongoing criminal investigation in the Central District of California." (ECF 263-3, Aug. 25 Tr. 24:21-25:3.)   On this point Magistrate Judge McCarthy is correct: this case has substantial connections to the Central District of California and little to none in the Western District of New York, and a transfer is appropriate now. (*See* ECF 48, ECF 224.) Given that the case remains in the early stages (Moog has not yet identified its alleged trade secrets, and Skyryse has not answered the complaint) and median trial time is nearly three times faster in the Central District of California (*see* ECF 263 at 12), Moog will not be prejudiced by a transfer. For all of these reasons, and in the interest of efficiency and avoiding inconsistent results across different forums, transferring the case pursuant to § 1404(a) is a just result here.

## VI.     CONCLUSION

For the foregoing reasons, Skyryse respectfully requests that the Court sustain its objections to the R&R.

| | |
|---|---|
| Dated: October 4, 2022 | */s/ Gabriel S. Gross* |

**LATHAM & WATKINS LLP**

Douglas E. Lumish (Admitted *Pro Hac Vice*)
Gabriel S. Gross
Arman Zahoory (Admitted *Pro Hac Vice*)
Ryan Banks (Admitted *Pro Hac Vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: doug.lumish@lw.com
      gabe.gross@lw.com
      arman.zahoory@lw.com
      ryan.banks@lw.com

Joseph H. Lee (Admitted *Pro Hac Vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: joseph.lee@lw.com

Julianne C. Osborne (Admitted *Pro Hac Vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: julianne.osborne@lw.com

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Defendant Skyryse, Inc.