**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
www.sheppardmullin.com

212.634.3092 direct
randoh@sheppardmullin.com
File Number: 02HL-350124

October 19, 2022

**SUBMITTED VIA E-MAIL**

Hon. Jeremiah J. McCarthy             mccarthy@nywd.uscourts.gov
Deputy Clerk: Eric Glynn
United States Magistrate Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, NY 14202

Re:   *Moog Inc. v. Skyryse, Inc., et al.*
      U.S. District Court, Western District of New York – Case No. 1:22-cv-00187

Dear Honorable Judge McCarthy:

Pursuant to the Court's minute order dated October 6, 2022 (ECF 276), the matters set forth in Moog's Motion to Compel Discovery Necessary for Further Trade Secret Identification (EF 210), filed on August 3, 2022, and accompanying reply brief (ECF 249) filed on August 24, 2022, are scheduled for hearing tomorrow. Given the passage of time since Moog's Motion to Compel was filed, we want to provide the Court with a concise update regarding the current status of these disputes.

To begin, we are pleased to report that there are certain issues that have been resolved and do not require judicial intervention. However, there are still some issues that remain outstanding and unresolved. To assist the Court in keeping tomorrow's conference organized and focused, below is a list of issues that remain unresolved and for which Moog requests immediate relief.

1. Skyryse's refusal to produce: 1) images of nine laptops connected to certain USB devices used by defendants Pilkington and Kim; and 2) USB Device No. 55D28D65. (*See* ECF 210, pp. 7-10; ECF 249, pp. 4-7).

2. Skyryse's refusal to produce certain Volume Shadow Copies, including the complete Volume Shadow Copy for defendant Kim's Skyryse-issued laptop (iDS Device No. E0001), from which Kim deleted 780 Moog files. Skyryse has also refused to produce certain Volume Shadow Copies requested by Moog from iDS Device Nos. E0027 and E0039. (*See* ECF 210, pp. 12-13; ECF 249, pp. 8-9).

3. The Individual Defendants' unilateral excision of documents before 2021 from at least five devices (iDS Device Nos. E0003, E0004, E0014, E0021, E0022) on the basis of relevance. (*See* ECF 210, pp. 10-12; ECF 249, pp. 9-13).

The remainder of the issues set forth in Moog's Motion to Compel and reply brief have been resolved or are in the process of being resolved. If any of those additional issues are not

**SheppardMullin**

Honorable Judge McCarthy
October 19, 2022
Page 2

completely resolved, we will bring it to the Court's attention at a later time. However, we wanted to be mindful of the Court's time and resources to focus tomorrow's hearing on the matters that definitely remain outstanding and in dispute.

    Thank you for your continued time and attention to this matter.

Very truly yours,

Rena Andoh
for SHEPPARD MULLIN RICHTER & HAMPTON LLP

SMRH:4867-5661-2154.2

Cc:     All counsel of record