# EXHIBIT A

**From:** Kazim Naqvi
**Sent:** Thursday, November 3, 2022 9:47 AM
**To:** 'Arman.Zahoory@lw.com' <Arman.Zahoory@lw.com>; Ryan.Banks@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; pmuto@hodgsonruss.com; RFluskey@hodgsonruss.com
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; green.a@wssllp.com; truitt.a@wssllp.com; mireles.a@wssllp.com
**Subject:** RE: Skyryse/Moog: Meet and Confer

Arman:

Thank you for your e-mail. Skyryse's latest proposal is unacceptable to Moog.

We'd note that Skyryse's proposal that Moog bring its source code on an external hard drive to plug into Skyryse's computer was already addressed by Moog in its Opposition to Skyryse's Motion to Enter Source Code Protocol. (ECF 238, fn. 1). As described therein, this proposal was, and remains, unacceptable to Moog. While Skyryse claims to have security concerns, Moog has substantial security concerns of its own. It is Skyryse's former employees who stole over 1.4 million files from Moog. It is Skyryse's current or former employees who deleted Moog files and thereby spoliated relevant evidence. And it is Skyryse's current and former employees who have misappropriated Moog data—and indeed, Moog continues to discover evidence of further misappropriation through the iDS inspection environment. (*See, e.g.,* Moog's Nov. 2, 2022 Response Letter Re Laptops & VSCs.) If anyone should be concerned about the security of its source code, it should be Moog. Given the history of Skyryse's theft and misappropriation in this case, it is improper to demand that Moog be the one that risks the security of its source code by plugging it into Skyryse's computer. This is exactly why a neutral like iDS was appointed—so that neither party needs to plug its source code into the other party's computer.

The security concerns Moog has are significant. Moog does not know what backup processes would be running in the background of Skyryse's computer if Moog were to plug its source code into the Skyryse computer. Moreover, as we all know at this point, the operating system does retain and track information such as what Moog folders and files on the external drive are accessed by our expert during the inspection, and opened files from the external drive containing Moog data will be cached into the pagefile memory of Skyryse's computer. There is absolutely no reason why Moog should have to risk this occurring during the inspection, despite whatever assurances Skyryse would purport to make, given the history of Skyryse's theft and misappropriation in this case.

That Skyryse would even demand that the "directory and file listings" of the external device containing Moog's source code "be subject to inspection by [Skyryse] at the time of review" only underscores how unacceptable Skyryse's proposal is. It is completely improper for Skyryse to try to turn what's supposed to be an inspection of its own source code into an inspection of *Moog*'s source code directories and file listings, *in addition* to having Moog's source code itself plugged into Skyryse's computer. This is especially so when IDS is already set up to securely and neutrally host any party's source code (and already has been), so that all of this risk can be avoided.

Finally, to be clear, the software tools our expert will use for comparison are not limited to UltraCompare. But discussing the additional tools he will use is not productive when the threshold concept of plugging Moog's source code into Skyryse's computer (and making all of Moog's source code

directories and file listings subject to inspection by Skyryse during what's supposed to be Moog's review) is a complete non-starter.

Moog stands by its position that the inspection of the source code Skyryse is withholding should be done through the third-party neutral iDS pursuant to the Court's Inspection Protocol. We look forward to speaking further with you this afternoon.

Thank you,
Kazim


**Kazim Naqvi**
**SheppardMullin |** Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Arman.Zahoory@lw.com <Arman.Zahoory@lw.com>
**Sent:** Wednesday, November 2, 2022 1:42 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Ryan.Banks@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; pmuto@hodgsonruss.com; RFluskey@hodgsonruss.com
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; green.a@wssllp.com; truitt.a@wssllp.com; mireles.a@wssllp.com
**Subject:** RE: Skyryse/Moog: Meet and Confer

Counsel:

As we explained to you on our meet and confer, Moog continues to be focused on the wrong question. The issue is not what is physically possible, but rather how to best address Moog's purported need to run automated comparisons between Skyryse and Moog code with Skyryse's legitimate concerns regarding the security of its source code. In that regard, we have asked Moog to provide more information regarding the nature of the comparisons it believes are necessary so that any proposal Skyryse makes takes that into account. To date, the only such comparisons Moog has identified are file-to-file and directory-to-directory comparisons using UltraCompare.

