# EXHIBIT D

**From:** Alexander Truitt <truitt.a@wssllp.com>
**Sent:** Friday, November 4, 2022 3:08 PM
**To:** Arman.Zahoory@lw.com; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Anthony Green <green.a@wssllp.com>; Annabel Mireles <mireles.a@wssllp.com>
**Cc:** SKYRYSEMOOG.LWTEAM@lw.com; Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; pmuto@hodgsonruss.com; RFluskey@hodgsonruss.com
**Subject:** RE: Moog/Skyryse - Individual Defendants' Production

Good Afternoon Kazim,

Following up from the meet and confer last week. We would like to know the status of the search you agreed to perform on behalf of Plaintiff.

On this issue, we reviewed Plaintiff's third production, and it appears there are some communication threads that are missing. In Moog 20191, there is an email referencing prior communication(s) with Rich Fever, we are unable to locate such communications in Plaintiff's document production, nor were we able to identify any communications with Mr. Fever on Plaintiff's privilege log. At Moog 20426, there is another communication wherein Scott Forehand discussing distributing questions from the FBI to other employees and mentions earlier communications with or concerning a cybersecurity firm. We were not able to locate any communications concerning this aspect of Plaintiff's investigation, nor were we able to locate them on Plaintiffs' privilege log. Additionally, at Moog 20495, Chantal Burns connects Scott Forehand with Daniel Miller of the Office of Special Investigations, USAF. These communications also appear to relate to Plaintiffs' investigation into the alleged acts of misappropriation, but we have not located any other communications from Ms. Burns or Mr. Miller in Plaintiffs' production or privilege log.

Taking a step back, we are concerned that Plaintiff's third document production contains potentially incomplete communications from just one custodian (Scott Forehand). Those communications, however, give the appearance of a much more involved investigation where branches involving additional custodians appear to be missing. We would appreciate it if Plaintiff would produce these communications or identify the portions of their production/privilege log where they appear. As of right now, it appears that Plaintiff's production is incomplete.

Concerning our outstanding item from last week's meet and confer. For the period of 1/1/2016 through 12/31/2020, our initial (incomplete) analysis reveals approximately **531,764** communications on the Individual Defendants' personal devices. This analysis is not complete, and the final number may be larger. At this preliminary stage, these communications appear across eleven devices, as follows:

| iDS Identifier | Total Number of Text/Email Communications |
|---|---|
| E0003 | 15,527 |
| E0004 | 43,302 |
| E0005 | 3,430 |
| E0006 | 174 |
| E0007 | 30,971 |
| E0008 | 103 |
| E0014 | 1,252 |
| E0015 | 143,721 |

| E0016 | 142,753 |
|---|---|
| E0018 | 711 |
| E0019 | 991 |
| E0022 | 148,829 |
| **Total Across Devices Listed** | **531,764** |

Based on this preliminary analysis, the Individual Defendants maintain their current objections. These are private communications on the Individual Defendants' personal devices and properly withheld under the Protective Order and related addendum. Likewise, this issue is not appropriate for the current sequence of discovery because it does not concern Plaintiffs' trade secret identification. Indeed, the Individual Defendants maintain that no further discovery is needed for Plaintiff to make such identification as it concerns the Individual Defendants' purported acts of misappropriation alleged in the Complaint.

Furthermore, the Individual Defendants' objection is not rebutted by Plaintiff's argument because Plaintiff refuses to provide information necessary to resolve this dispute. For discovery to progress, the parties need to share information necessary to resolve their disputes. Plaintiff's refusal to provide such information reflects an improper intent to conduct one-sided discovery to the prejudice of the Individual Defendants. We have asked Plaintiff to identify its trade secret, confirm the trade secret existed during the period at issue, or identify any other incident where alleged trade secrets were downloaded onto the Individual Defendants' personal devices. We sought this information because we believe Plaintiff's answers to these questions could foster a solution that helps resolve our objection. Plaintiff has refused to provide information in response to each good faith effort the Individual Defendants have made to breach this divide.

Nonetheless, we continue to welcome any suggestion by Plaintiff that may resolve this dispute while lessening the corresponding burden to the Individual Defendants. If there is a particular set of reasonable search terms that Plaintiff proposes to narrow the field, we would welcome it without prejudice to a later request should Plaintiff demonstrate a need for such information.

At a practical level, there is simply no need for the Individual Defendants to incur this massive burden at this time. Contingent on how Plaintiff's trade secret identification shapes this claim, there may never be a need for the Individual Defendants to incur this massive burden at all. Just for the sake of illustration, even assuming an attorney could review 1,000 such communications in an eight-hour day (twice as fast as the estimate Gabe received from his e discovery vendor), it would take approximately 4,250 attorney hours to complete this review. Put another way, it could take two and a half months for a team of ten attorneys to complete this task. There is no basis to impose this immensely disproportionate cost on the Individual Defendants under Fed. R. Civ. P. 26.

Sincerely,

**Alexander A. Truitt, Esq.**
*Associate*
Winget, Spadafora & Schwartzberg, LLP
45 Broadway, 32nd Floor
New York, N.Y. 10006

Tel. (212)221-6900
Fax (212)221-6989

www.WSSLLP.com

