# EXHIBIT A

**Gabriel S. Gross**
Direct Dial: +1 (650) 463-2628
gabe.gross@lw.com

# LATHAM & WATKINS LLP

140 Scott Drive
Menlo Park, California 94025
Tel: +1.650.328.4600 Fax: +1.650.463.2600
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

June 24, 2022

VIA E-MAIL

Rena Andoh
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112-0015
randoh@sheppardmullin.com

   Re: *Moog Inc. v. Skyryse, Inc., et al.*, W.D.N.Y – Case No. 1:22-cv-00187
     Skyryse's Responses to Moog's Letter dated June 16, 2022

Dear Ms. Andoh:

  We write in response to Moog's June 16, 2022 letter to Judge McCarthy, and in view of the hearing held the same day.

  ***Interrogatory Responses*** – As we explained at the June 16 hearing, Skyryse has committed to supplementing its interrogatory responses as appropriate and consistent with its obligations under the Federal Rules, as its investigation continues. *See* June 16, 2022 Hearing Tr. at 15:25-16:2. Skyryse will continue supplementing its responses if and as additional responsive information is discovered. This includes Skyryse's response to Interrogatory No. 3, for example, which Skyryse plans to supplement in the coming week.

  ***Personal Devices*** – As we explained in response to Kazim's June 16, 2022 email, contrary to his assertions, the Court did not conclude that Skyryse has possession, custody, or control of personal devices owned by its employees. Rather, Magistrate Judge McCarthy noted that "if Skyryse still employs these individuals, then it does have control over them," that is, the employees, "to the extent of directing them not to -- or directing them to preserve all potentially relevant information in this case whether it's on their individual cell phone or not." *Id.* at 33:17-34:5; *see also id.* at 34:6-7. As we explained at the hearing, Skyryse already has made clear to all relevant employees that their obligations to preserve potentially relevant evidence apply wherever such information may be found, including on their personal devices.

LATHAM&WATKINS LLP

*Answers to Moog's Questions* – We respond in turn to the questions listed at the end of your letter:

- *Skyryse employees currently on leave* – Skyryse, in its Opposition, disclosed information about the status of employees involved with the deletion of potentially relevant evidence or who may have had access to Moog's allegedly proprietary information. This is sufficient. Your request for additional information is unduly burdensome, irrelevant to the claims or defenses in this case, and implicates privileged and work product information. Notwithstanding these objections, Skyryse learned today that Eric Chung has resigned effective today.

- *Individuals who work on Pilkington and Kim's team* – of the individuals identified in Skyryse's Opposition, prior to being put on administrative leave, Eric Chung worked on the team that formerly included Alin Pilkington and Misook Kim, neither of whom are currently employed by Skyryse.

- *Search terms* – as you are aware, Skyryse has worked with FTI to run searches on numerous electronic devices using the more than one-hundred-thousand search terms and file names you identified for us, in an effort to locate documents potentially relevant to the claims and defenses in the case. This process constituted a massive undertaking. It is unreasonable for Moog to expect Skyryse to summarize for Moog all the search terms that hit on each and every Skyryse-issued electronic device, and the number of hits for each term on each device, which would pose an unnecessary and undue burden on Skyryse. And as we have discussed at length, given the problematic nature of Moog's search terms, even the hits that result from using these search terms are not a reliable indicator of potentially relevant documents.

- *Alleged Moog information on Skyryse systems* – Skyryse's Opposition identified what Moog may consider to be its purportedly non-public information on Skyryse's systems as well as information not on Skyryse's systems, including personal devices used by former Moog employees while they were at Moog.[1] Skyryse's investigation into these issues is ongoing and it will supplement its responses if any additional information is identified.

---

[1] Skyryse's Opposition mistakenly stated that Skyryse has turned over to iDS "twelve documents that Mr. Pilkington appears to have emailed himself that potentially contain non-public Moog information." Opp. at 23. Further investigation confirms that Mr. Pilkington only emailed himself ten documents, not twelve. The eleventh document was sent on July 22, 2021, from Joanna Cranwell to Nigel Cranwell, and Skyryse produced it at Bates Stamp SKY_00000888. The twelfth document is an email sent on July 9, 2019, from David Norman to Roger Shuler and Tim Baptist, and Skyryse produced it at Bates Stamp SKY00000065. This document did not make it onto Skyryse's systems except in relation to counsel's investigation into Plaintiff's claims after the filing of this lawsuit.

LATHAM&WATKINS LLP

Very truly yours,

Gabriel S. Gross

cc: All Counsel of Record