# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

MOOG, INC.,

                    Plaintiff,

        v.

SKYRYSE, INC., ROBERT ALIN PILKINGTON,
MISOOK KIM, and DOES NOS. 1-50.

                    Defendants.

Civil Action No. 1:22-cv-00187-LJV-JJM

---

## NON-PARTY DAN GUNDERSON'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Non-party Dan Gunderson, by and through his attorneys, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, responds and objects to Plaintiff Moog Inc.'s Subpoena (the "Subpoena"), for which Mr. Gunderson accepted service on July 15, 2022, as follows:

### PRELIMINARY STATEMENT

1.      Mr. Gunderson's investigation and discovery of facts related to the Subpoena is continuing.  Accordingly, the following responses are given without prejudice to Mr. Gunderson's right to produce evidence of any subsequently discovered facts.  Mr. Gunderson expressly reserves the right to change, modify, amend, or supplement these responses as additional facts are discovered. Mr. Gunderson's responses are without prejudice to his right to establish at a later date any additional or contrary facts that may be contained within or discovered as a result of any subsequent review of discovery.

2.      Mr. Gunderson will only produce responsive non-privileged documents, if any, in accordance with Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, the local rules of the Western District of New York, any other applicable law, and any other order entered in

1

or applicable to this action, including but not limited to any protective order that may be entered into to protect confidential information (including information that is confidential, proprietary, commercially sensitive, that constitutes a trade secret, or that contains non-public personal information of any individual.)

3.      By agreeing to disclose information, Mr. Gunderson does not concede that jurisdiction and venue in the Western District of New York are proper, and Mr. Gunderson's disclosure of information is not evidence in any manner as to the appropriateness of the Western District of New York as a forum for this action.  Mr. Gunderson expressly preserves any and all challenges to jurisdiction and venue in the Western District of New York.

4.      Mr. Gunderson is willing to meet and confer with Moog regarding these responses.

## GENERAL OBJECTIONS

1.      Mr. Gunderson objects to each instruction, definition, and document request in the Subpoena to the extent that it purports to impose any requirement or discovery obligation greater than or different from those set forth in Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, the local rules of the Western District of New York, any other order entered in or applicable to this action, or any other applicable rule or law.  Mr. Gunderson further objects to the Subpoena to the extent that it calls for discovery beyond what is permitted or contemplated by the Stipulation and Order Re: Expedited Discovery (ECF 33, 36).

2.      Mr. Gunderson further objects to the Subpoena on the ground that it seeks discovery from a non-party that imposes an undue burden, is disproportionate to the needs of the case, is not relevant to any party's claims and defenses in the action, or is overbroad and oppressive.

3.      Mr. Gunderson further objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein.

2

4.      Mr. Gunderson further objects to the Subpoena to the extent that it purports to impose on him a duty to disclose information outside his possession, custody, or control.  Mr. Gunderson's Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in his possession, custody, or control.

5.      Mr. Gunderson further objects to the Subpoena to the extent it calls for the disclosure or production of information or documents that are duplicative of and cumulative to discovery obtained by, equally available from, or more readily obtainable from, other sources that are more convenient, less burdensome, or less expensive, including but not limited to the parties in this underlying action and publicly available sources.

6.      Mr. Gunderson further objects to the Subpoena to the extent that it purports to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law.  The absence of a specific objection on the grounds of privilege should not be interpreted as a waiver of any objection to any specific Request on the basis of an applicable privilege.

7.      Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Mr. Gunderson's right to object to the use of any information inadvertently disclosed.  Mr. Gunderson reserves the right to demand that the parties in this action return or destroy any inadvertently disclosed information.  In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information to Mr. Gunderson and will be precluded from disclosing or relying upon such information or documents in any way.

3

8.     Mr. Gunderson further objects to the Subpoena to the extent that it can be construed to call for information or documents protected by his right of privacy, including under the California Constitution. Calif. Const. Art. 1, § 1.

9.     Mr. Gunderson's General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below.  The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically therein.

10.    Mr. Gunderson's amendment of his Responses shall not be construed as a waiver of any Objections asserted by Mr. Gunderson.  Nor does Mr. Gunderson's amendments of his Responses constitute a concession that his initial Responses were deficient under the applicable rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Mr. Gunderson objects to the Definitions and Instructions in the Subpoena to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.     Mr. Gunderson objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, because it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level." Mr. Gunderson further objects to the definition of "Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

4

3.      Mr. Gunderson objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates."  Mr. Gunderson further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Mr. Gunderson will interpret "Skyryse" to mean "Skyryse, Inc."  Mr. Gunderson's response to any Request should not be construed as a response from Skyryse or any other non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.

4.      Mr. Gunderson objects to the definition of "Moog Confidential Information" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, including because Mr. Gunderson lacks sufficient information to identify "Moog Confidential Information."

5.      Mr. Gunderson objects to Instruction Nos. 14 and 15 insofar as they attempt to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of Civil Procedure 45 and other federal and local rules, including those designed to protect non-parties from disproportionate burden and expense.

