# EXHIBIT D

| | |
|---|---|
| **From:** | Kazim Naqvi |
| **To:** | "julianne.osborne@lw.com"; Arman.Zahoory@lw.com; SKYRYSEMOOG.LWTEAM@lw.com; Doug.Lumish@lw.com; Gabe.Gross@lw.com |
| **Cc:** | Rena Andoh; Travis Anderson; Lai Yip; RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com; truitt.a@wssllp.com |
| **Subject:** | RE: Moog/Skyryse - Third Party Subpoenas |
| **Date:** | Wednesday, August 3, 2022 2:00:33 PM |

Counsel:

We write to meet and confer regarding the August 1 responses by Alan Lee, Tri Dao, and Dan Gunderson (the "Responding Parties") to the requests for production within Moog's subpoenas to such individuals. Please provide your availability to meet and confer on August 9 and 10.

**RFP No. 1:**

This request seeks: "All Documents and Communications that refer or relate to any Moog Confidential Information." In response, after asserting a number of improper and boilerplate objections, the Responding Parties states they will produce "responsive, non-privileged Documents and Communications that reflect Moog Confidential Information, as that term can be reasonably interpreted and after Moog has identified any such information with sufficient particularity, that are located after a reasonable search, to the extent such documents exist."

There are two glaring problems. First, the responses impermissibly limit the scope of documents to only those that "reflect" Moog Confidential Information, as opposed to documents that "refer or relate" to Moog Confidential Information. If, for example, the Responding Parties had communications that discussed the copying and use of Moog source code (without actually reflecting Moog source code), those communications would be relevant to the claims and defenses in this case for obvious reasons. The Responding Parties have not substantiated any burden or scope objections as required under the law. See *John Wiley & Sons. Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y.2014) ("Where a party objects to a discovery request, the objecting party bears the burden of demonstrating specifically how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." (internal citations omitted); *Barella v. Village of Freeport*, 296 F.R.D. 102, 105 (E.D.N.Y. 2013) ("The party objecting to the discovery demands must, with some degree of specificity, illustrate the nature and extent of the burden of production."). Moog is entitled to all responsive non-privileged documents, without limitation.

Second, the responses appear to indicate that responsive documents will only be produced "after Moog has identified any such information with sufficient particularity." This is not appropriate. Indeed, Moog propounded an identical request to Skyryse directly, and Skyryse agreed to and has already produced documents in response to the request. Given that the materials sought are the same categories that Skyryse has already agreed to produce and has produced, there should not be inconsistent positions. The Responding Parties admittedly possessed Moog Confidential Information while being employed at Skyryse, and such documents have apparently been turned over to Moog

by Skyryse. Thus, the Responding Parties and Skyryse evidently know what constitutes Moog Confidential Information. The Responding Parties have not provided any justification why they cannot produce responsive documents now.

**RFP No. 2:**

This request seeks: "All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse." In response, after asserting a number of improper and boilerplate objections, the Responding Parties state they are "Mr. Gunderson is willing to meet and confer with Moog regarding a more appropriate scope of this Request, if any."

This is a refusal to produce any responsive documents. The relevance of this request is self-evident, and the scope is inherently limited by subject matter and because it only involves communications before the Responding Parties began employment at Skyryse. Presumably, the volume of responsive communications is not large. Certainly, the Responding Parties have not properly substantiated any scope or burden concerns. Moog is entitled to all non-privileged responsive documents.

**RFP No. 5:**

This request seeks: "All Documents and Communications that refer or relate to any access, use, reference or disclosure of any Moog Confidential Information by Skyryse." In response, after asserting a number of improper and boilerplate objections, the Responding Parties states they will produce "responsive, non-privileged Documents and Communications referring to any access, use, reference, or disclosure of any Moog Confidential Information, as that term can be reasonably interpreted and after Moog has identified any such information with sufficient particularity, that are located after a reasonable search, to the extent such documents exist."

This response suffers from the same problem addressed above regarding RFP No. 1. Moog is entitled to responsive documents now, especially given the Responding Parties admitted conduct and prior production of Moog data.

**RFP No. 6:**

This request seeks: "All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information." In response, the Responding Parties assert a number of boilerplate objections and refuse to produce any responsive documents.

