# EXHIBIT E

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MOOG, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50.<br><br>                    Defendants. | Civil Action No. 1:22-cv-00187-LJV-JJM |

## NON-PARTY MARIO BRENES'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Non-party Mario Brenes, by and through his attorneys, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, responds and objects to Plaintiff Moog Inc.'s Subpoena (the "Subpoena") as follows:

### PRELIMINARY STATEMENT

1.      Mr. Brenes's investigation and discovery of facts related to the Subpoena is continuing.  Accordingly, the following responses are given without prejudice to Mr. Brenes's right to produce evidence of any subsequently discovered facts.  Mr. Brenes expressly reserves the right to change, modify, amend, or supplement these responses as additional facts are discovered.  Mr. Brenes's responses are without prejudice to his right to establish at a later date any additional or contrary facts that may be contained within or discovered as a result of any subsequent review of discovery.

1

2.      Mr. Brenes will only produce responsive non-privileged documents, if any, in accordance with Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, any applicable local rules , any other applicable law, and any other order entered in or applicable to this action, including but not limited to any protective order that may be entered into to protect confidential information (including information that is confidential, proprietary, commercially sensitive, that constitutes a trade secret, or that contains non-public personal information of any individual).

3.      By agreeing to disclose information, Mr. Brenes does not concede that jurisdiction and venue in the Western District of New York are proper, and Mr. Brenes's disclosure of information is not evidence in any manner as to the appropriateness of the Western District of New York as a forum for this action.  Mr. Brenes expressly preserves any and all challenges to jurisdiction and venue in the Western District of New York.

4.      Mr. Brenes is willing to meet and confer with Moog regarding these responses.

## GENERAL OBJECTIONS

1.      Mr. Brenes objects to each instruction, definition, and document request in the Subpoena to the extent that it purports to impose any requirement or discovery obligation greater than or different from those set forth in Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, any applicable local rules , any other order entered in or applicable to this action, or any other applicable rule or law.

2.      Mr. Brenes further objects to the Subpoena to the extent that it calls for discovery beyond what is permitted or contemplated by the Stipulation and Order Re: Expedited Discovery (ECF 33, 36) and the orders of the Court sequencing discovery and "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1." (ECF 205 at 6; *see also* July 27 Hrg. Tr. at 56:15-58:17; ECF 259 at 4).

Specifically, the Court has "sequence[d] discovery" to "focus, first and foremost, on Moog's identification in a considerable level of detail … of the trade secrets which it considers to be at issue for purposes of the preliminary injunction haring" and held that there is no "point in proceeding on other discovery" "unless and until we get to that identification." (ECF 259 at 3; ECF 205 at 5-6.)  The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 250 at 5.)  Moog's failure to identify its trade secrets in response to Skyryse's Interrogatory No. 1 means this subpoena is premature and served in violation of the Court's orders sequencing discovery.

3.      Mr. Brenes further objects to the Subpoena on the ground that it seeks discovery from a non-party that imposes an undue burden, is disproportionate to the needs of the case, is not relevant to any party's claims and defenses in the action, or is overbroad. Mr. Brenes also objects to the Subpoena on the ground that it is oppressive and served for an improper purpose to harass and exert pressure on Skyryse and its employees, including because Moog has identified no basis to believe that Mr. Brenes possesses evidence relevant to the claims or defenses in this action or has otherwise been involved in the alleged misappropriation of Moog's allegedly trade secret information.

4.      Mr. Brenes further objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein.

5.      Mr. Brenes further objects to the Subpoena to the extent that it purports to impose on him a duty to disclose information outside his possession, custody, or control.  Mr. Brenes's Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in his possession, custody, or control.

6.      Mr. Brenes further objects to the Subpoena to the extent it calls for the disclosure or production of information or documents that are duplicative of and cumulative to discovery obtained by, equally available from, or more readily obtainable from, other sources that are more convenient, less burdensome, or less expensive, including but not limited to the parties in this underlying action and publicly available sources.

7.      Mr. Brenes further objects to the Subpoena to the extent that it purports to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law.  The absence of a specific objection on the grounds of privilege should not be interpreted as a waiver of any objection to any specific Request on the basis of an applicable privilege.

8.      Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Mr. Brenes's right to object to the use of any information inadvertently disclosed.  Mr. Brenes reserves the right to demand that the parties in this action return or destroy any inadvertently disclosed information.  In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information to Mr. Brenes and will be precluded from disclosing or relying upon such information or documents in any way.

9.      Mr. Brenes further objects to the Subpoena to the extent that it can be construed to call for information or documents protected by his right of privacy, including under the California Constitution. Calif. Const. Art. 1, § 1.

10.     Mr. Brenes's General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below.  The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically therein.

11.     Mr. Brenes's amendment of his Responses shall not be construed as a waiver of any Objections asserted by Mr. Brenes.  Nor does Mr. Brenes's amendments of his Responses constitute a concession that his initial Responses were deficient under the applicable rules.

<u>**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**</u>

1.     Mr. Brenes objects to the Definitions and Instructions in the Subpoena to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.     Mr. Brenes objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, because it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level." Mr. Brenes further objects to the definition of "Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

3.     Mr. Brenes objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates."  Mr. Brenes further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors,

employees, and others.  Mr. Brenes will interpret "Skyryse" to mean "Skyryse, Inc."  Mr. Brenes's response to any Request should not be construed as a response from Skyryse or any other non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.

4.      Mr. Brenes objects to the definition of "Moog Confidential Information" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, including because Mr. Brenes lacks sufficient information to identify "Moog Confidential Information."

5.      Mr. Brenes objects to Instruction Nos. 14 and 15 insofar as they attempt to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of Civil Procedure 45 and other federal and local rules, including those designed to protect non-parties from disproportionate burden and expense.

6.      Mr. Brenes objects to Instruction No. 16 as overbroad and unduly burdensome to the extent that it calls for information that is not within his possession, custody, or control or that is not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

7.      Mr. Brenes objects to Instruction No. 18 to the extent that any such documents are outside of Mr. Brenes's possession, custody, and control.  Mr. Brenes will respond to the Subpoena only in his personal capacity with responsive, non-privileged documents from Mr. Brenes's personal devices and accounts, and not with documents from Skyryse devices or accounts.

8.      All Responses and Objections to the Subpoena provided herein do not constitute Mr. Brenes's agreement with any of the Definitions or Instructions set forth in the Subpoena.

9.      Mr. Brenes's Objections to the Definitions and Instructions apply to each and every Response and are hereby incorporated by reference into each of the Specific Responses and Objections set forth below.  The reassertion of or reference to a particular Objection to the

Definitions and Instructions in a Response shall not be construed as a waiver of any Objection to the Definitions and Instructions not stated specifically therein.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications that refer or relate to any Moog Confidential Information.

### RESPONSE TO REQUEST NO. 1:

Mr. Brenes incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Brenes objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Brenes further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Mr. Brenes further objects to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent that it requests "All Documents and Communications" that "refer or relate" in any way to "Moog Confidential Information."  *See Sonnino v. Univ. of Kan. Hosp. Auth.*, No. 02-2576-KHV-DJW, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Brenes further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at

issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Brenes's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.) Mr. Brenes also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Brenes therefore cannot reasonably be expected to ascertain or understand.

Mr. Brenes further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Mr. Brenes's potential relevance to this action is limited to USB devices not owned by him being plugged into his Skyryse-issued laptop. (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse.

## RESPONSE TO REQUEST NO. 2:

Mr. Brenes incorporates by reference his General Objections and Objections to the

Definitions and Instructions.  Mr. Brenes objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Brenes further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Mr. Brenes further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Brenes further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Brenes's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and

9

discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Brenes further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Brenes's potential relevance to this action is limited to USB devices not owned by him being plugged into his Skyryse-issued laptop.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications between You and Pilkington, on or before November 12, 2021, that refer or relate to Skyryse.

## RESPONSE TO REQUEST NO. 3:

Mr. Brenes incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Brenes objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Brenes further objects to the phrase [a]ll Documents . . . between You and Pilkington" as vague and ambiguous.  Mr. Brenes further objects to the Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Mr. Brenes further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized

10

on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Brenes further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Brenes's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Brenes further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Brenes's potential relevance to this action is limited to USB devices not owned by him being plugged into his Skyryse-issued laptop.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

11

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications between You and Kim, on or before December 17, 2022, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 4:**

Mr. Brenes incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Brenes objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Brenes further objects to the phrase "[a]ll Documents . . . between You and Kim" as vague and ambiguous. Mr. Brenes further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Brenes further objects to the time period of this Request as overbroad and unduly burdensome, as it seeks documents not reasonably restricted in time, including from the year after Ms. Kim terminated her employment at Moog, during which time she worked at Skyryse and an unreasonably burdensome number of documents would "refer or relate to Skyryse." Mr. Brenes further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "All Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Brenes further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and

12

that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Brenes's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Brenes further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Brenes's potential relevance to this action is limited to USB devices not owned by him being plugged into his Skyryse-issued laptop.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications that refer or relate to any access, use, reference or disclosure of any Moog Confidential Information by Skyryse.

**RESPONSE TO REQUEST NO. 5:**

Mr. Brenes incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Brenes objects to this Request as lacking foundation and

assuming facts that have not been established, namely any alleged "access, use, reference or disclosure of any Moog Confidential Information by Skyryse." Mr. Brenes objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Brenes further objects to this Request as vague, ambiguous, and overbroad because it incorporates definitions of "Moog Confidential Information" and "Skyryse" that are vague, ambiguous, and overbroad. Mr. Brenes further objects to this Request to the extent that it calls for information or documents that are not within his possession, custody, or control.

Mr. Brenes further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Brenes's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.) Mr. Brenes also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Brenes therefore cannot

14

reasonably be expected to ascertain or understand.

