# EXHIBIT F

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG, INC.,<br><br>     Plaintiff,<br>v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and does nos. 1-50.<br><br>     Defendants. | Civ. No. 1:22-cv-00187-LJV-JJM |

## NON-PARTY TIM BAPTIST'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Under Rule 45 of the Federal Rules of Civil Procedure, Tim Baptist, a nonparty to this lawsuit, hereby provides the following objections and responses to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") directed to Tim Baptist and served by Plaintiff Moog Inc., for which Mr. Baptist accepted service on August 9, 2022, as follows:

### GENERAL STATEMENTS AND OBJECTIONS

1. Mr. Baptist objects to the requests in the Subpoena to the extent the requests call for discovery beyond that authorized by the Stipulation and Order Re: Expedited Discovery (Dkt. Nos. 33, 36) and the Court's order "deferring to a later date the consideration of all discovery demands [] except those related to Skyryse's Interrogatory No. 1." Dkt. No. 205 at 6.

2. Mr. Baptist has not completed discovery or an investigation of the facts or documents related to the Subpoena. Mr. Baptist reserves the right to supplement or amend these responses in the event that any facts, documents, or other evidence may be subsequently

discovered. Mr. Baptist's responses are made without prejudice to his right to modify these responses with facts, documents or other evidence that may be subsequently discovered.

3. Mr. Baptist reserves the right to challenge the jurisdiction and venue in the Western District of New York.

4. Mr. Baptist objects to the Subpoena as the requests are vague, overbroad, unduly burdensome, or oppressive, and to the extent it purports to impose upon Mr. Baptist any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure or the Local Rules. The Federal Rules of Civil Procedure obligate the "court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

5. Mr. Baptist objects as the requests in the Subpoena are neither relevant nor proportional to the needs of the case, and instead constitute a fishing expedition unrelated to the claims at issue in the litigation. The Federal Rules limit the scope of discovery to that which is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Mr. Baptist will not comply with any attempt to impose obligations not required by those Rules.

6. Mr. Baptist objects to any request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine. The inadvertent production by Mr. Baptist of any information protected from disclosure

by any privilege or doctrine shall not constitute a waiver by Mr. Baptist of such protections. Mr. Baptist expressly reserves the right to demand the return and/or destruction of any and all such privilege or protected documents or information inadvertently produced by Mr. Baptist in this action.

7. Mr. Baptist objects to any instruction or request to the extent that it would impose a duty on Mr. Baptist to undertake a search for, or an evaluation of, information, documents, or things for which Moog is equally able to search for and evaluate, including documents that are publicly available, in the possession of parties to this litigation, and/or are already in the possession of Moog.

8. Mr. Baptist objects to any request to the extent it seeks information and documents outside of Mr. Baptist's possession, custody, or control. Documents possessed by another entity or person are not within the possession, custody, or control of Mr. Baptist.

9. Mr. Baptist objects to any request that seeks confidential and/or proprietary information, as well as material impinging on the privacy interests of Mr. Baptist.

10. Mr. Baptist objects to any request that seeks information that is subject to confidentiality or non-disclosure agreements with third parties.

11. Mr. Baptist reserves the right to assert additional objections to Moog's requests, as appropriate.

12. Mr. Baptist specifically incorporates each of the foregoing general objections into his responses to each of Moog's document requests, whether or not each such general objection is expressly referred to in Mr. Baptist's response to a specific request.

13. Mr. Baptist is willing to meet and confer with Moog regarding these responses.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Mr. Baptist objects to each paragraph of the section labeled "Definitions" and "Instructions" and to each and every request to the extent they purport to give meaning or legal significance to a term, document, fact, or purported fact whose meaning or significance is subject to dispute.

2. Mr. Baptist further objects to Moog's "Definitions" and "Instructions" to the extent they (1) render any request vague, overbroad, or unduly burdensome; (2) seek information that is neither relevant to the subject matter of this litigation nor proportional to the needs of the case; or (3) impose obligations or demands on Mr. Baptist beyond those contemplated by the Federal Rules of Civil Procedure and the applicable Local Rules.

3. Mr. Baptist specifically incorporates each of the foregoing objections to definitions and instructions into his responses to each of Moog's document requests, whether or not each such objection is expressly referred to in Mr. Baptist's response to a specific request.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications that refer or relate to any Moog Confidential Information.

### RESPONSE TO REQUEST NO. 1:

Mr. Baptist incorporates his General Objections and Objections to Definitions and Instructions (collectively "General Objections") above as though set forth in this response.

Mr. Baptist objects to this Request as premature in light of the Court's Stipulation and Order Re: Expedited Discovery (Dkt. Nos. 33, 36) and the Court's order "deferring to a later date

4

the consideration of all discovery demands [] except those related to Skyryse's Interrogatory No. 1." Dkt. No. 205 at 6.

Mr. Baptist further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition. Mr. Baptist objects to this request as vague, overly broad, and unduly burdensome, in that it incorporates a definition of "Moog Confidential Information" that is vague and ambiguous and is overly broad and unduly burdensome in that is seeks "*All* Documents and Communications that *refer* or *relate* to *any* Moog Confidential Information." (emphasis added). Mr. Baptist further objects to this request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine. Mr. Baptist objects to this request to the extent that it seeks confidential information, as well as material impinging on the privacy interests of Mr. Baptist.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 2:**

Mr. Baptist incorporates his General Objections above as though set forth in this response.

Mr. Baptist objects to this Request as premature in light of the Court's Stipulation and Order Re: Expedited Discovery (Dkt. Nos. 33, 36) and the Court's order "deferring to a later date the consideration of all discovery demands [] except those related to Skyryse's Interrogatory No. 1." Dkt. No. 205 at 6.

