# EXHIBIT G

**UNITED STATES U.S. DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MOOG, INC.,<br><br>               Plaintiff,<br><br>   v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50,<br><br>               Defendants. | Civil Action No. 1:22-CV-00187-LJV-JJM |

**NON-PARTY SATHYANARAYANA ACHAR'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party, Sathyanarayana Achar ("Mr. Achar"), by and through his attorneys, hereby objects to Plaintiff Moog Inc.'s ("Moog") Subpoena (the "Subpoena") on the following grounds:

**PRELIMINARY STATEMENT**

1.    Mr. Achar expressly reserves the right to change, modify, amend, or supplement these responses as additional facts are discovered. Mr. Achar's responses are without prejudice to his right to establish at a later date any additional or contrary facts that may be contained within or discovered as a result of any subsequent review of discovery.

2.    Mr. Achar does not concede jurisdiction and venue in the Western District of New York, and Mr. Achar's objections, responses, and disclosure of information is not evidence of the appropriateness of the Western District of New York as a forum for this action. Mr. Achar expressly preserves any and all challenges to jurisdiction and venue in the Western District of New York.

3.     Mr. Achar is willing to meet and confer with Moog regarding these responses.

**<u>GENERAL OBJECTIONS</u>**

1.     Mr. Achar objects to each document request, instruction, and definition in the Subpoena to the extent that they purport to impose burdens or duties on Mr. Achar that exceed the scope of reasonable and permissible discovery of a non-party or that exceed the requirements of the Federal Rules of Civil Procedure or that are otherwise inconsistent with the applicable Civil Local Rules.

2.     Mr. Achar objects to the Subpoena and document requests contained therein to the extent they seek documents and information equally available from a party to this action. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993).

3.     Mr. Achar further objects to the Subpoena to the extent that it requests discovery beyond what is permitted by the Court's orders sequencing discovery and "deferring to a later date the consideration  of all discovery demands and motions" except those related  to  Moog's identification of "every alleged trade secret it intends to assert in this action [. . .]." (ECF 205 at 6; *see also* ECF 259 at 3). Specifically, the Court has sequenced discovery to "focus, first and foremost, on Moog's identification [. . .] of the trade secrets which it considers to be at issue for purposes of the preliminary injunction hearing" and held that there is no "point in proceeding on other discovery." (ECF 259 at 3; ECF 205 at 5-6.)  The Court has explained that this is necessary to avoid "burdensome and expensive discovery into irrelevant areas." (ECF 205 at 5.) The Subpoena is served in violation of the Court's orders sequencing discovery to the extent it seeks discovery beyond the limits set by the Court. It is also premature to the extent Moog has failed to identify its trade secrets.

4.     Mr. Achar further objects to the Subpoena on the ground that it seeks discovery from a non-party that imposes an undue burden, is disproportionate to the needs of the case, is

not relevant to any party's claims and defenses in the action, or is overbroad. Mr. Achar also objects to the Subpoena on the ground that it is oppressive and served for an improper purpose to harass and exert pressure on Skyryse and its employees, including because Moog has identified no basis to believe that Mr. Achar possesses evidence relevant to the claims or defenses in this action or has otherwise been involved in the alleged misappropriation of Moog's allegedly trade secret information.

5.     Mr. Achar further objects to the Subpoena to the extent that it is vague, ambiguous, overbroad, and/or fails to state with reasonable particularity the type of information sought therein.

6.     Mr. Achar further objects to the Subpoena to the extent that it purports to impose on him a duty to disclose information outside his possession, custody, or control.  Mr. Achar's Responses and Objections shall not be construed as representations regarding the existence or non-existence of specific information in his possession, custody, or control.

7.     Mr. Achar further objects to the Subpoena to the extent it calls for the production of documents and disclosure of information that is protected pursuant to the attorney-client privilege and/or common interest or work product doctrines, or which are otherwise privileged against or protected from discovery, including but not limited to advice, opinions, analysis, reports, communications and recommendations of counsel.

8.     Mr. Achar further objects to the Subpoena to the extent that it can be construed to call for information or documents protected by his right of privacy, including under the California Constitution. Calif. Const. Art. 1, § 1.

9.     Mr. Achar's General Objections apply to each and every Request and are hereby incorporated by reference into each of the answers and objections set forth below.  The

reassertion of, or reference to, a particular General Objection in a Response to a Request shall not be construed as a waiver of any General Objection not stated specifically therein.

