# EXHIBIT K

| From: | Kazim Naqvi |
|---|---|
| To: | "Ryan.Banks@lw.com"; julianne.osborne@lw.com; Arman.Zahoory@lw.com; SKYRYSEMOOG.LWTEAM@lw.com; Doug.Lumish@lw.com; Gabe.Gross@lw.com |
| Cc: | Rena Andoh; Travis Anderson; Lai Yip; RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; tflynn@harrisbeach.com; green.a@wssllp.com; truitt.a@wssllp.com |
| Subject: | RE: Moog/Skyryse - Third Party Subpoenas |
| Date: | Monday, September 26, 2022 4:23:08 PM |

Counsel:

We write to meet and confer regarding the responses of Correa-Mejia, Stafford, Brenes, Chow, and Le (the "Subpoenaed Individuals") to Moog's subpoenas for documents. We are disappointed that the Subpoenaed Individuals have asserted dozens of objections across the board and have not agreed to produce a single document. While the Subpoenaed Individuals' responses each contain dozens of boilerplate objections, we focus on the primary objections set forth therein. Moog reserves all rights to challenge any of the objects set forth in the Subpoenaed Individuals' responses.

First, the Subpoenaed Individuals refuse to produce any documents because they contend Moog's requests are "premature given the Court's sequencing of discovery." But, Skyryse has it completely backwards. As Skyryse acknowledges, the Court has sequenced discovery to prioritize Moog's complete and fulsome identification of trade secrets and requested that Moog file a motion to compel whatever discovery it deemed necessary for its trade secret identification obligation. Moog filed that Motion (ECF 210), and the Subpoenaed Individuals are all referenced and at issue in that Motion. So, the information sought by Moog from the Individual Defendants is directly relevant and necessary for Moog's complete trade secret identification, and Moog is entitled to that information before it makes its complete trade secret identification. Moog's requests are not premature and are in fact in line with Judge McCarthy's sequencing of discovery.

Second, Skyryse argues that Moog's Motion to Compel (ECF 210) "fails to identify any information in the [Subpoenaed Individuals'] custody or control . . . as necessary for Plaintiff to identify their trade secrets." But, that is not true. Moog's Motion expressly discusses how Skyryse's May 4 Letter admits that "Moog information may have been accessed on Skyryse-issued laptops via personal USB devices held by Alin Pilkington or Misook Kim." (ECF 210 at p. 11). The Motion further describes how Skyryse's May 4 letter identifies a number of USB devices apparently belonging to Kim and Pilkington and which were connected to nine Dell laptops, including the laptops belonging to each of the Subpoenaed Individuals. (*Id*., pp. 8-9). Thus, **Skyryse's own letter and investigation** has placed each of the Subpoenaed Individuals at issue, and indicates that each of them was involved in the theft, transfer, and/or use of Moog's confidential information. Skyryse's objection that Moog has not identified relevant information in each of the Subpoenaed Individuals' custody or control is improper, as Moog has no way of knowing what each individual has in their possession because their counsel is refusing to provide any visibility or provide any substantive responses. This is brinksmanship at its finest.

Third, Skyryse objects that "Plaintiff's only assertion of [the Subpoenaed Individuals'] potential relevance to this action is limited to his Skyryse-issued laptop being setup by Skyryse IT using a USB, neither of which are in [the Subpoenaed Individuals'] personal custody, control, or possession." This is improper for multiple reasons. If any of the Subpoenaed Individuals do not have non-privileged

documents responsive to a particular request in his possession, custody or control, then he should just state as much as required under the Federal Rules. The problem is that Skyryse is obstructing Moog from the requested discovery, and so are the Subpoenaed Individuals. More broadly, given the statements and admissions in Skyryse's May 4 letter, Moog is entitled to know whether any of the Subpoenaed Individuals possess Moog confidential information, have transferred it, or have used it. That is the crux of what this case is about, and this type of basic information is relevant and necessary for Moog's forthcoming trade secret identification. The fact that the Subpoenaed Individuals are refusing to provide any visibility into these basic issues confirms Moog's suspicion that they do in fact possess Moog confidential information and/or have used it.

