# EXHIBIT M

| | |
|---|---|
| **From:** | Kazim Naqvi |
| **To:** | "Garlow, Donna"; Lai Yip; Travis Anderson; Tyler Baker; RFluskey@hodgsonruss.com; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com |
| **Cc:** | Orozco, Agustin; Schwartz, Laura |
| **Subject:** | RE: Sathya Achar - Moog Inc. v Skyryse, Inc. et al., 1:22-cv-00187 . . . . |
| **Date:** | Monday, October 3, 2022 3:45:52 PM |

Counsel:

We write to meet and confer regarding Sathya Achar's objections to Moog's subpoena for documents. We are disappointed to receive across-the-board objections and a refusal to produce any responsive documents. While Mr. Achar's responses each contain dozens of boilerplate objections, we focus on the primary objections set forth therein. Moog reserves all rights to challenge any of the objects set forth in the Mr. Achar's responses.

First, Mr. Achar objects to all requests "in light of the Court's orders sequencing discovery" and contends that Moog's subpoena "is served in violation of the Court's orders sequencing discovery." As Mr. Achar acknowledges, the Court has sequenced discovery to prioritize Moog's complete and fulsome identification of trade secrets and requested that Moog file a motion to compel whatever discovery it deemed necessary for its trade secret identification obligation. Moog filed that Motion (ECF 210), and Mr. Achar is expressly referenced and at issue in that Motion. So, the information sought by Moog from Mr. Achar is directly relevant and necessary for Moog's complete trade secret identification, and Moog is entitled to that information before it makes its complete trade secret identification. Moog's requests are not premature and are in fact in line with Judge McCarthy's sequencing of discovery.

Further, as addressed in ECF 210, Skyryse's May 4 Letter admits that "Moog information may have been accessed on Skyryse-issued laptops via personal USB devices held by Alin Pilkington or Misook Kim." (ECF 210 at p. 11). Skyryse's May 4 letter also identifies a number of USB devices apparently belonging to defendants Kim and Pilkington and which were connected to nine Dell laptops, including the laptop belonging to Mr. Achar. (*Id.*, pp. 8-9). In opposition to Moog's motion, Skyryse expressly stated that one of the USB devices involved and addressed in the May 4 letter "was connected to Mr. Achar's Skyryse-issued laptop" and that the device "is owned by Mr. Achar, who has been subpoenaed by Moog in his individual capacity." (ECF 242 at p. 11). Thus, Skyryse's own letter and filings have placed Mr. Achar at issue, and indicates that he was involved in the theft, transfer, and/or use of Moog's confidential information. Because there is a relevant USB device apparently in Mr. Achar's possession, Moog is entitled to conduct the instant discovery.

Given the statements and admissions in Skyryse's May 4 letter, Moog is entitled to know whether Mr. Achar possess Moog confidential information, has transferred it, or has used it. That is the crux of what this case is about, and this type of basic information is relevant and necessary for Moog's forthcoming trade secret identification.

Finally, Mr. Achar objects to the requests as "premature to the extent Moog has failed to identify its trade secrets." But, this objection is expressly contrary to the Court's rulings. Issues related to the timing and substance of Moog's trade secret identification were litigated heavily. The Court's order (ECF 205) expressly states that Moog is not obligated to identify its trade secrets now and that Moog

is entitled to "first examine the information which was admittedly taken by its former employees Kim and Pilkington prior to their departure, particularly in view of Skyryse's admission that some of that information may now have been deleted." (ECF 205 at p. 3). Thus, Moog is not required to identify its trade secrets now and Mr. Achar's laptop and USB device are directly linked to the information admittedly stolen by Kim and Pilkington.

Please provide your availability for a telephonic meet and confer tomorrow between 1-4 PM and Wednesday between 1-4 PM PT. If we are not able to reach an agreeable resolution, we will be forced to raise this issue with the Court.

Thank you,
Kazim

**Kazim Naqvi**
**SheppardMullin** | Los Angeles
+1 424-288-5336 | ext. 15336

**From:** Garlow, Donna <DGarlow@crowell.com>
**Sent:** Friday, September 30, 2022 5:35 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>; Lai Yip <LYip@sheppardmullin.com>; Travis Anderson <TAnderson@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; RFluskey@hodgsonruss.com; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com
**Cc:** Orozco, Agustin <AOrozco@crowell.com>; Schwartz, Laura <LSchwartz@crowell.com>
**Subject:** RE: Sathya Achar - Moog Inc. v Skyryse, Inc. et al., 1:22-cv-00187 . . . .

Counsel,

Please find attached the following service document in connection with the above referenced matter:

- NON-PARTY SATHYANARAYANA ACHAR'S OBJECTIONS AND RESPONSES TO MOOG, INC.'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION.

**D. Garlow**
**Legal Secretary**
Crowell & Moring LLP
dgarlow@crowell.com
+1.213.443.5595 direct

**From:** Orozco, Agustin <AOrozco@crowell.com>
**Sent:** Friday, September 30, 2022 5:30 PM
**To:** KNaqvi@sheppardmullin.com; LYip@sheppardmullin.com; TAnderson@sheppardmullin.com; TBaker@sheppardmullin.com; RFluskey@hodgsonruss.com; MSubjeck@hodgsonruss.com; pmuto@hodgsonruss.com; rdutta@hodgsonruss.com
**Cc:** Schwartz, Laura <LSchwartz@crowell.com>; Garlow, Donna <DGarlow@crowell.com>
**Subject:** Sathya Achar - Moog Inc. v Skyryse, Inc. et al., 1:22-cv-00187

All,

We represent Sathya Achar with respect to the third-party subpoena served on Mr. Achar in the above referenced matter. Please direct any correspondence regarding Mr. Achar to me and my team going forward. We will be serving you shortly with our responses and objections to the subpoena. Please let us know if you would like to meet and confer. Thank you.

Agustin

### Agustin D. Orozco

aorozco@crowell.com
+1.213.443.5580 direct

Crowell & Moring LLP
515 South Flower Street
40th Floor
Los Angeles, CA 90071

## Crowell

**Collaboration Powers Success**

crowell.com

This message may contain privileged and confidential information. IF IT WAS SENT TO YOU BY MISTAKE, DO NOT READ IT. Instead, please notify the sender (or postmaster@crowell.com) by reply e-mail, and delete this e-mail. Unauthorized dissemination, forwarding or copying of this e-mail is strictly prohibited.