UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG, INC.,<br><br>                      Plaintiff,<br><br>              v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50.<br><br>                      Defendants. | Civil Action No. 1:22-cv-00187-LJV-JJM |

**[PROPOSED] ORDER**

On August 3, 2022, Defendant Skyryse, Inc. filed its Motion to Enter Source Code Protocol (ECF 213) while Plaintiff Moog, Inc. submitted its Motion to Compel Discovery Necessary for Further Trade Secret Identification, in which Moog demands that "Skyryse produce its source code responsive to Moog's Interrogatory No. 1 to iDS." (ECF 210 at 15).

Having considered the Motion, the parties' filings regarding the issue (ECF 176, 190, 195, 210, 211, 213, 225, 238, and 242), and argument regarding the same, and good cause appearing therefore, the Court hereby orders as follows:

1.      Moog's request that Skyryse produce its source code to iDS pursuant to the Court's inspection protocol (ECF 210 at 15) is denied. That protocol applies to the production of "non-public information, documents, records, files or data of Plaintiff" that "has been integrated, combined, inserted, modified, updated, upgraded or otherwise used by any Defendant in such a manner that such delivery necessarily includes property of any Defendant (if any exists)." (ECF 25 ¶ 2.) It does not apply to the discovery of just one Defendant's confidential source code that has not been combined with the Plaintiff's, or vice versa.

- 2 -

2. Skyryse's proposed source code review protocol, attached to this order as Exhibit 1, is sufficient to permit a party to perform an automated comparison of the parties' source code files or directories, and Moog has identified no basis to believe the security measures proposed by Skyryse will be insufficient to protect both parties' proprietary information. Skyryse's request that the Court enter the attached source code review protocol is granted. The parties are ordered to meet and confer regarding the timing of any such inspection and the installation of any software a reviewing party believes is necessary to perform a comparison of source code files or directories. Any costs associated with the purchase or installation of such software shall be borne by the reviewing party.

**IT IS SO ORDERED.**

DATED: _____, 2022

_____
The Honorable Jeremiah J. McCarthy
United States Magistrate Judge

# EXHIBIT 1

- 2 -

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOG, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>SKYRYSE, INC., ROBERT ALIN PILKINGTON, MISOOK KIM, and DOES NOS. 1-50.<br><br>                              Defendants. | Civil Action No. 1:22-cv-00187-LJV-JJM |

**ADDENDUM TO PROTECTIVE ORDER**

This Addendum to the existing protective order (Dkt. 89) (the "Original Protective Order) is intended to govern Source Code Discovery Materials made available to the Parties directly.

This Addendum shall be considered part of the Original Protective Order as if it were fully incorporated therein. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of New York, or the Court's own orders, including but not limited to the Original Protective Order and the Court first Addendum to the Original Protective Order (Dkt. 109) (the "iDS Addendum").

**1.   PROTECTED MATERIAL**

"Protected Material" means any Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

1.1.   "<u>HIGHLY CONFIDENTIAL – SOURCE CODE</u>" Material means extremely sensitive "CONFIDENTIAL" Material representing computer code and associated comments and revision histories, formulas, engineering specifications, schematics, or other Material that defines

- 3 -

or otherwise describes in detail the algorithms, content, or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Source code may include, but is not limited to:

    (a)    computer code;

    (b)    scripts;

    (c)    assembly;

    (d)    binaries;

    (e)    object code;

    (f)    database schema;

    (g)    source code listings and descriptions of source code; and

    (h)    object code listings and descriptions of object code.

**2.  SCOPE**

The protections conferred by this Source Code Addendum cover not only HIGHLY CONFIDENTIAL – SOURCE CODE Material (as defined above), but also:

    (a)    any information copied or extracted from HIGHLY CONFIDENTIAL – SOURCE CODE Material;

    (b)    all copies, excerpts, summaries, or compilations of HIGHLY CONFIDENTIAL – SOURCE CODE Material; and

    (c)    any testimony, conversations, or presentations by Parties or their counsel that might reveal HIGHLY CONFIDENTIAL – SOURCE CODE Material.