Given that scope, Skyryse proposes the following modifications to its proposed source code review protocol: (1) allow the installation of UltraCompare (or similar software) on the producing party's source code review computer and (2) permit a source code reviewer to connect an external storage device to the producing party's source code review computer on a read-only basis. The external storage device can contain any files that the reviewer wishes to compare with files on the source code computer, including source code of the reviewing party. The directory and file listings, but not the file content, of the external storage device will be subject to inspection by the producing party at the time of review. Under this scenario, Mr. Crozier will be able to perform automated source code comparisons in a secure environment controlled by Skyryse without the need for Skyryse to turn over its source code to a third party that it does not control. This should resolve the issues you raised on last week's meeting, and we look forward to discussing with you further tomorrow.

Best,
Arman

Arman Zahoory

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.470.4985

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Tuesday, November 1, 2022 9:00 PM
**To:** Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; Banks, Ryan (Bay Area) <Ryan.Banks@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; pmuto@hodgsonruss.com; RFluskey@hodgsonruss.com
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; green.a@wssllp.com; truitt.a@wssllp.com; mireles.a@wssllp.com
**Subject:** RE: Skyryse/Moog: Meet and Confer

Counsel:

We are available to meet and confer on Thursday between 1:30-2:00 PM PT. Please send an invite.

We disagree with your characterizations of our meet and confer call. Regardless, the issues related to production of documents in native format are addressed in Moog's proposed ESI protocol circulated to Skyryse earlier today.

Further, after two business days from our meet and confer, Skyryse has still not provided its position as to whether it is possible to run an automated comparison between two sets of source code files that are not accessible from the same computer. As we previously stated, we do not believe this is physically possible. You claimed you did not know whether this is physically possible and that you would need to speak to others to determine this. We believe that to the extent you do need to speak to others, the answer can be obtained in a very short discussion. Please provide your position in writing on this issue before our meet and confer call.

Thank you,
Kazim


**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Arman.Zahoory@lw.com <Arman.Zahoory@lw.com>
**Sent:** Monday, October 31, 2022 4:12 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Ryan.Banks@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; pmuto@hodgsonruss.com; RFluskey@hodgsonruss.com
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; green.a@wssllp.com; truitt.a@wssllp.com;

mireles.a@wssllp.com
**Subject:** RE: Skyryse/Moog: Meet and Confer

Counsel:

We write to follow up on our October 27 videoconference regarding the parties' respective source code review proposals.  As we discussed, we remain hopeful that the parties can work together to chart a path forward that addresses Skyryse's security concerns and also ensures that Moog is able to perform the automated comparisons it believes are necessary for the identification of its trade secrets.

During our call we asked you to explain for us what comparison tools your experts plan to use and the specific types of comparisons he intends to perform, which information will enable us to investigate Moog's requirements and determine whether Skyryse can propose modifications to its source code protocol to address them.  You pointed us to the declaration submitted by Mr. Crozier and identified potential file-to-file and directory-and-directory comparisons (which are the same comparisons identified in his declaration) but otherwise did not identify any other types of comparisons you thought are necessary or that Moog or its expert are currently contemplating. We suggested Moog discuss what other comparisons might be necessary with its expert, but you suggested instead that we respond with proposals regarding how to address the comparisons you've identified and then will let us know if additional comparisons are needed that might not be addressed by our proposals, and that if necessary, we keep going back and forth on these issues. While we disagree that this is the most efficient use of the parties' time, since you did not share any additional information with us, we will investigate potential options based on the information you provided and follow up.  It was not clear on the call whether Moog was also raising a privilege objection to providing information regarding what automated comparisons it would like its expert to perform, but we note that Rule 26(a)(2)(B)(i) requires a testifying expert to provide "a complete statement of all opinions the witness will express *and the basis and reasons for them*." So if Moog intends to rely on the comparisons of source code it plans to have its experts run, we don't see how Moog will be able to invoke a privilege to shield those comparisons from disclosure.