6.      Mr. Gunderson objects to Instruction No. 16 as overbroad and unduly burdensome to the extent that it calls for information that is not within his possession, custody, or control or that is not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

7.      Mr. Gunderson objects to Instruction No. 18 to the extent that any such documents are outside of Mr. Gunderson's possession, custody, and control.  Mr. Gunderson will respond to the Subpoena only in his personal capacity with responsive, non-privileged documents from Mr. Gunderson's personal devices and accounts, and not with documents from Skyryse devices or accounts.

8.     All Responses and Objections to the Subpoena provided herein do not constitute Mr. Gunderson's agreement with any of the Definitions or Instructions set forth in the Subpoena.

9.     Mr. Gunderson's Objections to the Definitions and Instructions apply to each and every Response and are hereby incorporated by reference into each of the Specific Responses and Objections set forth below.  The reassertion of or reference to a particular Objection to the Definitions and Instructions in a Response shall not be construed as a waiver of any Objection to the Definitions and Instructions not stated specifically therein.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications that refer or relate to any Moog Confidential Information.

**RESPONSE TO REQUEST NO. 1:**

Mr. Gunderson incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Gunderson objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Gunderson further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Mr. Gunderson further objects to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent that it requests "All Documents and Communications" that "refer or relate" in any way to "Moog Confidential Information."  *See Sonnino v. Univ. of Kan. Hosp. Auth.*, No. 02-2576-KHV-DJW, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Subject to and without waiving the foregoing objections, Mr. Gunderson responds as follows: Mr. Gunderson will produce responsive, non-privileged Documents and Communications that reflect Moog Confidential Information, as that term can be reasonably interpreted and after Moog has identified any such information with sufficient particularity, that are located after a reasonable search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 2:**

Mr. Gunderson incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Gunderson objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Gunderson further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Mr. Gunderson further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Gunderson is willing to meet and confer with Moog regarding a more appropriate scope of this Request, if any.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications between You and Pilkington, on or before November 12, 2021, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 3:**

Mr. Gunderson incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Gunderson objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Gunderson further objects to the phrase [a]ll Documents . . . between You and Pilkington" as vague and ambiguous. Mr. Gunderson further objects to the Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Gunderson further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Subject to and without waiving the foregoing objections, Mr. Gunderson responds as follows: Mr. Gunderson will produce responsive, non-privileged Communications between Mr. Gunderson and Mr. Pilkington on or before November 12, 2021 that refer to Skyryse that are located after a reasonable search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications between You and Kim, on or before December 17, 2022, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 4:**

Mr. Gunderson incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Gunderson objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Gunderson further objects to the phrase "[a]ll Documents . . . between You and Kim" as vague and ambiguous. Mr. Gunderson further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Mr. Gunderson further objects to the time period of this Request as overbroad and unduly burdensome, as it seeks documents not reasonably restricted in time, including from the year after Ms. Kim terminated her employment at Moog, during which time she worked at Skyryse and an unreasonably burdensome number of documents would "refer or relate to Skyryse."  Mr. Gunderson further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "All Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Subject to and without waiving the foregoing objections, Mr. Gunderson responds as follows: Mr. Gunderson will produce responsive, non-privileged Communications between Mr. Gunderson and Ms. Kim on or before December 17, 2021 that refer to Skyryse that are located after a reasonable search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications that refer or relate to any access, use, reference or disclosure of any Moog Confidential Information by Skyryse.

9

**RESPONSE TO REQUEST NO. 5:**

Mr. Gunderson incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Gunderson objects to this Request as lacking foundation and assuming facts that have not been established, namely any alleged "access, use, reference or disclosure of any Moog Confidential Information by Skyryse." Mr. Gunderson objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Gunderson further objects to this Request as vague, ambiguous, and overbroad because it incorporates definitions of "Moog Confidential Information" and "Skyryse" that are vague, ambiguous, and overbroad. Mr. Gunderson further objects to this Request to the extent that it calls for information or documents that are not within his possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Gunderson responds as follows: Mr. Gunderson will produce responsive, non-privileged Documents and Communications in his possession, custody, or control referring to any access, use, reference, or disclosure of any Moog Confidential Information, as that term can be reasonably interpreted, and after Moog has identified any such information with sufficient particularity, by Skyryse, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 6:**

All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information.

**RESPONSE TO REQUEST NO. 6:**

Mr. Gunderson incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Gunderson objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of

Civil Procedure 45, the other Federal Rules of Civil Procedure, the local rules of the Western District of New York, any other order entered in or applicable to this action, or any other applicable rule or law.  Mr. Gunderson further objects to this Request to the extent that it seeks documents neither relevant to any party's claims and defenses nor proportional to the needs of the case.  Mr. Gunderson further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad and because the terms "system logs," "device logs," "connection logs," and "deletion logs" are undefined and lack common, discernible meanings in this context.  Mr. Gunderson further objects to this Request as overly broad and unduly burdensome, including because it calls for "[a]ll" system, device, connection, and deletion logs, is not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Mr. Gunderson further objects to this Request to the extent that it calls for information or documents that do not exist, are not within his possession, custody, or control, or that are not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