The relevance of this request is self-evident. Skyryse has already admitted in multiple filings that the Responding Parties possess Moog information while working at Skyryse. Some of this information has been produced back to Moog. The scope of this request is limited in time frame to 2021 to present. The number of electronic devices that contains or has ever contained Moog Confidential Information is presumably low, likely just a single cell phone and/or single computer. If the number of devices is not low, then that is concerning to Moog. Given the events that have transpired in this case, including the connections of devices holding large volumes of Moog Confidential Information

to several Skyryse employees other than Kim and Pilkington, Moog is entitled to discover the relevant device connection and deletion history involving the Responding Parties. To the extent there are scope or burden concerns, the Responding Parties have not substantiated them. Moog is entitled to all non-privileged responsive documents.

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

---

**From:** julianne.osborne@lw.com <julianne.osborne@lw.com>
**Sent:** Monday, August 1, 2022 7:07 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Arman.Zahoory@lw.com; SKYRYSEMOOG.LWTEAM@lw.com; Doug.Lumish@lw.com; Gabe.Gross@lw.com
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com; truitt.a@wssllp.com
**Subject:** RE: Moog/Skyryse - Third Party Subpoenas

Counsel:

Please see the attached for service.

Best,
Juli

**Julianne Osborne**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8160

---

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, July 22, 2022 1:49 PM
**To:** Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; Lumish, Douglas (Bay Area) <Doug.Lumish@lw.com>; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com; truitt.a@wssllp.com
**Subject:** RE: Moog/Skyryse - Third Party Subpoenas

Arman:

We disagree that the original compliance date for the subpoenas to Messrs. Dao, Gunderson and Lee is unreasonable. As a courtesy, we will agree to extend the compliance deadline to August 1.

Thank you,
Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

---

**From:** Arman.Zahoory@lw.com <Arman.Zahoory@lw.com>
Sent: Wednesday, July 20, 2022 3:12 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; SKYRYSEMOOG.LWTEAM@lw.com; Doug.Lumish@lw.com; Gabe.Gross@lw.com
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com; truitt.a@wssllp.com
**Subject:** RE: Moog/Skyryse - Third Party Subpoenas

Rena and Kazim,

We write to follow up on the subpoenas to Messrs. Dao, Gunderson and Lee, all of whom agreed to voluntarily accept service. Mr. Gunderson is currently in the hospital expecting the delivery of his first child, and he and the other individuals are investigating Moog's document requests and we expect they will be engaging our firm to represent them in responding to the subpoenas. Your expectation that each individual third party investigate your requests and respond to the subpoena by July 25, is not reasonable. Nonetheless, we expect that that these third parties will be in a position to respond by August 1.

Best,
Arman

**Arman Zahoory**

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.470.4985

---

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, July 8, 2022 7:12 PM
**To:** #C-M SKYRYSE - MOOG - LW TEAM <SKYRYSEMOOG.LWTEAM@lw.com>; Lumish, Douglas (Bay Area) <Doug.Lumish@lw.com>; Gross, Gabriel (Bay Area) <Gabe.Gross@lw.com>
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Fluskey Jr., Robert J.

<RFluskey@hodgsonruss.com>; Muto, Pauline T. <pmuto@hodgsonruss.com>; tflynn@harrisbeach.com; green.a@wssllp.com; truitt.a@wssllp.com
**Subject:** Moog/Skyryse - Third Party Subpoenas

Counsel:

Enclosed are third party subpoenas for production of documents to current Skyryse employees Gonzalo Rey, Tim Baptist, Dan Gunderson, Alan Lee, and Tri Dao. We are serving these subpoenas to you because of Skyryse's stated position (including in its June 24 letter, attached) that it does not have possession, custody or control over the personal devices of its employees. Moog is entitled to discoverable and relevant information found on the personal devices of these employees, whether through Skyryse or directly from the employees themselves.

Please advise by close of business Tuesday, July 12, whether you will accept service of these subpoenas. If we do not receive confirmation, we will proceed with effectuating personal service.

Further, we understand that Skyryse and the Individual Defendants have all been served with grand jury subpoenas from the FBI requesting the production of documents. Moog has also received a grand jury subpoena for documents. We propose that all parties produce to each other the documents that they are producing or have produced to the FBI, as all such documents would be relevant to the claims and defenses in this case. Please confirm.

Thank you,
Kazim


**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

**Sheppard**Mullin
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.
_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or

received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at [www.lw.com](www.lw.com).