Mr. Brenes further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Mr. Brenes's potential relevance to this action is limited to USB devices not owned by him being plugged into his Skyryse-issued laptop. (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 6:**

All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information.

**RESPONSE TO REQUEST NO. 6:**

Mr. Brenes incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Brenes objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Brenes further objects to this Request to the extent that it seeks documents neither relevant to any party's claims and defenses nor proportional to the needs of the case. Mr. Brenes further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad and because the terms "system logs," "device logs," "connection logs," and "deletion logs" are undefined and lack common, discernible meanings in this context. Mr. Brenes further objects to this Request as overly broad and unduly burdensome, including because it calls for "[a]ll" system, device, connection, and

deletion logs, is not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Mr. Brenes further objects to this Request to the extent that it calls for information or documents that do not exist, are not within his possession, custody, or control, or that are not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

Mr. Brenes further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Brenes's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.) Mr. Brenes also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Brenes therefore cannot reasonably be expected to ascertain or understand.

Mr. Brenes further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks

16

discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Brenes's potential relevance to this action is limited to USB devices not owned by him being plugged into his Skyryse-issued laptop.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 7:**

All electronic devices which contain Moog Confidential Information or were connected to any electronic device that contained Moog Confidential Information, including but not limited to SanDisk Cruzer Device Serial Number 55D28D65, and SanDisk Cruzer Device Serial Number EC979D10.

**RESPONSE TO REQUEST NO. 7:**

Mr. Brenes incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Brenes objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Brenes further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Mr. Brenes further objects to this Request as overly broad and unduly burdensome, including because it calls for "All electronic devices," connected to "any electronic device" as not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Mr. Brenes further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and

17

that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Brenes's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)  Mr. Brenes also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Brenes therefore cannot reasonably be expected to ascertain or understand.

Mr. Brenes further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Brenes's potential relevance to this action is limited to USB devices not owned by him being plugged into his Skyryse-issued laptop.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

Dated: September 23, 2022                    */s/ Gabriel S. Gross*

**LATHAM & WATKINS LLP**

Douglas E. Lumish (Admitted *Pro Hac Vice*)
Gabriel S. Gross
Arman Zahoory (Admitted *Pro Hac Vice*)
Ryan T. Banks (Admitted *Pro Hac Vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: doug.lumish@lw.com
            gabe.gross@lw.com

Joseph H. Lee (Admitted *Pro Hac Vice*)
650 Town Center Drive
20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: joseph.lee@lw.com

Julianne Osborne (Admitted Pro Hac Vice)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: julianne.osborne@lw.com

Cassandra M. Baloga (Admitted *Pro Hac Vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: cassandra.baloga@lw.com

Kelley M. Storey (Admitted *Pro Hac Vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: kelley.storey@lw.com

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Mario Brenes

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in San Mateo County, State of California.  My business address is 140 Scott Drive, Menlo Park, CA 94025.

On September 23, 2022, I served true copies of the following document(s) described as **NON-PARTY MARIO BRENES'S OBJECTIONS AND RESPONSES TO MOOG INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address ryan.banks@lw.com to the persons at the e-mail addresses listed in the Service List.

I hereby certify that the foregoing is true and correct.

Executed on September 23, 2022, at Menlo Park, California.


*/s/ Ryan Banks*
Ryan Banks

21

## SERVICE LIST

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP                    Attorneys for Plaintiff MOOG,
INC.
Kazim A. Naqvi, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
(313) 228-3700
KNaqvi@sheppardmullin.com

Lai Lam Yip, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
LYip@sheppardmullin.com

Travis J. Anderson, Esq.
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900
TAnderson@sheppardmullin.com

Rena Andoh, Esq.
Tyler Enright Baker, Esq.
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
RAndoh@sheppardmullin.com
TBaker@sheppardmullin.com

HODGSON RUSS LLP                    Attorneys for Plaintiff MOOG, INC.
Robert J. Fluskey Jr., Esq.
Melissa Noel Subjeck, Esq.
Pauline Thecla Muto, Esq.
Reetuparna Dutta, Esq.
The Guaranty Building 140 Pearl Street
Buffalo, New York 14202
(716) 856-4000
RFluskey@hodgsonruss.com
MSubjeck@hodgsonruss.com
pmuto@hodgsonruss.com
rdutta@hodgsonruss.com

WINGET SPADAFORA & SCHWARTZBERG, LLP                    Attorneys for Defendants
Alexander Asher Truitt, Esq.                                              ROBERT ALIN PILKINGTON and
Anthony D. Green, Esq.                                                     MISOOK KIM
45 Broadway, 32nd Floor

New York, NY 10006
(212) 221-6900
truitt.a@wssllp.com
green.a@wssllp.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MOOG, INC.,

               Plaintiff,

     v.

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES
NOS. 1-50.

               Defendants.

Civil Action No. 1:22-cv-00187-LJV-JJM

---

## NON-PARTY LAWRENCE CHOW'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Non-party Lawrence Chow, by and through his attorneys, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, responds and objects to Plaintiff Moog Inc.'s Subpoena (the "Subpoena") as follows:

### PRELIMINARY STATEMENT

1.      Mr. Chow's investigation and discovery of facts related to the Subpoena is continuing.  Accordingly, the following responses are given without prejudice to Mr. Chow's right to produce evidence of any subsequently discovered facts.  Mr. Chow expressly reserves the right to change, modify, amend, or supplement these responses as additional facts are discovered.  Mr. Chow's responses are without prejudice to his right to establish at a later date any additional or contrary facts that may be contained within or discovered as a result of any subsequent review of discovery.

1

2.      Mr. Chow will only produce responsive non-privileged documents, if any, in accordance with Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, any applicable local rules , any other applicable law, and any other order entered in or applicable to this action, including but not limited to any protective order that may be entered into to protect confidential information (including information that is confidential, proprietary, commercially sensitive, that constitutes a trade secret, or that contains non-public personal information of any individual).

3.      By agreeing to disclose information, Mr. Chow does not concede that jurisdiction and venue in the Western District of New York are proper, and Mr. Chow's disclosure of information is not evidence in any manner as to the appropriateness of the Western District of New York as a forum for this action.   Mr. Chow expressly preserves any and all challenges to jurisdiction and venue in the Western District of New York.

4.      Mr. Chow is willing to meet and confer with Moog regarding these responses.

## **GENERAL OBJECTIONS**

1.      Mr. Chow objects to each instruction, definition, and document request in the Subpoena to the extent that it purports to impose any requirement or discovery obligation greater than or different from those set forth in Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, any applicable local rules , any other order entered in or applicable to this action, or any other applicable rule or law.

2.      Mr. Chow further objects to the Subpoena to the extent that it calls for discovery beyond what is permitted or contemplated by the Stipulation and Order Re: Expedited Discovery (ECF 33, 36) and the orders of the Court sequencing discovery and "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1." (ECF 205 at 6; *see also* July 27 Hrg. Tr. at 56:15-58:17; ECF 259 at 4).

2

Specifically, the Court has "sequence[d] discovery" to "focus, first and foremost, on Moog's identification in a considerable level of detail … of the trade secrets which it considers to be at issue for purposes of the preliminary injunction haring" and held that there is no "point in proceeding on other discovery" "unless and until we get to that identification." (ECF 259 at 3; ECF 205 at 5-6.) The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 250 at 5.) Moog's failure to identify its trade secrets in response to Skyryse's Interrogatory No. 1 means this subpoena is premature and served in violation of the Court's orders sequencing discovery.

3.      Mr. Chow further objects to the Subpoena on the ground that it seeks discovery from a non-party that imposes an undue burden, is disproportionate to the needs of the case, is not relevant to any party's claims and defenses in the action, or is overbroad. Mr. Chow also objects to the Subpoena on the ground that it is oppressive and served for an improper purpose to harass and exert pressure on Skyryse and its employees, including because Moog has identified no basis to believe that Mr. Chow possesses evidence relevant to the claims or defenses in this action or has otherwise been involved in the alleged misappropriation of Moog's allegedly trade secret information.

4.      Mr. Chow further objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein.

5.      Mr. Chow further objects to the Subpoena to the extent that it purports to impose on him a duty to disclose information outside his possession, custody, or control.  Mr. Chow's Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in his possession, custody, or control.

6.     Mr. Chow further objects to the Subpoena to the extent it calls for the disclosure or production of information or documents that are duplicative of and cumulative to discovery obtained by, equally available from, or more readily obtainable from, other sources that are more convenient, less burdensome, or less expensive, including but not limited to the parties in this underlying action and publicly available sources.

7.     Mr. Chow further objects to the Subpoena to the extent that it purports to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law.  The absence of a specific objection on the grounds of privilege should not be interpreted as a waiver of any objection to any specific Request on the basis of an applicable privilege.

8.     Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Mr. Chow's right to object to the use of any information inadvertently disclosed.  Mr. Chow reserves the right to demand that the parties in this action return or destroy any inadvertently disclosed information.  In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information to Mr. Chow and will be precluded from disclosing or relying upon such information or documents in any way.

9.     Mr. Chow further objects to the Subpoena to the extent that it can be construed to call for information or documents protected by his right of privacy, including under the California Constitution. Calif. Const. Art. 1, § 1.

4

10.     Mr. Chow's General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below.  The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically therein.

11.     Mr. Chow's amendment of his Responses shall not be construed as a waiver of any Objections asserted by Mr. Chow.  Nor does Mr. Chow's amendments of his Responses constitute a concession that his initial Responses were deficient under the applicable rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Mr. Chow objects to the Definitions and Instructions in the Subpoena to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.     Mr. Chow objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, because it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level." Mr. Chow further objects to the definition of "Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

3.     Mr. Chow objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates."  Mr. Chow further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors,

5

employees, and others.  Mr. Chow will interpret "Skyryse" to mean "Skyryse, Inc."  Mr. Chow's response to any Request should not be construed as a response from Skyryse or any other non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.