Mr. Baptist further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition. Mr. Baptist objects to this request as vague, overly broad, and unduly burdensome, in that it incorporates a definition of "Skyryse" that is vague and ambiguous and is overly broad and unduly burdensome in that is seeks "*All* Documents and Communications, through the date You started employment at Skyryse, that *refer* or *relate* to Skyryse." (emphasis added). Mr. Baptist further objects to this request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine. Mr. Baptist objects to this request to the extent that it seeks confidential information, as well as material impinging on the privacy interests of Mr. Baptist.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications between You and Pilkington, on or before November 12, 2021, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 3:**

Mr. Baptist incorporates his General Objections above as though set forth in this response.

Mr. Baptist objects to this Request as premature in light of the Court's Stipulation and Order Re: Expedited Discovery (Dkt. Nos. 33, 36) and the Court's order "deferring to a later date the consideration of all discovery demands [] except those related to Skyryse's Interrogatory No. 1." Dkt. No. 205 at 6.

Mr. Baptist further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition. Mr. Baptist objects to this request as vague, overly broad, and unduly burdensome, in that it incorporates a definition of "Skyryse" that is vague and ambiguous and is overly broad and unduly burdensome in that is seeks "*All* Documents and Communications, between You and Pilkington, on or before November 12, 2021, that *refer* or *relate* to Skyryse." (emphasis added). Mr. Baptist further objects to this request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications between You and Kim, on or before December 17, 2022, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 4:**

Mr. Baptist incorporates his General Objections above as though set forth in this response.

Mr. Baptist objects to this Request as premature in light of the Court's Stipulation and Order Re: Expedited Discovery (Dkt. Nos. 33, 36) and the Court's order "deferring to a later date the consideration of all discovery demands [] except those related to Skyryse's Interrogatory No. 1." Dkt. No. 205 at 6.

Mr. Baptist further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition. Mr. Baptist objects to this request as vague, overly broad, and unduly burdensome, in that it incorporates a definition of "Skyryse" that is vague and ambiguous. Mr. Baptist further

7

objects that this request is overly broad and unduly burdensome in that is seeks "*All* Documents and Communications, between You and Kim, on or before December 17, 2022, that *refer* or *relate* to Skyryse," (emphasis added) and is not limited in scope with respect to time or the subject matter of this litigation. Mr. Baptist further objects to this request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications that refer or relate to any access, use, reference or disclosure of any Moog Confidential Information by Skyryse.

**RESPONSE TO REQUEST NO. 5:**

Mr. Baptist incorporates his General Objections above as though set forth in this response.

Mr. Baptist objects to this Request as premature in light of the Court's Stipulation and Order Re: Expedited Discovery (Dkt. Nos. 33, 36) and the Court's order "deferring to a later date the consideration of all discovery demands [] except those related to Skyryse's Interrogatory No. 1." Dkt. No. 205 at 6.

Mr. Baptist further objects to this request as vague, overly broad, and unduly burdensome, in that it incorporates definitions of "Moog Confidential Information" and "Skyryse" that are vague and ambiguous. Mr. Baptist objects to this request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine. Mr. Baptist objects to this request to the extent that it seeks information or

8

documents that are not in Mr. Baptist's custody or control.

**REQUEST FOR PRODUCTION NO. 6:**

All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information.

**RESPONSE TO REQUEST NO. 6:**

Mr. Baptist incorporates his General Objections above as though set forth in this response.

Mr. Baptist objects to this Request as premature in light of the Court's Stipulation and Order Re: Expedited Discovery (Dkt. Nos. 33, 36) and the Court's order "deferring to a later date the consideration of all discovery demands [] except those related to Skyryse's Interrogatory No. 1." Dkt. No. 205 at 6.

Mr. Baptist further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition. Mr. Baptist objects to this request as vague, overly broad, and unduly burdensome, in that it incorporates a definition of "Moog Confidential Information" that is vague and ambiguous. Mr. Baptist objects to the extent this request calls for information or documents that do not exist. Fed. R. Civ. P. 45(e)(1)(D). Mr. Baptist further objects to this request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

//

9

**REQUEST FOR PRODUCTION NO. 7:**

All electronic devices which contain Moog Confidential Information or were connected to any electronic device that contained Moog Confidential Information, including but not limited to SanDisk Cruzer Device Serial Number 55D28D65, and SanDisk Cruzer Device Serial Number EC979D10.

**RESPONSE TO REQUEST NO. 7:**

Mr. Baptist incorporates his General Objections above as though set forth in this response.

Mr. Baptist objects to this Request as premature in light of the Court's Stipulation and Order Re: Expedited Discovery (Dkt. Nos. 33, 36) and the Court's order "deferring to a later date the consideration of all discovery demands [] except those related to Skyryse's Interrogatory No. 1." Dkt. No. 205 at 6.

Mr. Baptist further objects to this request because it is not relevant to any party's claim or defense, nor is it proportional to the needs of the case, and constitutes an improper fishing expedition. Mr. Baptist objects to this request as vague, overly broad, and unduly burdensome, in that it incorporates a definition of "Moog Confidential Information" that is vague and ambiguous and is overly broad. Mr. Baptist further objects to this request to the extent it seeks information and documents protected from discovery under the attorney-client privilege, the work-product doctrine, the common-interest and joint-defense doctrine, and any other applicable privilege or doctrine.

| | |
|---|---|
| Dated:  September 23, 2022 | By:   /s/ Amy Craig<br>Amy Craig<br>RAMSEY & EHRLICH LLP<br>803 Hearst Avenue<br>Berkeley, California 94710<br>(510) 548-3600<br><br>*Attorneys for Tim Baptist* |