10.     Mr. Achar's amendment of his Responses, if any, shall not be construed as a waiver of any Objections asserted by Mr. Achar.  Nor does Mr. Achar's amendment of his Responses constitute a concession that his initial Responses were deficient under the applicable rules.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Mr. Achar objects to the Definitions and Instructions in the Subpoena to the extent that they are susceptible to more than one meaning or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.     Mr. Achar objects to the definition of "Source Code" on the grounds that it is vague, ambiguous, and overbroad, because it incorporates vague, ambiguous, and undefined terms, including "computer code," "scripts," "assembly," "binaries," "object code," "firmware files," "software design," "requirements files," "build/link files," configuration control files," "quality assurance," "test documentation," "Hardware Design Language," and "Register Transfer Level." Mr. Achar further objects to the definition of "Source Code" as vague, ambiguous, and overbroad to the extent it purports to incorporate the vague, ambiguous, and undefined phrase "all other material within a source code file."

3.     Mr. Achar objects to the definition of "Skyryse" on the grounds that it is vague, ambiguous, and overbroad, in part because it incorporates vague, ambiguous, and undefined terms, including "partners," "representatives," "agents," and "affiliates."  Mr. Achar further objects to the definition of "Skyryse" because the definition includes "former" owners,

officers, directors, employees, and others.  Mr. Achar will interpret "Skyryse" to mean

"Skyryse, Inc."  Mr. Achar's response to any Request should not be construed as a response

from Skyryse or any other non-party to this action, whether or not affiliated with Skyryse.  Nor

should it be construed as the response of any individual defendant, including Misook Kim and

Robert Alin Pilkington.

4.      Mr. Achar objects to the definition of "Moog Confidential Information" on the

grounds that it is vague, ambiguous, overbroad, and unduly burdensome, including

because Mr. Achar lacks sufficient information to identify "Moog Confidential Information."

5.      Mr. Achar objects to Instruction Nos. 14 and 15 insofar as they attempt to

impose requirements that are inconsistent with, or beyond those contemplated by, Federal

Rule of Civil Procedure 45 and other federal and local rules, including those designed to

protect non-parties from disproportionate burden and expense.

6.      Mr. Achar objects to Instruction No. 16 as overbroad and unduly burdensome

to the extent that it calls for information that is not within his possession, custody, or control or

that is not reasonably accessible because of undue burden or cost, pursuant to Federal Rule of

Civil Procedure 45(e)(1)(D).

7.      Mr. Achar objects to Instruction No. 18 to the extent that any such documents

are outside of Mr. Achar's possession, custody, and control.  Mr. Achar will respond to the

Subpoena only in his personal capacity with responsive, non-privileged documents from Mr.

Achar's personal devices and accounts, and not with documents from Skyryse devices or

accounts.

8.      All Responses and Objections to the Subpoena provided herein do not

constitute Mr. Achar's agreement with any of the Definitions or Instructions set forth in the

Subpoena.

9.      Mr. Achar's Objections to the Definitions and Instructions apply to each and every Response and are hereby incorporated by reference into each of the Specific Responses and Objections set forth below. The reassertion of or reference to a particular Objection to the Definitions and Instructions in a Response shall not be construed as a waiver of any Objection to the Definitions and Instructions not stated specifically therein.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications that refer or relate to any Moog Confidential Information.

## RESPONSE TO REQUEST NO. 1:

Mr. Achar incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Achar objects to this Request to the extent that it seeks documents outside of Mr. Achar's possession, custody, or control. Mr. Achar further objects to this Request to the extent it seeks documents and information equally available from a party to this action. *See Haworth*, 998 F.2d at 978. Mr. Achar further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Achar further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad. Mr. Achar further objects to this Request on the grounds that it is overbroad and unduly burdensome, including to the extent that it requests "All Documents and Communications" that "refer or relate" in any way to "Moog Confidential Information." Mr. Achar further objects

to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Mr. Achar further objects to this Request in light of the Court's orders sequencing discovery. The Court has sequenced discovery to "focus, first and foremost, on Moog's identification [. . .] of the trade secrets which it considers to be at issue for purposes of the preliminary injunction hearing" and held that there is no "point in proceeding on other discovery." (ECF 259 at 3; ECF 205 at 5-6.) The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 205 at 5.) The Subpoena is served in violation of the Court's orders sequencing discovery to the extent it seeks discovery beyond the limits set by the Court. It is also premature to the extent Moog has failed to identify its trade secrets. Mr. Achar also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Achar therefore cannot reasonably be expected to understand.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications, through the date You started employment at Skyryse, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 2:**