Please provide your availability to meet and confer tomorrow between 2-4 PM and Wednesday from 1-4 PM PT. If we are not able to reach a resolution, we intend to move to compel regarding the objections to Moog's subpoenas from the Subpoenaed Individuals as well as Gunderson, Lee, and Dao (for which the parties already met and conferred about and could not reach a resolution).

Thank you,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Ryan.Banks@lw.com <Ryan.Banks@lw.com>
**Sent:** Friday, September 23, 2022 10:10 AM
**To:** julianne.osborne@lw.com; Kazim Naqvi <KNaqvi@sheppardmullin.com>;
Arman.Zahoory@lw.com; SKYRYSEMOOG.LWTEAM@lw.com; Doug.Lumish@lw.com;
Gabe.Gross@lw.com
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson
<TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>;
RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; tflynn@harrisbeach.com;
green.a@wssllp.com; truitt.a@wssllp.com
**Subject:** RE: Moog/Skyryse - Third Party Subpoenas

Counsel:

Please see attached for service.

Best,
Ryan

**From:** Osborne, Juli (Bay Area) <julianne.osborne@lw.com>
**Sent:** Monday, August 1, 2022 7:07 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Zahoory, Arman (Bay Area)
<Arman.Zahoory@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM
<SKYRYSEMOOG.LWTEAM@lw.com>; Lumish, Douglas (Bay Area) <Doug.Lumish@lw.com>; Gross,

Gabriel (Bay Area) <Gabe.Gross@lw.com>
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson
<TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>;
RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; tflynn@harrisbeach.com;
green.a@wssllp.com; truitt.a@wssllp.com
**Subject:** RE: Moog/Skyryse - Third Party Subpoenas

Counsel:

Please see the attached for service.

Best,
Juli

**Julianne Osborne**

**LATHAM & WATKINS** LLP
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8160

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, July 22, 2022 1:49 PM
**To:** Zahoory, Arman (Bay Area) <Arman.Zahoory@lw.com>; #C-M SKYRYSE - MOOG - LW TEAM
<SKYRYSEMOOG.LWTEAM@lw.com>; Lumish, Douglas (Bay Area) <Doug.Lumish@lw.com>; Gross,
Gabriel (Bay Area) <Gabe.Gross@lw.com>
**Cc:** Rena Andoh <RAndoh@sheppardmullin.com>; Travis Anderson
<TAnderson@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>;
RFluskey@hodgsonruss.com; pmuto@hodgsonruss.com; tflynn@harrisbeach.com;
green.a@wssllp.com; truitt.a@wssllp.com
**Subject:** RE: Moog/Skyryse - Third Party Subpoenas

Arman:

We disagree that the original compliance date for the subpoenas to Messrs. Dao, Gunderson and
Lee is unreasonable. As a courtesy, we will agree to extend the compliance deadline to August 1.

Thank you,
Kazim

**Kazim Naqvi**
**Sheppard**Mullin | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Arman.Zahoory@lw.com <Arman.Zahoory@lw.com>
**Sent:** Wednesday, July 20, 2022 3:12 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; SKYRYSEMOOG.LWTEAM@lw.com;

[Doug.Lumish@lw.com](mailto:Doug.Lumish@lw.com); [Gabe.Gross@lw.com](mailto:Gabe.Gross@lw.com)
**Cc:** Rena Andoh <[RAndoh@sheppardmullin.com](mailto:RAndoh@sheppardmullin.com)>; Travis Anderson
<[TAnderson@sheppardmullin.com](mailto:TAnderson@sheppardmullin.com)>; Lai Yip <[LYip@sheppardmullin.com](mailto:LYip@sheppardmullin.com)>;
[RFluskey@hodgsonruss.com](mailto:RFluskey@hodgsonruss.com); [pmuto@hodgsonruss.com](mailto:pmuto@hodgsonruss.com); [tflynn@harrisbeach.com](mailto:tflynn@harrisbeach.com);
[green.a@wssllp.com](mailto:green.a@wssllp.com); [truitt.a@wssllp.com](mailto:truitt.a@wssllp.com)
**Subject:** RE: Moog/Skyryse - Third Party Subpoenas