However, the protections conferred by this Source Code Protective Order do not cover Material that is in the public domain at the time of disclosure to the Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

3. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    3.1.    <u>Basic Principles.</u>  A Receiving Party may use HIGHLY CONFIDENTIAL – SOURCE CODE Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this Action. HIGHLY CONFIDENTIAL – SOURCE CODE Material may be disclosed only to the categories of persons and under the conditions described in this Source Code Addendum. To the extent any such Material is made available to the Receiving Party outside of the context of a source code review room as described below, HIGHLY CONFIDENTIAL – SOURCE CODE Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Agreement.

    3.2.    <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Material.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose Protected Material designated as HIGHLY CONFIDENTIAL – SOURCE CODE to U.S. citizens who fall within the following categories:

        (a)    the Receiving Party's Outside Counsel in this action;

        (b)    Designated In-House Counsel of the Receiving Party

        (c)    Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A to the Original Protective Order) where the signed agreement has been provided to the Designating Party, provided that Counsel, in good faith, requires their assistance in connection with this action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this action (including but not limited to other litigations and other work in their respective fields);

        (d)    the Court and its personnel;

(e) Special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A to the Original Protective Order) where the signed agreement has been provided to the Designating Party;

(f) Court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this action;

(g) Any other person agreed to by the Designating Party in writing;

(h) In the course of deposition, a deponent who is the author, addressees, or recipients of the document, who is known to have drafted all or part of the document, or who is specifically identified in the document or its accompanying metadata and who has signed the "Agreement to Be Bound By Protective Order" (Exhibit A to the Original Protective Order) where the signed agreement has been provided to the Designating Party, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i) Any other person to whom the Court compels disclosure of the Highly Confidential Source Code material or to whom disclosure is required by law.

(j) Any Party to the Action that is a natural person provided that: (i) the materials disclosed are limited to those in which the natural person who is a Party to the action is identified as a sender, recipient or author (including if identified in accompanying metadata as an author or as having sent or received a copy); (ii) any such disclosure be made solely for a purpose related to the litigation; (iii) any such disclosure be made by counsel for the Party, under circumstances whereby counsel is able to continuously observe the officer, director, or employee of the Party (e.g., physically or via videoconference with the camera on and facing the individual); (iv) counsel for the Party admonishes the officer, director, or employee to refrain from taking screenshots or pictures of the materials; (v) the Party shall not be permitted to make or retain

printouts, screenshots or copies of any material designated "HIGHLY CONFIDENTIAL – SOURCE CODE"; and (vi) any and all notes, annotations, or other records created by the Party during the disclosure shall be immediately surrendered to the custody of that Party's counsel, and shall automatically be treated as though any such materials were themselves material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" under the terms of the Original Protective Order and this Source Code Addendum.

3.3.   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL– SOURCE CODE" Information or Items to Experts.

(a)   Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – SOURCE CODE" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – SOURCE CODE" information the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)   A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified

Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

      (c)    A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Expert.

**4. DISCLOSURE AND REVIEW OF SOURCE CODE**

      4.1.    Protected Material designated as HIGHLY CONFIDENTIAL – SOURCE CODE shall be subject to all of the protections afforded to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

      4.2.    Any Source Code produced in discovery shall be made available for inspection in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 am to 6:00 pm local time) or at other mutually agreeable times, at an office of the Producing Party's Outside Counsel selected by Producing Party or another mutually agreed upon location. Due to the ongoing COVID-19 nationwide pandemic, reasonable social distancing

accommodations will be provided, and any individual reviewing the source code must adhere to any policies or procedures in place at the review location.

4.3. In the event the relevant source code is produced in a format other than a paper format, Source Code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Parties:

(a) Except as otherwise agreed to or ordered by the Court, the computer containing Source Code will be made available upon reasonable notice to Producing Party, which shall not be less than seven (7) days in advance of the requested inspection.