We also discussed Skyryse's significant concerns with Moog performing its source code review under the iDS protocol, including specifically because Moog has repeatedly insisted that it is entitled under the iDS protocol to demand that Skyryse produce native files directly to Moog.  We explained to you that producing native source code files directly to Moog is inappropriate and would vitiate the security concerns that have been a core focus of the parties' respective briefings.  We also asked you to confirm one way or another whether you believe the iDS protocol requires the production of native source code files between the parties, or whether Moog believes it is entitled to such a production if the parties were to proceed under the iDS protocol.  You confirmed that you would discuss the issue with your team and get back to us with an answer.

We are available on Wednesday before 12:00 PM or Thursday after 1:30 PM (both Pacific) to follow up on these issues.  Please let us know what times work for you and we can circulate an invite.

Best,
Arman

**Arman Zahoory**

**LATHAM & WATKINS** LLP

140 Scott Drive | Menlo Park, CA 94025
D: +1.650.470.4985

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Wednesday, October 26, 2022 10:34 AM
**To:** Banks, Ryan (Bay Area) <Ryan.Banks@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; pmuto@hodgsonruss.com; RFluskey@hodgsonruss.com
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; green.a@wssllp.com; truitt.a@wssllp.com; mireles.a@wssllp.com
**Subject:** RE: Skyryse/Moog: Meet and Confer

Counsel:

We are available on Thursday from 4-4:30 PM PT to meet and confer regarding source code. Please circulate an invite and include Ms. Yip.

Moog already submitted a declaration from its source code expert, Kevin Crozier, that identified comparison software he would use and how he would use it. (ECF 238-1, ¶ 16). That said, we are not aware of *any* software (including the software he identified) that is capable of comparing two sets of source code where the respective code is *not* accessible on the same computer. To our knowledge, that is not physically possible. So we do not understand why a discussion regarding comparison software to be used by our expert is productive at this stage. As we said, we believe that the Court's Inspection Protocol—which permits both parties' source code to be available on the same computer—is the only protocol that will facilitate compliance with the Court's directive that the source code be capable of automated comparison by the expert.

We requested that Skyryse send any proposed modifications to its protocol only because we wanted to be prepared to address them and make the meet and confer more productive. But as noted above, we are not aware of any way that such modifications are possible within the structure of Skyryse's protocol that would comply with the Court's directive (which is why we stood by the Court's Inspection Protocol in the first place). It appears, based on your response, that you are not aware of any such modifications either. In light of this, we would reprise our request that Skyryse use the Court's Inspection Protocol for the inspection of the source code Skyryse is presently withholding.

Thank you,
Kazim


**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Ryan.Banks@lw.com <Ryan.Banks@lw.com>
**Sent:** Tuesday, October 25, 2022 6:12 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; pmuto@hodgsonruss.com; RFluskey@hodgsonruss.com
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; green.a@wssllp.com; truitt.a@wssllp.com;

mireles.a@wssllp.com
**Subject:** RE: Skyryse/Moog: Meet and Confer

Kazim:

We agree it makes sense to separate the meet and confers. For source code, we are unavailable on Friday between 1-2 PM PT. We are available this Wednesday from 2:30-3:30 PM PT or Thursday from 4-5 PM PT. Please let us know which works and we will circulate an invite. For the second meet and confer, we confirm that Thursday from 2-3 PM PT works. We will circulate an invite.

On the merits, we disagree with your summary of the Court's statements, and in any event we still need to better understand from Moog what capabilities it contends to need in order to perform a source code comparison. Without knowing more specifically what Moog's intentions and plans are for carrying out such a source code inspection, Skyryse is not in a position to propose any modifications to its proposed source code protocol that could address Moog's concerns. Please be prepared to discuss specifically what software or tools Moog expects to need and how Moog intends to use that software or those tools to compare source code.