Dated: August 1, 2022                          */s/ Gabriel S. Gross*

**LATHAM & WATKINS LLP**

Douglas E. Lumish (Admitted *Pro Hac Vice*)
Gabriel S. Gross
Arman Zahoory (Admitted *Pro Hac Vice*)
Ryan T. Banks (Admitted *Pro Hac Vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

Email: doug.lumish@lw.com
      gabe.gross@lw.com

Joseph H. Lee (Admitted *Pro Hac Vice*)
650 Town Center Drive
20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: joseph.lee@lw.com

Julianne Osborne (Admitted Pro Hac Vice)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: julianne.osborne@lw.com

Cassandra M. Baloga (Admitted *Pro Hac Vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: cassandra.baloga@lw.com

Kelley M. Storey (Admitted *Pro Hac Vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: kelley.storey@lw.com


**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Dan Gunderson

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in San Mateo County, State of California.  My business address is 505 Montgomery Street, San Francisco, CA 94111.

       On August 1, 2022, I served true copies of the following document(s) described as **NON-PARTY DAN GUNDERSON'S OBJECTIONS AND RESPONSES TO MOOG INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

       on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address julianne.osborne@lw.com to the persons at the e-mail addresses listed in the Service List.

I hereby certify that the foregoing is true and correct.

       Executed on August 1, 2022, at San Francisco, California.


                   */s/ Julianne C. Osborne*
                   Julianne C. Osborne

**SERVICE LIST**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP     Attorneys for Plaintiff MOOG, INC.
Kazim A. Naqvi, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
(313) 228-3700
KNaqvi@sheppardmullin.com

Lai Lam Yip, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
LYip@sheppardmullin.com

Travis J. Anderson, Esq.
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900
TAnderson@sheppardmullin.com

Rena Andoh, Esq.
Tyler Enright Baker, Esq.
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
RAndoh@sheppardmullin.com
TBaker@sheppardmullin.com

HODGSON RUSS LLP     Attorneys for Plaintiff MOOG, INC.
Robert J. Fluskey Jr., Esq.
Melissa Noel Subjeck, Esq.
Pauline Thecla Muto, Esq.
Reetuparna Dutta, Esq.
The Guaranty Building 140 Pearl Street
Buffalo, New York 14202
(716) 856-4000
RFluskey@hodgsonruss.com
MSubjeck@hodgsonruss.com
pmuto@hodgsonruss.com
rdutta@hodgsonruss.com

WINGET SPADAFORA & SCHWARTZBERG, LLP     Attorneys for Defendants
Alexander Asher Truitt, Esq.     ROBERT ALIN PILKINGTON and
Anthony D. Green, Esq.     MISOOK KIM
45 Broadway, 32nd Floor
New York, NY 10006

14

(212) 221-6900
truitt.a@wssllp.com
green.a@wssllp.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOOG, INC., <br><br> Plaintiff, <br><br> v. <br><br> SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50. <br><br> Defendants. | Civil Action No. 1:22-cv-00187-LJV-JJM |

**NON-PARTY ALAN LEE'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO**
**PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Non-party Alan Lee, by and through his attorneys, and pursuant to Rule 45 of the Federal

Rules of Civil Procedure, responds and objects to Plaintiff Moog Inc.'s Subpoena (the "Subpoena"),

for which Mr. Lee accepted service on July 15, 2022, as follows:

**PRELIMINARY STATEMENT**

1.      Mr. Lee's investigation and discovery of facts related to the Subpoena is continuing.

Accordingly, the following responses are given without prejudice to Mr. Lee's right to produce

evidence of any subsequently discovered facts.  Mr. Lee expressly reserves the right to change,

modify, amend, or supplement these responses as additional facts are discovered.  Mr. Lee's

responses are without prejudice to his right to establish at a later date any additional or contrary facts

that may be contained within or discovered as a result of any subsequent review of discovery.

2.      Mr. Lee will only produce responsive non-privileged documents, if any, in accordance

with Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, the local rules of

the Western District of New York, any other applicable law, and any other order entered in or

applicable to this action, including but not limited to any protective order that may be entered into to

1

protect confidential information (including information that is confidential, proprietary, commercially sensitive, that constitutes a trade secret, or that contains non-public personal information of any individual.)

3.      By agreeing to disclose information, Mr. Lee does not concede that jurisdiction and venue in the Western District of New York are proper, and Mr. Lee's disclosure of information is not evidence in any manner as to the appropriateness of the Western District of New York as a forum for this action.  Mr. Lee expressly preserves any and all challenges to jurisdiction and venue in the Western District of New York.

4.      Mr. Lee is willing to meet and confer with Moog regarding these responses.

## GENERAL OBJECTIONS

1.      Mr. Lee objects to each instruction, definition, and document request in the Subpoena to the extent that it purports to impose any requirement or discovery obligation greater than or different from those set forth in Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, the local rules of the Western District of New York, any other order entered in or applicable to this action, or any other applicable rule or law.  Mr. Lee further objects to the Subpoena to the extent that it calls for discovery beyond what is permitted or contemplated by the Stipulation and Order Re: Expedited Discovery (ECF 33, 36).