4.      Mr. Chow objects to the definition of "Moog Confidential Information" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, including because Mr. Chow lacks sufficient information to identify "Moog Confidential Information."

5.      Mr. Chow objects to Instruction Nos. 14 and 15 insofar as they attempt to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of Civil Procedure 45 and other federal and local rules, including those designed to protect non-parties from disproportionate burden and expense.

6.      Mr. Chow objects to Instruction No. 16 as overbroad and unduly burdensome to the extent that it calls for information that is not within his possession, custody, or control or that is not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

7.      Mr. Chow objects to Instruction No. 18 to the extent that any such documents are outside of Mr. Chow's possession, custody, and control.  Mr. Chow will respond to the Subpoena only in his personal capacity with responsive, non-privileged documents from Mr. Chow's personal devices and accounts, and not with documents from Skyryse devices or accounts.

8.      All Responses and Objections to the Subpoena provided herein do not constitute Mr. Chow's agreement with any of the Definitions or Instructions set forth in the Subpoena.

9.      Mr. Chow's Objections to the Definitions and Instructions apply to each and every Response and are hereby incorporated by reference into each of the Specific Responses and Objections set forth below.  The reassertion of or reference to a particular Objection to the

Definitions and Instructions in a Response shall not be construed as a waiver of any Objection to the Definitions and Instructions not stated specifically therein.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications that refer or relate to any Moog Confidential Information.

## RESPONSE TO REQUEST NO. 1:

Mr. Chow incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Chow objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Chow further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Mr. Chow further objects to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent that it requests "All Documents and Communications" that "refer or relate" in any way to "Moog Confidential Information."  *See Sonnino v. Univ. of Kan. Hosp. Auth.*, No. 02-2576-KHV-DJW, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Chow further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at

issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Chow's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)   Mr. Chow also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Chow therefore cannot reasonably be expected to ascertain or understand.

Mr. Chow further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Chow's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Chow's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 2:**

Mr. Chow incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Chow objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Chow further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Chow further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Chow further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Chow's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify

9

their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies

the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery

into irrelevant areas." (ECF 205 at 5.)

Mr. Chow further objects to this Request as unduly burdensome, oppressive, served for an

improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery

from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only

assertion of Mr. Chow's potential relevance to this action is limited to his Skyryse-issued laptop

being setup by Skyryse IT using a USB, neither of which are in Mr. Chow's personal custody,

control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT

department to set up computers at the company and its contents includes miscellaneous files

unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications between You and Pilkington, on or before

November 12, 2021, that refer or relate to Skyryse.

## RESPONSE TO REQUEST NO. 3:

Mr. Chow incorporates by reference his General Objections and Objections to the

Definitions and Instructions.  Mr. Chow objects to this Request to the extent that it seeks

documents protected from disclosure by the attorney-client privilege, attorney work product

doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr.

Chow further objects to the phrase [a]ll Documents . . . between You and Pilkington" as vague and

ambiguous.  Mr. Chow further objects to the Request as vague and ambiguous because it

incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Mr. Chow further

objects to this Request on the grounds that it is overbroad and unduly burdensome, including

because the request is not limited to issues relevant to this action or proportional to the needs of

10

the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Chow further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Chow's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Chow further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Chow's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Chow's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's

IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications between You and Kim, on or before December 17, 2022, that refer or relate to Skyryse.

## RESPONSE TO REQUEST NO. 4:

Mr. Chow incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Chow objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Chow further objects to the phrase "[a]ll Documents . . . between You and Kim" as vague and ambiguous. Mr. Chow further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Chow further objects to the time period of this Request as overbroad and unduly burdensome, as it seeks documents not reasonably restricted in time, including from the year after Ms. Kim terminated her employment at Moog, during which time she worked at Skyryse and an unreasonably burdensome number of documents would "refer or relate to Skyryse." Mr. Chow further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "All Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Chow further objects to this Request as premature given the Court's sequencing of

discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Chow's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Chow further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Chow's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Chow's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications that refer or relate to any access, use, reference or disclosure of any Moog Confidential Information by Skyryse.

**RESPONSE TO REQUEST NO. 5:**

Mr. Chow incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Chow objects to this Request as lacking foundation and assuming facts that have not been established, namely any alleged "access, use, reference or disclosure of any Moog Confidential Information by Skyryse." Mr. Chow objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Chow further objects to this Request as vague, ambiguous, and overbroad because it incorporates definitions of "Moog Confidential Information" and "Skyryse" that are vague, ambiguous, and overbroad. Mr. Chow further objects to this Request to the extent that it calls for information or documents that are not within his possession, custody, or control.

Mr. Chow further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Chow's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery

14

into irrelevant areas." (ECF 205 at 5.)   Mr. Chow also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Chow therefore cannot reasonably be expected to ascertain or understand.

Mr. Chow further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.   Specifically, Plaintiff's only assertion of Mr. Chow's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Chow's personal custody, control, or possession.   (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 6:

All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information.

## RESPONSE TO REQUEST NO. 6:

Mr. Chow incorporates by reference his General Objections and Objections to the Definitions and Instructions.   Mr. Chow objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.   Mr. Chow further objects to this Request to the extent that it seeks documents neither relevant to any party's claims and defenses nor proportional to the needs of the case.  Mr. Chow further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog

15

Confidential Information" that is vague, ambiguous, and overbroad and because the terms "system logs," "device logs," "connection logs," and "deletion logs" are undefined and lack common, discernible meanings in this context. Mr. Chow further objects to this Request as overly broad and unduly burdensome, including because it calls for "[a]ll" system, device, connection, and deletion logs, is not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Mr. Chow further objects to this Request to the extent that it calls for information or documents that do not exist, are not within his possession, custody, or control, or that are not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

Mr. Chow further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Chow's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.) Mr. Chow also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade

16

secrets, which Moog to date has failed to identify, and which Mr. Chow therefore cannot reasonably be expected to ascertain or understand.

Mr. Chow further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Chow's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Chow's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 7:**

All electronic devices which contain Moog Confidential Information or were connected to any electronic device that contained Moog Confidential Information, including but not limited to SanDisk Cruzer Device Serial Number 55D28D65, and SanDisk Cruzer Device Serial Number EC979D10.

**RESPONSE TO REQUEST NO. 7:**

Mr. Chow incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Chow objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Chow further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Mr. Chow further objects to this Request as overly broad and unduly burdensome, including because it calls for "All electronic devices," connected to "any electronic device" as not tailored to the

17

claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Mr. Chow further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Chow's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.) Mr. Chow also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Chow therefore cannot reasonably be expected to ascertain or understand.

Mr. Chow further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Mr. Chow's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Chow's personal

18

custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's

IT department to set up computers at the company and its contents includes miscellaneous files

unrelated to Moog or the claims and defenses in this case").).


Dated: September 23, 2022                        */s/ Gabriel S. Gross*


**LATHAM & WATKINS LLP**

Douglas E. Lumish (Admitted *Pro Hac Vice*)
Gabriel S. Gross
Arman Zahoory (Admitted *Pro Hac Vice*)
Ryan T. Banks (Admitted *Pro Hac Vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: doug.lumish@lw.com
            gabe.gross@lw.com

Joseph H. Lee (Admitted *Pro Hac Vice*)
650 Town Center Drive
20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: joseph.lee@lw.com

Julianne Osborne (Admitted Pro Hac Vice)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: julianne.osborne@lw.com

Cassandra M. Baloga (Admitted *Pro Hac Vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: cassandra.baloga@lw.com

Kelley M. Storey (Admitted *Pro Hac Vice*)

19

555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: kelley.storey@lw.com


**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Lawrence Chow

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in San Mateo County, State of California.  My business address is 140 Scott Drive, Menlo Park, CA 94025.

On September 23, 2022, I served true copies of the following document(s) described as **NON-PARTY LAWRENCE CHOW'S OBJECTIONS AND RESPONSES TO MOOG INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address ryan.banks@lw.com to the persons at the e-mail addresses listed in the Service List.

I hereby certify that the foregoing is true and correct.

Executed on September 23, 2022, at Menlo Park, California.


*/s/ Ryan Banks*
Ryan Banks

## SERVICE LIST

| | |
|---|---|
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP INC. | Attorneys for Plaintiff MOOG, |

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
INC.
Kazim A. Naqvi, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
(313) 228-3700
KNaqvi@sheppardmullin.com

Lai Lam Yip, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
LYip@sheppardmullin.com

Travis J. Anderson, Esq.
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900
TAnderson@sheppardmullin.com

Rena Andoh, Esq.
Tyler Enright Baker, Esq.
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
RAndoh@sheppardmullin.com
TBaker@sheppardmullin.com

HODGSON RUSS LLP                        Attorneys for Plaintiff MOOG, INC.
Robert J. Fluskey Jr., Esq.
Melissa Noel Subjeck, Esq.
Pauline Thecla Muto, Esq.
Reetuparna Dutta, Esq.
The Guaranty Building 140 Pearl Street
Buffalo, New York 14202
(716) 856-4000
RFluskey@hodgsonruss.com
MSubjeck@hodgsonruss.com
pmuto@hodgsonruss.com
rdutta@hodgsonruss.com

WINGET SPADAFORA & SCHWARTZBERG, LLP    Attorneys for Defendants
Alexander Asher Truitt, Esq.            ROBERT ALIN PILKINGTON and
Anthony D. Green, Esq.                   MISOOK KIM
45 Broadway, 32nd Floor

New York, NY 10006
(212) 221-6900
truitt.a@wssllp.com
green.a@wssllp.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

MOOG, INC.,

                    Plaintiff,

        v.

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES
NOS. 1-50.

                    Defendants.