Mr. Achar incorporates by reference his General Objections and Objections to the Definitions and Instructions.  Mr. Achar objects to this Request to the extent that it seeks documents outside of Mr. Achar's possession, custody, or control. Mr. Achar further objects to

this Request to the extent it seeks documents and information equally available from a party to this action. *See Haworth*, 998 F.2d at 978. Mr. Achar further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Achar further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Achar further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" to Skyryse. Mr. Achar further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Mr. Achar further objects to this Request in light of the Court's orders sequencing discovery. The Court has sequenced discovery to "focus, first and foremost, on Moog's identification [. . .] of the trade secrets which it considers to be at issue for purposes of the preliminary injunction hearing" and held that there is no "point in proceeding on other discovery." (ECF 259 at 3; ECF 205 at 5-6.) The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 205 at 5.) The Subpoena is served in violation of the Court's orders sequencing discovery to the extent it seeks discovery beyond the limits set by the Court. It is also premature to the extent Moog has failed to identify its trade secrets.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications between You and Pilkington, on or before November 12, 2021, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 3:**

Mr. Achar incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Achar objects to this Request to the extent that it seeks documents outside of Mr. Achar's possession, custody, or control. Mr. Achar further objects to this Request to the extent it seeks documents and information equally available from a party to this action. *See Haworth*, 998 F.2d at 978. Mr. Achar further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Achar further objects to the phrase [a]ll Documents . . . between You and Pilkington" as vague and ambiguous. Mr. Achar further objects to the Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Achar further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the Request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" to Skyryse. Mr. Achar further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Mr. Achar further objects to this Request in light of the Court's orders sequencing discovery. The Court has sequenced discovery to "focus, first and foremost, on Moog's identification [. . .] of the trade secrets which it considers to be at issue for purposes of the

preliminary injunction hearing" and held that there is no "point in proceeding on other discovery." (ECF 259 at 3; ECF 205 at 5-6.) The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 205 at 5.) The Subpoena is served in violation of the Court's orders sequencing discovery to the extent it seeks discovery beyond the limits set by the Court. It is also premature to the extent Moog has failed to identify its trade secrets.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications between You and Kim, on or before December 17, 2022, that refer or relate to Skyryse.

**RESPONSE TO REQUEST NO. 4:**

Mr. Achar incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Achar objects to this Request to the extent that it seeks documents outside of Mr. Achar's possession, custody, or control. Mr. Achar further objects to this Request to the extent it seeks documents and information equally available from a party to this action. *See Haworth*, 998 F.2d at 978. Mr. Achar further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Achar further objects to the phrase "[a]ll Documents . . . between You and Kim" as vague and ambiguous. Mr. Achar further objects to this Request as vague and ambiguous because it incorporates a definition of "Skyryse" that is vague, ambiguous, and overbroad. Mr. Achar further objects to the time period of this Request as overbroad and unduly burdensome, as it seeks documents not reasonably restricted in time, including from the year after Ms. Kim terminated her

employment at Moog, during which time she worked at Skyryse and an unreasonably burdensome number of documents would "refer or relate to Skyryse."  Mr. Achar further objects to this Request on the grounds that it is overbroad and unduly burdensome, including because the Request is not limited to issues relevant to this action or proportional to the needs of the case, and because it requests "[a]ll Documents and Communications" that "refer or relate" to Skyryse. Mr. Achar further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Mr. Achar further objects to this Request in light of the Court's orders sequencing discovery. The Court has sequenced discovery to "focus, first and foremost, on Moog's identification [. . .] of the trade secrets which it considers to be at issue for purposes of the preliminary injunction hearing" and held that there is no "point in proceeding on other discovery." (ECF 259 at 3; ECF 205 at 5-6.) The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 205 at 5.) The Subpoena is served in violation of the Court's orders sequencing discovery to the extent it seeks discovery beyond the limits set by the Court. It is also premature to the extent Moog has failed to identify its trade secrets.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications that refer or relate to any access, use, reference or disclosure of any Moog Confidential Information by Skyryse.