Rena and Kazim,

We write to follow up on the subpoenas to Messrs. Dao, Gunderson and Lee, all of whom agreed to
voluntarily accept service.  Mr. Gunderson is currently in the hospital expecting the delivery of his
first child, and he and the other individuals are investigating Moog's document requests and we
expect they will be engaging our firm to represent them in responding to the subpoenas.  Your
expectation that each individual third party investigate your requests and respond to the subpoena
by July 25, is not reasonable.  Nonetheless, we expect that that these third parties will be in a
position to respond by August 1.

Best,
Arman


**Arman Zahoory**

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.470.4985

**From:** Kazim Naqvi <[KNaqvi@sheppardmullin.com](mailto:KNaqvi@sheppardmullin.com)>
**Sent:** Friday, July 8, 2022 7:12 PM
**To:** #C-M SKYRYSE - MOOG - LW TEAM <[SKYRYSEMOOG.LWTEAM@lw.com](mailto:SKYRYSEMOOG.LWTEAM@lw.com)>; Lumish, Douglas (Bay
Area) <[Doug.Lumish@lw.com](mailto:Doug.Lumish@lw.com)>; Gross, Gabriel (Bay Area) <[Gabe.Gross@lw.com](mailto:Gabe.Gross@lw.com)>
**Cc:** Rena Andoh <[RAndoh@sheppardmullin.com](mailto:RAndoh@sheppardmullin.com)>; Travis Anderson
<[TAnderson@sheppardmullin.com](mailto:TAnderson@sheppardmullin.com)>; Lai Yip <[LYip@sheppardmullin.com](mailto:LYip@sheppardmullin.com)>; Fluskey Jr., Robert J.
<[RFluskey@hodgsonruss.com](mailto:RFluskey@hodgsonruss.com)>; Muto, Pauline T. <[pmuto@hodgsonruss.com](mailto:pmuto@hodgsonruss.com)>;
[tflynn@harrisbeach.com](mailto:tflynn@harrisbeach.com); [green.a@wssllp.com](mailto:green.a@wssllp.com); [truitt.a@wssllp.com](mailto:truitt.a@wssllp.com)
**Subject:** Moog/Skyryse - Third Party Subpoenas

Counsel:

Enclosed are third party subpoenas for production of documents to current Skyryse employees
Gonzalo Rey, Tim Baptist, Dan Gunderson, Alan Lee, and Tri Dao. We are serving these subpoenas to
you because of Skyryse's stated position (including in its June 24 letter, attached) that it does not
have possession, custody or control over the personal devices of its employees. Moog is entitled to
discoverable and relevant information found on the personal devices of these employees, whether
through Skyryse or directly from the employees themselves.

Please advise by close of business Tuesday, July 12, whether you will accept service of these subpoenas. If we do not receive confirmation, we will proceed with effectuating personal service.

Further, we understand that Skyryse and the Individual Defendants have all been served with grand jury subpoenas from the FBI requesting the production of documents. Moog has also received a grand jury subpoena for documents. We propose that all parties produce to each other the documents that they are producing or have produced to the FBI, as all such documents would be relevant to the claims and defenses in this case. Please confirm.

Thank you,
Kazim

**Kazim A. Naqvi**
+1 424-288-5336 | direct
KNaqvi@sheppardmullin.com | Bio

## SheppardMullin

1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6017
+1 310-228-3700 | main
www.sheppardmullin.com | LinkedIn | Twitter

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.