(b) All Source Code shall be made available for inspection in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port and one USB port, to which an external storage device can be connected on a read-only basis), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.

(c) The secured computer shall have disk encryption and be password protected. Other than as set forth in this paragraph, no recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room, and their use is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. Receiving Party's representative shall be permitted to bring copies of Receiving Party's Source Code, either as printouts and/or on a secured computer without

internet access or network access to other computers and on which all access ports have been disabled, into the Source Code Review Room, and may be used while accessing the computer containing the source code.  Receiving Party's representative shall also be permitted to bring one (1) USB external storage device that contains only Receiving Party's Source Code into the Source Code Review Room, and that USB external storage device can be connected to the Source Code Computer on a read-only basis, for the limited purpose of allowing automated comparisons to be performed between files or directories of the Source Code and the Receiving Party's Source Code.

(d) Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.  All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the secured room to view the Source Code and when they enter or depart.

(e) Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's Outside Counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  Tools for performing automated file-to-file or directory-to-directory comparison, such as UltraCompare, may also be requested under this paragraph.  The Receiving Party must provide Producing Party with the CD, DVD, file path, or package containing such licensed software tool(s) at least six (6) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper

setup, functioning, or support of any software requested by the Receiving Party.  By way of example, Producing Party will not compile or debug software for installation.

      (f)     The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

      (g)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  Such a requested portion of code shall be printed to PDF on the source code computer and placed in a folder on the desktop, instead of being printed directly to a printer by the reviewer.  Any printed portion that consists of more than ten (10) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy absent an agreement between the Parties.  The Receiving Party may request to print no more than 100 pages total, absent agreement of the Parties or an order of the Court.  Within (7) business days of such request, or such additional time as necessary due to the volume requested, Producing Party shall provide one copy of all such source code on non-copyable paper including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  If the request is served after 5:00 pm Eastern Time, it shall be deemed served the following business day.  In lieu of printing, Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure set forth in Section 5 of the Original Protective Order whereby Producing Party is the "Designating Party" and the Receiving Party is the "Challenging Party" for purposes of dispute resolution.  However, the burden shall be on the Receiving Party to

demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.

(h) The Receiving Party shall not request to print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).

(i) The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form and locations where the copies are stored. The Receiving Party shall provide a copy of this record to Producing Party upon Court order. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall only request additional paper copies if such additional copies are (1) necessary to attach to court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. To the extent a deposition is likely to involve source code, the Party taking the deposition, shall provide at least ten (10) days written notice of that fact and the specific portions of Source Code it wishes to use at the deposition, and Producing Party will either ensure printed copies of the source code are available for the deponent or make a source code computer available at the deposition if appropriate, minimizing the need for additional paper copies of source code. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual. Producing Party may create an electronic file of a selected portion of the source code only when the electronic file has been encrypted using commercially reasonable encryption software including password protection.

(j) Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or

experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  However, to the extent that the Source Code Computer maintains any forensic information regarding the activities of the Receiving Party's representatives, including Receiving Party's Outside Counsel and/or experts, the Producing Party, including its Outside Counsel and/or experts, shall not review or otherwise extract such forensic information.  Nor shall the Producing Party run any backup programs or other processes on the Source Code Computer that would copy the files on any USB external storage device that Receiving Party's representatives may connect to the Source Code Computer under Section 4.3(c) nor review any of the Receiving Party's Source Code that may have been inadvertently copied onto the Source Code Computer.

      (k)    The Receiving Party's Outside Counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

      (l)    Access to and review of source code shall be strictly for the purpose of investigating the claims and defenses at issue in this case. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any specific knowledge gained as a result of reviewing source code in this case in any other pending or future dispute, proceeding, patent prosecution, or litigation.

    The confidentiality obligations imposed by this Source Code Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court orders otherwise.