Best,
Ryan


**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Tuesday, October 25, 2022 6:37 AM
**To:** Banks, Ryan (Bay Area) <Ryan.Banks@lw.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; pmuto@hodgsonruss.com; RFluskey@hodgsonruss.com
**Cc:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; green.a@wssllp.com; truitt.a@wssllp.com; mireles.a@wssllp.com
**Subject:** RE: Skyryse/Moog: Meet and Confer

Counsel:

We recommend scheduling two separate meet and confers—one regarding the outstanding issues in Moog's Motion to Compel Discovery Necessary for Further Trade Secret Identification and the other regarding the source code protocol issues. Ms. Yip will need to attend the meet and confer regarding source code issues. We are available on Thursday to meet and confer regarding the outstanding issues in Moog's Motion to Compel Discovery Necessary for Further Trade Secret Identification between 2-4 PM PT and Friday to meet and confer regarding the source code issues on Friday between 1-2 PM PT. Please confirm and circulate Zoom invites.

In order to have a more productive discussion, Moog's proposals regarding each of the outstanding issues are as follows.

**Production of Nine Dell Laptops and USB Device 55D28D65**

As presented to Judge McCarthy during the October 20th hearing and in an effort to reach a compromise, in lieu of producing images for all Nine Dell laptops at issue, Moog proposes that Skyryse produce to iDS images of the following three laptops:

1. Dell Latitude 9520, service tag FM1W5J3
2. Dell Latitude 9520, service tag C1DD6J3
3. Dell Latitude 9520, service tag JGNV5J3

We also propose that complete file logs and connection logs be provided for each of the remaining seven Dell laptops as well as USB Device 55D28D65.

Further, during the October 20th hearing, Skyryse's counsel represented that Dell laptop 4S8LDK3 had been produced in this case. We are not aware of this production and we have not reviewed any image for this laptop. We understand that Skyryse has produced Dell laptops 684LDK3 (iDS Device E0001) and 80RMDK3 (iDS Device E0039). Please confirm whether or not Skyryse has produced any other Dell laptop referenced in the May 4 letter, including its date of production and iDS device number.

**Volume Shadow Copies**

Moog proposes that Skyryse produce a single, complete VSC for iDS Device No. E0001, VSC 001 dated 03/03/2022 7:44:02 PM.

**Individual Defendants' Excision of Documents from iDS Device Nos. E0003, E0004, E0014, E0021, E0022**

As suggested by Judge McCarthy, Moog proposes that it be permitted access to all documents and communications from these devices from the time period of January 1, 2016 to present.

**Source Code Protocol**

Judge McCarthy unambiguously stated that Moog needs to run an automated comparison between Moog code and Skyryse code given the volume of source code involved in this case. Skyryse's proposed source code protocol does not permit this method of automated comparison. So, for this additional reason, Moog stands by its position that the iDS Protocol govern the production and review of all source code in the case. To the extent Skyryse is prepared to propose certain modifications or edits to its proposed source code protocol, we request that those edits be sent to us in advance of the meet and confer so that we can meaningfully review them.

Thank you,
Kazim


**Kazim Naqvi**
**SheppardMullin |** Los Angeles
+1 424-288-5336 **|** ext. 15336

**From:** Ryan.Banks@lw.com <Ryan.Banks@lw.com>
**Sent:** Friday, October 21, 2022 12:01 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; pmuto@hodgsonruss.com; RFluskey@hodgsonruss.com
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; green.a@wssllp.com; truitt.a@wssllp.com; mireles.a@wssllp.com
**Subject:** Skyryse/Moog: Meet and Confer

Counsel:

We write to follow up on yesterday's hearing before Judge McCarthy regarding Moog's Motion to Compel Discovery Necessary for Further Trade Secret Identification.  Pursuant to Judge McCarthy's instructions, please provide your availability to meet and confer next week Thursday or Friday.  We expect to discuss whether the parties might come to an agreement on narrowing your demands for entire laptops, and entire VSCs, to something more targeted and reasonable.  We also would like to discuss with you potential changes to Skyryse's proposed source code protocol to enable Moog to perform its desired comparative review.

Best,
Ryan

**Ryan Banks**

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.470.4988