2.      Mr. Lee further objects to the Subpoena on the ground that it seeks discovery from a non-party that imposes an undue burden, is disproportionate to the needs of the case, is not relevant to any party's claims and defenses in the action, or is overbroad and oppressive.

3.      Mr. Lee further objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein.

4.      Mr. Lee further objects to the Subpoena to the extent that it purports to impose on him a duty to disclose information outside his possession, custody, or control.  Mr. Lee's Responses and

Objections shall not be construed as representations regarding the existence or non-existence of specific information in his possession, custody, or control.

5.    Mr. Lee further objects to the Subpoena to the extent it calls for the disclosure or production of information or documents that are duplicative of and cumulative to discovery obtained by, equally available from, or more readily obtainable from, other sources that are more convenient, less burdensome, or less expensive, including but not limited to the parties in this underlying action and publicly available sources.

6.    Mr. Lee further objects to the Subpoena to the extent that it purports to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law.  The absence of a specific objection on the grounds of privilege should not be interpreted as a waiver of any objection to any specific Request on the basis of an applicable privilege.

7.    Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Mr. Lee's right to object to the use of any information inadvertently disclosed.  Mr. Lee reserves the right to demand that the parties in this action return or destroy any inadvertently disclosed information.  In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information to Mr. Lee and will be precluded from disclosing or relying upon such information or documents in any way.

8.      Mr. Lee further objects to the Subpoena to the extent that it can be construed to call for information or documents protected by his right of privacy, including under the California Constitution. Calif. Const. Art. 1, § 1.

9.      Mr. Lee's General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below.  The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically therein.

10.      Mr. Lee's amendment of his Responses shall not be construed as a waiver of any Objections asserted by Mr. Lee.  Nor does Mr. Lee's amendments of his Responses constitute a concession that his initial Responses were deficient under the applicable rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Mr. Lee objects to the Definitions and Instructions in the Subpoena to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.      Mr. Lee objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, because it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level." Mr. Lee further objects to the definition of "Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

3.      Mr. Lee objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms,

including "partners," "representatives," "agents," and "affiliates."  Mr. Lee further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Mr. Lee will interpret "Skyryse" to mean "Skyryse, Inc."  Mr. Lee's response to any Request should not be construed as a response from Skyryse or any other non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.

4.      Mr. Lee objects to the definition of "Moog Confidential Information" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, including because Mr. Lee lacks sufficient information to identify "Moog Confidential Information."

5.      Mr. Lee objects to Instruction Nos. 14 and 15 insofar as they attempt to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of Civil Procedure 45 and other federal and local rules, including those designed to protect non-parties from disproportionate burden and expense.

6.      Mr. Lee objects to Instruction No. 16 as overbroad and unduly burdensome to the extent that it calls for information that is not within his possession, custody, or control or that is not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

7.      Mr. Lee objects to Instruction No. 18 to the extent that any such documents are outside of Mr. Lee's possession, custody, and control.  Mr. Lee will respond to the Subpoena only in his personal capacity with responsive, non-privileged documents from Mr. Lee's personal devices and accounts, and not with documents from Skyryse devices or accounts.

8.      All Responses and Objections to the Subpoena provided herein do not constitute Mr. Lee's agreement with any of the Definitions or Instructions set forth in the Subpoena.

9.      Mr. Lee's Objections to the Definitions and Instructions apply to each and every

Response and are hereby incorporated by reference into each of the Specific Responses and Objections set forth below.  The reassertion of or reference to a particular Objection to the Definitions and Instructions in a Response shall not be construed as a waiver of any Objection to the Definitions and Instructions not stated specifically therein.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications that refer or relate to any Moog Confidential Information.

## RESPONSE TO REQUEST NO. 1:

Mr. Lee incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Lee objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Lee further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Mr. Lee further objects to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent that it requests "All Documents and Communications" that "refer or relate" in any way to "Moog Confidential Information."  *See Sonnino v. Univ. of Kan. Hosp. Auth.*, No. 02-2576-KHV-DJW, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Subject to and without waiving the foregoing objections, Mr. Lee responds as follows: Mr. Lee will produce responsive, non-privileged Documents and Communications that reflect Moog Confidential Information, as that term can be reasonably interpreted and after Moog has identified

6

any such information with sufficient particularity, that are located after a reasonable search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 2:**

Mr. Lee incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Lee objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Lee further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Lee further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Lee is willing to meet and confer with Moog regarding a more appropriate scope of this Request, if any.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications between You and Pilkington, on or before November 12, 2021, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 3:**

Mr. Lee incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Lee objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Lee further objects to the phrase [a]ll Documents . . . between You and Pilkington" as vague and ambiguous.  Mr. Lee further objects to the Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Mr. Lee further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Subject to and without waiving the foregoing objections, Mr. Lee responds as follows: Mr. Lee will produce responsive, non-privileged Communications between Mr. Lee and Mr. Pilkington on or before November 12, 2021 that refer to Skyryse that are located after a reasonable search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications between You and Kim, on or before December 17, 2022, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 4:**