---

Civil Action No. 1:22-cv-00187-LJV-JJM

**NON-PARTY SANTIAGO CORREA-MEJIA'S OBJECTIONS AND RESPONSES TO
MOOG, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Non-party Santiago Correa-Mejia, by and through his attorneys, and pursuant to Rule 45

of the Federal Rules of Civil Procedure, responds and objects to Plaintiff Moog Inc.'s Subpoena

(the "Subpoena") as follows:

**PRELIMINARY STATEMENT**

1.      Mr. Correa-Mejia's investigation and discovery of facts related to the Subpoena is

continuing.  Accordingly, the following responses are given without prejudice to Mr. Correa-

Mejia's right to produce evidence of any subsequently discovered facts.  Mr. Correa-Mejia

expressly reserves the right to change, modify, amend, or supplement these responses as additional

facts are discovered.  Mr. Correa-Mejia's responses are without prejudice to his right to establish

at a later date any additional or contrary facts that may be contained within or discovered as a

result of any subsequent review of discovery.

1

2.      Mr. Correa-Mejia will only produce responsive non-privileged documents, if any, in accordance with Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, any applicable local rules , any other applicable law, and any other order entered in or applicable to this action, including but not limited to any protective order that may be entered into to protect confidential information (including information that is confidential, proprietary, commercially sensitive, that constitutes a trade secret, or that contains non-public personal information of any individual).

3.      By agreeing to disclose information, Mr. Correa-Mejia does not concede that jurisdiction and venue in the Western District of New York are proper, and Mr. Correa-Mejia's disclosure of information is not evidence in any manner as to the appropriateness of the Western District of New York as a forum for this action.  Mr. Correa-Mejia expressly preserves any and all challenges to jurisdiction and venue in the Western District of New York.

4.      Mr. Correa-Mejia is willing to meet and confer with Moog regarding these responses.

## **GENERAL OBJECTIONS**

1.      Mr. Correa-Mejia objects to each instruction, definition, and document request in the Subpoena to the extent that it purports to impose any requirement or discovery obligation greater than or different from those set forth in Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, any applicable local rules , any other order entered in or applicable to this action, or any other applicable rule or law.

2.      Mr. Correa-Mejia further objects to the Subpoena to the extent that it calls for discovery beyond what is permitted or contemplated by the Stipulation and Order Re: Expedited Discovery (ECF 33, 36) and the orders of the Court sequencing discovery and "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's

2

Interrogatory No. 1." (ECF 205 at 6; *see also* July 27 Hrg. Tr. at 56:15-58:17; ECF 259 at 4). Specifically, the Court has "sequence[d] discovery" to "focus, first and foremost, on Moog's identification in a considerable level of detail … of the trade secrets which it considers to be at issue for purposes of the preliminary injunction haring" and held that there is no "point in proceeding on other discovery" "unless and until we get to that identification." (ECF 259 at 3; ECF 205 at 5-6.)  The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 250 at 5.)  Moog's failure to identify its trade secrets in response to Skyryse's Interrogatory No. 1 means this subpoena is premature and served in violation of the Court's orders sequencing discovery.

3.      Mr. Correa-Mejia further objects to the Subpoena on the ground that it seeks discovery from a non-party that imposes an undue burden, is disproportionate to the needs of the case, is not relevant to any party's claims and defenses in the action, or is overbroad. Mr. Correa-Mejia also objects to the Subpoena on the ground that it is oppressive and served for an improper purpose to harass and exert pressure on Skyryse and its employees, including because Moog has identified no basis to believe that Mr. Correa-Mejia possesses evidence relevant to the claims or defenses in this action or has otherwise been involved in the alleged misappropriation of Moog's allegedly trade secret information.

4.      Mr. Correa-Mejia further objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein.

5.      Mr. Correa-Mejia further objects to the Subpoena to the extent that it purports to impose on him a duty to disclose information outside his possession, custody, or control.  Mr.

3

Correa-Mejia's Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in his possession, custody, or control.

6.     Mr. Correa-Mejia further objects to the Subpoena to the extent it calls for the disclosure or production of information or documents that are duplicative of and cumulative to discovery obtained by, equally available from, or more readily obtainable from, other sources that are more convenient, less burdensome, or less expensive, including but not limited to the parties in this underlying action and publicly available sources.

7.     Mr. Correa-Mejia further objects to the Subpoena to the extent that it purports to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law.  The absence of a specific objection on the grounds of privilege should not be interpreted as a waiver of any objection to any specific Request on the basis of an applicable privilege.

8.     Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Mr. Correa-Mejia's right to object to the use of any information inadvertently disclosed.  Mr. Correa-Mejia reserves the right to demand that the parties in this action return or destroy any inadvertently disclosed information.  In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information to Mr. Correa-Mejia and will be precluded from disclosing or relying upon such information or documents in any way.

4

9.      Mr. Correa-Mejia further objects to the Subpoena to the extent that it can be construed to call for information or documents protected by his right of privacy, including under the California Constitution. Calif. Const. Art. 1, § 1.

10.     Mr. Correa-Mejia's General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below.  The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically therein.

11.     Mr. Correa-Mejia's amendment of his Responses shall not be construed as a waiver of any Objections asserted by Mr. Correa-Mejia.  Nor does Mr. Correa-Mejia's amendments of his Responses constitute a concession that his initial Responses were deficient under the applicable rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Mr. Correa-Mejia objects to the Definitions and Instructions in the Subpoena to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.      Mr. Correa-Mejia objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, because it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level."  Mr. Correa-Mejia further objects to the definition of "Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

5

3.      Mr. Correa-Mejia objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates."  Mr. Correa-Mejia further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Mr. Correa-Mejia will interpret "Skyryse" to mean "Skyryse, Inc."  Mr. Correa-Mejia's response to any Request should not be construed as a response from Skyryse or any other non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.

4.      Mr. Correa-Mejia objects to the definition of "Moog Confidential Information" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, including because Mr. Correa-Mejia lacks sufficient information to identify "Moog Confidential Information."

5.      Mr. Correa-Mejia objects to Instruction Nos. 14 and 15 insofar as they attempt to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of Civil Procedure 45 and other federal and local rules, including those designed to protect non-parties from disproportionate burden and expense.

6.      Mr. Correa-Mejia objects to Instruction No. 16 as overbroad and unduly burdensome to the extent that it calls for information that is not within his possession, custody, or control or that is not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

7.      Mr. Correa-Mejia objects to Instruction No. 18 to the extent that any such documents are outside of Mr. Correa-Mejia's possession, custody, and control.  Mr. Correa-Mejia will respond to the Subpoena only in his personal capacity with responsive, non-privileged

documents from Mr. Correa-Mejia's personal devices and accounts, and not with documents from Skyryse devices or accounts.

8.     All Responses and Objections to the Subpoena provided herein do not constitute Mr. Correa-Mejia's agreement with any of the Definitions or Instructions set forth in the Subpoena.

9.     Mr. Correa-Mejia's Objections to the Definitions and Instructions apply to each and every Response and are hereby incorporated by reference into each of the Specific Responses and Objections set forth below.  The reassertion of or reference to a particular Objection to the Definitions and Instructions in a Response shall not be construed as a waiver of any Objection to the Definitions and Instructions not stated specifically therein.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications that refer or relate to any Moog Confidential Information.

**RESPONSE TO REQUEST NO. 1:**

Mr. Correa-Mejia incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Correa-Mejia objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Correa-Mejia further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Mr. Correa-Mejia further objects to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent that it requests "All Documents and Communications" that "refer or relate" in any way to "Moog Confidential Information."  *See Sonnino v. Univ. of Kan. Hosp. Auth.*, No. 02-2576-KHV-DJW, 2004 WL 764085, at *5 (D. Kan.

7

Apr. 8, 2004) ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Correa-Mejia further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Correa-Mejia's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.) Mr. Correa-Mejia also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Correa-Mejia therefore cannot reasonably be expected to ascertain or understand.

Mr. Correa-Mejia further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Mr. Correa-Mejia's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr.

8

Correa-Mejia's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse.

## RESPONSE TO REQUEST NO. 2:

Mr. Correa-Mejia incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Correa-Mejia objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Correa-Mejia further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Mr. Correa-Mejia further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Correa-Mejia further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at

9

issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Correa-Mejia's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Correa-Mejia further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Correa-Mejia's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB, neither of which are in Mr. Correa-Mejia's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications between You and Pilkington, on or before November 12, 2021, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 3:**

Mr. Correa-Mejia incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Correa-Mejia objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product

doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Correa-Mejia further objects to the phrase [a]ll Documents . . . between You and Pilkington" as vague and ambiguous.  Mr. Correa-Mejia further objects to the Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Mr. Correa-Mejia further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Correa-Mejia further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Correa-Mejia's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Correa-Mejia further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Mr. Correa-Mejia's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Correa-Mejia's personal custody, control, or possession. (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications between You and Kim, on or before December 17, 2022, that refer or relate to Skyryse.

## RESPONSE TO REQUEST NO. 4:

Mr. Correa-Mejia incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Correa-Mejia objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Correa-Mejia further objects to the phrase "[a]ll Documents . . . between You and Kim" as vague and ambiguous. Mr. Correa-Mejia further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Correa-Mejia further objects to the time period of this Request as overbroad and unduly burdensome, as it seeks documents not reasonably restricted in time, including from the year after Ms. Kim terminated her employment at Moog, during which time she worked at Skyryse and an unreasonably burdensome number of documents would "refer or relate to Skyryse." Mr. Correa-Mejia further objects to this Request on the grounds that it is overbroad and unduly burdensome,

12

including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "All Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Correa-Mejia further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Correa-Mejia's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Correa-Mejia further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Mr. Correa-Mejia's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr.