**RESPONSE TO REQUEST NO. 5:**

Mr. Achar incorporates by reference his General Objections and Objections to the

Definitions and Instructions. Mr. Achar objects to this Request as lacking foundation and assuming facts that have not been established, namely any alleged "access, use, reference or disclosure of any Moog Confidential Information by Skyryse." Mr. Achar further objects to this Request to the extent that it calls for information or documents that are not within his possession, custody, or control. Mr. Achar further objects to this Request to the extent it seeks documents and information equally available from a party to this action. *See Haworth*, 998 F.2d at 978. Mr. Achar further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Achar further objects to this Request as vague, ambiguous, and overbroad because it incorporates definitions of "Moog Confidential Information" and "Skyryse" that are vague, ambiguous, and overbroad. Mr. Achar further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Mr. Achar further objects to this Request in light of the Court's orders sequencing discovery. The Court has sequenced discovery to "focus, first and foremost, on Moog's identification [. . .] of the trade secrets which it considers to be at issue for purposes of the preliminary injunction hearing" and held that there is no "point in proceeding on other discovery." (ECF 259 at 3; ECF 205 at 5-6.) The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 205 at 5.) The Subpoena is served in violation of the Court's orders sequencing discovery to the extent it seeks discovery beyond the limits set by the

-12-

Court. It is also premature to the extent Moog has failed to identify its trade secrets. Mr. Achar also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Achar therefore cannot reasonably be expected to understand.

## REQUEST FOR PRODUCTION NO. 6:

All system logs, device logs, connection logs, and deletion logs, from January 1, 2021 to present, for any electronic device that contains or has ever contained Moog Confidential Information.

## RESPONSE TO REQUEST NO. 6:

Mr. Achar incorporates by reference his General Objections and Objections to the Definitions and Instructions. Mr. Achar further objects to this Request to the extent it seeks documents and information equally available from a party to this action. *See Haworth*, 998 F.2d at 978. Mr. Achar further objects to this Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other applicable privilege or right of privacy. Mr. Achar further objects to this Request to the extent that it seeks documents neither relevant to any party's claims and defenses nor proportional to the needs of the case. Mr. Achar further objects to this Request as vague and ambiguous, including because it incorporates a definition of "Moog Confidential Information" that is vague, ambiguous, and overbroad and because the terms "system logs," "device logs," "connection logs," and "deletion logs" are undefined and lack discernible meanings in this context. Mr. Achar further objects to this Request as overly broad and unduly burdensome, including because it calls for "[a]ll" system, device, connection, and deletion logs, is not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that

-13-

is not proportional to the needs of the case.  Mr. Achar further objects to this Request to the extent that it calls for information or documents that do not exist, are not within his possession, custody, or control, or that are not reasonably accessible because of undue burden or cost. Mr. Achar further objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that is not proportional to the needs of the case.

Mr. Achar further objects to this Request in light of the Court's orders sequencing discovery. The Court has sequenced discovery to "focus, first and foremost, on Moog's identification [. . .] of the trade secrets which it considers to be at issue for purposes of the preliminary injunction hearing" and held that there is no "point in proceeding on other discovery." (ECF 259 at 3; ECF 205 at 5-6.) The Court has explained that this is necessary because "identification of the trade secrets at issue will enable this court and the parties 'to set the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive discovery into irrelevant areas.'" (ECF 205 at 5.) The Subpoena is served in violation of the Court's orders sequencing discovery to the extent it seeks discovery beyond the limits set by the Court. It is also premature to the extent Moog has failed to identify its trade secrets. Mr. Achar also objects to the Request as calling for information regarding "Moog Confidential Information" that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and which Mr. Achar therefore cannot reasonably be expected to understand.

**REQUEST FOR PRODUCTION NO. 7:**

All electronic devices which contain Moog Confidential Information or were connected to any electronic device that contained Moog Confidential Information, including but not limited to SanDisk Cruzer Device Serial Number 55D28D65, and SanDisk Cruzer Device Serial Number

EC979D10.