Mr. Lee incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Lee objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest

privilege, or any other applicable privilege or right of privacy.  Mr. Lee further objects to the phrase

"[a]ll Documents . . . between You and Kim" as vague and ambiguous.  Mr. Lee further objects to

this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague,

ambiguous, and overbroad.  Mr. Lee further objects to the time period of this Request as overbroad

and unduly burdensome, as it seeks documents not reasonably restricted in time, including from the

year after Ms. Kim terminated her employment at Moog, during which time she worked at Skyryse

and an unreasonably burdensome number of documents would "refer or relate to Skyryse."  Mr. Lee

further objects to this Request on the grounds that it is overbroad and unduly burdensome, including

because the request is not limited to issues relevant to this action or proportional to the needs of the

case, and because it requests "All Documents and Communications" that "refer or relate" in any way

to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions

that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request

overly broad on its face.").

Subject to and without waiving the foregoing objections, Mr. Lee responds as follows:

Mr. Lee will produce responsive, non-privileged Communications between Mr. Lee and Ms. Kim on

or before December 17, 2021 that refer to Skyryse that are located after a reasonable search, to the

extent such documents exist.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications that refer or relate to any access, use, reference or

disclosure of any Moog Confidential Information by Skyryse.

**RESPONSE TO REQUEST NO. 5:**

Mr. Lee incorporates by reference his General Objections and Objections to the Definitions

and Instructions.  Mr. Lee objects to this Request as lacking foundation and assuming facts that have

not been established, namely any alleged "access, use, reference or disclosure of any Moog

Confidential Information by Skyryse." Mr. Lee objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Lee further objects to this Request as vague, ambiguous, and overbroad because it incorporates definitions of "Moog Confidential Information" and "Skyryse" that are vague, ambiguous, and overbroad. Mr. Lee further objects to this Request to the extent that it calls for information or documents that are not within his possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Lee responds as follows: Mr. Lee will produce responsive, non-privileged Documents and Communications in his possession, custody, or control referring to any access, use, reference, or disclosure of any Moog Confidential Information, as that term can be reasonably interpreted, and after Moog has identified any such information with sufficient particularity, by Skyryse, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 6:**

All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information.

**RESPONSE TO REQUEST NO. 6:**

Mr. Lee incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Lee objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of Civil Procedure 45, the other Federal Rules of Civil Procedure, the local rules of the Western District of New York, any other order entered in or applicable to this action, or any other applicable rule or law. Mr. Lee further objects to this Request to the extent that it seeks documents neither relevant to any party's claims and defenses nor proportional to the needs of the case. Mr. Lee further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog

Confidential Information" that is vague, ambiguous, and overbroad and because the terms "system

logs," "device logs," "connection logs," and "deletion logs" are undefined and lack common,

discernible meanings in this context.  Mr. Lee further objects to this Request as overly broad and

unduly burdensome, including because it calls for "[a]ll" system, device, connection, and deletion

logs, is not tailored to the claims and issues relevant in this action, and seeks discovery from a non-

party that is not proportional to the needs of the case.  Mr. Lee further objects to this Request to the

extent that it calls for information or documents that do not exist, are not within his possession,

custody, or control, or that are not reasonably accessible because of undue burden or cost, pursuant

to Federal Rule of Civil Procedure 45(e)(1)(D).


Dated: August 1, 2022                            */s/ Gabriel S. Gross*


                                                 **LATHAM & WATKINS LLP**

                                                 Douglas E. Lumish (Admitted *Pro Hac Vice*)
                                                 Gabriel S. Gross
                                                 Arman Zahoory (Admitted *Pro Hac Vice*)
                                                 Ryan T. Banks (Admitted *Pro Hac Vice*)
                                                 140 Scott Drive
                                                 Menlo Park, California 94025
                                                 Telephone: (650) 328-4600
                                                 Facsimile: (650) 463-2600
                                                 Email: doug.lumish@lw.com
                                                         gabe.gross@lw.com

                                                 Joseph H. Lee (Admitted *Pro Hac Vice*)
                                                 650 Town Center Drive
                                                 20th Floor
                                                 Costa Mesa, California 92626
                                                 Telephone: (714) 540-1235
                                                 Facsimile: (714) 755-8290
                                                 Email: joseph.lee@lw.com

                                                 Julianne Osborne (Admitted Pro Hac Vice)
                                                 505 Montgomery Street, Suite 2000
                                                 San Francisco, California 94111

Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: julianne.osborne@lw.com

Cassandra M. Baloga (Admitted *Pro Hac Vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: cassandra.baloga@lw.com

Kelley M. Storey (Admitted *Pro Hac Vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: kelley.storey@lw.com

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Alan Lee

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in San Mateo County, State of California.  My business address is 505 Montgomery Street, San Francisco, CA 94111.

      On August 1, 2022, I served true copies of the following document(s) described as **NON-PARTY ALAN LEE'S OBJECTIONS AND RESPONSES TO MOOG INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

      on the interested parties in this action as follows:

<b>SEE ATTACHED SERVICE LIST</b>

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address julianne.osborne@lw.com to the persons at the e-mail addresses listed in the Service List.