13

Correa-Mejia's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications that refer or relate to any access, use, reference or disclosure of any Moog Confidential Information by Skyryse.

## RESPONSE TO REQUEST NO. 5:

Mr. Correa-Mejia incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Correa-Mejia objects to this Request as lacking foundation and assuming facts that have not been established, namely any alleged "access, use, reference or disclosure of any Moog Confidential Information by Skyryse."  Mr. Correa-Mejia objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Correa-Mejia further objects to this Request as vague, ambiguous, and overbroad because it incorporates definitions of "Moog Confidential Information" and "Skyryse" that are vague, ambiguous, and overbroad.  Mr. Correa-Mejia further objects to this Request to the extent that it calls for information or documents that are not within his possession, custody, or control.

Mr. Correa-Mejia further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically

14

because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Correa-Mejia's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)  Mr. Correa-Mejia also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Correa-Mejia therefore cannot reasonably be expected to ascertain or understand.

Mr. Correa-Mejia further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Correa-Mejia's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Correa-Mejia's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 6:**

All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information.

**RESPONSE TO REQUEST NO. 6:**

Mr. Correa-Mejia incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Correa-Mejia objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Correa-Mejia further objects to this Request to the extent that it seeks documents neither relevant to any party's claims and defenses nor proportional to the needs of the case.  Mr. Correa-Mejia further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad and because the terms "system logs," "device logs," "connection logs," and "deletion logs" are undefined and lack common, discernible meanings in this context.  Mr. Correa-Mejia further objects to this Request as overly broad and unduly burdensome, including because it calls for "[a]ll" system, device, connection, and deletion logs, is not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Mr. Correa-Mejia further objects to this Request to the extent that it calls for information or documents that do not exist, are not within his possession, custody, or control, or that are not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

Mr. Correa-Mejia further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically

16

because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Correa-Mejia's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)  Mr. Correa-Mejia also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Correa-Mejia therefore cannot reasonably be expected to ascertain or understand.

Mr. Correa-Mejia further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Correa-Mejia's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Correa-Mejia's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 7:**

All electronic devices which contain Moog Confidential Information or were connected to any electronic device that contained Moog Confidential Information, including but not limited to SanDisk Cruzer Device Serial Number 55D28D65, and SanDisk Cruzer Device Serial Number EC979D10.

**RESPONSE TO REQUEST NO. 7:**

Mr. Correa-Mejia incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Correa-Mejia objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Correa-Mejia further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Mr. Correa-Mejia further objects to this Request as overly broad and unduly burdensome, including because it calls for "All electronic devices," connected to "any electronic device" as not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Mr. Correa-Mejia further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Correa-Mejia's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and

18

discovery into irrelevant areas." (ECF 205 at 5.)  Mr. Correa-Mejia also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Correa-Mejia therefore cannot reasonably be expected to ascertain or understand.

Mr. Correa-Mejia further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Correa-Mejia's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Correa-Mejia's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

Dated: September 23, 2022                      */s/ Gabriel S. Gross*

**LATHAM & WATKINS LLP**

Douglas E. Lumish (Admitted *Pro Hac Vice*)
Gabriel S. Gross
Arman Zahoory (Admitted *Pro Hac Vice*)
Ryan T. Banks (Admitted *Pro Hac Vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: doug.lumish@lw.com
        gabe.gross@lw.com

Joseph H. Lee (Admitted *Pro Hac Vice*)
650 Town Center Drive
20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235

19

Facsimile: (714) 755-8290
Email: joseph.lee@lw.com

Julianne Osborne (Admitted Pro Hac Vice)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: julianne.osborne@lw.com

Cassandra M. Baloga (Admitted *Pro Hac Vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: cassandra.baloga@lw.com

Kelley M. Storey (Admitted *Pro Hac Vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: kelley.storey@lw.com


**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Santiago Correa-Mejia

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in San Mateo County, State of California.  My business address is 140 Scott Drive, Menlo Park, CA 94025.


        On September 23, 2022, I served true copies of the following document(s) described as **NON-PARTY SANTIAGO CORREA-MEJIA'S OBJECTIONS AND RESPONSES TO MOOG INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**


        on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**


**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address ryan.banks@lw.com to the persons at the e-mail addresses listed in the Service List.


I hereby certify that the foregoing is true and correct.

        Executed on September 23, 2022, at Menlo Park, California.


                        */s/ Ryan Banks*
                        Ryan Banks

## SERVICE LIST

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP          Attorneys for Plaintiff MOOG,
INC.
Kazim A. Naqvi, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
(313) 228-3700
KNaqvi@sheppardmullin.com

Lai Lam Yip, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
LYip@sheppardmullin.com

Travis J. Anderson, Esq.
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900
TAnderson@sheppardmullin.com

Rena Andoh, Esq.
Tyler Enright Baker, Esq.
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
RAndoh@sheppardmullin.com
TBaker@sheppardmullin.com

HODGSON RUSS LLP                                 Attorneys for Plaintiff MOOG, INC.
Robert J. Fluskey Jr., Esq.
Melissa Noel Subjeck, Esq.
Pauline Thecla Muto, Esq.
Reetuparna Dutta, Esq.
The Guaranty Building 140 Pearl Street
Buffalo, New York 14202
(716) 856-4000
RFluskey@hodgsonruss.com
MSubjeck@hodgsonruss.com
pmuto@hodgsonruss.com
rdutta@hodgsonruss.com

WINGET SPADAFORA & SCHWARTZBERG, LLP             Attorneys for Defendants
Alexander Asher Truitt, Esq.                     ROBERT ALIN PILKINGTON and
Anthony D. Green, Esq.                           MISOOK KIM
45 Broadway, 32nd Floor

New York, NY 10006
(212) 221-6900
truitt.a@wssllp.com
green.a@wssllp.com

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

MOOG, INC.,

                          Plaintiff,

        v.

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES
NOS. 1-50.

                          Defendants.

Civil Action No. 1:22-cv-00187-LJV-JJM

## NON-PARTY CYNTHIA LE'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Non-party Cynthia Le, by and through her attorneys, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, responds and objects to Plaintiff Moog Inc.'s Subpoena (the "Subpoena") as follows:

## PRELIMINARY STATEMENT

1.      Ms. Le's investigation and discovery of facts related to the Subpoena is continuing. Accordingly, the following responses are given without prejudice to Ms. Le's right to produce evidence of any subsequently discovered facts.  Ms. Le expressly reserves the right to change, modify, amend, or supplement these responses as additional facts are discovered.  Ms. Le's responses are without prejudice to her right to establish at a later date any additional or contrary facts that may be contained within or discovered as a result of any subsequent review of discovery.

2.      Ms. Le will only produce responsive non-privileged documents, if any, in accordance with Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, any

1

applicable local rules , any other applicable law, and any other order entered in or applicable to this action, including but not limited to any protective order that may be entered into to protect confidential information (including information that is confidential, proprietary, commercially sensitive, that constitutes a trade secret, or that contains non-public personal information of any individual).

3.       By agreeing to disclose information, Ms. Le does not concede that jurisdiction and venue in the Western District of New York are proper, and Ms. Le's disclosure of information is not evidence in any manner as to the appropriateness of the Western District of New York as a forum for this action.  Ms. Le expressly preserves any and all challenges to jurisdiction and venue in the Western District of New York.

4.       Ms. Le is willing to meet and confer with Moog regarding these responses.

## GENERAL OBJECTIONS

1.       Ms. Le objects to each instruction, definition, and document request in the Subpoena to the extent that it purports to impose any requirement or discovery obligation greater than or different from those set forth in Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, any applicable local rules , any other order entered in or applicable to this action, or any other applicable rule or law.

2.       Ms. Le further objects to the Subpoena to the extent that it calls for discovery beyond what is permitted or contemplated by the Stipulation and Order Re: Expedited Discovery (ECF 33, 36) and the orders of the Court sequencing discovery and "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1." (ECF 205 at 6; *see also* July 27 Hrg. Tr. at 56:15-58:17; ECF 259 at 4). Specifically, the Court has "sequence[d] discovery" to "focus, first and foremost, on Moog's identification in a considerable level of detail … of the trade secrets which it considers to be at

2

issue for purposes of the preliminary injunction haring" and held that there is no "point in proceeding on other discovery" "unless and until we get to that identification." (ECF 259 at 3; ECF 205 at 5-6.)  The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 250 at 5.)  Moog's failure to identify its trade secrets in response to Skyryse's Interrogatory No. 1 means this subpoena is premature and served in violation of the Court's orders sequencing discovery.

3.      Ms. Le further objects to the Subpoena on the ground that it seeks discovery from a non-party that imposes an undue burden, is disproportionate to the needs of the case, is not relevant to any party's claims and defenses in the action, or is overbroad. Ms. Le also objects to the Subpoena on the ground that it is oppressive and served for an improper purpose to harass and exert pressure on Skyryse and its employees, including because Moog has identified no basis to believe that Ms. Le possesses evidence relevant to the claims or defenses in this action or has otherwise been involved in the alleged misappropriation of Moog's allegedly trade secret information.

4.      Ms. Le further objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein.

5.      Ms. Le further objects to the Subpoena to the extent that it purports to impose on him a duty to disclose information outside her possession, custody, or control.  Ms. Le's Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in her possession, custody, or control.

6.      Ms. Le further objects to the Subpoena to the extent it calls for the disclosure or production of information or documents that are duplicative of and cumulative to discovery

3

obtained by, equally available from, or more readily obtainable from, other sources that are more convenient, less burdensome, or less expensive, including but not limited to the parties in this underlying action and publicly available sources.

7.      Ms. Le further objects to the Subpoena to the extent that it purports to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law.  The absence of a specific objection on the grounds of privilege should not be interpreted as a waiver of any objection to any specific Request on the basis of an applicable privilege.