**RESPONSE TO REQUEST NO. 7:**

Mr. Achar incorporates by reference his General Objections and Objections to the

Definitions and Instructions.  Mr. Achar objects to this Request to the extent that it calls for

information or documents that are not within his possession, custody, and control. Mr. Achar

further objects to this Request to the extent it seeks documents and information equally available

from a party to this action. *See Haworth*, 998 F.2d at 978. Mr. Achar further objects to this

Request to the extent that it seeks documents protected from disclosure by the attorney-client

privilege, attorney work product doctrine, common interest privilege, or any other applicable

privilege or right of privacy.  Mr. Achar further objects to this Request as vague and ambiguous,

including because it incorporates a definition of "Moog Confidential Information" that is vague,

ambiguous, and overbroad.  Mr. Achar further objects to this Request as overly broad and unduly

burdensome, including because it calls for "[a]ll electronic devices," connected to "any

electronic device" as not tailored to the claims and issues relevant in this action, and seeks

discovery from a non-party that is not proportional to the needs of the case. Mr. Achar further

objects to this Request as unduly burdensome, oppressive, served for an improper purpose, not

tailored to the claims and issues relevant in this action, and seeks discovery from a non-party that

is not proportional to the needs of the case.

Mr. Achar further objects to this Request in light of the Court's orders sequencing

discovery. The Court has sequenced discovery to "focus, first and foremost, on Moog's

identification [. . .] of the trade secrets which it considers to be at issue for purposes of the

preliminary injunction hearing" and held that there is no "point in proceeding on other

discovery." (ECF 259 at 3; ECF 205 at 5-6.) The Court has explained that this is necessary

because "identification of the trade secrets at issue will enable this court and the parties 'to set

the proper bounds and scope of discovery,' thereby avoiding 'burdensome and expensive

discovery into irrelevant areas.'" (ECF 205 at 5.) The Subpoena is served in violation of the

Court's orders sequencing discovery to the extent it seeks discovery beyond the limits set by the

Court. It is also premature to the extent Moog has failed to identify its trade secrets. Mr. Achar

also objects to the Request as calling for information regarding "Moog Confidential Information"

that may include Moog's alleged trade secrets, which Moog to date has failed to identify, and

which Mr. Achar therefore cannot reasonably be expected to understand.


Dated:  September 30, 2022                          **CROWELL & MORING LLP**


                                        By:  _/s/ Agustin D. Orozco_
                                             Agustin Dorian Orozco
                                             AOrozco@crowell.com
                                             Laura M. Schwartz
                                             LSchwartz@crowell.com
                                             515 South Flower Street
                                             40th Floor
                                             Los Angeles, CA 90071
                                             Telephone:     213.622.4750
                                             Facsimile:     213-622.2690

                                             Attorney for Non-Party
                                             Sathyanarayana Achar

<u>PROOF OF SERVICE</u>

**Moog Inc. v Skyryse, Inc. et al.**
**1:22-cv-00187**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in Los Angeles County, State of California.  My business address is 515 S. Flower Street, 40th Floor, Los Angeles CA 90071 and my email address is dgarlow@crowell.com.

On September 30, 2022, I served true copies of the following document(s) described as

**NON-PARTY SATHYANARAYANA ACHAR'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address dgarlow@crowell.com to the persons at the e-mail addresses listed in the Service List.

I hereby certify that the foregoing is true and correct.

Executed on September 30, 2022, at Los Angeles, California.


*/s/ D. Garlow*
D. Garlow

**SERVICE LIST**

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP                    Attorneys for Plaintiff MOOG,
INC.
Kazim A. Naqvi, Esq.
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071
(313) 228-3700
KNaqvi@sheppardmullin.com

Lai Lam Yip, Esq.
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
(415) 434-9100
LYip@sheppardmullin.com

Travis J. Anderson, Esq.
12275 El Camino Real, Suite 200
San Diego, CA 92130
(858) 720-8900
TAnderson@sheppardmullin.com

Rena Andoh, Esq.
Tyler Enright Baker, Esq.
30 Rockefeller Plaza
New York, New York 10112
(212) 653-8700
RAndoh@sheppardmullin.com
TBaker@sheppardmullin.com

HODGSON RUSS LLP                                        Attorneys for Plaintiff MOOG, INC.
Robert J. Fluskey Jr., Esq.
Melissa Noel Subjeck, Esq.
Pauline Thecla Muto, Esq.
Reetuparna Dutta, Esq.
The Guaranty Building 140 Pearl Street
Buffalo, New York 14202
(716) 856-4000
RFluskey@hodgsonruss.com
MSubjeck@hodgsonruss.com
pmuto@hodgsonruss.com
rdutta@hodgsonruss.com