I hereby certify that the foregoing is true and correct.

      Executed on August 1, 2022, at San Francisco, California.

                            */s/ Julianne C. Osborne*
                            Julianne C. Osborne

**SERVICE LIST**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP      Attorneys for Plaintiff MOOG, INC.
Kazim A. Naqvi, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
(313) 228-3700
KNaqvi@sheppardmullin.com

Lai Lam Yip, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
LYip@sheppardmullin.com

Travis J. Anderson, Esq.
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900
TAnderson@sheppardmullin.com

Rena Andoh, Esq.
Tyler Enright Baker, Esq.
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
RAndoh@sheppardmullin.com
TBaker@sheppardmullin.com

HODGSON RUSS LLP                              Attorneys for Plaintiff MOOG, INC.
Robert J. Fluskey Jr., Esq.
Melissa Noel Subjeck, Esq.
Pauline Thecla Muto, Esq.
Reetuparna Dutta, Esq.
The Guaranty Building 140 Pearl Street
Buffalo, New York 14202
(716) 856-4000
RFluskey@hodgsonruss.com
MSubjeck@hodgsonruss.com
pmuto@hodgsonruss.com
rdutta@hodgsonruss.com

WINGET SPADAFORA & SCHWARTZBERG, LLP          Attorneys for Defendants
Alexander Asher Truitt, Esq.                  ROBERT ALIN PILKINGTON and
Anthony D. Green, Esq.                        MISOOK KIM
45 Broadway, 32nd Floor
New York, NY 10006

14

(212) 221-6900
truitt.a@wssllp.com
green.a@wssllp.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

MOOG, INC.,

                        Plaintiff,

      v.

SKYRYSE, INC., ROBERT ALIN PILKINGTON,
MISOOK KIM, and DOES NOS. 1-50.

                     Defendants.

Civil Action No. 1:22-cv-00187-LJV-JJM

**NON-PARTY TRI DAO'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO**
**PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

      Non-party Tri Dao, by and through his attorneys, and pursuant to Rule 45 of the Federal Rules

of Civil Procedure, responds and objects to Plaintiff Moog Inc.'s Subpoena (the "Subpoena"), for

which Mr. Dao accepted service on July 12, 2022, as follows:

**PRELIMINARY STATEMENT**

      1.      Mr. Dao's investigation and discovery of facts related to the Subpoena is continuing.

Accordingly, the following responses are given without prejudice to Mr. Dao's right to produce

evidence of any subsequently discovered facts.  Mr. Dao expressly reserves the right to change,

modify, amend, or supplement these responses as additional facts are discovered.  Mr. Dao's

responses are without prejudice to his right to establish at a later date any additional or contrary facts

that may be contained within or discovered as a result of any subsequent review of discovery.

      2.      Mr. Dao will only produce responsive non-privileged documents, if any, in

accordance with Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, the local

rules of the Western District of New York, any other applicable law, and any other order entered in

or applicable to this action, including but not limited to any protective order that may be entered into

1

to protect confidential information (including information that is confidential, proprietary, commercially sensitive, that constitutes a trade secret, or that contains non-public personal information of any individual.)

3.      By agreeing to disclose information, Mr. Dao does not concede that jurisdiction and venue in the Western District of New York are proper, and Mr. Dao's disclosure of information is not evidence in any manner as to the appropriateness of the Western District of New York as a forum for this action.  Mr. Dao expressly preserves any and all challenges to jurisdiction and venue in the Western District of New York.

4.      Mr. Dao is willing to meet and confer with Moog regarding these responses.

## GENERAL OBJECTIONS

1.      Mr. Dao objects to each instruction, definition, and document request in the Subpoena to the extent that it purports to impose any requirement or discovery obligation greater than or different from those set forth in Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, the local rules of the Western District of New York, any other order entered in or applicable to this action, or any other applicable rule or law.  Mr. Dao further objects to the Subpoena to the extent that it calls for discovery beyond what is permitted or contemplated by the Stipulation and Order Re: Expedited Discovery (ECF 33, 36).

2.      Mr. Dao further objects to the Subpoena on the ground that it seeks discovery from a non-party that imposes an undue burden, is disproportionate to the needs of the case, is not relevant to any party's claims and defenses in the action, or is overbroad and oppressive.

3.      Mr. Dao further objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein.

4.      Mr. Dao further objects to the Subpoena to the extent that it purports to impose on him a duty to disclose information outside his possession, custody, or control.  Mr. Dao's Responses

2

and Objections shall not be construed as representations regarding the existence or non-existence of specific information in his possession, custody, or control.

5.     Mr. Dao further objects to the Subpoena to the extent it calls for the disclosure or production of information or documents that are duplicative of and cumulative to discovery obtained by, equally available from, or more readily obtainable from, other sources that are more convenient, less burdensome, or less expensive, including but not limited to the parties in this underlying action and publicly available sources.