8.      Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Ms. Le's right to object to the use of any information inadvertently disclosed.  Ms. Le reserves the right to demand that the parties in this action return or destroy any inadvertently disclosed information.  In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information to Ms. Le and will be precluded from disclosing or relying upon such information or documents in any way.

9.      Ms. Le further objects to the Subpoena to the extent that it can be construed to call for information or documents protected by her right of privacy, including under the California Constitution. Calif. Const. Art. 1, § 1.

10.     Ms. Le's General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below.  The reassertion

4

of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically therein.

11.     Ms. Le's amendment of her Responses shall not be construed as a waiver of any Objections asserted by Ms. Le.  Nor does Ms. Le's amendments of her Responses constitute a concession that her initial Responses were deficient under the applicable rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Ms. Le objects to the Definitions and Instructions in the Subpoena to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.     Ms. Le objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, because it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level." Ms. Le further objects to the definition of "Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

3.     Ms. Le objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates."  Ms. Le further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Ms. Le will interpret "Skyryse" to mean "Skyryse, Inc."  Ms. Le's response to any Request should not be construed as a response from Skyryse or any other non-party to this

5

action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any

individual defendant, including Misook Kim and Robert Alin Pilkington.

4.      Ms. Le objects to the definition of "Moog Confidential Information" on the grounds

that it is vague, ambiguous, overbroad, and unduly burdensome, including because Ms. Le lacks

sufficient information to identify "Moog Confidential Information."

5.      Ms. Le objects to Instruction Nos. 14 and 15 insofar as they attempt to impose

requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of Civil

Procedure 45 and other federal and local rules, including those designed to protect non-parties

from disproportionate burden and expense.

6.      Ms. Le objects to Instruction No. 16 as overbroad and unduly burdensome to the

extent that it calls for information that is not within her possession, custody, or control or that is

not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil

Procedure 45(e)(1)(D).

7.      Ms. Le objects to Instruction No. 18 to the extent that any such documents are

outside of Ms. Le's possession, custody, and control.  Ms. Le will respond to the Subpoena only

in her personal capacity with responsive, non-privileged documents from Ms. Le's personal

devices and accounts, and not with documents from Skyryse devices or accounts.

8.      All Responses and Objections to the Subpoena provided herein do not constitute

Ms. Le's agreement with any of the Definitions or Instructions set forth in the Subpoena.

9.      Ms. Le's Objections to the Definitions and Instructions apply to each and every

Response and are hereby incorporated by reference into each of the Specific Responses and

Objections set forth below.  The reassertion of or reference to a particular Objection to the

Definitions and Instructions in a Response shall not be construed as a waiver of any Objection to

the Definitions and Instructions not stated specifically therein.

6

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications that refer or relate to any Moog Confidential Information.

**RESPONSE TO REQUEST NO. 1:**

Ms. Le incorporates by reference her General Objections and Objections to the Definitions and Instructions.  Ms. Le objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Ms. Le further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Ms. Le further objects to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent that it requests "All Documents and Communications" that "refer or relate" in any way to "Moog Confidential Information." *See Sonnino v. Univ. of Kan. Hosp. Auth.*, No. 02-2576-KHV-DJW, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Ms. Le further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set

7

the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Ms. Le's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)  Ms. Le also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Ms. Le therefore cannot reasonably be expected to ascertain or understand.

Ms. Le further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Ms. Le's potential relevance to this action is limited to her Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Ms. Le's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 2:

All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse.

## RESPONSE TO REQUEST NO. 2:

Ms. Le incorporates by reference her General Objections and Objections to the Definitions and Instructions.  Ms. Le objects to this Request to the extent that it seeks documents protected

from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Ms. Le further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Ms. Le further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Ms. Le further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Ms. Le's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Ms. Le further objects to this Request as unduly burdensome, oppressive, served for an

9

improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Ms. Le's potential relevance to this action is limited to her Skyryse-issued laptop being setup by Skyryse IT using a USB, neither of which are in Ms. Le's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications between You and Pilkington, on or before November 12, 2021, that refer or relate to Skyryse.

## RESPONSE TO REQUEST NO. 3:

Ms. Le incorporates by reference her General Objections and Objections to the Definitions and Instructions.  Ms. Le objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Ms. Le further objects to the phrase [a]ll Documents . . . between You and Pilkington" as vague and ambiguous.  Ms. Le further objects to the Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Ms. Le further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Ms. Le further objects to this Request as premature given the Court's sequencing of

discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Ms. Le's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Ms. Le further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Ms. Le's potential relevance to this action is limited to her Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Ms. Le's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications between You and Kim, on or before December 17, 2022, that refer or relate to Skyryse.

11

**RESPONSE TO REQUEST NO. 4:**

Ms. Le incorporates by reference her General Objections and Objections to the Definitions and Instructions.  Ms. Le objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Ms. Le further objects to the phrase "[a]ll Documents . . . between You and Kim" as vague and ambiguous.  Ms. Le further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Ms. Le further objects to the time period of this Request as overbroad and unduly burdensome, as it seeks documents not reasonably restricted in time, including from the year after Ms. Kim terminated her employment at Moog, during which time she worked at Skyryse and an unreasonably burdensome number of documents would "refer or relate to Skyryse."  Ms. Le further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "All Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Ms. Le further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set

12

the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Ms. Le's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Ms. Le further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Ms. Le's potential relevance to this action is limited to her Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Ms. Le's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications that refer or relate to any access, use, reference or disclosure of any Moog Confidential Information by Skyryse.

## RESPONSE TO REQUEST NO. 5:

Ms. Le incorporates by reference her General Objections and Objections to the Definitions and Instructions.  Ms. Le objects to this Request as lacking foundation and assuming facts that have not been established, namely any alleged "access, use, reference or disclosure of any Moog Confidential Information by Skyryse."  Ms. Le objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product

13

doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Ms. Le further objects to this Request as vague, ambiguous, and overbroad because it incorporates definitions of "Moog Confidential Information" and "Skyryse" that are vague, ambiguous, and overbroad.  Ms. Le further objects to this Request to the extent that it calls for information or documents that are not within her possession, custody, or control.

Ms. Le further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Ms. Le's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)  Ms. Le also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Ms. Le therefore cannot reasonably be expected to ascertain or understand.

Ms. Le further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery

from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Ms. Le's potential relevance to this action is limited to her Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Ms. Le's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 6:

All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information.

## RESPONSE TO REQUEST NO. 6:

Ms. Le incorporates by reference her General Objections and Objections to the Definitions and Instructions.  Ms. Le objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Ms. Le further objects to this Request to the extent that it seeks documents neither relevant to any party's claims and defenses nor proportional to the needs of the case.  Ms. Le further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad and because the terms "system logs," "device logs," "connection logs," and "deletion logs" are undefined and lack common, discernible meanings in this context.  Ms. Le further objects to this Request as overly broad and unduly burdensome, including because it calls for "[a]ll" system, device, connection, and deletion logs, is not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Ms. Le further objects to this Request to the extent that it

calls for information or documents that do not exist, are not within her possession, custody, or control, or that are not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

Ms. Le further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Ms. Le's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.) Ms. Le also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Ms. Le therefore cannot reasonably be expected to ascertain or understand.

Ms. Le further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Ms. Le's potential relevance to this action is limited to her Skyryse-issued laptop being

16

setup by Skyryse IT using a USB thumb drive, neither of which are in Ms. Le's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 7:**

All electronic devices which contain Moog Confidential Information or were connected to any electronic device that contained Moog Confidential Information, including but not limited to SanDisk Cruzer Device Serial Number 55D28D65, and SanDisk Cruzer Device Serial Number EC979D10.

**RESPONSE TO REQUEST NO. 7:**

Ms. Le incorporates by reference her General Objections and Objections to the Definitions and Instructions.  Ms. Le objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Ms. Le further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad.  Ms. Le further objects to this Request as overly broad and unduly burdensome, including because it calls for "All electronic devices," connected to "any electronic device" as not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Ms. Le further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at

17

issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Ms. Le's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)  Ms. Le also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Ms. Le therefore cannot reasonably be expected to ascertain or understand.

Ms. Le further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Ms. Le's potential relevance to this action is limited to her Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Ms. Le's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

Dated: September 23, 2022                    _/s/ Gabriel S. Gross_

                                             **LATHAM & WATKINS LLP**

                                             Douglas E. Lumish (Admitted *Pro Hac Vice*)
                                             Gabriel S. Gross
                                             Arman Zahoory (Admitted *Pro Hac Vice*)
                                             Ryan T. Banks (Admitted *Pro Hac Vice*)
                                             140 Scott Drive
                                             Menlo Park, California 94025
                                             Telephone: (650) 328-4600
                                             Facsimile: (650) 463-2600
                                             Email: doug.lumish@lw.com
                                                      gabe.gross@lw.com

                                             Joseph H. Lee (Admitted *Pro Hac Vice*)
                                             650 Town Center Drive
                                             20th Floor
                                             Costa Mesa, California 92626
                                             Telephone: (714) 540-1235
                                             Facsimile: (714) 755-8290
                                             Email: joseph.lee@lw.com

                                             Julianne Osborne (Admitted Pro Hac Vice)
                                             505 Montgomery Street, Suite 2000
                                             San Francisco, California 94111
                                             Telephone: (415) 391-0600
                                             Facsimile: (415) 395-8095
                                             Email: julianne.osborne@lw.com

                                             Cassandra M. Baloga (Admitted *Pro Hac Vice*)
                                             1271 Avenue of the Americas
                                             New York, New York 10020
                                             Telephone: (212) 906-1200
                                             Facsimile: (212) 751-4864
                                             Email: cassandra.baloga@lw.com

                                             Kelley M. Storey (Admitted *Pro Hac Vice*)
                                             555 Eleventh Street, NW
                                             Suite 1000
                                             Washington, D.C. 20004
                                             Telephone: (202) 637-2200
                                             Facsimile: (202) 637-2201
                                             Email: kelley.storey@lw.com

19

**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for Cynthia Le

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in San Mateo County, State of California.  My business address is 140 Scott Drive, Menlo Park, CA 94025.