6.     Mr. Dao further objects to the Subpoena to the extent that it purports to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law.  The absence of a specific objection on the grounds of privilege should not be interpreted as a waiver of any objection to any specific Request on the basis of an applicable privilege.

7.     Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Mr. Dao's right to object to the use of any information inadvertently disclosed.  Mr. Dao reserves the right to demand that the parties in this action return or destroy any inadvertently disclosed information.  In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information to Mr. Dao and will be precluded from disclosing or relying upon such information or documents in any way.

8.      Mr. Dao further objects to the Subpoena to the extent that it can be construed to call for information or documents protected by his right of privacy, including under the California Constitution. Calif. Const. Art. 1, § 1.

9.      Mr. Dao's General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below.  The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically therein.

10.     Mr. Dao's amendment of his Responses shall not be construed as a waiver of any Objections asserted by Mr. Dao.  Nor does Mr. Dao's amendments of his Responses constitute a concession that his initial Responses were deficient under the applicable rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Mr. Dao objects to the Definitions and Instructions in the Subpoena to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.      Mr. Dao objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, because it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level." Mr. Dao further objects to the definition of "Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

3.      Mr. Dao objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms,

4

including "partners," "representatives," "agents," and "affiliates."  Mr. Dao further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Mr. Dao will interpret "Skyryse" to mean "Skyryse, Inc."  Mr. Dao's response to any Request should not be construed as a response from Skyryse or any other non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.

4.      Mr. Dao objects to the definition of "Moog Confidential Information" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, including because Mr. Dao lacks sufficient information to identify "Moog Confidential Information."

5.      Mr. Dao objects to Instruction Nos. 14 and 15 insofar as they attempt to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of Civil Procedure 45 and other federal and local rules, including those designed to protect non-parties from disproportionate burden and expense.

6.      Mr. Dao objects to Instruction No. 16 as overbroad and unduly burdensome to the extent that it calls for information that is not within his possession, custody, or control or that is not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

7.      Mr. Dao objects to Instruction No. 18 to the extent that any such documents are outside of Mr. Dao's possession, custody, and control.  Mr. Dao will respond to the Subpoena only in his personal capacity with responsive, non-privileged documents from Mr. Dao's personal devices and accounts, and not with documents from Skyryse devices or accounts.

8.      All Responses and Objections to the Subpoena provided herein do not constitute Mr. Dao's agreement with any of the Definitions or Instructions set forth in the Subpoena.

9.      Mr. Dao's Objections to the Definitions and Instructions apply to each and every

Response and are hereby incorporated by reference into each of the Specific Responses and Objections set forth below.  The reassertion of or reference to a particular Objection to the Definitions and Instructions in a Response shall not be construed as a waiver of any Objection to the Definitions and Instructions not stated specifically therein.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications that refer or relate to any Moog Confidential Information.

## RESPONSE TO REQUEST NO. 1:

Mr. Dao incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Dao objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Dao further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Mr. Dao further objects to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent that it requests "All Documents and Communications" that "refer or relate" in any way to "Moog Confidential Information."  *See Sonnino v. Univ. of Kan. Hosp. Auth*., No. 02-2576-KHV-DJW, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Subject to and without waiving the foregoing objections, Mr. Dao responds as follows: Mr. Dao will produce responsive, non-privileged Documents and Communications that reflect Moog Confidential Information, as that term can be reasonably interpreted and after Moog has

6

identified any such information with sufficient particularity, that are located after a reasonable search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 2:**

Mr. Dao incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Dao objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Dao further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Dao further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Dao is willing to meet and confer with Moog regarding a more appropriate scope of this Request, if any.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications between You and Pilkington, on or before November 12, 2021, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 3:**

Mr. Dao incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Dao objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Dao further objects to the phrase [a]ll Documents . . . between You and Pilkington" as vague and ambiguous. Mr. Dao further objects to the Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Dao further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Subject to and without waiving the foregoing objections, Mr. Dao responds as follows: Mr. Dao will produce responsive, non-privileged Communications between Mr. Dao and Mr. Pilkington on or before November 12, 2021 that refer to Skyryse that are located after a reasonable search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications between You and Kim, on or before December 17, 2022, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 4:**

Mr. Dao incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Dao objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest

privilege, or any other applicable privilege or right of privacy.  Mr. Dao further objects to the phrase "[a]ll Documents . . . between You and Kim" as vague and ambiguous.  Mr. Dao further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Mr. Dao further objects to the time period of this Request as overbroad and unduly burdensome, as it seeks documents not reasonably restricted in time, including from the year after Ms. Kim terminated her employment at Moog, during which time she worked at Skyryse and an unreasonably burdensome number of documents would "refer or relate to Skyryse."  Mr. Dao further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "All Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at \*5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Subject to and without waiving the foregoing objections, Mr. Dao responds as follows: Mr. Dao will produce responsive, non-privileged Communications between Mr. Dao and Ms. Kim on or before December 17, 2021 that refer to Skyryse that are located after a reasonable search, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications that refer or relate to any access, use, reference or disclosure of any Moog Confidential Information by Skyryse.