On September 23, 2022, I served true copies of the following document(s) described as **NON-PARTY CYNTHIA LE'S OBJECTIONS AND RESPONSES TO MOOG INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**


on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**


**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address ryan.banks@lw.com to the persons at the e-mail addresses listed in the Service List.


I hereby certify that the foregoing is true and correct.

Executed on September 23, 2022, at Menlo Park, California.


*/s/ Ryan Banks*
Ryan Banks

21

## SERVICE LIST

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP                    Attorneys for Plaintiff MOOG,
INC.
Kazim A. Naqvi, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
(313) 228-3700
KNaqvi@sheppardmullin.com

Lai Lam Yip, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
LYip@sheppardmullin.com

Travis J. Anderson, Esq.
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900
TAnderson@sheppardmullin.com

Rena Andoh, Esq.
Tyler Enright Baker, Esq.
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
RAndoh@sheppardmullin.com
TBaker@sheppardmullin.com

HODGSON RUSS LLP                    Attorneys for Plaintiff MOOG, INC.
Robert J. Fluskey Jr., Esq.
Melissa Noel Subjeck, Esq.
Pauline Thecla Muto, Esq.
Reetuparna Dutta, Esq.
The Guaranty Building 140 Pearl Street
Buffalo, New York 14202
(716) 856-4000
RFluskey@hodgsonruss.com
MSubjeck@hodgsonruss.com
pmuto@hodgsonruss.com
rdutta@hodgsonruss.com

WINGET SPADAFORA & SCHWARTZBERG, LLP                    Attorneys for Defendants
Alexander Asher Truitt, Esq.                    ROBERT ALIN PILKINGTON and
Anthony D. Green, Esq.                    MISOOK KIM
45 Broadway, 32nd Floor

New York, NY 10006
(212) 221-6900
truitt.a@wssllp.com
green.a@wssllp.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

MOOG, INC.,

                Plaintiff,

      v.

SKYRYSE, INC., ROBERT ALIN
PILKINGTON, MISOOK KIM, and DOES
NOS. 1-50.

                Defendants.

Civil Action No. 1:22-cv-00187-LJV-JJM

## NON-PARTY JOHN STAFFORD'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Non-party John Stafford, by and through his attorneys, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, responds and objects to Plaintiff Moog Inc.'s Subpoena (the "Subpoena") as follows:

## PRELIMINARY STATEMENT

1.      Mr. Stafford's investigation and discovery of facts related to the Subpoena is continuing.  Accordingly, the following responses are given without prejudice to Mr. Stafford's right to produce evidence of any subsequently discovered facts.  Mr. Stafford expressly reserves the right to change, modify, amend, or supplement these responses as additional facts are discovered.  Mr. Stafford's responses are without prejudice to his right to establish at a later date any additional or contrary facts that may be contained within or discovered as a result of any subsequent review of discovery.

1

2.      Mr. Stafford will only produce responsive non-privileged documents, if any, in accordance with Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, any applicable local rules , any other applicable law, and any other order entered in or applicable to this action, including but not limited to any protective order that may be entered into to protect confidential information (including information that is confidential, proprietary, commercially sensitive, that constitutes a trade secret, or that contains non-public personal information of any individual).

3.      By agreeing to disclose information, Mr. Stafford does not concede that jurisdiction and venue in the Western District of New York are proper, and Mr. Stafford's disclosure of information is not evidence in any manner as to the appropriateness of the Western District of New York as a forum for this action.  Mr. Stafford expressly preserves any and all challenges to jurisdiction and venue in the Western District of New York.

4.      Mr. Stafford is willing to meet and confer with Moog regarding these responses.

## GENERAL OBJECTIONS

1.      Mr. Stafford objects to each instruction, definition, and document request in the Subpoena to the extent that it purports to impose any requirement or discovery obligation greater than or different from those set forth in Federal Rule of Civil Procedure 45, other Federal Rules of Civil Procedure, any applicable local rules , any other order entered in or applicable to this action, or any other applicable rule or law.

2.      Mr. Stafford further objects to the Subpoena to the extent that it calls for discovery beyond what is permitted or contemplated by the Stipulation and Order Re: Expedited Discovery (ECF 33, 36) and the orders of the Court sequencing discovery and "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1." (ECF 205 at 6; *see also* July 27 Hrg. Tr. at 56:15-58:17; ECF 259 at 4).

2

Specifically, the Court has "sequence[d] discovery" to "focus, first and foremost, on Moog's identification in a considerable level of detail … of the trade secrets which it considers to be at issue for purposes of the preliminary injunction haring" and held that there is no "point in proceeding on other discovery" "unless and until we get to that identification." (ECF 259 at 3; ECF 205 at 5-6.) The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 250 at 5.) Moog's failure to identify its trade secrets in response to Skyryse's Interrogatory No. 1 means this subpoena is premature and served in violation of the Court's orders sequencing discovery.

3.      Mr. Stafford further objects to the Subpoena on the ground that it seeks discovery from a non-party that imposes an undue burden, is disproportionate to the needs of the case, is not relevant to any party's claims and defenses in the action, or is overbroad. Mr. Stafford also objects to the Subpoena on the ground that it is oppressive and served for an improper purpose to harass and exert pressure on Skyryse and its employees, including because Moog has identified no basis to believe that Mr. Stafford possesses evidence relevant to the claims or defenses in this action or has otherwise been involved in the alleged misappropriation of Moog's allegedly trade secret information.

4.      Mr. Stafford further objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein.

5.      Mr. Stafford further objects to the Subpoena to the extent that it purports to impose on him a duty to disclose information outside his possession, custody, or control.  Mr. Stafford's

3

Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in his possession, custody, or control.

6.      Mr. Stafford further objects to the Subpoena to the extent it calls for the disclosure or production of information or documents that are duplicative of and cumulative to discovery obtained by, equally available from, or more readily obtainable from, other sources that are more convenient, less burdensome, or less expensive, including but not limited to the parties in this underlying action and publicly available sources.

7.      Mr. Stafford further objects to the Subpoena to the extent that it purports to require disclosure of information that is subject to any privilege or immunity, including, but not limited to, the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other privilege or immunity recognized by the Federal Rules of Civil Procedure, any federal statute, or any other applicable federal or state rule or law.  The absence of a specific objection on the grounds of privilege should not be interpreted as a waiver of any objection to any specific Request on the basis of an applicable privilege.

8.      Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Mr. Stafford's right to object to the use of any information inadvertently disclosed.  Mr. Stafford reserves the right to demand that the parties in this action return or destroy any inadvertently disclosed information.  In the event of inadvertent disclosure of any information or inadvertent identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information to Mr. Stafford and will be precluded from disclosing or relying upon such information or documents in any way.

4

9.      Mr. Stafford further objects to the Subpoena to the extent that it can be construed to call for information or documents protected by his right of privacy, including under the California Constitution. Calif. Const. Art. 1, § 1.

10.     Mr. Stafford's General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below.  The reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically therein.

11.     Mr. Stafford's amendment of his Responses shall not be construed as a waiver of any Objections asserted by Mr. Stafford.  Nor does Mr. Stafford's amendments of his Responses constitute a concession that his initial Responses were deficient under the applicable rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Mr. Stafford objects to the Definitions and Instructions in the Subpoena to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.      Mr. Stafford objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, because it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level." Mr. Stafford further objects to the definition of "Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

3.      Mr. Stafford objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates."  Mr. Stafford further objects to the definition of "Skyryse" because the definition includes "former" owners, officers, directors, employees, and others.  Mr. Stafford will interpret "Skyryse" to mean "Skyryse, Inc."  Mr. Stafford's response to any Request should not be construed as a response from Skyryse or any other non-party to this action, whether or not affiliated with Skyryse.  Nor should it be construed as the response of any individual defendant, including Misook Kim and Robert Alin Pilkington.

4.      Mr. Stafford objects to the definition of "Moog Confidential Information" on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, including because Mr. Stafford lacks sufficient information to identify "Moog Confidential Information."

5.      Mr. Stafford objects to Instruction Nos. 14 and 15 insofar as they attempt to impose requirements that are inconsistent with, or beyond those contemplated by, Federal Rule of Civil Procedure 45 and other federal and local rules, including those designed to protect non-parties from disproportionate burden and expense.

6.      Mr. Stafford objects to Instruction No. 16 as overbroad and unduly burdensome to the extent that it calls for information that is not within his possession, custody, or control or that is not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

7.      Mr. Stafford objects to Instruction No. 18 to the extent that any such documents are outside of Mr. Stafford's possession, custody, and control.  Mr. Stafford will respond to the Subpoena only in his personal capacity with responsive, non-privileged documents from Mr. Stafford's personal devices and accounts, and not with documents from Skyryse devices or accounts.

6

8.      All Responses and Objections to the Subpoena provided herein do not constitute Mr. Stafford's agreement with any of the Definitions or Instructions set forth in the Subpoena.

9.      Mr. Stafford's Objections to the Definitions and Instructions apply to each and every Response and are hereby incorporated by reference into each of the Specific Responses and Objections set forth below.  The reassertion of or reference to a particular Objection to the Definitions and Instructions in a Response shall not be construed as a waiver of any Objection to the Definitions and Instructions not stated specifically therein.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All  Documents  and  Communications  that  refer  or  relate  to  any  Moog  Confidential Information.