**RESPONSE TO REQUEST NO. 5:**

Mr. Dao incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Dao objects to this Request as lacking foundation and assuming facts that have not been established, namely any alleged "access, use, reference or disclosure of any Moog

Confidential Information by Skyryse."  Mr. Dao objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Dao further objects to this Request as vague, ambiguous, and overbroad because it incorporates definitions of "Moog Confidential Information" and "Skyryse" that are vague, ambiguous, and overbroad. Mr. Dao further objects to this Request to the extent that it calls for information or documents that are not within his possession, custody, or control.

Subject to and without waiving the foregoing objections, Mr. Dao responds as follows: Mr. Dao will produce responsive, non-privileged Documents and Communications in his possession, custody, or control referring to any access, use, reference, or disclosure of any Moog Confidential Information, as that term can be reasonably interpreted, and after Moog has identified any such information with sufficient particularity, by Skyryse, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 6:**

All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information.

**RESPONSE TO REQUEST NO. 6:**

Mr. Dao incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Dao objects to this Request to the extent that it purports to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of Civil Procedure 45, the other Federal Rules of Civil Procedure, the local rules of the Western District of New York, any other order entered in or applicable to this action, or any other applicable rule or law.  Mr. Dao further objects to this Request to the extent that it seeks documents neither relevant to any party's claims and defenses nor proportional to the needs of the case.  Mr. Dao further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog

10

Confidential Information" that is vague, ambiguous, and overbroad and because the terms "system logs," "device logs," "connection logs," and "deletion logs" are undefined and lack common, discernible meanings in this context.  Mr. Dao further objects to this Request as overly broad and unduly burdensome, including because it calls for "[a]ll" system, device, connection, and deletion logs, is not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Mr. Dao further objects to this Request to the extent that it calls for information or documents that do not exist, are not within his possession, custody, or control, or that are not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

Dated: August 1, 2022                              */s/ Gabriel S. Gross*_____

                                        **LATHAM & WATKINS LLP**

                                        Douglas E. Lumish (Admitted *Pro Hac Vice*)
                                        Gabriel S. Gross
                                        Arman Zahoory (Admitted *Pro Hac Vice*)
                                        Ryan T. Banks (Admitted *Pro Hac Vice*)
                                        140 Scott Drive
                                        Menlo Park, California 94025
                                        Telephone: (650) 328-4600
                                        Facsimile: (650) 463-2600
                                        Email: doug.lumish@lw.com
                                              gabe.gross@lw.com

                                        Joseph H. Lee (Admitted *Pro Hac Vice*)
                                        650 Town Center Drive
                                        20th Floor
                                        Costa Mesa, California 92626
                                        Telephone: (714) 540-1235
                                        Facsimile: (714) 755-8290
                                        Email: joseph.lee@lw.com

                                        Julianne Osborne (Admitted Pro Hac Vice)
                                        505 Montgomery Street, Suite 2000
                                        San Francisco, California 94111

11

Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: julianne.osborne@lw.com

Cassandra M. Baloga (Admitted *Pro Hac Vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: cassandra.baloga@lw.com

Kelley M. Storey (Admitted *Pro Hac Vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: kelley.storey@lw.com


**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Tri Dao

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in San Mateo County, State of California.  My business address is 505 Montgomery Street, San Francisco, CA 94111.


On August 1, 2022, I served true copies of the following document(s) described as **NON-PARTY TRI DAO'S OBJECTIONS AND RESPONSES TO MOOG INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**


on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**


**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address julianne.osborne@lw.com to the persons at the e-mail addresses listed in the Service List.


I hereby certify that the foregoing is true and correct.

Executed on August 1, 2022, at San Francisco, California.


*/s/ Julianne C. Osborne*
Julianne C. Osborne

13

**SERVICE LIST**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP          Attorneys for Plaintiff MOOG, INC.
Kazim A. Naqvi, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
(313) 228-3700
KNaqvi@sheppardmullin.com

Lai Lam Yip, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
LYip@sheppardmullin.com

Travis J. Anderson, Esq.
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900
TAnderson@sheppardmullin.com

Rena Andoh, Esq.
Tyler Enright Baker, Esq.
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
RAndoh@sheppardmullin.com
TBaker@sheppardmullin.com

HODGSON RUSS LLP          Attorneys for Plaintiff MOOG, INC.
Robert J. Fluskey Jr., Esq.
Melissa Noel Subjeck, Esq.
Pauline Thecla Muto, Esq.
Reetuparna Dutta, Esq.
The Guaranty Building 140 Pearl Street
Buffalo, New York 14202
(716) 856-4000
RFluskey@hodgsonruss.com
MSubjeck@hodgsonruss.com
pmuto@hodgsonruss.com
rdutta@hodgsonruss.com

WINGET SPADAFORA & SCHWARTZBERG, LLP          Attorneys for Defendants
Alexander Asher Truitt, Esq.          ROBERT ALIN PILKINGTON and
Anthony D. Green, Esq.          MISOOK KIM
45 Broadway, 32nd Floor
New York, NY 10006

(212) 221-6900
truitt.a@wssllp.com
green.a@wssllp.com