## RESPONSE TO REQUEST NO. 1:

Mr.  Stafford  incorporates  by  reference  his  General  Objections  and  Objections  to  the Definitions and Instructions.  Mr. Stafford objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine,  common  interest  privilege,  or  any  other  applicable  privilege  or  right  of  privacy. Mr. Stafford  further  objects  to  this  Request  as  vague  and  ambiguous,  including  because  it incorporates  a  definition  of  "Moog  Confidential  Information"  that  is  vague,  ambiguous,  and overbroad.  Mr. Stafford further objects to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent that it requests "All Documents and Communications" that "refer or relate" in any way to "Moog Confidential Information."  *See Sonnino v. Univ. of Kan. Hosp. Auth*., No. 02-2576-KHV-DJW, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

7

Mr. Stafford further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Stafford's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.) Mr. Stafford also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Stafford therefore cannot reasonably be expected to ascertain or understand.

Mr. Stafford further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Mr. Stafford's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Stafford's personal custody, control, or possession. (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes

8

miscellaneous files unrelated to Moog or the claims and defenses in this case").).

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 2:**

Mr. Stafford incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Stafford objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Stafford further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Stafford further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse. *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Stafford further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set

9

the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Stafford's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Stafford further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Stafford's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB, neither of which are in Mr. Stafford's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 3:

All Documents and Communications between You and Pilkington, on or before November 12, 2021, that refer or relate to Skyryse.

## RESPONSE TO REQUEST NO. 3:

Mr. Stafford incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Stafford objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Stafford further objects to the phrase [a]ll Documents . . . between You and Pilkington" as vague

10

and ambiguous.  Mr. Stafford further objects to the Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad.  Mr. Stafford further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" in any way to Skyryse.  *See Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Stafford further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Stafford's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Stafford further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks

discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Mr. Stafford's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Stafford's personal custody, control, or possession. (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 4:

All Documents and Communications between You and Kim, on or before December 17, 2022, that refer or relate to Skyryse.

## RESPONSE TO REQUEST NO. 4:

Mr. Stafford incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Stafford objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Stafford further objects to the phrase "[a]ll Documents . . . between You and Kim" as vague and ambiguous. Mr. Stafford further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Stafford further objects to the time period of this Request as overbroad and unduly burdensome, as it seeks documents not reasonably restricted in time, including from the year after Ms. Kim terminated her employment at Moog, during which time she worked at Skyryse and an unreasonably burdensome number of documents would "refer or relate to Skyryse." Mr. Stafford further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "All Documents and Communications" that "refer or relate" in any way to Skyryse. *See*

12

*Sonnino*, 2004 WL 764085, at *5 ("This Court has recognized on many occasions that the use of such omnibus terms as 'relating to' or 'regarding' can render a discovery request overly broad on its face.").

Mr. Stafford further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Stafford's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)

Mr. Stafford further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Mr. Stafford's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Stafford's personal custody, control, or possession. (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes

13

miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 5:

All Documents and Communications that refer or relate to any access, use, reference or disclosure of any Moog Confidential Information by Skyryse.

## RESPONSE TO REQUEST NO. 5:

Mr. Stafford incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Stafford objects to this Request as lacking foundation and assuming facts that have not been established, namely any alleged "access, use, reference or disclosure of any Moog Confidential Information by Skyryse." Mr. Stafford objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Stafford further objects to this Request as vague, ambiguous, and overbroad because it incorporates definitions of "Moog Confidential Information" and "Skyryse" that are vague, ambiguous, and overbroad. Mr. Stafford further objects to this Request to the extent that it calls for information or documents that are not within his possession, custody, or control.

Mr. Stafford further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into

14

irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Stafford's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)  Mr. Stafford also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Stafford therefore cannot reasonably be expected to ascertain or understand.

Mr. Stafford further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Stafford's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Stafford's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 6:

All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information.

## RESPONSE TO REQUEST NO. 6:

Mr. Stafford incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Stafford objects to this Request to the extent that it seeks

15

documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy.  Mr. Stafford further objects to this Request to the extent that it seeks documents neither relevant to any party's claims and defenses nor proportional to the needs of the case.  Mr. Stafford further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad and because the terms "system logs," "device logs," "connection logs," and "deletion logs" are undefined and lack common, discernible meanings in this context.  Mr. Stafford further objects to this Request as overly broad and unduly burdensome, including because it calls for "[a]ll" system, device, connection, and deletion logs, is not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Mr. Stafford further objects to this Request to the extent that it calls for information or documents that do not exist, are not within his possession, custody, or control, or that are not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of Civil Procedure 45(e)(1)(D).

Mr. Stafford further objects to this Request as premature given the Court's sequencing of discovery.  The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is  "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.)  Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr.

16

Stafford's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.)  This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.)  Mr. Stafford also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Stafford therefore cannot reasonably be expected to ascertain or understand.

Mr. Stafford further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.  Specifically, Plaintiff's only assertion of Mr. Stafford's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Stafford's personal custody, control, or possession.  (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

## REQUEST FOR PRODUCTION NO. 7:

All electronic devices which contain Moog Confidential Information or were connected to any electronic device that contained Moog Confidential Information, including but not limited to SanDisk Cruzer Device Serial Number 55D28D65, and SanDisk Cruzer Device Serial Number EC979D10.

## RESPONSE TO REQUEST NO. 7:

Mr. Stafford incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Stafford objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product

17

doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Stafford further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad. Mr. Stafford further objects to this Request as overly broad and unduly burdensome, including because it calls for "All electronic devices," connected to "any electronic device" as not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Mr. Stafford further objects to this Request as premature given the Court's sequencing of discovery. The Court has confirmed it is "deferring to a later date the consideration of all discovery demands and motions except those related to Skyryse's Interrogatory No. 1 (ECF 205 at 6) and that the Court is "going to sequence discovery . . . to focus, first and foremost on Moog's identification in a considerable level of detail . . . of the trade secrets which it considers to be at issue for the purposes of the preliminary injunction hearing" (ECF 209 at 5), including specifically because the "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and discovery into irrelevant areas.'" (ECF 205 at 5.) Plaintiff's motion "related to the discovery allegedly necessary to enable [it] to identify its trade secrets" (ECF 206) fails to identify any information in Mr. Stafford's custody or control and potentially responsive to this Request as necessary for Plaintiff to identify their trade secrets. (ECF 210.) This Request is therefore premature, at least until Moog identifies the trade secrets at issue in this action, which is necessary to avoid "burdensome and discovery into irrelevant areas." (ECF 205 at 5.) Mr. Stafford also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Stafford therefore cannot reasonably be expected to ascertain or understand.

18

Mr. Stafford further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case. Specifically, Plaintiff's only assertion of Mr. Stafford's potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB thumb drive, neither of which are in Mr. Stafford's personal custody, control, or possession. (*See* ECF 242 at 11 ("This [USB] device was used by Skyryse's IT department to set up computers at the company and its contents includes miscellaneous files unrelated to Moog or the claims and defenses in this case").).

Dated: September 23, 2022                  */s/ Gabriel S. Gross*

**LATHAM & WATKINS LLP**

Douglas E. Lumish (Admitted *Pro Hac Vice*)
Gabriel S. Gross
Arman Zahoory (Admitted *Pro Hac Vice*)
Ryan T. Banks (Admitted *Pro Hac Vice*)
140 Scott Drive
Menlo Park, California 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
Email: doug.lumish@lw.com
        gabe.gross@lw.com

Joseph H. Lee (Admitted *Pro Hac Vice*)
650 Town Center Drive
20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Email: joseph.lee@lw.com

Julianne Osborne (Admitted Pro Hac Vice)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

19

Email: julianne.osborne@lw.com

Cassandra M. Baloga (Admitted *Pro Hac Vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: cassandra.baloga@lw.com

Kelley M. Storey (Admitted *Pro Hac Vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: kelley.storey@lw.com


**HARRIS BEACH PLLC**
Terrance P. Flynn
726 Exchange Street, Suite 1000
Buffalo, New York 14210
Telephone: (716) 200-5050
Email: tflynn@harrisbeach.com

Counsel for John Stafford

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in San Mateo County, State of California.  My business address is 140 Scott Drive, Menlo Park, CA 94025.

      On September 23, 2022, I served true copies of the following document(s) described as **NON-PARTY JOHN STAFFORD'S OBJECTIONS AND RESPONSES TO MOOG INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

      on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address ryan.banks@lw.com to the persons at the e-mail addresses listed in the Service List.

I hereby certify that the foregoing is true and correct.

      Executed on September 23, 2022, at Menlo Park, California.


                          */s/ Ryan Banks*
                          Ryan Banks

## SERVICE LIST

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP                Attorneys for Plaintiff MOOG,
INC.
Kazim A. Naqvi, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
(313) 228-3700
KNaqvi@sheppardmullin.com

Lai Lam Yip, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
LYip@sheppardmullin.com

Travis J. Anderson, Esq.
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900
TAnderson@sheppardmullin.com

Rena Andoh, Esq.
Tyler Enright Baker, Esq.
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
RAndoh@sheppardmullin.com
TBaker@sheppardmullin.com

HODGSON RUSS LLP                Attorneys for Plaintiff MOOG, INC.
Robert J. Fluskey Jr., Esq.
Melissa Noel Subjeck, Esq.
Pauline Thecla Muto, Esq.
Reetuparna Dutta, Esq.
The Guaranty Building 140 Pearl Street
Buffalo, New York 14202
(716) 856-4000
RFluskey@hodgsonruss.com
MSubjeck@hodgsonruss.com
pmuto@hodgsonruss.com
rdutta@hodgsonruss.com

WINGET SPADAFORA & SCHWARTZBERG, LLP                Attorneys for Defendants
Alexander Asher Truitt, Esq.                ROBERT ALIN PILKINGTON and
Anthony D. Green, Esq.                MISOOK KIM
45 Broadway, 32nd Floor

22

New York, NY 10006
(212) 221-6900
truitt.a@wssllp.com
green.a@wssllp.com